UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GURPATWANT SINGH PANNUN,<br><br>Plaintiff,<br><br>-v.-<br><br>THE GOVERNMENT OF INDIA; AJIT DOVAL; SAMANT GOEL; VIKRAM YADAV; NIKHIL GUPTA; and DOES 1-50,<br><br>Defendants. | 24 Civ. 7021 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The Court has reviewed Plaintiff's December 20, 2025 motion for alternative service on certain individual defendants (Dkt. #34), and his supplemental brief (Dkt. #38). It has also consulted extensively with other federal agencies, including the U.S. Department of State ("State Department") and the U.S. Department of Justice. For the reasons set forth herein, the Court grants Plaintiff's motion in part.

As Plaintiff is well aware, his request for alternate service implicates both Fed. R. Civ. P. 4(f)(1), which permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"), and Fed. R. Civ. P. 4(f)(3), which permits service "by other means not prohibited by international agreement, as the court orders." In the instant case, both the United States and India are signatories to the Hague Convention, and, as relevant here, India

has objected to Article 10 of the Convention, which would permit direct service by mail.

In its most recent decision in *Smart Study Co., Ltd* v. *Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025), the Second Circuit observed that the Hague Convention creates a "closed universe" of approved methods for serving documents internationally. *Id.* at 171. Within that universe, the Convention did not explicitly authorize email as a valid method of service, nor did its silence on email service imply permission for it. *Id.* at 170-71 (noting that the Supreme Court previously found that Article 10(a) of the Hague Convention "encompasse[d]" service by mail because it was not inconsistent with those modes of service already outlined in the Convention, while cautioning that the Convention "pre-empts inconsistent methods of service wherever it applies." (citing *Water Splash, Inc.* v. *Menon*, 581 U.S. 271, 273 (2017)). In addition, China (like India here) had explicitly objected to service through "postal channels" under Article 10, which some courts have interpreted to also include email. In consequence, the Second Circuit found that email service was, as to China, "prohibited by international agreement" and therefore impermissible under Rule 4(f)(3). *Id.* at 172.

Plaintiff here proposes five modes of alternate service: (i) service by email on the Attorney General of India for Defendants Doval and Goel; (ii) service by email on Defendant Yadav's India-based attorneys in another matter; (iii) service through the Indian courts by operation of Order V, § 21 of the India Code of Civil Procedure of 1908; (iv) service by publication; and (v) service

through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). The Court rejects Plaintiff's first, second, and fourth proposals as "prohibited by international agreement" — here, the Hague Convention. In particular, the Court rejects Plaintiff's proffered "direct"/"indirect" distinction, which nowhere appears in *Smart Study*, and which in fact would seem to represent the very "end-runs" that decision sought to eliminate. *See* 164 F.4th at 171. Nor does this Court believe that India's rejection of Plaintiff's efforts at service allows this Court to disregard the Hague Convention. *Cf. Jian Zhang* v. *Baidu.com Inc.*, 293 F.R.D. 508, 512 (S.D.N.Y. 2013) ("By its terms, Rule 4(f)(3) requires only that service be authorized by a court and 'not prohibited by international agreement.' So long as those conditions are met, it should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful.").

Separately, the Court understands from the State Department that Plaintiff's fifth proposed mode of alternate service, service through consular channels, could not be accomplished under the governing law. (*See* Dkt. #40). For one thing, while this mode of service is authorized in Article 8 of the Hague Convention, India has filed a reservation limiting its adoption of Article 8 "to the nationals of the State in which the documents originate," rendering that mode unavailable in this case. *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=984&disp=resdn.

Alternatively, service on the individual defendants would have to comply with the service of process provision of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, and its implementing regulations, 22 C.F.R. Part 93. However, while Section 1608(a) outlines methods of service "upon a foreign state or political subdivision of a foreign state," the term "foreign state" has been interpreted to not include foreign officials. *See Samantar* v. *Yousuf*, 560 U.S. 305, 318 (2010) ("Other provisions of the statute also point away from reading 'foreign state' to include foreign officials. Congress made no express mention of service of process on individuals in § 1608(a) (2006 ed.), which governs service upon a foreign state or political subdivision."); *see also id.* at 324 n.20 ("Furthermore, a plaintiff seeking to sue a foreign official will not be able to rely on the [FSIA's] service of process and jurisdictional provisions. Thus, a plaintiff will have to establish that the district court has personal jurisdiction over an official without the benefit of the FSIA provision that makes personal jurisdiction over a foreign state automatic when an exception to immunity applies and service of process has been accomplished in accordance with 28 U.S.C. § 1608.").

Finally, the Court observes that Plaintiff's third mode of alternate service could fit within Article 19 of the Hague Convention, inasmuch as Order V, § 21 of India's Code of Civil Procedure speaks to the service of documents "sent by the Court by which it is issued, whether within or without the State" to defendants residing within the jurisdiction of another court. Accordingly, the Court accepts Plaintiff's invitation to provide additional detail regarding this

proposal. (See Dkt. #38 at 8 n.8). Plaintiff's supplemental submission regarding service through the Indian court system is due on or before **April 22, 2026**.

The Clerk of Court is directed to terminate the motion at docket entry 34.

SO ORDERED.

Dated: April 1, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge