**United States Department of State**

*Washington, D.C. 20520*

October 20, 2026

Tammi M. Hellwig
Clerk of the Court
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re: *Gurpatwant Singh Pannun v. The Government of India, et al.*, 1:24-cv-07021**

Dear Ms. Hellwig:

I am writing regarding the Court's request for transmittal of a Summons, Complaint and Notice of Suit to the Republic of India pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

The documents were delivered to the Embassy of the Republic of India in Washington, DC under cover of U.S. Department of State diplomatic note. The diplomatic note was signed on September 30, 2026, and delivered on October 9, 2026. A certified copy of the diplomatic note is enclosed.*

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

* Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

Cc: Kory DeClark
BRAUN HAGEY & BORDEN
747 Front St., 4th Floor
San Francisco, CA 94111

United States Department of State

*Washington, D.C. 20520*

# CERTIFICATION OF DIPLOMATIC NOTE

I, John Ballard Managing Director of the Directorate of Overseas Citizens Services, in Washington, DC certify that this is a true copy of the United States Department of State diplomatic note signed on September 30, 2026, and delivered to the Embassy of the Republic of India in Washington, DC on October 9, 2026.

John Ballard, Managing Director
Directorate of Overseas Citizens Services

October 14, 2026

The Department of State refers the Embassy of the Republic of India to the lawsuit ***Gurpatwant Singh Pannun v. The Government of India, et al.*, 1:24-cv-07021**, which is pending in the U.S. District Court for the Southern District of New York. The Department transmits a Summons and Complaint herewith.

The U.S. District Court for the Southern District of New York has requested service of these documents to the Republic of India, which is a defendant in this case. This note constitutes transmittal of these documents to the Republic of India as contemplated in Title 28, United States Code, Section 1608(a)(4) of the Foreign Sovereign Immunities Act (FSIA). The Department has no discretion in carrying out this request from the District Court under the FSIA. Performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses.

**DIPLOMATIC NOTE**

Under applicable U.S. law, a defendant in a lawsuit must file an answer to the Complaint or some other responsive pleading within 60 days of the date of transmittal of the Complaint, or in this case, the date of this note. A defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf if it fails to do so within the timeframe referenced. Therefore, the Department requests the enclosed Summons and Complaint be forwarded to the appropriate authority of the Republic of India with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the Summons and Complaint, the Department is enclosing a Notice of Suit, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign states and certain other court documents the plaintiff has requested be transmitted.

Under U.S. law, any jurisdictional or other defense, including claims of sovereign immunity, must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. It is the practice of the Department to be available to discuss the requirements of U.S. law with counsel. The U.S. government is not a party to this case and cannot represent other parties in this matter.

Enclosures:

As stated.

Department of State,

Washington, D.C.