# THE CODE OF CIVIL PROCEDURE, 1908

## ARRANGEMENT OF SECTIONS

### PRELIMINARY

SECTIONS

1. Short title, commencement and extent.

2. Definitions.

3. Subordination of Courts.

4. Savings.

5. Application of the Code to Revenue Courts.

6. Pecuniary jurisdiction.

7. Provincial Small Cause Courts.

8. Presidency Small Cause Courts.

**PART I**

SUITS IN GENERAL

JURISDICTION OF THE COURTS AND *Res judicata*

9. Courts to try all civil suits unless barred.

10. Stay of suit.

11. *Res judicata*.

12. Bar to further suit.

13. When foreign judgment not conclusive.

14. Presumption as to foreign judgments.

PLACE OF SUING

15. Court in which suits to be instituted.

16. Suits to be instituted where subject-matter situate.

17. Suits for immovable property situate within jurisdiction of different Courts.

18. Place of Institution of suit where local limits of jurisdiction of Courts are uncertain.

19. Suits for compensation for wrongs to person or movables.

20. Other suits to be instituted where defendants reside or cause of action arises.

21. Objections to jurisdiction.

21A. Bar on suit to set aside decree on objection as to place of suing.

22. Power to transfer suits which may be instituted in more than one Court.

23. To what Court application lies.

24. General power of transfer and withdrawal.

25. Power of Supreme Court to transfer suits, etc.

INSTITUTION OF SUITS

26. Institution of suits.

SUMMONS AND DISCOVERY

SECTIONS

27. Summons to defendants.

28. Service of summons where defendant resides in another State.

29. Service of foreign summonses.

30. Power to order discovery and the like.

31. Summons to witness.

32. Penalty for default.

JUDGMENT AND DECREE

33. Judgment and decree.

INTEREST

34. Interest.

COSTS

35. Costs.

35A. Compensatory costs in respect of false or vexatious claims or defences.

35B. Costs for causing delay.

**PART II**
EXECUTION

GENERAL

36. Application to orders.

37. Definition of Court which passed a decree.

COURTS BY WHICH DECREES MAY BE EXECUTED

38. Court by which decree may be executed.

39. Transfer of decree.

40. Transfer of decree to Court in another State.

41. Result of execution proceedings to be certified.

42. Powers of Court in executing transferred decree.

43. Execution of decrees passed by Civil Courts in places to which this Code does not extend.

44. Execution of decrees passed by Revenue Courts in places to which this Code does not extend.

44A. Execution of decrees passed by Courts in reciprocating territory.

45. Execution of decrees outside India.

46. Precepts.

QUESTIONS TO BE DETERMINED BY COURT EXECUTING DECREE

47. Questions to be determined by the Court executing decree.

LIMIT OF TIME FOR EXECUTION

48. [*Repealed.*].

TRANSFEREES AND LEGAL REPRESENTATIVES

49. Transferee.

SECTIONS

50. Legal representative.

PROCEDURE IN EXECUTION

51. Powers of Court to enforce execution.

52. Enforcement of decree against legal representative.

53. Liability of ancestral property.

54. Partition of estate or separation of share.

ARREST AND DETENTION

55. Arrest and detention.

56. Prohibition of arrest or detention of women in execution of decree for money.

57. Subsistence-allowance.

58. Detention and release.

59. Release on ground of illness.

ATTACHMENT

60. Property liable to attachment and sale in execution of decree.

61. Partial exemption of agricultural produce.

62. Seizure of property in dwelling house.

63. Property attached in execution of decrees of several Courts.

64. Private alienation of property after attachment to be void.

SALE

65. Purchaser's title.

66. [*Repealed.*].

67. Power for State Government to make rules as to sales of land in execution of decrees for payment of money.

DELEGATION TO COLLECTOR OF POWER TO EXECUTE DECREES AGAINST IMMOVABLE PROPERTY

68. [*Repealed.*].

69. [*Repealed.*].

70. [*Repealed.*].

71. [*Repealed.*].

72. [*Repealed.*].

DISTRIBUTION OF ASSETS

73. Proceeds of execution-sale to be rateably distributed among decree-holders.

RESISTANCE TO EXECUTION

74. Resistance to execution.

**PART III**

INCIDENTAL PROCEEDINGS

COMMISSIONS

SECTIONS

75. Power of Court to issue commissions.

76. Commission to another Court.

77. Letter of request.

78. Commissions issued by foreign Courts.

**PART IV**

SUITS IN PARTICULAR CASES

SUITS BY OR AGAINST THE GOVERNMENT OR PUBLIC OFFICERS IN THEIR OFFICIAL CAPACITY

79. Suits by or against Government.

80. Notice.

81. Exemption from arrest and personal appearance.

82. Execution of decree.

SUITS BY ALIENS AND BY OR AGAINST FOREIGN RULERS, AMBASSADORS AND ENVOYS

83. When aliens may sue.

84. When foreign States may sue.

85. Persons specially appointed by Government to prosecute or defend on behalf of foreign Rulers.

86. Suits against foreign Rulers, Ambassadors and Envoys.

87. Style of foreign Rulers as parties to suits.

87A. Definitions of "foreign State" and "Ruler"

SUITS AGAINST RULERS OF FORMER INDIAN STATES

87B. Application of sections 85 and 86 to Rulers of former Indian States.

INTERPLEADER

88. Where interpleader-suit may be instituted.

**PART V**

SPECIAL PROCEEDINGS

ARBITRATION

89. Settlement of disputes outside the Court.

SPECIAL CASE

90. Power to state case for opinion of Court.

PUBLIC NUISANCES AND OTHER WRONGFUL ACTS AFFECTING THE PUBLIC

91. Public nuisances and other wrongful acts affecting the public.

92. Public charities.

93. Exercise of powers of Advocate-General outside presidency-towns.

## PART VI

SUPPLEMENTAL PROCEEDINGS

SECTIONS

94. Supplemental proceedings.

95. Compensation for obtaining arrest, attachment or injunction on insufficient ground.

## PART VII

APPEALS

APPEALS FROM ORIGINAL DECREES

96. Appeal from original decree.

97. Appeal from final decree where no appeal from preliminary decree.

98. Decision where appeal heard by two or more Judges.

99. No decree to be reversed or modified for error or irregularity not affecting merits or jurisdiction.

99A. No order under section 47 to be reversed or modified unless decision of the case is prejudicially affected.

APPEALS FROM APPELLATE DECREES

100. Second appeal.

100A. No further appeal in certain cases.

101. Second appeal on no other grounds.

102. No second appeal in certain cases.

103. Power of High Court to determine issues of fact.

APPEALS FROM ORDERS

104. Orders from which appeal lies.

105. Other orders.

106. What Courts to hear appeals.

GENERAL PROVISIONS RELATING TO APPEALS

107. Powers of Appellate Court.

108. Procedure in appeals from appellate decrees and orders.

APPEALS TO THE SUPREME COURT

109. When appeals lie to the Supreme Court.

110. [*Omitted.*].

111. [*Omitted.*].

111A. [*Omitted.*].

112. Savings.

## PART VIII

REFERENCE, REVIEW AND REVISION

113. Reference to High Court.

SECTIONS

114. Review.

115. Revision.

PART IX

SPECIAL PROVISIONS RELATING TO THE HIGH COURTS NOT BEING THE COURT OF A JUDICIAL COMMISSIONER

116. Part to apply only to certain High Courts.

117. Application of Code to High Courts.

118. Execution of decree before ascertainment of costs.

119. Unauthorised persons not to address Court.

120. Provisions not applicable to High Court in original civil jurisdiction.

PART X

RULES

121. Effect of rules in First Schedule.

122. Power of certain High Courts to make rules.

123. Constitution of Rules Committees in certain States.

124. Committee to report to High Court.

125. Power of other High Courts to make rules.

126. Rules to be subject to approval.

127. Publication of rules.

128. Matters for which rules may provide.

129. Power of High Courts to make rules as to their original civil procedure.

130. Power of other High Courts to make rules as to matters other than procedure.

131. Publication of rules.

PART XI

MISCELLANEOUS

132. Exemption of certain women from personal appearance.

133. Exemption of other persons.

134. Arrest other than in execution of decree.

135. Exemption from arrest under civil process.

135A. Exemption of members of legislative bodies from arrest and detention under civil process.

136. Procedure where person to be arrested or property to be attached is outside district.

137. Language of subordinate Courts.

138. Power of High Court to require evidence to be recorded in English.

139. Oath on affidavit by whom to be administered.

140. Assessors in causes of salvage, etc.

141. Miscellaneous proceedings.

142. Orders and notices to be in writing.

SECTIONS

143. Postage.

144. Application for restitution.

145. Enforcement of liability of surety.

146. Proceedings by or against representatives.

147. Consent or agreement by persons under disability.

148. Enlargement of time.

148A. Right to lodge a caveat.

149. Power to make up deficiency of court-fees.

150. Transfer of business.

151. Saving of inherent powers of Court.

152. Amendment of judgments, decrees or orders.

153. General power to amend.

153A. Power to amend decree or order where appeal is summarily dismissed.

153B. Place of trial to be deemed to be open Court.

154. [*Repealed.*].

155. [*Repealed.*].

156. [*Repealed.*].

157. Continuance of orders under repealed enactments.

158. Reference to Code of Civil Procedure and other repealed enactments.

# THE FIRST SCHEDULE

## ORDER I

*Parties to Suits*

RULES

1. Who may be joined as plaintiffs.
2. Power of Court to order separate trial.
3. Who may be joined as defendants.
3A. Power to order separate trials where joinder of defendants may embarrass or delay trial.
4. Court may give judgment for or against one or more of joint parties.
5. Defendant need not be interested in all the relief claimed.
6. Joinder of parties liable on same contract.
7. When plaintiff in doubt from whom redress is to be sought.
8. One person may sue or defend on behalf of all in same interest.
8A. Power of Court to permit a person or body of persons to present opinion or to take part in the proceedings.
9. Misjoinder and non-joinder.
10. Suit in name of wrong plaintiff.
Court may strike out or add parties.
Where defendant added, plaint to be amended.
10A. Power of Court to request any pleader to address it.
11. Conduct of suit.
12. Appearance of one of several plaintiffs or defendants for others.
13. Objections as to non-joinder or misjoinder.

## ORDER II

*Frame of Suit*

1. Frame of suit.
2. Suit to include the whole claim.
Relinquishment of part of claim.
Omission to sue for one of several reliefs.
3. Joinder of causes of action.
4. Only certain claims to be joined for recovery of immovable property.
5. Claims by or against executor, administrator or heir.
6. Power of Court to order separate trials.
7. Objections as to misjoinder.

## ORDER III

*Recognized Agents and Pleaders*

1. Appearances, etc., may be in person, by recognised agent or by pleader.
2. Recognised agents.
3. Service of process on recognised agent.
4. Appointment of pleader.
5. Service of process on pleader.
6. Agent to accept service.
Appointment to be in writing and to be filed in Court.

## ORDER IV

*Institution of suits*

RULES

1. Suit to be commenced by plaint.
2. Register of suits.

---

## ORDER V

*Issue and Service of Summons*

*Issue of summons*

1. Summons.
2. Copy of plaint annexed to summons.
3. Court may order defendant or plaintiff to appear in person.
4. No party to be ordered to appear in person unless resident within certain limits.
5. Summons to be either to settle issues or for final disposal.
6. Fixing day for appearance of defendant.
7. Summons to order defendant to produce documents relied on by him.
8. On issue of summons for final disposal, defendant to be directed to produce his witnesses.

*Service of Summons*

9. Delivery of summons by Court.

9A. Summons given to the plaintiff for service.

10. Mode of service.

11. Service on several defendants.

12. Service to be on defendant in person when practicable, or on his agent.

13. Service on agent by whom defendant carries on business.

14. Service on agent in charge in suits for immovable property.

15. Where service may be on an adult member of defendant's family.

16. Person served to sign acknowledgement.

17. Procedure when defendant refuses to accept service, or cannot be found.

18. Endorsement of time and manner of service.

19. Examination of serving officer.

19A. [*Omitted.*].

20. Substituted service.

Effect of substituted service.

Where service substituted, time for appearance to be fixed.

20A. [*Repealed.*].

21. Service of summons where defendant resides within jurisdiction of another Court.

22. Service within presidency-towns of summons issued by Courts outside.

23. Duty of Court to which summons is sent.

RULES

24. Service on defendant in prison.
25. Service where defendant resides out of India and has no agent.
26. Service in foreign territory through Political Agent or Court.
26A. Summonses to be sent to officers to foreign countries.
27. Service on civil public officer or on servant of railway company or local authority.
28. Service on soldiers, sailors or airmen.
29. Duty of person to whom summons is delivered or sent for service.
30. Substitution of letter for summons.

ORDER VI

*Pleadings Generally*

1. Pleading.
2. Pleading to state material facts and not evidence.
3. Forms of pleading.
4. Particulars to be given where necessary.
5. [*Omitted*.].
6. Condition precedent.
7. Departure.
8. Denial of contract.
9. Effect of document to be stated.
10. Malice, knowledge, etc.
11. Notice.
12. Implied contract, or relation.
13. Presumptions of law.
14. Pleading to be signed.
14A. Address for service of notice.
15. Verification of pleadings.
16. Striking out pleadings.
17. Amendment of pleadings.
18. Failure to amend after order.

---

ORDER VII

*Plaint*

1. Particulars to be contained in plaint.
2. In money suits.
3. Where the subject-matter of the suit is immovable property.
4. When plaintiff sues as representative.
5. Defendant's interest and liability to be shown.
6. Grounds of exemption from limitation law.
7. Relief to be specifically stated.

RULES

8. Relief founded on separate grounds.

9. Procedure on admitting plaint.

10. Return of plaint.

Procedure on returning plaint.

10A. Power of Court to fix a date of appearance in the Court where plaint is to be filed after its return.

10B. Power of appellate Court to transfer suit to the proper Court.

11. Rejection of plaint.

12. Procedure on rejecting plaint.

13. Where rejection of plaint does not preclude presentation of fresh plaint.

*Documents relied on in Plaint*

14. Production of document on which plaintiff sues or relies.

15. [*Omitted.*].

16. Suits on lost negotiable instruments.

17. Production of shop-book.

Original entry to be marked and returned.

18. [*Omitted.*].

ORDER VIII

*Written statement, set-off and counter-claim*

1. Written statement.

1A. Duty of defendant to produce documents upon which relief is claimed or relied upon by him.

2. New facts must be specially pleaded.

3. Denial to be specific.

4. Evasive denial.

5. Specific denial.

6. Particulars of set-off to be given in written statement.
Effect of set-off.

6A. Counter-claim by defendant.

6B. Counter-claim to be stated.

6C. Exclusion of counter-claim.

6D. Effect of discontinuance of suit.

6E. Default of plaintiff to reply to counter-claim.

6F. Relief to defendant where counter-claim succeeds.

6G. Rules relating to written statement to apply.

7. Defence or set-off founded upon separate grounds.

8. New ground of defence.

8A. [*Omitted.*].

9. Subsequent pleadings.

10. Procedure when party fails to present written statement called for by Court.

ORDER IX

*Appearance of Parties and Consequence of non-Appearance*

1. Parties to appear on day fixed in summons for defendant to appear and answer.

RULES

2. Dismissal of suit where summons not served in consequence of plaintiff's failure to pay costs.
3. Where neither party appears suit to be dismissed.
4. Plaintiff may bring fresh suit or Court may restore suit to file.
5. Dismissal of suit where plaintiff after summons returned unserved, fails for seven days to apply for fresh summons.
6. Procedure when only plaintiff appears.
   When summons duly served.
   When summons not duly served.
   When summons served but not in due time.
7. Procedure where defendant appears on day of adjourned hearing and assigns good cause for previous non-appearance.
8. Procedure where defendant only appears.
9. Decree against plaintiff by default bars fresh suit.
10. Procedure in case of non-attendance of one or more of several plaintiffs.
11. Procedure in case of non-attendance of one or more of several defendants.
12. Consequence of non-attendance, without sufficient cause shown, of party ordered to appear in person.

*Setting aside Decree* ex parte

13. Setting aside decree *ex parte* against defendant.
14. No decree to be set aside without notice to opposite party.

---

ORDER X

*Examination of Parties by the Court*

1. Ascertainment whether allegations in pleadings are admitted or denied.

1A. Direction of the court to opt for any one mode of alternative dispute resolution.

1B. Appearance before the conciliatory forum or authority.

1C. Appearance before the court consequent to the failure of efforts of conciliation.

2. Oral examination of party, or companion of party.
3. Substance of examination to be written.
4. Consequence of refusal or inability of pleader to answer.

---

ORDER XI

*Discovery and Inspection*

1. Discovery by interrogatories.
2. Particular interrogatories to be submitted.
3. Costs of interrogatories.
4. Form of interrogatories.
5. Corporations.
6. Objections to interrogatories by answer.
7. Setting aside and striking out interrogatories.
8. Affidavit in answer, filing.
9. Form of affidavit in answer.
10. No exception to be taken.
11. Order to answer or answer further.

RULES
12. Application for discovery of documents.
13. Affidavit of documents.
14. Production of documents.
15. Inspection of documents referred to in pleadings or affidavits.
16. Notice to produce.
17. Time for inspection when notice given.
18. Order for inspection.
19. Verified copies.
20. Premature discovery.
21. Non-compliance with order for discovery.
22. Using answers to interrogatories at trial.
23. Order to apply to minors.

## ORDER XII
*Admissions*

1. Notice of admission of case.
2. Notice to admit documents.
2A. Document to be deemed to be admitted if not denied after service of notice to admit documents.
3. Form of notice.
3A. Power of Court to record admission.
4. Notice to admit acts.
5. Form of admissions.
6. Judgment on admissions.
7. Affidavit of signature.
8. Notice to produce documents.
9. Costs.

## ORDER XIII
*Production, Impounding and Return of Documents*

1. Original documents to be produced at or before the settlement of issues.
2. [*Omitted.*].
3. Rejection of irrelevant or inadmissible documents.
4. Endorsements on documents admitted in evidence.
5. Endorsements on copies of admitted entries in books, accounts and records.
6. Endorsements on documents rejected an inadmissible in evidence.
7. Recording of admitted and return of rejected documents.
8. Court may order any document to be impounded.
9. Return of admitted documents.
10. Court may sent for papers from its own records or from other Courts.
11. Provisions as to documents applied to material objects.

## ORDER XIV
*settlement of issues and determination of suit on issues of law or on Issues agreed upon*

1. Framing of issues.
2. Court to pronounce judgment on all issues.

RULES

3. Materials from which issues may be framed.
4. Court may examine witnesses or documents before framing issues.
5. Power to amend and strike out, issues.
6. Questions of fact or law may by agreement be stated in form of issues.
7. Court, if satisfied that agreement was executed in good faith, may pronounce judgment.

ORDER XV

*Disposal of the Suit at the First Hearing*

1. Parties not at issue.
2. One of several defendants not at issue.
3. Parties at issue.
4. Failure to produce evidence.

ORDER XVI

*Summoning and Attendance of Witnesses*

1. List of witnesses and summons to witnesses.

1A. Production of witnesses without summons.

2. Expenses of witness to be paid into Court on applying for summons.

Experts.

Scale of expenses.

Expenses to be directly paid to witnesses.

3. Tender of expenses to witness.
4. Procedure where insufficient sum paid in.

Expenses of witnesses detained more than one day.

5. Time, place and purpose of attendance to be specified in summons.
6. Summons to produce document.
7. Power to require persons present in Court to give evidence or produce document.

7A. Summons given to the party for service.

8. Summons how served.
9. Time for serving summons.
10. Procedure where witness fails to comply with summons.
11. If witness appears, attachment may be withdrawn.
12. Procedure if witness fails to appear.
13. Mode of attachment.
14. Court may of its own accord summon as witnesses strangers to suit.
15. Duty of persons summoned to give evidence or produce document.
16. When they may depart.
17. Application of rules 10 to 13.
18. Procedure where witness apprehended cannot give evidence or produce document.
19. No witness to be ordered to attend in person unless resident within certain limits.
20. Consequence of refusal of party to give evidence when called on by Court.
21. Rules as to witnesses to apply to parties summoned.

## ORDER XVI-A

*Attendance of Witnesses Confined or Detained in Prisons*

RULES

1. Definitions.
2. Power to require attendance of prisoners to give evidence.
3. Expenses to be paid into Court.
4. Power of State Government to exclude certain persons from the operation of rule 2.
5. Officer in charge of prison to abstain from carrying out order in certain cases.
6. Prisoner to be brought to Court in custody.
7. Power to issue commission for examination of witness in prison.

## ORDER XVII

*Adjournment*

1. Court may grant time and adjourn hearing.
   Costs of adjournment.
2. Procedure if parties fail to appear on day fixed.
3. Court may proceed notwithstanding either party fails to produce evidence, etc.

## ORDER XVIII

*Hearing of the Suit and Examination of Witnesses*

1. Right to begin.
2. Statement and production of evidence.
3. Evidence where several issues.
3A. Party to appear before other witnesses.
4. Recording of evidence.
5. How evidence shall be taken in appealable cases.
6. When deposition to be interpreted.
7. Evidence under section 138.
8. Memorandum when evidence not taken down by Judge.
9. When evidence may be taken in English.
10. Any particular question and answer may be taken down.
11. Questions objected to and allowed by Court.
12. Remarks on demeanour of witnesses.
13. Memorandum of evidence in unappealable cases.
14. [*Omitted.*].
15. Power to deal with evidence taken before another Judge.
16. Power to examine witness immediately.
17. Court may recall and examine witness.
17A. [*Omitted.*].
18. Power of Court to inspect.
19. Power to get statements recorded on commission.

## ORDER XIX

*Affidavits*

1. Power to order any point to be proved by affidavit.

RULES

2. Power to order attendance of deponent for cross-examination.
3. Matters to which affidavits shall be confined.

———

ORDER XX

*Judgment and Decree*

1. Judgment when pronounced.
2. Power to pronounce judgment written by Judge's predecessor.
3. Judgment to be signed.
4. Judgments of Small Cause Courts.
   Judgments of other Courts.
5. Court to state its decision on each issue.
5A. Court to inform parties as to where an appeal lies in cases where parties are not represented by pleaders.
6. Contents of decree.
6A. Preparation of Decree.
6B. Copies of judgments when to be made available.
7. Date of decree.
8. Procedure where Judge has vacated office before signing decree.
9. Decree for recovery of immovable property.
10. Decree for delivery of movable property.
11. Decree may direct payment by instalments.
    Order, after decree, for payment by instalments.
12. Decree for possession and *mesne* profits.
12A. Decree for specific performance of contract for the sale or lease of immovable property.
13. Decree in administration-suit.
14. Decree in pre-emption-suit.
15. Decree in suit for dissolution of partnership.
16. Decree in suit for account between principal and agent.
17. Special directions as to accounts.
18. Decree in suit for partition of property or separate possession of a share therein.
19. Decree when set-off or counter-claim is allowed.
    Appeal from decree relating to set-off or counter-claim.
20. Certified copies of judgment and decree to be furnished.

———

ORDER XXA

*Costs*

1. Provisions relating to certain items.
2. Costs to be awarded in accordance with the rules made by High Court.

———

ORDER XXI

*Execution of Decrees and Orders*

*Payment under decree*

1. Modes of paying money under decree.
2. Payment out of Court to decree-holder.

*Courts executing decrees*

RULES

3. Lands situate in more than one jurisdiction.
4. Transfer to Court of Small Causes.
5. Mode of transfer.
6. Procedure where Court desires that its own decree shall be executed by another Court.
7. Court receiving copies of decree, etc., to file same without proof.
8. Execution of decree or order by Court to which it is sent.
9. Execution by High court of decree transferred by other Court.

*Application for execution*

10. Application for execution.

11. Oral application.
Written application.

11A. Application for arrest to state grounds.

12. Application for attachment of movable property not in judgment-debtor's possession.

13. Application for attachment of immovable property to contain certain particulars.

14. Power to require certified extract from Collector's register in certain cases.

15. Application for execution by joint decree-holders.

16. Application for execution by transferee of decree.

17. Procedure on receiving application for execution of decree.

18. Execution in case of cross-decrees.

19. Execution in case of cross-claims under same decree.

20. Cross-decrees and cross-claims in mortgage suits.

21. Simultaneous execution.

22. Notice to show cause against execution in certain cases.

22A. Sale not to be set aside on the death of the judgment-debtor before the sale but after the service of the proclamation of sale.

23. Procedure after issue of notice.

*Process for execution*

24. Process for execution.
25. Endorsement on process.

*Stay of execution*

26. When Court may stay execution.
Power to require security from, or impose conditions upon, judgment-debtor.
27. Liability of judgment-debtor discharged.
28. Order of Court which passed decree or of Appellate Court to be binding upon Court applied to.
29. Stay of execution pending suit between decree-holder and judgment-debtors.

*Mode of execution*

30. Decree for payment of money.
31. Decree for specific movable property.

RULES
32. Decree for specific performance for restitution of conjugal rights, or for an injunction.
33. Discretion of Court in executing decrees for restitution of conjugal rights.
34. Decree for execution of document, or endorsement of negotiable instrument.
35. Decree for immovable property.
36. Decree for delivery of immovable property when in occupancy of tenant.
37. Discretionary power to permit judgment-debtor to show cause against detention in prison.
38. Warrant for arrest to direct judgment-debtor to be brought up.
39. Subsistence-allowance.
40. Proceedings on appearance of judgment-debtor in obedience to notice or after arrest.

*Attachment of property*

41. Examination of judgment-debtor as to his property.
42. Attachment in case of decree for rent or *mesne profits* or other matter, amount of which to be subsequently determined.
43. Attachment of movable property, other than agricultural produce, in possession of judgment-debtor.
43A. Custody of movable property.
44. Attachment of agricultural produce.
45. Provisions as to agricultural produce under attachment.
46. Attachment of debt, share and other property not in possession of judgment-debtor.
46A. Notice to garnishee.
46B. Order against garnishee.
46C. Trial of disputed questions.
46D. Procedure where debt belongs to third person.
46E. Order as regards third person.
46F. Payment by garnishee to be valid discharge.
46G. Costs.
46H. Appeals.
46I. Application to negotiable instruments.
47. Attachment of share in movables.
48. Attachment of salary or allowances of servant of the Government or railway company or local authority.
48A. Attachment of salary or allowances of private employees.
49. Attachment of partnership property.
50. Execution of decree against firm.
51. Attachment of negotiable instruments.
52. Attachment of property in custody of Court or public officer.
53. Attachment of decrees.
54. Attachment of immovable property.
55. Removal of attachment after satisfaction of decree.
56. Order for payment of coin or currency notes to party entitled under decree.
57. Determination of attachment.

*Adjudication of claims and objections*

58. Adjudication of claims to, or objections to attachment, of property.

RULES

59. Stay of sale.
60. [*Omitted.*].
61. [*Omitted.*].
62. [*Omitted.*].
63. [*Omitted.*].

*Sale generally*

64. Power to order property attached to be sold and proceeds to be paid to person entitled.
65. Sales by whom conducted and how made.
66. Proclamation of sales by public auction.
67. Mode of making proclamation.
68. Time of sale.
69. Adjournment or stoppage of sale.
70. [*Omitted.*].
71. Defaulting purchaser answerable for loss on re-sale.
72. Decree-holder not to bid for or buy property without permission.
    Where decree-holder purchases, amount of decree may be taken as payment.
72A. Mortgagee not to bid at sale without the leave of the Court.
73. Restriction on bidding or purchase by officers.

*Sale of movable property*

74. Sale of agricultural produce.
75. Special provisions relating to growing crops.
76. Negotiable instruments and shares in corporations.
77. Sale by public auction.
78. Irregularity not to vitiate sale, but any person injured may sue.
79. Delivery of movable property, debts and shares.
80. Transfer of negotiable instruments and shares.
81. Vesting order in case of other property.

*Sale of immovable property.*

82. What Courts may order sales.
83. Postponement of sale to enable judgment-debtor to raise amount of decree.
84. Deposit by purchaser and re-sale on default.
85. Time for payment in full of purchase-money.
86. Procedure in default of payment.
87. Notification on re-sale.
88. Bid of co-sharer to have preference.
89. Application to set aside sale on deposit.
90. Application to set aside sale on ground of irregularity or fraud.
91. Application by purchaser to set aside sale on ground of judgment-debtor having no saleable interest.
92. Sale when to become absolute or be set aside.
93. Return of purchaser-money in certain cases.
94. Certificate to purchaser.
95. Delivery of property in occupancy of judgment-debtor.
96. Delivery of property in occupancy of tenant.

*Resistance to delivery of possession to decree-holder or purchaser*

97. Resistance or obstruction to possession of immovable property.
98. Orders after adjudication.
99. Dispossession by decree-holder or purchaser.

RULES

100. Order to be passed upon application complaining of dispossession.
101. Question to be determined.
102. Rules not applicable to transferee pendente lite.
103. Orders to be treated as decrees.
104. Orders under rule 101 or rule 103 to be subject to the result of pending suit.
105. Hearing of application.
106. Setting aside orders passed *ex parte,* etc.

ORDER XXII
*Death, Marriage and Insolvency of Parties*

1. No abatement by party's death if right to sue survives.
2. Procedure where one of several plaintiffs or defendants dies and right to sue survives.
3. Procedure in case of death of one of several plaintiffs or of sole plaintiff.
4. Procedure in case of death of one of several defendants or of sole defendant.
4A. Procedure where there is no legal representative.
5. Determination of question as to legal representative.
6. No abatement by reason of death after hearing.
7. Suit not abated by marriage of female party.
8. When plaintiffs insolvency bars suit.
Procedure where assignee fails to continue suit, or give security.
9. Effect of abatement or dismissal.
10. Procedure in case of assignment before final order in suit.
10A. Duty of pleader to communicate to Court death of a party.
11. Application of Order to appeals.
12. Application of Order to proceedings.

ORDER XXIII
*Withdrawal and Adjustment of Suits*

1. Withdrawal of suit or abandonment of part of claim.
1A. When transposition of defendants as plaintiffs may be permitted.
2. Limitation law not affected by first suit.
3. Compromise of suit.
3A. Bar to suit.
3B. No agreement or compromise to be entered in a representative suit without leave of Court.
4. Proceedings in execution of decrees not affected.

ORDER XXIV
*Payment into Court*

1. Deposit by defendant of amount in satisfaction of claim.
2. Notice of deposit.
3. Interest on deposit not allowed to plaintiff after notice.
4. Procedure where plaintiff accepts deposit as satisfaction in part.
Procedure where he accepts it as satisfaction in full.

———

## ORDER XXV

*Security for Costs*

RULES


1. When security for costs may be required from plaintiff.
2. Effect of failure to furnish security.


———

## ORDER XXVI

*Commissions*

*Commissions to examine witnesses*


1. Cases in which Court may issue commission to examine witness.
2. Order for commission.
3. Where witness resides within Court's jurisdiction.
4. Persons for whose examination commission may issue.

4A. Commission for examination of any person resident within the local limits of the jurisdiction of the Court.

5. Commission or request to examine witness not within India.
6. Court to examine witness pursuant to commission.
7. Return of commission with depositions of witnesses.
8. When depositions may be read in evidence.

*Commissions for local investigations*

9. Commissions to make local investigations.
10. Procedure of Commissioner.

Report and depositions to be evidence in suit.

Commissioner may be examined in person.

*Commissions for scientific investigation, performance of ministerial act and sale of movable property*

10A. Commission for scientific investigation.

10B. Commission for performance of a ministerial act.

10C. Commission for the sale of movable property.

*Commissions to examine accounts*

11. Commission to examine or adjust accounts.
12. Court to give Commissioner necessary instructions.

Proceedings and report to be evidence.

Court may direct further inquiry.

*Commissions to make partitions.*

13. Commission to make partition of immovable property.
14. Procedure of Commissioner.

*General Provisions*

15. Expenses of commission to be paid into Court.
16. Powers of Commissioners.

16A. Questions objected to before the Commissioner.

17. Attendance and examination of witnesses before Commissioner.
18. Parties to appear before Commissioner.

18A. Application of order to execution proceedings.

18B. Court to fix a time for return of Commission.

*Commissions issued of the instance of Foreign Tribunals*

RULES

19. Cases in which High Court may issue commission to examine witness.
20. Application for issue of commission.
21. To whom commission may be issued.
22. Issue, execution and return of commissions, and transmission of evidence to foreign Court.

---

ORDER XXVII

*Suits by or against the Government or Public Officers in their Official Capacity*

1. Suits by or against Government.
2. Persons authorised to act for Government.
3. Plaints in suits by or against Government.
4. Agent for Government to receive process.
5. Fixing of day for appearance on behalf of Government.

5A. Government to be joined as a party in a suit against a public officer.

5B. Duty of Court in suits against the Government or a public officer to assist in arriving at a settlement.

6. Attendance of person able to answer questions relating to suit against Government.
7. Extension of time to enable public officer to make reference to Government.
8. Procedure in suits against public officer.

8A. No security to be required from Government or a public officer in certain cases.

8B. Definitions of “Government” and “Government pleader”.

---

ORDER XXVII-A

*Suits Involving a Substantial Question of Law as to the Interpretation of the Constitution or as to the Validity of any Statutory Instrument*

1. Notice to the Attorney General or the Advocate-General.

1A. Procedure in suits involving validity of any statutory instrument.

2. Court may add Government as party.

2A. Power of Court to add Government or other authority as a defendant in a suit relating to the validity of any statutory instrument.

3. Costs.
4. Application of Order to appeals.

---

ORDER XXVIII

*Suits by or Against Military or Naval men or Airmen*

1. Officers, soldiers, sailors or airmen who cannot obtain leave may authorise any person to sue or defend for them.
2. Person so authorised may act personally or appoint pleader.
3. Service on person so authorised, or on his pleader, to be good service.

---

## ORDER XXIX

*Suits by or Against corporations*

1. Subscription and verification of pleading.
2. Service on corporation.
3. Power to require personal attendance of officer of corporation.

---

## ORDER XXX

*Suits by or against Firms and Persons carrying on business in names other than their own*

1. Suing of partners in name of firm.
2. Disclosure of partners' names.
3. Service.
4. Rights of suit on death of partner.
5. Notice in what capacity served.
6. Appearance of partners.
7. No appearance except by partners.
8. Appearance under protest.
9. Suits between co-partners.
10. Suit against person carrying on business in name other than his own.

---

## ORDER XXXI

*Suits by or Against Trustees, Executors and Administrators*

1. Representation of beneficiaries in suits concerning property vested in trustees, etc.
2. Joinder of trustees, executors and administrators.
3. Husband of married executrix not to join.

---

## ORDER XXXII

*Suits by or Against Minors and Persons of Unsound Mind*

1. Minor to sue by next friend.
2. Where suit is instituted without next friend, plaint to be taken off the file.

2A. Security to be furnished by next friend when so ordered.

3. Guardian for the suit to be appointed by Court for minor defendant.

3A. Decree against minor not to be set aside unless prejudice has been caused to his interest.

4. Who may act as next friend or be appointed guardian for the suit.
5. Representation of minor by next friend or guardian for the suit.
6. Receipt by next friend or guardian for the suit of property under decree for minor.
7. Agreement or compromise by next friend or guardian for the suit.
8. Retirement of next friend.
9. Removal of next friend.
10. Stay of proceedings on removal, etc., of next friend.
11. Retirement, removal or death of guardian for the suit.
12. Course to be followed by minor plaintiff or applicant on attaining majority.
13. Where minor co-plaintiff attaining majority desires to repudiate suit.
14. Unreasonable or improper suit.
15. Rules 1 to 14 (except rule 2A) to apply to persons of unsound mind.

RULES

16. Savings.

ORDER XXXIIA

*Suits Relating to Matters Concerning the Family*

1. Application of the Order.
2. Proceedings to be held *in camera.*
3. Duty of Court to make efforts for settlement.
4. Assistance of welfare expert.
5. Duty to enquire into facts.
6. "Family"—Meaning of.

ORDER XXXIII

*Suits by Indigent Persons*

1. Suits may be instituted by indigent persons.
1A. Inquiry into the means of an indigent person.
2. Contents of application.
3. Presentation of application.
4. Examination of applicant.
If presented by agent, Court may order applicant to be examined by commission.
5. Rejection of application.
6. Notice of day for receiving evidence of applicant's indigency.
7. Procedure at hearing.
8. Procedure if application admitted.
9. Withdrawal of permission to sue as an indigent person.
9A. Court to assign a pleader to an unrepresented indigent person.
10. Costs where indigent person succeeds.
11. Procedure where indigent person fails.
11A. Procedure where indigent person's suit abates.
12. State Government may apply for payment of court-fees.
13. State Government to be deemed a party.
14. Recovery of amount of court-fees.
15. Refusal to allow applicant to sue as an indigent person to bar subsequent application of like nature.
15A. Grant of time for payment of court-fee.
16. Costs.
17. Defence by an indigent person.
18. Power of Government to provide for free legal services to indigent persons.

ORDER XXXIV

*Suits Relating to Mortgages of Immovable Property*

1. Parties to suits for foreclosure, sale and redemption.
2. Preliminary decree in foreclosure-suit.
3. Final decree in foreclosure-suit.
4. Preliminary decree in suit for sale.
Power to decree sale in foreclosure-suit.
5. Final decree in suit for sale.
6. Recovery of balance due on mortgage in suit for sale.

RULES

7. Preliminary decree in redemption suit.
8. Final decree in redemption suit.
8A. Recovery of balance due on mortgage in suit for redemption.
9. Decree where nothing is found due or where mortgagee has been overpaid.
10. Costs of mortgagee subsequent to decree.
10A. Power of Court to direct mortgagee to pay *mesne* profits.
11. Payment of interest.
12. Sale of property subject to prior mortgage.
13. Application of proceeds.
14. Suit for sale necessary for bringing mortgaged property to sale.
15. Mortgages by the deposit of title-deeds and charges.

---

ORDER XXXV

*Interpleader*

1. Plaint in interpleader-suit.
2. Payment of thing claimed into Court.
3. Procedure where defendant is suing plaintiff.
4. Procedure at first hearing.
5. Agents and tenants may not institute interpleader-suits.
6. Charge for plaintiff's costs.

---

ORDER XXXVI

*Special Case*

1. Power to state case for Court's opinion.
2. Where value of subject-matter must be stated.
3. Agreement to be filed and registered as suit.
4. Parties to be subject to Court's jurisdiction.
5. Hearing and disposal of case.
6. No appeal from a decree passed under rule 5.

---

ORDER XXXVII

*Summary Procedure*

1. Courts and classes of suits to which the Order is to apply.
2. Institution of summary suits.
3. Procedure for the appearance of defendant.
4. Power to set aside decree.
5. Power to order bill, etc., to be deposited with officer of Court.
6. Recovery of cost of noting non-acceptance of dishonoured bill or note.
7. Procedure in suits.

---

ORDER XXXVIII

*Arrest and Attachment before Judgment*

*Arrest before Judgment*

1. Where defendant may be called upon to furnish security for appearance.
2. Security.

RULES

3. Procedure on application by surety to be discharged.
4. Procedure where defendant fails to furnish security or find fresh security.

*Attachment before Judgment*

5. Where defendant may be called upon to furnish security for production of property.
6. Attachment where cause not shown or security not furnished.
7. Mode of making attachment.
8. Adjudication of claim to property attached before judgment.
9. Removal of attachment when security furnished or suit dismissed.
10. Attachment before judgment not to affect rights of strangers, nor bar decree-holder from applying for sale.
11. Property attached before judgment not to be re-attached in execution of decree.

11A. Provisions applicable to attachment.

12. Agricultural produce not attachable before judgment.
13. Small Cause Court not to attach immovable property.

ORDER XXXIX

*Temporary Injunctions and Interlocutory Orders*

*Temporary injunctions*

1. Cases in which temporary injunction may be granted.
2. Injunction to restrain repetition or continuance of breach.

2A. Consequence of disobedience or breach of injunction.

3. Before granting injunction, Court to direct notice to opposite party.

3A. Court to dispose of application for injunction within thirty days.

4. Order for injunction may be discharged, varied or set aside.
5. Injunction to corporation binding on its officers.

*Interlocutory orders*

6. Power to order interim sale.
7. Detention, preservation, inspection, etc., of subject-matter of suit.
8. Application for such orders to be after notice.
9. When party may be put in immediate possession of land the subject-matter of suit.
10. Deposit of money, etc., in Court.

---

ORDER XL

*Appointment of Receivers*

1. Appointment of receivers.
2. Remuneration.
3. Duties.
4. Enforcement of receiver's duties.
5. When Collector may be appointed receiver.

---

ORDER XLI

*Appeals from Original Decrees*

1. Form of appeal.

What to accompany memorandum.

Contents of memorandum.

RULES

2. Grounds which may be taken in appeal.
3. Rejection or amendment of memorandum.
3A. Application for condonation of delay.
4. One of several plaintiffs or defendants may obtain reversal of whole decree where it proceeds on ground common to all.

*Stay of proceedings and of execution*

5. Stay by Appellate Court.
   Stay by Court which passed the decree.
6. Security in case of order for execution of decree appealed from.
7. [*Repealed.*].
8. Exercise of powers in appeal from order made in execution of decree.

*Procedure on admission of appeal*

9. Registry of memorandum of appeal.
10. Appellate Court may require appellant to furnish security for costs.
    Where appellant resides out of India.
11. Power to dismiss appeal without sending notice to Lower Court.
11A. Time within which hearing under rule 11 should be concluded.
12. Day for hearing appeal.
13. [*Omitted.*].
14. Publication and service of notice of day for hearing appeal.
    Appellate Court may itself cause notice to be served.
15. [*Omitted.*].

*Procedure on hearing*

16. Right to begin.
17. Dismissal of appeal for appellant's default.
    Hearing appeal *ex parte.*
18. [*Omitted.*].
19. Re-admission of appeal dismissed for default.
20. Power to adjourn hearing and direct persons appearing interested to be made respondents.
21. Re-hearing on application of respondent against whom *ex parte* decree made.
22. Upon hearing respondent may object to decree as if he had preferred a separate appeal.
    Form of objection and provisions applicable thereto.
23. Remand of case by Appellate Court.
23A. Remand in other cases.
24. Where evidence on record sufficient, Appellate Court may determine case finally.
25. Where Appellate Court may frame issues and refer them for trial to Court whose decree appealed from.
26. Findings and evidence to be put on record.
    Objections to findings.
    Determination of appeal.

RULES

26A. Order of remand to mention date of next hearing
27. Production of additional evidence in Appellate Court.
28. Mode of taking additional evidence.
29. Points to be defined and recorded.

*Judgment in appeal*

30. Judgment when and where pronounced.
31. Contents, date and signature of judgment.
32. What judgment may direct.
33. Power of Court of appeal.
34. Dissent to be recorded.

*Decree in appeal*

35. Date and contents of decree.
Judge dissenting from judgment need not sign decree.
36. Copies of judgment and decree to be furnished to parties.
37. Certified copy of decree to be sent to Court whose decree appealed from.

ORDER XLII

*Appeals from Appellate Decrees*

1. Procedure.
2. Power of Court to direct that the appeal be heard on the question formulated by it.
3. Application of rule 14 of Order XLL.

ORDER XLIII

*Appeals from Orders*

1. Appeals from orders.
1A. Right to challenge non-appealable orders in appeal against decrees.
2. Procedure.

ORDER XLIV

*Appeals by Indigent Persons*

1. Who may appeal as an indigent person.
2. Grant of time for payment of Court-fee.
3. Inquiry as to whether applicant is an indigent person.

ORDER XLV

*Appeals to the Supreme Court*

1. "Decree" defined.
2. Application to Court whose decree complained of.
3. Certificate as to value or fitness.
4. [*Repealed.*].
5. [*Repealed.*].
6. Effect of refusal of certificate.
7. Security and deposit required on grant of certificate.
8. Admission of appeal and procedure thereon.

RULES

9. Revocation of acceptance of security.
9A. Power to dispense with notices in case of deceased parties.
10. Power to order further security or payment.
11. Effect of failure to comply with order.
12. Refund of balance deposit.
13. Powers of Court pending appeal.
14. Increase of security found inadequate.
15. Procedure to enforce orders of the Supreme Court.
16. Appeal from order relating to execution.
17. [*Repealed.*].

ORDER XLVI

*Reference*

1. Reference of question to High Court.
2. Court may pass decree contingent upon decision of High Court.
3. Judgment of High Court to be transmitted, and case disposed of accordingly.
4. Costs of reference to High Court.
4A. Reference to High Court under proviso to section 113.
5. Power to alter, etc., decree of Court making reference.
6. Power to refer to High Court questions as to jurisdiction in small causes.
7. Power to District Court to submit for revision proceeding had under mistake as to jurisdiction in small causes.

ORDER XLVII

*Review*

1. Application for review of judgment.
2. [*Repealed.*].
3. Form of applications for review.
4. Application where rejected.
   Application where granted.
5. Application for review in Court consisting of two or more Judges.
6. Application where rejected.
7. Order of rejection not appealable.
   Objections to order granting application.
8. Registry of application granted, and order for re-hearings.
9. Bar of certain applications.

ORDER XLVIII

*Miscellaneous*

1. Process to be served at expense of party issuing.
   Costs of service.
2. Orders and notices how served.
3. Use of forms in appendices.

ORDER XLIX

*Chartered High Courts*

1. Who may serve processes of High Court.

RULES

2. Saving in respect of Chartered High Courts.
3. Application of rules.

ORDER L

*Provincial Small Cause Courts*

1. Provincial Small Cause Courts.

ORDER LI

*Presidency Small Cause Courts*

1. Presidency Small Cause Courts.

APPENDIX— A. PLEADINGS.

APPENDIX— B. PROCESS.

APPENDIX—C. DISCOVERY, INSPECTION AND ADMISSION.

APPENDIX —F. DECREES.

APPENDIX —G. EXECUTION.

APPENDIX —H. SUPPLEMENTAL PROCEEDINGS.

APPENDIX— I. MISCELLANEOUS.

THE SECOND SCHEDULE. — [*Repealed*].
THE THIRD SCHEDULE. —[*Repealed*].
THE FOURTH SCHEDULE. — [*Repealed*].
THE FIFTH SCHEDULE. — [*Repealed*].
ANNEXURE I

# THE CODE OF CIVIL PROCEDURE, 1908

## ACT NO. 5 OF 1908[1]

[21*st March,* 1908.]

An Act to consolidate and amend the laws relating to the procedure of the Courts of Civil Judicature.

WHEREAS it is expedient to consolidate and amend the laws relating to the procedure of the Courts of Civil Judicature: It is hereby enacted as follows :

PRELIMINARY

**1. Short title, commencement and extent.—**(*1*) This Act may be cited as the Code of Civil Procedure, 1908.

(*2*) It shall come into force on the first day of January, 1909.

---

1. This Act has been amended in its application to Assam by Assam Acts 2 of 1941 and 3 of 1953; to Tamil Nadu by Madras Act 34 of 1950, Madras A.O. 1950, and Tamil Nadu Act 15 of 1970; to Punjab by Punjab Act 7 of 1934; to Uttar Pradesh by U.P. Acts 4 of 1925, 35 of 1948, 24 of 1954, 17 of 1970, 57 of 1976 and 31 of 1978; to Karnataka by Mysore Act 14 of 1955; to Kerala by Kerala Act 13 of 1957; to Rajasthan by Rajasthan Act 19 of 1958; to Maharashtra by Maharashtra Act 22 of 1960 and 25 of 1970; It has been extended to Berar by the Berar Laws Act, 1941 (4 of 1941) and, by notification under ss. 5 and 5A of the Schedule Districts Act, 1874 (14 of 1874), also to the following Scheduled Districts:—

(*1*) The district of Jalpaiguri, Cachar (excluding the North Cachar Hills, Goalpara (including the Eastern Duars), Kamrup, Darrang, Nowgong (excluding the Mikir Hill Tracts) Sibsagar (excluding the Mikir Hill Tracts) and Lakhimpur (excluding the Dibrugarh Frontier Tracts): Gazette of India, 1909, Pt. 1. p. 5 and *ibid,* 1914, Pt. I, p. 1690.

(*2*) The District of Darjeeling and the District of Hazaribagh, Ranchi, Palamau and Manbhum in Chota Nagpur: Calcutta Gazette, 1909, Pt. I, p. 25 and Gazette of India, 1909, Pt. I, p. 33.

(*3*) The Province of Kumaon and Garhwal and the Tarai Parganas (with modifications): U.P. Gazette, 1909, Pt. I, p. 3 and Gazette of India, 1909, Pt. I, p. 31.

(*4*) The Pargana of Jaunsar-Bawar in Dehradun and the Scheduled portion of the Mirzapur District : U.P. Gazette, 1909, Pt. I, p. 4 and Gazette of India, 1909, Pt. I, p. 32.

(*5*) Coorg: Gazette of India, 1909, Pt. I, p. 32.

(*6*) Scheduled Districts in the Punjab: Gazette of India, 1909, Pt. I, p. 33.

(*7*) Sections 36 to 43 to all the Scheduled Districts in Madras, Gazette of India, 1909, Pt. I., p. 152.

(*8*) Scheduled Districts in the C.P., except so much as is already in force and so much as authorizes the attachment and sale of immovable property in execution of a decree, not being a decree directing the sale of such property: Gazette of India, 1909, Pt. I, p. 239.

(*9*) Ajmer-Merwara except ss. 1 and 155 to 158: Gazette of India, 1909, Pt. II, p. 480.

(*10*) Pargana Dhalbhum, the Municipality of Chaibassa in the Kolhan and the Porahat Estate in the District of Singhbhum: Calcutta, Gazette of India, 1909, Pt. I, p. 453 and Gazette of India, 1909, Pt. I, p. 443.

Under s. 3(3)(a) of the Sonthal Parganas Settlement Regulation (3 of 1872), ss. 38 to 42 and 156 and rules 4 to 9 in Order XXI in the First Schedule have been declared to be in force in the Sonthal Parganas and the rest of the Code for the trial of suits referred to in s. 10 of the Sonthal Parganas Justice Regulation, 1893 (5 of 1893): *see* Calcutta, Gazette, 1909, Pt. I, p. 45.

It has been declared to be in force in Panth Piploda by the Panth Piploda Laws Regulation, 1929 (1 of 1929), s. 2; in the Khondmals District by the Khondmals Laws Regulation, 1936 (4 of 1936), s. 3 and Sch. and in the Angul District by the Angul Laws Regulation, 1936 (5 of 1936), s. 3 and Sch.

It has been extended to the District of Koraput and Ganjam Agency by Orissa Regulation (5 of 1951), s.2.

It has been extended to the State of Manipur (w.e.f. 1-1-1957) by Act 30 of 1950, s. 3 to the whole of the Union Territory of Lakshadweep (w.e.f. 1-10-1967) by Regulation 8 of 1965, s. 3 and Sch.: to Goa, Daman and Diu (w.e.f. 15-6-1966) by Act 30 of 1965, s. 3; to Dadra and Nagar Haveli (w.e.f. 1-7-1965) by Reg. 6 of 1963, s. 2 and Sch. 1 and to the State of Sikkim (w.e.f. 1-9-1984), *vide* Notification No. S.O. 599 (E), dated 13-8-1984, Gazette of India, Extraordinary., Part. II, s. 3.

[1][(*3*) It extends to the whole of India except—

[2]* * * * *

(*b*) the State of Nagaland and the tribal areas:

Provided that the State Government concerned may, by notification in the Official Gazette, extend the provisions of this Code or any of them to the whole or part of the State of Nagaland or such tribal areas, as the case may be, with such supplemental, incidental or consequential modifications as may be specified in the notification.

*Explanation.* — In this clause, "tribal areas" means the territories which, immediately before the 21st day of January, 1972, were included in the tribal areas of Assam as referred to in paragraph 20 of the Sixth Schedule to the Constitution.

(*4*) In relation to the Amindivi Islands, and the East Godavari, West Godavari and Visakhapatnam Agencies in the State of Andhra Pradesh and the Union Territory of Lakshadweep, the application of this Code shall be without prejudice to the application of any rule or regulation for the time being in force in such Islands, Agencies or such Union Territory, as the case may be, relating to the application of this Code.]

**2. Definitions.**—In this Act, unless there is anything repugnant in the subject or context,—

(*1*) "Code" includes rules;

(*2*) "decree" means the formal expression of an adjudication which, so far as regards the Court expressing it, conclusively determines the rights of the parties with regard to all or any of the matters in controversy in the suit and may be either preliminary or final. It shall be deemed to include the rejection of a plaint and the determination of any question within [3]*** section 144, but shall not include—

(*a*) any adjudication from which an appeal lies as an appeal from an order, or

(*b*) any order of dismissal for default.

*Explanation.*—A decree is preliminary when further proceedings have to be taken before the suit can be completely disposed of. It is final when such adjudication completely disposes of the suit. It may be partly preliminary and partly final;

(*3*) "decree-holder" means any person in whose favour a decree has been passed or an order capable of execution has been made;

*(4)* "district" means the local limits of the jurisdiction of a principal Civil Court of original jurisdiction (hereinafter called a "District Court"), and includes the local limits of the ordinary original civil jurisdiction of a High Court;

[4][(*5*) "foreign Court" means a Court situate outside India and not established or continued by the authority of the Central Government;]

(*6*) "foreign judgment" means the judgment of a foreign Court;

(*7*) "Government Pleader" includes any officer appointed by the State Government to perform all or any of the functions expressly imposed by this Code on the Government Pleader and also any pleader acting under the directions of the Government Pleader;

[5][(*7A*) "High Court" in relation to the Andaman and Nicobar Islands, means the High Court in Calcutta;

(*7B*) "India", except in sections 1, 29, 43, 44, [6][44A,] 78, 79, 82, 83 and 87A, means the territory of India excluding the State of Jammu and Kashmir;]

(*8*) "Judge" means the presiding officer of a Civil Court;

---

1. Subs. by Act 104 of 1976, s. 2, for sub-section (*3*) (w.e.f. 1-2-1977).
2. Clause (*a*) omitted by Act 34 of 2019, s. 95 and the Fifth Schedule (w.e.f. 31-10- 2019).
3. The words and figures "section 47 or" omitted by s. 3, *ibid.* (w.e.f. 1-2-1977).
4. Subs. by Act 2 of 1951, s. 4, for clause 5 (w.e.f. 1-4-1951).
5. Ins. by s. 4, *ibid.* (w.e.f. 1-4-1951).
6. Ins. by Act 42 of 1953, s. 4 and the Third Schedule (w.e.f. 23-12-1953).

(9) "judgment" means the statement given by the Judge of the grounds of a decree or order;

(*10*) "judgment-debtor" means any person against whom a decree has been passed or an order capable of execution has been made;

(*11*) "legal representative" means a person who in law represents the estate of a deceased person, and includes any person who intermeddles with the estate of the deceased and where a party sues or is sued in a representative character the person on whom the estate devolves on the death of the party so suing or sued;

(*12*) "*mesne* profits" of property means those profits which the person in wrongful possession of such property actually received or might with ordinary diligence have received therefrom, together with interest on such profits, but shall not include profits due to improvements made by the person in wrongful possession;

(*13*) "movable property" includes growing crops;

(*14*) "order" means the formal expression of any decision of a Civil Court which is not a decree;

(*15*) "pleader" means any person entitled to appear and plead for another in Court, and includes an advocate, a vakil and an attorney of a High Court;

(*16*) "prescribed" means prescribed by rules;

(*17*) "public officer" means a person falling under any of the following descriptions, namely :—

(*a*) every Judge;

(*b*) every member of [1][an All-India Service];

(*c*) every commissioned or gazetted officer in the military [2][naval or air] forces of. [3][the Union] [4]*** while serving under the Government;

(*d*) Every officer of a court of Justice whose duty it is, as such officer, to investigate or report on any matter of law or fact, or to make, authenticate or keep any document, or to take charge or dispose of any property, or to execute any judicial process, or to administer any oath, or to interpret, or to preserve order, in the Court, and every person especially authorised by a court of Justice to perform any of such duties;

(*e*) every person who holds any office by virtue of which he is empowered to place or keep any person in confinement;

(*f*) every officer of the Government whose duty it is, as such officer, to prevent offences, to give information of offences, to bring offenders to justice, or to protect the public health, safety or convenience;

(*g*) every officer whose duty it is, as such officer, to take, receive, keep or expend any property on behalf of the Government, or to make any survey, assessment or contract on behalf of the Government, or to execute any revenue process, or to investigate, or to report on, any matter affecting the pecuniary interests of the Government, or to make, authenticate or keep any document relating to the pecuniary interests of the Government, or to prevent the infraction of any law for the protection of the pecuniary interests of the Government; and

(*h*) every officer in the service or pay of the Government, or remunerated by fees or commission for the performance of any public duty;

(*18*) "rules" means rules and forms contained in the First Schedule or made under section 122 or section 125;

(*19*) "share in a corporation" shall be deemed to include stock, debenture stock, debentures or bonds; and

(*20*) "signed", save in the case of a judgment or decree, includes stamped.

1. Subs. by Act 104 of 1976, s. 3, for "the Indian Civil Service" (w.e.f. 1-2-1977).
2. Subs. by Act 35 of 1934, s. 2 and the Schedule, for "or naval".
3. Subs. by the A.O. 1950, for "his Majesty".
4. The words "including His Majesty's Indian Marine Service" omitted by Act 35 of 1934, s. 2 and the Schedule.

[1]* * * * *

**3. Subordination of Courts.—**For the purposes of this Code, the District Court is subordinate to the High Court, and every Civil Court of a grade inferior to that of a District Court and every Court of Small Causes is subordinate to the High Court and District Court.

**4. Savings.—**(*1*) In the absence of any specific provision to the contrary, nothing in this Code shall be deemed to limit or otherwise affect any special or local law now in force or any special jurisdiction or power conferred, or any special form of procedure prescribed, by or under any other law for the time being in force.

(*2*) In particular and without prejudice to the generality of the proposition contained in sub-section (*1*), nothing in this Code shall be deemed to limit or otherwise affect any remedy which a landholder or landlord may have under any law for the time being in force for the recovery of rent of agricultural land from the produce of such land.

**5. Application of the Code to Revenue Courts.—**(*1*) Where any Revenue Courts are governed by the provisions of this Code in those matters of procedure upon which any special enactment applicable to them is silent, the State Government [2]*** may, by notification in the Official Gazette, declare that any portions of those provisions which are not expressly made applicable by this Code shall not apply to those Courts, or shall only apply to them with such modifications as the State Government [3]*** may prescribe.

(*2*) "Revenue Court" in sub-section (*1*) means a Court having jurisdiction under any local law to entertain suits or other proceedings relating to the rent, revenue or profits of land used for agricultural purposes, but does not include a Civil Court having original jurisdiction under this Code to try such suits or proceedings as being suits or proceedings of a civil nature.

**6. Pecuniary jurisdiction.—**Save in so far as is otherwise expressly provided, nothing herein contained shall operate to give any Court jurisdiction over suits the amount or value of the subject-matter of which exceeds the pecuniary limits (if any) of its ordinary jurisdiction.

7. **Provincial Small Cause Courts.—**The following provisions shall not extend to Courts constituted under the Provincial Small Cause Courts Act, 1887(9 of 1887) [4][or under the Berar Small Cause Courts Law, 1905], or to Courts exercising the jurisdiction of a Court of Small Causes [5][under the said Act or Law], [6][or to Courts in [7][any part of India to which the said Act does not extend] exercising a corresponding jurisdiction that is to say,—

(*a*) so much of the body of the Code as relates to—

(*i*) suits excepted from the cognizance of a Court of Small Causes;

(*ii*) the execution of decrees in such suits;

(*iii*) the execution of decrees against immovable property; and

(*b*) the following sections, that is to say,—

section 9,

sections 91 and 92,

sections 94 and 95 [8][so far as they authorize or relate to]—

(*i*) orders for the attachment of immovable property,

(*ii*) injunctions,

---

1. Clause (21) Omitted by Act 2 of 1951, s. 4, Earlier Clause (*21*) ins. by the A.O. 1950.
2. The words "with the previous sanction of the G.G. in C", omitted by Act 38 of 1920, s. 2 and the First Schedule Pt. I.
3. The words "with the sanction aforesaid" omitted by s. 2 and the First Schedule Pt. I, *ibid.*
4. Ins. by Act 4 of 1941, s. 2 and the Third Schedule.
5. Subs. by s. 2 and the Third Schedule., *ibid.*, for "under that Act".
6. Ins. by Act 2 of 1951, s. 5.
7. Subs. by the Adaptation of Laws (No. 2) Order, 1956, for "Part B States".
8. Subs. by Act 1 of 1926, s. 3, for "so far as they relate to injunctions and interlocutory orders" .

(*iii*) the appointment of a receiver of immovable property, or

(*iv*) the interlocutory orders to in clause *(e)* of section 94], and sections 96 to 112 and 115.

**8. Presidency Small Cause Courts.—**Save as provided in sections 24, 38 to 41, 75, clauses (*a*), (*b*) and *(*c*)*, 76, [1][77, 157 and 158], and by the Presidency Small Cause Courts Act, 1882 (15 of 1882), the provisions in the body of this Code shall not extend to any suit or proceeding in any Court of Small Causes established in the towns of Calcutta, Madras and Bombay :

[2][Provided that—

(*1*) the High Courts of Judicature at Fort William, Madras and Bombay, as the case may be, may from time to time, by notification in the Official Gazette, direct[3] that any such provisions not inconsistent with the express provisions of the Presidency Small Cause Courts Act, 1882 (15 of 1882), and with such modifications and adaptations as may be specified in the notification, shall extend to suits or proceedings or any class of suits or proceedings in such Court;

(*2*) all rules heretofore made by any of the said High Courts under section 9 of the Presidency Small Cause Courts Act, 1882 (15 of 1882) shall be deemed to have been validly made.]

## PART I

### SUITS IN GENERAL

#### JURISDICTION OF THE COURTS AND *Res Judicata*

**9. Courts to try all civil suits unless barred.—**The Courts shall (subject to the provisions herein contained) have jurisdiction to try all suits of a civil nature excepting suits of which their cognizance is either expressly or impliedly barred.

[4][*Explanation* I].—A suit in which the right to property or to an office is contested is a suit of a civil nature, notwithstanding that such right may depend entirely on the decision of questions as to religious rites or ceremonies.

[5][*Explanation* II].—For the purposes of this section, it is immaterial whether or not any fees are attached to the office referred to in *Explanation* I or whether or not such office is attached to a particular place.]

### STATE AMENDMENTS

**Maharashtra.—**

Section 9A of the Code of Civil Procedure, 1908, in its application to the State of Maharashtra (hereinafter referred to as "the principal Act"), shall be deleted.

[*Vide* Maharashtra Act 61 of 2018, sec. 2.]

**Notwithstanding the deletion of section 9A of the principal Act,—**

(*1*) where consideration of a preliminary issue framed under section 9A is pending on the date of commencement of the Code of Civil Procedure (Maharashtra Amendment) Act, 2018 (hereinafter, in this section, referred to as "the Amendment Act"), the said issue shall be deemed to be an issue framed under Order XIV of the principal Act and shall be decided by the Court, as it deems fit, along with all other issues, at the time of final disposal of the suit itself :

Provided that, the evidence, if any, led by any party or parties to the suit, on the preliminary issue so framed under section 9A, shall be considered by the Court along with evidence, if any, led on other issues in the suit, at the time of final disposal of the suit itself ;

(*2*) in all the cases, where a preliminary issue framed under section 9A has been decided, holding that the Court has jurisdiction to entertain the suit, and a challenge to such decision is pending before a revisional Court, on the date of commencement of the Amendment Act, such revisional proceedings shall stand abated :

1. Subs. by Act 104 of 1976, s. 4, for "77 and 155 to 158" (w.e.f. 1-2-1977).
2. Added by Act 1 of 1914, s. 2.
3. For instance of such direction, *see* Calcutta Gazette, 1910, Pt. I, p. 814.
4. *Explanation* renumbered as *Explanation* I thereof by Act 104 of 1976, s. 5 (w.e.f. 1-2-1977).
5. Ins. by s. 5, *ibid*. (w.e.f. 1-2-1977).

Provided that, where a decree in such suit is appealed from any error, defect or irregularity in the order upholding jurisdiction shall be treated as one of the ground of objection in the memorandum of appeal as if it had been included in such memorandum ;

(*3*) in all cases, where a preliminary issue framed under section 9A has been decided, holding that the Court has no jurisdiction to entertain the suit, and a challenge to such decision is pending before an appellate or revisional Court, on the date of commencement of the Amendment Act, such appellate or revisional proceedings shall continue as if the Amendment Act has not been enacted and section 9A has not been deleted :

Provided that, in case the appellate or revisional Court, while partly allowing such appeal or revision, remands the matter to the trial Court for reconsideration of the preliminary issue so framed under section 9A, upon receipt of these proceedings by the trial Court, all the provisions of the principal Act shall apply ;

(*4*) in all cases, where an order granting an ad-interim relief has been passed under sub-section (*2*) of section 9A prior to its deletion, such order shall be deemed to be an ad-interim order made under Order XXXIX of the principal Act and the Court shall, at the time of deciding the application in which such an order is made, either confirm or vacate or modify such order.

[*Vide* Maharashtra Act 61 of 2018, sec. 3.]

**Maharashtra.—**

In section 3 of the Code of Civil Procedure (Maharashtra Amendment) Act, 2018, for clause (*1*), the following clause shall be substituted and shall be deemed to have been substituted with effect from 27th June 2018, being the date of commencement of the said Act, namely:—

"(*1*) where consideration of a preliminary issue framed under section 9A is pending on the date of commencement of the Code of Civil Procedure (Maharashtra Amendment) Act, 2018 (hereinafter, in this section, referred to as "the Amendment Act"), the said issue shall be decided and disposed of by the Court under section 9A, as if the said section 9A has not been deleted;".

[*Vide* Maharashtra Act 72 of 2018, sec. 2, (w.e.f. 27-6-2018.)]

**10. Stay of suit.—**No Court shall proceed with the trial of any suit in which the matter in issue is also directly and substantially in issue in a previously instituted suit between the same parties, or between parties under whom they or any of them claim litigating under the same title where such suit is pending in the same or any other Court in [1][India] have jurisdiction to grant the relief claimed, or in any Court beyond the limits of [1][India] established or continued by [2][the Central Government [3]***.] and having like jurisdiction, or before [4][the Supreme Court].

*Explanation.*—The pendency of a suit in a foreign Court does not preclude the Courts in [1][India] from trying a suit founded on the same cause of action.

**11. Res *judicata*.—**No Court shall try any suit or issue in which the matter directly and substantially in issue has been directly and substantially in issue in a former suit between the same parties, or between parties under whom they or any of them claim, litigating under the same title, in a Court competent to try such subsequent suit or the suit in which such issue has been subsequently raised, and has been heard and finally decided by such Court.

---

1. Subs. by Act 2 of 1951, s. 3, for "the States".
2. Subs. by the A.O. 1937, for "the G.G. in C."
3. The words "or the Crown Representative" omitted by the A.O. 1948.
4. Subs. by the A.O. 1950, for "His Majesty in Council".

*Explanation I.*—The expression "former suit" shall denote a suit which has been decided prior to a suit in question whether or not it was instituted prior thereto.

*Explanation II.*—For the purposes of this section, the competence of a Court shall be determined irrespective of any provisions as to a right of appeal from the decision of such Court.

*Explanation III.*—The matter above referred to must in the former suit have been alleged by one party and either denied or admitted, expressly or impliedly, by the other.

*Explanation* IV.—Any matter which might and ought to have been made ground of defence or attack in such former suit shall be deemed to have been a matter directly and substantially in issue in such suit.

*Explanation* V.—Any relief claimed in the plaint, which is not expressly granted by the decree, shall for the purposes of this section, be deemed to have been refused.

*Explanation VI.*—Where persons litigate *bona fide* in respect of a public right or of a private right claimed in common for themselves and others, all persons interested in such right shall, for the purposes of this section, be deemed to claim under the persons so litigating .

[1][*Explanation VII.*—The provisions of this section shall apply to a proceeding for the execution of a decree and references in this section to any suit, issue or former suit shall be construed as references, respectively, to a proceeding for the execution of the decree, question arising in such proceeding and a former proceeding for the execution of that decree.

*Explanation VIII.* —An issue heard and finally decided by a Court of limited jurisdiction, competent to decide such issue, shall operate as *res judicata* in a subsequent suit, notwithstanding that such Court of limited jurisdiction was not competent to try such subsequent suit or the suit in which such issue has been subsequently raised.]

**12. Bar to further suit.** —Where a plaintiff is precluded by rules from instituting a further suit in respect of any particular cause of action, he shall not be entitled to institute a suit in respect of such cause of action in any Court to which this Code applies.

**13. When foreign judgment not conclusive.—**A foreign judgment shall be conclusive as to any matter thereby directly adjudicated upon between the same parties or between parties under whom they or any of them claim litigating under the same title except—

(*a*) where it has not been pronounced by a Court of competent jurisdiction;

(*b*) where it has not been given on the merits of the case;

(*c*) where it appears on the face of the proceedings to be founded on an incorrect view of international law or a refusal to recognise the law of [2][India] in cases in which such law is applicable;

(*d*) where the proceedings in which the judgment was obtained are opposed to natural justice;

(*e*) where it has been obtained by fraud;

*(f)* where it sustains a claim founded on a breach of any law in force in [2][India].

**14. Presumption as to foreign judgments.—**The Court shall presume upon the production of any document purporting to be a certified copy of a foreign judgment, that such judgment was pronounced by a Court of competent jurisdiction, unless the contrary appears on the record; but such presumption may be displaced by proving want of jurisdiction.

PLACE OF SUING

**15. Court in which suits to be instituted.—**Every suit shall be instituted in the Court of the lowest grade competent to try it.

**16. Suits to be instituted where subject-matter situate.—**Subject to the pecuniary or other limitations prescribed by any law, suits—

(*a*) for the recovery of immovable property with or without rent or profits,

(*b*) for the partition of immovable property,

1. Ins. by Act 104 of 1976, s. 6 (w.e.f. 1-2-1977).
2. Subs. by Act 2 of 1951, s. 3, for "the States" (w.e.f. 1-4-1951).

(*c*) for foreclosure, sale or redemption in the case of a mortgage of or charge upon immovable property,

(*d*) or the determination of any other right to or interest in immovable property,

(*e*) for compensation for wrong to immovable property,

(*f*) for the recovery of movable property actually under distraint or attachment,

shall be instituted in the Court within the local limits of whose jurisdiction the property is situate:

Provided that a suit to obtain relief respecting, or compensation for wrong to, immovable property held by or on behalf of the defendant may, where the relief sought can be entirely obtained through his personal obedience, be instituted either in the Court within the local limits of whose jurisdiction the property is situate, or in the Court within the local limits of whose jurisdiction the defendant actually and voluntarily resides, or carries on business, or personally works for gain.

*Explanation.*—In this section "property" means property situate in [1][India].

**17. Suits for immovable property situate within jurisdiction of different Courts.—**Where a suit is to obtain relief respecting, or compensation for wrong to, immovable property situate within the jurisdiction of different Courts, the suit may be instituted in any Court within the local limits of whose jurisdiction any portion of the property is situate :

Provided that, in respect of the value of the subject-matter of the suit, the entire claim is cognizable by such Court.

**18. Place of Institution of suit where local limits of jurisdiction of Courts are uncertain**.— (*1*) Where it is alleged to be uncertain within the local limits of the jurisdiction of which of two or more Courts, any immovable property is situate, any one of those Courts may, if satisfied that there is ground for the alleged uncertainty, record a statement to that effect and thereupon proceed to entertain and dispose of any suit relating to that property, and its decree in the suit shall have the same effect as if the property were situate within the local limits of its jurisdiction:

Provided that the suit is one with respect to which the Court is competent as regards the nature and value of the suit to exercise jurisdiction.

(*2*) Where a statement has not been recorded under sub-section (*1*), and an objection is taken before an Appellate or Revisional Court that a decree or order in a suit relating to such property was made by a Court not having jurisdiction where the property is situate, the Appellate or Revisional Court shall not allow the objection unless in its opinion there was, at the time of the institution of the suit, no reasonable ground for uncertainty as to the court having jurisdiction with respect thereto and there has been a consequent failure of justice.

**19. Suits for compensation for wrongs to person or movables.—**Where a suit is for compensation for wrong done to the person or to movable property, if the wrong was done within the local limits of the jurisdiction of one Court and the defendant resides, or carries on business, or personally works for gain, within the local limits of the jurisdiction of another Court, the suit may be instituted at the option of the plaintiff in either of the said Courts.

*Illustrations*

(*a*) A, residing in Delhi, beats B in Calcutta. B may sue A either in Calcutta or in Delhi.

(*b*) A, residing in Delhi, publishes in Calcutta statements defamatory of B. B may sue A either in Calcutta or in Delhi.

**20. Other suits to be instituted where defendants reside or cause of action arises.—**Subject to the limitations aforesaid, every suit shall be instituted in a Court within the local limits of whose jurisdiction—

(*a*) the defendant, or each of the defendants where there are more than one, at the time of the commencement of the suit, actually and voluntarily resides, or carries on business, or personally works for gain; or

(*b*) any of the defendants, where there are more than one, at the time of the commencement of the suit, actually and voluntarily resides, or carries on business, or personally works for gain, provided

1. Subs. by Act 2 of 1951, s. 3, for "the States" (w.e.f. 1-4-1951).

that in such case either the leave of the Court is given, or the defendants who do not reside, or carry on business, or personally works for gain, as aforesaid, acquiesce in such institution; or

(*c*) The cause of action, wholly or in part, arises.

[1]* * * * *

[2] [*Explanation*].—A corporation shall be deemed to carry on business at its sole or principal office in [3][India] or, in respect of any cause of action arising at any place where it has also a subordinate office, at such place.

*Illustrations*

(*a*) A is a tradesman in Calcutta, B carries on business in Delhi. B, by his agent in Calcutta, buys goods of A and requests A to deliver them to the East Indian Railway Company. A delivers the goods accordingly in Calcutta. A may sue B for the price of the goods either in Calcutta, where the cause of action has arisen, or in Delhi, where B carries on business.

(*b*) A resides at Simla, B at Calcutta and C at Delhi. A, B and C being together at Benaras, B and C make a joint promissory note payable on demand, and deliver it to A. A may sue B and C at Benaras, where the cause of action arose. He may also sue them at Calcutta, where B resides, or at Delhi, where C resides but in each of these cases, if the non-resident defendant objects, the suit cannot proceed without the leave of the Court.

**21. Objections to jurisdiction.** —[4][(*1*)] No objection as to the place of suing shall be allowed by any Appellate or Revisional Court unless such objection was taken in the Court of first instance at the earliest possible opportunity and in all cases where issues are settled at or before such settlement, and unless there has been a consequent failure of justice.

[5][(*2*) No objection as to the competence of a Court with reference to the pecuniary limits of its jurisdiction shall be allowed by any Appellate or Revisional Court unless such objection was taken in the Court of first instance at the earliest possible opportunity, and, in all cases where issues are settled, at or before such settlement, and unless there has been a consequent failure of justice.

(*3*) No objection as to the competence of the executing Court with reference to the local limits of its jurisdiction shall be allowed by any Appellate or Revisional Court unless such objection was taken in the executing Court at the earliest possible opportunity, and unless there has been a consequent failure of justice.]

[6]**[21A. Bar on suit to set aside decree on objection as to place of suing.—** No suit shall lie challenging the validity of a decree passed in a former suit between the same parties, or between the parties under whom they or any of them claim, litigating under the same title, on any ground based on an objection as to the place of suing.

*Explanation.*—The expression "former suit" means a suit which has been decided prior to the decision in the suit in which the validity of the decree is questioned, whether or not the previously decided suit was instituted prior to the suit in which the validity of such decree is questioned.]

**22. Power to transfer suits which may be instituted in more than one Court.—**Where a suit may be instituted in any one of two or more Courts and is instituted in one of such Courts, any defendant, after notice to the other parties, may, at the earliest possible opportunity and in all cases where issues are settled at or before such settlement, apply to have the suit transferred to another Court, and the Court to which such application is made, after considering the objections of the other parties (if any), shall determine in which of the several Courts having jurisdiction the suit shall proceed.

---

1. *Explanation* 1 omitted by Act 104 of 1976, s. 7 (w.e.f. 1-2-1977).
2. Subs. by s. 7, *ibid*., for "*Explanation* II" (w.e.f. 1-2-1977).
3. Subs. by Act 2 of 1951, s. 3, for "the States" (w.e.f. 1-4-1951).
4. S. 21 renumbered as sub-section (*1*) by Act 104 of 1976, s. 8 (w.e.f. 1-2-1977).
5. Ins. by s. 8, *ibid.* (w.e.f. 1-2-1977).
6. Ins. by s. 9, *ibid.* (w.e.f. 1-2-1977).

**23. To what Court application lies.—**(*1*) Where the several Courts having jurisdiction are subordinate to the same Appellate Court, an application under section 22 shall be made to the Appellate Court.

(*2*) Where such Courts are subordinate to different Appellate Courts but to the same High Court, the application shall be made to the said High Court.

(*3*) Where such Courts are subordinate to different High Courts, the application shall be made to the High Court within the local limits of whose jurisdiction the Court in which the suit is brought is situate.

**24. General power of transfer and withdrawal.—**(*1*) On the application of any of the parties and after notice to the parties and after hearing such of them as desired to be heard, or of its own motion without such notice, the High Court or the District Court may at any stage—

(*a*) transfer any suit, appeal or other proceeding pending before it for trial or disposal to any Court subordinate to it and competent to try or dispose of the same, or

(*b*) withdraw any suit, appeal or other proceeding pending in any Court subordinate to it, and—

(*i*) try or dispose of the same; or

(*ii*) transfer the same for trial or disposal to any Court subordinate to it and competent to try or dispose of the same; or

(*iii*) retransfer the same for trial or disposal to the Court from which it was withdrawn.

(*2*) Where any suit or proceeding has been transferred or withdrawn under sub-section (*1*), the Court which [1][is thereafter to try or dispose of such suit or proceeding] may, subject to any special directions in the case of an order of transfer, either retry it or proceed from the point at which it was transferred or withdrawn.

[2][(*3*) For the purposes of this section,—

(*a*) Courts of Additional and Assistant Judges shall be deemed to be subordinate to the District Court;

(*b*) "proceeding" includes a proceeding for the execution of a decree or order.]

(*4*) The Court trying any suit transferred or withdrawn under this section from a Court of Small Causes shall, for the purposes of such suit, be deemed to be a Court of Small Causes.

[3][(*5*) A suit or proceeding may be transferred under this section from a Court which has no jurisdiction to try it.]

[4][25. **Power of Supreme Court to transfer suits, etc.**—(*1*) On the application of a party, and after notice to the parties, and after hearing such of them as desire to be heard, the Supreme Court may, at any stage, if satisfied that an order under this section is expedient for the ends of justice, direct that any suit, appeal or other proceeding be transferred from a High Court or other Civil Court in one State to a High Court or other Civil Court in any other State.

(*2*) Every application under this section shall be made by a motion which shall be supported by an affidavit.

(*3*) The Court to which such suit, appeal or other proceeding is transferred shall, subject to any special directions in the order of transfer, either retry it or proceed from the stage at which it was transferred to it.

(*4*) In dismissing any application under this section, the Supreme Court may, if it is of opinion that the application was frivolous or vexatious, order the applicant to pay by way of compensation to any person who has opposed the application such sum, not exceeding two thousand rupees, as it considers appropriate in the circumstances of the case.

(*5*) The law applicable to any suit, appeal or other proceeding transferred under this section shall be the law which the Court in which the suit, appeal or other proceeding was originally instituted ought to have applied to such suit, appeal or proceeding.]

---

1. Subs. by Act 104 of 1976, s. 10, for "thereafter tries such suit" (w.e.f. 1-2-1977).
2. Subs. by s. 10, *ibid.*, for sub-section (*3*) (w.e.f. 1-2-1977).
3. Ins. by s. 10, *ibid.* (w.e.f. 1-2-1977).
4. Subs. by s. 11, *ibid.*, for s. 25 (w.e.f. 1-2-1977).

INSTITUTION OF SUITS

**26. Institution of suits.** — [1][(*1*)] Every suit shall be instituted by the presentation of a plaint or in such other manner as may be prescribed.

[2][(*2*) In every plaint, facts shall be proved by affidavit.]

*[Provided that such an affidavit shall be in the form and manner as prescribed under Order VI of Rule 15A.]

SUMMONS AND DISCOVERY

**27. Summons to defendants.—**Where a suit has been duly instituted, a summons may be issued to the defendant to appear and answer the claim and may be served in manner prescribed [3][on such day not beyond thirty days from date of the institution of the suit.]

**28. Service of summons where defendant resides in another State.—**(*1*) A summons may be sent for service in another State to such Court and in such manner as may be prescribed by rules in force in that State.

(*2*) The Court to which such summons is sent shall, upon receipt thereof, proceed as if it had been issued by such Court and shall then return the summons to the Court of issue together with the record (if any) of its proceedings with regard thereto.

[4][(*3*) Where the language of the summons sent for service in another State is different from the language of the record referred to in sub-section (*2*), a translation of the record,—

(*a*) in Hindi, where the language of the Court issuing the summons is Hindi, or

(*b*) in Hindi or English where the language of such record is other than Hindi or English,

shall also be sent together with the record sent under that sub-section.]

[5]**[29. Service of foreign summonses.—**Summonses and other processes issued by—

(*a*) any Civil or Revenue Court established in any part of India to which the provisions of this Code do not extend, or

(*b*) any Civil or Revenue Court established or continued by the authority of the Central Government outside India, or

(*c*) any other Civil or Revenue Court outside India to which the Central Government has, by notification in the Official Gazette, declared the provisions of this section to apply,

may be sent to the Courts in the territories to which this Code extends, and served as if they were summonses issued by such Courts.]

**30. Power to order discovery and the like.—**Subject to such conditions and limitations as may be prescribed, the Court may, at any time, either of its own motion or on the application of any party,—

(*a*) make such orders as may be necessary or reasonable in all matters relating to the delivery and answering of interrogatories, the admission of documents and facts, and the discovery, inspection, production, impounding and return of documents or other material objects producible as evidence;

(*b*) issue summonses to persons whose attendance is required either to give evidence or to produce documents or such other objects as aforesaid;

(*c*) order any fact to be proved by affidavit.

**31. Summons to witness.—**The provisions in sections 27, 28 and 29 shall apply to summonses to give evidence or to produce documents or other material objects.

**32. Penalty for default.—**The Court may compel the attendance of any person to whom a summons has been issued under section 30 and for that purpose may—

(*a*) issue a warrant for his arrest;

(*b*) attach and sell his property;

1. S. 26 renumbered as sub-section (*1*) by Act 46 of 1999, s. 2 (w.e.f. 1-7-2002).
2. Ins. by s. 3, *ibid.,* (w.e.f. 1-7-2002).
3. Ins. by s. 3, *ibid.*, (w.e.f. 1-7-2002).
4. Ins. by Act 104 of 1976, s. 12 (w.e.f. 1-5-1977).
5. Subs. by Act 2 of 1951, s. 6, for section 29 (w.e.f. 1-4-1951).
* Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Schedule (w.e.f. 23-10-2015).

(*c*) impose a fine upon him [1][not exceeding five thousand rupees];

(*d*) order him to furnish security for his appearance and in default commit him to the civil prison.

JUDGMENT AND DECREE

**33. Judgment and decree.—**The Court, after the case has been heard, shall pronounce judgment, and on such judgment a decree shall follow.

INTEREST

**34. Interest.—** (*1*) Where and in so far as a decree is for the payment of money, the Court may, in the decree, order interest at such rate as the Court deems reasonable to be paid on the principal sum adjudged, from the date of the suit to the date of the decree, in addition to any interest adjudged on such principal sum for any period prior to the institution of the suit, [2][with further interest at such rate not exceeding six per cent. per annum as the Court deems reasonable on such principal sum], from the date of the decree to the date of payment, or to such earlier date as the Court thinks fit:

[3][Provided that where the liability in relation to the sum so adjudged had arisen out of a commercial transaction, the rate of such further interest may exceed six per cent. per annum, but shall not exceed the contractual rate of interest or where there is no contractual rate, the rate at which moneys are lent or advanced by nationalised banks in relation to commercial transactions.

*Explanation* I.—In this sub-section, "nationalised bank" means a corresponding new bank as defined in the Banking Companies (Acquisition and Transfer of Undertakings) Act, 1970 (5 of 1970).

*Explanation* II.—For the purposes of this section, a transaction is a commercial transaction, if it is connected with the industry, trade or business of the party incurring the liability.]

(*2*) Where such a decree is silent with respect to the payment of further interest [4][on such principal sum] from the date of the decree to the date of payment or other earlier date, the Court shall be deemed to have refused such interest, and a separate suit therefor shall not lie.

COSTS

**35. Costs.**—(*1*) Subject to such conditions and limitations as may be prescribed, and to the provisions of any law for the time being in force, the costs of an incident to all suits shall be in the discretion of the Court, and the Court shall have full power to determine by whom or out of what property and to what extent such costs are to be paid, and to give all necessary directions for the purposes aforesaid. The fact that the Court has no jurisdiction to try the suit shall be no bar to the exercise of such powers.

(*2*) Where the Court directs that any costs shall not follow the event, the Court shall state its reasons in writing.

[5]* * * * *

***[35. Costs.—** (*1*) In relation to any commercial dispute, the Court, notwithstanding anything contained in any other law for the time being in force or Rule, has the discretion to determine:

(*a*) whether costs are payable by one party to another;

(*b*) the quantum of those costs; and

(*c*) when they are to be paid.

*Explanation*.—For the purpose of clause (*a*), the expression "costs" shall mean reasonable costs relating to—

(*i*) the fees and expenses of the witnesses incurred;

(*ii*) legal fees and expenses incurred;

(*iii*) any other expenses incurred in connection with the proceedings.

(*2*) If the Court decides to make an order for payment of costs, the general rule is that the unsuccessful party shall be ordered to pay the costs of the successful party:

1. Subs. by Act 46 of 1999, s. 4, for "not exceeding five hundred rupees" (w.e.f. 1-7-2002).`
2. Subs. by Act 66 of 1956, s. 2, for certain words (w.e.f. 1-1-1957).
3. Ins. by Act 104 of 1976, s. 13 (w.e.f. 1-7-1977).
4. Subs. by Act 66 of 1956, s. 2, for "on such aggregate sum as aforesaid" (w.e.f. 1-1-1957).
5. Sub-section (*3*) omitted by Act 66 of 1956, s. 3 (w.e.f. 1-1-1957).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Schedule (w.e.f. 23-10-2015).

Provided that the Court may make an order deviating from the general rule for reasons to be recorded in writing.

*Illustration*

The Plaintiff, in his suit, seeks a money decree for breach of contract, and damages. The Court holds that the Plaintiff is entitled to the money decree. However, it returns a finding that the claim for damages is frivolous and vexatious.

In such circumstances the Court may impose costs on the Plaintiff, despite the Plaintiff being the successful party, for having raised frivolous claims for damages.

(*3*) In making an order for the payment of costs, the Court shall have regard to the following circumstances, including—

(*a*) the conduct of the parties;

(*b*) whether a party has succeeded on part of its case, even if that party has not been wholly successful;

(*c*) whether the party had made a frivolous counterclaim leading to delay in the disposal of the case;

(*d*) whether any reasonable offer to settle is made by a party and unreasonably refused by the other party; and

(*e*) whether the party had made a frivolous claim and instituted a vexatious proceeding wasting the time of the Court.

(*4*) The orders which the Court may make under this provision include an order that a party must pay—

(*a*) a proportion of another party's costs;

(*b*) a stated amount in respect of another party's costs;

(*c*) costs from or until a certain date;

(*d*) costs incurred before proceedings have begun;

(*e*) costs relating to particular steps taken in the proceedings;

(*f*) costs relating to a distinct part of the proceedings; and

(*g*) interest on costs from or until a certain date.]

[1]**[35A. Compensatory costs in respect of false or vexatious claims or defences.—**(*1*) If in any suit or other proceedings [2][including an execution proceeding but [3][excluding an appeal or a revision] any party objects to the claim or defence on the ground that the claim or defence or any part of it is, as against the objector, false or vexatious to the knowledge of the party by whom it has been put forward, and if thereafter, as against the objector, such claim or defence is disallowed, abandoned or withdrawn in whole or in part, the Court, [4][if it so thinks fit], may, after recording its reasons for holding such claim or defence to be false or vexatious, make an order for the payment to the object or by the party by whom such claim or defence has been put forward, of cost by way of compensation.

*[(*2*) No Court shall make any such order for the payment of an amount exceeding [5][three thousand rupees] or exceeding the limits of its pecuniary jurisdiction, whichever amount is less:

Provided that where the pecuniary limits of the jurisdiction of any Court exercising the jurisdiction of a Court of Small Causes under the Provincial Small Cause Courts Act, 1887 (9 of 1887), [6][or under a corresponding law in force in [7][any part of India to which the said Act does not extend] and not being a Court constituted [8][under such Act or law], are less than two hundred and fifty rupees, the High Court may empower such Court to award as costs under this section any amount not exceeding two hundred and fifty rupees and not exceeding those limits by more than one hundred rupees :

Provided, further, that the High Court may limit the amount which any Court or class of Courts is empowered to award as costs under this section.]

---

1. Section 35A ins. by Act 9 of 1922, s. 2, which, under section 1(2) thereof may be brought into force in any State by the State Government on any specified date. It has been so brought into force in Bombay, Bengal, U.P., Punjab, Bihar, C.P., Assam, Orissa and Madras.
2. Subs. by Act 66 of 1956, s. 4, for "not being an appeal" (w.e.f. 1-2-1957).
3. Subs. by Act 104 of 1976, s. 14, for "excluding an appeal" (w.e.f. 1-2-1977).
4. Subs. by Act 66 of 1956, s. 4, for certain words (w.e.f. 1-2-1957).
5. Subs. by Act 104 of 1976, s. 14, for "one thousand rupees" (w.e.f. 1-2-1977).
6. Ins. by Act 2 of 1951, s. 7.
7. Subs. by the Adaptation of Laws (No. 2) Order, 1956, for "a Part B State".
8. Subs. by Act 2 of 1951, s. 7, for "under that Act" (w.e.f. 1-4-1951).

*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Schedule (w.e.f. 23-10-2015).

(*3*) No person against whom an order has been made under this section shall, by reason thereof, be exempted from any criminal liability in respect of any claim or defence made by him.

(*4*) The amount of any compensation awarded under this section in respect of a false or vexatious claim or defence shall be taken into account in any subsequent suit for damages or compensation in respect of such claim or defence.]

[1][**35B. Costs for causing delay.—**(*1*) If, on any date fixed for the hearing of a suit or for taking any step therein, a party to the suit—

(*a*) fails to take the step which he was required by or under this Code to take on that date, or

(*b*) obtains an adjournment for taking such step or for producing evidence or on any other ground,

the Court may, for reasons to be recorded, make an order requiring such party to pay to the other party such costs as would, in the opinion of the Court, be reasonably sufficient to reimburse the other party in respect of the expenses incurred by him in attending the Court on that date, and payment of such costs, on the date next following the date of such order, shall be a condition precedent to the further prosecution of—

(*a*) the suit by the plaintiff, where the plaintiff was ordered to pay such costs,

(*b*) the defence by the defendant, where the defendent was ordered to pay such costs.

*Explanation.*—Where separate defences have been raised by the defendant or groups of defendants, payment of such costs shall be a condition precedent to the further prosecution of the defence by such defendants or groups of defendants as have been ordered by the Court to pay such costs.

(*2*) The costs, ordered to be paid under sub-section (*1*), shall not, if paid, be included in the costs awarded in the decree passed in the suit; but, if such costs are not paid, a separate order shall be drawn up indicating the amount of such costs and the names and addresses of the persons by whom such costs are payable and the order so drawn up shall be executable against such persons. ]

## PART II

### EXECUTION

### GENERAL

[2][**36. Application to orders.—**The provisions of this Code relating to the execution of decrees (including provisions relating to payment under a decree) shall, so far as they are applicable, be deemed to apply to the execution of orders (including payment under an order).]

**37. Definition of Court which passed a decree.—**The expression "Court which passed a decree," or words to that effect, shall, in relation to the execution of decrees, unless there is anything repugnant in the subject or context, be deemed to include,—

(*a*) where the decree to be executed has been passed in the exercise of appellate jurisdiction, the Court of first instance, and

(*b*) where the Court of first instance has ceased to exist or to have jurisdiction to execute it, the Court which, if the suit wherein the decree was passed was instituted at the time of making the application for the execution of the decree, would have jurisdiction to try such suit.

[3][*Explanation.*—The Court of first instance does not cease to have jurisdiction to execute a decree merely on the ground that after the institution of the suit wherein the decree was passed or after the passing of the decree, any area has been transferred from the jurisdiction of that Court to the jurisdiction of any other Court; but, in every such case, such other Court shall also have jurisdiction to execute the decree, if at the time of making the application for execution of the decree it would have jurisdiction to try the said suit.]

### COURTS BY WHICH DECREES MAY BE EXECUTED

**38. Court by which decree may be executed.—**A decree may be executed either by the Court which passed it, or by the Court to which it is sent for execution.

**39. Transfer of decree.—**(*1*) The Court which passed a decree may, on the application of the decree-holder, send it for execution to another Court [4][of competent jurisdiction],—

1. Ins. by Act 104 of 1976, s. 15 (w.e.f. 1-2-1977).
2. Subs. by s. 16, *ibid.*, for section 36 (w.e.f. 1-2-1977).
3. Ins. by s. 17, *ibid.* (w.e.f. 1-2-1977).
4. Ins. by s. 18, *ibid.* (w.e.f. 1-2-1977).

(*a*) if the person against whom the decree is passed actually and voluntarily resides or carries on business, or personally works for gain, within the local limits of the jurisdiction of such other Court, or

(*b*) if such person has not property within the local limits of the jurisdiction of the Court which passed the decree sufficient to satisfy such decree and has property within the local limits of the jurisdiction of such other Court, or

(*c*) if the decree directs the sale or delivery of immovable property situate outside the local limits of the jurisdiction of the Court which passed it, or

(*d*) if the Court which passed the decree considers for any other reason, which it shall record in writing, that the decree should be executed by such other Court.

(*2*) The Court which passed a decree may of its own motion send it for execution to any subordinate Court of competent jurisdiction.

[1][(*3*) For the purposes of this section, a Court shall be deemed to be a Court of competent jurisdiction if, at the time of making the application for the transfer of decree to it, such Court would have jurisdiction to try the suit in which such decree was passed.]

[2][(*4*) Nothing in this section shall be deemed to authorise the Court which passed a decree to execute such decree against any person or property outside the local limits of its jurisdiction.]

**40. Transfer of decree to Court in another State.—**Where a decree is sent for execution in another State, it shall be sent to such Court and executed in such manner as may be prescribed by rules in force in that State.

**41. Result of execution proceedings to be certified.—**The Court to which a decree is sent for execution shall certify to the Court which passed it the fact of such execution, or where the former Court fails to execute the same the circumstances attending such failure.

**42. Powers of Court in executing transferred decree. —** [3][(*1*)] The Court executing a decree sent to it shall have the same powers in executing such decree as if it had been passed by itself. All persons is disobeying or obstructing the execution of the decree shall be punishable by such Court in the same manner as if it had passed the decree. And its order in executing such decree shall be subject to the same rules in respect of appeal as if the decree had passed by itself.

[4][(*2*) Without prejudice to the generality of the provisions of sub-section (*1*), the powers of the Court under that sub-section shall include the following powers of the Court which passed the decree, namely:—

(*a*) power to send the decree for execution to another Court under section 39;

(*b*) power to execute the decree against the legal representative of the deceased judgment-debtor under section 50;

(*c*) power to order attachment of a decree.

(*3*) A Court passing an order in exercise of the powers specified in sub-section (*2*) shall send a copy thereof to the Court which passed the decree.

(*4*) Nothing in this section shall be deemed to confer on the Court to which a decree is sent for execution any of the following powers, namely:—

(*a*) power to order execution at the instance of the transferee of the decree;

(*b*) in the case of a decree passed against a firm, power to grant leave to execute such decree against any person, other than such a person as is referred to in clause (*b*), or clause (*c*) of sub-rule (*1*) of rule 50 of Order XXI. ]

[5]**[43. Execution of decrees passed by Civil Courts in places to which this Code does not extend.—** Any decree passed by any Civil Court established in any part of India to which the provisions of this Code do not extend, or by any Court established or continued by the authority of the Central Government outside India, may, if it cannot be executed within the jurisdiction of the Court by which it was passed, be executed in the manner herein provided within the jurisdiction of any Court in the territories to which this Code extends.]

1. Ins. by Act 104 of 1976, s. 18, (w.e.f. 1-2-1977).
2. Ins. by Act 22 of 2002, s. 2 (w.e.f. 1-7-2002).
3. S. 42 renumbered as sub-section (*1*) by Act 104 of 1976, s. 19, (w.e.f. 1-2-1977).
4. Ins. by s. 19, *ibid*., (w.e.f. 1-2-1977).
5. Subs. by Act 2 of 1951, s. 8, for section 43 (w.e.f. 1-4-1951).

[1][**44. Execution of decrees passed by Revenue Courts in places to which this Code does not extend.—**The State Government may, by notification in the Official Gazette, declare that the decrees of any Revenue Court in any part of India to which the provisions of this Code do not extend, or any class of such decrees, may be executed in the State as if they had been passed by Courts in that State.]

[2][**44A. Execution of decrees passed by Courts in reciprocating territory.—**(*1*) Where a certified copy of a decree of any of the superior Courts of [3]*** any reciprocating territory has been filed in a District Court, the decree may be executed in [4][India] as if it had been passed by the District Court.

(*2*) Together with the certified copy of the decree shall be filed a certificate from such superior Court stating the extent, if any, to which the decree has been satisfied or adjusted and such certificate shall, for the purposes of proceedings under this section, be conclusive proof of the extent of such satisfaction or adjustment.

(*3*) The provisions of section 47 shall as from the filing of the certified copy of the decree apply to the proceedings of a District Court executing a decree under this section, and the District Court shall refuse execution of any such decree, if it is shown to the satisfaction of the Court that the decree falls within any of the exceptions specified in clauses (*a*) to (*f*) of section 13.

[5][*Explanation* 1.— "Reciprocating territory" means any country or territory outside India which the Central Government may, by notification in the Official Gazette, declare to be a reciprocating territory for the purposes of this section; and "superior Courts", with reference to any such territory, means such Courts as may be specified in the said notification.

*Explanation* 2.— "Decree" with reference to a superior Court means any decree or judgment of such Court under which a sum of money is payable, not being a sum payable in respect of taxes or other charges of a like nature or in respect of a fine or other penalty, but shall in no case include an arbitration award, even if such an award is enforceable as a decree or judgment.]]

[6][**45. Execution of decrees outside India.—**So much of the foregoing sections of this Part as empowers a Court to send a decree for execution to another Court shall be construed as empowering a Court in any State to send a decree for execution to any Court established [7]*** by the authority of the Central Government [8][outside India] to which the State Government has by notification in the Official Gazette declared this section to apply.]

**46. Precepts.—**(*1*) Upon the application of the decree-holder the Court which passed the decree may, whenever it thinks fit, issue a precept to any other Court which would be competent to execute such decree to attach any property belonging to the judgment-debtor and specified in the precept.

*(2)* The Court to which a precept is sent shall proceed to attach the property in the manner prescribed in regard to the attachment of property in execution of a decree:

Provided that no attachment under a precept shall continue for more than two months unless the period of attachment is extended by an order of the Court which passed the decree or unless before the determination of such attachment the decree has been transferred to the Court by which the attachment has been made and the decree-holder has applied for an order for the sale of such property.

QUESTIONS TO BE DETERMINED BY COURT EXECUTING DECREE

**47. Questions to be determined by the Court executing decree.—**(*1*) All questions arising between the parties to the suit in which the decree was passed, or their representatives, and relating to the execution, discharge or satisfaction of the decree, shall be determined by the Court executing the decree and not by a separate suit.

1. Subs. by Act 2 of 1951, s. 9, for section 44 (w.e.f. 1-4-1951).
2. Ins. by Act 8 of 1937, s. 2.
3. The words "the United Kingdom or" omitted by Act 71 of 1952, s. 2.
4. Subs. by Act 2 of 1951, s. 3, for "the States" (w.e.f. 1-4-1951).
5. Subs. by Act 71 of 1952, s. 2, for *Explanations* 1 to 3.
6. Subs. by the A.O. 1937, for section 45.
7. The words "or continued" omitted by the A.O. 1948.
8. Subs. by the A.O. 1950, for "in any Indian State".

[1]* * * * *

(*3*) Where a question arises as to whether any person is or is not the representative of a party, such question shall, for the purposes of this section, be determined by the Court.

[2][*Explanation* I.—For the purposes of this section, a plaintiff whose suit has been dismissed and a defendant against whom a suit has been dismissed are parties to the suit.

*Explanation* II.—*(a)* For the purposes of this section, a purchaser of property at a sale in execution of a decree shall be deemed to be a party to the suit in which the decree is passed; and

(*b*) all questions relating to the delivery of possession of such property to such purchaser or his representative shall be deemed to be questions relating to the execution, discharge or satisfaction of the decree within the meaning of this section.]

LIMIT OF TIME FOR EXECUTION

**48.** [*Execution barred in certain cases.*] *Rep. by the Limitation Act,* 1963 (36 *of* 1963), *s.* 28 (*w.e.f.* 1-1-1964).

TRANSFEREES AND LEGAL REPRESENTATIVES

**49. Transferee.—**Every transferee of a decree shall hold the same subject to the equities (if any) which the judgment-debtor might have enforced against the original decree-holder.

**50. Legal representative.—**(*1*) Where a judgment-debtor dies before the decree has been fully satisfied, the holder of the decree may apply to the Court which passed it to execute the same against the legal representative of the deceased.

(*2*) Where the decree is executed against such legal representative, he shall be liable only to the extent of the property of the deceased which has come to his hands and has not been duly disposed of; and, for the purpose of ascertaining such liability, the Court executing the decree may, of its own motion or on the application of the decree-holder, compel such legal representative to produce such accounts as it thinks fit.

PROCEDURE IN EXECUTION

**51. Powers of Court to enforce execution.—**Subject to such conditions and limitations as may be prescribed, the Court may, on the application of the decree-holder, order execution of the decree—

(*a*) by delivery of any property specifically decreed;

(*b*) by attachment and sale or by the sale without attachment of any property;

(*c*) by arrest and detention in prison [3][for such period not exceeding the period specified in section 58, where arrest and detention is permissible under that section];

(*d*) by appointing a receiver; or

(*e*) in such other manner as the nature of the relief granted may require:

[4][Provided that, where the decree is for the payment of money, execution by detention in prison shall not be ordered unless, after giving the judgment-debtor an opportunity of showing cause why he should not be committed to prison, the Court, for reasons recorded in writing, is satisfied—

(*a*) that the judgment-debtor, with the object or effect of obstructing or delaying the execution of the decree,—

(*i*) is likely to abscond or leave the local limits of the jurisdiction of the Court, or

(*ii*) has, after the institution of the suit in which the decree was passed, dishonestly transferred, concealed, or removed any part of his property, or committed any other act of bad faith in relation to his property, or

(*b*) that the judgment-debtor has, or has had since the date of the decree, the means to pay the amount of the decree or some substantial part thereof and refuses or neglects or has refused or neglected to pay the same, or

(*c*) that the decree is for a sum for which the judgment-debtor was bound in a fiduciary capacity to account.

---

1. Sub-section (*2*) omitted by Act 104 of 1976, s. 20 (w.e.f. 1-2-1977).
2. Subs. by s. 20, *ibid.* for the *Explanation* (w.e.f. 1-2-1977).
3. Ins. by *ibid,* s. 21, (w.e.f. 1-2-1977).
4. Ins. by Act 21 of 1936, s. 2.

*Explanation.* —In the calculation of the means of the judgment-debtor for the purposes of clause (*b*), there shall be left out of account any property which, by or under any law or custom having the force of law for the time being in force, is exempt from attachment in execution of the decree.]

**52. Enforcement of decree against legal representative.—**(*1*) Where a decree is passed against a party as the legal representative of a deceased person, and the decree is for the payment of money out of the property of the deceased, it may be executed by the attachment and sale of any such property.

(*2*) Where no such property remains in the possession of the judgment-debtor and he fails to satisfy the Court that he has duly applied such property of the deceased as is proved to have come into his possession, the decree may be executed against the judgment-debtor to the extent of the property in respect of which he has failed so to satisfy the Court in the same manner as if the decree had been against him personally.

**53. Liability of ancestral property.—**For the purposes of section 50 and section 52, property in the hands of a son or other descendant which is liable under Hindu law for the payment of the debt of a deceased ancestor, in respect of which a decree has been passed, shall be deemed to be property of the deceased which has come to the hands of the son or other descendant as his legal representative.

**54. Partition of estate or separation of share.—**Where the decree is for the partition of an undivided estate assessed to the payment of revenue to the Government, or for the separate possession of a share of such an estate, the partition of the estate or the separation of the share shall be made by the Collector or any gazetted subordinate of the Collector deputed by him in this behalf, in accordance with the law (if any) for the time being in force relating to the partition, or the separate possession of shares, of such estates.

**STATE AMENDMENT**

**Karnataka.—**

For Section 54, the following Section shall be substituted, namely.—

**"54. Partition of estate or separation of share.**—Where the decree is for the partition of an undivided estate assessed to the payment of revenue to the Government, or for the separate possession of a share of such an estate, the partition of the estate or the separation of the share of such an estate shall be made by the Court in accordance with the law if any, for the time being in force relating to the partition or the separate possession of shares, and if necessary on the report of a revenue officer, not below the rank of Tahsildar or such other person as the Court may appoint as Commissioner in that behalf."

[*Vide* Karnataka Act 36 of 1998, sec. 2.]

ARREST AND DETENTION

**55. Arrest and detention.**—(*1*) A judgment-debtor may be arrested in execution of a decree at any hour and on any day, and shall, as soon as practicable, be brought before the Court, and his detention may be in the civil prison of the district in which the Court ordering the detention is situate, or, where such civil prison does not afford suitable accommodation, in any other place which the State Government may appoint for the detention of persons ordered by the Courts of such district to be detained:

Provided, firstly, that, for the purpose of making an arrest under this section, no dwelling-house shall be entered after sunset and before sunrise:

Provided, secondly, that no outer door of a dwelling-house shall be broken open unless such dwelling-house is in the occupancy of the judgment-debtor and he refuses or in any way prevents access thereto, but when the officer authorized to make the arrest has duly gained access to any dwelling-house, he may break open the door of any room in which he has reason to believe the judgment-debtor is to be found:

Provided, thirdly, that, if the room is in the actual occupancy of a woman who is not the judgment-debtor and who according to the customs of the country does not appear in public, the officer authorized to make the arrest shall give notice to her that she is at liberty to withdraw, and, after allowing a reasonable time for her to withdraw and giving her reasonable facility for withdrawing, may enter the room for the purpose of making the arrest:

Provided, fourthly, that, where the decree in execution of which a judgment-debtor is arrested, is a decree for the payment of money and the judgment-debtor pays the amount of the decree and the costs of the arrest to the officer arresting him, such officer shall at once release him.

(*2*) The State Government may, by notification in the Official Gazette, declare that any person or class of persons whose arrest might be attended with danger or inconvenience to the public shall not be liable to arrest in execution of a decree otherwise than in accordance with such procedure as may be prescribed by the State Government in this behalf.

(*3*) Where a judgment-debtor is arrested in execution of a decree for the payment of money and brought before the Court, the Court shall inform him that he may apply to be declared an insolvent, and that he [1][may be discharged] if he has not committed any act of bad faith regarding the subject of the application and if he complies with the provisions of the law of insolvency for the time being in force.

(*4*) Where a judgment-debtor expresses his intention to apply to be declared an insolvent and furnishes security, to the satisfaction of the Court, that he will within one month so apply, and that he will appear, when called upon, in any proceeding upon the application or upon the decree in execution of which he was arrested, the Court [2][may release] him from arrest, and, if he fails so to apply and to appear, the Court may either direct the security to be realized or commit him to the civil prison in execution of the decree.

**56. Prohibition of arrest or detention of women in execution of decree for money.—**Notwithstanding anything in this Part, the Court shall not order the arrest or detention in the civil prison of a woman in execution of a decree for the payment of money.

**57. Subsistence-allowance.—**The State Government may fix scales, graduated according to rank, race and nationality, of monthly allowances payable for the subsistence of judgment-debtors.

**58. Detention and release.—**(*1*) Every person detained in the civil prison in execution of a decree shall be so detained,—

(*a*) where the decree is for the payment of a sum of money exceeding [3][ [4][five thousand rupees], for a period not exceeding three months, and,]

[5][(*b*) where the decree is for the payment of a sum of money exceeding two thousand rupees, but not exceeding five thousand rupees, for a period not exceeding six weeks.]

[6][(*1A*) For the removal of doubts, it is hereby declared that no order for detention of the judgment-debtor in civil prison in execution of a decree for the payment of money shall be made, where the total amount of the decree does not exceed [7][two thousand rupees.]]

(*2*) A judgment-debtor released from detention under this section shall not merely by reason of his release be discharged from his debt, but he shall not be liable to be re-arrested under the decree in execution of which he was detained in the civil prison.

**59. Release on ground of illness.—**(*1*) At any time after a warrant for the arrest of a judgment-debtor has been issued the Court may cancel it on the ground of his serious illness.

(*2*) Where a judgment-debtor has been arrested, the Court may release him if, in its opinion, he is not in a fit state of health to be detained in the civil prison.

(*3*) Where a judgment-debtor has been committed to the civil prison, he may be released therefrom—

(*a*) by the State Government, on the ground of the existence of any infectious or contagious disease, or

(*b*) by the committing Court, or any Court to which that Court is subordinate, on the ground of his suffering from any serious illness.

(*4*) A judgment-debtor released under this section may be re-arrested, but the period of his detention in civil prison shall not in the aggregate exceed that prescribed by section 58.

ATTACHMENT

[8]**60. Property liable to attachment and sale in execution of decree.**—(*1*) The following property is liable to attachment and sale in execution of a decree, namely, lands, houses or other buildings, goods, money, bank-notes, cheques, bills of exchange, hundis, promissory notes, Government securities, bonds or other securities for money, debts, shares in a corporation and, save as hereinafter mentioned, all other

1. Subs. by Act 3 of 1921, s. 2, for "will be discharged".
2. Subs. by s. 2, *ibid.*, for "shall release".
3. Subs. by Act 104 of 1976, s. 22, for certain words (w.e.f. 1-2-1977).
4. Subs. by Act 46 of 1999, s. 5, "one thousand rupees" (w.e.f. 1-7-2002).
5. Subs. by s. 5, *ibid.*, by clause (*b*) (w.e.f. 1-7-2002).
6. Ins. by Act 104 of 1976, s. 22 (w.e.f. 1-2-1977).
7. Subs. by Act 46 of 1999, s. 5, for "five hundred rupees" (w.e.f. 1-7-2002).
8. For amendments to s. 60, in its application to East Punjab, *see* the Punjab Relief of Indebtedness Act, 1934 (Pun. Act 7 of 1934), s. 35, as amended by Pun. Acts 12 of 1940 and 6 of 1942.

saleable property, movable or immovable, belonging to the judgment-debtor, or over which, or the profits of which, he has a disposing power which he may exercise for his own benefit, whether the same be held in the name of the judgment-debtor or by another person in trust for him or on his behalf:

Provided that the following particulars shall not be liable to such attachment or sale, namely:—

(*a*) the necessary wearing-apparel, cooking vessels, beds and bedding of the judgment-debtor, his wife and children, and such personal ornaments as, in accordance with religious usage, cannot be parted with by any woman;

(*b*) tools of artisans, and, where the judgment-debtor is an agriculturist, his implements of husbandry and such cattle and seed-grain as may, in the opinion of the Court, be necessary to enable him to earn his livelihood as such, and such portion of agricultural produce or of any class of agricultural produce as may have been declared to be free from liability under the provisions of the next following section;

(*c*) houses and other buildings (with the materials and the sites thereof and the land immediately appurtenant thereto and necessary for their enjoyment) belonging to [1][an agriculturist or a labourer of a domestic servant] and occupied by him ;

(*d*) books of account ;

(*e*) a mere right to sue for damages ;

(*f*) any right of personal service ;

(*g*) stipends and gratuities allowed to pensioners of the Government [2][or of a local authority or of any other employer], or payable out of any service family pension fund [3]notified in the Official Gazette by [4][the Central Government or the State Government] in this behalf, and political pensions;

[5][(*h*) the wages of labourers and domestic servants, whether payable in money or in kind;

[6]***]

[7][(*i*) salary to the extent of [8][the first [9][ [10][one thousand rupees]] and two third of the remainder] [11][in execution of any decree other than a decree for maintenance]:

[12][Provided that where any part of such portion of the salary as is liable to attachment has been under attachment, whether continuously or intermittently, for a total period of twenty-four months, such portion shall be exempt from attachment until the expiry of a further period of twelve months, and, where such attachment has been made in execution of one and the same decree, shall, after the attachment has continued for a total period of twenty-four months, be finally exempt from attachment in execution of that deeree.]]

[11][(*ia*) one-third of the salary in execution of any decree for maintenance;]

[13][(*j*) the pay and allowances of persons to whom the Air Force Act, 1950 (45 of 1950) or the Army Act, 1950 (46 of 1950), or the Navy Act, 1957 (62 of 1957), applies;]

(*k*) all compulsory deposits and other sums in or derived from any fund to which the Provident Funds Act, [14][1925], (19 of 1925), for the time being applies in so far as they are declared by the said Act not to be liable to attachment;

[15][*(ka)* all deposits and other sums in or derived from any fund to which the Public Provident Fund Act, 1968 (23 of 1968), for the time being applies, in so far as they are declared by the said Act as not to be liable to attachment;

1. Subs. by Act 104 of 1976, s. 23, for "an agriculturist" (w.e.f. 1-2-1977)
2. Ins. by s. 23, *ibid.* (w.e.f. 1-2-1977).
3. For such a notification, *see* Gazette of India, 1909, Pt. I, p. 5.
4. Subs. by the A.O. 1937, for "the G.G. in C."
5. Subs. by Act 9 of 1937, s. 2, for clauses *(h)* and (*i*). The amendments made by that section have no effect in respect of any proceedings arising out of a suit instituted before 1st June, 1937, *see ibid.,* section 3.
6. The words "and salary, to the extent of the first hundred rupees and one-half the remainder of such salary" omitted by Act 5 of 1943, s. 2.
7. Subs. by s. 2, *ibid.,* for clause (*i*) and the proviso.
8. Subs. by Act 26 of 1963, s. 2, for "the first hundred rupees".
9. Subs. by Act 104 of 1976, s. 23, for "two hundred rupees and one-half the remainder" (w.e.f. 1-2-1977).
10. Subs. by Act 46 of 1999, s. 6, for "four hundred rupees" (w.e.f. 1-7-2002).
11. Ins. by Act 66 of 1956, s. 6 (w.e.f. 1-1-1957).
12. Subs. by Act 104 of 1976, s. 23, for "the proviso" (w.e.f. 1-2-1977).
13. Subs. by s. 23, *ibid*., for clause (*j*) (w.e.f. 1-2-1977).
14. Subs. by Act 9 of 1937, s. 2, for "1897".
15. Ins. by Act 104 of 1976, s. 23 (w.e.f. 1-2-1977).

(*kb*) all moneys payable under a policy of insurance on the life of the judgment-debtor;

(*kc*) the interest of a lessee of a residential of building to which the provisions of law for the time being in force relating to control of rents and accommodation apply;]

[1][(*l*) any allowance forming part of the emoluments of any [2][servant of the [3][Government]] or of any servant of a railway company or local authority which the [4][appropri ate Government] may by notification in the Official Gazette declare to be exempt from attachment, and any subsistence grant or allowance made to [5][any such servant] while under suspension;]

(*m*) an expectancy of succession by survivorship or other merely contingent or possible right or interest;

(*n*) a right to future maintenance;

(*o*) any allowance declared by [6][any Indian law] to be exempt from liability to attachment or sale in execution of a decree; and

(*p*) where the judgment-debtor is a person liable for the payment of land-revenue; any movable property which, under any law for the time being applicable to him, is exempt from sale for the recovery of an arrear of such revenue.

[7][*Explanation* I. —The moneys payable in relation to the matters mentioned in clauses (g), (*h*), (*i*), (*ia*), (*j*), (*l*) and (*o*) are exempt from attachment or sale, whether before or after they are actually payable, and, in the case of salary, the attachable portion thereof is liable to attachment, whether before or after it is actually payable.]

[8][ [9][*Explanation* II. —In clauses (*i*) and (*ia*)], "salary" means the total monthly emoluments, excluding any allowance declared exempt from attachment under the provisions of clause (*l*), derived by a person from his employment whether on duty or on leave.]

[10][*Explanation* [11][III]—In clause (*l*) "appropriate Government" means—

(*i*) as respects any [12][person] in the service of the Central Government, or any servant of [13][a Railway Administration] or of a cantonment authority or of the port authority of a major port, the Central Government;

[14]* * * * *

(*iii*) as respects any other [2][servant of the [3][Government]] or a servant of any other [15]*** local authority, the State Government.]

[16][*Explanation* IV—For the purposes of this proviso, "wages" includes bonus, and "labourer" includes a skilled unskilled or semi-skilled labourer.

*Explanation* V—For the purposes of this proviso, the expression "agriculturist" means a person who cultivates land personally and who depends for his livelihood mainly on the income from agricultural land, whether as owner, tenant, partner or agricultural labourer.

*Explanation* VI—For the purposes of *Explanation* V an agriculturist shall be deemed to cultivate land personally, if he cultivates land—

(*a*) by his own labour, or

(*b*) by the labour of any member of his family, or

(*c*) by servants or labourers on wages payable in cash or in kind (not being as a share of the produce), or both.]

[16][(*IA*) Notwithstanding anything contained in any other law for the time being in force, an agreement by which a person agrees to waive the benefit of any exemption under this section shall be void.]

1. Subs. by Act 9 of 1937, s. 2, for the original clause (*l*), *see* also footnote 3.
2. Subs. by Act 5 of 1943, s. 2, for "public officer".
3. Subs. by the A.O. 1950 for "crown".
4. Subs. by the A.O. 1937, for "G.G. in C".
5. Subs. by Act 5 of 1943, s. 2, for "any such officer or servant".
6. Subs. by the A.O. 1937, for "any law passed under the Indian Councils Act 1861 and 1892".
7. Subs. by Act 104 of 1976, s. 23, for *Explanation* I (w.e.f. 1-2-1977).
8. Added by Act 9 of 1937, s. 2, The amendments made by that section shall not effect in respect of any proceeding arising out of any suit instituted before 1st June, 1937, *see ibid.,* section 3.
9. Subs. by Act 104 of 1976, s. 23, "*Explanation* 2. —in clauses (*h*) and (*i*)" (w.e.f. 1-2- 1977).
10. Ins. by the A.O. 1937.
11. Subs. by Act 104 of 1976, s. 23, for figur "3" (w.e.f. 1-2-1977).
12. Subs. by Act 5 of 1943, s. 2, for "Public officer".
13. Subs. by the A.O. 1950, for "a Federal Railway".
14. Clause (*ii*) omitted by the A.O. 1948.
15. The words "railway or" omitted by the A.O. 1950.
16. Ins. by Act 104 of 1976, s. 23 (w.e.f. 1-2-1977).

(2) Nothing in this section shall be deemed [1]*** to exempt houses and other buildings (with the materials and the sites thereof and the lands immediately appurtenant thereto and necessary for their enjoyment) from attachment or sale in execution of decrees for rent of any such house, building, site or land [2]***

[3]* * * * *

**STATE AMENDMENTS**

**Kerala.—**

In clause (*g*) of the Proviso to sub-section (*1*) of section 60, after the words "stipends and gratuities allowed by pensioners of the Government" the words "or of a local authority" shall be inserted.

[*Vide* Kerala Act 13 of 1957, sec. 3.]

In the proviso to sub section (*1*) of section 60 of the Code of Civil Procedure, 1908 (Central Act 5 of 1908), after clause (*g*), the following clause shall be inserted, namely: —

"(*gg*) all moneys payable to the beneficiaries under the Family Benefit Scheme for the employees of the Government of Kerala."

[*Vide* Kerala Act 1 of 1988, sec. 2.]

**61. Partial exemption of agricultural produce.**—The State Government [4]*** may, by general or special order published in the Official Gazette, declare that such portion of agricultural produce, or of any class of agricultural produce, as may appear to the State Government to be necessary for the purpose of providing until the next harvest for the due cultivation of the land and for the support of the judgment-debtor and his family, shall, in the case of all agriculturists or of any class of agriculturists, be exempted from liability to attachment or sale in execution of a decree.

**62. Seizure of property in dwelling-house.—**(*1*) No person executing any process under this Code directing or authorizing seizure of movable property shall enter any dwelling-house after sunset and before sunrise.

(*2*) No outer door of a dwelling-house shall be broken open unless such dwelling-house is in the occupancy of the judgment-debtor and he refuses or in any way prevents access thereto, but when the person executing any such process has duly gained access to any dwelling-house, he may break open the door of any room in which he has reason to believe any such property to be.

(*3*) Where a room in a dwelling-house is in the actual occupancy of a woman who, according to the customs of the country, does not appear in public, the person executing the process shall give notice to such woman that she is at liberty to withdraw; and, after allowing reasonable time for her to withdraw and giving her reasonable facility for withdrawing, he may enter such room for the purpose of seizing the property, using at the same time every precaution, consistent with these provisions, to prevent its clandestine removal.

**63. Property attached in execution of decrees of several Courts.—**(*1*) Where property not in the custody of any Court is under attachment in execution of decrees of more Courts than one, the Court which shall receive or realize such property and shall determine any claim thereto and any objection to the attachment thereof shall be the Court of highest grade, or, where there is no difference in grade between such Courts, the Court under whose decree the property was first attached.

(*2*) Nothing in this section shall be deemed to invalidate any proceeding taken by a Court executing one of such decrees.

[5][*Explanation*.—For the purposes of sub-section (*2*), "proceeding taken by a Court" does not include an order allowing, to a decree-holder who has purchased property at a sale held in execution of a decree, set off to the extent of the purchase price payable by him.]

**64. Private alienation of property after attachment to be void.** —[6][(*1*)] Where an attachment has been made, any private transfer or delivery of the property attached or of any interest therein and any

1. The brackets and letter "(*a*)", rep. by Act 10 of 1914, s. 3 and the Second Schedule.
2. The word "or" rep. by, s. 3, *ibid*., and the Second Schedule.
3. Clause (*b*) rep. by, s. 3 *ibid*., and the Second Schedule.
4. The words "with the previous sanction of the G.G. in C." omitted by Act 38 of 1920, s. 2 and the First Schedule Pt 1.
5. *Explanation* ins. by Act 104 of 1976, s. 24 (w.e.f. 1-2-1977).
6. Section 64 renumbered as sub-section (*1*) by Act 22 of 2002, s. 3 (w.e.f. 1-7-2002).

payment to the judgment-debtor of any debt, dividend or other monies contrary to such attachment, shall be void as against all claims enforceable under the attachment.

[1][(*2*) Nothing in this section shall apply to any private transfer or delivery of the property attached or of any interest therein, made in pursuance of any contract for such transfer or delivery entered into and registered before the attachment.]

*Explanation.*—For the purpose of this section, claims enforceable under an attachment include claims for the rateable distribution of assets.

SALE

**65. Purchaser's title.—**Where immovable property is sold in execution of a decree and such sale has become absolute, the property shall be deemed to have vested in the purchaser from the time when the property is sold and not from the time when the sale becomes absolute.

**66.** [*Suit purchase being on behalf of plaintiff.*]— *Rep. by Act*, 1988 (45 *of* 1988), *s.* 7 (*w.e.f.* 19-5-1988).

**67. Power for State Government to make rules as to sales of land in execution of decrees for payment of money. —**[2][(*1*)] The State Government [3]*** may, by notification in the Official Gazette, make rules for any local area imposing conditions in respect of the sale of any class of interests in land in execution of decrees for the payment of money, where such interest are so uncertain or undetermined as, in the opinion of the State Government, to make it impossible to fix their value.

[4][(*2*) When on the date on which this Code came into operation in any local area, any special rules as to sale of and in execution of decrees were in force therein, the State Government may, by notification in the Official Gazette declare such rules to be in force, or may [3]*** by a like notification, modify the same.

Every notification issued in the exercise of the powers conferred by this sub-section shall set out the rules so continued or modified.]

[5][(*3*) Every rule made under this section shall be laid, as soon as may be after it is made, before the State Legislature.]

DELEGATION TO COLLECTOR OF POWER TO EXECUTE DECREES

AGAINST IMMOVABLE PROPERTY

**68.** [Power to prescribe rules for transferring to collector execution of certain decrees.]— *Rep. by the Code of Civil Procedure (Amendment) Act,* 1956 (66 *of 1956), s. 7* (*w.e.f.* 1-1-1957).

**69.** [*Provisions of Third Schedule to apply.*]— *Rep. by s.* 7 *ibid,* (*w.e.f.* 1-1-1957).

**70.** [*Rules of Procedure.*]— *Rep. by s.* 7 *ibid,* (*w.e.f.* 1-1-1957).

**71.** [*Jurisdiction of Civil Courts barred.*]— *Rep. by s.* 7 *ibid,* (*w.e.f.* 1-1-1957).

**72.** [*Collector to deemed to be acting judicially.*]— *Rep. by s.* 7 *ibid,* (*w.e.f.* 1-1-1957).

DISTRIBUTION OF ASSETS

**73. Proceeds of execution-sale to be rateably distributed among decree-holders.—**(*1*) Where assets are held by a Court and more persons than one have, before the receipt of such assets, made application to the Court for the execution of decrees for the payment of money passed against the same judgment-debtor and have not obtained satisfaction thereof, the assets, after deducting the costs of realization, shall be rateably distributed among all such persons:

Provided as follows:—

(*a*) where any property is sold subject to a mortgage or charge, the mortgage or incumbrancer shall not be entitled to share in any surplus arising from such sale;

(*b*) where any property liable to be sold in execution of a decree is subject to a mortgage or charge, the Court may, with the consent of the mortgagee or incumbrancer, order that the property be sold free from the mortgage or charge, giving to the mortgagee or incumbrancer the same interest in the proceeds of the sale as he had in the property sold;

---

1. Ins. by, Act 22 of 2002, s. 3, (w.e.f. 1-7-2002).
2. Section 67 renumbered as sub-section (*1*) by Act 1 of 1914, s. 3.
3. The words "with the previous sanction of the G.G. in C." omitted by Act 38 of 1920, s. 2 and the Schedule, Pt. 1.
4. Added by Act 1 of 1914, s. 3.
5. Ins. by Act 20 of 1983, s. 2 and the Schedule (w.e.f. 15-3-1984).

(*c*) where any immovable property is sold in execution of a decree ordering its sale for the discharge of an incumbrance thereon, the proceeds of sale shall be applied—

First, in defraying the expenses of the sale;

Secondly, in discharging the amount due under the decree;

Thirdly, in discharging the interest and principal monies due on subsequent incumbrances (if any); and

Fourthly, rateably among the holders of decrees for the payment of money against the judgment-debtor, who have, prior to the sale of the property, applied to the Court which passed the decree ordering such sale for execution of such decrees, and have no obtained satisfaction thereof.

(*2*) Where all or any of the assets liable to be rateably distributed under this section are paid to a person not entitled to receive the same, any person so entitled may sue such person to compel him to refund the assets.

(*3*) Nothing in this section affects any right of the Government.

RESISTANCE TO EXECUTION

**74. Resistance to execution.—** Where the Court is satisfied that the holder of a decree for the possession of immovable property or that the purchaser of immovable property sold in execution of a decree has been resisted or obstructed in obtaining possession of the property by the judgment-debtor or some person on his behalf and that such resistance or obstruction was without any just cause, the Court may, at the instance of the decree-holder or purchaser, order the judgment-debtor or such other person to be detained in the civil prison for a term which may extend to thirty days and may further direct that the decree-holder or purchaser be put into possession of the property.

## PART III

INCIDENTAL PROCEEDINGS

COMMISSIONS

**75. Power of Court to issue commissions.—**Subject to such conditions and limitations as may be prescribed, the Court may issue a commission—

(*a*) to examine any person;

(*b*) to make a local investigation;

(*c*) to examine or adjust accounts; or

(*d*) to make a partition;

[1][(*e*) to hold a scientific, technical, or expert investigation;

(*f*) to conduct sale of property which is subject to speedy and natural decay and which is in the custody of the Court pending the determination of the suit;

(*g*) to perform any ministerial act.]

**76. Commission to another Court.**—(*1*) A commission for the examination of any person may be issued to any Court (not being a High Court) situate in a State other than the State in which the Court of issue is situate and having jurisdiction in the place in which the person to be examined resides.

(*2*) Every Court receiving a commission for the examination of any person under sub-section (*1*) shall examine him or cause him to be examined pursuant thereto, and the commission, when it has been duly executed, shall be returned together with the evidence taken under it to the Court from which it was issued, unless the order for issuing the commission has otherwise directed, in which case the commission shall be returned in terms of such order.

**77. Letter of request.**—In lieu of issuing a commission the Court may issue a letter of request to examine a witness residing at any place not within [2][India.]

1. Ins. by Act 104 of 1976, s. 26 (w.e.f. 1-2-1977).
2. Subs. by Act 2 of 1951, s. 3, for "the States".

[1][**78. Commissions issued by foreign Courts.**—Subject to such conditions and limitations as may be prescribed the provisions as to the execution and return of commissions for the examination of witnesses shall apply to commissions issued by or at the instance of—

(*a*) Courts situate in any part of India to which the provisions of this Code do not extend; or

(*b*) Courts established or continued by the authority of the Central Government outside India; or

(*c*) Courts of any State or country outside India.]

## PART IV

### SUITS IN PARTICULAR CASES

### SUITS BY OR AGAINST THE GOVERNMENT OR PUBLIC OFFICERS IN THEIR OFFICIAL CAPACITY

[2][**79. Suits by or against Government.—**In a suit by or against the Government, the authority to be named as plaintiff or defendant, as the case may be, shall be—

(*a*) in the case of a suit by or against the Central Government, [3][the Union of India], and

(*b*) in the case of a suit by or against a State Government, the State.]

**80. Notice.**— [4][(*1*)] [5][ Save as otherwise provided in sub-section (*2*), no suits [6][shall be instituted] against the Government (including the Government of the State of Jammu and Kashmir)] or against a public officer in respect of any act purporting to be done by such public officer in his official capacity, until the expiration of two months next after notice in writing has been [7][delivered to, or left at the office of—]

(*a*) in the case of a suit against the Central Government, [8][except where it relates to a railway] a Secretary to that Government;

[9][(*b*)] in the case of a suit against the Central Government where it relates to railway, the General Manager of that railway;

[10][(*bb*) in the case of a suit against the Government of the State of Jammu and Kashmir, the Chief Secretary to that Government or any other officer authorized by that Government in this behalf;]

(*c*) in the case of a suit against [11][any other State Government], a Secretary to that Government or the Collector of the district; [12]***

[13]* * * * *

and, in the case of a public officer, delivered to him or left at his office, stating the cause of

---

1. Subs. by Act 2 of 1951, s. 11, for section 78 (w.e.f. 1-4-1951).
2. Subs by the A.O. 1948, for section 79.
3. Subs. by the A.O. 1950, for "the Dominion of India".
4. S. 80 renumbered as sub-section (*1*) by Act 104 of 1976, s. 27 (w.e.f. 1-2-1977).
5. Subs. by s. 27, *ibid*., for "No suit shall be instituted" (w.e.f. 1-2-1977).
6. Subs. by Act 26 of 1963, s. 3, for "*shall be instituted against the Government*" (w.e.f. 5-6-1964). The words in italics were subs. by the A.O. 1948, for "Instituted against the Crown"
7. Subs. by the A.O. 1937, for "in the case of the Secretary of State in Council, delivered to, or left at the office of a Secretary to the L.G. or the Collector of the District".
8. Ins. by Act 6 of 1948, s. 2.
9. Clause (*aa*) ins. by Act 6 of 1948, s. 2 and relattered as clause (*b*) and the Former clause (*b*) omitted by the A.O. 1948.
10. Ins. by Act 26 of 1963, s. 3 (w.e.f. 5-6-1964).
11. Subs. by s. 3, *ibid*., for "a State Government" (w.e.f. 5-6-1964).
12. The word "and" omitted by the A.O. 1948.
13. Clause (*d*) omitted *ibid*.

action, the name, description and place of residence of the plaintiff and the relief which he claims; and the plaint shall contain a statement that such notice has been so delivered or left.

[1][(*2*) A suit to obtain an urgent or immediate relief against the Government (including the Government of the State of Jammu and Kashmir) or any public officer in respect of any act purporting to be done by such public officer in his official capacity, may be instituted, with the leave of the Court, without serving any notice as required by sub-section (*1*); but the Court shall not grant relief in the suit, whether interim or otherwise, except after giving to the Government or public officer, as the case may be, a reasonable opportunity of showing cause in respect of the relief prayed for in the suit:

Provided that the Court shall, if it is satisfied, after hearing the parties, that no urgent or immediate relief need be granted in the suit, return the plaint for presentation to it after complying with the requirements of sub-section (*1*).

(*3*) No suit instituted against the Government or against a public officer in respect of any act purporting to be done by such public officer in his official capacity shall be dismissed merely by reason of any error or defect in the notice referred to in sub-section (*1*), if in such notice—

(*a*) the name, description and the residence of the plaintiff had been so given as to enable the appropriate authority or the public officer to identify the person serving the notice and such notice had been delivered or left at the office of the appropriate authority specified in sub-section (*1*), and

(*b*) the cause of action and the relief claimed by the plaintiff had been substantially indicated.]

**81. Exemption from arrest and personal appearance.**—In a suit instituted against a public officer in respect of any act purporting to be done by him in his official capacity—

(*a*) the defendant shall not be liable to arrest nor his property to attachment otherwise than in execution of a decree, and,

(*b*) where the Court is satisfied that the defendant cannot absent himself from his duty without detriment to the public service, it shall exempt him from appearing in person.

**82. Execution of decree.**—[2][(*1*) Where, in a suit by or against the Government or by or against a public officer in respect of any act purporting to be done by him in his official capacity, a decree is passed against the Union of India or a State or, as the case may be, the public officer, such decree shall not be executed except in accordance with the provisions of sub-section (*2*).]

(*2*) Execution shall not be issued on any such decree unless it remains unsatisfied for the period of three months computed from the date of [3][such decree].

[4][(*3*) The provisions of sub-sections (*1*) and (*2*) shall apply in relation to an order or award as they apply in relation to a decree, if the order or award—

(*a*) is passed or made against [5][the Union of India] or a State or a public officer in respect of any such act as aforesaid, whether by a Court or by any other authority; and

(*b*) is capable of being executed under the provisions of this Code or of any other law for the time being in force as if it were a decree.]

1. Ins. by Act 104 of 1976, s. 27 (w.e.f. 1-2-1977).
2. Subs. by s. 28, *ibid*., for sub-section (*1*) (w.e.f. 1-2-1977).
3. Subs. by Act 104 of 1976, s. 28, for "such report" (w.e.f. 1-2-1977).
4. Ins. by Act 32 of 1949, s. 2.
5. Subs. by the A.O. 1950, for "the Dominion of India".

[1][SUITS BY ALIENS AND BY OR AGAINST FOREIGN RULERS, AMBASSADORS AND ENVOYS]

**83. When aliens may sue.**—Alien enemies residing in India with the permission of the Central Government, and alien friends, may sue in any Court otherwise competent to try the suit, as if they were citizens of India, but alien enemies residing in India without such permission, or residing in a foreign country, shall not sue in any such Court.

*Explanation.* —Every person residing in a foreign country, the Government of which is at war with India and carrying on business in that country without a licence in that behalf granted by the Central Government, shall, for the purpose of this section, be deemed to be an alien enemy residing in a foreign country.

**84. When foreign States may sue.—**A foreign State may sue in any competent Court:

Provided that the object of the suit is to enforce a private right vested in the Ruler of such State or in any officer of such State in his public capacity.

**85. Persons specially appointed by Government to prosecute or defend on behalf of foreign Rulers.—**(*1*) The Central Government may, at the request of the Ruler of a foreign State or at the request of any person competent in the opinion of the Central Government to act on behalf of such Ruler, by order, appoint any persons to prosecute or defend any suit on behalf of such Ruler, and any persons so appointed shall be deemed to be the recognized agents by whom appearances, acts and applications under this Code may be made or done on behalf of such Ruler.

(*2*) An appointment under this section may be made for the purpose of a specified suit or of several specified suits, or for the purpose of all such suits as it may from time to time be necessary to prosecute or defend on behalf of such Ruler.

(*3*) A person appointed under this section may authorise or appoint any other persons to make appearances and applications and do acts in any such suit or suits as if he were himself a party thereto.

**86. Suits against foreign Rulers, Ambassadors and Envoys.—**(*1*) No. [2]*** foreign State may be sued in any Court otherwise competent to try the suit except with the consent of the Central Government certified in writing by a Secretary to that Government:

Provided that a person may, as a tenant of immovable property, sue without such consent as aforesaid [3][a foreign State] from whom he holds or claims to hold the property.

(*2*) Such consent may be given with respect to a specified suit or to several specified suits or with respect to all suits of any specified class or classes, and may specify, in the case of any suit or class of suits, the Court in which [4][the foreign State] may be sued, but it shall not be given, unless it appears to the Central Government that [4][the foreign State]—

(*a*) has instituted a suit in the Court against the person desiring to sue [5][it], or

(*b*) by [6][itself] or another, trades within the local limits of the jurisdiction of the Court, or

(*c*) is in possession of immovable property situate within those limits and is to be sued with reference to such property or for money charged thereon, or

(*d*) has expressly or impliedly waived the privilege accorded to [5][it] by this section.

[7][(*3*) Except with the consent of the Central Government, certified in writing by a Secretary to that Government, no decree shall be executed against the property of any foreign State.]

(*4*) The preceding provisions of this section shall apply in relation to—

[8][(*a*) any ruler of a foreign State;]

---

1. Subs. by Act 2 of 1951, s. 12, for the former heading and sub-sections 83 to 87 (w.e.f. 1-4-1951).
2. The words "Ruler of a" omitted by Act 104 of 1976, s. 29 (w.e.f. 1-2-1977).
3. Subs. by s. 29, *ibid.*, for "a Ruler" (w.e.f. 1-2-1977).
4. Subs. by s. 29, *ibid.*, for "the Ruler (w.e.f. 1-2-1977).
5. Subs. by s. 29, *ibid.*, for "him" (w.e.f. 1-2-1977).
6. Subs. by Act 104 of 1976, s. 29, for "himself" (w.e.f. 1-2-1977).
7. Subs. by s. 29, *ibid.*, for sub-section (*3*) (w.e.f. 1-2-1977).
8. Ins. by s. 29, *ibid.* (w.e.f. 1-2-1977).

[1][(*aa*)] any Ambassador or Envoy of a foreign State;

(*b*) any High Commissioner of a Commonwealth country; and

(*c*) any such member of the staff [2][of the foreign State or the staff or retinue of the Ambassador] or Envoy of a foreign State or of the High Commissioner of a Commonwealth country as the Central Government may, by general or special order, specify in this behalf.

[3][as they apply in relation to a foreign State].

[4][(*5*) The following persons shall not be arrested under this Code, namely: —

(*a*) any Ruler of a foreign State;

(*b*) any Ambassador or Envoy of a foreign State;

(*c*) any High Commissioner of a Commonwealth country;

(*d*) any such member of the staff of the foreign State or the staff or retinue of the Ruler, Ambassador or Envoy of a foreign State or of the High Commissioner of a Commonwealth country, as the Central Government may, by general or special order, specify in this behalf.

(*6*) Where a request is made to the Central Government for the grant of any consent referred to in subsection (*1*), the Central Government shall, before refusing to accede to the request in whole or in part, give to the person making the request a reasonable opportunity of being heard.]

**87. Style of foreign Rulers as parties to suits.**—The Ruler of a foreign State may sue, and shall be sued, in the name of his State:

Provided that in giving the consent referred to in section 86, the Central Government may direct that the Ruler may be sued in the name of an agent or in any other name.

**87A. Definitions of "Foreign State" and "Rulers".**— (*1*) In this Part,—

(*a*) "foreign State" means any State outside India which has been recognised by the Central Government; and

(*b*) "Ruler", in relation to a foreign State, means the person who is for the time being recognized by the Central Government to be the head of that State.

(*2*) Every Court shall take judicial notice of the fact—

(*a*) that a State has or has not been recognized by the Central Government;

(*b*) that a person has or has not been recognized by the Central Government to be the head of a State.

SUITS AGAINST RULERS OF FORMER INDIAN STATES

**87B. Applications of sections 85 and 86 to Rulers of former Indian States.**—[5][(*1*) In the case of any suit by or against the Ruler of any former Indian State which is based wholly or in part upon a cause of action which arose before the commencement of the Constitution or any proceeding arising out of such suit, the provisions of section 85 and sub-sections (*1*) and (*3*) of section 86 shall apply in relation to such Ruler as they apply in relation to the Ruler of a foreign State.]

(*2*) In this section—

(*a*) "former Indian State" means any such Indian State as the Central Government may, by notification in the Official Gazette, specify for the purposes of this ; [6]***

1. Clause (*a*) re-lettered as clause (*aa*) by Act 104 of 1976, s. 29 (w.e.f. 1-2-1977).
2. Subs. by s. 29, *ibid*, for "or retinue of the Ruler, Ambassador" (w.e.f. 1-2-1977).
3. Subs. by s. 29, *ibid*, for "as they apply in relation to the Ruler of a foreign State" (w.e.f. 1-2-1977).
4. Ins. by s. 29, *ibid.* (w.e.f. 1-2-1977).
5. Subs. by Act 54 of 1972, s. 3, for sub-section (*1*) (w.e.f. 9-9-1972).
6. The word "and" omitted by s. 3, *ibid*. (w.e.f. 9-9-1972).

[1][(*b*) "Commencement of the Constitution" means the 26th day of January, 1950; and

(*c*) "Ruler", in relation to a former Indian State, has the same meaning as in article 363 of the Constitution. ]

INTERPLEADER

**88. Where interpleader suit may be instituted.—**Where two or more persons claim adversely to one another the same debts, sum of money or other property, movable or immovable, from another person, who claims no interest therein other than for charges or costs and who is ready to pay or deliver it to the rightful claimant, such other person may institute a suit of interpleader against all the claimants for the purpose of obtaining a decision as to the person to whom the payment or delivery shall be made and of obtaining indemnity for himself:

Provided that where any suit is pending in which the rights of all parties can properly be decided, no such suit of interpleader shall be instituted.

## PART V

SPECIAL PROCEEDINGS

ARBITRATION

[2]**[89. Settlement of disputes outside the Court.—**(*1*) Where it appears to the Court that there exist elements of a settlement which may be acceptable to the parties, the Court shall formulate the terms of settlement and give them to the parties for their observations and after receiving the observations of the parties, the Court may reformulate the terms of a possible settlement and refer the same for:—

(*a*) arbitration;

(*b*) conciliation;

(*c*) judicial settlement including settlement through Lok Adalat; or

(*d*) mediation.

(*2*) Were a dispute has been referred—

(*a*) for arbitration or conciliation, the provisions of the Arbitration and Conciliation Act, 1996 (26 of 1996) shall apply as if the proceedings for arbitration or conciliation were referred for settlement under the provisions of that Act;

(*b*) to Lok Adalat, the Court shall refer the same to the Lok Adalat in accordance with the provisions of sub-section (*1*) of section 20 of the Legal Services Authority Act, 1987 (39 of 1987) and all other provisions of that Act shall apply in respect of the dispute so referred to the Lok Adalat;

(*c*) for judicial settlement, the Court shall refer the same to a suitable institution or person and such institution or person shall be deemed to be a Lok Adalat and all the provisions of the Legal Services Authority Act, 1987 (39 of 1987) shall apply as if the dispute were referred to a Lok Adalat under the provisions of that Act;

(*d*) for mediation, the Court shall effect a compromise between the parties and shall follow such procedure as may be prescribed.]

SPECIAL CASE

**90. Power to state case for opinion of Court.—**Where any person agree in writing to state a case for the opinion of the Court, then the Court shall try and determine the same in the manner prescribed.

1. Subs. by Act 54 of 1972, s. 3, for clause (*b*) (w.e.f. 9-9-1972).
2. Ins. by Act 46 of 1999, s. 7 (w.e.f. 1-7-2002), Earlier rep by Act 10 of 1940, s. 49 or the Third Schedule.

[1][PUBLIC NUISANCES AND OTHER WRONGFUL ACTS AFFECTING THE PUBLIC]

**91. Public nuisances and other wrongful acts affecting the public.—**[2][(*1*) In the case of a public nuisance or other wrongful act affecting, or likely to affect, the public, a suit for a declaration and injunction or for such other relief as may be appropriate in the circumstances of the case, may be instituted,—

(*a*) by the Advocate-General, or

(*b*) with the leave of the Court, by two or more persons, even though no special damage has been caused to such persons by reason of such public nuisance or other wrongful act.]

(*2*) Nothing in this section shall be deemed to limit or otherwise affect any right of suit which may exist independently of its provisions.

[3]**92. Public charities.—**(*1*) In the case of any alleged breach of any express or constructive trust created for public purposes of a charitable or religious nature, or where the direction of the Court is deemed necessary for the administration of any such trust, the Advocate-General, or two or more persons having an interest in the trust and having obtained the [4][leave of the Court,] may institute a suit, whether contentious or not, in the principal Civil Court of original jurisdiction or in any other Court empowered in that behalf by the State Government within the local limits of whose jurisdiction the whole or any part of the subject-matter of the trust is situate to obtain a decree :—

(*a*) removing any trustee;

(*b*) appointing a new trustee;

(*c*) vesting any property in a trustee;

[5][(*cc*) directing a trustee who has been removed or a person who has ceased to be a trustee, to deliver possession of any trust property in his possession to the person entitled to the possession of such property];

(*d*) directing accounts and inquiries;

(*e*) declaring what proportion of the trust property or of the interest therein shall be allocated to any particular object of the trust;

(*f*) authorizing the whole or any part of the trust property to be let, sold, mortgaged or exchanged;

(*g*) settling a scheme; or

(*h*) granting such further or other relief as the nature of the case may require.

(*2*) Save as provided by the Religious Endowments Act, 1863 (XX of 1863), [6][or by any corresponding law in force in [7][the territories which, immediately before the 1st November, 1956, were comprised in Part B States]], no suit claiming any of the reliefs specified in sub-section *(1)* shall be instituted in respect of any such trust as is therein referred to except in conformity with the provisions of that sub-section.

[8][(*3*) The Court may alter the original purposes of an express or constructive trust created for public purposes of a charitable or religious nature and allow the property or income of such trust or any portion thereof to be applied *cy pres* in one or more of the following circumstances, namely:—

(*a*) where the original purposes of the trust, in whole or in part:—

(*i*) have been, as far as may be, fulfilled; or

(*ii*) cannot be carried out at all, or cannot be carried out according to the directions given in the instrument creating the trust or, where there is no such instrument, according to the spirit of the trust; or

---

1. Subs. by Act 104 of 1976, s. 30, for the former headings (w.e.f. 1-2-1977).
2. Subs. by s. 30, *ibid*., for sub-section (*1*) (w.e.f. 1-2-1977).
3. S. 92 shall not apply to any religious trust in Bihar, *see* Bihar Act 1 of 1951.
4. Subs. by Act 104 of 1976, s. 31, for "consent in writing of the Advocate-General" (w.e.f. 1-2-1977).
5. Ins. by Act 66 of 1956, s. 9 (w.e.f. 1-1-1957).
6. Ins. by Act 2 of 1951, s. 13 (w.e.f. 1-4-1951).
7. Subs. by the A.O. (No. 2), 1956, for "a Part B State".
8. Ins. by Act 104 of 1976, s. 31 (w.e.f. 1-2-1977).

(*b*) where the original purposes of the trust provide a use for a part only of the property available by virtue of the trust; or

(*c*) where the property available by virtue of the trust and other property applicable for similar purposes can be more effectively used in conjunction with, and to that end can suitably be made applicable to any other purpose, regard being had to the spirit of the trust and its applicability to common purposes; or

(*d*) where the original purposes, in whole or in part, were laid down by reference to an area which then was, but has since ceased to be, a unit for such purposes; or

(*e*) where the original purposes, in whole or in part, have, since they were laid down:—

(*i*) been adequately provided for by other means, or

(*ii*) ceased, as being useless or harmful to the community, or

(*iii*) ceased to be, in law, charitable, or

(*iv*) ceased in any other way to provide a suitable and effective method of using the property available by virtue of the trust, regard being had to the spirit of the trust.]

**93. Exercise of powers of Advocate-General outside presidency-towns.—**The powers conferred by sections 91 and 92 on the Advocate-General may, outside the presidency-towns, be, with the previous sanction of the State Government, exercised also by the Collector or by such officer as the State Government may appoint in this behalf.

## PART VI

### SUPPLEMENTAL PROCEEDINGS

**94. Supplemental proceedings.—**In order to prevent the ends of justice from being defeated the Court may, if it is so prescribed, —

(*a*) issue a warrant to arrest the defendant and bring him before the Court to show cause why he should not give security for his appearance, and if he fails to comply with any order for security commit him to the civil prison;

(*b*) direct the defendant to furnish security to produce any property belonging to him and to place the same at the disposal of the Court or order the attachment of any property;

(*c*) grant a temporary injunction and in case of disobedience commit the person guilty thereof to the civil prison and order that his property be attached and sold;

(*d*) appoint a receiver of any property and enforce the performance of his duties by attaching and selling his property;

(*e*) make such other interlocutory orders as may appear to the Court to be just and convenient.

**95. Compensation for obtaining arrest, attachment or injunction on insufficient grounds.—**(*1*) Where, in any suit in which an arrest or attachment has been effected or a temporary injunction granted under the last preceding section,—

(*a*) it appears to the Court that such arrest, attachment or injunction was applied for on insufficient grounds, or

(*b*) the suit of the plaintiff fails and it appears to the Court that there was no reasonable or probable grounds for instituting the same,

the defendant may apply to the Court, and the Court may, upon such application, award against the plaintiff by its order such amount [1][not exceeding fifty thousand rupees], as it deems a reasonable compensation to the defendant for the [2][expense or injury (including injury to reputation) caused to him]:

Provided that a Court shall not award, under this section an amount exceeding the limits of its pecuniar jurisdiction.

(*2*) An order determining any such application shall bar any suit for compensation in respect of such arrest, attachment or injunction.

1. Subs. by Act 46 of 1999, s. 8, for "not exceeding one thousand rupees" (w.e.f. 1-7-2002).
2. Subs. by Act 104 of 1976, s. 32, for "expense or injury caused to him" (w.e.f. 1-2-1977).

# PART VII

## APPEALS

### APPEALS FROM ORIGINAL DECREES

**96. Appeal from original decree.—**(*1*) Save where otherwise expressly provided in the body of this Code or by any other law for the time being in force, an appeal shall lie from every decree passed by any Court exercising original jurisdiction the Court authorized to hear appeals from the decisions of such Court.

(*2*) An appeal may lie from an original decree passed *ex parte.*

(*3*) No appeal shall lie from a decree passed by the Court with the consent of parties.

[1][(*4*) No appeal shall lie, except on a question of law, from a decree in any suit of the nature cognisable by Courts of Small Causes, when the amount or value of the subject-matter of the original suit does not exceed [2][ten thousand rupees.]]

**97. Appeal from final decree where no appeal from preliminary decree.—**Where any party aggrieved by a preliminary decree passed after the commencement of this Code does not appeal from such decree, he shall be precluded from disputing its correctness in any appeal which may be preferred from the final decree.

**98. Decision where appeal heard by two or more Judges.—**(*1*) Where an appeal is heard by a Bench of two or more Judges, the appeal shall be decided in accordance with the opinion of such Judges or of the majority (if any) of such Judges.

(*2*) Where there is no such majority which concurs in a judgment varying or reversing the decree appealed from, such decree shall be confirmed :

Provided that where the Bench hearing the appeal is [3][composed of two or other even number of Judges belonging to a Court consisting of more Judges than those constituting the Bench] and the Judges composing the Bench differ in opinion on a point of law, they may state the point of law upon which they differ and the appeal shall then be heard upon that point only by one or more of the other Judges, and such point shall be decided according to the opinion of the majority (if any) of the Judges who have heard the appeal, including those who first heard it.

[4][(*3*) Nothing in this section shall be deemed to alter or otherwise affect any provision of the letters to patent of any High Court.]

**99. No decree to be reversed or modified for error or irregularity not affecting merits or jurisdiction.—**No decree shall be reversed or substantially varied, nor shall any case be remanded, in appeal on account of any misjoinder [5][or non-joinder] of parties or causes of action or any error, defect or irregularity in any proceedings in the suit, not affecting the merits of the case or the jurisdiction of the Court:

[6][Provided that nothing in this section shall apply to non-joinder of a necessary party.]

[7][**99A. No order under section 47 to be reversed or modified unless decision of the case is prejudicially affected.—**Without prejudice to the generality of the provisions of section 99, no order under section 47 shall be reversed or substantially varied, on account of any error, defect or irregularity in any proceeding relating to such order, unless such error, defect or irregularity has prejudicially affected the decision of the case.]

### APPEALS FROM APPELLATE DECREES

[8]**[100. Second appeal.—**(*1*) Save as otherwise expressly provided in the body of this Code or by any

---

1. Ins. by Act 104 of 1976, s. 33 (w.e.f. 1-2-1977).
2. Subs. by Act 46 of 1999, s. 9, for "three thousand rupees" (w.e.f. 1-7-2002).
3. Subs. by Act 104 of 1976, s. 34, for certain words (w.e.f. 1-2-1977).
4. Ins. by Act 18 of 1928, s. 2 and the First Schedule.
5. Ins. by Act 104 of 1976, s. 35 (w.e.f. 1-2-1977).
6. Proviso Added by s. 35, *ibid.* (w.e.f. 1-2-1977).
7. Ins. by s. 36, *ibid*. (w.e.f. 1-2-1977).
8. Subs. by s. 37, *ibid*., for section 100 (w.e.f. 1-2-1977).

other law for the time being in force, an appeal shall lie to the High Court from every decree passed in appeal by any Court subordinate to the High Court, if the High Court is satisfied that the case involves a substantial question of law.

(*2*) An appeal may lie under this section from an appellate decree passed e*x parte*.

(*3*) In an appeal under this section, the memorandum of appeal shall precisely state the substantial question of law involved in the appeal.

(*4*) Where the High Court is satisfied that a substantial question of law is involved in any case, it shall formulate that question.

(*5*) The appeal shall be heard on the question so formulated and the respondent shall, at the hearing of the appeal, be allowed to argue that the case does not involve such question:

Provided that nothing in this sub-section shall be deemed to take away or abridge the power of the Court to hear, for reasons to be recorded, the appeal on any other substantial question of law, not formulated by it, if it is satisfied that the case involves such question.]

**STATE AMENDMENT**

**Kerala.**

In sub-section (*1*) of section 100 of the Principal Act, after clause (*c*), the following clause shall be added, namely:

(*d*) the finding of the lower appellate court on any question of fact material to the right decision of the case on the merits being in conflict with the finding of the Court of first instance on such question.

[*Vide* Kerala Act 13 of 1957 sec. 4.]

[1][**100A. No further appeal in certain cases.—**Notwithstanding anything contained in any Letters Patent for any High Court or in any instrument having the force of law or in any other law for the time being in force, where any appeal from an original or appellate decree or order is heard and decided by a Single Judge of a High Court, no further appeal shall lie from the judgment and decree of such Single Judge.]

**101. Second appeal on no other grounds.—**No second appeal shall lie except on the ground mentioned in section 100.

[2][**102. No second appeal in certain cases.—**No second appeal shall lie from any decree, when the subject matter of the original suit is for recovery of money not exceeding twenty-five thousand rupees.]

[3][**103. Power of High Court to determine issue of fact.—**In any second appeal, the High Court may, if the evidence on the record is sufficient, determine any issue necessary for the disposal of the appeal,—

(*a*) which has not been determined by the lower Appellate Court or both by the Court of first instance and the lower Appellate Court, or

(*b*) which has been wrongly determined by such Court or Courts by reason of a decision on such question of law as is referred to in section 100.]

APPEALS FROM ORDERS

**104. Orders from which appeal lies.—**(*1*) An appeal shall lie from the following orders, and save as otherwise expressly provided in the body of this Code or by any law for the time being in force, from no other orders:—

[4]* * * * *

[5][(*ff*) an order under section 35A;]

1. Subs. by Act 22 of 2002, s. 4, for section 100 A (w.e.f 1-7-2002).
2. Subs. by s. 5, *ibid*., for section 102 (w.e.f. 1-7-2002).
3. Subs. by Act 104 of 1976, s. 40, for section 103 (w.e.f. 1-2-1977).
4. Clauses (*a*) to (*f*) omitted by Act 10 of 1940, s. 49 and the Third Schedule.
5. Ins. by Act 9 of 1922, s. 3, *see* also foot-note to section 35A, *Supra*.

[1][(*ffa)* an order under section 91 or section 92 refusing leave to institute a suit of the nature referred to in section 91 or section 92, as the case may be;]

(*g*) an order under section 95;

(*h*) an order under any of the provisions of this Code imposing a fine or directing the arrest or detention in the civil prison of any person except where such arrest or detention is in execution of a decree;

(*i*) any order made under rules from which an appeal is expressly allowed by rules:

[5][Provided that no appeal shall lie against any order specified in clause (*ff*) save on the ground that no order, or an order for the payment of a less amount, ought to have been made.]

(*2*) No appeal shall lie from any order passed in appeal under this section.

**105. Other orders.—**(*1*) Save as otherwise expressly provided, no appeal shall lie from any order made by a Court in the exercise of its original or appellate jurisdiction; but where a decree is appealed from, any error, defect or irregularity in any order, affecting the decision of the case, may be set forth as a ground of objection in the memorandum of appeal.

(*2*) Notwithstanding anything contained in sub-section (*1*), where any party aggrieved by an order of remand [2]*** from which an appeals lies does not appeal therefrom, he shall thereafter be precluded from disputing its correctness.

**106. What Courts to hear appeals.—**Where an appeal from any order is allowed it shall lie to the Court to which an appeal would lie from the decree in the suit in which such order was made, or where such order is made by a Court (not being a High Court) in the exercise of appellate jurisdiction, then to the High Court.

GENERAL PROVISIONS RELATING TO APPEALS

**107. Powers of Appellate Court.—**(*1*) Subject to such conditions and limitations as may be prescribed, an Appellate Court shall have power—

(*a*) to determine a case finally;

(*b*) to remand a case;

(*c*) to frame issues and refer them for trial;

(*d*) to take additional evidence or to require such evidence to be taken.

(*2*) Subject as aforesaid, the Appellate Court shall have the same powers and shall perform as nearly as may be the same duties as are conferred and imposed by this Code on Courts of original jurisdiction in respect of suits instituted therein.

**108. Procedure in appeals from appellate decrees and orders.—**The provisions of this Part relating to appeals from original decrees shall, so far as may be, apply to appeals—

(*a*) from appellate decrees, and

(*b*) from orders made under this Code or under any special or local law in which a different procedure is not provided.

APPEALS TO THE SUPREME COURT

[3]**[109. When appeals lie to the Supreme Court.—**Subject to the provisions in Chapter IV of Part V of the Constitution and such rules as may, from time to time, be made by the Supreme Court regarding appeals

1. Ins. by Act 104 of 1976, s. 41 (w.e.f. 1-2-1977).
2. Words "made after the commencement of this Code" omitted by, s. 42, *ibid*., (w.e.f. 1-2-1977).
3. Subs. by Act 49 of 1973, s. 2, for section 109 (w.e.f. 29-11-1973).

from the Courts of India, and to the provisions hereinafter contained, an appeal shall lie to the Supreme Court from any judgment, decree or final order in a civil proceeding of a High Court, if the High Court certifies—

(*i*) that the case involves a substantial question of law of general importance; and

(*ii*) that in the opinion of the High Court the said question needs to be decided by the Supreme Court.]

**110.** [Value of subject matters.] *Omitted by the Code of Civil Procedure (Amendment) Act*, 1973 (49 *of* 1973), *s.* 3 (*w.e.f.* 29-11-1973).

**111.** [*Bar of certain appeals.*] *omitted by the A.O.* 1950.

[1]**[111A.** [*Appeals to Federal Court*] *Rep. by the Federal Court Act,* 1941 (21 *of* 1941), *s.* 2 (*w.e.f.* 1-9-1942).

**112. Savings.—**[2][(*1*) Nothing contained in this Code shall be deemed—

(*a*) to affect the powers of the Supreme Court under article 136 or any other provision of the Constitution; or

(*b*) to interfere with any rules made by the Supreme Court, and for the time being in force for the presentation of appeals to that Court, or their conduct before that Court.]

*(2)* Nothing herein contained applies to any matter of criminal or admiralty or vice-admiralty jurisdiction or to appeals from orders and decrees of Prize Courts.

## PART VIII

### REFERENCE, REVIEW AND REVISION

**113. Reference to High Court.—**Subject to such conditions and limitations as may be prescribed, any Court may state a case and refer the same for the opinion of the High Court, and the High Court may make such order thereon as it thinks fit:

[3][Provided that where the Court is satisfied that a case pending before it involves a question as to the validity of any Act, Ordinance or Regulation or of any provision contained in an Act, Ordinance or Regulation, the determination of which is necessary for the disposal of the case, and is of opinion that such Act, Ordinance, Regulation or provision is invalid or inoperative, but has not been so declared by the High Court to which that Court is subordinate or by the Supreme Court, the Court shall state a case setting out its opinion and the reasons therefor, and refer the same for the opinion of the High Court.

*Explanation.*—In this section, "Regulation" means any Regulation of the Bengal, Bombay or Madras Code or Regulation as defined in the General Clauses Act,1897, (10 of 1897) or in the General Clauses Act of a State.]

**114. Review**.—Subject as aforesaid, any person considering himself aggrieved—

(*a*) by a decree or order from which an appeal is allowed by this Code, but from which no appeal has been preferred.

(*b*) by a decree or order from which no appeal is allowed by this Code, or

(*c*) by a decision on a reference from a Court of Small Causes,

may apply for a review of judgment to the Court which passed the decree or made the order, and the Court may make such order thereon as it thinks fit.

**115. Revision.**—[4][(*1*)] The High Court may call for the record of any case which has been decided by any Court subordinate to such High Court and in which no appeal lies thereto, and if such subordinate Court appears—

1. Ins. by the A.O. 1937.
2. Subs. by the A.O. 1950, for the former sub-section (*1*).
3. Added by Act 24 of 1951, s. 2 (w.e.f. 1-4-1951).
4. Section 115 re-numbered as sub-section (*1*) by Act 104 of 1976, s. 43 (w.e.f. 1-2-1977).

(*a*) to have exercised a jurisdiction not vested in it by law, or

(*b*) to have failed to exercise a jurisdiction so vested, or

(*c*) to have acted in the exercise of its jurisdiction illegally or with material irregularity,

the High Court may make such order in the case as it thinks fit:

[1][Provided that the High Court shall not, under this section, vary or reverse any order made, or any order deciding an issue, in the course of a suit or other proceeding, except where the order, if it had been made in favour of the party applying for revision would have finally disposed of the suit or other proceedings.]

[2][(*2*) The High Court shall not, under this section, vary or reverse any decree or order against which an appeal lies either to the High Court or to any Court subordinate thereto.

[3][(*3*) A revision shall not operate as a stay of suit or other proceeding before the Court except where such suit or other proceeding is stayed by the High Court.]

*Explanation.*—In this section, the expression "any case which has been decided" includes any order made, or any order deciding an issue in the course of a suit or other proceeding.]

## PART IX

SPECIAL PROVISIONS RELATING TO THE [4][HIGH COURTS [5][NOT BEING THE COURT OF A JUDICIAL COMMISSIONER ]

**116. Part to apply only to certain High Courts.—**This Part applies only to High Courts [7][not being the court of a Judicial Commissioner].

**117. Application of Code to High Courts.—**Save as provided in this Part or in Part X or in rules, the provisions of this Court shall apply to such High Courts.

**118. Execution of decree before ascertainment of costs.—**Where any such High Court considers it necessary that a decree passed in the exercise of its original civil jurisdiction should be executed before the amount of the costs incurred in the suit can be ascertained by taxation, the Court may order that the decree shall be executed forthwith, except as to so much thereof as relates to the costs;

and, as to so much thereof as relates to the costs, that the decree may be executed as soon as the amount of the costs shall be ascertained by taxation.

**119.Unauthorized persons not to address Court.—**Nothing in this Code shall be deemed to authorize any person on behalf of another to address the Court in the exercise of its original civil jurisdiction, or to examine witnesses, except where the Court shall have in the exercise of the power conferred by its charter authorized him so to do, or to interfere with the power of the High Court to make rules concerning advocates, vakils and attorneys.

**120. Provisions not applicable to High Court in original civil jurisdiction.**—(1) The following provisions shall not apply to the High Court in the exercise of its original civil jurisdiction, namely, sections 16, 17 and 20.

[6]* * * * *

## PART X
RULES

**121. Effect of rules in First Schedule.—**The rules in a First Schedule shall have effect as if enacted in the body of this Code until annulled or altered in accordance with the provisions of this Part.

1. Subs. by Act 46 of 1999, s.12, for "proviso" (w.e.f. 1-7-2002).
2. Ins. by Act 104 of 1976, s. 43 (w.e.f 1-2-1977).
3. Ins. by Act 46 of 1999, s.12 (w.e.f. 1-7-2002).
4. Subs. by Act 2 of 1951, s. 14, for "CHARTERED HIGH COURTS".
5. Subs. by the Adaptation of Laws (No. 2) Order, 1956 for "For Part A States and Part B States".
6. Sub-section *(2)* rep. by Act 3 of 1909, s. 127 and the Third Sch.

**122. Power of certain High Courts to make rules.—**[1][High Courts [2][not being the Court of a Judicial Commissioner]] [3]*** may, from time to time after previous publication, make rules regulating their own procedure and the procedure of the Civil Courts subjects to their superintendence, and may by such rules annul, alter or add to all or any of the rules in the First Schedule.

**123. Constitution of Rules Committees in certain States.—**(*1*) A Committee, to be called the Rule Committee, shall be constituted at [4][the town which is the usual place of sitting of each of the High Courts [5]*** referred to in section 122].

(*2*) Each such Committee shall consist of the following persons, namely:—

(*a*) three Judges of the High Court established at the town at which such Committee is constituted, one of whom at least has served as a District Judge or [6]*** a Divisional Judge for three years,

[7][(*b*) two legal practitioners enrolled in that Court,]

[8][(*c*) a Judge of a Civil Court subordinate to the High Court, [9]***

[10]* * * * *

(*3*) The members of each Committee shall be appointed by the [11][High Court], which shall also nominate one of their number to be President:

[12]* * * * *

(*4*) Each member of any such Committee shall hold office for such period as may be prescribed by the [11][High Court] in this behalf; and whenever any member retires, resigns, dies or ceases reside in the State in which the Committee was constituted, or becomes incapable of acting as a member of the Committee, the said [11][High Court] may appoint another person to be a member in his stead.

(*5*) There shall be a secretary to each such Committee, who shall be appointed by the [11][High Court] and shall receive such remuneration as may be provided in this behalf [13][by the State Government].

**STATE AMENDMENTS**

**Assam.—**

For clause (*a*) of sub-section (*2*) of section 123 the following shall be substituted—

"(*a*) three Judges of the High Court established at the town at which such Committee is constituted, provided that the Chief Justice may appoint only two Judges of the High Court on the Committee if the number of Judges of the High Court does not exceed three."

[*Vide* Assam Act 8 of 1953, sec. 2.]

---

1. Subs. by the A.O. 1950, for "Courts which are High Courts for the purposes of the Government of India Act, 1935".
2. Subs. by the Adaptation of Laws (No. 2) Order, 1956, for *"for Part A States and Part B States"*. The words in italics were ins. by Act 2 of 1951, s. 15 (w.e.f. 1-4-1951).
3. The words "and the Chief Court of Lower Burma" rep. by Act 11 of 1923, s. 3 and the Second Schedule.
4. Subs. by Act 13 of 1916, s. 2 and the Schedule, for "each of the towns of Calcutta, Madras, Bombay, Allahabad, Lahore and Rangoon".
5. The words "and of the Chief Court" omitted by the Act 11 of 1923, s. 3 and the Second Schedule. These words were again ins. by Act 32 of 1925, and subsequently omitted by the A.O. 1948.
6. The brackets and words "(in Burma)" rep. by Act 11 of 1923, s. 3 and the Second Schedule.
7. Subs. by Act 2 of 1951, s. 16, for clauses (*b*) and (*c*).
8. Clauses (*d*) and (*e*) re-lettered as clauses (*c*) and (*d*) respectively by s. 16, *ibid.* (w.e.f. 1-4-1961).
9. The word "and" omitted by Act 38 of 1978, s. 3 and the Second Schedule (w.e.f. 26-11-1978).
10. Clause (*d*) omitted by s. 3, *ibid.* and the Second Schedule.
11. Subs. by Act 104 of 1976, s. 44, for "Chief Justice or Chief Judge" (w.e.f. 1-2-1977).
12. Proviso omitted by s. 44, *ibid.* (w.e.f. 1-2-1977).
13. Subs. by the A.O. 1937, for "by the G.G. in C. or by the L.G., as the case may be".

**124. Committee to report to High Court.—**Every Rule Committee shall make a report to the High Court established at the town at which it is constituted on any proposal to annul, alter or add to the rules in the First Schedule or to make new rules, and before making any rules under section 122 the High Court shall take such report into consideration.

**125. Power of other High Courts to make rules.—**High Courts, other than the Courts specified in section 122, may exercise the powers conferred by that section in such manner and subject to such conditions [1][as [2][the State Government] may determine:]

Provided that any such High Court may, after previous publication, make a rule extending within the local limits of its jurisdiction any rules which have been made by any other High Court.

[3][**126. Rules to be subject to approval.—**Rules made under the foregoing provisions shall be subject to the previous approval of the Government of the State in which the Court whose procedure the rules regulate is situate or, if that Court is not situate in any State, to the previous approval of [4][Central Government.]]

**127. Publication of rules.—**Rules so made and [5][approved] shall be published in the [6][Official Gazette], and shall from the date of publication or from such other date as may be specified have the same force and effect, within the local limits of the jurisdiction of the High Court which made them, as if they had been contained in the First Schedule.

**128. Matters for which rules may provide.—**(*1*) Such rules shall be not inconsistent with the provisions in the body of this code, but, subject thereto, may provide for any matters relating to the procedure of Civil Courts.

(*2*) In particular, and without prejudice to the generality of the powers conferred by sub-section (*1*), such rules may provide for all or any of the following matters, namely:—

(*a*) the service of summonses, notices and other processes by post or in any other manner either generally or in any specified areas, and the proof of such service;

(*b*) the maintenance and custody, while under attachment, of live-stock and other movable property, the fees payable for such maintenance and custody, the sale of such live-stock and property, and the proceeds of such sale;

(*c*) procedure in suits by way of counterclaim, and the valuation of such suits for the purposes of jurisdiction;

(*d*) procedure in garnishee and charging orders either in addition to, or in substitution for, the attachment and sale of debts;

(*e*) procedure where the defendant claims to be entitled to contribution or indemnity over against any person whether a party to the suit or not;

(*f*) summary procedure—

(*i*) in suits in which the plaintiff seeks only to recover a debt or liquidated demand in money payable by the defendant, with or without interest, arising—

on a contract express or implied; or

on an enactment where the sum sought to be recovered is a fixed sum of money or in the nature of a debt other than a penalty; or

1. Subs. by Act 38 of 1920, s. 2 and the First Schedule, Pt. I, for "as the G.G. in C. may determine".
2. Subs. by the A.O.1937, for "in the case of the Court of the Judicial Commissioner of Coorg, the G.G. in C., and, in other cases the L.G.".
3. Subs. by the A.O.1937, for section 126.
4. Subs. by the A.O. 1950, for "Governor General".
5. Subs. by Act 24 of 1917, s. 2 and the First Schedule, for "sanctioned".
6. Subs. by the A.O. 1937, for "Gazette of India or in the local Official Gazette, as the case may be". Strictly the substitution would read "Official Gazette or in the Official Gazette, as the case may be, but the latter words have been omitted as being redundant".

on a guarantee, where the claim against the principal is in respect of a debt or a liquidated demand only; or

on a trust; or

(*ii*) in suits for the recovery of immovable property, with or without a claim for rent or *mesne profits*, by a landlord against a tenant whose term has expired or has been duly determined by notice to quit, or has become liable to forefeiture for non-payment of rent, or against persons claiming under such tenant;

(*g*) procedure by way of originating summons;

(*h*) consolidation of suits, appeals and other proceedings;

(*i*) delegation to any Registrar, Prothonotary or Master or other official of the Court of any judicial, quasi-judicial and non judicial duties; and

(*j*) all forms, registers, books, entries and accounts which may be necessary or desirable for the transaction of the business of Civil Courts.

**129. Power of High Courts to make rules as to their original Civil procedure.—**Notwithstanding anything in this Code, any High Court [1][not being the Court of a Judicial Commissioner] may make such rules not inconsistent with the Letters Patent [2][or order] [3][or other law] establishing it to regulate its own procedure in the exercise of its original civil jurisdiction as it shall think fit, and nothing herein contained shall affect the validity of any such rules in force at the commencement of this Code.

[4]**[130. Powers of other High Courts to make rules as to matters other than procedure.—**A High Court [5][not being a High Court to which section 129 applies] may, with the previous approval of the State Government, make with respect to any matter other than procedure any rule which a High Court [6][for a [7]*** State] might under [8][article 227 of the Constitution] make with respect to any such matter for any part of the territories under its jurisdiction which is not included within the limits of a presidency town.]

**131. Publication of rules.—**Rules made in accordance with section 129 or section 130 shall be published in the [9][Official Gazette] and shall from the date of publication or from such other date as may be specified have the force of law.

## PART XI

MISCELLANEOUS

**132. Exemption of certain women from personal appearance.—**(*1*) Women who, according to the customs and manners of the country, ought not to be compelled to appear in public shall be exempt from personal appearance in Court.

(*2*) Nothing herein contained shall be deemed to exempt such women from arrest in execution of civil process in any case in which the arrest of women is not prohibited by this Code.

**133. Exemption of other persons.—**[10][(*1*) The following persons shall be entitled to exemption from personal appearance in Court, namely:—

(*i*) the President of India;

(*ii*) the Vice-President of India;

1. Subs. by the Adaptation of Laws (No. 2) Order, 1956, for "for a Part A State or a Part B State".
2. Ins. by the A.O. 1950.
3. Ins. by Act 2 of 1951, s. 17 (w.e.f. 1-4-1951).
4. Subs. by the A.O. 1937, for section 130.
5. Subs. by the A.O. 1950, for "not constituted by His Majesty by Letters Patent".
6. Subs., *ibid*., for "so constituted".
7. The word and letter "Part A" omitted by the Adaptation of Laws (No. 2) Order, 1956.
8. Subs. by the A.O. 1950, for "section 224 of the Government of India Act, 1935".
9. Subs. by the A.O.1937, for "Gazette of India or in the Local Official Gazette, as the case may be". Strictly the substitution would read "Official Gazette or in the Official Gazette, as the case may be," but the latter words have been omitted as being redundant.
10. Subs. by Act 66 of 1956, s. 12, for sub-section (*1*) (w.e.f. 1-1-1957).

(*iii*) the Speaker of the House of the People;

(*iv*) the Ministers of the Union;

(*v*) the Judges of the Supreme Court;

(*vi*) the Governors of States and the administrators of Union territories;

(*vii*) the Speakers of the State Legislative Assemblies;

(*viii*) the Chairman of the State Legislative Councils;

(*ix*) the Ministers of States;

(*x*) the Judges of the High Courts; and

(*xi*) the persons to whom section 87B applies.]

[1]* * * * *

(*3*) Where any person [2]*** claims the privilege of such exemption, and it is consequently necessary to examine him by commission, he shall pay the costs of that commission, unless the party requiring his evidence pays such costs.

**134. Arrest other than in execution of decree.—**The provisions of sections 55, 57 and 59 shall apply, so far as may be, to all persons arrested under this Code.

**135. Exemption from arrest under civil process**.—(*1*) No Judge, Magistrate or other judicial officer shall be liable to arrest under civil process while going to, presiding in, or returning from, his Court.

(*2*) Where any matter is pending before a tribunal having jurisdiction therein, or believing in good faith that it has such jurisdiction, the parties thereto, their pleaders, mukhtars, revenue-agents and recognized agents, and their witnesses acting in obedience to a summons, shall be exempt from arrest under civil process other than process issued by such tribunal for contempt of Court while going to or attending such tribunal for the purpose of such matter, and while returning from such tribunal.

(*3*) Nothing in sub-section *(2)* shall enable a judgment-debtor to claim exemption from arrest under an order for immediate execution or where such judgment-debtor attends to show cause why he should not be committed to prison in execution of a decree.

[3][**135A**. **Exemption of members of legislative bodies from arrest and detention under civil process.—**[4][(*1*) No person shall be liable to arrest or detention in prison under civil process—

(*a*) if he is a member of—

(*i*) either House of Parliament, or

(*ii*) the Legislative Assembly or Legislative Council of a State, or

(*iii*) a Legislative Assembly of a Union territory,

during the continuance of any meeting of such House of Parliament or, as the case may be, of the Legislative Assembly or the Legislative Council;

(*b*) if he is a member of any committee of—

(*i*) either House of Parliament, or

(*ii*) the Legislative Assembly of a State or Union territory, or

(*iii*) the Legislative Council of a State,

during the continuance of any meeting of such committee;

(*c*) if he is a member of—

(*i*) either House of Parliament, or

1. Sub-section (*2*) omitted by Act 66 of 1956, s. 12 (w.e.f. 1-1-1957).
2. The words "so exempted" omitted by s. 12, *ibid.*
3. Ins. by Act 23 of 1925, s. 3.
4. Subs. by Act 104 of 1976, s. 45, for sub-section *(1)* (w.e.f. 1-2-1977).

(*ii*) a Legislative Assembly or Legislative Council of a State having both such Houses,

during the continuance of a joint sitting, meeting, conference or joint committee of the Houses of Parliament or, Houses of the State Legislature, as the case may be,

and during the forty days before and after such meeting, sitting or conference.]

(*2*) A person released from detention under sub-section (*1*) shall, subject to the provisions, of the said sub-section, be liable to re-arrest and to the further detention to which he would have been liable if he had not been released under the provisions of sub-section (*1*).]

**136. Procedure where person to be arrested or property to be attached is outside district.—**(*1*) Where an application is made that any person shall be arrested or that any property shall be attached under any provision of this Code not relating to the execution of decrees, and such person resides or such property is situate outside the local limits of the jurisdiction of the Court to which the application is made, the Court may, in its discretion, issue, a warrant of arrest of make an order of attachment, and send to the District Court within the local limits of whose jurisdiction such person or property resides or is situate a copy of the warrant or order, together with the probable amount of the costs of the arrest or attachment.

(*2*) The District Court shall, on receipt of such copy and amount, cause the arrest or attachment to be made by its own officers, or by a Court subordinate to itself, and shall inform the Court which issued or made such warrant or order of the arrest or attachment.

(*3*) The Court making an arrest under this section shall send the person arrested to the Court by which the warrant of arrest was issued, unless he shows cause to the satisfaction of the former Court why he should not be sent to the later Court, or unless he furnishes sufficient security for his appearance before the later Court or for satisfying any decree that may be passed against him by that Court, in either of which cases the Court making the arrest shall release him.

(*4*) Where a person to be arrested or movable property to be attached under this section is within the local limits of the ordinary original civil jurisdiction of the High Court of Judicature at Fort William in Bengal or at Madras or at Bombay, [1]*** the copy of the warrant of arrest or of the order of attachment, and the probable amount of the costs of the arrest or attachment, shall be sent to the Court of Small-Causes of Calcutta, Madras [2][or Bombay], as the case may be, and that Court, on receipt of the copy and amount, shall proceed as if it were the District Court.

**137. Language of subordinate Courts.—**(*1*) The language which, on the commencement of this Code, is the language of any Court subordinate to a High Court shall continue to be the language of such subordinate Court until the State Government otherwise directs.

(*2*) The State Government may declare what shall be the language of any such Court and in what character applications to and proceedings in such Courts shall be written.

(*3*) Where this Court requires or allows anything other that the recording of evidence to be done in writing in any such Court, such writing may be in English; but if any party or his pleader is unacquainted with English a translation into the language of the Court shall, at his request, be supplied to him; and the Court shall make such order as it thinks fit in respect of the payment of the costs of such translation.

[3][**138. Power of High Court to require evidence to be recorded in English.—**(*1*) The [4][High Court] may, by notification in the Official Gazette, direct with respect to any Judge specified in the notification, or falling under a description set forth therein, that evidence in cases in which an appeal is allowed shall be taken down by him in the English language and in manner prescribed.

(*2*) Where a Judge is prevented by any sufficient reason from complying with a direction under sub-section (*1*), he shall record the reason and cause the evidence to be taken down in writing from his dictation in open Court.

1. The words or "of the Chief Court of Lower Burma", omitted by the A.O. 1937.
2. Subs., *ibid.*, for "Bombay or Rangoon".
3. For s. 138, as applicable to Assam, *see* the Civil Procedure (Assam Amendment) Act 1941, (Assam 1 of 1941), s. 2.
4. Subs. by Act 4 of 1914, s. 2 and the Schedule, Pt. I, for "L.G.".

**139. Oath on affidavit by whom to be administered.—** In the case of any affidavit under this Code—

(*a*) any Court or Magistrate, or

[1][(*aa*) any notary appointed under the Notaries Act, 1952 (53 of 1952); or]

(*b*) any officer or other person whom a High Court may appoint in this behalf, or

(*c*) any officer appointed by any other Court which the State Government has generally or specially empowered in this behalf,

may administer the oath to the deponent.

**140. Assessors in causes of salvage, etc.—**(*1*) In any admiralty or vice-admiralty cause of salvage to wage or collision the Court, whether it be exercising its original or its appellate jurisdiction, may, if it thinks fit, and shall upon request of either party to such cause, summon to its assistance, in such manner as it may direct or as may be prescribed, two competent assessors; and such assessors shall attend and assist accordingly.

(*2*) Every such assessor shall receive such fees for his attendance, to be paid by such of the parties as the Court may direct or as may be prescribed.

**141. Miscellaneous proceedings.—**The procedure provided in this Code in regard to suits shall be followed, as far as it can be made applicable, in all proceedings in any Court of civil jurisdiction.

[2][*Explanation.*— In this section, the expression "proceedings" includes proceedings under Order IX, but does not include any proceedings under article 226 of the Constitution.]

**142. Orders and notices to be in writing.—**All orders and notices served on or given to any person under the provisions of this Code shall be in writing.

**143. Postage.—**Postage, where chargeable on a notice, summons or letter issued under this Code and forwarded by post, and the fee for registering the same, shall be paid within a time to be fixed before the communication is made:

Provided that the State Government [3]*** may remit such postage, or fee, or both, or may prescribe a scale of court-fees to be levied in lieu thereof.

**144. Application for restitution.—**(*1*) Where and in so far as a decree [4][or an order] is [5][varied or reversed in any appeal, revision or other proceeding or is set aside or modified in any suit instituted for the purpose, the Court which passed the decree or order] shall, on the application of any party entitled to any benefit by way of restitution or otherwise, cause such restitution to be made as will, so far as may be, place the parties in the position which they would have occupied but for such decree [4][or order] or [6][such part thereof as has been varied, reversed, set aside or modified]; and for this purpose, the Court may make any orders, including orders for the refund of costs and for the payment of interest, damages, compensation and *mesne profits*, which are properly [7][consequential on such variation, reversal, setting aside or modification of the decree or order].

[8][*Explanation.*—For the purposes of sub-section (*1*), the expression "Court which passed the decree or order" shall be deemed to include,—

(*a*) where the decree or order has been varied or reversed in exercise of appellate or revisional jurisdiction, the Court of first instance;

(*b*) where the decree or order has been set aside by a separate suit, the court of first instance which passed such decree or order.

1. Ins. by Act 104 of 1976, s. 46 (w.e.f. 1-2-1977).
2. Ins. by, s. 47, *ibid.* (w.e.f 1-2-1977).
3. The words "with the previous sanction of the G.G, in C." omitted by Act 38 of 1920, s. 2 and the First Schedule I, Pt. I
4. Ins. by Act 66 of 1956, s. 13 (w.e.f. 1-1-1957).
5. Subs. by Act 104 of 1976. s. 48, for "varied or reversed, the Court of first instance" (w.e.f. 1-2-1977).
6. Subs. by s. 48, *ibid.*, for "such part thereof as has been varied or reversed" (w.e.f. 1-2-1977).
7. Subs. by s. 48, *ibid.*, for "consequential on such variation or reversal" (w.e.f. 1-2-1977).
8. Ins. by. s. 48, *ibid.* (w.e.f. 1-2-1977).

(*c*) where the Court of first instance has ceased to exist or has ceased to have jurisdiction to execute, it, the Court which, if the suit wherein the decree or order was passed were instituted at the time of making the application for restitution under this section, would have jurisdiction to try such suit.]

(*2*) No suit shall be instituted for the purpose of obtaining any restitution or other relief which could be obtained by application under sub-section (*1*).

**145. Enforcement of liability of surety.—**Where any person [1][has furnished security or given a guarantee]—

(*a*) for the performance of any decree or any part thereof, or

(*b*) for the restitution of any property taken in execution of a decree, or

(*c*) for the payment of any money, or for the fulfilment of any condition imposed on any person, under an order of the Court in any suit or in any proceeding consequent thereon,

[2][the decree or order may be executed in the manner therein provided for the execution of decrees, namely:—

(*i*) if he has rendered himself personally liable, against him to that extent;

(*ii*) if he has furnished any property as security, by sale of such property to the extent of the security;

(*iii*) if the case falls both under clauses *(i)* and *(ii)* then to the extent specified in those clauses,

and such person shall, be deemed to be a party within the meaning of section 47]:

Provided that such notice as the Court in each case thinks sufficient has been given to the surety.

**146. Proceedings by or against representatives.—**Save as otherwise provided by this Code or by any law for the time being in force, where any proceeding may be taken or application made by or against any person then the proceeding may be taken or the application may be made by or against any person claiming under him.

**147. Consent or agreement by persons under disability.—**In all suits to which any person under disability is a party, any consent or agreement, as to any proceeding shall, if given or made with the express leave of the Court by the next friend or guardian for the suit, have the same force and effect as if such person, were under no disability and had given such consent or made such agreement.

**148. Enlargement of time.—**Where any period is fixed or granted by the Court for the doing of any act prescribed or allowed by this Code, the Court may, in its discretion, from time to time, enlarge such period, [3][not exceeding thirty days in total,] even though the period originally fixed or granted may have expired.

[4]**[148A. Right to lodge a caveat.**—(*1*) Where an application is expected to be made, or has been made, in a suit or proceeding instituted, or about to be instituted, in a Court, any person claiming a right to appear before the Court on the hearing of such application may lodge a caveat in respect thereof.

(*2*) Where a caveat has been lodged under sub-section (*1*), the person by whom the caveat has been lodged (hereinafter referred to as the caveator) shall serve a notice of the caveat by registered post, acknowledgement due, on the person by whom the application has been, or is expected to be, made, under sub-section (*1*).

(*3*) Where, after a caveat has been lodged under sub-section (*1*), any application is filed in any suit or proceeding, the Court, shall serve a notice of the application on the caveator.

(*4*) Where a notice of any caveat has been served on the applicant, he shall forthwith furnish the caveator at the caveator's expense, with a copy of the application made by him and also with copies of any paper or document which has been, or may be, filed by him in support of the application.

---

1. Subs. by Act 104 of 1976, s. 49, for "has become liable as surety" (w.e.f. 1-2-1977).
2. Subs. by s. 49, *ibid*., for certain words (w.e.f. 1-2-1977).
3. Ins. by Act 46 of 1999, s. 13 (w.e.f. 1-7-2002).
4. Ins. by Act 104 of 1976, s. 50 (w.e.f. 1-5-1977).

(*5*) Where a caveat has been lodged under sub-section (*1*), such caveat shall not remain in force after the expiry of ninety days from the date on which it was lodged unless the application referred to in sub-section (*1*) has been made before the expiry of the said period.]

**149. Power to make up deficiency of court-fees.—**Where the whole or any part of any fee prescribed for any document by the law for the time being in force relating to court-fees has not been paid, the Court may, in its discretion, at any stage, allow the person, by whom such fee is payable, to pay the whole or part, as the case may be, of such court-fee; and upon such payment the document, in respect of which fee is payable, shall have the same force and effect as if such fee had been paid in the first instance.

**150. Transfer of business.—** Save as otherwise provided, where the business of any Court is transferred to any other Court, the Court to which the business is so transferred shall have the same powers and shall perform the same duties as those respectively conferred and imposed by or under this Code upon the Court from which the business was so transferred.

**151. Saving of inherent powers of Court.—**Nothing in this Code shall be deemed to limit or otherwise affect the inherent power of the Court to make such orders as may be necessary for the ends of justice or to prevent abuse of the process of the Court.

**152**. **Amendment of judgments, decrees or orders.—**Clerical or arithmetical mistakes in judgments, decrees or orders or errors arising therein from any accidental slip or omission may at any time be corrected by the Court either of its own motion or on the application of any of the parties.

**153. General power to amend.—** The Court may at any time, and on such terms as to costs or otherwise as it may think fit, amend any defect or error in any proceeding in a suit; and all necessary amendments shall be made for the purpose of determining the real question or issue raised by or depending on such proceeding.

[1]**[153A. Power to amend decree or order where appeal is summarily dismissed.—**Where an Appellate Court dismisses an appeal under rule 11 of Order XLI, the power of the Court to amend, under section 152, the decree or order appealed against may be exercised by the Court which had passed the decree or order in the first instance, notwithstanding that the dismissal of the appeal has the effect of confirming the decree or order, as the case may be, passed by the Court of first instance.

**153B. Place of trial to be deemed to be open Court.—**The place in which any Civil Court is held for the purpose of trying any suit shall be deemed to be an open Court, to which the public generally may have access so far as the same can conveniently contain them:

Provided that the presiding Judge may, if he thinks fit, order at any stage of any inquiry into or trial of any particular case, that the public generally, or any particular person, shall not have access to, or be or remain in, the room or building used by the Court.]

**154.** [*Saving of present right of appeal.*] *Rep. by the Repealing and Amending Act,* 1952 (48 *of* 1952*), s.* 2 *and the First Schedule.*

**155.** [*Amendment of certain Acts.*] *Rep. by s.* 2 *and the First Schedule., ibid.*

**156.** [*Repeals.*] *Rep. by the Second Repealing and Amending Act,* 1914 (17 *of* 1914*). s.* 3 *and the Second Schedule.*

**157. Continuance of orders under repealed enactments.—**Notifications published, declarations and rules made, places appointed, agreements filed, scales prescribed, forms framed, appointments made and powers conferred under Act VIII of 1859 or under any Code of Civil Procedure or any Act amending the same or under any other enactment hereby repealed shall, so far as they are consistent with this Code, have the same force and effect as if they had been respectively published, made, appointed, filed, prescribed, framed and conferred under this Code and by the authority empowered thereby in such behalf.

**158. Reference to Code of Civil Procedure and other repealed enactments.—**In every enactment or notification passed or issued before the commencement of this Code in which reference is made to or to any Chapter or section of Act VIII of 1859 or any Code of Civil Procedure or any Act amending the same or any other enactment hereby repealed, such reference shall, so far as may be practicable, be taken to be made to this Code or to its corresponding Part, Order, section or rule.

1. Ins. by Act 104 of 1976. s. 51 (w.e.f. 1-2-1977).

## THE FIRST SCHEDULE

---

## ORDER I

*Parties to Suits*

[1][**1. Who may be joined as plaintiffs.—**All persons may be joined in one suit as plaintiffs where—

(*a*) any right to relief in respect of, or arising out of, the same act or transaction or series of acts or transactions is alleged to exist in such persons, whether jointly, severally or in the alternative; and

(*b*) if such persons brought separate suits, any common question of law or fact would arise.]

**2. Power of Court to order separate trial.—**Where it appears to the Court that any joinder of plaintiffs may embarrass or delay the trial of the suit, the Court may put the plaintiffs to the election or order separate trials or make such other order as may be expedient.

[1][**3. Who may be joined as defendants.—**All persons may be joined in one suit as defendants where—

(*a*) any right to relief in respect of, or arising out of, the same act or transaction or series of acts or transactions is alleged to exist against such persons, whether jointly, severally or in the alternative; and

(*b*) if separate suits were brought against such persons, any common question of law or fact would arise.]

[2][**3A. Power to order separate trials where joinder of defendants may embarrass or delay trial.—**Where it appears to the Court that any joinder of defendants may embarrass or delay the trial of the suit, the Court may order separate trials or make such other order as may be expedient in the interests of justice.]

**4. Court may give judgment for or against one or more of joint parties.—**Judgment may be given without any amendment —

(*a*) for such one or more of the plaintiffs as may be found to be entitled to relief, for such relief as he or they may be entitled to;

(*b*) against such one or more of the defendants as may be found to be liable, according to their respective liabilities.

**5. Defendant need not be interested in all the relief claimed.**—It shall not be necessary that every defendant shall be interested as to all the relief claimed in any suit against him.

**6. Joinder of parties liable on same contract.—**The plaintiff may, at his option, join as parties to the same suit all or any of the persons severally, or jointly and severally, liable on any one contract, including parties to bills of exchange, hundis and promissory notes.

**7. When plaintiff in doubt from whom redress is to be sought.—**Where the plaintiff is in doubt as to the persons from whom he is entitled to obtain redress, he may join two or more defendants in order that the question as to which of the defendants is liable, and to what extent, may be determined as between all parties.

---

1. Subs. by Act 104 of 1976, s. 52, for rules 1 and 3 respectively (w.e.f. 1-2-1977).
2. Ins. by s. 52, *ibid*. (w.e.f. 1-2-1977).

[1][**8. One person may sue or defend on behalf of all in same interest.**—(*1*) Where there are numerous persons having the same interest in one suit,—

(*a*) one or more of such persons may, with the permission of the Court, sue or be sued, or may defend such suit, on behalf of, or for the benefit of, all persons so interested;

(*b*) the Court may direct that one or more of such persons may sue or be sued, or may defend such suit, on behalf of, or for the benefit of, all persons so interested.

(*2*) The Court shall, in every case where a permission or direction is given under sub-rule (*1*), at the plaintiff's expense, give notice of the institution of the suit to all persons so interested, either by personal service, or, where, by reason of the number of persons or any other cause, such service is not reasonably practicable, by public advertisement, as the Court in each case may direct.

(*3*) Any person on whose behalf, or for whose benefit, a suit is instituted, or defended, under sub-rule (*1*), may apply to the Court to be made a party to such suit.

(*4*) No part of the claim in any such suit shall be abandoned under sub-rule (*1*), and no such suit shall be withdrawn under sub-rule (*3*), of rule 1 of Order XXIII, and no agreement, compromise or satisfaction shall be recorded in any such suit under rule 3 of that Order, unless the Court has given, at the plaintiff's expense, notice to all persons so interested in the manner specified in sub-rule (*2*).

(*5*) Where any person suing or defending in any such suit does not proceed with due diligence in the suit or defence, the Court may substitute in his place any other person having the same interest in the suit.

(*6*) A decree passed in a suit under this rule shall be binding on all persons on whose behalf, or for whose benefit, the suit is instituted, or defended, as the case may be.

*Explanation.*—For the purpose of determining whether the persons who sue or are sued, or defend, have the same interest in one suit, it is not necessary to establish that such persons have the same cause of action as the persons on whose behalf, or for whose benefit, they sue or are sued, or defend the suit, as the case may be.]

[2][**8A. Power of Court to permit a person or body of persons to present opinion or to take part in the proceedings.**— While trying a suit, the Court may, if satisfied that a person or body of persons is interested in any question of law which is directly and substantially in issue in the suit and that it is necessary in the public interest to allow that person or body of persons to present his or its opinion on that question of law, permit that person or body of persons to present such opinion and to take such part in the proceedings of the suit as the Court may specify.]

**9. Misjoinder and non-joinder.**—No suit shall be defeated by reason of the misjoinder or non-joinder of parties, and the Court may in every suit deal with the matter in controversy so far as regards the rights and interests of the parties actually before it:

[3][Provided that nothing in this rule shall apply to non-joinder of a necessary party.]

**10. Suit in name of wrong plaintiff.**—(*1*) Where a suit has been instituted in the name of the wrong person as plaintiff or where it is doubtful whether it has been instituted in the name of the right plaintiff, the Court may at any stage of the suit, if satisfied that the suit has been instituted through a *bona fide* mistake, and that it is necessary for the determination of the real matter in dispute so to do, order any other person to be substituted or added as plaintiff upon such terms as the Court thinks just.

(*2*) **Court may strike out or add parties.**—The Court may at any stage of the proceedings, either upon or without the application of either party, and on such terms as may appear to the Court to be just, order that the name of any party improperly joined, whether as plaintiff or defendant, be struck out, and that the name of any person who ought to have been joined, whether as plaintiff or defendant, or whose

1. Subs. by Act 104 of 1976, s. 52, for rule 8 (w.e.f. 1-2-1977).
2. Ins. by s. 52, *ibid*. (w.e.f. 1-2-1977).
3. The proviso added by, *ibid*., s. 52 (w.e.f. 1-2-1977).

presence before the Court may be necessary in order to enable the Court effectually and completely to adjudicate upon and settle all the questions involved in the suit, be added.

(*3*) No person shall be added as a plaintiff suing without a next friend or as the next friend of a plaintiff under any disability without his consent.

(*4*) **Where defendant added, plaint to be amended.**—Where a defendant is added, the plaint shall, unless the Court otherwise directs, be amended in such manner as may be necessary, and amended copies of the summons and of the plaint shall be served on the new defendant and, if the Court thinks fit, on the original defendant

(*5*) Subject to the provisions of the [1][Indian Limitation Act, 1877 (XV of 1877)], section 22, the proceedings as against any person added as defendant shall be deemed to have begun only on the service of the summons.

[2][**10A. Power of Court to request any pleader to address it.**—The Court may, in its discretion, request any pleader to address it as to any interest which is likely to be affected by its decision on any matter in issue in any suit or proceeding, if the party having the interest which is likely to be so affected is not represented by any pleader.]

**11. Conduct of suit.**—The Court may give the conduct of [3][a suit] to such persons as it deems proper.

**12. Appearance of one of several plaintiffs or defendants for others.**—(*1*) Where there are more plaintiffs than one, any one or more of them may be authorized by any other of them to appear, plead or act for such other in any proceeding; and in like manner, where there are more defendants than one, any one or more of them may be authorized by any other of them to appear, plead or act for such other in any proceeding.

(*2*) The authority shall be in writing signed by the party giving it and shall be filed in Court.

**13. Objections as to non-joinder or misjoinder.**—All objections on the ground of non-joinder or misjoinder of parties shall be taken at the earliest possible opportunity and, in all cases where issues are settled, at or before such settlement, unless the ground of objection has subsequently arisen, and any such objection not so taken shall be deemed to have been waived.

## ORDER II

*Frame of suit*

**1. Frame of suit.**—Every suit shall as far as practicable be framed so as to afford ground for final decision upon the subjects in dispute and to prevent further litigation concerning them.

**2. Suit to include the whole claim.—**(*1*) Every suit shall include the whole of the claim which the plaintiff is entitled to make in respect of the cause of action; but a plaintiff may relinquish and portion of his claim in order to bring the suit within the jurisdiction of any Court.

(*2*) **Relinquishment of part of claim.—**Where a plaintiff omits to sue in respect of, or intentionally relinquishes, any portion of his claim, he shall not afterwards sue in respect of the portion so omitted or relinquished.

(*3*) **Omission to sue for one of several reliefs.—**A person entitled to more than one relief in respect of the same cause of action may sue for all or any of such reliefs; but if he omits, except with the leave of the Court, to sue for all such reliefs, he shall not afterwards sue for any relief so omitted.

1. *See* now the Limitation Act, 1963 (36 of 1963), s. 21.
2. Ins. by Act 104 of 1976, s. 52 (w.e.f. 1-2-1977).
3. Subs. by s. 52, *ibid*., for "the suit" (w.e.f. 1-2-1977).

*Explanation.*—For the purposes of this rule an obligation and a collateral security for its performance and successive claims arising under the same obligation shall be deemed respectively to constitute but one cause of action.

*Illustration*

A lets a house to B at a yearly of rent Rs. 1,200. The rent for the whole of the years 1905, 1906 and 1907 is due and unpaid. A sues B in 1908 only for the rent due for 1906. A shall not afterwards sue B for the rent due for 1905 or 1907.

**3. Joinder of causes of action.—**(*1*) Save as otherwise provided, a plaintiff may unite in the same suit several causes of action against the same defendant, or the same defendants jointly; and any plaintiffs having causes of action in which they are jointly interested against the same defendant or the same defendants jointly may unite such causes of action in the same suit.

(*2*) Where causes of action are united, the jurisdiction of the Court as regards the suit shall depend on the amount or value of the aggregate subject-matters at the date of instituting the suit.

**4. Only certain claims to be joined for recovery of immovable property.—**No cause of action shall, unless with the leave of the Court, be joined with a suit for the recovery of immovable property, except—

(*a*) claims for *mesne profits* or arrears of rent in respect of the property claimed or any part thereof;

(*b*) claims for damages for breach of any contract under which the property or any part thereof is held; and

(*c*) claims in which the relief sought is based on the same cause of action:

Provided that nothing in this rule shall be deemed to prevent any party in a suit for foreclosure or redemption from asking to be put into possession of the mortgaged property.

**5. Claims by or against executor, administrator or heir.—**No claim by or against an executor, administrator or heir, as such, shall be joined with claims by or against him personally, unless the last mentioned claims are alleged to arise with reference to the estate in respect of which the plaintiff or defendant sues or is sued as executor, administrator or heir, or are such as he was entitled to, or liable for, jointly with the deceased person whom he represents.

[1]**[6. Power of Court to order separate trials.—**Where it appears to the Court that the joinder of causes of action in one suit may embarrass or delay the trial or is otherwise inconvenient, the Court may order separate trials or make such other order as may be expedient in the interests of justice.]

7**. Objections as to misjoinder.—**All objections on the ground of misjoinder of causes of action shall be taken at the earliest possible opportunity and, in all cases where issues are settled, at or before such settlement, unless the ground of objection has subsequently arisen, and any such objection not so taken shall be deemed to have been waived.

---

## ORDER III

*Recognized Agents and Pleaders*

**1. Appearances, etc., may be in person, by recognized agent or by pleader.—**Any appearance, application or act in or to any Court, required or authorized by law to be made or done by a party in such Court, may, except where otherwise expressly provided by any law for the time being in force, be made or done by the

1. Subs. by Act 104 of 1976, s. 53, for rule 6 (w.e.f. 1-2-1977).

party in person, or by his recognized agent, or by a pleader [1][appearing, applying or acting, as the case may be,] on his behalf :

Provided that any such appearance shall, if the Court so directs, be made by the party in person.

**2. Recognised agents.—**The recognised agents of parties by whom such appearances, applications and acts may be made or done are—

(*a*) persons holding powers-of-attorney, authorising them to make and do such appearances, applications and acts on behalf of such parties;

(*b*) persons carrying on trade or business for and in the names of parties not resident within the local limits of the jurisdiction of the Court within which limits the appearance, application or act is made or done, in matters connected with such trade or business only, where no other agent is expressly authorised to make and do such appearances, applications and acts.

**3. Service of process on recognised agent.—**(*1*) Processes served on the recognised agent of a party shall be as effectual as if the same had been served on the party in person, unless the Court otherwise directs.

(*2*) The provisions for the service of process on a party to a suit shall apply to the service of process on his recognised agent.

[2]**[4. Appointment of pleader.—**(*1*) No pleader shall act for any person in any Court, unless he has been appointed for the purpose by such person by a document in writing signed by such person or by his recognised agent or by some other person duly authorised by or under a power-of-attorney to make such appointment.

(*2*) Every such appointment shall be [3][filed in Court and shall, for the purposes of sub-rule (*1*), be] deemed to be in force until determined with the leave of the Court by a writing signed by the client or the pleader, as the case may be, and filed in Court, or until the client or the pleader dies, or until all proceedings in the suit are ended so far as regards the client.

[4][*Explanation.* —For the purposes of this sub-rule, the following shall be deemed to be proceedings in the suit,—

(*a*) an application for the review of decree or order in the suit,

(*b*) an application under section 144 or under section 152 of this Code, in relation to any decree or order made in the suit,

(*c*) an appeal from any decree or order in the suit, and

(*d*) any application or act for the purpose of obtaining copies of documents or return of documents produced or filed in the suit or of obtaining refund of moneys paid into the Court in connection with the suit.]

[5][(*3*) Nothing in sub-rule (*2*) shall be construed—

(*a*) as extending, as between the pleader and his client, the duration for which the pleader is engaged, or

(*b*) as authorising service on the pleader of any notice or document issued by any Court other than the Court for which the pleader was engaged, except where such service was expressly agreed to by the client in the document referred to in sub-rule (*1*).]

(*4*) The High Court may, by general order, direct that, where the person by whom a pleader is appointed

1. Subs. by Act 22 of 1926, s. 2, for "duly appointed to act".
2. Subs. by s. 2, *ibid.*, for rule 4.
3. Subs. by Act 104 of 1976, s. 54, for certain words (w.e.f. 1-2-1977).
4. Ins. by s. 54, *ibid.* (w.e.f. 1-2-1977).
5. Subs. by s. 54, *ibid.*, for sub-rule (*3*) (w.e.f. 1-2-1977).

is unable to write his name, his mark upon the document appointing the pleader shall be attested by such person and in such manner as may be specified by the order.

(*5*) No pleader who has been engaged for the purpose of pleading only shall plead on behalf of any party, unless he has filed in court a memorandum of appearance signed by himself and stating—

(*a*) the names of the parties to the suit,

(*b*) the name of the party for whom he appears, and

(*c*) the name of the person by whom he is authorised to appear:

Provided that nothing in this sub-rule shall apply to any pleader engaged to plead on behalf of any party by any other pleader who has been duly appointed to act in Court on behalf of such party.]

**5. Service of process on pleader.**—[1][Any process served on the pleader who has been duly appointed to act in Court for any party] or left at the office or ordinary residence of such pleader, and whether the same is for the personal appearance of the party or not, shall be presumed to be duly communicated and made known to the party whom the pleader represents, and, unless the Court otherwise directs, shall be as effectual for all purposes as if the same had been given to or served on the party in person.

**6. Agent to accept service.—**(*1*) Besides the recognised agents described in rule 2 any person residing within the jurisdiction of the Court may be appointed an agent to accept service of process.

(*2*) **Appointment to be in writing and to be filed in Court.—**Such appointment may be special or general and shall be made by an instrument in writing signed by the principal, and such instrument or, if the appointment is general, a certified copy thereof shall be filed in Court.

[2][(*3*) The Court may, at any stage of the suit, order any party to the suit not having a recognised agent residing within the jurisdiction of the Court, or a pleader who has been duly appointed to act in the Court on his behalf, to appoint, within a specified time, an agent residing within the jurisdiction of the Court to accept service of the process on his behalf.]

---

## ORDER IV

*Institution of suits*

**1. Suit to be commenced by plaint.—**(*1*) Every suit shall be instituted by presenting [3][plaint in duplicate to the Court] or such officer as it appoints in this behalf.

(*2*) Every plaint shall comply with the rules contained in Orders VI and VII, so far as they are applicable.

[4][(*3*) The plaint shall not be deemed to be duly instituted unless it complies with the requirements specified in sub-rules (*1*) and (*2*)].

**2. Register of suits.—**The Court shall cause the particulars of every suit to be entered in a book to be kept for the purpose and called the register of civil suits. Such entries shall be numbered in every year according to the order in which the plaints are admitted.

---

1. Subs. by Act 104 of 1976, s. 54, for certain words (w.e.f. 1-2-1977).
2. Ins. by s. 54, *ibid.* (w.e.f. 1-2-1977).
3. Subs. by Act 46 of 1999, s. 14, for certain words (w.e.f. 1-7-2002).
4. Ins. by s. 14, *ibid.* (w.e.f. 1-7-2002).

## ORDER V

*Issue and service of summons*

*Issue of Summons*

**1. Summons.—**[1][(*1*) When a suit has been duly instituted, a summons may be issued to the defendant to appear and answer the claim and to file the written statement of his defence, if any, within thirty days from the date of service of summons on that defendant:

Provided that no such summons shall be issued when a defendant has appeared at the presentation of plaint and admitted the plaintiff's claim:

Provided further that where the defendant fails to file the written statement within the said period of thirty days, he shall be allowed to file the same on such other day as may be specified by the Court, for reasons to be recorded in writing, but which shall not be later than ninety days from the date of service of summons.]

*[Provided further that where the defendant fails to file the written statement within the said period of thirty days, he shall be allowed to file the written statement on such other day, as may be specified by the Court, for reasons to be recorded in writing and on payment of such costs as the Court deems fit, but which shall not be later than one hundred twenty days from the date of service of summons and on expiry of one hundred twenty days from the date of service of summons, the defendant shall forfeit the right to file the written statement and the Court shall not allow the written statement to be taken on record.]

(*2*) A defendant to whom a summons has been issued under sub-rule (*1*) may appear—

(*a*) in person, or

(*b*) by a pleader duly instructed and able to answer all material questions relating to the suit, or

(*c*) by a pleader accompanied by some person able to answer all such questions.

(*3*) Every such summons shall be signed by the Judge or such officer as he appoints, and shall be sealed with the seal of the Court.

[2]**[2. Copy of plaint annexed to summons.—**Every summon shall be accompanied by a copy of the plaint.]

**3. Court may order defendant or plaintiff to appear in person.—**(*1*) Where the court sees reason to require the personal appearance of the defendant, the summons shall order him to appear in person in Court on the day therein specified.

(*2*) Where the Court sees reason to require the personal appearance of the plaintiff on the same day, it shall make an order for such appearance.

**4. No party to be ordered to appear in person unless resident within certain limits.—**No party shall be ordered to appear in person unless he resides—

(*a*) within the local limits of the Court's ordinary original jurisdiction, or

(*b*) without such limits but at place less than fifty or (where there is railway or steamer communication or other established public conveyance for five-sixths of the distance between the place where he resides and the place where the Court is situate) less than two hundred miles distance from the court-house.

**5. Summons to be either to settle issues or for final disposal.—**The Court shall determine, at the time of issuing the summons, whether it shall be for the settlement of issues only, or for the final disposal of the suit; and the summons shall contain a direction accordingly:

Provided that, in every suit heard by a Court of Small Causes, the summons shall be for the final disposal of the suit.

**6. Fixing day for appearance of defendant.—**The day [3][under sub-rule (*1*) of rule 1] shall be fixed with reference to the current business of the Court, the place of residence of the defendant and the time necessary for the service of the summons; and the day shall be so fixed as to allow the defendant sufficient time to enable him to appear and answer on such day.

**7. Summons to order defendant to produce documents relied on by him.—**The summons to appear and answer shall order the defendant to produce [3][all documents or copies thereof specified in rule 1A of Order VIII] in his possession or power upon which he intends to rely in support of his case.

---

1. Subs. by Act 22 of 2002, s. 6, for sub-rule (*1*) (w.e.f. 1-7-2002).

*. Shall be applicable to commercial disputes of a specified value only by Act 4 of 2016, s. 16 and the Schedule (w.e.f. 23-10-2015).

2. Subs. by Act 46 of 1999, s. 15, for sub-rule (*2*) (w.e.f. 1-7-2002).

3. Subs. by s. 15, *ibid*., for certain words (w.e.f. 1-7-2002).

**8. On issue of summons for final disposal, defendant to be directed to produce his witnesses**.—Where the summons is for the final disposal of the suit, it shall also direct the defendant to produce, on the day fixed for his appearance, all witnesses upon whose evidence he intends to rely in support of his case.

*Service of summons*

[1][**9. Delivery of summons by Court.**—(*1*) Where the defendant resides within the jurisdiction of the Court in which the suit is instituted, or has an agent resident within that jurisdiction who is empowered to accept the service of the summons, the summons shall, unless the Court otherwise directs, be delivered or sent either to the proper officer to be served by him or one of his subordinates or to such courier services as are approved by the Court.

(*2*) The proper officer may be an officer of a Court other than that in which the suit is instituted, and, where he is such an officer, the summons may be sent to him in such manner as the Court may direct.

(*3*) The services of summons may be made by delivering or transmitting a copy thereof by registered post acknowledgment due, addressed to the defendant or his agent empowered to accept the service or by speed post or by such courier services as are approved by the High Court or by the Court referred to in sub-rule (*1*) or by any other means of transmission of documents (including fax message or electronic mail service) provided by the rules made by the High Court:

Provided that the service of summons under this sub-rule shall be made at the expenses of the plaintiff.

(*4*) Notwithstanding anything contained in sub-rule (*1*), where a defendant resides outside the jurisdiction of the Court in which the suit is instituted, and the Court directs that the service of summons on that defendant may be made by such mode of service of summons as is referred to in sub-rule (*3*) (except by registered post acknowledgment due), the provisions of rule 21 shall not apply.

(*5*) When an acknowledgment or any other receipt purporting to be signed by the defendant or his agent is received by the Court or postal article containing the summons is received back by the Court with an endorsement purporting to have been made by a postal employee or by any person authorised by the courier service to the effect that the defendant or his agent had refused to take delivery of the postal article containing the summons or had refused to accept the summons by any other means specified in sub-rule (*3*) when tendered or transmitted to him, the Court issuing the summons shall declare that the summons had been duly served on the defendant:

Provided that where the summons was properly addressed, pre-paid and duly sent by registered post acknowledgment due, the declaration referred to in this sub-rule shall be made notwithstanding the fact that the acknowledgment having been lost or mislaid, or for any other reason, has not been received by the Court within thirty days from the date of issue of summons.

(*6*) The High Court or the District Judge, as the case may be, shall prepare a panel of courier agencies for the purposes of sub-rule (*1*).

**9A. Summons given to the plaintiff for service.**—(*1*) The Court may, in addition to the service of summons under rule 9, on the application of the plaintiff for the issue of a summons for the appearance of the defendant, permit such plaintiff to effect service of such summons on such defendant and shall, in such a case, deliver the summons to such plaintiff for service.

(*2*) The service of such summons shall be effected by or on behalf of such plaintiff by delivering or tendering to the defendant personally a copy thereof signed by the Judge or such officer of the Court as he may appoint in this behalf and sealed with the seal of the Court or by such mode of service as is referred to in sub-rule (*3*) of rule 9.

(*3*) The provisions of rules 16 and 18 shall apply to a summons personally served under this rule as if the person effecting service were a serving officer.

(*4*) If such summons, when tendered, is refused or if the person served refuses to sign an acknowledgment of service or for any reason such summons cannot be served personally, the Court shall, on the application of the party, re-issue such summons to be served by the Court in the same manner as a summons to a defendant.]

**10. Mode of service.**—Service of the summons shall be made by delivering or tendering a copy thereof signed by the Judge or such officer as he appoints in this behalf, and sealed with the seal of the Court.

1. Subs. by Act 22 of 2002, s. 6, for rule 9 (w.e.f. 1-7-2002).

**11. Service on several defendants.**—Save as otherwise prescribed, where there are more defendants than one, service of the summons shall be made on each defendant.

**12. Service to be on defendant in person when practicable, or on his agent.** —Wherever it is practicable, service shall be made on the defendant in person, unless he has an agent empowered to accept service, in which case service on such agent shall be sufficient.

**13. Service on agent by whom defendant carries on business.**—(*1*) In a suit relating to any business or work against a person who does not reside within the local limits of the jurisdiction of the Court from which the summons is issued, service on any manager or agent, who, at the time of service, personally carries on such business or work for such person within such limits, shall be deemed good service.

(*2*) For the purpose of this rule the master of a ship shall be deemed to be the agent of the owner or charterer.

**14. Service on agent in charge in suits for immovable property.**—Where in a suit to obtain relief respecting, or compensation for wrong to, immovable property, service cannot be made on the defendant in person, and the defendant has no agent empowered to accept the service, it may be made on any agent of the defendant in charge of the property.

[1]**[15. Where service may be on an adult member of defendant's family.**— Where in any suit the defendant is absent from his residence at the time when the service of summons is sought to be effected on his at his residence and there is no likelihood of his being found at the residence within a reasonable time and he has no agent empowered to accept service of the summons on his behalf, service may be made on any adult member of the family, whether male or female, who is residing with him.

*Explanation.* —A servant is not a member of the family within the meaning of this rule.]

**16. Person served to sign acknowledgment.**—Where the serving officer delivers or tenders a copy of the summons to the defendant personally, or to an agent or other person on his behalf, he shall require the signature of the person to whom the copy is so delivered or tendered to an acknowledgment of service endorsed on the original summons.

**17. Procedure when defendant refuses to accept service, or cannot be found.**—Where the defendant or his agent or such other person as aforesaid refuses to sign the acknowledgment, or where the serving officer, after using all due and reasonable diligence, cannot find the defendant, [2][who is absent from his residence at the time when service is sought to be effected on him at his residence and there is no likelihood of his being found at the residence within a reasonable time] and there is no agent empowered to accept service of the summons on his behalf, nor any other person on whom service can be made, the serving officer shall affix a copy of the summons on the outer door or some other conspicuous part of the house in which the defendant ordinarily resides or carries on business or personally works for gain, and shall then return the original to the Court from which it was issued, with a report endorsed thereon or annexed thereto stating that he has so affixed the copy, the circumstances under which he did so, and the name and address of the person (if any) by whom the house was identified and in whose presence the copy was affixed.

**18. Endorsement of time and manner of service.**—The serving officer shall, in all cases in which the summons has been served under rule 16, endorse or annex, or cause to be endorsed or annexed, on or to the original summons, a return stating the time when and the manner in which the summons was served, and the name and address of the person (if any) identifying the person served and witnessing the delivery or tender of the summons.

**19. Examination of serving officer.**—Where a summons is returned under rule 17, the Court shall, if the return under that rule has not been verified by the affidavit of the serving officer, and may, if it has been so verified, examine the serving officer on oath, or cause him to be so examined by another Court, touching his

1. Subs. by Act 104 of 1976, s. 55, for rule 15 (w.e.f. 1-2-1977).
2. Ins. by s. 55, *ibid*. (w.e.f. 1-2-1977).

proceedings, and may make such further enquiry in the matter as it thinks fit; and shall either declare that the summons has been duly served or order such service as it thinks fit.

**19A.** [*Simultaneous issue of summons for service by post in addition to personal service*.] *Omitted by the Code of Civil Procedure (Amendment) Act,* 1999 (46 *of* 1999, *s.* 15 (*w.e.f.* 1-7-2002).

**20. Substituted service.**—(*1*) Where the Court is satisfied that there is reason to believe that the defendant is keeping out of the way for the purpose of avoiding service, or that for any other reason the summons cannot be served in the ordinary way, the Court shall order the summons to be served by affixing a copy thereof in some conspicuous place in the Court-house, and also upon some conspicuous part of the house (if any) in which the defendant is known to have last resided or carried on business or personally worked for gain, or in such other manner as the Court thinks fit.

[1][(*1A*) Where the Court acting under sub-rule (*1*) orders service by an advertisement in a newspaper, the newspaper shall be a daily newspaper circulating in the locality in which the defendant is last known to have actually and voluntarily resided, carried on business or personally worked for gain.]

(*2*) **Effect of substituted service.**—Service substituted by order of the Court shall be as effectual as if it had been made on the defendant personally.

(*3*) **Where service substituted, time for appearance to be fixed.**—Where service is substituted by order of the Court, the Court shall fix such time for the appearance of the defendant as the case may require.

[2][**20A.** *Service of summons by post.*] *Rep. by the Code of Civil Procedure (Amendment) Act,* 1976 (104 *of* 1976), *s.* 55 (*w.e.f.* 1-2-1977)].

**21. Service of summons where defendant resides within jurisdiction of another Court.**—A summons may be sent by the Court by which it is issued, whether within or without the State, either by one of its officers [3][or by post or by such courier service as may be approved by the High Court, by fax message or by Electronic Mail service or by any other means as may be provided by the rules made by the High Court] to any Court (not being the High Court) having jurisdiction in the place where the defendant resides.

**22. Service within presidency towns of summons issued by Courts outside.**—Where a summons issued by any Court established beyond the limits of the towns of Calcutta, Madras [4][and Bombay] is to be served within any such limits, it shall be sent to the Court of Small Causes within whose jurisdiction it is to be served.

**23. Duty of Court to which summons is sent.**—The Court to which a summons is sent under rule 21 or rule 22 shall, upon receipt thereof, proceed as if it had been issued by such Court and shall then return the summons to the Court of issue, together with the record (if any) of its proceedings with regard thereto.

**24. Service on defendant in prison.**—Where the defendant is confined in a prison, the summons shall be delivered or sent [3][or by post or by such courier service as may be approved by the High Court, by fax message or by Electronic Mail service or by any other means as may be provided by the rules made by the High Court] to the officer in charge of the prison for service on the defendant.

**25. Service where defendant resides out of India and has no agent.**—Where the defendant resides out of [5][India] and has no agent in [5][India] empowered to accept service, the summons shall be addressed to the defendant at the place where he is residing and sent to him [3][or by post or by such courier service as may be approved by the High Court, by fax message or by Electronic Mail service or by any other means as may be provided by the rules made by the High Court], if there is postal communication between such place and the place where the Court is situate:

1. Ins. by Act 104 of 1976, s. 55 (w.e.f. 1-2-1977).
2. Ins. by Act 66 of 1956, s. 14 (w.e.f. 1-1-1957).
3. Subs. by Act 46 of 1999, s. 15, for certain words (w.e.f. 1-7-2002).
4. Subs. by the A.O. 1937, for “Bombay and Rangoon”.
5. Subs. by Act 2 of 1951, s. 3, for “the State”.

[1][Provided that where any such defendant [2][resides in Bangladesh or Pakistan], the summons, together with a copy thereof, may be sent for service on the defendant, to any Court in that country (not being the High Court) having jurisdiction in the place where the defendant resides :

Provided further that where any such defendant is a public officer [3][in Bangladesh or Pakistan (not belonging to the Bangladesh or, as the case may be, Pakistan military, naval or air forces)] or is a servant of a railway company or local authority in that country, the summons, together with a copy thereof, may be sent for service on the defendant, to such officer or authority in that country as the Central Government may by notification in the Official Gazette, specify in this behalf.]

[4]**[26. Service in foreign territory through Political Agent or Court.—**Where**—**

(*a*) in the exercise of any foreign jurisdiction vested in the Central Government, a Political Agent has been appointed, or a Court has been established or continued, with power to serve a summons, issued by a Court under this Code, in any foreign territory in which the defendant actually and voluntarily resides, carries on business or personally works for gain, or

(*b*) the Central Government has, by notification in the Official Gazette, declared in respect of any Court situate in any such territory and not established or continued in the exercise of any such jurisdiction as aforesaid, that service by such Court of any summons issued by a Court under this Code shall be deemed to be valid service,

the summons may be sent to such Political Agent or Court, by post, or otherwise, or if so directed by the Central Government, through the Ministry of that Government dealing with foreign affairs, or in such other manner as may be specified by the Central Government for the purpose of being served upon the defendant; and, if the Political Agent or Court returns the summons with an endorsement purporting to have been made by such Political Agent or by the Judge or other officer of the Court to the effect that the summons has been served on the defendant in the manner hereinbefore directed, such endorsement shall be deemed to be evidence of service.

**26A. Summonses to be sent to officers to foreign countries.—**Where the Central Government has, by notification in the Official Gazette, declared in respect of any foreign territory that summonses to be served on defendants actually and voluntarily residing or carrying on business or personally working for gain in that foreign territory may be sent to an officer of the Government of the foreign territory specified by the Central Government, the summonses may be sent to such officer, through the Ministry of the Government of India dealing with foreign affairs or in such other manner as may be specified by the Central Government; and if such officer returns any such summons with an endorsement purporting to have been made by him that the summons has been served on the defendant, such endorsement shall be deemed to be evidence of service].

**27. Service on civil public officer or on servant of railway company or local authority.—**Where the defendant is a public officer (not belonging to the [5][the Indians] military [6][naval or air] forces [7]***), or is the servant of a railway company or local authority, the Court may, if it appears to it that the summons may be most conveniently so served, send it for service on the defendant to the head of the office in which he is employed, together with a copy to be retained by the defendant.

**28. Service on soldiers, sailors or airmen.—**Where the defendant is a soldier, [8][sailor] [9][or airman], the Court shall send the summons for service to his commanding officer together with a copy to be retained by the defendant.

1. Ins. by Act 19 of 1951, s. 2.
2. Subs. by Act 104 of 1976, s. 53, for "resides in Pakistan," (w.e.f. 1-2-1977).
3. Subs. by s. 55, *ibid*., for certain words (w.e.f. 1-2-1977).
4. Subs. by s. 55, *ibid*., for rule 26 (w.e.f. 1-2-1977).
5. Subs. by the A.O. 1950, for "his Majesty's".
6. Subs. by Act 10 of 1927, s. 2 and the First Sch., for "or naval".
7. The words "or His Majesty's Indian Marine Service" omitted by Act 35 of 1934, s. 2 and the Schedule.
8. Ins. by s. 2 and the Schedule *ibid*.
9. Ins. by Act 10 of 1927, s. 2 and the First Schedule.

**29. Duty of person to whom summons is delivered or sent for service.—**(*1*) Where a summons is delivered or sent to any person for service under rule 24, rule 27 or rule 28, such person shall be bound to serve it if possible, and to return it under his signature, with the written acknowledgment of the defendant, and such signature shall be deemed to be evidence of service.

(*2*) Where from any cause service is impossible, the summons shall be returned to the Court with a full statement of such cause and of the steps taken to procure service, and such statement shall be deemed to be evidence of non-service.

**30. Substitution of letter for summons.—** (*1*) The Court may, notwithstanding anything hereinbefore contained, substitute for a summons a letter signed by the Judge or such officer as he may appoint in this behalf, where the defendant is, in the opinion of the Court, of a rank entitling him to such mark of consideration.

(*2*) A letter substituted under sub-rule (*1*) shall contain all the particulars required to be stated in a summons, and, subject to the provisions of sub-rule (*3*), shall be treated in all respects as a summons.

(*3*) A letter so substituted may be sent to the defendant by post or by a special messenger selected by the Court, or in any other manner which the Court thinks fit; and, where the defendant has an agent empowered to accept service, the letter may be delivered or sent to such agent.

---

## ORDER VI

*Pleadings generally*

**1. Pleading.—**"Pleading" shall mean plaint or written statement.

[1]**[2. Pleading to state material facts and not evidence.—**(*1*) Every pleading shall contain, and contain only, a statement in a concise form of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved.

(*2*) Every pleading shall, when necessary, be divided into paragraphs, numbered consecutively, each allegation being, so far as is convenient, contained in a separate paragraph.

(*3*) Dates, sums and numbers shall be expressed in a pleading in figures as well as in words.]

**3. Forms of pleading.—**The forms in Appendix A when applicable, and where they are not applicable forms of the like character, as nearly as may be, shall be used for all pleadings.

*[**3A. Forms of pleading in Commercial Courts.—**In a commercial dispute, where forms of pleadings have been prescribed under the High Court Rules or Practice Directions made for the purposes of such commercial disputes, pleadings shall be in such forms.]

**4. Particulars to be given where necessary.—**In all cases in which the party pleading relies on any misrepresentation, fraud, breach of trust, wilful default, or undue influence, and in all other cases in which particulars may be necessary beyond such as are exemplified in the forms aforesaid, particulars (with dates and items if necessary) shall be stated in the pleading.

**5.** [*Further and better statement, or particulars.*] *Omitted by the Code of Civil Procedure (Amendment) Act,* 1999 (46 *of* 1999), *s.* 16 (*w.e.f.* 1-7-2002).

**6. Condition precedent.** —Any condition precedent, the performance or occurrence of which is intended to be contested, shall be distinctly specified in his pleading by the plaintiff or defendant, as the case may be; and, subject thereto, an averment of the performance or occurrence of all conditions precedent necessary for the case of the plaintiff or defendant shall be implied in his pleading.

**7. Departure.—**No pleading shall, except by way of amendment, raise any new ground of claim or contain any allegation of fact inconsistent with the previous pleadings of the party pleading the same.

**8. Denial of contract.—**Where a contract is alleged in any pleading, a bare denial of the same by the opposite party shall be construed only as a denial in fact of the express contract alleged or of the matters of fact from which the same may be implied, and not as a denial of the legality or sufficiency in law of such contract.

---

1. Subs. by Act 104 of 1976, s. 56, for rule 2 (w.e.f. 1-2-1977).
* Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

**9. Effect of document to be stated.—**Wherever the contents of any document are material, it shall be sufficient in any pleading to state the effect thereof as briefly as possible, without setting out the whole or any part thereof, unless the precise words of the document or any part thereof are material.

**10. Malice, knowledge, etc.—**Wherever it is material to allege malice, fradulent intention, knowledge or other condition of the mind of any person, it shall be sufficient to allege the same as a fact without setting out the circumstances from which the same is to be inferred.

**11. Notice.—**Wherever it is material to allege notice to any person of any fact, matter or thing, it shall be sufficient to allege such notice as a fact, unless the form or the precise terms of such notice, or the circumstances from which such notice is to be inferred, are material.

**12. Implied contract, or relation.—**Whenever any contract or any relation between any persons is to be implied from a series of letters or conversations or otherwise from a number of circumstances, it shall be sufficient to allege such contract or relation as a fact, and to refer generally to such letters, conversations or circumstances without setting them out in detail. And if in such case the person so pleading desires to rely in the alternative upon more contracts or relations than one as to be implied from such circumstances, he may state the same in the alternative.

**13. Presumptions of law.—**Neither party need in any pleading allege any matter of fact which the law presumes in his favour or as to which the burden of proof lies upon the other side unless the same has first been specifically denied *(e.g.,* consideration for a bill of exchange where the plaintiff sues only on the bill and not for the consideration as a substantive ground of claim).

**14. Pleading to be signed.—**Every pleading shall be signed by the party and his pleader (if any): Provided that where a party pleading is, by reason of absence or for other good cause, unable to sign the pleading, it may be signed by any person duly authorized by him to sign the same or to sue or defend on his behalf

[1]**[14A. Address for service of notice.—**(*1*) Every pleading, when filed by a party, shall be accompanied by a statement in the prescribed form, signed as provided in rule 14, regarding the address of the party.

(*2*) Such address may, from time to time, be changed by lodging in Court a form duly filled up and stating the new address of the party and accompanied by a verified petition.

(*3*) The address furnished in the statement made under sub-rule (*1*) shall be called the "registered address" of the party, and shall, until duly changed as aforesaid, be deemed to be the address of the party for the purpose of service of all processes in the suit or in any appeal from any decree or order therein made and for the purpose of execution, and shall hold good, subject as aforesaid, for a period of two years after the final determination of the cause or matter.

(*4*) Service of any process may be effected upon a party at his registered address in all respects as though such party resided thereat.

(*5*) Where the registered address of a party is discovered by the Court to be incomplete. false or fictitious, the Court may, either on its own motion, or on the application of any party, order—

(*a*) in the case where such registered address was furnished by a plaintiff, stay of the suit, or

(*b*) in the case where such registered address was furnished by a defendant, his defence be struck out and he be placed in the same position as if he had not put up any defence.

1. Ins. by Act 104 of 1976, s. 56 (w.e.f. 1-2-1977).

(*6*) Where a suit is stayed or a defence is struck out under sub-rule (*5*), the plaintiff or, as the case may be, the defendant may, after furnishing his true address, apply to the Court for an order to set aside the order of stay or, as the case may be, the order striking out the defence.

(*7*) The Court, if satisfied that the party was prevented by any sufficient cause from filing the true address at the proper time, shall set aside the order of stay or order striking out the defence, on such terms as to costs or otherwise as it thinks fit and shall appoint a day for proceeding with the suit or defence, as the case may be.

(*8*) Nothing in this rule shall prevent the Court from directing the service of a process at any other address, if, for any reason, it thinks fit to do so.]

**15. Verification of pleadings.—**(*1*) Save as otherwise provided by any law for the time being in force, every pleading shall be verified at the foot by the party or by one of the parties pleading or by some other person proved to the satisfaction of the Court to be acquainted with the facts of the case.

(*2*) The person verifying shall specify, by reference to the numbered paragraphs of the pleading, what he verifies of his own knowledge and what he verifies upon information received and believed to be true.

(*3*) The verification shall be signed by the person making it and shall state the date on which and the place at which it was signed.

[1][(*4*) The person verifying the pleading shall also furnish an affidavit in support of his pleadings.

*[**15A. Verification of pleadings in a commercial dispute.—** (*1*) Notwithstanding anything contained in Rule 15, every pleading in a commercial dispute shall be verified by an affidavit in the manner and form prescribed in the Appendix to this Schedule.

(*2*) An affidavit under sub-rule (*1*) above shall be signed by the party or by one of the parties to the proceedings, or by any other person on behalf of such party or parties who is proved to the satisfaction of the Court to be acquainted with the facts of the case and who is duly authorised by such party or parties.

(*3*) Where a pleading is amended, the amendments must be verified in the form and manner referred to in sub-rule (*1*) unless the Court orders otherwise.

(*4*) Where a pleading is not verified in the manner provided under sub-rule (*1*), the party shall not be permitted to rely on such pleading as evidence or any of the matters set out therein.

(*5*) The Court may strike out a pleading which is not verified by a Statement of Truth, namely, the affidavit set out in the Appendix to this Schedule.]

[2][**16. Striking out pleadings.—**The Court may at any stage of the proceedings order to be struck out or amended any matter in any pleading—

(*a*) which may be unnecessary, scandalous, frivolous or vexatious, of

(*b*) which may tend to prejudice, embarrass or delay the fair trail of the suit, or

(*c*) which is otherwise an abuse of the process of the Court.]

[3][**17. Amendment of pleadings.—**The Court may at any stage of the proceedings allow either party to alter or amend his pleadings in such manner and on such terms as may be just, and all such amendments shall be made as may be necessary for the purpose of determining the real questions in controversy between the parties:

Provided that no application for amendment shall be allowed after the trial has commenced, unless the Court comes to the conclusion that in spite of due diligence, the party could not have raised the matter before the commencement of trial.

**18. Failure to amend after Order.—**If a party who has obtained an order for leave to amend does not amend accordingly within the time limited for that purpose by the order, or if no time is thereby limited then within fourteen days from the date of the order, he shall not be permitted to amend after the expiration of such limited time as aforesaid or of such fourteen days, as the case may be, unless the time is extended by the Court.]

## ORDER VII

### *Plaint*

**1. Particulars to be contained in plaint.—**The plaint shall contain the following particulars:—

(*a*) the name of the Court in which the suit is brought;

(*b*) the name, description and place of residence of the plaintiff;

1. Ins. by Act 46 of 1999, s. 16 (w.e.f. 1-7-2002).
2. Subs. by Act 104 of 1976, s. 56, for rule 16 (w.e.f. 1-2-1977).
3. Subs. by Act 22 of 2002, s. 7, for rules 17 and 18 (w.e.f. 1-7-2002).

* Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

(*c*) the name, description and place of residence of the defendant, so far as they can be ascertained;

(*d*) where the plaintiff or the defendant is a minor or a person of unsound mind, a statement to that effect;

(*e*) the facts constituting the cause of action and when it arose;

(*f*) the facts showing that the Court has jurisdiction;

(*g*) the relief which the plaintiff claims;

(*h*) where the plaintiff has allowed a set-off or relinquished a portion of his claim, the amount so allowed, or relinquished; and

(*i*) a statement of the value of the subject-matter of the suit for the purposes of jurisdiction and of court-fees, so far as the case admits.

**2. In money suits.**—Where the plaintiff seeks the recovery of money, the plaint shall state the precise amount claimed :

But where the plaintiff sues for *mesne profits,* or for an amount which will be found due to him on taking unsettled accounts between him and the defendant, [1][or for movables in the possession of the defendant, or for debts of which the value he cannot, after the exercise of reasonable diligence, estimate, the plaint shall state approximately the amount or value sued for.]

*[**2A. Where interest is sought in the suit.** — (*1*) Where the plaintiff seeks interest, the plaint shall contain a statement to that effect along with the details set out under sub-rules (*2*) and (*3*).

(*2*) Where the plaintiff seeks interest, the plaint shall state whether the plaintiff is seeking interest in relation to a commercial transaction within the meaning of section 34 of the Code of Civil Procedure, 1908 (5 of 1908) and, furthermore, if the plaintiff is doing so under the terms of a contract or under an Act, in which case the Act is to be specified in the plaint; or on some other basis and shall state the basis of that.

(*3*) Pleadings shall also state—

(*a*) the rate at which interest is claimed;

(*b*) the date from which it is claimed;

(*c*) the date to which it is calculated;

(*d*) the total amount of interest claimed to the date of calculation; and

(*e*) the daily rate at which interest accrues after that date.]

**3. Where the subject-matter of the suit is immovable property.—**Where the subject-matter of the suit is immovable property, the plaint shall contain a description of the property sufficient to identify it, and, in case such property can be identified by boundaries or numbers in a record of settlement or survey, the plaint shall specify such boundaries or numbers.

**4. When plaintiff sues as representative.—**Where the plaintiff sues in a representative character the plaint shall show not only that he has an actual existing interest in the subject-matter, but that he has taken the steps (if any) necessary to enable him to institute a suit concerning it.

**5. Defendant's interest and liability to be shown.—**The plaint shall show that the defendant is or claims to be interested in the subject-matter, and that he is liable to be called upon to answer the plaintiff's demand.

**6. Grounds of exemption from limitation law.—**Where the suit is instituted after the expiration of the period prescribed by the law of limitation, the plaint shall show the ground upon which exemption from such law is claimed :

[2][Provided that the Court may permit the plaintiff to claim exemption from the law of limitation on any ground not set out in the plaint, if such ground is not inconsistent with the grounds set out in the plaint.]

**7. Relief to be specifically stated.—**Every plaint shall state specifically the relief which the plaintiff claims either simply or in the alternative, and it shall not be necessary to ask for general or other relief which may always be given as the Court may think just to the same extent as if it had been asked for. And the same rule shall apply to any relief claimed by the defendant in his written statement.

**8. Relief founded on separate grounds.—**Where the plaintiff seeks relief in respect of several distinct claims or causes of action founded upon separate and distinct grounds, they shall be stated as far as may be separately and distinctly.

[3][**9. Procedure on admitting plaint.—**Where the Court orders that the summons be served on the defendants in the manner provided in rule 9 of Order V, it will direct the plaintiff to present as many copies of the plaint on plain paper as there are defendants within seven days from the date of such order along with requisite fee for service of summons on the defendants.]

1. Subs. by Act 104 of 1976, s. 57, for certain words (w.e.f. 1-2-1977).
2. The proviso added by s. 57, *ibid.* (w.e.f. 1-2-1977).
3. Subs. by Act 22 of 2002, s. 8, for rule 9 (w.e.f. 1-7-2002).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

[1]**10. Return of plaint.—**(*1*) [2][ Subject to the provisions of rule 10A, the plaint shall] at any stage of the suit be returned to be presented to the Court in which the suit should have been instituted.

[3][*Explanation*.— For the removal of doubts, it is hereby declared that a Court of appeal or revision may direct after setting aside the decree passed in a suit, the return of the plaint under this sub-rule.]

(*2*) **Procedure on returning plaint.** —On returning a plaint, the Judge shall endorse thereon the date of its presentation and return, the name of the party presenting it, and a brief statement of the reasons for returning it.

[3]**[10A. Power of Court to fix a date of appearance in the Court where plaint is to be filed after its return.—**(*1*) Where, in any suit, after the defendant has appeared, the Court is of opinion that the plaint should be returned, it shall, before doing so, intimate its decision to the plaintiff.]

(*2*) Where an intimation is given to the plaintiff under sub-rule *(1),* the plaintiff may make an application to thc Court—

(*a*) specifying the Court in which he proposes to present the plaint after its return,

(*b*) praying that the Court may fix a date for the appearance of the parties in the said Court, and

(*c*) requesting that the notice of the date so fixed may be given to him and to the defendant.

(*3*) Where an application is made by the plaintiff under sub-rule *(2),* the Court shall, before returning the plaint and notwithstanding that the order for return of plaint was made by it on the ground that it has no jurisdiction to try the suit,—

(*a*) fix a date for the appearance of the parties in the Court in which the plaint is proposed to be presented, and

(*b*) give to the plaintiff and to the defendant notice of such date for appearance.

(*4*) Where the notice of the date for appearance is given under sub-rule *(3),—*

(*a*) it shall not be necessary for the Court in which the plaint is presented after its return, to serve the defendant with a summons for appearance in the suit, unless that Court, for reasons to be recorded, otherwise directs, and

(*b*) the said notice shall be deemed to be a summons for the appearance of the defendant in the Court in which the plaint is presented on the date so fixed by the Court by which the plaint was returned.

(*5*) Where the application made by the plaintiff under sub-rule *(2)* is allowed by the Court, the plaintiff shall not be entitled to appeal against the order returning the plaint.

**10B. Power of appellate Court to transfer suit to the proper Court.—** *(1)* Where, on an appeal against an order for the return of plaint, the Court hearing the appeal confirms such order, the Court of appeal may, if the plaintiff by an application so desires, while returning the plaint, direct plaintiff to file the plaint, subject to the provisions of the Limitation Act, 1963 (36 of 1963), in the Court in which the suit should have been instituted, (whether such Court is within or without the State in which the Court hearing the appeal is situated), and fix a date for the appearance of the parties in the Court in which the plaint is directed to be filed and when the date is so fixed it shall not be necessary for the Court in which the plaint is filed to serve the defendant with the summons for appearance in the suit, unless that Court in which the plaint is filed, for reasons to be recorded, otherwise directs.

1. This rule has been applied to suits for the recovery of rent under the Chota Nagpur Tenancy Act, 1908 (Ben. 6 of 1908) s. 265.
2. Subs. by Act 104 of 1976, s. 57, for certain words (w.e.f. 1-2-1977).
3. Ins. by s. 57, *ibid*. (w.e.f. 1-2-1977).

(*2*) The direction made by the Court under sub-rule *(1)* shall be without any prejudice to the rights of the parties to question the jurisdiction of the Court, in which the plaint is filed, to try the suit.]

**11. Rejection of plaint.—** The plaint shall be rejected in the following cases:**—**

(*a*) where it does not disclose a cause of action;

(*b*) where the relief claimed is undervalued, and the plaintiff, on being required by the Court to correct the valuation within a time to be fixed by the Court, fails to do so;

(*c*) where the relief claimed is properly valued, but the plaint is returned upon paper insufficiently stamped, and the plaintiff, on being required by the Court to supply the requisite stamp-paper within a time to be fixed by the Court, fails to do so;

(*d*) where the suit appears from the statement in the plaint to be barred by any law;

[1][(*e*) where it is not filed in duplicate;]

[2][(*f*) where the plaintiff fails to comply with the provisions of rule 9:]

[3][Provided that the time fixed by the Court for the correction of the valuation or supplying of the requisite stamp-paper shall not be extended unless the Court, for reasons to be recorded, is satisfied that the plaintiff was prevented by any cause of an exceptional nature from correcting the valuation or supplying the requisite stamp-paper, as the case may be, within the time fixed by the Court and that refusal to extend such time would cause grave injustice to the plaintiff.]

**12. Procedure on rejecting plaint.—**Where a plaint is rejected the Judge shall record an order to that effect with the reasons for such order.

**13. Where rejection of plaint does not preclude presentation of fresh plaint.—**The rejection of the plaint on any of the grounds hereinbefore mentioned shall not of its own force preclude the plaintiff from presenting a fresh plaint in respect of the same cause of action.

*Documents relied on in plaint*

[4]**[14. Production of document on which plaintiff sues or relies.—**(*1*) Where a plaintiff sues upon a document or relies upon document in his possession or power in support of his claim, he shall enter such documents in a list, and shall produce it in Court when the plaint is presented by him and shall, at the same time deliver the document and a copy thereof, to be filed with the plaint.

(*2*) Where any such document is not in the possession or power of the plaintiff, he shall, wherever possible, state in whose possession or power it is.

[5][(*3*) A document which ought to be produced in Court by the plaintiff when the plaint is presented, or to be entered in the list to be added or annexed to the plaint but is not produced or entered accordingly, shall not, without the leave of the Court, be received in evidence on his behalf at the hearing of the suit.]

(*4*) Nothing in this rule shall apply to document produced for the cross-examination of the plaintiffs witnesses, or handed over to a witness merely to refresh his memory.]

**15.** [*Statement in case of documents not in plaintiff possession or powers.*] *omitted by Act* 46 *of* 1999 s. 17 *(w.e.f.* 1-7-2002).

**16**. **Suits on lost negotiable instruments.—**Where the suit is founded upon a negotiable instrument, and it is proved that the instrument is lost, and an indemnity is given by the plaintiff, to the satisfaction of the Court, against the claims of any other person upon such instrument, the Court may pass such decree as it would have passed if the plaintiff had produced the instrument in Court when the plaint was presented, and had at the same time delivered a copy of the instrument to be filed with the plaint.

1. Ins. by Act 46 of 1999, s. 17 (w.e.f. 1-7-2002).
2. Subs. by Act 22 of 2002, s. 8, for sub-clauses (*f*) and (*g*) (w.e.f. 1-7-2002).
3. Added by Act 104 of 1976, s. 57 (w.e.f. 1-2-1977).
4. Subs. by Act 46 of 1999, s. 17, for rule 14 (w.e.f. 1-7-2002).
5. Subs. by Act 22 of 2002, s. 8, for sub-rule (*3*) (w.e.f. 1-7-2002).

**17. Production of shop-book.—**(*1*) Save in so far as is otherwise provided by the Bankers' Books Evidence Act, 1891 (XVIII of 1891), where the document on which the plaintiff sues is an entry in a shop-book or other account in his possession or power, the plaintiff shall produce the book or account at the time of filing the plaint, together with a copy of the entry on which he relies.

(*2*) **Original entry to be marked and returned.**—The Court or such officer as it appoints in this behalf, shall forthwith mark the document for the purpose of identification; and, after examining and comparing the copy with the original, shall, if it is found correct, certify it to be so and return the book to the plaintiff and cause the copy to be filed.

**18.** [*Inadmissibility of document not produced when plaint filed.*] *omitted by Act* 22 *of* 2002, *s.* 8 *(w. e. f.* 1-7-2002).

ORDER VIII

[1][*Written statement, set-off and counter-claim*]

[2][**1. Written Statement.—**The Defendant shall, within thirty days from the date of service of summons on him, present a written statement of his defence:

Provided that where the defendant fails to file the written statement within the said period of thirty days, he shall be allowed to file the same on such other day, as may be specified by the Court, for reasons to be recorded in writing, but which shall not be later than ninety days from the date of service of summons.]

*[Provided that where the defendant fails to file the written statement within the said period of thirty days, he shall be allowed to file the written statement on such other day, as may be specified by the Court, for reasons to be recorded in writing and on payment of such costs as the Court deems fit, but which shall not be later than one hundred twenty days from the date of service of summons and on expiry of one hundred twenty days from the date of service of summons, the defendant shall forfeit the right to file the written statement and the Court shall not allow the written statement to be taken on record.]

[3][**1A. Duty of defendant to produce documents upon which relief is claimed or relied upon by him.—**(*1*) Where the defendant bases his defence upon a document or relies upon any document in his possession or power, in support of his defence or claim for set-off or counter-claim, he shall enter such document in a list, and shall produce it in Court when the written statement is presented by him and shall, at the same time, deliver the document and a copy thereof, to be filed with the written statement.

(*2*) Where any such document is not in the possession or power of the defendant, he shall, wherever possible, state in whose possession or power it is.

[4][(*3*) A document which ought to be produced in Court by the defendant under this rule, but, is not so produced shall not, without the leave of the Court, be received in evidence on his behalf at the hearing of the suit.]

(*4*) Nothing in this rule shall apply to documents—

(*a*) produced for the cross-examination of the plaintiff's witnesses, or

(*b*) handed over to a witness merely to refresh his memory.]

**2. New facts must be specially pleaded.—**The defendant must raise by his pleading all matters which show the suit not be maintainable, or that the transaction is either void or voidable in point of law, and all such grounds of defence as, if not raised, would be likely to take the opposite party by surprise, or would raise issues of fact not arising out of the plaint, as, for instance, fraud, limitation, release, payment, performance, or facts showing illegality.

**3. Denial to be specific.—**It shall not be sufficient for a defendant in his written statement to deny generally the grounds alleged by the plaintiff, but the defendant must deal specifically with each allegation of fact of which he does not admit the truth, except damages.

*[**3A. Denial by the defendant in suits before the Commercial Division of the High Court or the Commercial Court**.— (*1*) Denial shall be in the manner provided in sub-rules (*2*), (*3*), (*4*) and (*5*) of this Rule.

(*2*) The defendant in his written statement shall state which of the allegations in the particulars of plaint he denies, which allegations he is unable to admit or deny, but which he requires the plaintiff to prove, and which allegations he admits.

(*3*) Where the defendant denies an allegation of fact in a plaint, he must state his reasons for doing so and if he intends to put forward a different version of events from that given by the plaintiff, he must state his own version.

(*4*) If the defendant disputes the jurisdiction of the Court he must state the reasons for doing so, and if he is able, give his own statement as to which Court ought to have jurisdiction.

(*5*) If the defendant disputes the plaintiff's valuation of the suit, he must state his reasons for doing so, and if he is able, give his own statement of the value of the suit.]

1. Subs. by Act 104 of 1976, s. 58, for the former heading (w.e.f. 1-2-1977).
2. Subs. by Act 22 of 2002, s. 9, for rule 1 (w.e.f 1-7-2002).
3. Ins. by Act 46 of 1999, s.18 (w.e.f. 1-7-2002).
4. Subs. by Act 22 of 2002, s. 9, for sub-rule (*3*) (w.e.f. 1-7-2002).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

**4. Evasive-denial.—**Where a defendant denies an allegation of fact in the plaint, he must not do so evasively, but answer the point of substance. Thus, if it is alleged that he received a certain sum of money, it shall not be sufficient to deny that he received that particular amount, but he must deny that he received that sum or any part thereof, or else set out how much he received. And if an allegation is made with diverse circumstances, it shall not be sufficient to deny it along with those circumstances.

**5. Specific denial**.—[1][(*1*)] Every allegation of fact in the plaint, if not denied specifically or by necessary implication, or stated to be not admitted in the pleading of the defendant, shall be taken to be admitted except as against a person under disability:

Provided that the Court may in its discretion require any fact so admitted to be proved otherwise than by such admission:

*[Provided further that every allegation of fact in the plaint, if not denied in the manner provided under Rule 3A of this Order, shall be taken to be admitted except as against a person under disability.]

[2][(*2*) Where the defendant has not filed a pleading, it shall be lawful for the court to pronounce judgment on the basis of the facts contained in the plaint, except as against a person under a disability, but the Court may, in its discretion, require any such fact to be proved.

(*3*) In exercising its discretion under the proviso to sub-rule (*1*) or under sub-rule (*2*), the Court shall have due regard to the fact whether the defendant could have, or has, engaged a pleader.

(*4*) Whenever a judgment is pronounced under this rule, a decree shall be drawn up in accordance with such judgment and such decree shall bear the date on which the judgment was pronounced.]

**6. Particulars of set-off to be given in written statement.—**(*1*) Where in a suit for the recovery of money the defendant claims to set-off against the plaintiff's demand any ascertained sum of money legally recoverable by him from the plaintiff, not exceeding the pecuniary limits of the jurisdiction of the Court, and both parties fill the same character as they fill in the plaintiff's suit, the defendant may, at the first hearing of the suit, but not afterwards unless permitted by the Court, presents a written statement containing the particulars of the debt sought to be set-off.

(*2*) **Effect of set-off.—**The written statement shall have the same effect as a plaint in a cross-suit so as to enable the court to pronounce a final judgment in respect both of the original claim and of the set-off: but this shall not affect the lien, upon the amount decreed, of any pleader in respect of the costs payable to him under the decree.

(*3*) The rules relating to a written statement by a defendant apply to a written statement in answer to a claim of set-off.

*Illustrations*

(*a*) A bequeaths Rs. 2,000 to B and appoints C his executor and residuary legatee. B dies and D takes out administration to B's effects, C pays Rs, 1,000 as surety for D; then D sues C for the legacy. C cannot set-off the debt of Rs. 1,000 against the legacy, for neither C nor D fills the same character with respect to the legacy as they fill with respect to the payment of the Rs. 1,000.

(*b*) A dies intestate and in debt to B. C takes out administration to A's effects and B buys part of the effects from C. In a suit for the purchase-money by C against B, the latter cannot set-off the debt against the price, for C fills two different characters, one as the vendor to B, in which he sues B, and the other as representative to A.

(*c*) A sues B on a bill of exchange. B alleges that A has wrongfully neglected to insure B's goods and is liable to him in compensation which he claims to set-off. The amount not being ascertained cannot be set-off.

(*d*) A sues B on a bill of exchange for Rs. 500. B holds a judgment against A for Rs. 1,000. The two claims being both definite pecuniary demands may be set-off.

1. Rule 5 renumbered as sub-rule *(I)* by Act 104 of 1976, s. 58 (w.e.f. 1-2-1977).
2. Ins. by s. 58, *ibid.* (w.e.f. 1-2-1977).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Schedule (w.e.f. 23-10-2015).

(*e*) A sues B for compensation on account of trespass. B hold a promissory note for Rs. 1,000 from A and claims to set-off that amount against any sum that A may recover in the suit. B may do so, for, as soon as A recovers, both sums are definite pecuniary demands.

(*f*) A and B sue C for Rs. 1,000. C cannot set-off a debt due to him by A alone.

(*g*) A sues B and C for Rs. 1,000. B cannot set-off a debt due to him alone by A.

(*h*) A owes the partnership firm of B and C Rs. 1,000. B dies, leaving C surviving. A sues C for a debt for Rs. 1,500 due in his separate character. C may set-off the debt of Rs. 1,000.

[1][**6A**. **Counter-claim by defendant.—**(*1*) A defendant in a suit may, in addition to his right of pleading a set-off under rule 6, set up, by way of counter-claim against the claim of the plaintiff, any right or claim in respect of a cause of action accruing to the defendant against the plaintiff either before or after the filing of the suit but before the defendant has delivered his defence or before the time limited for delivering his defence has expired, whether such counter-claim is in the nature of a claim for damages or not:

Provided that such counter-claim shall not exceed the pecuniary limits of the jurisdiction of the court.

(*2*) Such counter-claim shall have the same effect as a cross-suit so as to enable the Court to pronounce a final judgment in the same suit, both on the original claim and on the counter-claim.

(*3*) The plaintiff shall be at liberty to file a written statement in answer to the counter-claim of the defendant within such period as may be fixed by the court.

(*4*) The counter-claim shall be treated as a plaint and governed by the rules applicable to plaints.

**6B. Counter-claim to be stated.—** Where any defendant seeks to rely upon any ground as supporting a right of counter-claim, he shall, in his written statement, state specifically that he does so by way of counter-claim.

**6C. Exclusion of counter-claim.—**Where a defendant sets up a counter-claim and the plaintiff contends that the claim thereby raised ought not to be disposed of by way of counter-claim but in an independent suit, the plaintiff may, at any time before issues are settled in relation to the counter-claim, apply to the Court for an order that such counter-claim may be excluded, and the Court may, on the hearing of such application make such order as it thinks fit.

**6D. Effect of discontinuance of suit.—** If in any case in which the defendant sets up a counterclaim, the suit of the plaintiff is stayed, discontinued or dismissed, the counter-claim may nevertheless be proceeded with.

**6E. Default of plaintiff to reply to counter-claim.—**If the plaintiff makes default in putting in a reply to the counter-claim made by the defendant, the Court may pronounce judgment against the plaintiff in relation to the counter-claim made against him, or make such order in relation to the counter-claim as it thinks fit.

**6F. Relief to defendant where counter-claim succeeds.—**Where in any suit a set-off or counter-claim is established as a defence against the plaintiff's claim and any balance is found due to the plaintiff or the defendant, as the case may be. the Court may give judgment to the party entitled to such balance.

**6G**. **Rules relating to written statement to apply.—**The rules relating to a written statement by a defendant shall apply to a written statement filed in answer to a counter-claim.]

**7. Defence or set-off founded upon separate grounds.—**Where the defendant relies upon several distinct grounds of defence or set-off [1][or counter-claim] founded upon separate and distinct facts, they shall be stated, as far as may be, separately and distinctly.

**8. New ground of defence.—**Any ground of defence which has arisen after the institution of the suit or the presentation of a written statement claiming a set-off [1][or counter-claim] may be raised by the defendant or plaintiff, as the case may be, in his written statement.

1. Ins. by Act 104 of 1976, s. 58 (w.e.f. 1-2-1977).

**8A.** [*Duty of defendant to produce documents upon which relief is claimed by him.*] *omitted by Act* 46 *of* 1999, *s*. 18 (*w.e.f.* 1-7-2002).

[1][**9. Subsequent pleadings.—**No pleading subsequent to the written statement of a defendant other than by way of defence to set-off or counter-claim shall be presented except by the leave of the Court and upon such terms as the Court thinks fit; but the Court may at any time require a written statement or additional written statement from any of the parties and fix a time of not more than thirty days for presenting the same.

**10. Procedure when party fails to present written statement called for by Court.—**Where any party from whom a written statement is required under rule 1 or rule 9 fails to present the same within the time permitted or fixed by the Court, as the case may be, the Court shall pronounce judgment against him, or make such order in relation to the suit as it thinks fit and on the pronouncement of such judgment a decree shall be drawn up:]

*[Provided further that no Court shall make an order to extend the time provided under Rule 1 of this Order for filing of the written statement.]

## ORDER IX

*Appearance of parties and consequence of non-appearance*

**1. Parties to appear on day fixed in summons for defendant to appear and answer.—**On the day fixed in the summons for the defendant to appear and answer, the parties shall be in attendance at the Court-house in person or by their respective pleaders, and the suit shall then be heard unless the hearing is adjourned to a future day fixed by the Court.

[2][**2. Dismissal of suit where summons not served in consequence of plaintiff's failure to pay costs.—**Where on the day so fixed it is found that summons has not been served upon the defendant in consequence of the failure of the plaintiff to pay the court-fee or postal charges, if any, chargeable for such service, or failure to present copies of the plaint as required by rule 9 of Order VII, the Court may make an order that the suit be dismissed:

Provided that no such order shall be made, if notwithstanding such failure, the defendant attends in person or by agent when he is allowed to appear by agent on the day fixed for him to appear and answer.]

**3. Where neither party appears suit to be dismissed.—**Where neither party appears when the suit is called on for hearing, the court may make an order that the suit be dismissed.

**4. Plaintiff may bring fresh suit or Court may restore suit to file.—**Where a suit is dismissed under rule 2 or rule 3, the plaintiff may (subject to the law of limitation) bring a fresh suit; or he may apply for an order to set the dismissal aside, and if he satisfies the Court that there was sufficient cause for [3][such failure as is referred to in rule 2], or for his non-appearance, as the case may be, the Court shall make an order setting aside the dismissal and shall appoint a day for proceeding with the suit.

**5. Dismissal of suit where plaintiff after summons returned unserved, fails for [4][seven days] to apply for fresh summons. —**[5][(*1*) Where after a summons has been issued to the defendant, or to one of several defendants, and returned unserved, the plaintiff fails, for a period of [4][seven days] from the date of the return made to the Court by the officer ordinarily certifying to the Court returns made by the serving officers, to apply for the issue of a fresh summons the Court shall make an order that the suit be dismissed as against such defendant, unless the plaintiff has within the said period satisfied the Court that—

1. Subs. by Act 22 of 2002, s. 9, for rules 9 and 10 (w.e.f. 1-7-2002).
2. Subs. by s. 10, *ibid.,* for rule 2 (w.e.f. 1-7-2002).
3. Subs. by Act 104 of 1976 s. 59, for certain words (w.e.f. 1-2-1977).
4. Subs. by Act 46 of 1999, s. 19, for "one month" (w.e.f 1-7-2002).
5. Subs. by Act 24 of 1920 s. 2, for sub-rule (*1*).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

(*a*) he has failed after using his best endeavours to discover the residence of the defendant, who has not been served, or

(*b*) such defendant is avoiding service of process, or

(*c*) there is any other sufficient cause for extending the time,

in which case the Court may extend the time for making such application for such period as it thinks fit.]

(*2*) In such case the plaintiff may (subject to the law of limitation) bring a fresh suit.

**6. Procedure when only plaintiff appears.—**(*1*) Where the plaintiff appears and the defendant does not appear when the suit is called on for hearing, then—

[1][(*a*) **When summons duly served.—**if it is proved that the summons was duly served, the Court may make an order that the suit shall be heard *ex parte*;]

(*b*) **When summons not duly served.—**if it is not proved that the summons was duly served, the Court shall direct a second summons to be issued and served on the defendant;

(*c*) **When summons served but not in due time.—**if it is proved that the summons was served on the defendant, but not in sufficient time to enable him to appear and answer on the day fixed in the summons,

the Court shall postpone the hearing of the suit to a future day to be fixed by the Court, and shall direct notice of such day to be given to the defendant.

(*2*) Where it is owing to the plaintiff's default that the summons was not duly served or was not served in sufficient time, the Court shall order the plaintiff to pay the costs occasioned by the postponement.

**7. Procedure where defendant appears on day of adjourned hearing and assigns good cause for previous non-appearance.—**Where the Court has adjourned the hearing of the suit, *ex parte*, and the defendant, at or before such hearing appears and assigns good cause for his previous non-appearance, he may, upon such terms as the Court directs as to costs or otherwise, be heard in answer to the suit as if he had appeared on the day fixed for his appearance.

**8. Procedure where defendant only appears.—**Where the defendant appears and the plaintiff does not appear when the suit is called on for hearing, the Court shall make an order that the suit be dismissed, unless the defendant admits the claim, or part thereof, in which case the Court shall pass a decree against the defendant upon such admission, and where part only of the claim has been admitted, shall dismiss the suit so far as it relates to the remainder.

**9. Decree against plaintiff by default bars fresh suit.—**(*1*) Where a suit is wholly or partly dismissed under rule 8, the plaintiff shall be precluded from bringing a fresh suit in respect of the same cause of action. But he may apply for an order to set the dismissal aside, and if he satisfies the Court that there was sufficient cause for his non-appearance when the suit was called on for hearing, the Court shall make an order setting aside the dismissal upon such terms as to costs or otherwise as it thinks fit, and shall appoint a day for proceeding with the suit.

(*2*) No order shall be made under this rule unless notice of the application has been served on the opposite party.

**10. Procedure in case of non-attendance of one or more of several plaintiff's.—**Where there are more plaintiffs than one, and one or more of them appear, and the others do not appear, the Court may, at the instance of the plaintiff or plaintiff's appearing, permit the suit to proceed in the same way as if all the plaintiff's had appeared, or make such order as it thinks fit.

**11. Procedure in case of non-attendance of one or more of several defendants.—**Where there are more defendants than one, and one or more of them appear, and the others do not appear, the suit shall proceed, and the Court shall, at the time of pronouncing judgment, make such order as it thinks fit with respect to the defendants who do not appear.

**12. Consequence of non-attendance, without sufficient cause shown, of party ordered to appear in person.—**Where a plaintiff or defendant, who has been ordered to appear in person, does not appear in person, or show sufficient cause to the satisfaction of the court for failing so to appear, he shall be subject to all provisions of the foregoing rules applicable to plaintiffs and defendants, respectively who do not appear.

1. Subs. by Act 104 of 1976, s. 59, for cl. (*a*) (w.e.f 1-2-1977).

*Setting aside Decrees* ex parte

**13. Setting aside decree *ex parte* against defendant.**—In any case in which a decree is passed *ex parte* against a defendant, he may apply to the Court by which the decree was passed for an order to set it aside; and if he satisfies the Court that the summons was not duly served, or that he was prevented by any sufficient cause from appearing when the suit was called on for hearing, the Court shall make an order setting aside the decree as against him upon such terms as to costs, payment into Court or otherwise as it thinks fit, and shall appoint a day for proceeding with the suit:

Provided that where the decree is of such a nature that it cannot be set aside as against such defendant only it may be set aside as against all or any of the other defendants also:

[1][Provided further than no Court shall set aside a decree passed *ex parte* merely on the ground that there has been an irregularity in the service of summons, if it is satisfied that the defendant had notice of the date of hearing and had sufficient time to appear and answer the plaintiff's claim.]

[2][*Explanation*.—Where there has been an appeal against a decree passed *ex parte* under this rule, and the appeal has been disposed of an any ground other than the ground that the appellant has withdrawn the appeal, no application shall lie under this rule for setting aside that *ex parte* decree.]

**14. No decree to be set aside without notice to opposite party.**—No decree shall be set aside on any such application as aforesaid unless notice thereof has been served on the opposite party.

## ORDER X

*Examination of parties by the court*

**1. Ascertainment whether allegations in pleadings are admitted or denied.**—At the first hearing of the suit the Court shall ascertain from each party or his pleader whether he admits or denies such allegations of fact as are made in the plaint or written statement (if any) of the opposite party, and as are not expressly or by necessary implication admitted or denied by the party against whom they are made. The Court shall record such admissions and denials.

[3]**[1A. Direction of the court to opt for any one mode of alternative dispute resolution.**—After recording the admissions and denials, the court shall direct the parties to the suit to opt either mode of the settlement outside the court as specified in sub-section (*1*) of section 89. On the option of the parties, the court shall fix the date of appearance before such forum or authority as may be opted by the parties.

**1B. Appearance before the conciliatory forum or authority.**—Where a suit is referred under rule 1A, the parties shall appear before such forum or authority for conciliation of the suit.

**1C. Appearance before the court consequent to the failure of efforts of conciliation.**—Where a suit is referred under rule 1A, and the presiding officer of conciliation forum or authority is satisfied that it would not be proper in the interest of justice to proceed with the matter further, then, it shall refer the matter again to the court and direct the parties to appear before the court on the date fixed by it.]

[4]**[2. Oral examination of party, or companion of party.**—(*1*) At the first hearing of the suit, the Court—

(*a*) shall, with a view to elucidating matters in controversy in the suit examine orally such of the parties to the suit appearing in person or present in Court, as it deems fit; and

(*b*) may orally examine any person, able to answer any material question relating to the suit, by whom any party appearing in person or present in Court or his pleader is accompanied.

1. The proviso added by Act 104 of 1976, s. 59 (w.e.f. 1-2-1977).
2. *Explanation* ins. by s. 59, *ibid.* (w.e.f. 1-2-1977).
3. Ins. by Act 46 of 1999, s. 20 (w.e.f. 1-7-2002).
4. Subs. by Act 104 of 1976, s. 60, for rule 2 (w.e.f. 1-2-1977).

(*2*) At any subsequent hearing, the Court may orally examine any party appearing in person or present in Court, or any person, able to answer any material question relating to the suit, by whom such party or his pleader is accompanied.

(*3*) The Court may, if it thinks fit, put in the course of an examination under this rule questions suggested by either party.]

[1]**3. Substance of examination to be written.—**The substance of the examination shall be reduced to writing by the Judge, and shall form part of the record.

**4. Consequence of refusal or inability of pleader to answer.—**(*1*) Where the pleader of any party who appears by a pleader or any such person accompanying a pleader as is referred to in rule 2, refuses or is unable to answer any material question relating to the suit which the Court is of opinion that the party whom he represents ought to answer, and is likely to be able to answer if interrogated in person, the Court [2][may postpone the hearing of the suit to a day not later than seven days from the date of first hearing] and direct that such party shall appear in person on such day.

(*2*) If such party fails without lawful excuse to appear in person on the day so appointed, the Court may pronounce judgment against him, or make such order in relation to the suit as it thinks fit.

## ORDER XI

*Discovery and Inspection*

**1. Discovery by interrogatories.—**In any suit the plaintiff or defendant by leave of the Court may deliver interrogatories in writing for the examination of the opposite parties or any one or more of such parties and such interrogatories when delivered shall have a note at the foot thereof stating which of such interrogatories each of such person is required to answer: Provided that no party shall deliver more than one set of interrogatories to the same party without an order for that purpose: Provided also that interrogatories which do not relate to any matters in question in the suit shall be deemed irrelevant, notwithstanding that they might be admissible on the oral cross-examination of a witness.

**2. Particular interrogatories to be submitted.—**On an application for leave to deliver interrogatories, the particular interrogatories proposed to be delivered shall be submitted to the Court [3][and that court shall decide within seven days from the day of filing of the said application]. In deciding upon such application, the Court shall take into account any offer, which may be made by the party sought to be interrogated to deliver particulars, or to make admissions, or to produce documents relating to the matters in question, or any of them, and leave shall be given as to such only of the interrogatories submitted as the Court shall consider necessary either for disposing fairly of the suit or for saving costs.

**3. Costs of interrogatories**.—In adjusting the costs of the suit inquiry shall at the instance of any party be made into the propriety of exhibiting such interrogatories, and if it is the opinion of the taxing officer or of the Court, either with or without an application for inquiry, that such interrogatories have been exhibited unreasonably, vexatiously, or at improper length, the cost occasioned by the interrogatories and the answers thereto shall be paid in any even by the party in fault.

**4. Form of interrogatories.—**Interrogatories shall be in Form No. 2 in Appendix C, with such variations as circumstances may require.

**5. Corporations.—**Where any party to a suit is a corporation or a body of persons, whether incorporated or not, empowered by law to sue or be sued, whether in its own name or in the name of any officer or other person, any opposite party may apply for an order allowing him to deliver interrogatories to any member or officer of such corporation or body, and an order may be made accordingly.

**6. Objections to interrogatories by answer.—**Any objection to answering any interrogatory on the ground that it is scandalous or irrelevant or not exhibited *bona fide* for the purpose of the suit, or that the matters inquired into are not sufficiently material at that stage, [4][or on the ground of privilege or any other ground], may be taken in the affidavit in answer.

1. This rule is not applicable to the Chief Court of Oudh, *see* the Oudh Court Act, 1925 (U.P. 4 of 19·25), s. 16(*2*).
2. Subs. by Act 46 of 1999, s. 20, for certain words (w.e.f. 1-7-2002).
3. Ins. by s. 21, *ibid.* (w.e.f. 1-7-2002).
4. Subs. by Act 104 of 1976, s. 61, for certain words (w.e.f. 1-2-1977).

7. **Setting aside and striking out interrogatories.—**Any interrogatories may be set aside on the ground that they have been exhibited unreasonably or vexatiously, or struck out on the ground that they are prolix, oppressive, unnecessary or scandalous; and any application for this purpose may be made within seven days after service of the interrogatories.

**8. Affidavit in answer, filing.—**Interrogatories shall be answered by affidavit to be filed within ten days or within such other time as the Court may allow.

**9. Form of affidavit in answer.—**An affidavit in answer to interrogatories shall be in Form No. 3 in Appendix C, with such variations as circumstances may require.

**10. No exception to be taken.—**No exceptions shall be taken to any affidavit in answer, but the sufficiency or otherwise of any such affidavit objected to as insufficient shall be determined by the Court.

**11. Order to answer or answer further.—**Where any person interrogated omits to answer, or answer insufficiently, the party interrogating may apply to the Court for an order requiring him to answer, or to answer further, as the case may be. And an order may be made requiring him to answer or answer further, either by affidavit or by *viva voce* examination, as the Court may direct.

**12. Application for discovery of documents.—**Any party may, without filing any affidavit, apply to the Court for an order directing any other party to any suit to make discovery on oaths, of the documents which are or have been in his possession or power, relating to any matter in question therein. On the hearing of such application the Court may either refuse or adjourn the same, if satisfied that such discovery is not necessary, or not necessary at that stage of the suit, or make such order, either generally or limited to certain classes of documents, as may, in its discretion be thought fit: Provided that discovery shall not be ordered when and so far as the Court shall be of opinion that it is not necessary either for disposing fairly of the suit or for saving costs.

**13. Affidavit of documents.—**The affidavit to be made by a party against whom such order as is mentioned in the last preceding rule has been made, shall specify which (if any) of the documents therein mentioned he objects to produce, and it shall be in Form No. 5 in Appendix C, with such variations as circumstances may require.

**14. Production of documents.—**It shall be lawful for the Court, at any time during the pendency of any suit, to order the production by any party thereto, upon oath, of such of the documents in his possession or power, relating to any matter in question in such suit, as the Court shall think right; and the Court may deal with such documents, when produced, in such manner as shall appear just.

**15. Inspection of documents referred to in pleadings or affidavits.—**Every party to a suit shall be entitled [1][at or before the settlement of issues] to give notice to any other party, in whose pleadings or affidavits reference is made to any document, [2][or who has entered any document in any list annexed to his pleadings,] to produce such document for the inspection of the party giving such notice, or of his pleader, and to permit him or them to take copies thereof; and any party not complying with such notice shall not afterwards be at liberty to put any such document in evidence on his behalf in such suit unless he shall satisfy the Court that such document relates only to his own title, he being a defendant to the suit, or that he had some other cause or excuse which the Court shall deem sufficient for not complying with such notice, in which case the Court may allow the same to be put in evidence on such terms as to costs and otherwise as the Court shall think fit.

**16. Notice to produce.—**Notice to any party to produce any documents referred to in his pleading or affidavits shall be in Form No. 7 in Appendix C, with such variations as circumstances may require.

1. Subs. by Act 46 of 1999, s. 21, for "at any time" (w.e.f. 1-7-2002).
2. Ins. by Act 104 of 1976, s. 61 (w.e.f. 1-2-1977).

**17. Time for inspection when notice given.—**The party to whom such notice is given shall, within ten days from the receipt of such notice, deliver to the party giving the same a notice stating a time within three days from the delivery thereof at which the documents, or such of them as he does not object to produce, may be inspected at the office of his pleader, or in the case of bankers' books or other books of account or books in constant use for the purposes of any trade or business, at their usual place of custody, and stating which (if any) of the documents he objects to produce, and on what ground. Such notice shall be in Form No. 8 in Appendix C; with such variations as circumstances may require.

**18. Order for inspection.—**(*1*) Where the party served with notice rule 15 omits to give such notice of a time for inspection or objects to give inspection, or offers inspection elsewhere than at the office of his pleader, the Court may, on the application of the party desiring it, make an order for inspection in such place and in such manner as it may think fit: Provided that the order shall not be made when and so far as the Court shall be of opinion that it is not necessary either for disposing fairly of the suit or for saving costs.

(*2*) Any application to inspect documents, except such as are referred to in the pleadings, particulars or affidavit of the party against whom the application is made or disclosed in his affidavit of documents, shall be founded upon an affidavit showing of what documents inspection is sought, that the party applying is entitled to inspect them, and that they are in the possession or power of the other party. The Court shall not make such order for inspection of such documents when and so far as the Court shall be of opinion that it is not necessary either for disposing fairly of the suit or for saving costs.

**19. Verified copies.—**(*1*) Where inspection of any business books is applied for, the Court may, if it thinks fit, instead of ordering inspection of the original books, order a copy of any entries therein to be furnished and verified by the affidavit of some person who has examined the copy with the original entries, and such affidavit shall state whether or not there are in the original book any and what erasures, interlineations or alterations: Provided that, notwithstanding that such copy has been supplied, the Court may order inspection of the book from which the copy was made.

(*2*) Where on an application for an order for inspection privilege is claimed for any document, it shall be lawful for the Court to inspect the document for the purpose of deciding as to the validity of the claim of privilege [1][unless the document relates to matters of State.]

(*3*) The Court may, on the application of any party to suit at any time, and whether an affidavit of documents shall or shall not have already been ordered or made, make an order requiring any other party to state by affidavit whether any one or more specific documents, to be specified in the application, is or are, or has or have at any time been, in his possession or power; and, if not then in his possession, when he parted with the same and what has become thereof. Such application shall be made on an affidavit stating that in the belief of the deponent the party against whom the application is made has, or has at some time had in his possession or power the document or documents specified in the application, and that they relate to the matters in question in the suit, or to some of them.

**20**. **Premature discovery.—**Where the party from whom discovery of any kind or inspection is sought objects to the same, or any part thereof, the Court may, if satisfied that the right to the discovery or inspection sought depends on the determination of any issue or question in dispute in the suit, or that for any other reason it is desirable that any issue or question in dispute in the suit should be determined before deciding upon the right to the discovery or inspection, order that such issue or question be determined first, and reserve the question as to the discovery or inspection.

**21. Non-compliance with order for discovery.—**[2][(*1*)] Where any party fails to comply with any order to answer interrogatories, or for discovery or inspection of documents, he shall, if a plaintiff, be liable to have his suit dismissed for want of prosecution, and, if a defendant, to have his defence, if any struck out, and to be

1. Ins. by Act 104 of 1976, s. 61 (w.e.f. 1-2-1977).
2. Rule 21 renumbered as sub-rule (*1*) by s. 61, *ibid.* (w.e.f. 1-2-19.77).

placed in the same position as if he had not defended, and the party interrogating or seeking discovery or inspection may apply to the Court for an order to that effect and [1][an order may be made on such application accordingly, after notice to the parties and after giving them a reasonable opportunity of being heard.]

[2][(*2*) Where an order is made under sub-rule (*1*) dismissing any suit, the plaintiff shall be precluded from bringing a fresh suit on the same cause of action.]

**22. Using answer to interrogatories at trial.—**Any party may, at the trial of a suit, use in evidence any one or more of the answers or any part of an answer of the opposite party to interrogatories without putting in the others or the whole of such answer : Provided always that in such case the Court may look at the whole of the answers, and if it shall be of opinion that any others of them are so connected with those put in that the last-mentioned answer ought not to be used without them, it may direct them to be put in.

**23. Order to apply to minors.—**This Order shall apply to minor plaintiffs and defendants, and to the next friends and guardians for the suit of persons under disability.

---

*[ORDER XI

*Disclosure, Discovery and inspection of documents in suits before the commercial division of a high court or a commercial court*

**1. Disclosure and discovery of documents**.—(*1*) Plaintiff shall file a list of all documents and photocopies of all documents, in its power, possession, control or custody, pertaining to the suit, along with the plaint, including:—

(*a*) documents referred to and relied on by the plaintiff in the plaint;

(*b*) documents relating to any matter in question in the proceedings, in the power, possession, control or custody of the plaintiff, as on the date of filing the plaint, irrespective of whether the same is in support of or adverse to the plaintiff's case;

(*c*) nothing in this Rule shall apply to documents produced by plaintiffs and relevant only—

(*i*) for the cross-examination of the defendant's witnesses, or

(*ii*) in answer to any case set up by the defendant subsequent to the filing of the plaint, or

(*iii*) handed over to a witness merely to refresh his memory.

(*2*) The list of documents filed with the plaint shall specify whether the documents in the power, possession, control or custody of the plaintiff are originals, office copies or photocopies and the list shall also set out in brief, details of parties to each document, mode of execution, issuance or receipt and line of custody of each document.

(*3*) The plaint shall contain a declaration on oath from the plaintiff that all documents in the power, possession, control or custody of the plaintiff, pertaining to the facts and circumstances of the proceedings initiated by him have been disclosed and copies thereof annexed with the plaint, and that the plaintiff does not have any other documents in its power, possession, control or custody.

*Explanation.*—A declaration on oath under this sub-rule shall be contained in the Statement of Truth as set out in the Appendix.

---

1. Subs. by Act 104 of 1976, s. 61, for "an order may be made accordingly" (w.e.f. 1-2-1977).
2. Ins. by s. 61, *ibid*. (w.e.f. 1-2-1977).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

(*4*) In case of urgent filings, the plaintiff may seek leave to rely on additional documents, as part of the above declaration on oath and subject to grant of such leave by Court, the plaintiff shall file such additional documents in Court, within thirty days of filing the suit, along with a declaration on oath that the plaintiff has produced all documents in its power, possession, control or custody, pertaining to the facts and circumstances of the proceedings initiated by the plaintiff and that the plaintiff does not have any other documents, in its power, possession, control or custody.

(*5*) The plaintiff shall not be allowed to rely on documents, which were in the plaintiff's power, possession, control or custody and not disclosed along with plaint or within the extended period set out above, save and except by leave of Court and such leave shall be granted only upon the plaintiff establishing reasonable cause for non-disclosure along with the plaint.

(*6*) The plaint shall set out details of documents, which the plaintiff believes to be in the power, possession, control or custody of the defendant and which the plaintiff wishes to rely upon and seek leave for production thereof by the said defendant.

(*7*) The defendant shall file a list of all documents and photocopies of all documents, in its power, possession, control or custody, pertaining to the suit, along with the written statement or with its counter-claim if any, including—

(*a*) the documents referred to and relied on by the defendant in the written statement;

(*b*) the documents relating to any matter in question in the proceeding in the power, possession, control or custody of the defendant, irrespective of whether the same is in support of or adverse to the defendant's defence;

(*c*) nothing in this Rule shall apply to documents produced by the defendants and relevant only—

(*i*) for the cross-examination of the plaintiff's witnesses,

(*ii*) in answer to any case set up by the plaintiff subsequent to the filing of the plaint, or

(*iii*) handed over to a witness merely to refresh his memory.

(*8*) The list of documents filed with the written statement or counterclaim shall specify whether the documents, in the power, possession, control or custody of the defendant, are originals, office copies or photocopies and the list shall also set out in brief, details of parties to each document being produced by the defendant, mode of execution, issuance or receipt and line of custody of each document.

(*9*) The written statement or counterclaim shall contain a declaration on oath made by the deponent that all documents in the power, possession, control or custody of the defendant, save and except for those set out in sub-rule (7) (*c*) (*iii*) pertaining to the facts and circumstances of the proceedings initiated by the plaintiff or in the counterclaim, have been disclosed and copies thereof annexed with the written statement or counterclaim and that the defendant does not have in its power, possession, control or custody, any other documents.

(*10*) Save and except for sub-rule (*7*) (*c*) (*iii*), defendant shall not be allowed to rely on documents, which were in the defendant's power, possession, control or custody and not disclosed along with the written statement or counterclaim, save and except by leave of Court and such leave shall be granted only upon the defendant establishing reasonable cause for non-disclosure along with the written statement or counterclaim.

(*11*) The written statement or counterclaim shall set out details of documents in the power, possession, control or custody of the plaintiff, which the defendant wishes to rely upon and which have not been disclosed with the plaint, and call upon the plaintiff to produce the same.

(*12*) Duty to disclose documents, which have come to the notice of a party, shall continue till disposal of the suit.

**2. Discovery by interrogatories.** — (*1*) In any suit the plaintiff or defendant by leave of the court may deliver interrogatories in writing for the examination of the opposite parties or any one or more of such parties, and such interrogatories when delivered shall have a note at the foot thereof stating which of such interrogatories each of such persons is required to answer:

Provided that no party shall deliver more than one set of interrogatories to the same party without an order for that purpose:

Provided further that interrogatories which do not relate to any matters in question in the suit shall be deemed irrelevant, notwithstanding that they might be admissible on the oral cross-examination of a witness.

(*2*) On an application for leave to deliver interrogatories, the particular interrogatories proposed to be delivered shall be submitted to the court, and that court shall decide within seven days from the day of filing of the said application, in deciding upon such application, the court shall take into account any offer, which may be made by the party sought to be interrogated to deliver particulars, or to make admissions, or to produce documents relating to the matters in question, or any of them, and leave shall be given as to such only of the interrogatories submitted as the court shall consider necessary either for disposing fairly of the suit or for saving costs.

(*3*) In adjusting the costs of the suit inquiry shall at the instance of any party be made into the propriety of exhibiting such interrogatories, and if it is the opinion of the taxing officer or of the court, either with or without an application for inquiry, that such interrogatories have been exhibited unreasonably, vexatiously, or at improper length, the costs occasioned by the said interrogatories and the answers thereto shall be paid in any event by the party in fault.

(*4*) Interrogatories shall be in the form provided in Form No. 2 in Appendix C to the Code of Civil Procedure, 1908, (5 of 1908) with such variations as circumstances may require.

(*5*) Where any party to a suit is a corporation or a body of persons, whether incorporated or not, empowered by law to sue or be sued, whether in its own name or in the name of any officer of other person, any opposite party may apply for an order allowing him to deliver interrogatories to any member or officer of such corporation or body, and an order may be made accordingly.

(*6*) Any objection to answering any interrogatory on the ground that it is scandalous or irrelevant or not exhibited *bona fide* for the purpose of the suit, or that the matters inquired into are not sufficiently material at that stage, or on the ground of privilege or any other ground may be taken in the affidavit in answer.

(*7*) Any interrogatories may be set aside on the ground that they have been exhibited unreasonably or vexatiously, or struck out on the ground that they are prolix, oppressive, unnecessary or scandalous and any application for this purpose may be made within seven days after service of the interrogatories.

(*8*) Interrogatories shall be answered by affidavit to be filed within ten days, or within such other time as the court may allow.

(*9*) An affidavit in answer to interrogatories shall be in the form provided in Form No. 3 in Appendix C to the Code of Civil Procedure, 1908, (5 of 1908), with such variations as circumstances may require.

(*10*) No exceptions shall be taken to any affidavit in answer, but the sufficiency or otherwise of any such affidavit objected to as insufficient shall be determined by the court.

(*11*) Where any person interrogated omits to answer, or answers insufficiently, the party interrogating may apply to the court for an order requiring him to answer, or to answer further, as the case may be, and an order may be made requiring him to answer, or to answer further, either affidavit or by *viva voce* examination, as the court may direct.

**3. Inspection.** — (*1*) All parties shall complete inspection of all documents disclosed within thirty days of the date of filing of the written statement or written statement to the counterclaim, whichever is later. The Court may extend this time limit upon application at its discretion, but not beyond thirty days in any event.

(*2*) Any party to the proceedings may seek directions from the Court, at any stage of the proceedings, for inspection or production of documents by the other party, of which inspection has been refused by such party or documents have not been produced despite issuance of a notice to produce.

(*3*) Order in such application shall be disposed of within thirty days of filing such application, including filing replies and rejoinders (if permitted by Court) and hearing.

(*4*) If the above application is allowed, inspection and copies thereof shall be furnished to the party seeking it, within five days of such order.

(*5*) No party shall be permitted to rely on a document, which it had failed to disclose or of which inspection has not been given, save and except with leave of Court.

(*6*) The Court may impose exemplary costs against a defaulting party, who wilfully or negligently failed to disclose all documents pertaining to a suit or essential for a decision therein and which are in their power, possession, control or custody or where a Court holds that inspection or copies of any documents had been wrongfully or unreasonably withheld or refused.

**4. Admission and denial of documents.** — (*1*) Each party shall submit a statement of admissions or denials of all documents disclosed and of which inspection has been completed, within fifteen days of the completion of inspection or any later date as fixed by the Court.

(*2*) The statement of admissions and denials shall set out explicitly, whether such party was admitting or denying:—

(*a*) correctness of contents of a document;

(*b*) existence of a document;

(*c*) execution of a document;

(*d*) issuance or receipt of a document;

(*e*) custody of a document.

*Explanation.*—A statement of admission or denial of the existence of a document made in accordance with sub-rule (*2*) (*b*) shall include the admission or denial of the contents of a document.

(*3*) Each party shall set out reasons for denying a document under any of the above grounds and bare and unsupported denials shall not be deemed to be denials of a document and proof of such documents may then be dispensed with at the discretion of the Court.

(*4*) Any party may however submit bare denials for third party documents of which the party denying does not have any personal knowledge of, and to which the party denying is not a party to in any manner whatsoever.

(*5*) An Affidavit in support of the statement of admissions and denials shall be filed confirming the correctness of the contents of the statement.

(*6*) In the event that the Court holds that any party has unduly refused to admit a document under any of the above criteria, – costs (including exemplary costs) for deciding on admissibility of a document may be imposed by the Court on such party.

(*7*) The Court may pass orders with respect to admitted documents including for waiver of further proof thereon or rejection of any documents.

**5. Production of documents.** — (*1*) Any party to a proceeding may seek or the Court may order, at any time during the pendency of any suit, production by any party or person, of such documents in the possession or power of such party or person, relating to any matter in question in such suit.

(*2*) Notice to produce such document shall be issued in the Form provided in Form No. 7 in Appendix C to the Code of Civil Procedure, 1908 (5 of 1908).

(*3*) Any party or person to whom such notice to produce is issued shall be given not less than seven days and not more than fifteen days to produce such document or to answer to their inability to produce such document.

(*4*) The Court may draw an adverse inference against a party refusing to produce such document after issuance of a notice to produce and where sufficient reasons for such non-production are not given and order costs.

**6. Electronic records.** — (*1*) In case of disclosures and inspection of Electronic Records (as defined in the Information Technology Act, 2000 (21 of 2000)), furnishing of printouts shall be sufficient compliance of the above provisions.

(*2*) At the discretion of the parties or where required (when parties wish to rely on audio or video content), copies of electronic records may be furnished in electronic form either in addition to or in lieu of printouts.

(*3*) Where Electronic Records form part of documents disclosed, the declaration on oath to be filed by a party shall specify—

(*a*) the parties to such Electronic Record;

(*b*) the manner in which such electronic record was produced and by whom;

(*c*) the dates and time of preparation or storage or issuance or receipt of each such electronic record;

(*d*) the source of such electronic record and date and time when the electronic record was printed;

(*e*) in case of email ids, details of ownership, custody and access to such email ids;

(*f*) in case of documents stored on a computer or computer resource (including on external servers or cloud), details of ownership, custody and access to such data on the computer or computer resource;

(*g*) deponent's knowledge of contents and correctness of contents;

(*h*) whether the computer or computer resource used for preparing or receiving or storing such document or data was functioning properly or in case of malfunction that such malfunction did not affect the contents of the document stored;

(*i*) that the printout or copy furnished was taken from the original computer or computer resource.

(*4*) The parties relying on printouts or copy in electronic form, of any electronic records, shall not be required to give inspection of electronic records, provided a declaration is made by such party that each such copy, which has been produced, has been made from the original electronic record.

(*5*) The Court may give directions for admissibility of Electronic Records at any stage of the proceedings.

(*6*) Any party may seek directions from the Court and the Court may of its motion issue directions for submission of further proof of any electronic record including metadata or logs before admission of such electronic record.

**7. Certain provisions of the Code of Civil Procedure, 1908 not to apply.**—For avoidance of doubt, it is hereby clarified that Order XIII Rule 1, Order VII Rule 14 and Order VIII Rule 1A of the Code of Civil Procedure, 1908 (5 of 1908) shall not apply to suits or applications before the Commercial Divisions of High Court or Commercial Courts.]

---

## ORDER XII

*Admissions*

**1. Notice of admission of case.—**Any party to a suit may give notice, by his pleading, or otherwise in writing, that he admits the truth of the whole or any part of the case of any other party.

**2. Notice to admit documents.—**Either party may call upon the other party [1][to admit, within [2][seven] days from the date of service of the notice any document,] saving all exceptions; and in case of refusal or neglect to admit, after such notice, the costs of proving any such document shall be paid by the

1. Subs. by Act 104 of 1976, s. 62, for "to admit any document" (w.e.f. 1-2-1977).
2. Subs. by Act 46 of 1999, s. 22, for "fifteen" (w.e.f. 1-7-2002).

party so neglecting or refusing, whatever the result of the suit may be, unless the Court otherwise directs; and no costs of proving any document shall be allowed unless such notice is given, except where the omission to give the notice is, in the opinion of the Court, a saving of expense.

[1][**2A. Document to be deemed to be admitted if not denied after service of notice to admit documents.**—(*1*) Every document which a party is called upon to admit, if not denied specifically or by necessary implication, or stated to be not admitted in the pleading of that party or in his reply to the notice to admit documents, shall be deemed to be admitted except as against a person under a disability:

Provided that the Court may, in its discretion and for reasons to be recorded, require any document so admitted to be proved otherwise than by such admission.

(*2*) Where a party unreasonably neglects or refuses to admit a document after the service on him of the notice to admit documents, the Court may direct him to pay costs to the other party by way of compensation.]

**3. Form of notice.**—A notice to admit documents shall be in Form No. 9 in Appendix C, with such variations as circumstances may require.

[2][**3A. Power of Court to record admission.**—Notwithstanding that no notice to admit documents has been given under rule 2, the Court may, at any stage of the proceeding before it, of its own motion, call upon any party to admit any document and shall, in such a case, record whether the party admits or refuses or neglects to admit such document.]

**4. Notice to admit acts**.—Any party, may, by notice in writing, at any time not later than nine days before the day fixed for the hearing, call on any other party to admit, for the purposes of the suit only, any specific fact or facts, mentioned in such notice. And in case of refusal or neglect to admit the same within six days after service of such notice, or within such further time as may be allowed by the Court, the costs of proving such fact or facts shall be paid by the party so neglecting or refusing, whatever the result of the suit may be, unless the Court otherwise directs:

Provided that any admission made in pursuance of such notice is to be deemed to be made only for the purposes of the particular suit, and not as an admission to be used against the party on any other occasion or in favour of any person other than the party giving the notice:

[3]* * * * *

**5. Form of admissions.**—A notice to admit facts shall be in Form No. 10 in Appendix C, and admission of facts shall be in Form No. 11 in Appendix C, with such variations as circumstances may require.

[4][**6. Judgment on admissions.**—(*1*) Where admissions of fact have been made either in the pleading or otherwise; whether orally or in writing, the Court may at any stage of the suit, either on the application of any party or of its own motion and without waiting for the determination of any other question between the parties, make such order or give such judgment as it may think fit, having regard to such admissions.

(*2*) Whenever a judgment is pronounced under sub-rule (*1*) a decree shall be drawn up in accordance with the judgment and the decree shall bear the date on which the judgment was pronounced.]

**7. Affidavit of signature.**—An affidavit of the pleader or his clerk, of the due signature of any admissions made in pursuance of any notice to admit documents or facts, shall be sufficient evidenced of such admissions, if evidence thereof is required.

**8. Notice to produce documents.**—Notice to produce documents shall be in Form No. 12 in Appendix C, with such variations as circumstances may require. An affidavit of the pleader, or his clerk, of the Service of any notice to produce, and of the time when it was served, with a copy of the notice to produce, shall in all cases be sufficient evidence of the service of the notice, and of the time when it was served.

1. Ins. by Act 104 of 1976, s. 62 (w.e.f. 1-2-1977).
2. Ins. by Act 66 of 1956, s. 14 (w.e.f. 1-1-1957).
3. Second proviso omitted by Act 46 of 1999, s. 22 (w.e.f. 1-7-2002).
4. Subs. by Act 104 of 1976, s. 62, for rule 6 (w.e.f 1-2-1977).

**9. Costs.**—If a notice to admit or produce specifies documents which are not necessary, the costs occasioned thereby shall be borne by the party giving such notice.

ORDER XIII

*Production, Impounding and Return of Documents*

[1][**1. Original documents to be produced at or before the settlement of issues**.—(*1*) The parties or their pleader shall produce on or before the settlement of issues, all the documentary evidence in original where the copies thereof have been filed along with plaint or written statement.

(*2*) The Court shall receive the documents so produced:

Provided that they are accompanied by an accurate list thereof prepared in such form as the High Court directs.

(*3*) Nothing in sub-rule (*1*) shall apply to documents—

(*a*) produced for the cross-examination of the witnesses of the other party; or

(*b*) handed over to a witness merely to refresh his memory.]

**2.** [*Effect of non-production of documents*.] *Rep. by the Code of Civil Procedure (Amendment) Act,* 1999 *(*46 *of* 1999*) s.* 23 *(w.e.f.* 1-7-2002*).*

**3. Rejection of irrelevant or inadmissible documents.**—The Court may at any stage of the suit reject any document which it considers irrelevant or otherwise inadmissible, recording the grounds of such rejection.

**4. Endorsements on documents admitted in evidence.**—(*1*) Subject to the provisions of the next following sub-rule, there shall be endorsed on every document which has been admitted in evidence in the suit the following particulars, namely:—

(*a*) the number and title of the suit,

(*b*) the name of the person producing the document,

(*c*) the date on which it was produced, and

(*d*) a statement of its having been so admitted,

and the endorsement shall be signed or initialled by the Judge.

(*2*) Where a document so admitted is an entry in a book, account or record, and a copy thereof has been substituted for the original under the next following rule, the particulars aforesaid shall be endorsed on the copy and the endorsement thereon shall be signed or initialled by the Judge.

**5. Endorsements on copies of admitted entries in books, accounts and records.—(***1*) Save in so far as is otherwise provided by the Bankers' Books Evidence Act, 1891 (XVIII of 1891) where a document admitted in evidence in the suit is an entry in a letter-book or a shop-book or other account in current use, the party on whose behalf the book or account is produced may furnish a copy of the entry.

(*2*) Where such a document is an entry in a public record produced from a public office or by a public officer, or an entry in a book or account belonging to a person other than a party on whose behalf the book or account is produced, the Court may require a copy of the entry to be furnished—

(*a*) where the record, book or account is produced on behalf of a party, then by that party, or

(*b*) where the record, book or account is produced in obedience to an order of the Court acting of its own motion, then by either or any party.

(*3*) Where a copy of an entry is furnished under the foregoing provisions of this rule, the Court shall, after causing the copy to be examined, compared and certified in manner mentioned in rule 17 of Order VII, mark the entry and cause the book, account or record in which it occurs to be returned to the person producing it.

1. Subs. by Act 46 of 1999, s. 23, for rules 1 and 2 (w.e.f. 1-7-2002).

**6. Endorsements on documents rejected an inadmissible in evidence.—**Where a document relied on as evidence by either party is considered by the Court to be inadmissible in evidence, there shall be endorsed thereon the particulars mentioned in clauses (*a*), (*b*) and (*c*) of rule 4, sub-rule (*1*) together with a statement of its having been rejected, and the endorsement shall be signed or initialled by the Judge.

7. **Recording of admitted and return of rejected documents.—**(*1*) Every documents which has been admitted in evidence, or a copy thereof where a copy has been substituted for the original under rule 5, shall form part of the record of the suit.

(*2*) Documents not admitted in evidence shall not form part of the record and shall be returned to the persons respectively producing them.

**8. Court may order any document to be impounded.—**Notwithstanding anything contained in rule 5 or rule 7 of this Order or in rule 17 of Order VII, the Court may, if it sees sufficient cause, direct any document or book produced before it in any suit to be impounded and kept in the custody of an officer of the Court, for such period and subject to such conditions as the Court thinks fit.

**9. Return of admitted documents.—**(*1*) Any person, whether a party to the suit or not, desirous of receiving back any documents produced by him in the suit and placed on the record shall, unless the document is impounded under rule 8, be entitled to receive back the same,—

(*a*) where the suit is one in which an appeal is not allowed, when the suit has been disposed of, and

(*b*) where the suit is one in which an appeal is allowed, when the Court is satisfied that the time for preferring an appeal has elapsed and that no appeal has been preferred or, if an appeal has been preferred, when the appeal has been disposed of:

[1][Provided that a document may be returned at any time earlier then that prescribed by this rule if the person applying therefor—

(*a*) delivers to the proper officer for being substituted for the original,—

(*i*) in the case of a party to the suit, a certified copy, and

(*ii*) in the case of any other person, an ordinary copy which has been examined, compared and certified in the manner mentioned in sub-rule (*2*) of rule 17 of Order VII, and

(*b*) undertakes to produce the original, if required to do so:]

Provided also, that no document shall be returned with, by force of the decree, has become wholly void or useless.

(*2*) On the return of a document admitted in evidence, a receipt shall be given by the person receiving it.

**10. Court may send for papers from its own records or from other Courts.—**(*1*) The Court may of its own motion, and may in its discretion upon the application of any of the parties to a suit, send for, either from its own records or from any other Court, the record of any other suit or proceeding, and inspect the same.

(*2*) Every application made under this rule shall (unless the Court otherwise directs) be supported by an affidavit showing how the record is material to the suit in which the application is made, and that the applicant cannot without unreasonable delay or expense obtain a duly authenticated copy of the record or of such portion thereof as the applicant requires, or that the production of the original is necessary for the purposes of justice.

(*3*) Nothing contained in this rule shall be deemed to enable the Court to use in evidence any document which under the law of evidence would be inadmissible in the suit.

**11. Provisions as to documents applied to material objects.—**The provisions therein contained as to documents shall, so far as may be, apply to all other material objects producible as evidence.

---

*[ORDER XIII-A

*Summary Judgment*

**1. Scope of and classes of suits to which this Order applies. —**(*1*) This Order sets out the procedure by which Courts may decide a claim pertaining to any Commercial Dispute without recording oral evidence.

1. Subs. by Act 104 of 1976, s. 63, for the First proviso (w.e.f. 1-2-1977).

*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

(*2*) For the purposes of this Order, the word "claim" shall include—

(*a*) part of a claim;

(*b*) any particular question on which the claim (whether in whole or in part) depends; or

(*c*) a counterclaim, as the case may be.

(*3*) Notwithstanding anything to the contrary, an application for summary judgment under this Order shall not be made in a suit in respect of any Commercial Dispute that is originally filed as a summary suit under Order XXXVII.

**2. Stage for application for summary judgment.—**An applicant may apply for summary judgment at any time after summons has been served on the defendant:

Provided that, no application for summary judgment may be made by such applicant after the Court has framed the issues in respect of the suit.

**3. Grounds for summary judgment.—**The Court may give a summary judgment against a plaintiff or defendant on a claim if it considers that—

(*a*) the plaintiff has no real prospect of succeeding on the claim or the defendant has no real prospect of successfully defending the claim, as the case may be; and

(*b*) there is no other compelling reason why the claim should not be disposed of before recording of oral evidence.

**4. Procedure.—**(*1*) An application for summary judgment to a Court shall, in addition to any other matters the applicant may deem relevant, include the matters set forth in sub-clauses (*a*) to (*f*) mentioned hereunder:—

(*a*) the application must contain a statement that it is an application for summary judgment made under this Order;

(*b*) the application must precisely disclose all material facts and identify the point of law, if any;

(*c*) in the event the applicant seeks to rely upon any documentary evidence, the applicant must,—

(*i*) include such documentary evidence in its application, and

(*ii*) identify the relevant content of such documentary evidence on which the applicant relies;

(*d*) the application must state the reason why there are no real prospects of succeeding on the claim or defending the claim, as the case may be;

(*e*) the application must state what relief the applicant is seeking and briefly state the grounds for seeking such relief.

(*2*) Where a hearing for summary judgment is fixed, the respondent must be given at least thirty days' notice of:—

(*a*) the date fixed for the hearing; and

(*b*) the claim that is proposed to be decided by the Court at such hearing.

(*3*) The respondent may, within thirty days of the receipt of notice of application of summary judgment or notice of hearing (whichever is earlier), file a reply addressing the matters set forth in clauses (*a*) to (*f*) mentioned hereunder in addition to any other matters that the respondent may deem relevant:—

(*a*) the reply must precisely—

(*i*) disclose all material facts;

(*ii*) identify the point of law, if any; and

(*iii*) state the reasons why the relief sought by the applicant should not be granted;

(*b*) in the event the respondent seeks to rely upon any documentary evidence in its reply, the respondent must—

(*i*) include such documentary evidence in its reply; and

(*ii*) identify the relevant content of such documentary evidence on which the respondent relies;

(*c*) the reply must state the reason why there are real prospects of succeeding on the claim or defending the claim, as the case may be;

(*d*) the reply must concisely state the issues that should be framed for trial;

(*e*) the reply must identify what further evidence shall be brought on record at trial that could not be brought on record at the stage of summary judgment; and

(*f*) the reply must state why, in light of the evidence or material on record if any, the Court should not proceed to summary judgment.

**5. Evidence for hearing of summary judgment.—**(*1*) Notwithstanding anything in this Order, if the respondent in an application for summary judgment wishes to rely on additional documentary evidence during the hearing, the respondent must:—

(*a*) file such documentary evidence; and

(*b*) serve copies of such documentary evidence on every other party to the application at least fifteen days prior to the date of the hearing.

(*2*) Notwithstanding anything in this Order, if the applicant for summary judgment wishes to rely on documentary evidence in reply to the defendant's documentary evidence, the applicant must:—

(*a*) file such documentary evidence in reply; and

(*b*) serve a copy of such documentary evidence on the respondent at least five days prior to the date of the hearing.

(*3*) Notwithstanding anything to the contrary, sub-rules (*1*) and (*2*) shall not require documentary evidence to be:—

(*a*) filed if such documentary evidence has already been filed; or

(*b*) served on a party on whom it has already been served.

**6. Orders that may be made by Court.—**(*1*) On an application made under this Order, the Court may make such orders that it may deem fit in its discretion including the following:—

(*a*) judgment on the claim;

(*b*) conditional order in accordance with Rule 7 mentioned hereunder;

(*c*) dismissing the application;

(*d*) dismissing part of the claim and a judgment on part of the claim that is not dismissed;

(*e*) striking out the pleadings (whether in whole or in part); or

(*f*) further directions to proceed for case management under Order XV-A.

(*2*) Where the Court makes any of the orders as set forth in sub-rule (*1*) (*a*) to (*f*), the Court shall record its reasons for making such order.

**7. Conditional order.—**(*1*) Where it appears to the Court that it is possible that a claim or defence may succeed but it is improbable that it shall do so, the Court may make a conditional order as set forth in Rule 6 (*1*) (*b*).

(*2*) Where the Court makes a conditional order, it may:—

(*a*) make it subject to all or any of the following conditions:—

(*i*) require a party to deposit a sum of money in the Court;

(*ii*) require a party to take a specified step in relation to the claim or defence, as the case may be;

(*iii*) require a party, as the case may be, to give such security or provide such surety for restitution of costs as the Court deems fit and proper;

(*iv*) impose such other conditions, including providing security for restitution of losses that any party is likely to suffer during the pendency of the suit, as the Court may deem fit in its discretion; and

(*b*) specify the consequences of the failure to comply with the conditional order, including passing a judgment against the party that have not complied with the conditional order.

**8. Power to impose costs.**—The Court may make an order for payment of costs in an application for summary judgment in accordance with the provisions of sections 35 and 35A of the Code.]

ORDER XIV

*Settlement of Issues and Determination of Suit on Issues of Law or on Issues agreed upon*

**1. Framing of issues.—**(*1*) Issues arise when a material proposition of fact or law is affirmed by the one party and denied by the other.

(*2*) Material propositions arc those propositions of law or fact which a plaintiff must allege in order to show a right to sue or a defendant must allege in order to constitute his defence.

(*3*) Each material proposition affirmed by one party and denied by the other shall form the subject of distinct issue.

(*4*) Issues are of two kinds:

(*a*) issues of fact,

(*b*) issues of law.

(*5*) At the first hearing of the suit the Court shall, after reading the plaint and the written statements if any, and [1][after examination under rule 2 of Order X and after hearing the parties or their pleaders], ascertain upon what material propositions of fact or of law the parties are at variance, and shall thereupon proceed to frame and record the issues on which the right decision of the case appears to depend.

(*6*) Nothing is this rule requires the Court to frame and record issued where the defendant at the first hearing of the suit makes no defence.

[2][**2. Court to pronounce judgment on all issues.—**(*1*) Notwithstanding that a case may be disposed of on a preliminary issue, the Court shall, subject to the provisions of sub-rule (*2*), pronounce judgment on all issues.

(*2*) Where issues both of law and of fact arise in the same suit, and the Court is of opinion that the case or any part thereof may be disposed of on an issue of law only, it may try that issue first if the issue relates to—

(*a*) the jurisdiction of the Court, or

(*b*) a bar to the suit created by any law for the time being in force,

and for that purpose may, if it thinks fit, postpone the settlement of the other issues until after that issue has been determined, and may deal with the suit in accordance with the decision on that issue.]

**3. Materials from which issues may be framed.—**The Court may frame the issues from all or any of the following materials:—

(*a*) allegations made on oath by the parties, or by any persons present on their behalf, or made by the pleaders of such parties;

(*b*) allegations made in the pleadings or in answers to interrogatories delivered in the suit;

(*c*) the contents of documents produced by either party.

**4. Court may examine witnesses or documents before framing issues.—**Where the Court is of opinion that the issues cannot be correctly framed without the examination of some person not before the Court or without the inspection of some document not produced in the suit, it [3][may adjourn the framing of issues to a day not later than seven days] and may (subject to any law for the time being in force) compel the attendance of any person or the production of any document by the person in whose possession or power it is by summons or other process.

[4][**5. Power to amend and strike out, issues.—**(*1*) The Court may at any time before passing a decree amend the issues or frame additional issues on such terms as it thinks fit, and all such amendments or additional issues as may be necessary for determining the matters in controversy between the parties shall be so made or framed.

1. Subs. by Act 104 of 1976, s. 64, for certain words (w.e.f. 1-2-1977).
2. Subs. by s. 64, *ibid.*, for rule 2 (w.e.f. 1-2-1977).
3. Subs. by Act 46 of 1999, s. 24, for certain words (w.e.f. 1-7-2002).
4. Subs. by Act 22 of 2002, s. 11, for rule 5 (w.e.f. 1-7-2002).

(*2*) The Court may also, at any time before passing a decree, strike out any issues that appear to it to be wrongly framed or introduced.]

**6. Questions of fact or law may by agreement be stated in form of issues.—**(*1*) Where the parties to a suit are agreed as to the question of fact or of law to be decided between them, they may state the same in the form of an issue, and enter into an agreement in writing that, upon the finding of the Court in the affirmative or the negative or such issue,—

(*a*) a sum of money specified in the agreement or to be ascertained by the Court, or in such manner as the Court may direct, shall be paid by one of the parties to the other of them, or that one of them be declared entitled to some right or subject some liability specified in the agreement;

(*b*) some property specified in the agreement and in dispute in the suit shall be delivered by one of the parties to the other of them, or as that other may direct; or

(*c*) one or more of the parties shall do or abstain from doing some particular act specified in the agreement and relating to the matter in dispute.

**7. Court, if satisfied that agreement was executed in good faith, may pronounce judgment.—** Where the Court is satisfied, after making such inquiry as it deems proper,—

(*a*) that the agreement was duly executed by the parties,

(*b*) that they have a substantial interest in the decision of such question as aforesaid, and

(*c*) that the same is fit to be tried and decided,

it shall proceed to record and try the issue and state its finding or decision thereon in the same manner as if the issue had been framed by the Court;

and shall, upon the finding or decision on such issue, pronounce judgment according to the terms of the agreement; and, upon the judgment so pronounced, a decree shall follow.

---

*[ORDER XV

*Disposal of the Suit at the first hearing*

**1. Parties not at issue.—**(*1*) Where at the first hearing of a suit it appears that the parties are not at issue on any question of law or of fact, the Court may at once pronounce judgment.

**2. One of several defendants not at issue.—**[1][(*1*) Where there are more defendants than one, and any one of the defendants is not at issue with the plaintiff on any question of law or of fact, the Court may at once pronounce judgment for or against such defendant and the suit shall proceed only against the other defendants.]

[2][(*2*) Whenever a judgment is pronounced under this rule, decree shall be drawn up in accordance with such judgment and the decree shall bear the date on which the judgment was pronounced.]

**3. Parties at issue.—**(*1*) Where the parties are at issue on some question of law or of fact, and issues have been framed by the Court as hereinbefore provided, if the Court is satisfied that no further argument or evidence that the parties can at once adduce is required upon such of the issues as may be sufficient for the decision of the suit, and that no injustice will result from proceeding with the suit forthwith, the Court may proceed to determine such issues, and, if the finding thereon is sufficient for the decision, may pronounce judgment accordingly, whether the summons has been issued for the settlement of issues only or for the final disposal of the suit:

Provided that, where the summons has been issued for the settlement of issues only, the parties or their pleaders are present and none of them objects.

1. Rule 2 renumbered as sub-rule (*1*) by Act 104 of 1976, s. 65 (w.e.f. 1-2-1977).
2. Ins. by s. 65, *ibid.* (w.e.f 1-2-1977).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

(*2*) Where the finding is not sufficient for the decision, the Court shall postpone the further hearing of the suit, and shall fix a day for the production of such further evidence, or for such further argument as the case requires.

**4. Failure to produce evidence.—**Where the summons has been issued for the final disposal of the suit and either party fails without sufficient cause to produce the evidence on which he relies, the Court may at once pronounce judgment, or may, if it thinks fit, after framing and recording issues, adjourn the suit for the production of such evidence as may be necessary for its decision upon such issues.]

---

*[ORDER XV-A

*Case Management Hearing*

**1. First Case Management Hearing.—**The Court shall hold the first Case Management Hearing, not later than four weeks from the date of filing of affidavit of admission or denial of documents by all parties to the suit.

**2. Orders to be passed in a Case Management Hearing.—**In a Case Management Hearing, after hearing the parties, and once it finds that there are issues of fact and law which require to be tried, the Court may pass an order—

(*a*) framing the issues between the parties in accordance with Order XIV of the Code of Civil Procedure, 1908 (5 of 1908), after examining pleadings, documents and documents produced before it, and on examination conducted by the Court under Rule 2 of Order X, if required;

(*b*) listing witnesses to be examined by the parties;

(*c*) fixing the date by which affidavit of evidence to be filed by parties;

(*d*) fixing the date on which evidence of the witnesses of the parties to be recorded;

(*e*) fixing the date by which written arguments are to be filed before the Court by the parties;

(*f*) fixing the date on which oral arguments are to be heard by the Court; and

(*g*) setting time limits for parties and their advocates to address oral arguments.

**3. Time limit for the completion of a trial.—**In fixing dates or setting time limits for the purposes of Rule 2 of this Order, the Court shall ensure that the arguments are closed not later than six months from the date of the first Case Management Hearing.

**4. Recording of oral evidence on a day-to-day basis.—**The Court shall, as far as possible, ensure that the recording of evidence shall be carried on, on a day-to-day basis until the cross-examination of all the witnesses is complete.

**5. Case Management Hearings during a trial.—**The Court may, if necessary, also hold Case Management Hearings anytime during the trial to issue appropriate orders so as to ensure adherence by the parties to the dates fixed under Rule 2 and facilitate speedy disposal of the suit.

**6. Powers of the Court in a Case Management Hearing.—**(*1*) In any Case Management Hearing held under this Order, the Court shall have the power to—

(*a*) prior to the framing of issues, hear and decide any pending application filed by the parties under Order XIII-A;

(*b*) direct parties to file compilations of documents or pleadings relevant and necessary for framing issues;

(*c*) extend or shorten the time for compliance with any practice, direction or Court order if it finds sufficient reason to do so;

(*d*) adjourn or bring forward a hearing if it finds sufficient reason to do so;

(*e*) direct a party to attend the Court for the purposes of examination under Rule 2 of Order X;

(*f*) consolidate proceedings;

---

*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

(*g*) strike off the name of any witness or evidence that it deems irrelevant to the issues framed;

(*h*) direct a separate trial of any issue;

(*i*) decide the order in which issues are to be tried;

(*j*) exclude an issue from consideration;

(*k*) dismiss or give judgment on a claim after a decision on a preliminary issue;

(*l*) direct that evidence be recorded by a Commission where necessary in accordance with Order XXVI;

(*m*) reject any affidavit of evidence filed by the parties for containing irrelevant, inadmissible or argumentative material;

(*n*) strike off any parts of the affidavit of evidence filed by the parties containing irrelevant, inadmissible or argumentative material;

(*o*) delegate the recording of evidence to such authority appointed by the Court for this purpose;

(*p*) pass any order relating to the monitoring of recording the evidence by a commission or any other authority;

(*q*) order any party to file and exchange a costs budget;

(*r*) issue directions or pass any order for the purpose of managing the case and furthering the overriding objective of ensuring the efficient disposal of the suit.

(*2*) When the Court passes an order in exercise of its powers under this Order, it may—

(*a*) make it subject to conditions, including a condition to pay a sum of money into Court; and

(*b*) specify the consequence of failure to comply with the order or a condition.

(*3*) While fixing the date for a Case Management Hearing, the Court may direct that the parties also be present for such Case Management Hearing, if it is of the view that there is a possibility of settlement between the parties.

**7. Adjournment of Case Management Hearing.—**(*1*) The Court shall not adjourn the Case Management Hearing for the sole reason that the advocate appearing on behalf of a party is not present:

Provided that an adjournment of the hearing is sought in advance by moving an application, the Court may adjourn the hearing to another date upon the payment of such costs as the Court deems fit, by the party moving such application.

(*2*) Notwithstanding anything contained in this Rule, if the Court is satisfied that there is a justified reason for the absence of the advocate, it may adjourn the hearing to another date upon such terms and conditions it deems fit.

**8. Consequences of non-compliance with orders.—** Where any party fails to comply with the order of the Court passed in a Case Management Hearing, the Court shall have the power to—

(*a*) condone such non-compliance by payment of costs to the Court;

(*b*) foreclose the non-compliant party's right to file affidavits, conduct cross-examination of witnesses, file written submissions, address oral arguments or make further arguments in the trial, as the case may be, or

(*c*) dismiss the plaint or allow the suit where such non-compliance is wilful, repeated and the imposition of costs is not adequate to ensure compliance.]

---

## ORDER XVI

*Summoning and Attendance of Witnesses*

[1]**[1. List of witnesses and summons to witnesses.—**(*1*) On or before such date as the Court may appoint, and not later than fifteen days after the date on which the issues are settled, the parties shall present in Court a list of witnesses whom they propose to call either to give evidence or to produce documents and obtain summonses to such persons for their attendance in Court.

(*2*) A party desirous of obtaining any summons for the attendance of any person shall file in Court an application stating therein the purpose for which the witness is proposed to be summoned.

(*3*) The Court may, for reasons to be recorded, permit a party to call, whether by summoning through Court or otherwise, any witness, other than those whose names appear in the list referred to in sub-rule (*1*), if such party shows sufficient cause for the omission to mention the name of such witness in the said list.

---

1. Subs. by Act 104 of 1976, s. 66, for rule 1 (w.e.f. 1-2-1977).

(*4*) Subject to the provisions of sub-rule (*2*), summonses referred to in this rule may be obtained by the parties on an application to the Court or to such officer as may be appointed by the [1][Court in this behalf within five days of presenting the list of witnesses under sub-rule (*1*).]

[2][**1A. Production of witnesses without summons.—**A Subject to the provisions of sub-rule (*3*) of rule 1, any party to the suit may, without applying for summons under rule 1, bring any witness to give evidence or to produce documents.]

**2. Expenses of witness to be paid into Court on applying for summons.—**(*1*) The party applying for a summons shall, before the summons is granted and within a period to be fixed [3][which shall not be later than seven days from the date of making applications under sub-rule (*4*) of rule 1] pay into Court such a sum of money as appears to the Court to be sufficient to defray the travelling and other expenses of the person summoned in passing to and from the Court in which he is required to attend, and for one day's attendance.

**(*2*) Experts.—**In determining the amount payable under this rule, the Court may, in the case of any person summoned to give evidence as an expert, allow reasonable remuneration for the time occupied both in giving evidence and in performing any work of an expert character necessary for the case.

**(*3*) Scale of expenses.—**Where the Court is subordinate to a High Court, regard shall be had, in fixing the scale of such expenses, to any rules made in that behalf.

[4][**(*4*) Expenses to be directly paid to witnesses.—**Where the summons is served directly by the party on a witness, the expenses referred to in sub-rule (*1*) shall be paid to the witness by the party or his agent.]

**3. Tender of expenses to witness.—**The sum so paid into Court shall be tendered to the person summoned, at the time of serving the summons, if it can be served personally.

**4. Procedure where insufficient sum paid in.—**(*1*) Where it appears to the Court or to such officer as it appoints in this behalf that the sum paid into Court is not sufficient to cover such expenses or reasonable remuneration, the Court may direct such further sum to be paid to the person summoned as appears to be necessary on that account, and, in case of default in payment, may order such sum to be levied by attachment and sale of the movable property of the party obtaining the summons, or the Court may discharge the person summoned without requiring him to give evidence; or may both order such levy and discharge such person as aforesaid.

(*2*) **Expenses of witnesses detained more than one day.—**Where it is necessary to detain the person summoned for a longer period than one day, the Court may, from time to time, order the party at whose instance he was summoned to pay into Court such sum as is sufficient to defray the expenses of his detention for such further period, and, in default of such deposit being made, may order such sum to be levied by attachment and sale of the movable property of such party; or the Court may discharge the person summoned without requiring him to give evidence; or may both order such levy and discharge such person as aforesaid.

**5. Time, place and purpose of attendance to be specified in summons.—**Every summons for the attendance of a person to give evidence or to produce a document shall specify the time and place at which he is required to attend, and also whether his attendance is required for the purpose of giving evidence or to produce a document or for both purposes; and any particular document, which the person summoned is called on to produce shall be described in the summons with reasonable accuracy.

**6. Summons to produce document.—**Any person may be summoned to produce a document, without being summoned to give evidence; and any person summoned merely to produce a document shall be deemed to have complied with the summons if he causes such document to be produced instead of attending personally to produce the same.

7. **Power to require persons present in Court to give evidence or produce document.—**Any person present in Court may be required by the Court to give evidence or to produce any document then and there in his possession or power.

---

1. Subs. by Act 46 of 1999, s. 25, for certain words (w.e.f. 1-7-2002).
2. Subs. by Act 104 of 1976, s. 66, for rule 1A (w.e.f. 1-2-1977).
3. Ins. by Act 46 of 1999, s. 25 (w.e.f. 7-2002).
4. Ins. by Act 104 of 1976, s. 66 (w.e.f. 1-2-1977).

[1][**7A**. **Summons given to the party for service.—**(*1*) The Court may, on the application of any party for the issue of a summons for the attendance of any person, permit such party to effect service of such summons on such person and shall, in such a case, deliver the summons to such party for service.

(*2*) The service of such summons shall be effected by or on behalf of such party by delivering or tendering to the witness personally a copy thereof signed by the Judge or such officer of the Court as he may appoint in this behalf and sealed with the seal of the Court.

(*3*) The provisions of rules 16 and 18 of Order V shall apply to a summons personally served under this rule as if the person effecting service were a serving officer.

(*4*) If such summons, when tendered, is refused or if the person served refuses to sign and acknowledgement of service or for any reason such summons cannot be served personally, the Court shall, on the application of the party, re-issue such summons to be served by the Court in the same manner as a summons to a defendant.

(*5*) Where a summons is served by a party under this rule, the party shall not be required to pay the fees otherwise chargeable for the service of summons.]

**8. Summons how served.**—Every summons [2][under this Order, not being a summons delivered to a party for service under rule 7A,] shall be served as nearly as may be in the same manner as a summons to a defendant and the rules in Order V as to proof of service shall apply in the case of all summonses served under this rule.

**9. Time for serving summons.—**Service shall in all cases be made a sufficient time before the time specified in the summons for the attendance of the person summoned, to allow him a reasonable time for preparation and for travelling to the place at which his attendance is required.

**10. Procedure where witness fails to comply with summons**.—[3][(*1*) Where a person has been issued either to attend to give evidence or to produce a document, fails to attend or to produce the document in compliance with such summons, the Court—

(*a*) shall, if the certificate of the serving officer has not been verified by the affidavit, or if service of the summons has affected by a party or his agent, or

(*b*) may, if the certificate of the serving officer has been so verified,

examine on oath the serving officer or the party or his agent, as the case may be, who has effected service, or cause him to be so examined by any Court, touching the service or non-service of the summons.]

(*2*) Where the Court sees reason to believe that such evidence or production is material, and that such person has, without lawful excuse, failed to attend or to produce the document in compliance with such summons or has intentionally avoided service, it may issue a proclamation requiring him to attend to give evidence or to produce the document at a time and place to be named therein; and a copy of such proclamation shall be affixed on the outer door or other conspicuous part of the house in which he ordinarily resides.

(*3*) In lieu of or at the time of issuing such proclamation, or at any time afterwards, the Court may, in its discretion, issue a warrant, either with or without bail, for the arrest of such person, and may make an order for the attachment of his property to such amount as it thinks fit, not exceeding the amount of the costs of attachment and of any fine which may be imposed under rule 12:

Provided that no Court of Small Causes shall make an order for the attachment of immovable property.

1. Ins. by Act 104 of 1976, s. 66 (w.e.f. 1-2-1977).
2. Subs. by s. 66, *ibid.*, for certain words (w.e.f. 1-2-1977).
3. Subs. by s. 66. *ibid.*, for sub-rule (*1*) (w.e.f. 1-2-1977).

**11. If witness appears attachment may be withdrawn.—**Where, at any time after the attachment of his property, such person appears and satisfies the Court,—

(*a*) that he did not, without lawful excuse, fail to comply with the summons or intentionally avoid service, and,

(*b*) where he has failed to attend at the time and place named in a proclamation issued under the last preceding rule, that he had no notice of such proclamation in time to attend,

the Court shall direct that the property be released from attachment, and shall make such order as to the costs of the attachment as it thinks fit.

**12. Procedure if witness fails to appear.—**[1][(*1*)] The Court may, where such person does not appear, or appears but fails so to satisfy the Court, impose upon him such fine not exceeding five hundred rupees as it thinks fit, having regard to his condition in life and all the circumstances of the case, and may order his property, or any part thereof, to be attached and sold or, if already attached under rule 10, to be sold for the purpose of satisfying all costs of such attachment, together with the amount of the said fine, if any:

Provided that, if the person whose attendance is required pays into Court the costs and fine aforesaid, the Court shall order the property to be released from attachment.

[2][(*2*) Notwithstanding that the Court has not issued a proclamation under sub-rule (*2*) of rule 10, nor issued a warrant nor ordered attachment under sub-rule (*3*) of that rule, the Court may impose fine under sub-rule (*1*) of this rule after giving notice to such person to show cause why the fine should not be imposed.]

**13. Mode of attachment.—**The provisions with regard to the attachment and sale of property in the execution of a decree shall, so far as they are applicable, be deemed to apply to any attachment and sale under this Order as if the person whose property is so attached were a judgment-debtor.

**14. Court may of its own accord summon as witnesses strangers to suit.—**Subject to the provisions of this Code as to attendance and appearance and to any law for the time being in force, where the Court at any time thinks it necessary [3][to examine any person, including a party to the suit] and not called as a witness by a party to the suit, the Court may, of its own motion, cause such person to be summoned as a witness to give evidence, or to produce any document in his possession, on a day to be appointed, and may examine him as a witness or require him to produce such document.

**15. Duty of persons summoned to give evidence or produce document.** —Subject as last aforesaid, whoever is summoned to appear and give evidence in a suit shall attend at the time and place named in the summons for that purpose, and whoever is summoned to produce a document shall either attend to produce it, or cause it to be produced, at such time and place.

**16. When they may depart.—**(*1*) A person so summoned and attending shall, unless the Court otherwise directs, attend at each hearing until the suit has been disposed of.

(*2*) On the application of either party and the payment through the Court of all necessary expenses (if any), the Court may require any person so summoned and attending to furnish security to attend at the next or any other hearing or until the suit is disposed of and, in default of his furnishing such security, may order him to be detained in the civil prison.

**17. Application of rules 10 to 13.—**The provisions of rules 10 to 13 shall, so far as they are applicable, be deemed to apply to any person who having attended in compliance with a summons departs, without lawful excuse, in contravention of rule 16.

1. Rule 12 renumbered as sub-rule (*1*) by Act 104 of 1976, s. 66 (w.e.f. 1-2-1977).
2. Ins. by s. 66, *ibid.* (w.e.f. 1-2-1977).
3. Subs. by s. 66, *ibid.*, for certain words (w.e.f. 1-2-1977).

**18. Procedure where witness apprehended cannot give evidence or produce document.—**Where any person arrested under a warrant is brought before the Court in custody and cannot, owing to the absence of the parties or any of them, give the evidence or produce the document which he has been summoned to give or produce, the court may require him to give reasonable bail or other security for his appearance at such time and place as it thinks fit, and, on such bail or security being given, may release him, and, in default of his giving such bail or security, may order him to be detained in the civil prison.

**19. No witness to be ordered to attend in person unless resident within certain limits.—**No one shall be ordered to attend in person to give evidence unless he resides—

(*a*) within the local limits of the Court's ordinary jurisdiction, or

(*b*) without such limits but at a place less then [1][one hundred] or (where there is railway or steamer communication or other established public conveyance for five-sixths of the distance between the place where he resides and the place where the Court is situate) less than [2][five hundred kilometres] distance from the court-house:

[3][Provided that where transport by air is available between the two places mentioned in this rule and the witness is paid the fare by air, he may be ordered to attend in person.]

**20. Consequence of refusal of party to give evidence when called on by Court.—**Where any party to a suit present in Court refuses, without lawful excuse, when required by the Court, to give evidence or to produce any document then and there in his possession or power, the Court may pronounce judgment against him or make such order in relation to the suit as it thinks fit.

**21. Rules as to witnesses to apply to parties summoned.—**Where any party to a suit is required to give evidence or to produce a document, the provisions as to witnesses shall apply to him so far as they are applicable.

---

[4][ORDER XVI-A

*Attendance of witnesses confined or detained in prisons*

**1. Definitions.—**In this Order,—

(*a*) "detained" includes detained under any law providing for preventive detention;

(*b*) "prison" includes—

(*i*) any place which has been declared by the State Government, by general or special order, to be a subsidiary jail; and

(*ii*) any reformatory, borstal institution or other institution of a like nature.

**2. Power to require attendance of prisoners to give evidence.—**Where it appears to a Court that the evidence of a person confined or detained in a prison within the State is material in a suit, the Court may make an order requiring the officer in charge of the prison to produce that person before the Court to give evidence:

Provided that, if the distance from the prison to the Court-house is more than twenty-five kilometers, no such order shall be made unless the Court is satisfied that the examination of such person on commission will not be adequate.

**3. Expenses to be paid into Court.—**(*1*) Before making any order under rule 2, the Court shall require the party at whose instance or for whose benefit the order is to be issued, to pay into Court such sum of money as appears to the Court to be sufficient to defray the expenses of the execution of the order, including the travelling and other expenses of the escort provided for the witness.

(*2*) Where the Court is subordinate to a High Court, regard shall be had, in fixing the scale of such expenses, to any rules made by the High Court in that behalf.

**4. Power of State Government to exclude certain persons from the operation of rule 2.—**(*1*) The State Government may, at any time, having regard to the matters specified in sub-rule (*2*), by general or special order,

---

1. Subs. by Act 104 of 1976, s. 66, for "fifty" (w.e.f. 1-2-1977).
2. Subs. by s. 66, *ibid.*, for "two hundred miles" (w.e.f. 1-2-1977).
3. The proviso added, by s. 66, *ibid.* (w.e.f. 1-2-1977).
4. Ins. by s. 67, *ibid.* (w.e.f. 1-2-1977).

direct that any person or class of persons shall not be removed from the prison in which he or they may be confined or detained, and thereupon, so long as the order remains in force, no order made under rule 2, whether before or after the date of the order made by the State Government, shall have effect in respect of such person or class of persons.

(*2*) Before making an order under sub-rule (*1*), the State Government shall have regard to the following matters, namely:—

(*a*) the nature of the offence for which, or the grounds on which, the person or class of persons have been ordered to be confined or detained in prison;

(*b*) the likelihood of the disturbance of public order if the person or class of persons is allowed to be removed from the prison; and

(*c*) the public interest, generally.

**5. Officer in charge of prison to abstain from carrying out order in certain cases.**—Where the person in respect of whom an order is made under rule 2—

(*a*) is certified by the medical officer attached to the prison as unfit to be removed from the prison by reason of sickness or infirmity, or

(*b*) is under committal for trial or under remand pending trial or pending a preliminary investigation; or

(*c*) is in custody for a period which would expire before the expiration of the time required for complying with the order and for taking him back to the prison in which he is confined or detained; or

(*d*) is a person to whom an order made by the State Government under rule 4 applies, the officer in charge of the prison shall abstain from carrying out the Court's order and shall send to the Court a statement of reasons for so abstaining.

**6. Prisoner to be brought to Court in custody.**—In any other case, the officer in charge of the prison shall, upon delivery of the Court's order, cause the person named therein to be taken to the Court so as to be present at the time mentioned in such order, and shall cause him to be kept in custody in or near the Court until he has been examined or until the Court authorises him to be taken back to the prison in which he is confined or detained.

**7. Power to issue commission for examination of witness in prison.**—(*1*) Where it appears to the Court that the evidence of a person confined or detained in a prison, whether within the State or elsewhere in India, is material in a suit but the attendance of such person cannot be secured under the preceding provisions of this Order, the Court may issue a commission for the examination of that person in the prison in which he is confined or detained.

(*2*) The provisions of Order XXVI shall, so far may be, apply in relation to the examination on commission of such person in prison as they apply in relation to the examination on commission of any other person.]

---

## ORDER XVII

*Adjournment*

**1. Court may grant time and adjourn hearing.**—[1][(*1*) The court may, if sufficient cause is shown, at any stage of the suit grant time to the parties or to any of them, and may from time to time adjourn the hearing of the suit for reasons to be recorded in writing:

Provided that no such adjournment shall be granted more than three time to a party during hearing of the suit.]

(*2*) **Costs of adjournment.**—In every such case the Court shall fix a day for the further hearing of the suit, and [2][shall make such orders as to costs occasioned by the adjournment or such higher costs as the court deems fit:]

[3][Provided that,—

(*a*) when the hearing of the suit has commenced, it shall be continued from day-to-day until all the witnesses in attendance have been examined, unless the Court finds that, for the exceptional reasons to be recorded by it, the adjournment of the hearing beyond the following day is necessary.

---

1. Subs. by Act 46 of 1999, s. 26, for sub-rule (*1*) (w.e.f. 1-7-2002).
2. Subs. by s. 26, *ibid.*, for certain words (w.e.f. 1-7-2002).
3. Subs. by Act 104 of 1976, s. 68, for the previous proviso (w.e.f. 1-2-1977).

(*b*) no adjournment shall be granted at the request of a party, except where the circumstances are beyond the control of that party,

(*c*) the fact that the pleader of a party is engaged in another Court, shall not be a ground for adjournment,

(*d*) where the illness of a pleader or his inability to conduct the case for any reason, other than his being engaged in another Court, is put forward as a ground for adjournment, the Court shall not grant the adjournment unless it is satisfied that the party applying for adjournment could not have engaged another pleader in time,

(*e*) where a witness is present in Court but a party or his pleader is not present or the party or his pleader, though present in Court, is not ready to examine or cross-examine the witness, the Court may, if it thinks fit, record the statement of the witness and pass such orders as it thinks fit dispensing with the examination-in-chief or cross-examination of the witness, as the case may be, by the party or his pleader not present or not ready as aforesaid.]

**2. Procedure if parties fail to appear on day fixed.—**Where, on any day to which the hearing of the suit is adjourned, the parties or any of them fail to appear, the Court may proceed to dispose of the suit in one of the modes directed in that behalf by Order IX or make such other order as it thinks fit.

[1][*Explanation*.—Where the evidence or a substantial portion of the evidence of any party has already been recorded and such party fails to appear on any day to which the hearing of the suit is adjourned, the Court may, in its discretion proceed with the case as if such party were present.]

**3. Court may proceed notwithstanding either party fails to produce evidence, etc.—**Where any party to a suit to whom time has been granted fails to produce his evidence, or to cause the attendance of his witnesses, or to perform any other act necessary to the further progress of the suit, for which time has been allowed [2][the Court may, notwithstanding such default,

(*a*) if the parties are present, proceed to decide the suit forthwith; or

(*b*) if the parties are, or any of them is, absent, proceed under rule 2].

## ORDER XVIII

*Hearing of the suit and examination of witnesses*

**1. Right to begin.—**The plaintiff has the right to begin unless the defendant admits the facts alleged by the plaintiff and contents that either in point of law or on some additional facts alleged by the defendant the plaintiff is not entitled to any part of the relief which he seeks, in which case the defendant has the right to begin.

**2. Statement and production of evidence.—**(*1*) On the day fixed for the hearing of the suit or on any other day to which the hearing is adjourned, the party having the right to begin shall state his case and produce his evidence in support of the issues which he is bound to prove.

(*2*) The other party shall then state his case and produce his evidence (if any) and may then address the Court generally on the whole case.

(*3*) The party beginning may then reply generally on the whole case.

[3][(*3A*) Any party may address oral arguments in a case, and shall, before he concludes the oral arguments, if any, submit if the Court so permits concisely and under distinct headings written arguments in support of his case to the Court and such written arguments shall form part of the record.

(*3B*) A copy of such written arguments shall be simultaneously furnished to the opposite party.

(*3C*) No adjournment shall be granted for the purpose of filing the written arguments unless the Court, for reasons to be recorded in writing, considers it necessary to grant such adjourment.

1. The *Explanation* ins. by Act 104 of 1976, s. 68 (w.e.f. 1-2-1977).
2. Subs. by s. 68, *ibid*., for certain words (w.e.f. 1-2-1977).
3. Ins. by Act 22 of 2002, s. 12 (w.e.f. 1-7-2002).

(*3D*) The Court shall fix such time-limits for the oral arguments by either of the parties in a case, as it thinks fit.]

*[(*3A*) A party shall, within four weeks prior to commencing the oral arguments, submit concisely and under distinct headings written arguments in support of his case to the Court and such written arguments shall form part of the record.

(*3B*) The written arguments shall clearly indicate the provisions of the laws being cited in support of the arguments and the citations of judgments being relied upon by the party and include copies of such judgments being relied upon by the party.

(*3C*) A copy of such written arguments shall be furnished simultaneously to the opposite party.

(*3D*) The Court may, if it deems fit, after the conclusion of arguments, permit the parties to file revised written arguments within a period of not more than one week after the date of conclusion of arguments.

(*3E*) No adjournment shall be granted for the purpose of filing the written arguments unless the Court, for reasons to be recorded in writing, considers it necessary to grant such adjournment.

(*3F*) It shall be open for the Court to limit the time for oral submissions having regard to the nature and complexity of the matter.]

[1][* * * * *]

**3. Evidence where several issues.—**Where there are several issues, the burden of proving some of which lies on the other party, the party beginning may, at his option, either produce his evidence on those issues or reserve it by way of answer to the evidence produced by the other party; and, in the latter case, the party beginning may produce evidence on those issues after the other party has produced all his evidence, and the other party may then reply specially on the evidence so produced by the party beginning; but the party beginning will then be entitled to reply generally on the whole case.

[2]**[3A. Party to appear before other witnesses.—**Where a party himself wishes to appear as a witness, he shall so appear before any other witness on his behalf has been examined, unless the Court, for reasons to be recorded, permits him to appear as his own witness at a later stage.]

[3]**[4. Recording of evidence.—**(*1*) In every case, the examination-in-chief of a witness shall be on affidavit and copies thereof shall be supplied to the opposite party by the party who calls him for evidence:

Provided that where documents are filed and the parties rely upon the documents, the proof and admissibility of such documents which are filed along with affidavit shall be subject to the orders of the Court.

*[(*1A*) The affidavits of evidence of all witnesses whose evidence is proposed to be led by a party shall be filed simultaneously by that party at the time directed in the first Case Management Hearing.

(*1B*) A party shall not lead additional evidence by the affidavit of any witness (including of a witness who has already filed an affidavit) unless sufficient cause is made out in an application for that purpose and an order, giving reasons, permitting such additional affidavit is passed by the Court.

(*1C*) A party shall however have the right to withdraw any of the affidavits so filed at any time prior to commencement of cross-examination of that witness, without any adverse inference being drawn based on such withdrawal:

Provided that any other party shall be entitled to tender as evidence and rely upon any admission made in such withdrawn affidavit.]

(*2*) The evidence (cross-examination and re-examination) of the witness in attendance, whose evidence (examination-in-chief) by affidavit has been furnished to the Court, shall be taken either by the Court or by the Commissioner appointed by it:

1. Sub-rule (*4*) omitted by Act 46 of 1999, s. 27 (w.e.f. 1-7-2002).
2. Ins. by Act 104 of 1976, s. 69 (w.e.f. 1.2-1977).
3. Subs. by Act 22 of 2002, s. 12, for rule 4 (w.e.f. 1-7-2002).
*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

Provided that the Court may, while appointing a commission under this sub-rule, consider taking into account such relevant factors as it thinks fit.

(*3*) The Court or the Commissioner, as the case may be, shall record evidence either in writing or mechanically in the presence of the Judge or of the Commissioner, as the case may be, and where such evidence is recorded by the Commissioner he shall return such evidence together with his report in writing signed by him to the Court appointing him and the evidence taken under it shall form part of the record of the suit.

(*4*) The Commissioner may record such remarks as it thinks material respecting the demeanour of any witness while under examination:

Provided that any objection raised during the recording of evidence before the Commissioner shall be recorded by him and decided by the Court at the stage of arguments.

(*5*) The report of the Commissioner shall be submitted to the Court appointing the commission within sixty days from the date of issue of the commission unless the Court for reasons to be recorded in writing extends the time.

(*6*) The High Court or the District Judge, as the case may be, shall prepare a panel of Commissioners to record the evidence under this rule.

(*7*) The Court may by general or special order fix the amount to be paid as remuneration for the services of the Commissioner.

(*8*) The provisions of rules 16, 16A, 17 and 18 of Order XXVI, in so far as they are applicable, shall apply to the issue, execution and return of such commission under this rule.]

[1][ [2]**5. How evidence shall be taken in appealable cases.—**In case in which an appeal is allowed, the evidence of each witness shall be,—

(*a*) taken down in the language of the Court,—

(*i*) in writing by, or in the presence and under the personal direction and superintendence of, the Judge, or

(*ii*) from the dictation of the Judge directly on a typewriter; or

(*b*) if the Judge, for reasons to be recorded, so directs, recorded mechanically in the language of the Court in the presence of the Judge.]

[3]**6. When deposition to be interpreted.—**Where the evidence is taken down in a language different from that in which it is given, and the witness does not understand the language in which it is taken down, the evidence as taken down in writing shall be interpreted to him in the language in which it is given.

[3]**7. Evidence under section 138.—**Evidence taken down under section 138 shall be in the form prescribed by rule 5 and shall be read over and signed and, as occasion may require, interpreted and corrected as if it were evidence taken down under that rule.

[3]**8. Memorandum when evidence not taken down by Judge.—**Where the evidence is not taken down in writing by the Judge, [4][or from his dictation in the open Court, or recorded mechanically in his presence,] he shall be bound, as the examination of each witness proceeds, to make a memorandum of the substance of what each witness deposes, and such memorandum shall be written and signed by the Judge and shall form part of the record.

[5][[3]**9. When evidence may be taken in English.—**(*1*) Where English is not the language of the Court, but all the parties to the suit who appear in person, and the pleaders of such of the parties as appear by pleaders, do not object to having such evidence as is given in English, being taken down in English, the judge may so take it down or cause it to be taken down.

1. Subs. by Act 104 of 1976, s. 69, for rule 5 (w.e.f. 1-2-1977).
2. The provisions of rule so far as they relate to the manner of taking evidence, are not applicable to the Chief Court of Oudh, *see* the Oudh Courts Act, 1925 (U. P. Act 4 of 1925), s. 16 (*2*).
3. The provisions of rules 6, 7, 8, 9, so far as they relate to the manner of taking evidence, are not applicable to the Chief Court of Oudh, *see*, s. 16 (*2*), *ibid.*
4. Ins. by Act 104 of 1976, s. 69 (w.e.f. 1-2-1977).
5. Subs. by s. 69, *ibid.*, for rule 9 (w.e.f. 1-2-1977).

(*2*) Where evidence is not given in English but all the parties who appear in person, and the pleaders of such of the parties as appear by pleaders, do not object to having such evidence being taken down in English, the Judge may take down, or cause to be taken down, such evidence in English.]

**10. Any particular question and answer may be taken down.—**The Court may, of its own motion or on the application of any party or his pleader, take down any particular question and answer, or any objection to any question, if there appears to be any special reason for so doing.

[1]**11. Questions objected to and allowed by Court.** —Where any question put to a witness is objected to by a party or his pleader, and the Court allows the same to be put, the Judge shall take down the question, the answer, the objection and the name of the person making it, together with the decision of the Court thereon.

**12. Remarks on demeanour of witnesses.—**The Court may record such remarks as it thinks material respecting the demeanour of any witness while under examination.

[2][ [1]**13. Memorandum of evidence in unappealable cases.—**In cases in which an appeal is not allowed it shall not be necessary to take down or dictate or record the evidence of the witnesses at length; but the Judge, as the examination of each witness proceeds shall make in writing, or dictate directly on the typewriter, or cause to be mechanically recorded, a memorandum of the substance of what the witness deposes, and such memorandum shall be signed by the Judge or otherwise authenticated, and shall form part of the record.]

[1]**14.** [*Judge unable to make such memorandum to record reasons of his inability*] *omitted by the Code of Civil Procedure (Amendment) Act,* 1976 (104 *of* 1976), *s.* 69 (*w.e.f.* 1-2-1977).]

[1]**15. Power to deal with evidence taken before another Judge.—**(*1*) Where a Judge is prevented by death, transfer or other cause from concluding the trial of a suit, his successor may deal with any evidence or memorandum taken down or made under the foregoing rules as if such evidence or memorandum had been taken down or made by him or under his direction under the said rules and may proceed with the suit from the stage at which his predecessor left it.

(*2*) The provisions of sub-rule (*1*) shall, so far as they are applicable, be deemed to apply to evidence taken in a suit transferred under section 24.

[1]**16. Power to examine witness immediately—**(*1*) Where a witness is about to leave the jurisdiction of the Court, or other sufficient cause is shown to the satisfaction of the Court why his evidence should be taken immediately, the Court may, upon the application of any party or of the witness, at any time after the institution of the suit, take the evidence of such witness in manner hereinbefore provided.

(*2*) Where such evidence is not taken forthwith and in the presence of the parties, such notice as the Court thinks sufficient, of the day fixed for the examination, shall be given to the parties.

(*3*) The evidence so taken shall be read over to the witness, and, if he admits it to be correct, shall be signed by him, and the Judge shall, if necessary, correct the same, and shall sign it, and it may then be read at any hearing of the suit.

**17. Court may recall and examine witness.—**The Court may at any stage of a suit recall any witness who has been examined and may (subject to the law of evidence for the time being in force) put such questions to him as the Court thinks fit.

**17A.** [*Production of evidence not previously known or which could not be produced despite due diligence.*] *omitted by the Code of Civil Procedure (Amendment) Act*, 1999 (46 *of* 1999), *s.* 27 (*w.e.f.* 1-7-2002).

**18. Power of Court to inspect.—**The Court may at any stage of a suit inspect any property or thing concerning which any question may arise [3][and where the Court inspects any property or thing it shall, as soon as may be practicable, make a memorandum of any relevant facts observed at such inspection and such memorandum shall form a part of the record of the suit].

[4][**19. Power to get statements recorded on commission.—**Notwithstanding anything contained in these rules, the court may, instead of examining witnesses in open court, direct their statements to be recorded on commission under rule 4A of Order XXVI.]

---

1. The provisions of rules 11, 13, 14, 15, so far as they relate to the manner of taking evidence, are not applicable to the Chief Court of Oudh, *see* the Oudh Courts Act, 1925 (U. P. Act 4 of 1925), s. 16 *(2).*
2. Subs. by Act 104 of 1976, s. 69, for the rule, (w.e.f. 1-2-1977).
3. Ins. by s. 69, *ibid.* (w.e.f. 1-2-1977).
4. Ins. by Act 46 of 1999, s. 27 (w.e.f. 1-7-2002).

## ORDER XIX

*Affidavits*

**1. Power to order any point to be proved by affidavit.—**Any Court may at any time for sufficient reason order that any particular fact or facts may be proved by affidavit, or that the affidavit of any witness may be read at the hearing, on such conditions as the Court thinks reasonable:

Provided that where it appears to the Court that either party *bona fide* desires the production of a witness for cross-examination, and that such witness can be produced, an order shall not be made authorising the evidence of such witness to be given by affidavit.

**2. Power to order attendance of deponent for cross-examination.—**(*1*) Upon any application evidence may be given by affidavit, but the Court may, at the instance of either party, order the attendance for cross-examination of the deponent.

(*2*) Such attendance shall be in Court, unless the deponent is exempted from personal appearance in Court or the Court otherwise directs.

**3. Matters to which affidavits shall be confined.—**(*1*) Affidavits shall be confined to such facts as the deponent is able of his own knowledge to prove, except on interlocutory applications, on which statements of his belief may be admitted: provided that the grounds thereof are stated.

(*2*) The costs of every affidavit which shall unnecessarily set forth matters of hearsay or argumentative matter, or copies of or extracts from documents, shall (unless the Court otherwise directs) be paid by the party filing the same.

*[**4. Court may control evidence. —**(*1*) The Court may, by directions, regulate the evidence as to issues on which it requires evidence and the manner in which such evidence may be placed before the Court.

(*2*) The Court may, in its discretion and for reasons to be recorded in writing, exclude evidence that would otherwise be produced by the parties.

**5. Redacting or rejecting evidence. —** A Court may, in its discretion, for reasons to be recorded in writing—

(*i*) redact or order the redaction of such portions of the affidavit of examination-in-chief as do not, in its view, constitute evidence; or

(*ii*) return or reject an affidavit of examination-in-chief as not constituting admissible evidence.

**6. Format and guidelines of affidavit of evidence. —**An affidavit must comply with the form and requirements set forth below:—

(*a*) such affidavit should be confined to, and should follow the chronological sequence of, the dates and events that are relevant for proving any fact or any other matter dealt with;

(*b*) where the Court is of the view that an affidavit is a mere reproduction of the pleadings, or contains the legal grounds of any party's case, the Court may, by order, strike out the affidavit or such parts of the affidavit, as it deems fit and proper;

(*c*) each paragraph of an affidavit should, as far as possible, be confined to a distinct portion of the subject;

(*d*) an affidavit shall state—

(*i*) which of the statements in it are made from the deponent's own knowledge and which are matters of information or belief; and

(*ii*) the source for any matters of information or belief;

(*e*) an affidavit should—

(*i*) have the pages numbered consecutively as a separate document (or as one of several documents contained in a file);

(*ii*) be divided into numbered paragraphs;

(*iii*) have all numbers, including dates, expressed in figures; and

(*iv*) if any of the documents referred to in the body of the affidavit are annexed to the affidavit or any other pleadings, give the annexures and page numbers of such documents that are relied upon.]

---

*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

## ORDER XX

*Judgment and decree*

[1][ [2]**1. Judgment when pronounced.—**[3][(*1*) The Court, after the case has been heard, shall pronounce judgment in an open Court, either at once, or as soon thereafter as may be practicable and when the judgment is to be pronounced on some future day, the Court shall fix a day for that purpose, of which due notice shall be given to the parties or their pleaders:

Provided that where the judgment is not pronounced at once, every endeavour shall be made by the Court to pronounce the judgment within thirty days from the date on which the hearing of the case was concluded but, where it is not practicable so to do on the ground of the exceptional and extraordinary circumstances of the case, the Court shall fix a future day for the pronouncement of the judgment, and such day shall not ordinarily be a day beyond sixty days from the date on which the hearing of the case was concluded, and due notice of the day so fixed shall be given to the parties or their pleaders.]

*[(*1*) The Commercial Court, Commercial Division, or Commercial Appellate Division, as the case may be, shall, within ninety days of the conclusion of arguments, pronounce judgment and copies thereof shall be issued to all the parties to the dispute through electronic mail or otherwise.]

[4][(*2*) Where a written judgment is to be pronounced, it shall be sufficient if the findings of the Court on each issue and the final order passed in the case are read out and it shall not be necessary for the Court to read out the whole judgment [5]***.

(*3*) The judgment may be pronounced by dictation in open Court to a shorthand writer if the Judge is specially empowered by the High Court in this behalf:

Provided that, where the judgment is pronounced by dictation in open Court, the transcript of the judgment so pronounced shall, after making such correction therein as may be necessary, be signed by the judge, bear the date on which it was pronounced, and form a part of the record.]

**2. Power to pronounce judgment written by judge's predecessor.—**[6][A Judge shall] pronounce a judgment written, but not pronounced, by his predecessor.

[2]**3. Judgment to be signed.—**The judgment shall be dated and signed by the Judge in open Court at the time of pronouncing it and, when once signed, shall not afterwards be altered or added, to save as provided by section 152 or on review.

[2]**4. Judgments of Small Cause Courts.—**(*1*) Judgments of a Court of Small Causes need not contain more than the points for determination and the decision thereon.

(*2*) **Judgments of other Courts.—**Judgments of other Courts shall contain a concise statement of the case, the points for determination, the decision thereon, and the reasons for such decision.

[2]**5. Court to state its decision on each issue.—**In suits in which issues have been framed, the Court shall state its finding or decision, with the reasons therefor, upon each separate issue, unless the finding upon any one or more of the issue is sufficient for the decision of the suit.

[4]**[5A. Court to inform parties as to where an appeal lies in cases where parties are not represented by pleaders.—**Except where both the parties are represented by pleaders, the Court shall, when it pronounces its judgment in a case subject to appeal, inform the parties present in Court as to the Court to which an appeal lies and the period of limitation for the filing of such appeal and place on record the information so given to the parties.]

---

1. Subs. by Act 66 of 1956, s. 14, for rule I (w.e.f. 1-1-1957).
2. The provisions of rules 1, 3, 4 and 5 are not applicable to the Chief Court of Oudh, *see* the Oudh Courts Act, 1925 (U. P. Act 4 of 1925), s. 16 (*2*).
3. Subs. by Act 22 of 2002, s. 13, for sub-rule (*1*) (w.e.f. 1-7-2002), Earlier rule 1 renumbered as sub-rule (*1*) of that rule by Act 104 of 1976, s. 70 (w.e.f. 1-2-1977).
4. Ins. by Act 104 of 1976, s. 70 (w.e.f. 1-2-1977).
5. Certain words omitted by Act 46 of 1999, s. 28 (w.e.f. 1-2-1977).
6. Subs. by Act 104 of 1976, s. 70 for "A Judge may" (w.e.f. 1-2-1977).

*. Shall be applicable to commercial disputes of a specified value by Act 4 of 2016, s. 16 and the Sch. (w.e.f. 23-10-2015).

**6. Contents of decree.—**(*1*) The decree shall agree with the judgment it shall contain the number of the suit, the [1][names and descriptions of the parties, their registered addresses,] and particulars of the claim, and shall specify clearly the relief granted or other determination of the suit.

(*2*) The decree shall also state the amount of costs incurred in the suit, and by whom or out of what property and in what proportions such costs are to be paid.

(*3*) The Court may direct that the costs payable to one party by the other shall be set off against any sum which is admitted or found to be due from the former to the latter.

[2]**[6A. Preparation of decree.—**(*1*) Every endeavour shall be made to ensure that the decree is drawn up as expeditiously as possible and, in any case, within fifteen days from the date on which the judgment is pronounced.

(*2*) An appeal may be preferred against the decree without filing a copy of the decree and in such a case the copy made available to the party by the court shall for the purposes of rule 1 of Order XLI be treated as the decree. But as soon as the decree is drawn, the judgment shall cease to have the effect of a decree for the purposes of execution or for any other purpose.

**6B. Copies of judgments when to be made available.—**Where the judgment is pronounced, copies of the judgment shall be made available to the parties immediately after the pronouncement of the judgment for preferring an appeal on payment of such charges as may be specified in the rule made by the High Court.]

**7. Date of decree.—**The decree shall bear the day on which the judgment was pronounced, and, when the judge has satisfied himself that the decree has been drawn up in accordance with the judgment, he shall sign the decree.

**8. Procedure where Judge has vacated office before signing decree.—**Where a Judge has vacated office after pronouncing judgment but without signing the decree, a decree drawn up in accordance with such judgment may be signed by his successor or, if the Court has ceased to exist, by the Judge of any Court to which such Court was subordinate.

**9. Decree for recovery of immovable property.—**Where the subject-matter of the suit is immovable property, the decree shall contain a description of such property sufficient to identify the same, and where such property can be identified by boundaries or by numbers in a record of settlement or survey, the decree shall specify such boundaries or numbers.

**10. Decree for delivery of movable property.—**Where the suit is for movable property, and the decree is for the delivery of such property, the decree shall also state the amount of money to be paid as an alternative if delivery cannot be had.

**11. Decree may direct payment by instalments.—**(*1*) Where and in so far as a decree is for the payment of money, the Court may for any sufficient reason [3][incorporate in the decree, after hearing such of the parties who had appeared personally or by pleader at the last hearing, before judgment, an order that] payment of the amount decreed shall be postponed or shall be made by instalments, with or without interest, notwithstanding anything contained in the contract under which the money is payable.

(*2*) **Order, after decree, for payment by instalments.—**After the passing of any such decree the Court may, on the application of the judgment-debtor and with the consent of the decree-holder, order that payment of the amount decreed shall be postponed or shall be made by instalments on such terms as to the payment of interest, the attachment of the property of the judgment-debtor, or the taking of security from him, or otherwise, as it thinks fit.

**12. Decree for possession and *mesne* profits.—**(*1*) Where a suit is for the recovery of possession of immovable property and for rent or *mesne* profits, the Court may pass a decree—

(*a*) for the possession of the property;

[4][(*b*) for the rents which have accrued on the property during the period prior to the institution of the suit or directing an inquiry as to such rent.

---

1. Subs. by Act 104 of 1976, s. 70, for "names and descriptions of the parties" (w.e.f. 1-2-1977).
2. Subs. by Act 46 of 1999, s. 28, for rules 6A and 6B (w.e.f. 1-7-2002).
3. Subs. by Act 104 of 1976, s. 70, for certain words (w.e.f. 1-2-1977).
4. Subs. by s. 70, *ibid.*, for cl. *(b)* (w.e.f. 1-2-1977).

(*ba*) for the *mesne* profits or directing an inquiry as to such *mesne* profits;]

(*c*) directing an inquiry as to rent or *mesne* profits from the institution of the suit until—

(*i*) the delivery of possession to the decree-holder,

(*ii*) the relinquishment of possession by the judgment-debtor with notice to the decree-holder through the Court, or

(*iii*) the expiration of three years from the date of the decree,

whichever, event first occurs.

(*2*) Where an inquiry is directed under clause (*b*) or clause (*c*), a final decree in respect of the rent or *mesne* profits shall be passed in accordance with the result of such inquiry.

[1][**12A. Decree for specific performance of contract for the sale or lease of immovable property.—** Where a decree for the specific performance of a contract for the sale or lease of immovable property orders that the purchase-money or other sum be paid by the purchaser or lessee, it shall specify the period within which the payment shall be made.]

**13. Decree in administration suit.—**(*1*) Where a suit is for an account of any property and for its due administration under the decree of the Court, the Court shall, before passing the final decree, pass a preliminary decree ordering such accounts and inquiries to be taken and made, and giving such other directions as it thinks fit.

(*2*) In the administration by the Court of the property of any deceased person, if such property proves to be insufficient for the payment in full of his debts and liabilities, the same rules shall be observed as to the respective rights of secured and unsecured creditors and as to debts and liabilities provable, and as to the valuation of annuities and future and contingent liabilities respectively, as may be in force for the time being, within the local limits of the Court in which the administration-suit is pending with respect to the estates of persons adjudged or declared insolvent; and all persons who in any such case would be entitled to be paid out of such property, may come in under the preliminary decree, and make such claims against the same as they may respectively be entitled to by virtue of this Code.

**14. Decree in pre-emption suit.—**(*1*) Where the Court decrees a claim to pre-emption in respect of a particular sale of property and the purchase-money has not been paid into Court, the decree shall—

(*a*) specify a day on or before which the purchase-money shall be so paid, and

(*b*) direct that on payment into Court of such purchase-money, together with the costs (if any) decrees against the plaintiff, on or before the day referred to in clause (*a*), the defendant shall deliver possession of the property to the plaintiff, whose title thereto shall be deemed to have accrued from the date of such payment, but that, if the purchase-money and the costs (if any) are not so paid, the suit shall be dismissed with costs.

(*2*) Where the Court has adjudicated upon rival claims to pre-emption, the decree shall direct,—

(*a*) if and in so far as the claims decreed are equal in decree, that the claim of each pre-emptor complying with the provisions of sub-rule (*1*) shall take effect in respect of a proportionate share of the property including any proportionate share in respect of which the claim of any pre-emptor failing to comply with the said provisions would, but for such default, have taken effect; and

(*b*) if and in so far as the claims decreed are different in degree, that the claim of the inferior pre-emptor shall not take effect unless and until the superior pre-emptor has failed to comply with the said provisions.

**15. Decree in suit for dissolution of partnership.—**Where a suit is for the dissolution of a partnership, or the taking of partnership accounts, the Court, before passing a final decree, may pass a preliminary decree declaring the proportionate shares of the parties, fixing the day on which the partnership shall stand dissolved or be deemed to have been dissolved, and directing such accounts to be taken, and other acts to be done, as it thinks fit.

**16. Decree in suit for account between principal and agent.—**In a suit for an account of pecuniary transactions between a principal and an agent, and in any other suit not hereinbefore provided for, where it is necessary, in order to ascertain the amount of money due to or from any party, that an account should be taken,

1. Ins. by Act 104 of 1976, s. 70 (w.e.f. 1-2-1977).

the Court shall, before passing its final decree, pass a preliminary decree directing such accounts to be taken as it thinks fit.

**17. Special directions as to accounts.—**The Court may either by the decree directing an account to be taken or by any subsequent order give special direction with regard to the mode in which the account is to be taken or vouched and in particular may direct that in taking the account the books of account in which the accounts in question have been kept shall be taken as *prima facie* evidence of the truth of the matters therein contained with liberty to the parties interested to take such objection thereto as they may be advised.

**18. Decree in suit for partition of property or separate possession of a share therein.—**Where the Court passes a decree for the partition of property or for the separate possession of a share therein, then,—

(*1*) if and in so far as the decree relates to an estate assessed to the payment of revenue to the Government, the decree shall declare the rights of the several parties interested in the property, but shall direct such partition or separation to be made by the Collector, or any gazetted subordinate of the Collector deputed by him in this behalf, in accordance with such declaration and with the provisions of section 54;

(*2*) if and in so far as such decree relates to any other immovable property or to movable property, the Court may, if the partition or separation cannot be conveniently made without further inquiry, pass a preliminary decree declaring the rights of the several parties interested in the property and giving such further directions as may be required.

**19. Decree when set-off or counter-claim is allowed.—**(*1*) Where the defendant has been allowed a set-off [1][or counter-claim] against the claim of the plaintiff, the decree shall state what amount is due to the plaintiff and what amount is due to the defendant, and shall be for the recovery of any sum which appears to be due to either party.

(*2*) **Appeal from decree relating to set-off or counter-claim.—**Any decree passed in a suit in which a set-off [1][or counter-claim] is claimed shall be subject to the same provisions in respect of appeal to which it would have been subject if no set-off [1][or counter-claim] had been claimed.

(*3*) The provisions of this rule shall apply whether the set-off is admissible under rule 6 of Order VIII or otherwise.

**20. Certified copies of judgment and decree to be furnished.—**Certified copies of the judgment and decree shall be furnished to the parties on application to the Court, and at their expense.

---

[2][ORDER XXA

*Costs*

**1. Provisions relating to certain items.—**Without prejudice to the generality of the provisions of this Code relating to costs, the Court may award costs in respect of,—

(*a*) expenditure incurred for the giving of any notice required to be given by law before the institution of the suit;

(*b*) expenditure incurred on any notice which, though not required to be given by law, has been given by any party to the suit to any other party before the institution of the suit;

(*c*) expenditure incurred on the typing, writing or printing of pleadings filed by any party;

(*d*) charges paid by a party for inspection of the records of the Court for the purposes of the suit;

(*e*) expenditure incurred by a party for producing witnesses, even though not summoned through Court; and

(*f*) in the case of appeals, charges incurred by a party for obtaining any copies of judgments and decrees which are required to be filed along with the memorandum of appeal.

**2. Costs to be awarded in accordance with the rules made by High Court.—**The award of Costs under this rule shall be in accordance with such rules as the High Court may make in that behalf.]

---

1. Ins. by Act 104 of 1976, s. 70 (w.e.f. 1-2-1977).
2. Ins. by s. 71, *ibid.* (w.e.f. 1-2-1977).

ORDER XXI

*Execution of Decrees and Orders*
*Payment under Decree*

[1][**1. Modes of paying money under decree**.—(*1*) All money, payable under a decree shall be paid as follows, namely:—

(*a*) by deposit into the court whose duty it is to execute the decree, or sent to that Court by postal money order or through a bank; or

(*b*) out of Court, to the decree-holder by postal money order or through a bank or by any other mode wherein payment is evidenced in writing; or

(*c*) otherwise, as the Court which made the decree, directs.

(*2*) Where any payments is made under clause (*a*) or clause (*c*) of sub-rule (*1*), the judgment-debtor shall give notice thereof to the decree-holder either through the Court or directly to him by registered post, acknowledgment due.

(*3*) Where money is paid by postal money order or through a bank under clause (*a*) or clause (*b*) of sub-rule (*1*), the money order or payment through bank, as the case may be, shall accurately state the following particulars, namely:—

(*a*) the number of the original suit;

(*b*) the names of the parties or where there are more than two plaintiffs or more than two defendants, as the case may be, the names of the first two plaintiffs and the first two defendants;

(*c*) how the money remitted is to be adjusted, that is to say, whether it is towards the principal, interest or costs;

(*d*) the number of the execution case of the Court, where such case is pending; and

(*e*) the name and address of the payer.

(*4*) On any amount paid under clause (*a*) or clause (*c*) of sub-rule (*1*), interest, if any, shall cease to run from the date of service of the notice referred to in sub-rule (*2*).

(*5*) On any amount paid under clause (*b*) of sub-rule (*1*), interest, if any, shall cease to run from the date of such payment:

Provided that, where the decree-holder refuses to accept the postal money order or payment through a bank, interest shall cease to run from the date on which the money was tendered to him, or where he avoids acceptance of the postal money order or payment through bank, interest shall cease to run from the date on which the money would have been tendered to him in the ordinary course of business of the postal authorities or the bank, as the case may be.]

**2. Payment out of Court to decree-holder**.—(*1*) Where any money payable under a decree of any kind is paid out of Court, [2][or decree of any kind is otherwise adjusted] in whole or in part to the satisfaction of the decree-holder, the decree-holder shall certify such payment or adjustment to the Court whose duty it is to execute the decree, and the Court shall record the same accordingly.

(*2*) The judgment-debtor [2][or any person who has become surety for the judgment-debtor] also may inform the Court of such payment or adjustment, and apply to the Court to issue a notice to the decree-holder to show cause, on a day to be fixed by the Court, why such payment or adjustment should not be recorded as certified; and if, after service of such notice, the decree-holder fails to show cause why the payment or adjustment should not be recorded as certified, the Court shall record the same accordingly.

[3][(*2A*) No payment or adjustment shall be recorded at the instance of the judgment-debtor unless—

(*a*) the payment is made in the manner provided in rule 1; or

1. Subs. by Act 104 of 1976, s. 72, for rule 1 (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid*., for certain words (w.e.f. 1-2-1977).
3. Ins. by s. 72, *ibid.* (w.e.f. 1-2-1977).

(*b*) the payment or adjustment is proved by documentary evidence; or

(*c*) the payment or adjustment is admitted by, or on behalf of, the decree-holder in his reply to the notice given under sub-rule (*2*) of rule 1, or before the Court.]

[1](*3*) A payment or adjustment, which has not been certified or recorded as aforesaid, shall not be recognized by any Court executing the decree.

*Courts executing decrees*

**3. Lands situate in more than one jurisdiction.—**Where immovable property forms one estate or tenure situate within the local limits of the jurisdiction of two or more Courts, any one of such Courts may attach and sell the entire estate or tenure.

**4. Transfer to Court of Small Causes.** —Where a decree has been passed in a suit of which the value as set forth in the plaint did not exceed two thousand rupees and which, as regards its subject-matter, is not excepted by the law for the title being in force from the cognizance of either a Presidency or a Provincial Court of Small Causes, and the Court which passed it wishes it to be executed in Calcutta, Madras [2][or Bombay], such Court may send to the Court of Small Causes in Calcutta, Madras [2][or Bombay], as the case may be, the copies and certificates mentioned in rule 6; and such Court of Small Causes shall thereupon execute the decree as if it had been passed by itself.

[3]**[5. Mode of transfer.—**Where a decree is to be sent for execution to another Court, the Court which passed such decree shall send the decree directly to such other Court whether or not such other Court is situated in the same State, but the Court to which the decree is sent for execution shall, if it has no jurisdiction to execute the decree, send it to the Court having such jurisdiction.]

**6. Procedure where Court desires that its own decree shall be executed by another Court.—**The Court sending a decree for execution shall send—

(*a*) a copy of the decree;

(*b*) a certificate setting forth that satisfaction of the decree has not been obtained by execution within the jurisdiction of the Court by which it was passed, or, where the decree has been executed in part, the extent to which satisfaction has been obtained and what part of the decree remains unsatisfied; and

(*c*) a copy of any order for the execution of the decree, or, if no such order has been made, a certificate to that effect.

7. **Court receiving copies of decree, etc., to file same without proof.—**The Court to which a decree is so sent shall cause such copies and certificates to be filed, without any further proof of the decree or order for execution, or of the copies thereof, unless the Court, for any special reasons to be recorded under the hand of the Judge, requires such proof.

**8. Execution of decree or order by Court to which it is sent.—**Where such copies are so filed, the decree or order may, if the Court to which it is sent is the District Court, be executed by such Court or be transferred for execution to any subordinate Court of competent jurisdiction.

**9. Execution by High Court of decree transferred by other Court.—**Where the Court to which the decree is sent for execution is a High Court, the decree shall be executed by such Court in the same manner as if it had been passed by such Court in the exercise of its ordinary original civil jurisdiction.

*Application for execution*

**10. Application for execution.—**Where the holder of a decree desires to execute it, he shall apply to the Court which passed the decree or to the officer (if any) appointed in this behalf, or if the decree has been sent under the provisions hereinbefore contained to another Court then to such Court or to the proper officer thereof.

1. In the application of the Act to Punjab, sub-rule (*3*) rep. by the Punjab Relief of Indebtedness Act, 1934 (Pun. Act 7 of 1934), s. 36.
2. Subs. by the A.O. 1937, for "Bombay or Rangoon".
3. Subs. by Act 104 of 1976, s. 72, for rule 5 (w.e.f. 1-2-1977).

**11. Oral application.**—(*1*) Where a decree is for the payment of money the Court may, on the oral application of the decree-holder at the time of the passing of the decree, order immediate execution thereof by the arrest of the judgment-debtor, prior to the preparation of a warrant if he is within the precincts of the Court.

(*2*) **Written application.**—Save as otherwise provided by sub-rule (*1*), every application for the execution of a decree shall be in writing, signed and verified by the applicant or by some other person proved to the satisfaction of the Court to be acquainted with the facts of the case, and shall contain in a tabular form the following particulars, namely:—

(*a*) the number of the suit;

(*b*) the names of the parties;

(*c*) the date of the decree;

(*d*) whether any appeal has been preferred from the decree;

(*e*) whether any, and (if any) what, payment or other adjustment of the matter in controversy has been made between the parties subsequently to the decree;

(*f*) whether any, and (if any) what, previous applications have been made for the execution of the decree, the dates of such applications and their results;

(*g*) the amount with interest (if any) due upon the decree, or other relief granted thereby, together with particulars of any cross-decree, whether passed before or after the date of the decree sought to be executed;

(*h*) the amount of the costs (if any) awarded;

(*i*) the name of the person against whom execution of the decree is sought; and

(*j*) the mode in which the assistance of the Court is required whether,—

(*i*) by the delivery of any property specifically decreed;

[1][(*ii*) by the attachment, or by the attachment and sale, or by the sale without attachment, of any property;]

(*iii*) by the arrest and detention in prison of any person;

(*iv*) by the appointment of a receiver;

(*v*) otherwise, as the nature of the relief granted may require.

(*3*) The Court to which an application is made under sub-rule (*2*) may require the applicant to produce a certified copy of the decree.

[2]**[11A. Application for arrest to state grounds.**—Where an application is made for the arrest and detention in prison of the judgment-debtor, it shall state, or be accompanied by an affidavit stating, the grounds on which arrest is applied for.]

**12. Application for attachment of movable property not in judgment-debtor's possession.**—Where an application is made for the attachment of any movable property belonging to a judgment-debtor but not in his possession, the decree-holder shall annex to the application an inventory of the property to be attached, containing a reasonably accurate description of the same.

**13. Application for attachment of immovable property to contain certain particulars.**—Where an application is made for the attachment of any immovable property belonging to a judgment-debtor, it shall contain at the foot—

(*a*) a description of such property sufficient to identify the same and, in case such property can be identified by boundaries or numbers in a record of settlement or survey, a specification of such boundaries or numbers; and

(*b*) a specification of the judgment-debtor's share or interest in such property to the best of the belief of the applicant, and so far as he has been able to ascertain the same.

---

1. Subs. by Act 104 of 1976, s. 72, for sub-clause (*ii*) (w.e.f. 1-2-1977).
2. Ins. by s. 72, *ibid*. (w.e.f. 1-2-1977).

**14. Power to require certified extract from Collector's register in certain cases.**—Where an application is made for the attachment of any land which is registered in the office of the Collector, the Court may require the applicant to produce a certified extract from the register of such office, specifying the persons registered as proprietors of, or as possessing any transferable interest in, the land or its revenue, or as liable to pay revenue for the land, and the shares of the registered proprietors.

**15. Application for execution by Joint decree-holders.**—(*1*) Where a decree has been passed jointly in favour of more persons than one, any one or more of such persons may, unless the decree imposes any condition to the contrary, apply for the execution of the whole decree for the benefit of them all, or, where any of them has died, for the benefit of the survivors and the legal representatives of the deceased.

(*2*) Where the Court sees sufficient cause for allowing the decree to be executed on an application made under this rule, it shall make such order as it deems necessary for protecting the interest of the persons who have not joined in the application.

**16. Application for execution by transferee of decree.**—Where a decree or, if a decree has been passed jointly in favour of two or more persons, the interest of any decree-holder in the decree is transferred by assignment in writing or by operation of law, the transferee may apply for execution of the decree to the Court which passed it; and the decree may be executed in the same manner and subject to the same conditions as if the application were made by such decree-holder:

Provided that, where the decree, or such interest as aforesaid, has been transferred by assignment, notice of such application shall be given to the transferor and the judgment-debtor, and the decree shall not be executed until the Court has heard their objections (if any) to its execution:

Provided also that, where a decree for the payment of money against two or more persons has been transferred to one of them, it shall not be executed against the others.

[1][*Explanation.*—Nothing in this rule shall affect the provisions of section 146, and a transferee of rights in the property, which is the subject matter of the suit, may apply for execution of the decree without a separate assignment of the decree as required by this rule.]

**17. Procedure on receiving application for execution of decree.**—(*1*) On receiving an application for the execution of a decree as provided by rule 11, sub-rule (*2*), the Court shall ascertain whether such of the requirements of rules 11 to 14 as may be applicable to the case have been complied with; and, if they have not been complied with, [2][the Court shall allow] the defect to be remedied then and there or within a time to be fixed by it.

[2][1A. If the defect is not so remedied, the Court shall reject the application:

Provided that where, in the opinion of the Court, there is some inaccuracy as to the amount referred to in clauses (*g*) and (*h*) of sub-rule (*2*) of rule 11, the Court shall, instead of rejecting the application, decide provisionally (without prejudice to the right of the parties to have the amount finally decided in the course of the proceedings) the amount and make an order for the execution of the decree for the amount so provisionally decided.]

(*2*) Where an application is amended under the provisions of sub-rule (*1*), it shall be deemed to have been an application in accordance with law and presented on the date when it was first presented.

(*3*) Every amendment made under this rule shall be signed or initialled by the Judge.

(*4*) When the application is admitted, the Court shall enter in the proper register a note of the application and the date on which it was made, and shall, subject to the provisions hereinafter contained, order execution of the decree according to the nature of the application:

Provided that, in the case of a decree for the payment of money, the value of the property attached shall, as nearly as may be, correspond with the amount due under the decree.

1. Ins. by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid.*, for certain words (w.e.f. 1-2-1977).

**18. Execution in case of cross-decrees.**—(*1*) Where applications are made to a Court for the execution of cross-decrees in separate suits for the payment of two sums of money passed between the same parties and capable of execution at the same time by such Court, then—

(*a*) if the two sums are, equal, satisfaction shall be entered upon both decrees; and

(*b*) if the two sums are unequal execution may be taken out only by the holder of the decree for the larger sum and for so much only as remains after deducting the smaller sum, and satisfaction for the smaller sum shall be entered on the decree for the larger sum as well as satisfaction on the decree for the smaller sum.

(*2*) This rule shall be deemed to apply where either party is an assignee of one of the decrees and as well in respect of judgment-debts due by the original assignor as in respect of judgment-debts due by the assignee himself.

(*3*) This rule shall not be deemed to apply unless—

(*a*) the decree-holder in one of the suits in which the decrees have been made is the judgment-debtor in the other and each party files the same character in both suits; and

(*b*) the sums due under the decrees are definite.

(*4*) The holder of a decree passed against several persons jointly and severally may treat it as a cross-decree in relation to a decree passed against him singly in favour of one or more of such persons.

*Illustrations*

(*a*) A holds a decree against B for Rs. 1,000. B holds a decree against A for payment of Rs. 1,000 in case A fails to deliver certain goods at a future day. B cannot treat his decree as a cross-decree under this rule.

(*b*) A and B, co-plaintiffs, obtain a decree for Rs. 1,000. against C, and C obtains a decree for Rs. 1,000 against B. C cannot treat his decree as a cross-decree under this rule.

A obtains a decree against B for Rs. 1,000. C, who is a trustee for B, obtains a decree on behalf of B against A for Rs. 1,000. B cannot treat C's decree as a cross-decree under this rule.

A, B, C, D and E are jointly and severally liable for Rs. 1,000 under a decree obtained by F. A obtains a decree for Rs. 1,000 against F singly and applies for execution to the Court in which the joint-decree is being executed. F may treat his joint-decree as cross-decree under this rule.

**19. Execution in case of cross-claims under same decree.**—Where application is made to a Court for the execution of a decree under which two parties are entitled to recover sums of money from each other, then—

(*a*) if the two sums are equal, satisfaction for both shall be entered upon the decree; and

(*b*) if the two sums are unequal, execution may be taken out only by the party entitled to the larger sum and for so much only as remains after deducting the smaller sum, and satisfaction for the smaller sum shall be entered upon the decree.

**20. Cross-decrees and cross-claims in mortgage suits.**—The provisions contained in rules 18 and 19 shall apply to decrees for sale in enforcement of a mortgage or charge.

**21. Simultaneous execution.**—The Court may, in its discretion, refuse execution at the same time against the person and property of the judgment-debtor.

**22. Notice to show cause against execution in certain cases.**—(*1*) Where an application for execution is made—

(*a*) more than [1][two years] after the date of the decree, or

(*b*) against the legal representative of a party to the decree [2][or where an application is made for execution of a decree filed under the provisions of section 44A], [3][or]

1. Subs. by Act 104 of 1976, s. 72, for "one year" (w.e.f. 1-2-1977).
2. Ins. by Act 8 of 1937, s. 3.
3. Ins. by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).

[1][(*c*) against the assignee or receiver in insolvency, where the party to the decree has been adjudged to be an insolvent,]

the Court executing the decree shall issue a notice to the person against whom execution is applied for requiring him to show cause, on a date to be fixed, why the decree should not be executed against him :

Provided that no such notice shall be necessary in consequence of more than [2][two years] having elapsed between the date of the decree and the application for execution if the application is made within [2][two years] from the date of the last order against the party against whom execution is applied for, made on any previous application for execution, or in consequence of the application being made against the legal representative of the judgment-debtor if upon a previous application for execution against the same person the Court has ordered execution to issue against him.

(*2*) Nothing in the foregoing sub-rule shall be deemed to preclude the Court from issuing any process in execution of a decree without issuing the notice thereby prescribed, if, for reasons to be recorded, it considers that the issue of such notice would cause unreasonable delay or would defeat the ends of justice.

[1]**[22A. Sale not be set aside on the death of the judgment-debtor before the sale but after the service of the proclamation of sale.—**Where any property is sold in execution of a decree, the sale shall not be set aside merely by reason of the death of the judgment-debtor between the date of issue of the proclamation of sale and the date of the sale notwithstanding the failure of the decree-holder to substitute the legal representative of such deceased judgment-debtor, but, in case of such failure, the Court may set aside the sale if it is satisfied that the legal representative of the deceased judgment-debtor has been prejudiced by the sale.]

**23. Procedure after issue of notice.—**(*1*) Where the person to whom notice is issued under [3][rule 22] does not appear or does not show cause to the satisfaction of the Court why the decree should not be executed, the Court shall order the decree to be executed.

(*2*) Where such person offers any objection to the execution of the decree, the Court shall consider such objection and make such order as it thinks fit.

*Process for execution*

**24. Process for execution.—**(*1*) When the preliminary measures (if any) required by the foregoing rules have been taken, the Court shall, unless it sees cause to the contrary, issue its process for the execution of the decree.

(*2*) Every such process shall bear date the day on which it is issued, and shall be signed by the Judge or such officer as the Court may appoint in this behalf, and shall be sealed with the seal of the Court and delivered to the proper officer to be executed.

[4][(*3*) In every such process, a day shall be specified on or before which it shall be executed and a day shall also be specified on or before which it shall be returned to the Court, but no process shall be deemed to be void if no day for its return is specified therein.]

**25. Endorsement on process.—**(*1*) The officer entrusted with the execution of the process shall endorse thereon the day on, and the manner in, which it was executed, and, if the latest day specified in the process for the return thereof has been exceeded, the reason of the delay, or, if it was not executed, the reason why it was not executed, and shall return the process with such endorsement to the Court.

(*2*) Where the endorsement is to the effect that such officer is unable to execute the process, the Court shall examine him touching his alleged inability, and may, if it thinks fit, summon and examine witnesses as to such inability, and shall record the result.

1. Ins. by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid*., for "one year" (w.e.f. 1-2-1977).
3. Subs. by Act 38 of 1978, s. 3 and the second Sch., for "the last preceding rule" (w.e.f. 26-11-1978).
4. Subs. by Act 104 of 1976, s. 72, for sub-rule (*3*) (w.e.f. 1-2-1977).

*Stay of execution*

**26. When Court may stay execution.—**(*1*) The Court to which a decree has been sent for execution shall, upon sufficient cause being shown, stay the execution of such decree for a reasonable time, to enable the judgment-debtor to apply to the Court by which the decree was passed, or to any Court having appellate jurisdiction in respect of the decree or the execution thereof, for an order to stay execution, or for any other order relating to the decree or execution which might have been made by such Court of first instance or Appellate Court if execution had been issued thereby, or if application for execution had been made thereto.

(*2*) Where the property or person of the judgment-debtor has been seized under an execution, the Court which issued the execution may order the restitution of such property or the discharge of such person pending the result of the application.

**(*3*) Power to require security from, or impose conditions upon, judgment-debtor.—**Before making an order to stay execution, or for the restitution of property or the discharge of the judgment-debtor, [1][the Court shall require] such security from, or impose such condition upon, the judgment-debtor as it thinks fit.

**27. Liability of judgment-debtor discharged.—**No order of restitution or discharge under rule 26 shall prevent the property or person of a judgment-debtor from being retaken in execution of the decree sent for execution.

**28. Order of Court which passed decree or of Appellate Court to be binding upon Court applied to.—**Any order of the Court by which the decree was passed, or of such Court of appeal as aforesaid, in relation to the execution of such decree, shall be binding upon the Court to which the decree was sent for execution.

**29. Stay of execution pending suit between decree-holder and judgment-debtors.—**Where a suit is pending in any Court against the holder of a decree of such Court [2][or of a decree which is being executed by such Court, on the part of the person against whom the decree was passed, the Court may, on such terms as to security or otherwise, as it thinks fit, stay execution of the decree until the pending suit has been decided:

[2][Provided that if the decree is one for payment of money, the Court shall, if it grants stay without requiring security, record its reasons for so doing.]

*Mode of execution*

**30. Decree for payment of money.—**Every decree for the payment of money, including a decree for the payment of money as the alternative to some other relief, may be executed by the detention in the civil prison of the judgment-debtor, or by the attachment and sale of his property, or by both.

**31. Decree for specific movable property.—**(*1*) Where the decree is for any specific movable, or for any share in a specific movable, it may be executed by the seizure, if practicable, of the movable or share, and by the delivery thereof to the party to whom it has been adjudged, or to such person as he appoints to receive delivery on his behalf, or by the detention in the civil prison of the judgment-debtor, or by the attachment of his property, or by both.

(*2*) Where any attachment under sub-rule (*1*) has remained in force for [3][three months,] if the judgment-debtor has not obeyed the decree and the decree-holder has applied to have the attached property sold, such property may be sold, and out of the proceeds the Court may award to the decree-holder, in cases where any amount has been fixed by the decree to be paid as an alternative to delivery of movable property, such amount, and in other cases, such compensation as it thinks fit, and shall pay the balance (if any) to the judgment-debtor on his application.

(*3*) Where the judgment-debtor has obeyed the decree and paid all costs of executing the same which he is bound to pay, or where, at the end of [3][three months] from the date of the attachment, no application to have the property sold has been made, or, if made, has been refused, the attachment shall cease.

1. Subs. by Act 104 of 1976, s. 72, for "the Court may require" (w.e.f. 1-2-1977).
2. Ins. by s. 72, *ibid*. (w.e.f. 1-2-1977).
3. Subs. by s. 72, *ibid*, for "six months" (w.e.f. 1-2-1977).

**32. Decree for specific performance for restitution of conjugal rights, or for an injunction.—** (*1*) Where the party against whom a decree for the specific performance of a contract, or for restitution of conjugal rights, or for an injunction, has been passed, has had an opportunity of obeying the decree and has wilfully failed to obey it, the decree may be enforced [1][in the case of a decree for restitution of conjugal rights by the attachment of his property or, in the case of a decree for the specific performance of a contract or for an injunction] by his detention in the civil prison, or by the attachment of his property, or by both.

(*2*) Where the party against whom a decree for specific performance or for an injunction has been passed is a corporation, the decree may be enforced by the attachment of the property of the corporation or, with the leave of the Court, by the detention in the civil prison of the directors or other principal officers thereof, or by both attachment and detention.

(*3*) Where any attachment under sub-rule (*1*) or sub-rule (*2*) has remained in force for [2][six months,] if the judgment-debtor has not obeyed the decree and the decree-holder has applied to have the attached property sold, such property may be sold; and out of the proceeds the Court may award to the decree-holder such compensation as it thinks fit, and shall pay the balance (if any) to the judgment-debtor on his application.

(*4*) Where the judgment-debtor has obeyed the decree and paid all costs of executing the same which he is bound to pay, or where, at the end of [2][six months] from the date of the attachment no application to have the property sold has been made, or if made has been refused, the attachment shall cease.

(*5*) Where a decree for the specific performance of a contract or for an injunction has not been obeyed, the Court may, in lieu of or in addition to all or any of the processes aforesaid, direct that the act required to be done may be done so far as practicable by the decree-holder or some other person appointed by the Court, at the cost of the judgment-debtor, and upon the act being done the expenses incurred may be ascertained in such manner as the Court may direct and may be recovered as if they were included in the decree.

[3][*Explanation.*—For the removal of doubts, it is hereby declared that the expression "the act required to be done" covers prohibitory as well as mandatory injunctions.]

*Illustration*

A, a person of little substance, erects a building which renders uninhabitable a family mansion belonging to B. A, in spite of his detention in prison and the attachment of his property, declines to obey a decree obtained against him by B and directing him to remove the building. The Court is of opinion that no sum realizable by the sale of A's property would adequately compensate B for the depreciation in the value of his mansion. B may apply to the Court to remove the building and may recover the cost of such removal from A in the execution-proceedings.

**33. Discretion of Court in executing decrees for restitution of conjugal rights.—**(*1*) Notwithstanding anything in rule 32, the Court, either at the time of passing a decree [4][against a husband] for the restitution of conjugal rights or at any time afterwards, may order that the decree [5][shall be executed in the manner provided in this rule.]

(*2*) Where the Court has made an order under sub-rule (*1*) [6]***, it may order that, in the event of the decree not being obeyed within such period as may be fixed in this behalf, the judgment-debtor shall make to the decree-holder such periodical payments as may be just, and, if it thinks fit, require that the judgment-debtor shall, to its satisfaction, secure to the decree-holder such periodical payments.

(*3*) The Court may from time to time vary or modify any order made under sub-rule (2) for the periodical payment of money, either by altering the times of payment or by increasing or diminishing the amount, or may

1. Ins. by Act 29 of 1923, s. 2.
2. Subs. by Act 104 of 1976, s. 72, for "one year (w.e.f. 1-2-1977).
3. Ins. by Act 22 of 2002, s. 14 (w.e.f. 1-7-2002).
4. Ins. by Act 29 of 1923, s. 3.
5. Subs. by s. 3, *ibid*., for "shall not be executed by detention in prison".
6. The words "and the decree-holder is the wife" omitted by s. 3, *ibid*.

temporarily suspend the same as to the whole or any part of the money so ordered to be paid, and again review the same, either wholly or in part as it may think just.

(*4*) Any money ordered to be paid under this rule may be recovered as though it were payable under a decree for the payment of money.

**34. Decree for execution of document, or endorsement of negotiable instrument.**—(*1*) Where a decree is for the execution of a document or for the endorsement of a negotiable instrument and the judgment-debtor neglects or refuses to obey the decree, the decree-holder may prepare a draft of the document or endorsement in accordance with the terms of the decree and deliver the same to the Court.

(*2*) The Court shall there upon cause the draft to be served on the judgment-debtor together with a notice requiring his objections (if any) to be made within such time as the Court fixes in this behalf.

(*3*) Where the judgment-debtor objects to the draft, his objections shall be stated in writing within such time, and the Court shall make such order approving or altering the draft, as it thinks fit.

(*4*) The decree-holder shall deliver to the Court a copy of the draft with such alterations (if any) as the Court may have directed upon the proper stamp-paper if a stamp is required by the law for the time being in force; and the Judge or such officer as may be appointed in this behalf shall execute the document so delivered.

(*5*) The execution of a document or the endorsement of a negotiable instrument under this rule may be in the following form, namely:—

"C. D., Judge of the Court of,

*(or as the case may be),* for A. *B.,* in a suit by *E. F* against *A. B.",*

and shall have the same effect as the execution of the document or the endorsement of the negotiable instrument by the party ordered to execute or endorse the same.

[1][(*6*) (a) Where the registration of the document is required under any law for the time being in force, the Court, or such officer of the Court as may be authorised in this behalf by the Court, shall cause the document to be registered in accordance with such law.

(*b*) Where the registration of the document is not so required, but the decree-holder desires it to be registered, the Court may make such order as it thinks fit.

*(c)* Where the Court makes any order for the registration of any document, it may make such order as it thinks fit as to the expenses of registration.]

**35. Decree for immovable property.—**(*1*) Where a decree is for the delivery of any immovable property, possession thereof shall be delivered to the party to whom it has been adjudged, or to such person as he may appoint to receive delivery on his behalf, and, if necessary, by removing any person bound by the decree who refuses to vacate the property.

(*2*) Where a decree is for the joint possession of immovable property, such possession shall be delivered by affixing a copy of the warrant in some conspicuous place on the property and proclaiming by beat of drum, or other customary mode, at some convenient place, the substance of the decree.

(*3*) Where possession of any building on enclosure is to be delivered and the person in possession, being bound by the decree, does not afford free access, the Court, through its officers, may, after giving reasonable warning and facility to any woman not appearing in public according to the customs of the country to withdraw, remove or open any lock or bolt or break open any door or do any other act necessary for putting the decree-holder in possession.

**36. Decree for delivery of immovable property when in occupancy of tenant.**—Where a decree is for the delivery of any immovable property in the occupancy of a tenant or other person entitled to occupy the same and not bound by the decree to relinquish such occupancy, the Court shall order delivery to be made by affixing a copy of the warrant in some conspicuous place on the property, and proclaiming to the occupant by beat of drum or other customary mode, at some convenient place, the substance of the decree in regard to the property.

1. Subs. by Act 104 of 1976, s. 72, for sub-rule (*6*) (w.e.f. 1-2-1977).

**37. Discretionary power to permit judgment-debtor to show cause against detention in prison.—***(1)* Notwithstanding anything in these rules, where an application is for the execution of a decree for the payment of money by the arrest and detention in the civil prison of a judgment-debtor who is liable to be arrested in pursuance of the application, the Court [1][shall], instead of issuing a warrant for his arrest, issue a notice calling upon him to appear before the Court on a day to be specified in the notice and show cause why he should not be committed to the civil prison:

[2][Provided that such notice shall not be necessary if the Court is satisfied, by affidavit, or otherwise, that, with the object or effect of delaying the execution of the decree, the judgment-debtor is likely to abscond or leave the local limits of the jurisdiction of the Court.]

(*2*) Where appearance is not made in obedience to the notice, the Court shall, if the decree-holder so requires, issue a warrant for the arrest of the judgment-debtor.

**38. Warrant for arrest to direct judgment-debtor to be brought up**.—Every warrant for the arrest of a judgment-debtor shall direct the officer entrusted with its execution to bring him before the Court with all convenient speed, unless the amount which he has been ordered to pay, together with the interest thereon and the costs (if any) to which he is liable, be sooner paid.

**39. Subsistence allowance.—**(*1*) No judgment-debtor shall be arrested in execution of a decree unless and until the decree-holder pays into Court such sum as the Judge thinks sufficient for the subsistence of the judgment-debtor from the time of his arrest until he can be brought before the Court.

(*2*) Where a judgment-debtor is committed to the civil prison in execution of a decree, the Court shall fix for his subsistence such monthly allowance as he may be entitled to according to the scales fixed under section 57, or, where no such scales have been fixed, as it considers sufficient with reference to the class to which he belongs.

(*3*) The monthly allowance fixed by the Court shall be supplied by the party on whose application the judgement-debtor has been arrested by monthly payments in advance before the first day of each month.

(*4*) The first payment shall be made to the proper officer of the Court for such portion of the current month as remains unexpired before the judgment-debtor is committed to the civil prison, and the subsequent payments (if any) shall be made to the officer in charge of the civil prison.

(*5*) Sums disbursed by the decree-holder for the subsistence of the judgment-debtor in the civil prison shall be deemed to be costs in the suit :

Provided that the judgment-debtor shall not be detained in the civil prison or arrested on account of any sum so disbursed.

[3]**[40. Proceedings on appearance of judgment-debtor in obedience to notice or after arrest.—**(*1*) When a judgment-debtor appears before the Court in obedience to a notice issued under rule 37, or is brought before the Court after being arrested in execution of a decree for the payment of money, the Court shall proceed to hear the decree-holder and take all such evidence as may be produced by him in support of his application for execution and shall then give the judgment-debtor an opportunity of showing cause why he should not be committed to the civil prison.

(*2*) Pending the conclusion of the inquiry under sub-rule (*1*) the Court may, in its discretion, order the judgment-debtor to be detained in the custody of an officer of the Court or release him on his furnishing security to the satisfaction of the Court for his appearance when required.

(*3*) Upon the conclusion of the inquiry under sub-rule (*1*) the Court may, subject to the provisions of section 51 and to the other provisions of this Code, make an order for the detention of the judgment-debtor in the civil prison and shall in that event cause him to be arrested if he is not already under arrest:

1. Subs. by Act 21 of 1936, s. 3, for "may".
2. Ins. by s. 3, *ibid*.
3. Subs. by s. 4, *ibid*., for rule 40.

Provided that in order to give the judgment-debtor an opportunity of satisfying the decree, the Court may, before making the order of detention, leave the judgment-debtor in the custody of an officer of the Court for a specified period not exceeding fifteen days or release him on his furnishing security to the satisfaction of the Court for his appearance at the expiration of the specified period if the decree be not sooner satisfied.

(*4*) A judgment-debtor released under this rule may be re-arrested.

(*5*) When the Court does not make an order of detention under sub-rule (*3*) it shall disallow the application and, if the judgment-debtor is under arrest, direct his release.]

*Attachment of property*

**41. Examination of judgment-debtor as to his property.—**[1][(*1*)] Where a decree is for the payment of money the decree-holder may apply to the Court for an order that—

(*a*) the judgment-debtor, or

(*b*) [2][where the judgment-debtor is a corporation], any officer thereof, or

(*c*) any other person,

be orally examined as to whether any or what debts are owing to the judgment-debtor and whether the judgment-debtor has any and what other property or means of satisfying the decree; and the Court may make an order for the attendance and examination of such judgment-debtor, or officer or other person, and for the production of any books or documents.

[3][(*2*) Where a decree for the payment of money has remained unsatisfied for a period of thirty days, the Court may, on the application of the decree-holder and without prejudice to its power under sub-rule (*1*), by order require the judgment-debtor or where the judgment-debtor is a corporation, any officer thereof, to make an affidavit stating the particulars of the assets of the judgment-debtor.

(*3*) In case of disobedience of any order made under sub-rule (*2*), the Court making the order, or any Court to which the proceeding is transferred, may direct that the person disobeying the order be detained in the civil prison for a term not exceeding three months unless before the expiry of such term the Court directs his release.]

**42. Attachment in case of decree for rent or *mesne* profits or other matter, amount of which to be subsequently determined.—**Where a decree directs an inquiry as to rent or *mesne* profits or any other matter, the property of the judgment-debtor may, before the amount due from him has been ascertained, be attached, as in the case of an ordinary decree for the payment of money.

**43. Attachment of movable property, other than agricultural produce, in possession of judgment-debtor.—**Where the property to be attached is movable property other than agricultural produce, in the possession of the judgement-debtor, the attachment shall be made by actual seizure, and the attaching officer shall keep the property in his own custody or in the custody of one of his subordinates, and shall be responsible for the due custody thereof :

Provided that, when the property seized is subject to speedy and natural decay, or when the expense of keeping it in custody is likely to exceed its value, the attaching officer may sell it at once.

[3]**[43A. Custody of movable property.—**(*1*) Where the property attached consists of live-stock, agricultural implements or other articles which cannot conveniently be removed and the attaching officer does not act under the proviso to rule 43, he may, at the instance of the judgment-debtor or of the decree holder or of any

1. Rule 41 renumbered as sub-rule (*1*) by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid*., for "in the case of a corporation" (w.e.f. 1-2-1977).
3. Ins. by s. 72, *ibid*. (w.e.f. 1-2-1977).

other person claiming to be interested in such property, leave it in the village or place where it has been attached, in the custody of any respectable person (hereinafter referred to as the "custodian").

(*2*) If the custodian fails, after due notice, to produce such property at the place named by the Court before the officer deputed for the purpose or to restore it to the person in whose favour restoration is ordered by the Court, or if the property, though so produced or restored, is not in the same condition as it was when it was entrusted to him,—

(*a*) the custodian shall be liable to pay compensation to the decree-holder, judgment-debtor or any other person who is found to be entitled to the restoration thereof, for any loss or damage caused by his default; and

(*b*) such liability may be enforced—

(*i*) at the instance of the decree-holder, as if the custodian were a surety under section 145;

(*ii*) at the instance of the judgement-debtor or such other person, on an application in execution; and

(*c*) any order determining such liability shall be appealable as a decree.]

**44. Attachment of agricultural produce.—**Where the property to be attached is agricultural produce, the attachment shall be made by affixing a copy of the warrant of attachment,—

(*a*) where such produce is a growing crop, on the land on which such crop has grown, or

(*b*) where such produce has been cut or gathered, on the threshing floor or place for treading out grain or the like or fodder-stack on or in which it is deposited,

and another copy on the outer door or on some other conspicuous part of the house in which the judgment-debtor ordinarily resides or, with the leave of the Court, on the outer door or on some other conspicuous part of the house in which he carries on business or personally works for gain or in which he is known to have last resided or carried on business or personally worked for gain; and the produce shall thereupon be deemed to have passed into the possession of the Court.

**45. Provisions as to agricultural produce under attachment.—**(*1*) Where agricultural produce is attached, the Court shall make such arrangements for the custody thereof as it may deem sufficient and, for the purpose of enabling the Court to make such arrangements, every application for the attachment of a growing crop shall specify the time at which it is likely to be fit to be cut or gathered.

(*2*) Subject to such conditions as may be imposed by the Court in this behalf either in the order of attachment or in any subsequent order, the judgment-debtor may tend, cut, gather and store the produce and do any other act necessary for maturing or preserving it; and if the judgment-debtor fails to do, all or any of such acts, the decree-holder may, with the permission of the Court and subject to the like conditions, do all or any of them either by himself or by any person appointed by him in this behalf and the costs incurred by the decree-holder shall be recoverable from the judgment-debtor as if they were included in, or formed part of, the decree.

(*3*) Agricultural produce attached as a growing crop shall not be deemed to have ceased to be under attachment or to require re-attachment merely because it has been served from the soil.

(*4*) Where an order for the attachment of a growing crop has been made at a considerable time before the crop is likely to be fit to be cut or gathered, the Court may suspend the execution of the order for such time as it thinks fit, and may, in its discretion, make a further order prohibiting the removal of the crop pending the execution of the order of attachment.

(*5*) A growing crop which from its nature does not admit of being stored shall not be attached under this rule at any time less than twenty days before the time at which it is likely to be fit to be cut or gathered.

**46. Attachment of debt, share and other property not in possession of judgment-debtor.—**(*1*) In the case of—

(*a*) a debt not secured by a negotiable instrument,

(*b*) a share in the capital of a corporation,

(*c*) other movable property not in the possession of the judgment-debtor, except property deposited in, or in the custody of, any Court,

the attachment shall be made by a written order prohibiting,—

(*i*) in the case of the debt, the credit or from recovering the debt and the debtor from making payment thereof until the further order of the Court;

(*ii*) in the case of the share, the person in whose name the share may be standing from transferring the same or receiving any dividend thereon;

(*iii*) in the case of the other movable property except as aforesaid, the person in possession of the same from giving it over to the judgement-debtor.

(*2*) A copy of such order shall be affixed on some conspicuous part of the court-house, and another copy shall be sent in the case of the debt, to the debtor, in the case of the share, to the proper officer of the corporation, and, in the case of the other movable property (except as aforesaid), to the person in possession of the same.

(*3*) A debtor prohibited under clause *(i)* of sub-rule (*1*) may pay the amount of his debt into Court, and such payment shall discharge him as effectually as payment to the party entitled to receive the same.

[1][**46A. Notice to garnishee.**—(*1*) The Court may in the case of a debt (other than a debt secured by a mortgage or a charge) which has been attached under rule 46 upon the application of the attaching creditor, issue notice to the garnishee liable to pay such debt, calling upon him either to pay into Court the debt due from him to the judgment-debtor or so much thereof as may be sufficient to satisfy the decree and costs of execution, or to appear and show cause why he should not do so.

(*2*) An application under sub-rule (*1*) shall be made on affidavit verifying the facts alleged and stating that in the belief of the deponent, the garnishee is indebted to the judgment-debtor.

(*3*) Where the garnishee pays in the Court the amount due from him to the judgment-debtor or so much thereof as is sufficient to satisfy the decree and the costs of the execution, the Court may direct that the amount may be paid to the decree-holder towards satisfaction of the decree and costs of the execution.

**46B**. **Order against garnishee.—**Where the garnishee does not forthwith pay into Court the amount due from him to the judgment-debtor or so much thereof as is sufficient to satisfy the decree and the costs of execution, and does not appear and show cause in answer to the notice, the Court may order the garnishee to comply with the terms of such notice, and on such order, execution may issue as though such order were a decree against him.

**46C. Trial of disputed questions.—**Where the garnishee disputes liability, the Court may order that any issue of question necessary for the determination of liability shall be tried as if it where an issue in a suit, and upon the determination of such issue shall make such order or orders as it deems fit:

Provided that if the debt in respect of which the application under rule 46A is made is in respect of a sum of money beyond the pecuniary jurisdiction of the Court, the Court shall send the execution case to the Court of the District Judge to which the said Court is subordinate, and thereupon the Court of the District Judge or any other competent Court to which it may be transferred by the District Judge shall deal with it in the same manner as if the case had been originally instituted in that Court.

**46D. Procedure where debt belongs to third person.—**Where it is suggested or appears to be probable that the debt belongs to some third person, or that any third person has a lien or charge on, or other interest in such debt, the Court may order such third person to appear and state the nature and particulars of his claim, if any, to such debt and prove the same.

**46E**. **Order as regards third person.—**After hearing such third person and any person or persons who may subsequently be ordered to appear, or where such third or other person or persons do not appear when so ordered, the Court may make such order as is hereinbefore provided, or such other order or orders upon such

1. Ss. 46A to 46-I ins. by Act 104 of 1976, s. 72 (w.e.f 1-2-1977).

terms, if any, with respect to the lien, charge or interest, as the case may be, of such third or other person or persons as it may deem fit and proper.

**46F. Payment by garnishee to be valid discharge.—**Payment made by the garnishee on notice under rule 46A or under any such order as aforesaid shall be a valid discharge to him as against the judgement-debtor and any other person ordered to appear as aforesaid for the amount paid or levied, although the decree in execution of which the application under rule 46A was made, or the order passed in the proceedings on such application may be set aside or reversed.

**46G. Costs.—**The costs of any application made under rule 46A and of any proceeding arising therefrom or incidental thereto shall be in the discretion of the Court.

**46H. Appeals.—**An order made under rule 46B, rule 46C or rule 46E shall be applicable as a decree.

**46-I.—Application to negotiable instruments.—**The provisions of rules 46A to 46H (both inclusive) shall, so far as may be, apply in relation to negotiable instruments attached under rule 51 as they apply in relation to debts.]

**47. Attachment of share in movables.—**Where the property to be attached consists of the share or interest of the judgment-debtor in movable property belonging to him and another as co-owners, the attachment shall be made by a notice to the judgment-debtor prohibiting him from transferring the share or interest or charging it in any way.

**48. Attachment of salary or allowances of servant of the Government or railway company or local authority**.—(*1*)Where the property to be attached is the salary or allowances of a [1][servant of the Government] or of a servant of a railway company or local authority [2][or of a servant of a corporation engaged in any trade or industry which is established by a Central, Provincial or State Act, or a Government company as defined in section 617 of the Companies Act, 1956 (1 of 1956)] the Court, whether the judgment-debtor or the disbursing officer is or is not within the local limits of the Court's jurisdiction, may order that the amount shall, subject to the provisions of section 60, be withheld from such salary or allowances either in one payment or by monthly instalments as the Court may direct; and upon notice of the order to such officer as[3][the appropriate Government may by notification in the Official Gazette] appoint [4][in this behalf,—

(*a*) where such salary or allowances are to be disbursed within the local limits to which this Code for the time being extends, the officer or other person whose duty it is to disburse the same shall withhold and remit to the Court the amount due under the order, or the monthly instalments, as the case may be;

(*b*) where such salary or allowances are to be disbursed beyond the said limits, the officer or other person within those limits whose duty it is to instruct the disbursing authority regarding the amount of the salary or allowances to be disbursed shall remit to the Court the amount due under the order, or the monthly instalments, as the case may be, and shall direct the disbursing authority to reduce the aggregate of the amounts from time to time, to be disbursed by the aggregate of the amounts from time to time remitted to the Court.]

(*2*) Where the attachable proportion of such salary or allowances is already being withheld and remitted to a Court in pursuance of a previous and unsatisfied order of attachment, the officer appointed by [5][the appropriate Government] in this behalf shall forthwith return the subsequent order to the Court issuing it with a full statement of all the particulars of the existing attachment.

1. Subs. by Act 5 of 1943, s. 3, for "public officer".
2. Ins. by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).
3. Subs. by Act 25 of 1942, s. 3 and the second Sch., for "the Central Government or the Provincial Government may by notification in the Official Gazette".
4. Subs. by Act 26 of 1939, s. 2, for certain words.
5. Subs. by Act 25 of 1942, s. 3, and the Schedule, for "the Central Government or the Provincial Government, as the may be".

[1][(*3*) Every order made under this rule, unless it is returned in accordance with the provisions of sub-rule (*2*) shall, without further notice or other process, bind the appropriate Government or the railway company or local authority or corporation of Government company, as the case may be, while the judgement-debtor is within the local limits to which this Code for the time being extends and while he is beyond those limits, if he is in receipt of any salary or allowances payable out of the Consolidated Fund of India or the Consolidated Fund of the State or the funds of a railway company or local authority or corporation or Government company in India; and the appropriate Government or the railway company or local authority or corporation or Government company, as the case may be, shall be liable for any sum paid in contravention of this rule.]

[2][*Explanation.*—In this rule, "appropriate Government" means,—

(*i*) As respects any person in the service of the Central Government, or any servant of a railway administration or of a cantonment authority or of the port authority of a major port, or any servant of a corporation engaged in any trade or industry which is established by a Central Act, or any servant of a Government company in which any part of the share capital is held by the Central Government or by more than one State Governments or partly by the Central Government and partly by one or more State Governments, the Central Government;

(*ii*) As respects any other servant of the Government, or a servant of any other local or other authority, or any servant of a corporation engaged in any trade or industry which is established by a Provincial or State act, or a servant of any other Government company, the State Government.]

[3][**48A. Attachment of salary or allowances of private employees.**—(*1*)Where the property to be attached is the salary or allowances of an employee other than an employee to whom rule 48 applies, the Court, where the disbursing officer of the employee is within the local limits of the Court's jurisdiction, may order than the amount shall, subject to the provision of section 60, be withheld from such salary or allowances either in one payment or by monthly instalments as the Court may direct; and upon notice of the order to such disbursing officer, such disbursing officer shall remit to the court the amount due under the order, or the monthly instalments, as the case may be.

(*2*) Where the attachable portion of such salary or allowances is already being withheld or remitted to the Court in pursuance of a previous and unsatisfied order of attachment, the disbursing officer shall forthwith return the subsequent order to the Court issuing it with a full statement of all the particulars of the existing attachment.

(*3*) Every order made under this rule, unless it is returned in accordance with the provisions of sub-rule (*2*), shall, without further notice or other process, hind the employer while the judgment-debtors, is within the local limits to which this Code for the time being extends and while he is beyond those-limits, if he is in receipt of salary or allowances payable out of the funds of an employer in any part of India, and the employer shall be liable for any sum paid in contravention of this rule.]

**49. Attachment of partnership property.**—(*1*) Save as otherwise provided by this rule, property belonging to a partnership shall not be attached or sold in execution of a decree other than a decree passed against the firm or against the partners in the firm as such.

(*2*) The Court may, on the application of the holder of a decree against a partner, make an order charging the interest of such partner in the partnership property, and profits with payment of the amount due under the decree, and may, by the same or a subsequent order, appoint a receiver of the share of such partner in the profits (whether already declared or accruing) and of any other money which may be coming to him in respect of the partnership, and direct accounts and inquiries and make an order for the sale of such interest or other orders as might have been directed or made if a charge had been made in favour of the decree holder by such partner, or as the circumstances of the case may require.

(*3*) The other partner or partners shall be at liberty at any time to redeem the interest charged or, in the case of a sale being directed, to purchase the same.

---

1. Subs. by Act 104 of 1976, s. 72, for sub-rule (*3*) (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid.*, for *Explanation* (w.e.f. 1-2-1977).
3. Ins. by s. 72, *ibid.* (w.e.f. 1-2-1977).

(*4*) Every application for an order under sub-rule (*2*) shall be served on the judgment-debtor and on his partners or such of them as are within [1][India].

(*5*) Every application made by any partner of the judgment-debtor under sub-rule (*3*) shall be served on the decree-holder and on the judgment-debtor, and on such of the other partners as do not join in the application and as are within[1][India].

(*6*) Service under sub-rule (*4*) or sub-rule (*5*) shall be deemed to be service on all the partners and all orders made on such applications shall be similarly served.

**50. Execution of decree against firm.**—(*1*) Where a decree has been passed against a firm, execution may be granted—

(*a*) against any property of the partnership;

(*b*) against any person who has appeared in his own name under rule 6 or rule 7 of Order XXX or who has admitted on the pleadings that he is, or who has been adjudged to be, a partner;

(*c*) against any person who has been individually served as a partner with a summons and has failed to appear:

Provided that nothing in this sub-rule shall be deemed to limit or otherwise affect the provisions of [2][section 30 of the Indian Partnership Act, 1932 (9 of 1932)].

(*2*) Where the decree-holder claims to be entitled to cause the decree to be executed against any person other than such a person as is referred to in sub-rule (*1*), clauses (*b*) and (*c*), as being a partner in the firm, he may, apply to the Court which passed the decree for leave, and where the liability is not disputed, such court may grant such leave, or, where such liability is disputed, may order that the liability of such person be tried and determined in any manner in which any issue in a suit may be tried and determined.

(*3*) Where the liability of any person has been tried and determined under sub-rule (*2*), the order made thereon shall have the same force and be subject to the same conditions as to appeal or otherwise as if it were a decree.

(*4*) Save as against any property of the partnership, a decree against a firm shall not lease, render liable or otherwise affect any partner therein unless he has been served with a summons to appear and answer.

[3][(*5*) Nothing in this rule shall apply to a decree passed against a Hindu Undivided Family by virtue of the provisions of rule 10 of Order XXX.]

**51. Attachment of negotiable instruments.**—Where the property is a negotiable instrument not deposited in a Court, not in the custody of a public officer, the attachment shall be made by actual seizure, and the instrument shall be brought into Court and held subject to further orders of the Court.

**52. Attachment of property in custody of Court or public officer.**—Where the property to be attached is in the custody of any Court or public officer, the attachment shall be made by a notice to such Court or officer, requesting that such property, and any interest or dividend becoming payable thereon, may be held subject to the further orders of the Court from which the notice is issued:

Provided that, where such property is in the custody of a Court, any question of title or priority arising between the decree-holder and any other person, not being the judgment-debtor, claiming to be interested in such property by virtue of any assignment, attachment or otherwise, shall be determined by such Court.

**53. Attachment of decrees.**—(*1*) Where the property to be attached is a decree, either for the payment of money or for sale in enforcement of a mortgage or charge, the attachment shall be made,—

(*a*) if the decrees were passed by the same Court, then by Order of such Court, and

---

1. Subs. by Act 2 of 1951, s. 3, for "the States".
2. Subs. by Act 104 of 1976, s. 72, for certain words (w.e.f. 1-2-1977).
3. Ins. by s. 72, *ibid*. (w.e.f. 1-2-1977).

(*b*) if the decree sought to be attached was passed by another Court, then by the issue to such other Court of a notice by the Court which passed the decree sought to be executed, requesting such other Court to stay the execution of its decree unless and until—

(*i*) the court which passed the decree sought to be executed cancels the notice, or

[1][(*ii*) (*a*) the holder of the decree sought to be executed, or

(*b*) his judgment-debtor with the previous consent in writing of such decree-holder, or with the permission of the attaching Court,

applies to the Court receiving such notice to execute the attached decree.]

(*2*) Where a Court makes an order under clause (*a*) of sub-rule (*1*), or receives an application under sub-head (*ii*) of clause (*b*) of the said sub-rule, it shall, on the application of the creditor who has attached the decree or his judgment-debtor, proceeds to execute the attached decree and apply the net proceeds in satisfaction of the decree sought to be executed.

(*3*) The holder of a decree sought to be executed by the attachment of another of decree the nature specified in sub-rule (*1*) shall be deemed to be the representative of the holder of the attached decree and to be entitled to execute such attached decree in any manner lawful for the holder thereof.

(*4*) Where the property to be attached in the execution of a decree is a decree other than a decree of the nature referred to in sub-rule (*1*), the attachment shall be made, by a notice by the Court which passed the decree sought to be executed, to the holder of the decree sought to be attached, prohibiting him from transferring or charging the same in any way, and, where such decree has been passed by any other Court, also by sending to such other Court a notice to abstain from executing the decree sought to be attached until such notice is cancelled by the Court from which it was sent.

(*5*) The holder of a decree attached under this rule shall give the Court executing the decree such information and aid as may reasonably be required.

(*6*) On the application of the holder of a decree sought to be executed by the attachment of another decree, the Court making an order of attachment under this rule shall give notice of such order to the judgment-debtor bound by the decree attached; and no payment or adjustment of the attached decree made by the judgment-debtor in contravention of such order [2][with knowledge thereof or] after receipt of notice thereof, either through the Court or otherwise, shall be recognized by any Court so long as the attachment remains in force.

**54. Attachment of immovable property**.—(*1*) Where the property is immovable, the attachment shall be made by an order prohibiting the judgment-debtor from transferring or charging the property in any way, and all persons from taking any benefit from such transfer of charge.

[2][(*1A*) The order shall also require the judgment-debtor to attend Court on a specified date to take notice of the date to be fixed for settling the terms of the proclamation of sale.]

(*2*) The order shall be proclaimed at some place on or adjacent to such property by beat of drum or other customary mode, and a copy of the order shall be affixed on a conspicuous part of the property and then upon, a conspicuous part of the Court-house, and also, where the property is land paying revenue to the Government, in the office of the Collector of the district in which the land is situate [2][and, where the property is land situate in a village, also in the office of the Gram Panchayat, if any, having jurisdiction over that village.]

**55. Removal of attachment after satisfaction of decree.—**Where**—**

(*a*) the amount decreed with costs and all charges and expenses resulting from the attachment of any property are paid into Court, or

(*b*) satisfaction of the decree is otherwise made through the Court or certified to the Court, or

(*c*) the decree is set aside or reversed,

the attachment shall be deemed to be withdrawn, and, in the case of immovable property, the withdrawal shall, if the judgment-debtor so desires, be proclaimed at his expense, and a copy of the proclamation shall be affixed in the manner prescribed by the last preceding rule.

1. Subs. by Act 104 of 1972, s. 72, for sub-clause (*ii*) (w.e.f. 1-2-1977).
2. Ins. by s. 72, *ibid*. (w.e.f. 1-2-1977).

**56. Order for payment of coin or currency notes to party entitled under decree.—**Where the property attached is current coin or currency notes, the Court may, at any time during the continuance of the attachment, direct that such coin or notes, or a part thereof sufficient to satisfy the decree, be paid over to the party entitled under the decree to receive the same.

[1][**57. Determination of attachment.—**(*1*) Where any property has been attached in execution of a decree and the Court, for any reason, passes an order dismissing the application for the execution of the decree, the Court shall direct whether the attachment shall continue or cease and shall also indicate the period up to which such attachment shall continue or the date on which such attachment shall cease.

(*2*) If the Court omits to give such direction, the attachment shall be deemed to have ceased.]

[2][*Adjudication of claims and objections*

**58. Adjudication of claims to or objections to attachment of, property.—**(*1*) Where any claim is preferred to, or any objection is made to the attachment of, any property attached in execution of a decree on the ground that such property is not liable to such attachment, the Court shall proceed to adjudicate upon the claim or objection in accordance with the provisions herein contained:

Provided that no such, claim or objection shall be entertained—

(*a*) where, before the claim is preferred or objection is made, the property attached has already been sold; or

(*b*) where the Court considers that the claim or objection was designedly or unnecessarily delayed.

(*2*) All questions (including questions relating to right, title or interest in the property attached) arising between the parties to a proceeding or their representatives under this rule and relevant to the adjudication of the claim or objection, shall be determined by the Court dealing with the claim or objection and not by a separate suit.

(*3*) Upon the determination of the questions referred to in sub-rule (*2*), the Court shall, in accordance with such determination,—

(*a*) allow the claim or objection and release the property from attachment either wholly or to such extent as it thinks fit; or

(*b*) disallow the claim or objection; or

(*c*) continue the attachment subject to any mortgage, charge or other interest in favour of any person; or

(*d*) pass such order as in the circumstances of the case it deems fit.

(*4*) Where any claim or objection has been adjudicated upon under this rule, order made thereon shall have the same force and be subject to the same conditions as to appeal or otherwise as if it were a decree.

(*5*) Where a claim or an objection is preferred and the Court, under the proviso to sub-rule *(I),* refuses to entertain it, the party against whom such order is made may institute a suit to establish the right which he claims to the property in dispute; but, subject to the result of such suit, if any, an order so refusing to entertain the claim or objection shall be conclusive.

**59. Stay of sale.**—Where before the claim was preferred or the objection was made, the property attached had already been advertised for sale, the Court may—

(*a*) if the property is movable, make an order postponing the sale pending the adjudication of the claim or objection, or

(*b*) if the property is immovable, make an order that, pending the adjudication of the claim or objection, the property shall not be sold, or that pending such adjudication, the property may be sold but the sale shall not be confirmed,

and any such order may be made subject to such terms and conditions as to security or otherwise as the Court thinks fit.]

**60.** [*Release of property from attachment.*] *Omitted by the Code of Civil Procedure* (*Amendment*) *Act*, 1976 (104 *of* 1976), *s.* 72 (*w.e.f.* 1-2-1977).

**61.** [*Disallowance of claim to property attached.*] *omitted by s.* 72, *ibid.* (*w.e.f.* 1-2-1977).

**62.** [*Continuance of attachment subject to claim of incumbrancer.*] *omitted by s.* 72, *ibid.* (*w.e.f.* 1-2-1977).

**63.** [*Saving of suits to establish right to attached property.*] *omitted by s.* 72, *ibid.* (*w.e.f.* 1-2-1977).]

1. Subs. by Act 104 of 1976, s. 72, for rule 57 (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid.*, for the sub heading "Investigation of claims and objections" and for rules 58 to 63 (w.e.f. 1-2-1977).

**64. Power to order property attached to be sold and proceeds to be paid to person entitled.—**Any Court executing a decree may order that any property attached by it and liable to sale, or such portion thereof as may see necessary to satisfy the decree, shall be sold, and that the proceeds of such sale, or a sufficient portion thereof, shall be paid to the party entitled under the decree to receive the same.

**65. Sales by whom conducted and how made.—**save as otherwise prescribed, every sale in execution of a decree shall be conducted by an officer of the Court or by such other person as the Court may appoint in this behalf, and shall be made by public auction in manner prescribed.

**66. Proclamation of sales by public auction.—**(*1*) Where any property is ordered to be sold by public auction in execution of a decree, the Court shall cause a proclamation of the intended sale to be made in the language of such Court.

(*2*) Such proclamation shall be drawn up after notice to the decree-holder and the judgment-debtor and shall state the time and place of sale, and specify as fairly and accurately as possible—

(*a*) the property to be sold [1][or, where a part of the property would be sufficient to satisfy the decree, such part];

(*b*) the revenue assessed upon the estate or past of the estate, where the property to be sold is an interest in an estate or in part of an estate paying revenue to the Government;

(*c*) any incumbrance to which the property is liable;

(*d*) the amount for the recovery of which the sale is ordered; and

(*e*) every other thing which the Court considers material for a purchaser to know in order to judge of the nature and value of the property:

[1][Provided that where notice of the date for settling the terms of the proclamation has been given to the judgment-debtor by means of an order under rule 54, it shall not be necessary to give notice under this rule to the judgment-debtor unless the Court otherwise directs:

Provided further that nothing in this rule shall be construed as requiring the Court to enter in the proclamation of sale its own estimate of the value of the property, but the proclamation shall include the estimate, if any, given, by either or both of the Parties.

(*3*) Every application for an order for sale under this rule shall be accompanied by a statement signed and verified in the manner hereinbefore prescribed for the signing and verification of pleadings and containing, so far as they are known to or can be ascertained by the person making the varification, the matters required by sub-rule *(2)* to be specified in the proclamation.

(*4*) For the purpose of ascertaining the matters to be specified in the proclamation, the Court may summon any person whom it thinks necessary to summon and may examine him in respect to any such matters and require him to produce any document in his possession or power relating thereto.

**67. Mode of making proclamation.—**(*1*) Every proclamation shall be made and published, as nearly as may be, in the manner prescribed by rule 54, sub-rule (*2*).

(*2*) Where the Court so directs, such proclamation shall also be published in the Official Gazette or in a local newspaper, or in both, and the costs of such publication shall be deemed to be costs of the sale.

(*3*) Where property is divided into lots for the purpose of being sold separately, it shall not be necessary to make a separate proclamation for each lot, unless proper notice of the sale cannot, in the opinion of the Court, otherwise be given.

1. Ins. by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).

**68. Time of sale.—**Save in the case of property of the kind described in the proviso to rule 43, no sale hereunder shall, without the consent in writing of the judgment-debtor, take place until after the expiration of at least [1][fifteen days] in the case of immovable property, and of at least [2][seven days] in the case of movable property, calculated from the date on which the copy of the proclamation has been affixed on the court-house of the Judge ordering the sale.

**69. Adjournment or stoppage of sale.—**(*1*) The Court may, in its discretion, adjourn any sale hereunder to a specified day and hour, and the officer conducting any such sale may in his discretion adjourn the sale, recording his reasons for such adjournment :

Provided that, where the sale is made in, or within the precincts of, the court-house, no such adjournment shall be made without the leave of the Court.

(*2*) Where a sale is adjourned under sub-rule (*1*) for a longer period than [3][thirty] days afresh proclamation under rule 67 shall be made, unless the judgment-debtor consents to waive it.

(*3*) Every sale shall be stopped if, before the lot is knocked down, the debt and costs (including the costs of the sale) are tendered to the officer conducting the sale, or proof is given to his satisfaction that the amount of such debt and costs has been paid into the Court which ordered the sale.

**70.** [*Saving of certain sales.*] *Omitted by the Code of Civil Procedure (Amendment) Act,* 1956 (66 *of* 1956*), s.* 14 (w.e.f. 1-1-1957).

**71. Defaulting purchaser answerable for loss on re-sale.—**Any deficiency of price which may happen on a re-sale by reason of the purchaser's default, and all expenses attending such re-sale, shall be certified to the Court [4]*** by the officer or other person holding the sale, and shall, at the instance of either the decree-holder or the judgment-debtor, be recoverable from the defaulting purchaser under the provisions relating to the execution of a decree for the payment of money.

**72. Decree holder not to bid for or buy property without permission.—**(*1*) No holder of a decree in execution of which property is sold shall, without the express permission of the Court, bid for or purchase the property.

(*2*) **Where decree-holder purchases, amount of decree may be taken as payment.—**Where a decree-holder purchases with such permission, the purchase-money and the amount due on the decree may, subject to the provisions of section 73, be set off against one another, and the Court executing the decree shall enter up satisfaction of the decree in whole or in part accordingly.

(*3*) Where a decree-holder purchases, by himself or through another person, without such permission, the Court may, if it thinks fit, on the application of the judgment-debtor or any other person whose interests are affected by the sale, by order set aside the sale; and the costs of such application and order, and any deficiency of price which may happen on the re-sale and all expenses attending it, shall be paid by the decree-holder.

[5]**[72A. Mortgagee not to bid at sale without the leave of the Court.—(*l*)** Notwithstanding anything contained in rule 72, a mortgagee of immovable property shall not bid for or purchase property sold in execution of a decree on the mortgage unless the Court grants him leave to bid for or purchase the property.

(*2*) If leave to bid is granted to such mortgagee, then the Court shall fix a reserve price as regards the mortgagee, and unless the Court otherwise directs, the reserve price shall be—

(*a*) not less than the amount then due for principal, interest and costs in respect of the mortgage if the property is sold in one lot; and

(*b*) in the case of any property sold in lots, not less than such sum as shall appear to the Court to be properly attributable to each lot in relation to the amount then due for principal, interest and costs on the mortgage.

1. Subs. by Act 104 of 1976, s. 72, for "thirty days" (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid*., for "fifteen days" (w.e.f. 1-2-1977).
3. Subs. by s. 72, *ibid*., for " seven days" (w.e.f. 1-2-1977).
4. The words "or to the Collector or subordinate of the Collector, as the case may," omitted by Act 66 of 1956, s. 14 (w.e.f. 1-1-1957).
5. Ins. by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).

(*3*) In other respects, the provisions of sub-rules (*2*) and (*3*) of rule 72 shall apply in relation to purchase by the decree-holder under that rule.]

**73. Restriction on bidding or purchase by officers.—**No officer or other person having any duty to perform in connection with any sale shall, either directly or indirectly, bid for, acquire or attempt to acquire any interest in the property sold.

*Sale of movable property*

**74. Sale of agricultural produce.—**(*1*) Where the property to be sold is agricultural produce, the sale shall be held,—

(*a*) if such produce is a growing crop, on or near the land on which such crop has grown, or

(*b*) if such produce has been cut or gathered, at or near-the threshing floor or place for trading out grain or the like or fodder-stack on or in which it is deposited :

Provided that the Court may direct the sale to be held at the nearest place of public resort, if it is of opinion that the Produce is thereby likely to sell to greater advantage.

(*2*) Where, on the produce being put up for sale,—

(*a*) a fair price, in the estimation of the person holding the sale, is not offered for it, and

(*b*) the owner of the produce or a person authorized to act in his behalf applies to have the sale postponed till next day or, if a market is held at the place of sale, the next market-day,

the sale shall be postponed accordingly and shall be then completed, whatever price may be offered for the produce.

**75. Special provisions relating to growing crops.—**(*1*) Where the property to be sold is a growing crop and the crop from its nature admits of being stored but has not yet been stored, the day of the sale shall be so fixed as to admit of its being made ready for storing before the arrival of such day, and the sale shall not be held until the crop has been cut or gathered and is ready for storing.

(*2*) Where the crop from its nature does not admit of being stored, it may be sold before it is cut and gathered, and the purchaser shall be entitled to enter on the land, and to do all that is necessary for the purpose of tending and cutting or gathering it.

**76. Negotiable instruments and shares in corporations.—**Where the property to be sold is a negotiable instrument or a share in a corporation, the Court may, instead of directing the sale to be made by public auction, authorized the sale of such instrument or share through a broker.

**77. Sale by public auction.—**(*1*) Where movable property is sold by public auction the price of each lot shall be paid at the time of sale or as soon after as the officer or other person holding the sale directs, and in default of payment the property shall forthwith be re-sold.

(*2*) On payment of the purchase-money, the officer or other person holding the sale shall grant a receipt for the same, and the sale shall become absolute.

(*3*) Where the movable property to be sold is a share in goods belonging to the judgment-debtor and a co-owner, and two or more persons, of whom one is such co-owner, respectively bid the same sum for such property or for any lot, the bidding shall be deemed to be the bidding of the co-owner.

**78. Irregularity not to vitiate sale, but any person injured may sue.—**No irregularity in publishing or conducting the sale of movable property shall vitiate the sale; but any person sustaining any injury by reason of such irregularity at the hand of any other person may institute a suit against him for compensation or (if such other person is the purchaser) for the recovery of the specific property and for compensation in default of such recovery).

**79. Delivery of movable property, debts and shares.—**(*1*) Where the property sold is movable property of which actual seizure has been made, it shall be delivered to the purchaser.

(*2*) Where the property sold is movable property in the possession of some person other than the judgment-debtor, the delivery thereof to the purchaser shall be made by giving notice to the person in possession prohibiting him from delivering possession of the property to any person except the purchaser.

(*3*) Where the property sold is a debt not secured by a negotiable instrument, or is a share in a corporation, the delivery thereof shall be made by a written order of the Court prohibiting the creditor from receiving the debt or any interest thereon, and the debtor from making payment thereof to any person except the purchaser, or prohibiting the person in whose name the share, may be standing from making any transfer of the share to any person except the purchaser, or receiving payment of any dividend or interest thereon, and the manager, secretary or other proper officer of the corporation from permitting any such transfer or making any such payment to any person except the purchaser.

**80. Transfer of negotiable instruments and shares.—**(*1*) Where the execution of a document or the endorsement of the party in whose name a negotiable instrument or a share in a corporation is standing is required to transfer such negotiable instrument or, share the Judge or such officer as he may appoint in this behalf may execute such document or make such endorsement as may be necessary, and such execution or endorsement shall have the same effect as an execution or endorsement by the party.

(*2*) Such execution or endorsement may be in the following form, namely :—

*A. B. by C.D.* Judge of the Court of *(or as the case may be)* , in a suit by *E. F.* against *A.B.*

(*3*) Until the transfer of such negotiable instrument or share, the Court may, by order, appoint some person to receive any interest or dividend due thereon and to sign a receipt for the same; and any receipt so signed shall be as valid and effectual for all purposes as if the same had been signed by the party himself.

**81. Vesting order in case of other property.—**In the case of any movable property not hereinbefore provided for, the Court may make an order vesting such property in the purchaser or as he may direct; and such property shall vest accordingly.

*Sale of immovable property*

**82. What Court may order sales.—**Sales of immovable property in execution of decrees may be ordered by any Court other than a Court of Small Causes.

**83. Postponement of sale to enable judgment-debtor to raise amount of decree.—**(*1*) Where an order for the sale of immovable property has been made, if the judgment-debtor can satisfy the Court that there is reason to believe that the amount of the decree may be raised by the mortgage or lease or private sale of such property, or some part thereof, or of any other immovable property of the judgment-debtor, the Court may, on his application, postpone the sale of the property comprised in the order for sale on such terms and for such period as it thinks proper, to enable him to raise the amount.

(*2*) In such case the Court shall grant a certificate to the judgment-debtor authorizing him within a period to be mentioned therein, and notwithstanding anything contained in section 64, to make the proposed mortgage, lease or sale:

Provided that all moneys payable under such mortgage, lease or sale shall be paid, not to the judgment-debtor, but, save in so far as a decree-holder is entitled to set-off such money under the provisions of rule 72, into Court:

Provided also that not mortgage, lease or sale under this rule shall become absolute until it has been confirmed by the Court.

(*3*) Nothing in this rule shall be deemed to apply to a sale of property directed to be sole in execution of a decree for sale in enforcement of a mortgage of, or charge on, such property.

**84. Deposit by purchaser and re-sale on default.—**(*1*) On every sale of immovable property the person declared to be the purchaser shall pay immediately after such declaration a deposit of twenty-five per cent. on the amount of his purchase-money to the officer or other person conducting the sale, and in default of such deposit, the property shall forthwith be re-sold.

(*2*) Where the decree-holder is the purchaser and is entitled to set-off the purchase-money under rule 72, the Court may dispense with the requirements of this rule.

**85. Time for payment in full of purchase money.—**The full amount of purchase-money payable shall be paid by the purchaser into Court before the Court closes on the fifteenth day from the sale of the property:

Provided that, in calculating the amount to be so paid into Court, the purchaser shall have the advantage of any set-off to which he may be entitled under rule 72.

**86. Procedure in default of payment.—**In default of payment within the period mentioned in the last preceding rule, the deposit may, if the Court thinks fit, after defraying the expenses of the sale, be forfeited to the Government, and the property shall be re-sold, and the defaulting purchaser shall forfeit all claim to the property or to any part of the sum for which it may subsequently be sold.

**87. Notification on re-sale.—**Every re-sale of immovable property, in default of payment of the purchase-money within the period allowed for such payment, shall be made after the issue of fresh proclamation in the manner and for the period hereinbefore prescribed for the sale.

**88. Bid of co-sharer to have preference.—**Where the property sold is a share of undivided immovable property and two or more persons, of whom one is a co-sharer, respectively bid the same sum for such property or for any lot, the bid shall be deemed to be the bid of the co-sharer.

**89. Application to set aside sale on deposit.—**(*1*) Where immovable property has been sold in execution of a decree, [1][any person claiming an interest in the property sold at the time of the sale or at the time of making the application, or acting for or in the interest of such person,] may apply to have the sale set aside on his depositing in Court,—

(*a*) for payment to the purchaser, a sum equal to five per cent. of the purchase-money, and

(*b*) for payment, to the decree-holder, the amount specified in the proclamation of sale as that for the recovery of which the sale was ordered, less any amount which may, since the date of such proclamation of sale, have been received by the decree-holder.

(*2*) Where a person applies under rule 90 to set aside the sale of his immovable property, he shall not, unless he withdraws his application, be entitled to make or prosecute an application under this rule.

(*3*) Nothing in this rule shall relieve the judgment-debtor from any liability he may be under in respect of costs and interest not covered by the proclamation of sale.

[2]**[90. Application to set aside sale on ground of irregularity or fraud.—**(*1*) Where any immovable property has been sold in execution of a decree, the decree-holder, or the purchaser, or any other person entitled to share in a rateable distribution of assets, or whose interests are affected by the sale, may apply to the Court to set aside the sale on the ground of a material irregularity or fraud in publishing or conducting it.

(*2*) No sale shall be set aside on the ground of irregularity or fraud in publishing or conducting it unless, upon the facts proved, the Court is satisfied that the applicant has sustained substantial injury by reason of such irregularity or fraud.

(*3*) No application to set aside a sale under this rule shall be entertained upon any ground which the applicant could have taken on or before the date on which the proclamation of sale was drawn up.

*Explanation*.—The mere absence of, or defect in, attachment of the property sold shall not, by itself, be a ground for setting aside a sale under this rule.]

**91. Application by purchaser to set aside sale on ground of judgment-debtor having no saleable interest.—**The purchaser at any such sale in execution of a decree may apply to the Court to set aside the sale, on the ground that the judgment-debtor had no saleable interest in the property sold.

**92. Sale when to become absolute or be set aside.—**(*1*) Where no application is made under rule 89, rule 90 or rule 91, or where such application is made and disallowed, the Court shall make an order confirming the sale, and thereupon the sale shall become absolute:

---

1. Subs. by Act 104 of 1976, s. 72, for certain words (w.e.f. 1-2-1977).
2. Subs. by s. 72, *ibid*., for rule 90 (w.e.f. 1-2-1977).

[1][Provided that, where any property is sold in execution of a decree pending the final disposal of any claim to, or any objection to the attachment of, such property, the Court shall not confirm such sale until the final disposal of such claim or objection.]

(*2*) Where such application is made and allowed, and where, in the case of an application-under rule 89, the deposit required by that rule is made within [2][sixty days] from the date of sale, [3][or in cases where the amount deposited under rule 89 is found to be deficient owing to any clerical or arithmetical mistake on the part of the depositor and such deficiency has been made good within such time as may be fixed by the Court, the Court shall make an order setting aside the sale]:

Provided that no order shall be made unless notice of the application has been given to all persons affected thereby:

[4][Provided further that the deposit under this sub-rule may be made within sixty days in all such cases where the period of thirty days, within which the deposit had to be made, has not expired before the commencement of the Code of Civil Procedure (Amendment) Act, 2002.

(*3*) No suit to set aside an order made under this rule shall be brought by any person against whom such order is made.

[5][(*4*) Where a third party challenges the judgment-debtor's title by filing a suit against the auction-purchaser, the decree-holder and the judgment-debtor shall be necessary parties to the suit.

(*5*) If the suit referred to in sub-rule (*4*) is decreed, the Court shall direct the decree-holder to refund the money to the auction-purchaser, and where such an order is passed the execution proceeding in which the sale had been held shall, unless the Court otherwise directs, be revived at the stage at which the sale was ordered].

**93. Return of purchaser-money in certain cases.—**Where a sale of immovable property is set aside under rule 92, the purchaser shall be entitled to an order for repayment of his purchase-money, with or without interest as the Court may direct, against any person to whom it has been paid.

**94. Certificate to purchaser.—**Where a sale of immovable property has become absolute, the Court shall grant a certificate specifying the property sold and the name of the person who at the time of sale is declared to be the purchaser. Such certificate shall bear date the day on which the sale became absolute.

**95. Delivery of property in occupancy of judgment-debtor—**Where the immovable property sold is in the occupancy of the judgment-debtor or of some person on his behalf or of some person claiming under a title created by the judgment-debtor subsequently to the attachment of such property and a certificate in respect thereof has been granted under rule 94, the Court shall, on the application of the purchaser, order delivery to be made by putting such purchaser or any person whom he may appoint to receive delivery on his behalf in possession of the property, and, if need be, by removing any person who refuses to vacate the same.

**96. Delivery of property in occupancy of tenant.—**Where the property sold is in the occupancy of a tenant or other person entitled to occupy the same and a certificate in respect thereof has been granted under rule 94, the Court shall, on the application of the purchaser, order delivery to be made by affixing a copy of the certificate of sale in some conspicuous place on the property, and proclaiming to the occupant by beat of drum or other customary mode, at some convenient place, that the interest of the judgment-debtor has been transferred to the purchaser.

*Resistance of delivery of possession to decree-holder or purchaser*

**97. Resistance or obstruction to possession of immovable property.—**(*1*) Where the holder of a decree for the possession of immovable property or the purchaser of any such property sold in execution of a decree is resisted or obstructed by any person in obtaining possession of the property, he may make an application to the Court complaining of such resistance or obstruction.

[6][(*2*) Where any application is made under sub-rule (*1*), the Court shall proceed to adjudicate upon the application in accordance with the provisions herein contained.]

---

1. Added by Act 104 of 1976, s. 72 (w.e.f. 1-2-1977).
2. Subs. by Act 22 of 2002, s. 14, for "thirty days" (w.e.f. 1-7-2002).
3. Subs. by Act 104 of 1976, s. 72, for "the Court shall make an order setting aside the sale" (w.e.f. 1-2-1977).
4. Ins. by Act 22 of 2002, s. 14 (w.e.f. 1-7-2002).
5. Ins. by Act 104 of 1976, s. 72 (w.e.f 1-2-1977).
6. Subs. by s. 72, *ibid.*, for sub-rule (2) (w.e.f. 1-2-1977).

[1][**98. Orders after adjudication.**—(*1*) Upon the determination of the questions referred to in rule 101, the Court shall, in accordance with such determination and subject to the provisions of sub-rule (*2*),—

(*a*) make an order allowing the application and directing that the applicant be put into the possession of the property or dismissing the application; or

(*b*) pass such other order as, in the circumstances of the case, it may deem fit.

(*2*) Where, upon such determination, the Court is satisfied that the resistance or obstruction was occasioned without any just cause by the judgment-debtor or by some other person at his instigation or on his behalf, or by any transferee, where such transfer was made during the pendency of the suit or execution proceeding, it shall direct that the applicant be put into possession of the property, and where the applicant is still resisted or obstructed in obtaining possession, the Court may also, at the instance of the applicant, order the judgment-debtor, or any person acting at his instigation or on his behalf, to be detained in the civil prison for a term which may extend to thirty days.

**99. Dispossession by decree-holder or purchaser.**—(*1*) Where any person other than the judgment-debtor is dispossessed of immovable property by the holder of a decree for the possession of such property or, where such property has been sold in execution of a decree, by the purchaser thereof, he may make an application to the Court complaining of such dispossession.

(*2*) Where any such application is made, the Court shall proceed to adjudicate upon the application in accordance with the provisions herein contained.

**100. Order to be passed upon application complaining of dispossession.**—Upon the determination of the questions referred to in rule 101, the Court shall, in accordance with such determination,—

(*a*) make an order allowing the application and directing that the applicant be put into the possession of the property or dismissing the application; or

(*b*) pass such other order as, in the circumstances of the case, it may deem fit.

**101. Question to be determined.**—All questions (including questions relating to right, title or interest in the property) arising between the parties to a proceeding on an application under rule 97 or rule 99 or their representatives, and relevant to the adjudication of the application, shall be determined by the Court dealing with the application and not by a separate suit and for this purpose, the Court shall, notwithstanding anything to the contrary contained in any other law for the time being in force, be deemed to have jurisdiction to decide such questions.

**102. Rules not applicable to transferee *lite pendente*.**—Nothing in rules 98 and 100 shall apply to resistance or obstruction in execution of a decree for the possession of immovable property by a person to whom the judgement-debtor has transferred the property after the institution of the suit in which the decree was passed or to the dispossession of any such person.

*Explanation*.—In this rule, "transfer" includes a transfer by operation of law.

**103. Orders to be treated as decrees.**—Where any application has been adjudicated upon under rule 98 or rule 100, the order made thereon shall have the same force and be subject to the same conditions as to an appeal or otherwise as if it were a decree.]

[2][**104. Orders under rule 101 or rule 103 to be subject to the result or pending suit.**—Every order made under rule 101 or rule 103 shall subject to the result of any suit that may be pending on the date of commencement of the proceeding in which such order, is made if in such suit the party against whom the order under rule 101 or rule 103 is made has sought to establish a right which he claims to the present possession of the property.

**105. Hearing of application.**—(*1*) The Court, before which an application under any of the foregoing rules of this Order is pending, may fix a day for the hearing of the application.

(*2*) Where on the day fixed or on any other day to which the hearing may be adjourned the applicant does not appear when the case is called on for hearing, the Court may make an order that the application be dismissed.

---

1. Subs. by Act 104 of 1976, s. 72, for rules 98 to 103 (w.e.f. 1-2-1977).
2. Ins. by s. 72, *ibid*. (w.e.f. 1-2-1977).

(*3*) Where the applicant appears and the opposite party to whom the notice has been issued by the Court does not appear, the Court may hear the application ex parte and pass such order as it thinks fit.

*Explanation*.—An application referred to in sub-rule (*1*) includes a claim or objection made under rule 58.

**106. Setting aside orders passed** *ex parte*, **etc.—**(*1*) The applicant, against whom an order is made under sub-rule (*2*) rule 105 or the opposite party against whom an order is passed *ex parte* under sub-rule (*3*) of that rule or under sub-rule (*1*) of rule 23, may apply to the Court to set aside the order, and if he satisfies the Court that there was sufficient cause for his non-appearance whom the application was called on for hearing, the Court shall set aside the order or such terms as to costs or otherwise as it thinks fit, and shall appoint a day for the further hearing of the application.

(*2*) No order shall be made on an application under sub-rule (*1*) unless notice of the application has been served on the other party.

(*3*) An application under sub-rule (*1*) shall be made within thirty days from the date of the order, or where, in the case of an *ex parte* order, the notice was not duly served, within thirty days from the date when applicant had knowledge of the order.]

## ORDER XXII

### *Death, Marriage and Insolvency or Parties*

**1. No abatement by party's death if right to sue survives.—**The death of a plaintiff or defendant shall not cause the suit to abate if the right to sue survives.

**2. Procedure where one of several plaintiffs or defendants dies and right to sue survives.—** Where there are more plaintiffs or defendants than one, and any of them dies, and where the right to sue survives to the surviving plaintiff or plaintiffs alone, or against the surviving defendant or defendants alone, the Court shall cause an entry to the effect to be made on the record,. and the suit shall proceed at the instance of the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants.

**3. Procedure in case of death of one of several plaintiffs or of sole plaintiff.—**(*1*) Where one of two or more plaintiffs dies and the right to sue does not survive to the surviving plaintiff or plaintiffs alone, or a sole plaintiff or sole surviving plaintiff dies and the right to the sue survives, the Court, on an application made in that behalf, shall cause the legal representative of the deceased plaintiff to be made a party and shall proceed with the suit.

(*2*) Where within the time limited by law no application is made under sub-rule (*1*), the suit shall abate so far as the deceased plaintiff is concerned, and, on the application of the defendant, the Court may award to him the costs which he may have incurred in defending the suit, to be recovered from the estate of the deceased plaintiff.

**4. Procedure in case of death of one of several defentlants or of sole defendant.—**(*1*) Where one of two or more defendants dies and the right to sue does not survive against the surviving defendant or defendants alone or a sole defendant or sole surviving defendant dies and the right to sue survives, the Court, on an application made in that behalf, shall cause the legal representative of the deceased defendants to be made a party and shall proceed with the suit.

(*2*) Any person so made a party may make any defence appropriate to his character as legal representative of the deceased defendant.

(*3*) Where within the time limited by law no application is made under sub-rule (*1*), the suit shall abate as against the deceased defendant.

[1][(*4*) The Court whenever it thinks fit, may exempt the plaintiff from the necessity of substituting the legal representatives of any such defendant who has failed to file a written statement or who, having filed it, has failed to appear and contest the suit at the hearing; and judgment may, in such case, be pronounced against the said defendant notwithstanding the death of such defendant and shall have the same force and effect as if it has been pronounced before death took place.

1. Ins. by Act 104 of 1976, s. 73 (w.e.f. 1-2-1977).

(*5*) Where—

(*a*) the plaintiff was ignorant of the death of a defendant, and could not, for that reason, make an application for the substitution of the legal representative of the defendant under this rule within the period specified in the Limitation Act, 1963 (36 of 1963), and the suit has, in consequence, abated, and

(*b*) the plaintiff applies after the expiry of the period specified therefore in the Limitation Act, 1963 (36 of 1963), for setting aside the abatement and also for the admission of that application under section 5 of that Act on the ground that he had, by reason of such ignorance, sufficient cause for not making the application with the period specified in the said Act,

the Court shall, in considering the application under the said section 5, have due regard to the fact of such ignorance, if proved.]

[1][**4A. Procedure where there is no legal representative.—**(*1*) If, in any suit, it shall appear to the Court that any party who has died during the pendency of the suit has no legal representative, the Court may, on the application of any party to the suit, proceed in the absence of a person representing the estate of the deceased person, or may be order appoint the Administrator-General, or an officer of the Court or such other person as it thinks fit to represent the estate of the deceased person for the purpose of the suit; and any judgment or order subsequently given or made in the suit shall bind the estate of the deceased person to the same extent as he would have been bound if a personal representative of the deceased person had been a party to the suit.

(*2*) Before making an order under this rule, the Court—

(*a*) may require notice of the application for the order to be given to such (if any) of the persons having an interest in the estate of the deceased person as it thinks fit; and

(*b*) shall as certain that the person proposed to be appointed to represent the estate of the deceased person is willing to be so appointed and has no interest adverse to that of the deceased person.]

**5. Determination of question as to legal representative.—**Where a question arises as to whether any person is or is not the legal representative of a deceased plaintiff or a deceased defendant, such question shall be determined by the Court:

[1][Provided that where such question arises before an Appellate Court, that Court may, before determining the question, direct any subordinate Court to try the question and to return the records together with evidence, if any, recorded at such trial, its findings and reasons therefor, and the Appellate Court may take the same into consideration in determining the question.]

**6. No abatement by reason of death after hearing.—**Notwithstanding anything contained in the foregoing rules, whether the cause of action survives or not, there shall be no abatement by reason of the death of either party between the conclusion of the hearing and the pronouncing of the judgment, but judgment may in such case be pronounced notwithstanding the death and shall have the same force and effect as if it had been pronounced before the death took place.

**7. Suit not abated by marriage of female party.—**(*1*) The marriage of a female plaintiff or defendant shall not cause the suit to abate, but the suit may notwithstanding be proceeded with the judgment, and, where the decree is against a female defendant, it may be executed against her alone.

(*2*) Where the husband is by law liable for the debts of his wife, the decree may, with the permission of the Court, be executed against the husband also; and, in case of judgment for the wife, execution of the decree may, with such permission, be issued upon the application of the husband, where the husband is by law entitled to the subject-matter of the decree.

**8. When plaintiff's insolvency bars suit.—**(*1*) The insolvency of a plaintiff in any suit which the assignee or receiver might maintain for the benefit of his creditors, shall not cause the suit to abate, unless such assignee or receiver declines to continue the suit or (unless for any special reason the Court otherwise directs) to give security for the costs thereof within such time as the Court may direct.

---

1. Ins. by Act 104 of 1976, s. 73 (w.e.f. 1-2-1977).

(*2*) **Procedure where assignee fails to continue suit, or give security.—**Where the assignee or receiver neglects or refuses to continue the suit and to give such security within the time so ordered, the defendant may apply for the dismissal of the suit on the ground of the plaintiff's insolvency, and the Court may make an order dismissing the suit an awarding to the defendant the costs which he has incurred in defending the same to be proved as a debt against the plaintiff's estate.

**9. Effect of abatement or dismissal**.—(*1*) Where a suit abates or is dismissed under this Order, no fresh suit shall be brought on the same cause of action.

(*2*) The plaintiff or the person claiming to be the legal representative of a deceased plaintiff or the assignee or the receiver in the case of an insolvent plaintiff may apply for an order to set aside the abatement or dismissal; and if it is proved that he was prevented by any sufficient cause from continuing the suit, the Court shall set aside the abatement or dismissal upon such terms as to costs or otherwise as it thinks fit.

(*3*) The provisions of Section 5 of the [1][Indian Limitation Act, 1877 (15 of 1877)] shall apply to applications under sub-rule (*2*).

[2][*Explanation.—*Nothing in this rule shall be construed as barring, in any later suit, a defence based on the facts which constituted the cause of action in the suit which had abated or had been dismissed under this Order.]

**10. Procedure in case of assignment before final order in suit**.—(*1*) In other cases of an assignment, creation or devolution of any interest during the pendency of a suit, the suit may, by leave of the Court, be continued by or against the person to or upon whom such interest has come or devolved.

(*2*) The attachment of a decree pending an appeal therefrom shall be deemed to be an interest entitling the person who procured such attachment to the benefit of sub-rule (*1*).

[2]**[10A**. **Duty of pleader to communicate to Court death of a party.—**Wherever a pleader appearing for a party to the suit comes to know of the death of that party, he shall inform the Court about it, and the Court shall thereupon give notice of such death to the other party, and, for this purpose, the contract between the pleader and the deceased party shall be deemed to subsist.]

**11. Application of Order to appeals.—**In the application of this Order to appeals, so far as may be, the word "Plaintiff" shall be held to include an appellant, the word "defendant" a respondant, and the word "suit"an appeal.

**12. Application of Order to proceedings.—**Nothing in rules 3, 4 and 8 shall apply to proceedings in execution of a decree or order.

ORDER XXIII

*Withdrawal and Adjustment of Suits*

[3]**[1. Withdrawal of suit or abandonment of part of claim**.—(*1*) At any time after the institution of a suit, the plaintiff may as against all or any of the defendants abandon his suit or abandon a part of his claim:

Provided that where the plaintiff is a minor or other person to whom the provisions contained in rules 1 to 14 of Order XXXII extend, neither the suit nor any part of the claim shall be abandoned without the leave of the Court.

(*2*) An application for leave under the proviso to sub-rule (*1*) shall be accompanied by an affidavit of the next friend and also, if the minor or such other person is represented by a pleader, by a certificate of the pleader to the effect that the abandonment proposed is, in his opinion, for the benefit of the minor or such other person.

(*3*) Where the Court is satisfied,—

(*a*) that a suit must fail by reason of some formal defect, or

1. *See* now the Limitation Act, 1973 (36 of 1963), ss. 4 and 5.
2. Ins. by Act 104 of 1976, s. 73 (w.e.f 1-2-1977).
3. Subs. by s. 74, *ibid.*, for rule 1 (w.e.f. 1-2-1977).

(*b*) that there are sufficient grounds for allowing the plaintiff to institute a fresh suit for the subject matter of suit or part of a claim,

It may, on such terms as it thinks fit grant the plaintiff permission to withdraw from such suit or such part of the claim with liberty to institute a fresh suit in respect of the subject-matter of such suit or such part of the claim.

(*4*) Where the plaintiff—

(*a*) abandons any suit or part of claim under sub-rule (*1*), or

(*b*) withdraws from a suit or part of a claim without the permission referred to in sub-rule (*3*),

he shall be liable for such costs as the Court may award and shall be precluded from instituting any fresh suit in respect of such subject-matter or such part of the claim.

(*5*) Nothing in this rule shall be deemed to authorise the Court to permit one of several plaintiffs to abandon a suit or part of a claim under sub-rule (*1*), or to withdraw, under sub-rule (*3*), any suit or part of a claim, without the consent of the other plaintiff.]

[1]**[1A.When transposition of defendants as plaintiffs may be permitted.—**Where a suit is withdrawn or abandoned by a plaintiff under rule 1, and a defendant applies to be transposed as a plaintiff under rule 10 of Order I the Court shall, in considering such application, have due regard to the question whether the applicant has a substantial question to be decided as against any of the other defendants.]

**2. Limitation law not affected by first suit.—**In any fresh suit instituted on permission granted under the last preceding rule, the plaintiff shall be bound by the law of limitation in the same manner as if the first suit had not been instituted.

**3. Compromise of suit.—**Where it is proved to the satisfaction of the Court that a suit has been adjusted wholly or in part by any lawful agreement or compromise [1][in writing and signed by the parties] or where the defendant satisfied the plaintiff in respect to the whole or any part of the subject-matter of the suit, the Court shall order such agreement, compromise or satisfaction to be recorded, and shall pass a decree in accordance therewith [2][so far as it relates to the parties to the suit, whether or not the subject-matter of the agreement, compromise or satisfaction is the same as the subject-matter of the suit:]

[1][Provided that where it is alleged by one party and denied by the other that an adjustment or satisfaction has been arrived at, the Court shall decide the question; but not adjournment shall be granted for the purpose of deciding the question, unless the Court, for reasons to be recorded, thinks fit to grant such adjournment.]

[1][*Explanation.—* An agreement or compromise which is void or voidable under the Indian Contract Act, 1872 (9 of 1872), shall not he deemed to be lawful within the meaning of this rule.]

[1]**[3A. Bar to suit.—**No suit shall lie to set aside a decree on the ground that the compromise on which the decree is based was not lawful.

**3B**. **No agreement or compromise to be entered in a representative suit without leave of Court**.—(*1*) No agreement or compromise in a representative suit shall be entered into without the leave of the Court expressly recorded in the proceedings; and any such agreement or compromise entered into without the leave of the Court as recorded shall be void.

(*2*) Below granting such leave, the Court shall give notice in such manner as it may think fit to such persons is as may appear to it to be interested in the suit.

*Explanation.*—In this rule, "representative suit" means,—

(*a*) a suit under Section 91 or Section 92,

(*b*) a suit under rule 8 of Order I,

(*c*) a suit in which the manager of an undivided Hindu family sues or is sued as representing the other members of the family,

1. Ins. by Act 104 of 1976, s. 74 (w.e.f. 1-2-1977).
2. Subs. by s. 74, *ibid.*, for certain words (w.e.f. 1-2-1977).

(*d*) any other suit in which the decree passed may, by virtue of the provisions of this Code or of any other law for the time being in force, bind any person who is not named as party to the suit.]

**4. Proceedings in execution of decrees not affected.—**Nothing in this Order shall apply to any proceedings in execution of a decree or order.

ORDER XXIV

*Payment into Court*

**1. Deposit by defendant of amount in satisfaction of claim.—**The defendant in any suit to recover a debt or damages may, at any stage of the suit, deposit in Court such sum of money as he considers a satisfaction in full of the claim.

**2. Notice of deposit.**—Notice of the deposit shall be given through the Court by the defendant to the plaintiff, and the amount of the deposit shall (unless the Court otherwise directs) be paid to the plaintiff on his application.

**3. Interest on deposit not allowed to plaintiff after notice.—**No interest shall be allowed to the plaintiff on any sum deposited by the defendant from the date of the receipt of such notice, whether the sum deposited is in full of the claim or falls short thereof.

**4. Procedure where plaintiff accepts deposit as satisfaction in part**.—(*1*) Where the plaintiff accepts such amount as satisfaction in part only of his claim, he may prosecute his suit for the balance; and, if the Court decides that the deposit by the defendant was a full satisfaction of the plaintiff's claim, the plaintiff shall pay the costs of the suit incurred after the deposit and the costs incurred previous thereto, so far as they were caused by excess in the plaintiff's claim.

(*2*) **Procedure where he accepts it as satisfaction in full.—**Where the plaintiff accepts such amount as satisfaction in full of his claim, he shall present to the Court a statement to that effect, and such statement shall be filed and the Court shall pronounce judgment accordingly; and, in directing by whom the costs of each party are to be paid, the Court shall consider which of the parties is most to blame for the litigation.

*Illustrations*

(*a*) A owes B Rs. 100. B. sues A for the amount, having made no demand for payment and having no reason to believe that the delay caused by making a demand would place him at a disadvantage. On the plaint being filed, A pays the money into Court, B accepts it in full satisfaction of his claim, but the Court should not allow him any costs, the litigation being presumably groundless on his part.

(*h*) B sues A under the circumstances mentioned in illustration (*a*). On the plaint being filed**,** A disputes the claim Afterwards A pays the money into Court. B accepts in full satisfaction of his claim. The Court should also give B his cast of suit. A's conduct having shown that the litigation was necessary.

(*c*) A owes B Rs. 100, and is willing to pay him that sum without suit.- B claims Rs. 150 and sues A for that amount. On the plaint being filed, A pays Rs. 100 into Court and disputes only his liability to pay the remaining Rs. 50. B accepts the Rs. 100 in full satisfaction of his claim. The Court should order him to pay A's costs.

ORDER XXV

*Security for Costs*

[1]**[1. When security for costs may be required from plaintiff.—(*1*)** At any stage of a suit, the Court may, either of its own motion or on the application of any defendant, order the plaintiff, for reasons to be recorded, to give within the time fixed by it security for the payment of all costs incurred and likely to be incurred by any defendant:

Provided that such an order shall be made in all cases in which it appears to the Court that a sole plaintiff is, or (when there are more plaintiffs than one) that all the plaintiffs are, residing out of India and that such plaintiff does not possess or that no one of such plaintiffs possesses any sufficient immovable property within India other than the property in suit.

1. Subs. by Act 66 of 1956, s. 14, for rule 1 (w.e.f. 1-1-1957).

(*2*) Whoever leaves India under such circumstances as to afford reasonable probability that he will not be forthcoming whenever he may be called upon to pay costs shall be deemed to be residing out of India within the meaning of the proviso to sub-rule (*1*)].

**2. Effect of failure to furnish security**.—(*1*) In the event of such security not being furnished within the time fixed, the Court shall make an order dismissing the suit unless the plaintiff or plaintiffs are permitted to withdraw therefrom.

(*2*) Where a suit is dismissed under this rule, the plaintiff may apply for an order to set the dismissal aside and, if it is proved to the satisfaction of the Court that he was prevented by any sufficient cause from furnishing the security within the time allowed, the Court shall set aside the dismissal upon such terms as to security; costs or otherwise as it thinks fit, and shall appoint a day for proceeding with the suit.

(*3*) The dismissal shall not be set aside unless notice of such application has been served on the defendant.

## ORDER XXVI
## COMMISSIONS

*Commissions to examine witnesses*

**1. Cases in which Court may issue commission to examine witness.—**Any Court may in any suit issue a commission for the examination on interrogatories or otherwise of any person resident within the local limits of its jurisdiction who is exempted under this Code from attending the Court or who is from sickness or infirmity unable to attend it:

[1][Provided that a commission for examination on interrogatories shall not be issued unless the Court, for reasons to be recorded, thinks it necessary so to do.

*Explanation.*—The Court may, for the purpose of this rule, accept a certificate purporting to be signed by a registered medical practitioner as evidence of the sickness or infirmity of any person, without calling the medical practitioner as a witness.]

**2. Order for commission.—**An order for the issue of a commission for the examination of a witness may be made by the Court either of its own motion or on the application, supported by affidavit or otherwise, of any party to the suit or of the witness to be examined.

**3. Where witness resides within Court's jurisdiction.—**A commission for the examination of a person who resides within the local limits of the jurisdiction of the Court issuing the same may be issued to any person whom the Court thinks fit to execute it.

**4. Persons for whose examination commission may issue**.—(*1*) Any Court may in any suit issue a commission [2][for the examination on interrogatories or otherwise of—]

(*a*) any person resident beyond the local limits of its jurisdiction;

(*b*) any person who is about to leave such limits before the date on which he is required to be examined in Court; and

(*c*) [3][any person in the service of the Government] who cannot in the opinion of the Court, attend without detriment to the public service:

[1][Provided that where, under rule 19 of Order XVI, a person cannot be ordered to attend a Court in person, a commission shall be issued for his examination if his evidence is considered necessary in the interests of justice:

Provided further that a commission for examination of such person on interrogatories shall not be issued unless the Court, for reasons to be recorded, thinks it necessary so to do.]

1. Ins. by Act 104 of 1976, s. 75 (w.e.f. 1-2-1977).
2. Subs. by s. 75, *ibid*., for "for the examination of" (w.e.f. 1-2-1977).
3. Subs. by the A.O 1937, for "any civil or military officer of the Government".

(*2*) Such commission may be issued to any Court, not being a High Court, within the local limits of whose jurisdiction such person resides, or to any pleader or other person whom the Court issuing the commission may appoint.

(*3*) The Court on issuing any commission under this rule shall direct whether the commission shall be returned to itself or to any subordinate Court.

[1][**4A. Commission for examination of any person resident within the local limits of the jurisdiction of the Court.—**Notwithstanding anything contained in these rules, any court may, in the interest of justice or for the expeditious disposal of the case or for any other reason, issue commission in any suit for the examination, on interrogatories or otherwise, of any person resident within the local limits of its jurisdiction, and the evidence so recorded shall be read in evidence.]

**5. Commission or request to examine witness not within India.—**Where any Court to which application is made for the issue of a commission for the examination of a person residing at any place not within [2][India] is satisfied that the evidence of such person is necessary, the Court may issue such commission or a letter of request.

**6. Court to examine witness pursuant to Commission.—**Every Court receiving a commission for the examination of any person shall examine him or cause him to be examined pursuant thereto.

7. **Return of commission with depositions of witnesses.—**Where a commission has been duly executed, it shall be returned, together with the evidence taken under it, to the Court from which it was issued, unless the order for issuing the commission has otherwise directed, in which case the commission shall be returned in terms of such order; and the commission and the returned thereto and the evidence taken under it shall [3][(subject to the provisions of rule 8)] from part of the record of the suit.

**8. When depositions may be read in evidence.—**Evidence taken under a commission shall not be read as evidence in the suit without the consent of the party against whom the same is offered, unless—

(*a*) the person who gave the evidence is beyond the jurisdiction of the Court, or dead or unable from sickness or infirmity to attend to be personally examined, or exempted from personal appearance in Court, or is a [4][person in the service of the Government] who cannot, in the opinion of the Court, attend without detriment to the public service, or

(*b*) the Court in its discretion dispenses with the proof of any of the circumstances mentioned in clause (*a*)and authorizes the evidence of any person being read as evidence in the suit, notwithstanding proof that the cause for taking such evidence by commission has ceased at the time of reading the same.

*Commissions for local investigations*

**9. Commissions to make local investigations.—**In any suit in which the Court deems a local investigation to be requisite or proper for the purpose of elucidating any matter in dispute, or of ascertaining the market-value of any property, or the amount of any *mesne profits* or damages or annual net profits, the Court may issue a commission to such person as it thinks fit directing him to make such investigation and to report thereon to the Court:

Provided that, where the State Government has made rules as to the persons to whom such commission shall be issued, the Court shall be bound by such rules.

**10. Procedure of Commissioner**.—(*1*) The Commissioner, after such local inspection as he deems necessary and after reducing to writing the evidence taken by him, shall return such evidence, together with his report in writing signed by him, to the Court.

(*2*) **Report and depositions to be evidence in suit. Commissioner may be examined in person.—**The report of the Commissioner and the evidence taken by him (but not the evidence without the report) shall be evidence in the suit and shall form part of the record; but the Court or, with the permission of the Court, any of

1. Ins. by Act 46 of 1999, s. 29 (w.e.f. 1-7-2002).
2. Subs. by Act 2 of 1951, s. 3, for "the States".
3. Subs. by Act 104 of 1976, s. 75, for certain words (w.e.f. 1-2-1977).
4. Subs. by the A.O. 1937, for "civil or military officer of the Government".

the parties to the suit may examine the Commissioner personally in open Court touching any of the matters referred to him or mentioned in his report, or as to his report, or as to the manner in which he has made the investigation.

(*3*) Where the Court is for any reason dissatisfied with the proceedings of the Commissioner, it may direct such further inquiry to be made as it shall think fit.

[1][*Commissions for scientific investigation, performance of ministerial act and sale of movable property*

**10A. Commission for scientific investigation**.—(*1*) Where any question arising in a suit involves any scientific investigation which cannot, in the opinion of the Court, be conveniently conducted before the Court, the Court may, if it thinks it necessary or expedient in the interests of justice so to do, issue a commission to such person as it thinks fit, directing him to inquire into such question and report thereon to the Court.

(*2*) The provisions of rule 10 of this Order shall, as far as may be, apply in relation to a Commissioner appointed under this rule as they apply in relation to a Commissioner appointed under rule 9.

**10B. Commission for performance of a ministerial act**.—(*1*) Where any question arising in a suit involves the performance of any ministerial act which cannot, in the opinion of the Court, be conveniently performed before the Court, the Court may, if for reasons to be recorded, it is of opinion that it is necessary or expedient in the interests of justice so to do, issue a commission to such person as it thinks fit, directing him to perform that ministerial act and report thereon to the Court.

(*2*) The provisions of rule 10 of this Order shall apply in relation to a commissioner appointed under this rule as they apply in relation to a Commissioner appointed under rule 9.

**10C. Commission for the sale of movable property**.—(*1*) Where, in any suit, it becomes necessary to sell any movable property which is in the custody of the Court pending the determination of the suit and which cannot be conveniently preserved, the Court may, if, for reasons to be recorded, it is of opinion that it is necessary or expedient in the interests of justice so to do, issue a commission to such person as it thinks fit, directing him to conduct such sale and report thereon to the Court.

(*2*) The provisions of rule 10 of this Order shall apply in relation to a Commissioner appointed under this rule as they apply in relation to a Commissioner appointed under rule 9.

(*3*) Every such sale shall be held, as far as may be, in accordance with the procedure prescribed for the sale of movable property in execution of a decree.]

*Commissions to examine accounts*

**11. Commission to examine or adjust accounts.—**In any suit in which an examination or adjustment of the accounts is necessary, the Court may issue a commission to such person as it thinks fit directing him to make such examination or adjustment.

**12. Court to give Commissioner necessary instructions**.—(*1*) The Court shall furnish the Commissioner with such part of the proceedings and such instructions as appear necessary, and the instructions shall distinctly specify whether the commissioner is merely to transmit the proceedings which he may hold on the inquiry, or also to report his own opinion on the point referred for his examination.

(*2*) **Proceedings and report to be evidence. Court may direct further inquiry.—**The proceedings and report (if any) of the Commissioner shall be evidence in the suit, but where the Court has reason to be dissatisfied with them, it may direct such further inquiry as it shall think fit.

*Commissions to make partitions*

**13. Commission to make partition of immovable property.—**Where a preliminary decree for partition has been passed, the Court may, in any case not provided for by section 54, issue a commission to such person as it thinks fit to make the partition or separation according to the rights as declared in such decree.

**14. Procedure of Commissioner.—**(*1*) The Commissioner shall, after such inquiry as may be necessary, divide the property into as many shares as may be directly by the order under which the commission was

1. Ins. by Act 104 of 1976, s. 75 (w.e.f. 1-2-1977).

issued, and shall allot such shares to the parties, and may, if authorised thereto by the said order, award sums to be paid for the purpose of equalizing the value of the shares.

(*2*) The commissioner shall then prepare and sign a report or the Commissioners (where the commission was issued to more than one person and they cannot agree) shall prepare and sign separate reports appointing the share of each party and distinguishing each share (if so directed by the said order) by metes and bounds. Such report or reports shall be annexed to the commission and transmitted to the Court; and the Court, after hearing any objections which the parties may make to the report or reports, shall confirm, vary or set aside the same.

(*3*) Where the Court confirms or varies the report or reports it shall pass a decree in accordance with the same as confirmed or varied; but where the Court sets aside the report or reports it shall either issue a new commission or make such other order as it shall think fit.

*General provisions*

**15. Expenses of commission to be paid into court.—**Before issuing any commission under this Order, the Court may order such sum (if any) as it thinks reasonable for the expenses of the commission to be, within a time to be fixed, paid into Court by the party at whose instance or for whose benefit the commission is issued.

**16. Powers of commissioners.—**Any commissioner appointed under this Order may, unless otherwise directed by the order of appointment,—

(*a*) examine the parties themselves and any witness whom they or any of them may produce, and any other person whom the Commissioner thinks proper to call upon to give evidence in the matter referred to him;

(*b*) call for and examine documents and other things relevant to the subject of inquiry;

(*c*) at any reasonable time enter upon or into any land or building mentioned in the order.

[1][**16A. Questions objected to before the Commissioner**.—(*1*) Where any question put to a witness is objected to by a party or his pleader in proceedings before a Commissioner appointed under this Order, the Commissioner shall take down the question, the answer, the objections and the name of the party or, as the case may be, the pleader so objecting:

Provided that the Commissioner shall not take down the answer to a question which is objected to on the ground of privilege but may continue with the examination of the witness, leaving the party to get the question of privilege decided by the Court, and, where the Court decides that there is no question of privilege, the witness may be recalled by the Commissioner and examined by him or the witness may be examined by the Court with regard to the question which was objected to on the ground of privilege.

(*2*) No answer taken down under sub-rule (*1*) shall be read as evidence in the suit except by the order of the Court.]

**17. Attendance and examination of witnesses before Commissioner**.—(*1*) The provisions of this Code relating to the summoning, attendance and examination of witnesses, and to the remuneration of, and penalties to be imposed upon, witnesses, shall apply to persons required to give evidence or to produce documents under this Order whether the commission in execution of which they are so required has been issued by a Court situate within or by a Court situate beyond the limits of [2][India], and for the purposes of this rule the Commissioner shall be deemed to be a Civil Court:

[1][Provided that when the Commissioner is not a Judge of a Civil Court, he shall not be competent to impose penalties; but such penalties may be imposed on the application of such Commissioner by the Court by which the commission was issued.]

(*2*) A Commissioner may apply to any Court (not being a High Court) within the local limits or whose jurisdiction a witness resides for the issue of any process which he may find it necessary to issue to or against such witness, and such Court may, in its discretion, issue such process as it considers reasonable and proper.

1. Ins. by Act 104 of 1976, s. 75 (w.e.f. 1-2-1977).
2. Subs. by Act 2 of 1951, s. 3, for "the States".

**18. Parties to appear before Commissioner.—**(*1*) Where a commission is issued under this Order, the Court shall direct that the parties to the suit shall appear before the Commissioner in person or by their agents or pleaders.

(*2*) Where all or any of the parties do not so appear, the Commissioner may proceed in their absence.

[1][**18A. Application of order to execution proceedings.—**The provisions of this Order shall apply, so far as may be, to proceedings in execution of a decree or order.

**18B. Court to fix a time for return of commission.—**The Court issuing a commission shall fix a date on or before which the commission shall be returned to it after execution, and the date so fixed shall not be extended except where the Court, for reasons to be recorded, is satisfied that there is sufficient cause for extending the date.]

[2][*Commissions issued of the instance of foreign Tribunals*

**19. Cases in which High Court may issue commission to examine witness**.—(*1*) If a High Court is satisfied.—

(*a*) that a foreign court situated in a foreign country wishes to obtain the evidence of a witness in any proceeding before it,

(*b*) that the proceeding is of a civil nature, and

(*c*) that the witness is residing within the limits of the High Court's appellate jurisdiction,

it may, subject to the provisions of rule 20, issue a commission for the examination of such witness.

(*2*) Evidence may be given of the matters specified in clause (*a*), (*b*) and (*c*) of sub-rule (*1*)—

(*a*) by a certificate signed by the consular officer of the foreign country of the highest rank in India and transmitted to the High Court through the Central Government, or

(*b*) by a letter of request issued by the foreign Court and transmitted to the High Court through the Central Government, or

(*c*) by a letter of request issued by the foreign court and produced before the High Court by a party to the proceeding.

**20. Application for issue of commission.—**The High Court may issue a commission under rule 19—

(*a*) upon application by a party to the proceeding before the foreign court, or

(*b*) upon an application by a law officer of the State Government acting under instructions from the State Government.

**21. To whom commission may be issued.—**A commission under rule 19 may be issued to any Court within the local limits of whose jurisdiction the witness resides, or [3]*** the witness resides within the local limits of [4][the ordinary original civil jurisdiction of the High Court], to any person whom the Court thinks fit to execute the commission.

**22. Issue, execution and return of commissions, land transmission of evidence to foreign Court.—**The provisions of rules 6, 15, [5][sub-rule (*1*) of rule 16A, 17, 18 and 18B] of this Order in so far as they are applicable shall apply to the issue, execution and return of such commissions, and when any such commission has, been duly executed it shall be returned, together with the evidence taken under it, to the High Court, which shall forward it to the Government General in Council along with the letter of request for transmission to the foreign court.]

1. Ins. by Act 104 of 1976, s. 75 (w.e.f. 1-2-1977).
2. Ins. by Act 10 of 1932, s. 3.
3. The words "the high Court is established under the Indian high Courts Act 1861, or the Government of India Act, 1915, and" omitted by the A.O. 1937.
4. Subs. *ibid.*, for "its ordinary original civil jurisdiction".
5. Subs. by Act 104 of 1976, s. 75, for "16, 17 and 18" (w.e.f 1-2-1977).

## ORDER XXVII

*Suits by or against the government or public officers in their official capacity*

**1. Suits by or against Government.**—In any suit by or against [1][the Government], the plaint or written statement shall be signed by such person as the Government may, by general or special order, appoint in this behalf, and shall be verified by any person whom the Government may so appoint and who is acquainted with the facts of the case.

**2. Persons authorised to act for Government.**—Persons being *ex officio* or otherwise authorised to act for the Government in respect of any judicial proceeding shall be deemed to be recognised agents by whom appearances, acts and applications under this Code may be made or done on behalf of the Government.

**3. Plaints in suits by or against Government.**—In suits by or [2][against the Government], instead of inserting in the plaint the name and description and place of residence of the plaintiff or defendant, it shall be sufficient to insert [1][the appropriate name as provided in section 79 [3]***].

[4]**[4. Agent for Government to receive process.**—The Government pleader in any Court shall be the agent of the Government for the purpose of receiving processes against the Government issued by such Court].

**5. Fixing of day for appearance on behalf of Government.**—The Court, in fixing the day for [1][the Government] to answer to the plaint, shall allow a reasonable time for the necessary communication with the Government through the proper channel, and for the issue of instructions to the [5][Government pleader] to appear and answer on behalf of [6][the Government] [7]***, and may extend the time at its discretion [8][but the time so extended shall not exceed two months in the aggregate].

[8]**[5A. Government to be joined as a party in a suit against a public officer.**—Where a suit is instituted against a public officer for damages or other relief in respect of any act alleged to have been done by him in his official capacity, the Government shall be joined as a party to the suit.

**5B. Duty of Court in suits against the Government or a public officer to assist in arriving at a settlement**.—(*1*) In every suit or proceeding to which the Government, or a public officer acting in his official capacity, is a party, it shall be the duty of the Court to make, in the first instance, every endeavour, where it is possible to do so consistently with the nature and circumstances of the case, to assist the parties in arriving at a settlement in respect of the subject-matter of the suit.

(*2*) If, in any such suit or proceeding, at any stage, it appears to the court that there is a reasonable possibility of a settlement between the parties, the Court may adjourn the proceeding for such period as it thinks fit, to enable attempts to be made to effect such a settlement.

(*3*) The power conferred under sub-rule (*2*) is in addition to any other power of the Court to adjourn proceedings.].

**6. Attendance of person able to answer questions relating to suit against Government.**—The Court may also, in any case in which the [5][Government pleader] is not accompanied by any person on the part of [1][the Government] who may be able to answer any material questions relating to the suit, direct the attendance of such a person.

---

1. Subs. by A.O. 1937, for "the Secretary of State for India in Council".
2. Subs. *ibid*., for "against the Secretary of State for India in Council".
3. The words 'or' if the suit is against the Secretary of State, the words "the Secretary of State" omitted by the A.O. 1948.
4. Subs. by the A.O. 1937, for rule 4.
5. Subs. by the A.O. 1950, for "Crown pleader" which had been subs. by the A. O. 1937, for "Government pleader".
6. Subs. by the A.O. 1937, for "the said Secretary of State, for India in Council".
7. The words "or the Government," omitted by the A. O. 1948.
8. Ins. by Act 104 of 1976, s. 76 (w.e.f. 1-2-1977).

**7. Extension of time to enable public officer to make reference to Government**.—(*1*) Where the defendant is a public officer and, on receiving the summons, considers it proper to make a reference to the Government before answering the plaint, he may apply to the Court to grant such extension of the time fixed in the summons as may be necessary to enable him to make such reference and to receive orders thereon through the proper channel.

(*2*) Upon such application the Court shall extend the time for so long as appears to it to be necessary.

**8. Procedure in suits against public officer.—**(*1*) Where the Government undertakes the defence of a suit against a public officer, the [1][Government pleader] upon being furnished with authority to appear and answer the plaint, shall apply to the court, and upon such application the Court shall cause a note of his authority to be entered in the register of civil suits.

(*2*) Where no application under sub-rule (*1*) is made by the [1][Government pleader] on or before the day fixed in the notice for the defendant to appear and answer, the case shall proceed as in a suit between private parties:

Provided that the defendant shall not be liable to arrest, nor his property to attachment, otherwise than in execution of a decree.

[2][**8A. No security to be required from Government or a public officer in certain cases.—**No such security as is mentioned in rules 5 and 6 of Order XLI shall be required from the Government or, where the Government has undertaken the defence of the suit, from any public officer sued in respect of an act alleged to be done by him in his official capacity. ,

**8B. Definitions of "Government" and "Government pleader".—**In this Order [3][unless otherwise expressly provided] "Government" and [1]["Government pleader"] mean respectively—

(*a*) in relation to any suit by or against [4]*** the Central Government, or against a public officer in the service of that Government, the Central Government and such pleader as that Government may appoint whether generally or specially for the purposes of this order;

[5]* * * * *

(*c*) in relation to any suit by or against State Government or against a public officer in the service of a State. the State Government and the Government pleader [6][as defined in clause (*7*) of section 2], or such other pleader as the State Government may appoint, whether generally or specially, for the purposes of this Order.].

[7][ORDER XXVII-A]

*Suits involving a substantial question of law as to the interpretation for* [8][*the constitution*] [9][*or as to the validity of any statutory instrument*]

**1. Notice to the Attorney General or the Advocate-General.—**In any suit in which it appears to the Court that [10][any such question as is referred to [11][in clause (1) of Article 132, read with Article 147 of the Constitution,] is involved, the Court shall not proceed to determine that question until after notice has been given to [12][the Attorney General for India] if the question of law concerns the Central Government and to the Advocate-General of the State if the question of law concerns a State Government.

[9][**1A. Procedure in suits involving validity of any statutory instrument.—**In any suit in which it appears to the Court that any question as to the validity of any statutory instrument, not being a question of

1. Subs. by the A.O. 1937 and the A. O. 1950, for "Crown pleader".
2. Ins. by the A.O. 1937.
3. Ins. by the A.O. 1950.
4. The words "the Secretary of State or" omitted by the A.O.1948.
5. Cl. (*b*) omitted by the A.O. 1948.
6. Ins. by the A.O. 1950.
7. Ins. by Act 23 of 1942, s. 2.
8. Subs. by the A.O. 1950, for "the Government of India Act, 1935, or any Order-in-Council made thereunder".
9. Ins. by Act 104 of 1976, s. 77 (w.e.f. 1-2-1977).
10. Subs. by the A.O. 1948, for "substantial question of law as to the interpretation of the Government of India Act, 1935, or any Order-in-Council made thereunder".
11. Subs. by the A.O. 1950, "In sub-section (*1*) of section 205 of the Government of India Act, 1935".
12. Subs. *ibid., for* "the Advocate-General of India".

the nature mentioned in rule l, is involved, the Court shall not proceed to determine that question except after giving notice—

(*a*) to the Government pleader, if the question concern the Government, or

(*b*) to the authority which issued the statutory instrument, if the question concerns an authority other than Government.]

**2. Court may add Government as party.—**The Court may at any stage of the proceedings order that the Central Government or a State Government shall be added as a defendant in any suit involving [1][any such question as is referred to [2][in clause (*1*) of Article 132 read with Article 147, of the Constitution]], if [3][the Attorney General for India] or the Advocate-General of the State, as the case may be, whether upon receipt of notice under rule 1, or otherwise, applies for such addition and the Court is satisfied that such addition is necessary or desirable for the satisfactory determination of the question of law involved.

[4]**[2A. Power of Court to add Government or other authority as a defendant in a suit relating to the validity of any statutory instrument.—**The Court may, at any stage of the proceedings in any suit involving any such question as is referred to in rule 1A, order that the Government or other authority shall be added as a defendant if the Government pleader or the pleader appearing in the case for the authority which issued the instrument, as the case may be, whether upon receipt of notice under rule lA or otherwise, applies for such addition, and the Court is satisfied that such addition is necessary or desirable for the satisfactory determination of the question.]

[5]**[3. Costs.—**Where, under rule 2 or rule 2A the Government or any other authority is added as a defendant in a suit, the Attorney-General, Advocate-General, or Government Pleader or Government or other authority shall not be entitled to, or liable for, costs in the Court which ordered the addition unless the Court, having regard to all the circumstances of the case for any special reason, otherwise orders.]

**4. Application of Order to appeals.—**In the application of this Order to appeals the word "defendant" shall be held to include a respondent and the word "suit" an appeal.

[4][*Explanation.*—In this Order, "statutory instrument" means a rule, notification, bye-law, order, scheme or form made as specified under any enactment.]

## ORDER XXVIII

*Suits by or against military* [6][*or naval*] *men* [7][*or airmen*]

**1. Officers, soldiers, sailors or airmen who cannot obtain leave may authorise any person to sue or defend for them.—**(*1*) Where any officer, [8][soldier, [6][sailor] or airman] actually [9][serving under the Government] in [10][such] capacity is a party to a suit, and cannot obtain leave of absence for the purpose of prosecuting or defending the suit in person, he may authorise any person to sue or defend in his stead.

---

1. Subs. by the A. O. 1948, for "a substantial question of law as to the interpretation of the Government of India Act, 1935 or any Order-in-Council made thereunder".
2. Subs. by the A.O. 1950, for "in sub-section (*1*) of section 205 of the Government of India Act, 1935".
3. Subs., *ibid*., for "the Advocate-General of India".
4. Ins. by Act 104 of 1976, s. 77 (w.e.f. 1-2-1977).
5. Subs. by s. 77, *ibid*., for rule 3 (w.e.f. 1-2-1977).
6. Ins. by Act 35 of 1934, s. 2 and the Sch.
7. Ins. by Act 10 of 1927, s. 2 and the First Sch.
8. Subs. by s. 2, *ibid*., and the First Sch., for "or soldier" and "or a soldier".
9. Subs. by the A.O. 1937, for "serving the Government".
10. Subs. by Act 35 of 1934, s. 2 and the Sch., for "a military or air force".

(*2*) The authority shall be writing and shall be signed by the officer, [1][soldier, [2][sailor] or airman] in the presence of (*a*) his commanding officer, or the next subordinate officer, if the party is himself the commanding officer, or (*b*) where the officer, [1][soldier, [2][sailor] or airman,] is serving in military, [2][naval], [3][or air force] staff employment, the head or other superior officer of the office in which he is employed. Such commanding or other officer shall countersign the authority, which shall be filed in Court.

(*3*) When so filed the countersignature shall be sufficient proof that the authority was duly executed, and that the officer, [1][soldier [2][, sailor] or air man] by whom it was granted could not obtain leave of absence for the purpose of prosecuting of defending the suit in person.

*Explanation.*—In this Order the expression "commanding officer" means the officer in actual command for the time being of any regiment, corps, [2][ship,] detachment or depot to which the officer, [1][soldier [2][, sailor] or airman] belongs.

**2. Person so authorised may act personally or appoint pleader.**—Any person authorised by an officer, [1][soldier [2][, sailor] or airman] to prosecute or defend a suit in his stead may prosecute or defend it in person in the same manner as the officer, [1][soldier [2][, sailor] or airman] could do if present; or he may appoint a pleader to prosecute or defend the suit on behalf of such officer, [1][soldier [2][, sailor] or airman].

**3. Service on person so authorised, or on his pleader, to be good service.**—Processes served upon any person authorised by an officer [1][soldier [2][, sailor] or airman] under rule 1 or upon any pleader appointed as aforesaid by such person shall he as effectual as if they had been served on the party in person.

## ORDER XXIX

*Suits by or against corporations*

**1. Subscription and verification of pleading.**—In suits by or against a corporation, any pleading may be signed and verified on behalf of the corporation by the secretary or by any director or other principal officer of the corporation who is able to depose to the facts of the case.

**2. Service on corporation.**—Subject to any statutory provision regulating service of process, where the suit is against a corporation, the summons may be served—

(*a*) on the secretary, or on any director, or other principal officer of the corporation, or

(*b*) by leaving it or sending it by post addressed to the corporation at the registered office, or if there is no registered office then at the place where the corporation carries on business.

**3. Power to require personal attendance of officer of corporation.**—The Court may, at any stage of the suit, require the personal appearance of the secretary or of any director, or other principal officer of the corporation who may be able to answer material questions relating to the suit.

## ORDER XXX

*Suits by or against firms and persons carrying on business in names other than their own*

**1. Suing of partners in name of firm.**—(*1*) Any two or more persons claiming or being liable as partners and carrying on business in, [4][India] may sue or be sued in the name of the firm (if any) of which such persons were partners at the time of the accruing of the cause of action, and any party to a suit may in such case apply to the Court for a statement of the names and addresses of the persons who were, at the time of the accruing of the cause of action, partners in such firm, to be furnished and verified in such manner as the Court may direct.

(*2*) Where persons sue or are sued partners in the name of their firm under sub-rule (*1*), it shall, in the case of any pleading or other document required by or under this Code to be signed, verified or certified by the plaintiff of the defendant, suffice such pleading or other document is signed, verified or certified by any one of such persons.

---

1. Subs. by Act 10 of 1927, s. 2 and the First Sch. for "or soldier".
2. Ins. by Act 35 of 1934, s. 2 and the Sch.
3. Ins. by Act 10 of 1927, s. 2 and the Sch.
4. Subs. by Act 2 of 1951, s. 3, for "the States".

**2. Disclosure of partners' names.**—(*1*) Where a suit is instituted by partners in the name of their firm, the plaintiffs or their pleader shall, on demanding writing by or on behalf of any defendant, forthwith declare in writing the names and places of residence of all the persons constituting the firm on whose behalf the suit is instituted.

(*2*) Where the plaintiffs or their pleader fail to comply with any demand made under sub-rule (*1*) all proceedings in the suit may, upon an application for that purpose, be stayed upon such terms as the Court may direct.

(*3*) Where the names of the partners are declared in the manner referred to in sub-rule (*1*) the suit shall proceed in the same manner, and the same consequences in all respects shall follow, as if they had been named as plaintiffs in the plaint:

[1][Provided that all proceedings shall nevertheless continue in the name of the firm, but the name of the partners disclosed in the manner specified in sub-rule (*1*) shall be entered in the decree.]

**3. Service.—**Where persons are sued as partners in the name of their firm, the summons shall be served either—

(*a*) upon any one or more of the partners, or

(*b*) at the principal place at which the partnership business is carried on within [2][India] upon any person having, at the time of service, the control or management of the partnership business, there,

as the Court may direct; and such service shall be deemed good service upon the firm so sued, whether all or any of the partners are within or without [2][India]:

Provided that, in the case of a partnership which has been dissolved to the knowledge of the plaintiff before the institution of the suit, the summons shall be served upon every person within [2][India] whom it is sought to make liable.

**4. Rights of suit on death of partner.—**(*1*) Notwithstanding anything contained in section 45 of the Indian Contract Act, 1872 (9 of 1872) where two or more persons may sue or be sued in the name of a firm under the foregoing provisions and any of such persons dies, whether before the institution or during the pendency of any suit, it shall not be necessary to join the legal representative of the deceased as a party to the suit.

(*2*) Nothing in sub-rule (*1*) shall limit or otherwise effect any right which the legal representative of the deceased may have—

(*a*) to apply to be made a party to the suit, or

(*b*) to enforce any claim against the survivor or survivors.

**5. Notice in what capacity served.—**Where a summons is issued to a firm and is served in the manner provided by rule 3, every person upon whom it is served shall be informed by notice in writing given at the time of such service, whether he is served as a partner or as a person having the control or management of the partnership business, or in both characters, and, in default of such notice, the person served shall be deemed to be served as a partner.

**6. Appearance of partners.—**Where persons are sued as partners in the name of their firm, they shall appear individually in their own names, but all subsequent proceedings shall, nevertheless, continue in the name of the firm.

**7. No appearance except by partners.—**Where a summons is served in the manner provided by rule 3 upon a person having the control or management of the partnership business, no appearance by him shall be necessary unless he is a partner of the firm sued.

[3][**8. Appearance under protest.—**(*1*) Any person served with summons as a partner under rule 3 may enter an appearance under protest, denying that he was a partner at any material time.

(*2*) On such appearance being made, either the plaintiff or the person entering the appearance may, at any time before the date fixed for hearing and final disposal of the suit, apply to the Court for determining whether that person was a partner of the firm and liable as such.

1. Subs. by Act 104 of 1976, s. 78, for the proviso (w.e.f. 1-2-1977).
2. Subs. by Act 2 of 1951, s. 3, for "the States".
3. Subs. by Act 104 of 1976, s. 78, for rule 8 (w.e.f. 1-2-1977).

(*3*) If, on such application, the Court holds that he was a partner at the material time, that shall not preclude the person from filing a defence denying the liability of the firm in respect of the claim against the defendant.

(*4*) If the Court, however, holds that such person was not a partner of the firm and was not liable as such that shall not preclude the plaintiff from otherwise serving a summons on the firm and proceeding with the suit; but in that event, the plaintiff shall be precluded from alleging the liability of that person as a partner of the firm in execution of any decree that may be passed against the firm.]

**9. Suits between co-partners.—**This Order shall apply to suits between a firm and one or more of the partners therein and to suits between firms having one or more partners in common; but no execution shall be issued in such suits except by leave of the Court, and, on an application for leave to issue such execution, all such accounts and inquiries may be directed to be taken and made and directions given as may be just.

[1][**10. Suit against person carrying on business in name other than his own.—**Any person carrying on business in a name or style other than his own name, or a Hindu undivided family carrying on business under any name, may be sued in such name or style as if it were a firm name, and, in so far as the nature of such case permits, all rules under this Order shall apply accordingly.]

## ORDER XXXI

*Suits by or against trustees, executors and administrators*

**1. Representation of beneficiaries in suits concerning property vested in trustees etc.—**In all suits concerning property vested in a trustee, executor or administrator, where the contention is between the persons beneficially interested in such property and a third person, the trustee, executor or Administrator shall represent the persons so interested, and it shall not ordinarily be necessary to make them parties to the suit. But the Court may, if it thinks fit, order them or any of them to be made parties.

**2. Joinder of trustees, executors and administrators.—**Where there are several trustees, executors or administrators, they shall all be made parties to a suit against one or more of them:

Provided that the executors who have not proved their testator's will, and trustees, executors and administrators outside [2][India], need not be made parties.

**3. Husband of married executrix not to join.—**Unless the Court directs otherwise, the husband of a married trustee, administratrix or executrix shall not as such be a party to a suit by or against her.

## ORDER XXXII

*Suits by or against minors and persons of unsound mind*

**1. Minor to sue by next friend.—**Every suit by a minor shall be instituted in his name by a person who in such suit shall be called the next friend of the minor.

[3][*Explanation*.—In this Order, "minor" means a person who has not attained his majority within the meaning of section 3 of the Indian Majority Act, 1875 (9 of 1875) where the suit relates to any of the matters mentioned in clauses (*a*) and (*b*) of section 2 of that Act or to any other matter.]

**2. Where suit is instituted without next friend, plaint to be taken off the file.—**(*1*) Where a suit is instituted by or on behalf of a minor without a next friend, the defendant may apply to have the plaint taken off the file, with costs to be paid by the pleader or other person by whom it was presented.

1. Subs. by Act 104 of 1976, s. 78, for rule 10 (w.e.f. 1-2-1977).
2. Subs. by Act 2 of 1951, s. 3, for "the States".
3. Ins. by Act 104 of 1976, s. 79 (w.e.f. 1-2-1977).

(*2*) Notice of such application shall be given to such person, and the Court, after hearing his objections (if any) may make such order in the matter as it thinks fit.

[1][**2A. Security to be furnished by next friend when so ordered.—**(*1*) Where a suit has been instituted on behalf of the minor by his next friend, the Court may, at any stage of the suit, either of its own motion or on the application of any defendant, and for reasons to be recorded, order the next friend to give security for the payment of all costs incurred or likely to be incurred by the defendant.

(*2*) Where such a suit is instituted by an indigent person, the security shall include the court-fees payable to the Government.

(*3*) The provisions of rule 2 of Order XXV shall, so far as may be, apply to a suit where the Court makes an order under this rule directing security to be furnished.]

**3. Guardian for the suit to be appointed by Court for minor defendants.—**(*1*) Where the defendant is a minor the Court, on being satisfied of the fact of his minority, shall appoint a proper person to be guardian for the suit for such minor.

(*2*) An order for the appointment of a guardian for the suit may be obtained upon application in the name and on behalf of the minor or by the plaintiff.

(*3*) Such application shall be supported by an affidavit verifying the fact that the proposed guardian has no interest in the matters in controversy in the suit adverse to that of the minor and that he is a fit person to be so appointed.

(*4*) Order shall be made on any application under this rule except upon notice [2]*** to any guardian of the minor appointed or declared by an authority competent in that behalf, or, where there is no such guardian [3][upon notice to the father or where there is no father, to the mother, or where there is no father or mother, to other natural guardian] of the minor, or, where there is [3][no father, mother or other natural guardian], to the person in whose care the minor is, and after hearing any objection which may be urged on behalf of any person served with notice under this sub-rule.

[1][(*4A*) The Court may, in any case, if it thinks fit, issue notice under sub-rule (*4*) to the minor also.]

[4][(*5*) A person appointed under sub-rule (*1*) to be guardian for the suit for a minor shall, unless his appointment is terminated by retirement, removal or death, continue as such throughout all proceedings arising out of the suit including proceedings in any Appellate or Revisional Court and any proceedings in the execution of a decree.]

[1][**3A. Decree against minor not to be set aside unless prejudice has been caused to his interest.—** (*1*) No decree passed against a minor shall be set aside merely on the ground that the next friend or guardian for the suit of the minor had an interest in the subject-matter of the suit adverse to that of the minor, but the fact that by reasons of such adverse interest of the next friend or guardian for the suit, prejudice has been caused to the interests of the minor, shall be a ground for setting aside the decree.

(*2*) Nothing in this rule shall preclude the minor from obtaining any relief available under any law by reason of the misconduct or gross negligence on the part of the next friend or guardian for the suit resulting in prejudice to the interests of the minor.]

**4. Who may act as next friend or he appointed guardian for the suit—**(*1*) Any person who is of sound mind and has attained majority may act as next friend of a minor or as his guardian for the suit:

Provided that the interest of such person is not adverse to that of the minor and that he is not, in the case of a next friend, a defendant, or, in the case of a guardian for the suit, a plaintiff.

1. Ins. by Act 104 of 1976, s. 79 (w.e.f. 1-2-1977).
2. The words "to the minor and" omitted by s. 79, *ibid.* (w.e.f. 1-2-1977).
3. Subs. by s. 79, *ibid.*, for certain words (w.e.f. 1-2-1977).
4. Ins. by Act 16 of 1937, s. 2.

(*2*) Where a minor has a guardian appointed or declared by competent authority, no person other than such guardian shall act as the next friend of the minor or be appointed his guardian for the suit unless the Court considers, for reasons to be recorded, that it is for the minor's welfare that another person be permitted to act or be appointed, as the case may be.

(*3*) No person shall without his consent [1][in writing] be appointed guardian for the suit.

(*4*) Where there is no other person fit and willing to act as guardian for the suit, the Court may appoint any of its officers to be such guardian, and may direct that the costs to be incurred by such officer in the performance of his duties as such guardian shall be borne either by the parties or by any one or more of the parties to the suit, or out of any fund in Court in which the minor is interested [1][or out of the property of the minor], and may give directions for the repayment or allowance of such costs as justice and the circumstances of the case may require.

**5. Representation of minor by next friend or guardian for the suit.—**(*1*) Every application to the Court on behalf of a minor, other than an application under rule 10, sub-rule (*2*), shall be made by his next friend or by his guardian for the suit.

(*2*) Every order made in a suit or on any application, before the Court in or which a minor is in any way concerned or affected, without such minor being represented by a next friend or guardian for the suit, as the case may be, may be discharged, and, where the pleader of the party at whose instance such order was obtained knew, or might reasonably have known, the fact of such minority, with costs to be paid by such pleader.

**6. Receipt by next friend or guardian for the suit of property under decree for minor.—**(*1*) A next friend or guardian for the suit shall not, without the leave of the Court, receive any money or other movable property on behalf of a minor either—

(*a*) by way of compromise before decree or order, or

(*b*) under a decree or order in favour of the minor.

(*2*) Where the next friend or guardian for the suit has not been appointed or declared by competent authority to be guardian of the property of the minor, or, having been so appointed or declared, is under any disability known to the Court to receive the money or other movable property, the Court shall, if it grants him leave to receive the property, require such security and give such directions as will, in its opinion, sufficiently protect the property from waste and ensure its proper application :

[1][Provided that the Court may, for reasons to be recorded, dispense with such security while granting leave to the next friend or guardian for the suit to receive money or other movable property under a decree or order, where such next friend or guardian—

(*a*) is the manager of a Hindu undivided family and the decree or order relates to the property or business of the family; or

(*b*) is the parent of the minor.]

7. **Agreement or compromise by next friend or guardian for the suit.—**(*1*) No next friend or guardian for the suit shall, without the leave of the Court, expressly recorded in the proceedings, enter into any agreement or compromise on behalf of a minor with reference to the suit in which he acts as next friend or guardian.

[1][(*1A)* An application for leave under sub-rule (*1*) shall be accompanied by an affidavit of the next friend or the guardian for the suit, as the case may be, and also, if the minor is represented by a pleader, by the certificate of the pleader, to the effect that the agreement or compromise proposed is, in his opinion, for the benefit of the minor :

Provided that the opinion so expressed, whether in the affidavit or in the certificate shall not preclude the Court from examining whether the agreement or compromise proposed is, for the benefit of the minor. ]

(*2*) Any such agreement or compromise entered into without the leave of the Court so recorded shall be voidable against all parties other than the minor:

1. Ins. by Act 104 of 1976, s. 79 (w.e.f. 1-2-1977).

**8. Retirement of next friend.—**(*1*) Unless otherwise ordered by the Court, a next friend shall not retire without first procuring a fit person to be put in this place and giving security for the costs already incurred.

(*2*) The application for the appointment of a new next friend shall be supported by an affidavit showing the fitness of the person proposed and also that he has no interest adverse to that of the minor.

**9. Removal of next friend.—**(*1*) Where the interest of the next friend of a minor is adverse to that of the minor or where he is so connected with a defendant whose interest is adverse to that of the minor as to make it unlikely that the minor's interest will be properly protected by him, or where he does not do his duty, or, during the pendency of the suit, ceases to reside within [1][India], or for any other sufficient cause, application, may be made on behalf of the minor or by a defendant for his removal; and the Court, if satisfied of the sufficiency of the cause assigned, may order the next friend to be removed accordingly, and make such other order as to costs as it thinks fit.

(*2*) Where the next friend is not a guardian appointed or declared by an authority competent in this behalf, and an application is made by a guardian so appointed or declared, who desires to be himself appointed in the place of the next friend, the Court shall remove the next friend unless it considers, for reasons to be recorded by it, that the guardian ought not to be appointed the next friend of the minor, and shall thereupon appoint the applicant to be next friend in his place upon such terms as to the costs already incurred in the suit as it thinks fit.

**10. Stay of proceedings on removal, etc., of next friend.—**(*1*) On the retirement, removal or death of the next friend of a minor, further proceedings shall be stayed until the appointment of a next friend in his place.

(*2*) Where the pleader of such minor omits, within a reasonable time, to take steps to get a new next friend appointed, any person interested in the minor or in the matter in issue may apply to the Court for the appointment of one, and the Court may appoint such person as it thinks fit.

**11. Retirement, removal or death of guardian for the suit.—**(*1*) Where the guardian for the suit desires to retire or does not do his duty, or where other sufficient ground is made to appear, the Court may permit such guardian to retire or may remove him, and may make such order as to costs as it thinks fit.

(*2*) Where the guardian for the suit, retires, dies or is removed by the Court during the pendency of the suit, the Court shall appoint a new guardian in his place.

**12. Course to be followed by minor plaintiff or applicant on attaining majority.—**(*1*) A minor plaintiff or a minor not a party to a suit on whose behalf an application is pending shall, on attaining majority, elect whether he will proceed with the suit or application.

(*2*) Where lie elects to proceed with the suit or application, he shall apply for an order discharging the next friend and for leave to proceed in his own name.

(*3*) The title of the suit or application shall in such case be corrected so as to read henceforth thus:

"*A.B.,* late a minor by *C.D.,* his next friend, but now having attained majority.".

(*4*) Where he elects to abandon the suit or application, he shall, if a sole plaintiff or sole applicant, apply for an order to dismiss the suit or application on repayment of the costs incurred by the defendant or opposite party or which may have been paid by his next friend.

(*5*) Any application under this rule may be made *ex parte* but no order discharging a next friend and permitting a minor plaintiff to proceed in his own name shall be made without notice to the next friend.

**13. Where minor co-plaintiff attaining majority desires to repudiate suit.—**(*1*) Where a minor co-plaintiff on attaining majority desires to repudiate the suit, he shall apply to have his name struck out as co-plaintiff; and the Court, if it finds that he is not a necessary party, shall dismiss him from the suit on such terms as to costs or otherwise as it thinks fit.

1. Subs. by Act 2 of 1951, s. 3. for "the States"

(*2*) Notice of the application shall be served on the next friend, on any co-plaintiff and on the defendant.

(*3*) The costs of all parties of such application, and of all or any proceedings theretofore had in the suit, shall be paid by such persons as the Court directs.

(*4*) Where the applicant is a necessary party to the suit, the Court may direct him to be made a defendant.

**14. Unreasonable or improper suit**.—(*1*) A minor on attaining majority may, if a sole plaintiff, apply that a suit instituted in his name by his next friend be dismissed on the ground that it was unreasonable or improper.

(*2*) Notice of the application shall be served on all the parties concerned; and the Court, upon being satisfied of such unreasonableness or impropriety, may grant the application and order the next friend to pay the costs of all parties in respect of the application and of anything done in the suit, or make such other order as it thinks fit.

[1]**[15. Rules 1 to 14 (Except rule 2A) to apply to persons of unsound mind.—**Rules 1 to 14 (except rule 2A) shall, so far as may be, apply to persons adjudged, before or during the pendency of the suit, to be of unsound mind and shall also apply to persons who, though not so adjudged, are found by the Court on enquiry to be incapable, by reason of any mental infirmity, of protecting their interest when suing being sued.]

[2][**16. Savings.—**(*1*) Nothing contained in this Order shall apply to the Ruler of a foreign State suing or being sued in the name of his State, or being sued by the direction of the Central Government in the name of an agent or in any other name.

(*2*) Nothing contained in this Order shall be construed as affecting or in any way derogating from the provisions of any local law for the time being in force relating to suits by or against minors or by or against lunatics or other persons of unsound mind.]

[3][ORDER XXXII-A

*Suits relating to matters concerning the family*

**1. Application of the Order.—**(*1*)The provisions of this Order shall apply to suits or proceedings relating to matters concerning the family.

(*2*) In particular, and without prejudice to the generality of the provisions of sub-rule (*1*), the provisions of this Order shall apply to the following suits or proceedings concerning the family, namely:—

(*a*) a suit or proceeding for matrimonial relief, including a suit or proceedings for declaration as to the validity of a marriage or as to the matrimonial status of any person;

(*b*) a suit or proceeding for a declaration as to legitimacy of any person;

(*c*) a suit or proceeding in relation to the guardianship of the person or the custody of any minor or other member of the family, under a disability;

(*d*) a suit or proceeding for maintenance;

(*e*) a suit or proceeding as to the validity or effect of an adoption;

(*f*) a suit or proceeding, instituted by a member of the family, relating to wills, intestacy and succession;

(*g*) a suit or proceeding relating to any other matter concerning the family in respect of which, the parties are subject to their personal law.

(*3*) So much of this Order as relates to a matter provided for by a special law in respect of any suit or proceeding shall not apply to that suit or proceeding.

1. Subs. by Act 104 of 1976, s. 79, for rule 15 (w.e.f. 1-2-1977).
2. Ins. by s. 79, *ibid.* (w.e.f. 1-2-1977).
3. Ins. by s. 80, *ibid.* (w.e.f. 1-2-1977).

**2. Proceedings to be held in *camera*.—**In every suit or proceeding to which this Order applies, the proceedings may be held in *camera* if the Court so desires and shall be so held if either party so desires.

**3. Duty of Court to make efforts for settlement.—**(*1*) In every suit or proceeding to which this Order applied, an endeavour shall be made by the Court in the first instance, where it is possible to do so consistent with the nature and circumstances of the case, to assist the parties in arriving at a settlement. In respect of the subject-matter of the suit.

(*2*) If, in any such suit or proceeding, at any stage it appears to the Court that there is a reasonable possibility of a settlement between the parties, the Court may adjourn the proceeding for such period as it thinks fit to enable attempts to be made to effect such a settlement.

(*3*) The power conferred by sub-rule (*2*) shall be in addition to, and not in derogation of, any other power of the Court to adjourn the proceedings.

**4. Assistance of welfare expert.—**In every suit or proceeding to which this Order applies, it shall be open to the Court to secure the services of such person (preferably a woman where available), whether related to the parties or not, including a person professionally engaged in promoting the welfare of the family as the Court may think fit, for the purpose of assisting the Court in discharging the functions imposed by rule 3 of this Order.

**5. Duty to enquire into facts.—**In every suit or proceeding to which this Order applies, it shall be the duty of the Court to inquire, so far it reasonably can, into the facts alleged by the plaintiff and into any facts alleged by the defendant.

**6. "Family"—meaning of.—**For the purposes of this Order, each of the following shall be treated as constituting a family, namely:—

(*a*) (*i*) a man and his wife living together,

(*ii*) any child or children, being issue of theirs; or of such man or such wife,

(*iii*) any child or children being maintained by such man and wife;

(*b*) a man not having a wife or not living together with his wife, any child or children, being issue of his, and any child or children being maintained by him;

(*c*) a women not having it husband or not living together with her husband, any child or children being issue of hers, and any child or children being maintained by her;

(*d*) a man or woman and his or her brother, sister, ancestor or lineal descendant living with him or her; and

(*e*) any combination of one or more of the groups specified in clause (*a*), clause (*b*), clause (*c*) or clause (*d*) of this rule.

*Explanation.*—For the avoidance of doubts, it is hereby declared that the provisions of rule 6 shall be without any prejudice to the concept of "family" in any personal law or in another law for the time being in force.]

ORDER XXXIII

[1][*Suits by indigent persons*]

1. **Suits may be instituted by indigent persons.—**Subject to the following provisions, any suit may be instituted by an [2][indigent person].

[3][*Explanation* 1.—A person is an indigent person,—

(*a*) If he is not possessed of sufficient means (other than property exempt from attachment in execution of a decree and the subject-matter of the suit) to enable him to pay the fee prescribed by law for the plaint in such suit, or

1. Subs. by Act 104 of 1976, s. 81, for *"Suits by Paupers"*(w.e.f. 1-2-1977).
2. Subs. by s. 81. *ibid.* for "pauper" (w.e.f. 1-2-1977).
3. Subs. by s. 81, *ibid.*, for the *Explanation* (w.e.f. 1-2-1977).

(*b*) where no such fee is prescribed, if he is not entitled to property worth one thousand rupees other than the property exempt from attachment in execution of a decree, and the subject-matter of the suit.

*Explanation II.—Any* property which is acquired by a person after the presentation of his application for permission to sue as an indigent person, and before the decision of the application, shall be taken into account in considering the question whether or not the applicant is an indigent person.

*Explanation III—Where* the plaintiff sues in a representative capacity, the question whether he is an indigent person shall be determined with reference to the means possessed by him in such capacity. ]

[1][**1A. Inquiry into the means of an indigent person.—**Every inquiry into the question whether or not a person is an indigent person shall be made, in the first instance, by the chief ministerial officer of the Court, unless the Court otherwise directs, and the Court may adopt the report of such officer as its own finding or may itself make an inquiry into the question.]

**2. Contents of application.—**Every application for permission to sue as an [2][indigent person] shall contain the particulars required in regard to plaints in suits: a schedule of any movable or immovable property belonging to the applicant, with the estimated value thereof, shall be annexed thereto; and it shall be signed and verified in the manner prescribed for the signing and verification of pleadings.

**3. Presentation of application.—**Notwithstanding anything contained in these rules, the application shall be presented to the Court by the applicant in person, unless he is exempted from appearing in Court, in which case the application may be presented by an authorised agent who can answer all material questions relating to the application, and who may be examined in the same manner as the party represented by him might have been examined had such party attended in person:

[1][Provided that, where there are more plaintiffs than one, it shall be sufficient if the application is presented by one of the plaintiffs.]

**4. Examination of applicant**.—(*1*) Where the application is in proper form and duly presented, the Court may, if it thinks fit, examine the applicant, or his agent when the applicant is allowed to appear by agent regarding the merits of the claim and the property of the applicant.

(*2*) **If presented by agent, Court may order applicant to be examined by commission.—**Where the application is presented by an agent, the Court may, if it thinks fit, order that the applicant be examined by a commission in the manner in which the examination of an absent witness may be taken.

**5. Rejection of application.—**The Court shall reject an application for permission to use as [2][an indigent person]—

(*a*) where it is not framed and presented in the manner prescribed by rules 2 and 3, or

(*b*) where the applicant is not [2][an indigent person], or

(*c*) where he has, within two months next before the presentation of the application, disposed of any property fraudulently or in order to be able to apply for permission to use as [2][an indigent person]:

[1][Provided that no application shall be rejected if, even after the value of the property disposed of by the applicant is taken into account, the applicant would be entitled to sue as an indigent person.] or

(*d*) where his allegations do not show a cause of action, or

(*e*) where he has entered into any agreement with reference to the subject-matter of the proposed suit under which any other person has obtained an interest in such subject-matter; [1][or]

[1][(*f*) where the allegations, made by the applicant in the application show that the suit would be barred by any law for the time being in force, or

(*g*) where any other person has entered into an agreement with him to finance the litigation.]

.

1. Ins. by Act 104 of 1976, s. 81 (w.e.f. 1-2-1977).
2. Subs. by s. 81, *ibid.,* for "pauper" (w.e.f. 1-2-1977).

**6. Notice of day for receiving evidence of applicant's indigency.—**Where the Court sees no reason to reject the application on any of the grounds stated in rule 5, it shall fix a day (of which at least ten day's clear notice shall be given to the opposite party and the Government pleader) for receiving such evidence as the applicant may adduce in proof of his indigency, and for hearing any evidence which may be adduced in disproof thereof.

[1]7. **Procedure at hearing.—**(*1*) On the day so fixed or as soon thereafter as may be convenient the Court shall examine the witnesses (if any) produced by either party, and may examine the applicant or his agent, and shall may [2][a full record of their evidence].

[3][(*1A*) The examination of the witnesses under sub-rule (*1*) shall be confined to the matters specified in clause (*b*), clause (*c*) and clause (*e*) of rule 5 but the examination of the applicant or his agent may relate to any of the matters specified in rule 5.]

(*2*) The Court shall also hear any argument which the parties may desire to offer on the question whether, on the face of the application and of the evidence (if any) taken by the Court [4][under rule 6 or under this rule], the applicant is or is not subject to any of the prohibitions specified in rule 5.

(*3*) The Court shall then either allow or refuse to allow the applicant to sue as [5][an indigent person].

**8. Procedure if application admitted.—**Where the application is granted, it shall be numbered and registered, and shall be deemed the plaint in the suit, and the suit shall proceed in all other respects as a suit instituted in the ordinary manner, except that the plaintiff shall not be liable to pay any court-fee [6][or fees payable for service of process] in respect of any petition, appointment of a pleader or other proceeding connected with the suit.

**9. Withdrawal of permission to sue as an indigent person.—**The Court may, on the application of the defendant, or of the Government pleader, of which seven days, clear notice in writing has been given to the plaintiff, order that the permission granted to the plaintiff to sue as an indigent person be withdrawn—

(*a*) if he is guilty of vexatious or improper conduct in the course of the suit;

(*b*) if it appears that his means are such that he ought not to continue to sue as [5][an indigent person]; or

(*c*) if he has entered into any agreement with reference to the subject-matter of the suit under which any other person has obtained an interest in such subject-matter.

[3][**9A. Court to assign a pleader to an unrepresented indigent person.—**(*1*) Where a person, who is permitted to sue as an indigent person, is not represented by a pleader, the Court may, if the circumstances of the case so require, assign a pleader to him.

(*2*) The High Court may, with the previous approval of the State Government, make rules providing for—

(a) the mode of selecting pleaders to be assigned under sub-rule (*1*);

(*b*) the facilities to be provided to such pleaders by the Court ;

(*c*) any other matter which is required to be or may be provided by the rules for giving effect to the provisions of sub-rule (*1*).]

**10. Costs where indigent person succeeds.—**Where the plaintiff succeeds in the suit, the Court shall calculate the amount of court-fees which would have been paid by the plaintiff if he had not been permitted to sue as [5][an indigent person]; such amount shall be recoverable by the [7][State Government] from any party ordered by the decree to pay the same and shall be a first charge, on the subject-matter of the suit.

---

1. The provisions of this rule so far as it relates to the making of a memorandum are not applicable to the Chief Court of Oudh, *see* Oudh Courts Act, 1925 (U.P. Act 4 of 1925), s. 16 (2).
2. Subs. by Act 104 of 1976, s. 81, for "a memorandum of the substance of their evidence" (w.e.f. 1-2-1977).
3. Ins. by s. 81, *ibid.* (w.e.f. 1-2-1977).
4. Subs. by s. 81, *ibid.*, for "as herein provided" (w.e.f. 1-2-1977).
5. Subs. by s. 81, *ibid.*, for "pauper" (w.e.f. 1-2-1977).
6. Subs. by s. 81, *ibid.*, for other then fees pay able for service of process" (w.e.f. 1-2-1977).
7. Subs. by the A.O. 1950, for "Provincial Government" which had been subs. by the A.O. 1937, for "Government".

**11. Procedure where indigent person fails.—**Where the plaintiff fails in the suit or the permission granted to him to sue as an indigent person has been withdrawn, or where the suit is withdrawn or dismisses,—

(*a*) because the summons for the defendant to appear and answer has not been served upon him in consequence of the failure of the plaintiff to pay the court-fee or postal charges (if any) chargeable for such service [1][or to present copies of the plaint or concise statement], or

(*b*) because the plaintiff does not appear when the suit is called on for hearing,

the Court shall order the plaintiff, or any person added as a co-plaintiff to the suit, to pay the court-fees which would have been paid by the plaintiff if he had not been permitted to sue as [2][an indigent person].

[3][**11A. Procedure where indigent person's suit abates.—**Where the suit abates by reason of the death of the plaintiff or of any person added as a co-plaintiff, the Court shall order that the amount of court-fees which would have been paid by the plaintiff if he had not been permitted to sue as [2][an indigent person] shall be recoverable by the State Government from the estate of the deceased plaintiff.]

**12. State Government may apply for payment of court-fees.—** The [4][State Government] shall have the right at any time to apply to the Court to make an order for the payment of court-fees under rule 10, rule 11 or [5][rule 11A].

**13. State Government to be deemed a party.—**All matters arising between the [4][State Government] and any party to the suit under rule 10, rule 11, [5][rule 11A] or rule 12 shall be deemed to be questions arising between the parties to the suit within the meaning of section 47.

[6][**14. Recovery of amount of court-fees.—**Where an order is made under rule 10, rule 11 or rule 11A, the court shall forthwith cause a copy of the decree or order to be forwarded to the Collector who may, without prejudice to any other mode of recovery, recover the amount of court-fees specified therein from the person or property liable for the payment as if it were an arrear or land revenue.]

**15. Refusal to allow applicant to sue as an indigent person to bar subsequent application of like nature.—**An order refusing to allow the applicant to sue as [2][an indigent person] shall be a bar to any subsequent application of the like nature by him in respect of the same right to sue; but the applicant shall be at liberty to institute a suit in the ordinary manner in respect of such right; [7][provided that the plaint shall be rejected if he does not pay, either at the time of the institution of the suit or within such time thereafter as the Court may allow,] the costs (if any) incurred by the [4][State Government] and by the opposite party in opposing his application for leave to sue as [2][an indigent person].

[1][**15A. Grant of time for payment of court-fee.—**Nothing contained in rule 5, rule 7 or rule 15 shall prevent a Court, while rejecting an application under rule 5 or refusing an application under rule 7, from granting time to the applicant to pay the requisite court-fee within such time as may be fixed by the Court or extended by it from time to time; and upon such payment and on payment of the costs referred to in [8]*** rule 15 within that time, the suit shall be deemed to have been instituted on the date on which the application for permission to sue as an indigent person was presented.]

1. Ins. by Act 104 of 1976, s. 81 (w.e.f. 1-2-1977).
2. Subs. by s. 81, *ibid.,* for "pauper" (w.e.f. 1-2-1977).
3. Ins. by Act 24 of 1942, s. 2.
4. Subs. by the A.O. 1950, for "Provincial Government" which had been subs. by the A.O.1937, for "Government".
5. Subs. by Act 24 of 1942, s. 2, for "or rule 11".
6. Subs. by s. 2, *ibid.,* for the rule 14.
7. Subs. by Act 104 of 1976, s. 81, for "provided that he first pays" (w.e.f. 1-2-1977).
8. Omitted by Act 19 of 1988, s. 3 and the Second Schedule.

**16. Costs.—**The costs of an application for permission to sue as an [1][indigent person] and of an inquiry into indigency shall be costs in the suit.

[2][**17**. **Defence by an indigent person.—**Any defendant, who desire to plead a set-off or counter-claim, may be allowed to set up such claim as an indigent person, and the rules contained in this Order shall so far as may be, apply to him as if he were a plaintiff and his written statement were a plaint.

**18. Power of Government to provide for free legal services to indigent persons**.—(*1*) Subject to the provisions of this Order, the Central or State Government may make such supplementary provisions as it thinks fit for providing free legal services to those who have been permitted to sue as indigent persons.

(*2*) The High Court may, with the previous approval of the State Government, make rules for carrying out the supplementary provisions made by the Central or State Government for providing free legal services to indigent persons referred to in sub-rule (*1*), and such rules may include the nature and extent of such legal services, the conditions under which they may be made available, the matters in respect of which, and the agencies through which, such services may be rendered.]

## ORDER XXXIV

*Suits relating to mortgages of immovable property*

**1**. **Parties to suits for foreclosure sale and redemption.—**Subject to the provisions of this Code, all persons having an interest either in the mortgage-security or in the right of redemption shall be joined as parties to any suit relating to the mortgage.

*Explanation.*—A puisne mortgagee may sue for foreclosure or for sale without making the prior mortgagee a party to the suit; and a prior mortgagee need not be joined in a suit to redeem a subsequent mortgage.

[3]**[2. Preliminary decree in foreclosure suit.—**(*1*) In a suit for foreclosure, if the plaintiff succeeds, the Court shall pass a preliminary decree—

(*a*) ordering that an account be taken of what was due to the plaintiff at the date of such decree for—

(*i*) principal and interest on the mortgage,

(*ii*) the costs of suit, if any, awarded to him, and

(*iii*) other costs, charges and expenses properly incurred by him up to that date in respect of his mortgage-security, together with interest thereon; or

(*b*) declaring the amount so due at that date; and

(*c*) directing—

(*i*) that, if the defendant pays into Court the amount so found or declared due on or before such date as the Court may fix within six months from the date on which the Court confirms and countersigns the account taken under clause (*a*), or from the date on which such amount is declared in Court under clause (*b*), as the case may be, and thereafter pays such amount as may be adjudged due in respect of subsequent costs, charges and expenses as provided in rule 10, together with subsequent interest on such sums respectively as provided in rule 11, the plaintiff shall deliver up to the defendant, or to such person as the defendant appoints, all documents in his possession or power relating to the mortgaged property, and shall, if so required, re-transfer the property to the defendant at his cost free from the mortgage and from all incumbrances created by the plaintiff or any person claiming under him, or, where the plaintiff claims by derived title, by those under whom he claims, and shall also, if necessary, put the defendant in possession of the property; and

(*ii*) that, if payment of the amount found or declared due under or by the preliminary decree is not made on or before the date so fixed, or the defendant fails to pay, within such time as the Court

1. Subs. by Act 104 of 1976, s. 81, for "pauper" (w.e.f. 1-2-1977).
2. Ins. by s. 81, *ibid.* (w.e.f. .1-2-1977).
3. Subs by Act 21 of 1929, s. 4, for the rules 2 to 8.

may fix, the amount adjudged due in respect of subsequent costs, charges, expenses and interest, the plaintiff shall be entitled to apply for a final decree debarring the defendant from all right to redeem the property.

(*2*) The Court may, on good cause shown and upon terms to be fixed by the Court, from time to time, at any time before a final decree is passed, extend the time fixed for the payment of the amount found or declared due under sub-rule (*1*) or of the amount adjudged due in respect of subsequent costs, charges, expenses and interest.

(*3*) Where, in a suit for foreclosure, subsequent mortgagees or persons deriving title from, or subrogated to the rights of, any such mortgagees are joined as parties, the preliminary decree shall provide for the adjudication of the respective rights and liabilities of the parties to the suit in the manner and form set forth in Form No. 9 or Form No. 10, as the case may be, of Appendix D with such variations as the circumstances of the case may require.

**3. Final decree in foreclosure suit.—**(*1*) Where, before a final decree debarring the defendant from all right to redeem the mortgaged property has been passed, the defendant makes payment into Court of all amounts due from him under sub-rule (*1*) of rule 2, the Court shall, on application made by the defendant in this behalf, pass a final decree—

(*a*) ordering the plaintiff to deliver up the documents referred to in the preliminary decree, and, if necessary,—

(*b*) ordering him to re-transfer at the cost or the defendant the mortgaged property as directed in the said decree, and also, if necessary,—

(*c*) ordering him to put the defendant in possession of the property.

(*2*) Where payment in accordance with sub-rule (*1*) has not been made, the Court shall, on application made by the plaintiff in this behalf, pass a final decree declaring that the defendant and all persons claiming through or under him or debarred from all right to redeem the mortgaged property and also, if necessary, ordering the defendant to put the plaintiff in possession of the property.

(*3*) On the passing of a final decree under sub-rule (*2*), all liabilities to which the defendant is subject in respect of the mortgage or on account of the suit shall be deemed to have been discharged.

**4. Preliminary decree in suit for sale.—**(*1*) In a suit for sale, if the plaintiff succeeds, the Court shall pass a preliminary decree to the effect mentioned in clauses (*a*), (*b*) and (*c*) (*i*) of sub-rule (*1*) of rule 2, and further directing that, in default of the defendant paying as therein mentioned, the plaintiff shall be entitled to apply for a final decree directing that the mortgaged property or a sufficient part thereof be sold, and the proceeds of the sale (after deduction therefrom of the expenses of the sale) be paid into Court and applied in payment of what has been found or declared under or by the preliminary decree due to the plaintiff, together with such amount as may have been adjudged due in respect of subsequent costs, charges, expenses and interest, and the balance, if any, be paid to the defendant or other persons entitled to receive the same.

(*2*) The Court may, on good cause shown and upon terms to be fixed by the Court, from time to time, at any time before a final decree for sale is passed, extend the time fixed for the payment of the amount found or declared due under sub-rule (*1*) or of the amount adjudged due in respect of subsequent costs, charges, expenses and interest.

(*3*) **Power to decree sale in foreclosure-suit.—**In a suit for foreclosure in the case of an anomalous mortgage, if the plaintiff succeeds, the Court may, at the instance of any party to the suit or of any other person interested in the mortgage-security or the right of redemption, pass a like decree (in lieu of a decree for foreclosure) on such terms as it thinks fit, including the deposit in Court of a reasonable sum fixed by the Court to meet the expenses of the sale and to secure the performance of the terms.

(*4*) Where, in a suit for sale or a suit foreclosure in which sale is ordered, subsequent mortgages or persons deriving title from, or subrogated to the rights of, any such mortgagees are joined as parties, the preliminary decree referred to in sub-rule (*1*) shall provide for the adjudication of the respective rights and liabilities of the parties to the suit in the manner and form set forth in Form No. 9, Form No. 10 or Form No. 11 as the case may be, of Appendix D with such variations as the circumstances of the case may require.

**5. Final decree in suit for sale.—**(*1*) Where, on or before the day fixed or at any time before the confirmation of a sale made in pursuance of a final decree passed under sub-rule (*3*) of this rule, the defendant makes payment into Court of all amounts due from him under sub-rule (*1*) of rule 4, the Court shall, on application made by the defendant in this behalf, pass a final decree or, if such decree has been passed, an order—

(*a*) ordering the plaintiff to deliver up the documents referred to in the preliminary decree, and, if necessary,—

(*b*) ordering him to transfer the mortgaged property as directed in the said decree, and, also, if necessary,—

(*c*) ordering him to put the defendant in possession of the property.

(*2*) Where the mortgaged property or part thereof has been sold in pursuance of a decree passed under sub-rule (*3*) of this rule, the Court shall not pass an order under sub-rule (*1*) of this rule, unless the defendant, in addition to the amount mentioned in sub-rule (*1*), deposits in Court for payment to the purchaser a sum equal to five per cent. of the amount of the purchase-money paid into Court by the purchaser.

Where such deposit has been made, the purchaser shall be entitled to an order for repayment of the amount of the purchase-money paid into Court by him, together with a sum equal to five per cent. thereof.

(*3*) Where payment in accordance with sub-rule (*1*) has not been made, the Court shall, on application made by the plaintiff in this behalf, pass a final decree directing that the mortgaged property or a sufficient part thereof be sold, and that the proceeds of the sale be dealt with in the manner provided in sub-rule (*1*) of rule 4.

**6. Recovery of balance due on mortgage in suit for sale.—**Where the net proceeds of any sale held under [1][rule 5] are found insufficient to pay the amount due to the plaintiff, the Court, on application by him may, if the balance is legally recoverable from the defendant otherwise than out of the property sold, pass a decree for such balance.

7. **Preliminary decree in redemption suit.—**(*1*) In a suit for redemption, if the plaintiff succeeds, the Court shall pass a preliminary decree—

(*a*) ordering that an account be taken of what was due to the defendant at the date of such decree for—

(*i*) principal and interest on the mortgage,

(*ii*) the costs of suit, if any, awarded to him, and

(*iii*) other costs, charges and expenses properly incurred by him up to that date, in respect of mortgage-security, together with interest thereon; or

(*b*) declaring the amount so due at that date; and

(*c*) directing—

(*i*) that, if the plaintiff pays into Court the amount so found or declared due on or before such date as the Court may fix within six months from the date on which the Court confirms and countersigns the account taken under clause (*a*), or from the date on which such amount is declared in Court under clause (*b*), as the case may be, and thereafter pays such amount as may be adjudged due in respect of subsequent costs, charges and expenses as provided in rule 10, together with subsequent interest on such sums respectively as provided in rule 11, the defendant shall deliver up to the plaintiff, or to such person as the plaintiff appoints, all documents in his possession or power relating to the mortgaged property, and shall, if so required, retransfer the property to the plaintiff at his cost free from the mortgage and from all encumbrances created by the defendant or any person claiming under him where the defendant claims by derived title, by those under whom the claims, and shall also, if necessary put the plaintiff in possession of the property; and

1. Subs. by Act 104 of 1976, s. 82, for "the last preceding rule" (w.e.f. 1-2-1977).

(*ii*) that, if payment of the amount found or declared due under or by the preliminary decree is not made on or before the date so fixed, or the plaintiff fails to pay, within such time as the Court may fix, the amount adjudged due in respect of subsequent costs, charges, expenses and interest, the defendant shall be entitled to apply for a final decree—

(*a*) in the case of a mortgage other than a usufructuary mortgage, a mortgage by conditional sale, or an anomalous mortgage the terms of which provide for foreclosure only and not for sale, that the mortgage property, be sold, or

(*b*) in the case of a mortgage by conditional sale or such an anomalous mortgage as aforesaid, that the plaintiff be debarred from all right to redeem the property.

(*2*) The Court may, on good cause shown and upon terms to be fixed by the Court, from time to time, at any time before the passing of a final decree for foreclosure or sale, as the case may be, extend the time fixed for the payment of the amount found or declared due under sub-rule (*1*) or of the amount adjudged due in respect of subsequent costs, charges, expenses and interest.

**8. Final decree in redemption suit.**—(*1*) Where, before a final decree debarring the plaintiff from all right to redeem the mortgaged property has been passed or before the confirmation of a sale held in pursuance of a final decree passed under sub-rule (*3*) of this rule, the plaintiff makes payment into Court of all amounts due from him under sub-rule (*1*) of rule 7, the Court shall, on application made by the plaintiff in this behalf, pass a final decree or, if such decree has been passed, an order—

(*a*) ordering the defendant to delivery up the documents referred to in the preliminary decree,

and, if necessary,—

(*b*) ordering him to re-transfer at the cost of the plaintiff the mortgaged property as directed in the said decree,

and, also, if necessary,—

(*c*) ordering him to put the plaintiff in possession of the property.

(*2*) Where the mortgaged property or a part thereof has been sold in pursuance of a decree passed under sub-rule (*3*) of this rule, the Court shall not pass an order under sub-rule (*1*) of this rule, unless the plaintiff, in addition to the amount mentioned in sub-rule (*1*), deposits in Court for payment to the purchaser a sum equal to five per cent. of the amount of the purchase-money paid into Court by the purchaser.

Where such deposit has been made, the purchaser shall be entitled to an order for repayment of the amount of the purchase-money paid into Court by him, together with a sum equal to five per cent. thereof.

(*3*) Where payment in accordance with sub-rule (*1*) has not been made, the Court shall, on application made by the defendant in this behalf,—

(*a*) in the case of a mortgage by conditional sale or of such an anomalous mortgage as is hereinbefore referred to in rule 7, pass a final decree declaring that the plaintiff and all persons claiming under him are debarred from all right to redeem the mortgaged property and, also, if necessary, ordering the plaintiff to put the defendant in possession of the mortgaged property; or

(*b*) in the case of any other mortgage, not being a usufructuary mortgage, pass final decree that the mortgaged property or a sufficient part thereof be sold, and the proceeds of the sale (after deduction therefrom of the expenses of the sale) be paid into Court and applied in payment of what is found due to the defendant, and the balance, if any, be paid to the plaintiff or other persons entitled to receive the same.]

[1][**8A**. **Recovery of balance due on mortgage in suit for redemption.—**Where the net proceeds of any sale held under [2][rule 8] are found insufficient to pay the amount due to the defendant, the Court, [3][on

1. Ins. by Act 21 of 1929, s. 5.
2. Subs. by Act 104 of 1976, s. 82, for "the last preceding rule" (w.e.f. 1-2-1977).
3. Subs. by s. 82, *ibid*., for "an application by him" (w.e.f. 1-2-1977).

application by him in execution], may, if the balance is legally recoverable from the plaintiff otherwise than out of the property sold, pass a decree for such balance.]

**9. Decree where nothing is found due or where mortgagee has been overpaid.—**Notwithstanding anything hereinbefore contained, if it appears, upon taking the account referred to in rule 7, that nothing is due to the defendant or that he has been overpaid, the Court shall pass a decree directing the defendant, if so require, to re-transfer the property and to pay to the plaintiff the amount which may be found due to him; and the plaintiff shall, if necessary, be put in possession of the mortgaged property.

[1]**[10. Costs of mortgagee subsequent to decree.—**In finally adjusting the amount to be paid to a mortgagee in case of a foreclosure, sale or redemption, the Court shall, unless in the case of costs of the suit the conduct of the mortgagee has been such as to disentitle him thereto, add to the mortgage-money such costs of the suit and other costs, charges and expenses as have been properly incurred by him since the date of the preliminary decree for foreclosure, sale or redemption up to the time of actual payment:]

[2][Provided that where the mortgagor, before or at the time of the institution of the suit, tenders or deposits the amount due on the mortgage, or such amount as is not subsequently deficient in the opinion of the Court, he shall not be ordered to pay the costs of the suit to the mortgagee and the mortgagor shall be entitled to recover his own costs of the suit from the mortgagee, unless the Court, for reasons to be recorded, otherwise directs.]

[2][**10A**. **Power of Court to direct mortgagee to pay *mesne profits*.**—*Where* in a suit for foreclosure, the mortgagor has, before or at the time of the institution of the suit, tendered or deposited the sum due on the mortgage, or such sum as is not substantially deficient in the opinion of the Court, the Court shall direct the mortgagee to pay to the mortgagor *mesne profits* for the period beginning with the institution of the suit].

**11. Payment of interest.**—In any decree passed in a suit for foreclosure, sale or redemption, where interest is legally recoverable, the Court may order payment of interest to the mortgagee as follows, namely:—

(*a*) interest up to the date on or before which payment of the amount found or declared due is under the preliminary decree to be made by the mortgagor or other person redeeming the mortgage—

(*i*) on the principal amount found or declared due on the mortgage,—at the rate payable on the principal, or, where no such rate is fixed, at such rate as the Court deems reasonable,

[3]* * * * *and

(*iii*) on the amount adjudged due to the mortgagee for costs, charges and expenses properly incurred by the mortgagee in respect of the mortgage-security up to the date of the preliminary decree and added to the mortgage-money,—at the rate agreed between the parties or, failing such rate, [4][at such rate not exceeding six per cent. per annum as the Court deems reasonable]; and

[5][(*b*) subsequent interest up to the date of realisation or actual payment on the aggregate of the principal sums specified in clause (*a*) as calculated in accordance with that clause at such rate as the Court deems reasonable.]

**12. Sale of property subject to prior mortgage.—**Where any property the sale of which is directed under this Order is subject to a prior mortgage, the Court may, with the consent of the prior mortgagee, direct that the property be sold free from the same, giving to such prior mortgagee the same interest in the proceeds of the sale as he had in the property sold.

1. Subs. by Act 21 of 1929, s. 6, for rules 10 and 11.
2. Ins. by Act 104 of 1976, s. 82 (w.e.f. 1-2-1977).
3. Sub-clause (*ii*) omitted by Act 66 of 1956, s. 14 (w.e.f. 1-1-1957).
4. Subs. by s. 14, *ibid*., for certain words (w.e.f. 1-1-1957).
5. Subs. by s. 14, *ibid.*, for clause (*b*) (w.e.f. 1-1-1957).

**13. Application of proceeds.—**(*1*) Such proceeds shall be brought into Court and applied as follows:—

first, in payment of all expenses incident to the sale or properly incurred in any attempted sale;

secondly, in payment of whatever is due to the prior mortgagee on account of the prior mortgage, and of costs, properly incurred in connection therewith;

thirdly, in payment in all interest due on account of the mortgage in consequence whereof the sale was directed, and of the costs of the suit in which the decree directing the sale was made;

fourthly, in payment of the principal money due on account of that mortgage; and

lastly, the residue (if any) shall be paid to the person proving himself to be interested in the property sold, or if there are more such persons than one, than two, to such persons according to their respective interests therein or upon their joint receipt.

(*2*) Nothing in this rule or in rule 12 shall be deemed to affect the powers conferred by section 57 of the Transfer of Property Act, 1882 (4 of 1882).

**14. Suit for sale necessary for bringing mortgaged property to sale**.—(*1*) Where a mortgage has obtained a decree for the payment of money in satisfaction of a claim arising under the mortgage, he shall not be entitled to bring the mortgaged property to sale otherwise than by instituting a suit for sale in enforcement of the mortgage, and he may institute such suit notwithstanding anything contained in Order II, rule 2.

(*2*) Nothing in sub-rule (*1*) shall apply to any territories to which the Transfer of Property Act, 1882 (4 of 1882), has not been extended.

[1]**[15. Mortgages by the deposit of title deeds and charges.—**[2][(*1*)] All the provisions contained in this Order which apply to a simple mortgage shall, so far as may be, apply to a mortgage by deposit of title-deeds within the meaning of section 58, and to a charge within the meaning of section 100 of the Transfer of Property Act, 1882 (4 of 1882);

[3][(*2*) Where a decree orders payment of money and charges it on immovable property on default of payment, the amount may be realised by sale of that property in execution of that decree.]

## ORDER XXXV

### INTERPLEADER

**1. Plaint in interpleader-suit.—**In every suit of interpleader the plaint shall, in addition to the other statements necessary for plaints, state—

(*a*) that the plaintiff claims no interest in the subject-matter in dispute other than for charges or costs;

(*b*) the claims made by the defendants severally; and

(*c*) that there is no collusion between the plaintiff and any of the defendants.

**2. Payment of thing claimed into Court.—**Where the thing claimed is capable of being paid into Court or placed in the custody of the Court, the plaintiff may be required to so pay or place it before he can be entitled to any order in the suit.

**3. Procedure where defendant is suing plaintiff.—**Where any of the defendants in an interpleader-suit is actually suing the plaintiff in respect the subject-matter of such suit, the Court in which the suit against the plaintiff is pending shall, on being informed by the Court in which the interpleader-suit has been instituted, stay the proceedings as against him; and his costs in the suit so stayed may be provided for in such suit; but if, and in so far as, they are not provided for in that suit, they may be added to his costs incurred in the interpleader-suit.

1. Subs. by Act 21 of 1929, s. 7, for rule 15.
2. Rule 15 renumbered as sub-rule (*1*) by Act 104 of 1976, s. 82 (w.e.f. 1-2-1977).
3. Ins. by s. 82, *ibid.* (w.e.f. 1-2-1977).

**4. Procedure at first hearing.—**(*1*) At the first hearing the Court may**—**

(*a*) declare that the plaintiff is discharged from all liability to the defendants in respect of the thing claimed, award him his costs, and dismiss him from the suit; or

(*b*) if it thinks that justice or convenience so require, retain all parties until the final disposal of the suit.

(*2*) Where the Court finds that the admission of the parties or other evidence enable it to do so, it may adjudicate the title to the thing claimed.

(*3*) Where the admissions of the parties do not enable the Court so to adjudicate, it may direct—

(*a*) that an issue or issues between the parties be framed and tried, and

(*b*) that any claimant be made a plaintiff in lieu of or in addition to the original plaintiff,

and shall proceed to try the suit in the ordinary, manner.

**5. Agents and tenants may not institute interpleader suits.—**Nothing in this Order shall be deemed to enable agents to sue their principals, or tenants to sue their landlords, for the purpose of compelling them to interplead with any persons other than persons making claim through such principals or landlords.

*Illustrations*

(*a*) A deposits a box of jewels with B as his agent. C alleges that the jewels were wrongfully obtained from him by A, and claims them from B. B cannot institute an interpleader-suit against A and C.

(*b*) A deposits a box of jewels with B as his agent. He then writes to C for the purpose of making the jewels a security for a debt due from himself to C. A afterwards alleges that C's debt is satisfied, and C alleges the contrary. Both claim the jewels from B. B may institute in interpleader-suit against A and C.

**6. Charge for plaintiff's costs.—**Where the suit is properly instituted the Court may provide for the costs of the original plaintiff by giving him a charge on the thing claimed or in some other effectual way.

## ORDER XXXVI
## SPECIAL CASE

**1. Power to state case for Court's opinion.—**(*1*) Parties claiming to be interested in the decision of any question of fact or law may enter into an agreement in writing stating such question in the form of a case for the opinion of the Court, and providing that, upon the finding of the Court with respect to such question,—

(*a*) *a* sum of money fixed by the parties or to be determined by the Court shall be paid by one of the parties to the other of them; or

(*b*) some property, movable or immovable, specified in the agreement, shall be delivered by one of the parties to the other of them; or

(*c*) one or more of the parties shall do, or refrain from doing, some other particular act specified in the agreement.

(*2*) Every case stated under this rule shall be divided into consecutively numbered paragraphs, and shall concisely state such facts and specify such documents as may be necessary to enable the Court to decide the question raised thereby.

**2. Where value of subject-matter must be stated.—**Where the agreement is for the delivery of any property, or for the doing, or the refraining from doing, any particular act, the estimated value of the property to be delivered, or to which the act specified has reference, shall be stated in the agreement.

**3. Agreement to be filed and registered as suit.—**(*1*) The agreement, if framed in accordance with the rules hereinbefore contained, may be filed [1][with an application] in the Court which would have jurisdiction to entertain a suit, the amount or value of the subject-matter of which is the same as the amount or value of the subject-matter of the agreement.

(*2*) [2][The application] when so filed, shall be numbered and registered as a suit between one or more of the parties claiming to be interested as plaintiff or plaintiffs, and the other or the others of them as defendant or defendants; and notice shall be given to all the parties to the agreement, other than the party or parties by whom [3][the application was presented.]

**4. Parties to be subject to Court's jurisdiction.—**Where the agreement has been filed, the parties to it shall be subject to the jurisdiction of the Court and shall be bound by the statements contained therein.

**5. Hearing and disposal of case.—**(*1*) The case shall be set down for hearing as a suit instituted in the ordinary manner, and the provisions of this Code shall apply to such suit so far as the same are applicable.

(*2*) Where the Court is satisfied, after examination of the parties, or after taking such evidence as it thinks fit—

(*a*) that the agreement was duly executed by them,

(*b*) that they have a *bona fide* interest in question stated therein, and

(*c*) that the same is fit to be decided,

it shall proceed to pronounce judgment thereon, in the same way as in an ordinary suit, and upon the judgment so pronounced a decree shall follow.

[4][**6. No appeal from a decree passed under rule 5.—**No appeal shall lie from a decree passed under rule 5.]

ORDER XXXVII

SUMMARY PROCEDURE [5]***

[6][**1. Courts and classes of suits to which the Order is to apply.—**(*1*) This Order shall apply to the following Courts, namely:—

(*a*) High Courts, City Civil Courts and Courts of Small Causes; and

(*b*) other Courts:

Provided that in respect of the Courts referred to in clause (*b*), the High Court may, by notification in the Official Gazette, restrict the operation of this Order only to such categories of suits as it deems proper, and may also, from time to time, as the circumstances of the case may require, by subsequent notification in the Official Gazette, further restrict, enlarge or vary, the categories of suits to be brought under the operation of this Order as it deems proper.

(*2*) Subject to the provisions of sub-rule (*1*), the Order applies to the following classes of suits, namely:—

(*a*) suits upon bills of exchange, hundies and promissory notes;

(*b*) suits in which the plaintiff seeks only to recover a debt or liquidated demand in money payable by the defendant, with or without interest, arising,—

(*i*) on a written contract, or

(*ii*) on an enactment, where the sum sought to be recovered is a fixed sum of money or in the nature of a debt other than a penalty; or

(*iii*) on a guarantee, where the claim against the principal is in respect of a debt or liquidated demand only.]

1. Ins. by Act 104 of 1976, s. 83 (w.e.f. 1-2-1977).
2. Subs. by s. 83, *ibid.,* for "The agreement" (w.e.f. 1-2-1977).
3. Subs. by s. 83, *ibid.,* for "it was presented" (w.e.f. 1-2.1977).
4. Ins. by s. 83, *ibid.* (w.e.f. 1-2-1977).
5. The words "On Negotiable Instruments" omitted by s. 84, *ibid.* (w.e.f. 1-2-1977).
6. Subs. by s. 84, *ibid.,* for rule 1 (w.e.f. 1-2-1977).

[1][2. **Institution of summary suits.—**(*1*) A suit, to which this Order applies, may if the plaintiff desires to proceed hereunder, be instituted by presenting a plaint which shall contain,—

(*a*) a specific averment to the effect that the suit is filed under this Order;

(*b*) that no relief, which does not fall within the ambit of this rule, has been claimed in the plaint; and

(*c*) the following inscription, immediately below the number of the suit in the title of the suit, namely :—

"(Under Order XXXVII of the Code of Civil Procedure, 1908)."

(2) The summons of the suit shall be in Form No. 4 in Appendix B or in such other Form as may, from time to time, be prescribed.

(3) The defendant shall not defend the suit referred to in sub-rule (*1*) unless he enters an appearance and in default of his entering an appearance the allegations in the plaint shall be deemed to be admitted and the plaintiff shall be entitled to a decree for any sum, not exceeding the sum mentioned in the summons, together with interest at the rate specified, if any, up to the date of the decree and such sum for costs as may be determined by the High Court from time to time by rules made in that behalf and such decree may be executed forthwith.]

[2]**[3. Procedure for the appearance of defendant**—(*1*) In a suit to which this Order applies, the plaintiff shall, together with the summons under rule 2, serve on the defendant a copy of the plaint and annexures thereto and the defendant may, at any time within ten days of such service, enter an appearance either in person or by pleader and, in either case, he shall file in Court an address for service of notices on him.

(*2*) Unless otherwise ordered, all summonses, notices and other judicial processes, required to be served on the defendant, shall be deemed to have been duly served on him if they are left at the address given by him for such service.

(*3*) On the day of entering the appearance, notice of such appearance shall be given by the defendant to the plaintiff's pleader, or, if the plaintiff sues in person, to the plaintiff himself, either by notice delivered at or sent by a pre-paid letter directed to the address of the plaintiff's pleader or of the plaintiff, as the case may be.

(*4*) If the defendant enters an appearance, the plaintiff shall thereafter serve on the defendant a summons for judgment in Form No. 4A in Appendix B or such other Form as may be prescribed from time to time, returnable not less than ten days from the date of service supported by an affidavit verifying the cause of action and the amount claimed and stating that in his belief there is no defence to the suit.

(*5*) The defendant may, at any time within ten days from the service of such summons for judgment, by affidavit or otherwise disclosing such facts as may be deemed sufficient to entitle him to defend, apply on such summons for leave to defend such suit, and leave to defend may be granted to him unconditionally or upon such terms as may appear to the Court or Judge to be just:

Provided that leave to defend shall not be refused unless the Court is satisfied that the facts disclosed by the defendant do not indicate that he has a substantial defence to raise or that the defence intended to be put up by the defendant is frivolous or vexatious:

Provided further that, where a part of the amount claimed by the plaintiff is admitted by the defendant to be due from him, leave to defend the suit shall not be granted unless the amount so admitted to be due is deposited by the defendant in Court.

(*6*) At the hearing of such summons for judgment,—

(*a*) if the defendant has not applied for leave to defend, or if such application has been made and is refused, the plaintiff shall be entitled to judgment forthwith; or

1. Subs. by Act 104 of 1976, s. 84, for rule 2 (w.e.f. 1-2-1977).
2. Subs. by s. 84, *ibid.*, for rule 3 (w.e.f. 1-2-1977).

(*b*) if the defendant is permitted to defend as to the whole or any part of the claim, the Court or Judge may direct him to give such security and within such time as may be fixed by the Court or Judge and that, on failure to give such security within the time specified by the Court or Judge or to carry out such other directions as may have been given by the Court or Judge, the plaintiff shall be entitled to judgment forthwith.

(*7*) The Court or Judge may, for sufficient cause shown by the defendant, excuse the delay of the defendant in entering an appearance or in applying for leave to defend the suit.]

**4. Power to set aside decree.—**After decree the Court may, under special circumstances set aside the decree, and if necessary stay or set aside execution, and may give leave to the defendant to appear to the summons and to defend the suit, if it seems reasonable to the Court so to do, and on such terms as the Court thinks fit.

**5. Power to order bill, etc., to be deposited with officer of Court.—**In any proceeding under this Order the Court may order the bill, *hundi* or note on which the suit is founded to be forthwith deposited with an officer of the Court, and may further order that all proceedings shall be stayed until the plaintiff gives security for the costs thereof.

**6. Recovery of cost of noting non-acceptance of dishonoured bill or note.—**The holder of every dishonoured bill of exchange or promissiory note shall have the same remedies for the recovery of the expenses incurred in noting the same for non-acceptance or non-payment, or otherwise, by reason of such dishonour, as he has under this Order for the recovery of the amount of such bill or note.

**7. Procedure in suits.—**Save as provided by this Order, the procedure in suits hereunder shall be the same as the procedure in suits instituted in the ordinary manner.

## ORDER XXXVIII

### ARREST AND ATTACHMENT BEFORE JUDGMENT

*Arrest before judgment*

**1. Where defendant may be called upon to furnish security for appearance.—**Where at any stage of a suit, other than a suit of the nature referred to in section 16, clauses (*a*) to (*d*), the Court is satisfied, by affidavit or otherwise,—

(*a*) that the defendant, with intent to delay the plaintiff, or to avoid any process of the Court or to obstruct or delay the execution of any decree that may be passed against him,—

(*i*) has absconded or left the local limits of the jurisdiction of the Court, or

(*ii*) is about to abscond or leave the local limits of the jurisdiction of the Court, or

(*iii*) has disposed of or removed from the local limits of the jurisdiction of the Court his property or any part thereof, or

(*b*) that the defendant is about to leave [1][India] under circumstances affording reasonable probability that the plaintiff will or may thereby be obstructed or delayed in the execution of any decree that may be passed against the defendant in the suit,

the Court may issue a warrant to arrest the defendant and bring him before the Court to show cause why he should not furnish security for his appearance:

Provided that the defendant shall not be arrested if he pays to the officer entrusted with the execution of the warrant any sum specified in the warrant as sufficient to satisfy the plaintiff's claim; and such sum shall be held in deposit by the Court until the suit is disposed of or until the further order of the Court.

---

1. Subs. by Act 2 of 1951, s. 3, for "the States".

**2. Security.—**(*1*) Where the defendant fails to show such cause the Court shall order him either to deposit in Court money or other property sufficient to answer the claim against him, or to furnish security for his appearance at any time when called upon while the suit is pending and until satisfaction of any decree that may be passed against him in the suit, or make such order as it thinks fit in regard to the sum which may have been paid by the defendant under the proviso to the last preceding rule.

(*2*) Every surety for the appearance of a defendant shall bind himself, in default of such appearance, to pay any sum of money which the defendant may be ordered to pay in the suit.

**3. Procedure on application by surety to be discharged.—**(*1*) A surety for the appearance of a defendant may at any time apply to the Court in which he became such surety to be discharged from his obligation.

(*2*) On such application being made, the Court shall summon the defendant to appear or, if it thinks fit, may issue a warrant for his arrest in the first instance.

(*3*) On the appearance of the defendant in pursuance of the summons or warrant, or on his voluntary surrender, the Court shall direct the surety to be discharged from his obligation, and shall call upon the defendant to find fresh security.

**4. Procedure where defendant fails to furnish security or find fresh security.—**Where the defendant fails to comply with any order under rule 2 or rule 3, the Court may commit him to the civil prison until the decision of the suit or, where a decree is passed against the defendant, until the decree has been satisfied:

Provided that no person shall be detained in prison under this rule in any case for a longer period than six months, nor for a longer period than six weeks when the amount or value of the subject-matter of the suit does not exceed fifty rupees:

Provided also that no person shall be detained in prison under this rule after he has complied with such order.

*Attachment before judgment*

**5. Where defendant may be called upon to furnish security for production of property.—**(*1*) Where, at any stage of a suit, the Court is satisfied, by affidavit or otherwise, that the defendant, with intent to obstruct or delay the execution of any decree that may be passed against him,—

(*a*) is about to dispose of the whole or any part of his property, or

(*b*) is about to remove the whole or any part of his property from the local limits of the jurisdiction of the Court,

the Court may direct the defendant, within a time to be fixed by it, either to furnish security, in such sum as may be specified in the order, to produce and place at the disposal of the Court, when required, the said property or the value of the same, or such portion thereof as may be sufficient to satisfy the decree, or to appear and show cause why he should not furnish security.

(*2*) The plaintiff shall, unless the Court otherwise directs, specify the property required to be attached and the estimated value thereof.

(*3*) The Court may also in the order direct the conditional attachment of the whole or any portion of the property so specified.

[1][(*4*) If an order of attachment is made without complying with the provisions of sub-rule (*1*) of this rule, such attachment shall be void.]

**6. Attachment where cause not shown or security not furnished.—**(*1*) Where the defendant fails to show cause why he should not furnish security, or fails to furnish the security required, within the time fixed by the Court, the Court may order that the property specified, or such portion thereof as appears sufficient to satisfy any decree which may be passed in the suit, be attached.

(*2*) Where the defendant shows such cause or furnishes the required security, and the property specified or any portion of it has been attached, the Court shall order the attachment to be withdrawn, or make such other order as it thinks fit.

1. Ins. by Act 104 of 1976, s. 85 (w.e.f. 1-2-1977).

**7. Mode of making attachment.—**Save as otherwise expressly provided, the attachment shall be made in the manner provided for the attachment of property in execution of a decree.

[1][**8. Adjudication of claim to property attached before judgment.—**Where any claim is preferred to property attached before judgment, such claim shall be adjudicated upon in the manner hereinbefore provided for the adjudication of claim to property attached in execution of a decree for the payment of money.]

**9. Removal of attachment when security furnished or suit dismissed.—**Where an order is made for attachment before judgment, the Court shall order the attachment to be withdrawn when the defendant furnishes the security required, together with security for the cost of the attachment, or when the suit is dismissed.

**10. Attachment before judgment not to affect rights of strangers, nor bar decree-holder from applying for sale.**—Attachment before judgment shall not affect the rights, existing prior to the attachment, of persons not parties to the suit, nor bar any person holding a decree against the defendant from applying for the sale of the property under attachment in execution of such decree.

**11. Property attached before judgment not to be re-attached in execution of decree.—**Where property is under attachment by virtue of the provisions of this order decree is subsequently passed in favour of the plaintiff, it shall not be necessary upon an application for execution of such decree to apply for a re-attachment of the property.

[2][**11A. Provisions applicable to attachment.—**(*1*) The provisions of this Code applicable to an attachment made in execution of a decree shall, so far as may be, apply to an attachment made before judgment which continues after the judgment by virtue of the provisions of rule 11.

(*2*) An attachment made before judgment in a suit which is dismissed for default shall not become revived merely by reason of the fact that the order for the dismissal of the suit for default has been set aside and the suit has been restored.]

**12. Agricultural produce not attachable before judgment.—**Nothing in this Order shall be deemed to authorise the plaintiff to apply for the attachment of any agricultural produce in the possession of an agriculturist, or to empower the Court to order the attachment or production of such produce.

[3][**13. Small Cause Court not to attach immovable property.—**Nothing in this Order shall be deemed to empower any Court of Small Causes to make an order for the attachment of immovable property.]

## ORDER XXXIX

### TEMPORARY INJUNCTIONS AND INTERLOCUTORY ORDERS

*Temporary injunctions*

**1. Cases in which temporary injunction may be granted.—**Where in any suit it is proved by affidavit or otherwise—

(*a*) that any property in dispute in a suit is in danger of being wasted, damaged or alienated by any party to the suit, or wrongfully sold in execution of a decree, or

(*b*) that the defendant threatens, or intends, to remove or dispose of his property with a view to [4][defrauding] his creditors,

[5][(*c*) that the defendant threatens to dispossess, the plaintiff or otherwise cause injury to the plaintiff in relation to any property in dispute in the suit,]

1. Subs. by Act 104 of 1976, s. 85, for rule 8 (w.e.f. 1-2-1977).
2. Ins. by s. 85, *ibid.* (w.e.f. 1-2-1977).
3. Ins. by Act 1 of 1926, s. 4.
4. Subs. by Act 104 of 1976, s. 86, for "defraud" (w.e.f. 1-2-1977).
5. Ins. by s. 86, *ibid.* (w.e.f. 1-2-1977).

the Court may by order grant a temporary injunction to restrain such act, or make such other order for the purpose of staying and preventing the wasting, damaging, alienation, sale, removal or disposition of the property [1][or dispossession of the plaintiff, or otherwise causing injury to the plaintiff in relation to any property in dispute in the suit] as the Court thinks fit, until the disposal of the suit or until further orders.

**2. Injunction to restrain repetition or continuance of breach.—**(*1*) In any suit for restraining the defendant from committing a breach of contract or other injury of any kind, whether compensation is claimed in the suit or not, the plaintiff may, at any time after the commencement of the suit, and either before or after judgment, apply to the Court for a temporary injunction to restrain the defendant from committing the breach of contract or injury complained, of, or any breach of contract or injury of a like kind arising out of the same contract or relating to the same property or right.

(*2*) The Court may by order grant such injunction, on such terms as to the duration of the injunction, keeping an account, giving security, or otherwise, as the Court thinks fit.

[2]* * * * *

[1][**2A. Consequence of disobedience or breach of injunction.—**(*1*) In the case of disobedience of any injunction granted or other order made under rule 1 or rule 2 or breach of any of the terms on which the injunction was granted or the order made, the Court granting the injunction or making the order, or any Court to which the suit or proceeding is transferred, may order the property of the person guilty of such disobedience or breach to be attached, and may also order such person to be detained in the civil prison for a term not exceeding three months, unless in the meantime the Court directs his release.

(*2*) No attachment made under this rule shall remain in force for more than one year, at the end of which time, if the disobedience or breach continues, the property attached may be sold and out of the proceeds, the Court may award such compensation as it thinks fit to the injured party and shall pay the balance, if any, to the party entitled thereto.]

**3. Before granting injunction, Court to direct notice to opposite party.—**The Court shall in all cases, except where it appears that the object of granting the injunction would be defeated by the delay, before granting an injunction, direct notice of the application for the same to be given to the opposite party:

[1][Provided that, where it is proposed to grant an injunction without giving notice of the application to the opposite party, the Court shall record the reasons for its opinion that the object of granting the injunction would be defeated by delay, and require the applicant—

(*a*) to deliver to the opposite party, or to send to him by registered post, immediately after the order granting the injunction has been made, a copy of the application for injunction together with—

(*i*) a copy of the affidavit filed in support of the application;

(*ii*) a copy of the plaint; and

(*iii*) copies of documents on which the applicant, relies, and

(*b*) to file, on the day on which such injunction is granted or on the day immediately following that day, an affidavit stating that the copies aforesaid have been so delivered or sent.]

[1][**3A. Court to dispose of application for injunction within thirty days.—**Where an injunction has been granted without giving notice to the opposite party, the Court shall make an endeavour to finally dispose of the application within thirty days from the date on which the injunction was granted; and where it is unable so to do, it shall record its reasons for such inability.]

---

1. Ins. by Act 104 of 1976, s. 86 (w.e.f. 1-2-1977).
2. Sub-rules (*3*) and (*4*) omitted by s. 86, *ibid.* (w.e.f. 1-2-1977).

**4. Order for injunction may be discharged, varied or set aside.—**Any order for an injunction may be discharged, or varied, or set aside by the Court, on application made thereto by any party dissatisfied with such order:

[1][Provided that if in an application for temporary injunction or in any affidavit supporting such application, a party has knowingly made a false or misleading statement in relation to a material particular and the injunction was granted without giving notice to the opposite party, the Court shall vacate the injunction unless, for reasons to be recorded, it considers that it is not necessary so to do in the interests of justice:

Provided further that where an order for injunction has been passed after giving to a party an opportunity of being heard, the order shall not be discharged, varied or set aside on the application of that party except where such discharge, variation or setting aside has been necessitated by a change in the circumstances, or unless the Court is satisfied that the order has caused undue hardship to that party.]

**5. Injection to corporation binding on its officer.—**An injunction directed to a corporation is binding not only on the corporation itself, but also on all members and officers of the corporation whose personal action it seeks to restrain.

*Interlocutory orders*

**6. Power to order interim sale.—**The Court may, on the application of any party to a suit, order the sale, by any person named in such order, and in such manner and on such terms as it thinks fit, of any movable property, being the subject-matter of such suit, or attached before judgment in such suit, which is subject to speedy and natural delay, or which for any other just and sufficient cause, it may be desirable to have sold at once.

**7. Detention, preservation, inspection, etc., of subject-matter of suit.—**(*1*) The Court may, on the application of any party to a suit, and on such terms as it thinks fit,—

(*a*) make an order for the detention, preservation or inspection of any property which is the subject-matter of such suit, or as to which any question may arise therein;

(*b*) for all or any of the purposes aforesaid authorise any person to enter upon or into any land or building in the possession of any other party to such suit; and

(*c*) for all or any of the purposes aforesaid authorise any samples to be taken, or any observation to be made or experiment to be tried, which may seem necessary or expendient for the purpose of obtaining full information or evidence.

(*2*) The provisions as to execution of process shall apply, *mutatis mutandis,* to persons authorised to enter under this rule.

**8. Application for such orders to be after notice.—**(*1*) An application by the plaintiff for an order under rule 6 or rule 7 may be made [2]*** at any time after institution of the suit.

(*2*) An application by the defendant for a like order may be made [3]*** at any time after appearance.

[1][(*3*) Before making an order under rule 6 or rule 7 on an application made for the purpose, the Court shall, except where it appears that the object of making such order would be defeated by the delay, direct notice thereof to be given to the opposite party.]

**9. When party may be put in immediate possession of land the subject-matter of suit.—**Where land paying revenue to Government, or a tenure liable to sale, is the subject-matter of a suit, if the party in possesion of such land or tenure neglects to pay the Government revenue, or the rent due to the proprietor of the tenure, as the case may be, and such land or tenure is consequently ordered to be sold, any other party to the suit claiming to have an interest in such land or tenure may, upon payment of the revenue or rent due previously to the sale (and with or without security at the discretion of the Court), be put in immediate possession of the land or tenure;

1. Ins. by Act 104 of 1976, s. 86 (w.e.f. 1-2-1977).
2. The words "after notice to the defendant" omitted by s. 86, *ibid.* (w.e.f. 1-2-1977).
3. The words "after notice to the plaintiff" omitted by s. 86, *ibid.* (w.e.f. 1-2-1977).

and the Court in its decree may award against the defaulter the amount so paid, with interest thereon at such rate as the Court thinks fit, or may charge the amount so paid, with interest thereon at such rate as the Court orders, in any adjustment of accounts which may be directed in the decree passed in the suit.

**10. Deposit of money, etc., in Court.—**Where the subject-matter of a suit is money or some other thing capable of delivery and any party thereto admits that he holds such money or other thing as a trustee for another party, or that it belongs or is due to another party, the Court may order the same to be deposited in Court or delivered to such last-named party, with or without security, subject to the further direction of the Court.

## ORDER XL

### APPOINTMENT OF RECEIVERS

**1. Appointment of receivers.—**(*1*) Where it appears to the Court to be just and convenient, the Court may by order—

(*a*) appoint a receiver of any property, whether before or after decree;

(*b*) remove any person from the possession or custody of the property;

(*c*) commit the same to the possession, custody or management of the receiver; and

(*d*) confer upon the receiver all such powers, as to bringing and defending suits and for the realisation, management, protection, preservation and improvement of the property, the collection of the rents and profits thereof, the application and disposal of such rents and profits, and the execution of documents as the owner himself has, or such of those powers as the Court thinks fit.

(*2*) Nothing in this rule shall authorise the Court to remove from the possession or custody of property any person whom any party to the suit has not a present right so to remove.

**2. Remuneration.—**The Court may by general or special order fix the amount to be paid as remuneration for the services of the receiver.

**3. Duties.—**Every receiver so appointed shall—

(*a*) furnish such security (if any) as the Court thinks fit, duly to account for what he shall receive in respect of the property;

(*b*) submit his accounts at such periods and in such form as the Court directs;

(*c*) pay the amount due from him as the Court directs; and

(*d*) be responsible for any loss occasioned to the property by his wilful default or gross negligence.

**4. Enforcement of receiver's duties.—**Where a receiver—

(*a*) fails to submit his accounts at such periods and in such form as the Court directs, or

(*b*) fails to pay amount due from him as the Court directs, or

(*c*) occasions loss to the property by his wilful default or gross negligence,

the Court may direct his property to be attached and may sell such property, and may apply the proceeds to make good any amount found to be due from him or any loss occasioned by him, and shall pay the balance (if any) to the receiver.

**5. When Collector may he appointed receiver.—**Where the property is land paying revenue to the Government, or land of which the revenue has been assigned or redeemed, and the Court considers that the interests of those concerned will be promoted by the management of the Collector, the Court may, with the consent of the Collector, appoint him to be receiver of such property.

## ORDER XLI

### APPEALS FROM ORIGINAL DECREES

**1. Form of appeal What to accompany memorandum.—**(*1*) Every appeal shall be preferred in the form of a memorandum signed by the appellant or his pleader and presented to the Court or to such officer as it appoints in this behalf. The memorandum shall be accompanied by a copy of the [1][Judgment].

1. Subs. by Act 46 of 1999, s. 31, for certain words, (w.e.f. 1-7-2002).

[1][Provided that where two or more suits have been tried together and a common judgment has been delivered therefor and two or more appeals are filed against any decree covered by that judgment, whether by the same appellant or by different appellants, the Appellate Court may dispense with the filing of more than one copy of the judgment.]

(*2*) **Contents of memorandum.—**The memorandum shall set forth, concisely and under distinct heads, the grounds of objection to the decree appealed from without any argument or narrative; and such grounds shall be numbered consecutively.

[1][(*3*) Where the appeal is against a decree for payment of money, the appellant shall, within such time as the Appellate Court may allow, deposit the amount disputed in the appeal or furnish such security in respect thereof as the Court may think fit.]

**2. Grounds which may be taken in appeal.—**The appellant shall not, except by leave of the Court, urge or be heard in support of any ground of objection not set forth in the memorandum of appeal; but the Appellate Court, in deciding the appeal, shall not be confined to the grounds of objections set forth in the memorandum of appeal or taken by leave of the Court under this rule:

Provided that the Court shall not rest its decision on any other ground unless the party who may be affected thereby has had a sufficient opportunity of contesting the case on that ground.

**3. Rejection or amendment of memorandum.—**(*1*) Where the memorandum of appeal is not drawn up in the manner hereinbefore prescribed, it may be rejected, or be returned to the appellant for the purpose of being amended within a time to be fixed by the Court or be amended then and there.

(*2*) Where the Court rejects any memorandum, it shall record the reasons for such rejection.

(*3*) Where a memorandum of appeal is amended, the judge, or such officer as he appoints in this behalf, shall sign or initial the amendment.

[1][**3A. Application for condonation of delay.—**(*1*) When an appeal is presented after the expiry of the period of limitation specified therefore, it shall be accompanied by an application supported by affidavit setting forth the facts on which the appellant relies to satisfy the Court that he had sufficient cause for not preferring the appeal within such period.

(*2*) If the Court sees no reason to reject the application without the issue of a notice to the respondent, notice hereof shall be issued to the respondent and the matter shall be finally decided by the Court before it proceeds to deal with the appeal under rule 11 or rule 13, as the case may be.

(*3*) Where an application has been made under sub-rule (*1*), the Court shall not make an order fact the stay of execution of the decree against which the appeal is proposed to be filed so long as the Court does not, after hearing under rule 11, decide to hear the appeal.]

**4. One of several plaintiffs or defendants may obtain reversal of whole decree where it proceeds on ground common to all.—**Where there are more plaintiffs or more defendants than one in a suit, and the decree appealed from proceeds on any ground common to all the plaintiffs or to all the defendants, any one of the plaintiffs or of the defendants may appeal from the whole decree, and thereupon the Appellate Court may reverse or vary the decree in favour of all the plaintiffs or defendants, as the case may be.

*Stay of proceedings and of execution*

**5. Stay by Appellate Court.—**(*I*) An appeal shall not operate as a stay of proceedings under a decree or order appealed from except so far as the Appellate Court may order, nor shall execution of a decree be stayed by reason only of an appeal having been preferred from the decree; but the Appellate Court may for sufficient cause order stay of execution of such decree.

[1][*Explanation.***—**An order by the Appellate Court for the stay of execution of the decree shall be effective from the date of the communication of such order to the Court of first instance, but an affidavit sworn

1. Ins. by Act 104 of 1976, s. 87 (w.e.f. 1-2-1977).

by the appellant, based on his personal knowledge, stating that an order for the stay of execution of the decree has been made by the Appellate Court shall, pending the receipt from the Appellate Court of the order for the stay of execution or any order to the contrary, be acted upon by the Court of first instance.]

(*2*) **Stay by Court which passed the decree.**—Where an application is made for stay of execution of an appealable decree before the expiration of the time allowed for appealing therefrom, the Court which passed the decree may on sufficient cause being shown order the execution to be stayed.

(*3*) No order for stay of execution shall be made under sub-rule (*1*) or sub-rule (*2*) unless the Court making it is satisfied—

(*a*) that substantial loss may result to the party applying for stay of execution unless the order is made;

(*b*) that the application has been made without unreasonable delay; and

(*c*) that security has been given by the applicant for the due performance of such decree or order as may ultimately be binding upon him.

(*4*) [1][Subject to the provision of sub-rule (*3*),] the Court may make an *ex parte* order for stay of execution pending the hearing of the application.

[2][(*5*) Notwithstanding anything contained in the foregoing sub-rules, where the appellant fails to make the deposit or furnish the security specified in sub-rule (*3*) of rule 1, the Court shall not make an order staying the execution of the decree.]

**6. Security in case of order for execution of decree appealed from.**—(*1*) Where an order is made for the execution of a decree from which an appeal is pending, the Court which passed the decree shall, on sufficient cause being shown by the appellant, require security to be taken for the restitution of any property which may be or has been taken in execution of the decree or for the payment of the value of such property and for the due performance of the decree or order of the Appellate Court, or the Appellate Court may for like cause direct the Court which passed the decree to take such security.

(*2*) Where an order has been made for the sale of immovable property in execution of a decree, and an appeal is pending from such decree, the sale shall, on the application of the judgment-debtor to the Court which made the order, be stayed on such terms as to giving security or otherwise as the Court thinks fit until the appeal is disposed of.

**7.** [3][*No security to be required from the Government or a public officer in certain cases*.] *Rep. by the A.O.* 1937.

**8. Exercise of power in appeal from order made in execution of decree.—**The powers conferred by rules 5 and 6 shall be exercisable where an appeal may be or has been preferred not from the decree but from an order made in execution of such decree.

*Procedure on admission of appeal*

[4][**9. Registry of memorandum of appeal.—**(*1*) The Court from whose decree an appeal lies shall entertain the memorandum of appeal and shall endorse thereon the date of presentation and shall register the appeal in a book of appeal kept for that purpose.

(*2*) Such book shall be called the register of appeal.]

**10. Appellate Court may require appellant to furnish security for costs.—**(*1*) The Appellate Court may in its discretion, either before the respondent is called upon to appear and answer or afterwards on the application of the respondent, demand from the appellant security for the costs of the appeal, or of the original suit, or of both:

**Where appellant resides out of India.—**Provided that the Court shall demand such security in all cases in which the appellant is residing out of [5][India], and is not possessed of any sufficient immovable property within [5][India] other than the property (if any) to which the appeal relates.

1. Subs. by Act 104 of 1976, s. 87, for certain words (w.e.f. 1-2-1977).
2. Ins. by s. 87, *ibid*. (w.e.f. 1-2-1977).
3. See order XXVII, rule 8A, *supra*.
4. Subs. by Act 46 of 1999, s. 31, for rule 9 (w.e.f. 1-7-2002).
5. Subs. by Act 2 of 1951, s. 3, for "the States".

(*2*) Where such security is not furnished within such time as the Court orders, the Court shall reject the appeal.

**11. Power to dismiss appeal without sending notice to Lower Court.—**[1][(*1*) The appellate Court after fixing a day for hearing the appellant or his pleader and hearing him accordingly if he appears on that day may dismiss the appeal].

(*2*) If on the day fixed or arty other day to which the hearing may be adjourned the appellant does not appear when the appeal is called on for hearing, the Court may make an order that the appeal be dismissed.

(*3*) The dismissal of an appeal under this rule shall be notified to the Court from whose decree the appeal is preferred.

[2][(*4*) Where an Appellate Court, not being the High Court, dismisses an appeal under sub-rule (*1*), it shall deliver a judgment, recording in brief its grounds for doing so, and a decree shall be drawn up in accordance with the judgment.]

[2]**[11A. Time within which hearing under rule 11 should be concluded.—**Every appeal shall be hear under rule 11 as expeditiously as possible and endeavour shall be made to conclude such hearing within sixty days from the date on which the memorandum of appeal is filed.]

**12. Day for hearing appeal.—**(*1*) Unless the Appellate Court dismisses the appeal under rule 11, it shall fix a day for hearing the appeal.

[3][(*2*) Such day shall be fixed with reference to the current business of the Court.]

**13.** [*Appellate Court to give notice to Court whose decree appealed from.*] *Omitted by Code of Civil Procedure* (*Amendment*) *Act* 1999, (46 *of* 1999), *s.* 31 (*w.e.f.* 1-7-2002.)

**14. Publication and service of notice of day for hearing appeal.—**(*1*) Notice of the day fixed under rule 12 shall be affixed in the Appellate Court-house, and a like notice shall be sent by the Appellate Court to the Court from whose decree the appeal is preferred, and shall be served on the respondent or on his pleader in the Appellate Court in the manner provided for the service on a defendant of a summons to appear and answer, and all the provisions applicable to such summons, and to proceedings with reference to the service thereof, shall apply to the service of such notice.

(*2*) **Appellate Court may itself cause notice to be served.—**Instead of sending the notice to the Court from whose decree the appeal is preferred, the Appellate Court may itself cause the notice to be served on the respondent or his pleader under the provisions above referred to.

[2][(*3*) The notice to be served on the respondent shall be accompanied by a copy of the memorandum of appeal.

(*4*) Notwithstanding anything to the contrary contained in sub-rule (*1*), it shall not be necessary to serve notice of any proceeding incidental to an appeal on any respondent other than a person impleaded for the first time in the Appellate Court, unless he has appeared and filed an address for the service in the Court of first instance or has appeared in the appeal.

(*5*) Nothing in sub-rule (*4*) shall bar the respondent referred to in the appeal from defending it.]

**15. [***Contents of notice.*] *Omitted by Code of Civil Procedure* (*Amendment*) *Act* 1999, (46 *of* 1999), *s.* 31 (*w.e.f.* 1-7-2002.)

*Procedure on hearing*

**16. Right to begin.—**(*1*) On the day fixed, or on any other day to which the hearing may be adjourned, the appellant shall be heard in support of the appeal.

(*2*) The Court shall then, if it does not dismiss the appeal at once, hear the respondent against the appeal, and in such case the appellant shall be entitled to reply.

**17. Dismissal of appeal for appellants' default.—**(*1*) Where on the day fixed, or on any other day to which the hearing may be adjourned, the appellant does not appear when the appeal is called on for hearing, the Court may make an order that the appeal be dismissed.

1. Subs. by Act 46 of 1999, s. 31, for sub-rule (*1*) (w.e.f. 1-7-2002).
2. Ins. by Act 104 of 1976, s. 87 (w.e.f. 1-2-1977).
3. Subs. by Act 46 of 1999, s. 31, for sub-rule (2) (w.e.f. 1-7-2002).

[1][*Explanation.*—Nothing in this sub-rule shall be construed as empowering the Court to dismiss the appeal on the merits.]

(*2*) **Hearing appeal *ex parte*.**—Where the appellant appears and the respondent does not appear, the appeal shall be heard *ex parte*.

**18.** [*Dismissal of appeal where notice not served in consequence of appellant's failure to deposit cost.*] *omitted by the Code of Civil Procedure* (*Amendment*) *Act*, 1999 (46 *of* 1999) *s.* 31 (*w.e.f.* 1-7-2002).

**19. Re-admission of appeal dismissed for default.** —Where an appeal is dismissed under rule 11, sub-rule (*2*) or rule 17 [2][***] the appellant may apply to the Appellate Court for the re-admission of the appeal; and, where it is proved that he was prevented by any sufficient cause from appearing when the appeal was, called on for hearing or from depositing the sum so required, the Court shall re-admit the appeal on such terms as to costs or otherwise as it thinks fit.

**20. Power to adjourn hearing and direct persons appearing interested to be made respondents.** —[3][(*1*)] Where it appears to the Court at the hearing that any person who was a party to the suit in the Court from whose decree the appeal is preferred, but who has not been made a party to the appeal, is interested in the result of the appeal, the Court may adjourn the hearing to a future day to be fixed by the Court and direct that such person be made a respondent.

[4][(*2*) No respondent shall be added under this rule, after the expiry of the period of limitation for appeal, unless the Court, for reasons to be recorded, allows that to be done, on such terms as to costs as it thinks fit.]

**21. Re-hearing on application of respondent against whom *ex parte* decree made.—**Where an appeal is heard *ex parte* and judgment is pronounced against the respondent, he may apply to the Appellate Court to re-hear the appeal; and, if he satisfies the Court that the notice was not duly served or that he was prevented by sufficient cause from appearing when the appeal was called on for hearing, the Court shall re-hear the appeal on such terms as to costs or otherwise as it thinks fit to impose upon him.

**22. Upon hearing respondent may object to decree as if he had preferred separate appeal.—**(*1*) Any respondent, though he may not have appealed from any part of the decree, may not only support the decree [5][but may also state that the finding against him in the Court below in respect of any issue ought to have been in his favour; and may also take any cross-objection] to the decree which he could have taken by way of appeal provided he has filed such objection in the Appellate Court within one month from the date of service on him or his pleader of notice of the day fixed for hearing the appeal, or within such further time as the Appellate Court may see fit to allow.

[4][*Explanation.* —A respondent aggrieved by a finding of the Court in the judgment on which the decree appealed against is based may, under this rule, file cross-objection in respect of the decree in so far as it is based on that finding, notwithstanding that by reason of the decision of the Court on any other finding which is sufficient for the decision of the suit, the decree, is, wholly or in part, in favour of that respondent.]

(*2*) **Form of objection and provisions applicable thereto.**—Such cross-objection shall be in the form of a memorandum, and the provisions of rule 1, so far as they relate to the form and contents of the memorandum of appeal, shall apply thereto.

[6]* * * * *

1. Ins. by Act 104 of 1976, s. 87 (w.e.f. 1-2-1977).
2. The words "or rule 18" omitted by Act 46 of 1999, s. 31, (w.e.f. 1-7-2002).
3. Rule 20 re-numbered as sub-rule (*1*) by Act 104 of 1976, s. 87 (w.e.f 1-2-1977).
4. Ins. by s. 87, *ibid.* (w.e.f. 1-2-1977).
5. Subs. by s. 87, *ibid.*, for certain words (w.e.f. 1-2-1977).
6. Subs-rule (*3*) omitted by Act 46 of 1999, s. 31 (w.e.f. 1-7-2002).

(*4*) Where, in any case in which any respondent has under this rule filed a memorandum of objection, the original appeal is withdrawn or is dismissed for default, the objection so filed may nevertheless be heard and determined after such notice to the other parties as the Court thinks fit.

(*5*) The provisions relating to appeals by indigent persons shall, so far as they can be made applicable, apply to an objection under this rule.

**23. Remand of case by Appellate Court.—**Where the Court from whose decree an appeal is preferred has disposed of the suit upon a preliminary point and the decree is reversed in appeal, the Appellate Court may, if it thinks fit, by order remand the case, and may further direct what issue or issues shall be tried in the case so remanded, and shall send a copy of its judgment and order to the Court from whose decree the appeal is preferred, which directions to re-admit the suit under its original number in the register of civil suits, and proceed to determine the suit; and the evidence (if any) recorded during the original trial shall, subject to all just exceptions, be evidence during the trial after remand.

[1]**[23A. Remand in other cases.—**Where the Court from whose decree an appeal is preferred has disposed of the case otherwise than on a preliminary point, and the decree is reversed in appeal and a re-trial is considered necessary, the Appellate Court shall have the same powers as it has under rule 23.

**24. Where evidence on record sufficient Appellate Court may determine *case* finally.—**Where the evidence upon the record is sufficient to enable the Appellate Court to pronounce judgement, the Appellate Court may, after resettling the issues, if necessary, finally determine the suit, notwithstanding that the judgment of the Court from whose decree the appeal is preferred has proceeded wholly upon some ground other than that on which the Appellate Court proceeds.

**25. Where Appellate Court may frame issues and refer them for trial to Court whose decree appealed from.—**Where the Court from whose decree the appeal is preferred has omitted to frame or try any issue, or to determine any question of fact, which appears to the Appellate Court essential to the right decision of the suit upon the merits, the Appellate Court may, if necessary, frame issues, and refer the same for trial to the Court from whose decree the appeal is preferred, and in such case shall direct such Court to take the additional evidence required;

and such Court shall proceed to try such issues, and shall return the evidence to the Appellate Court together with its findings thereon and the reasons therefor [1][within such time as may be fixed by the Appellate Court or extended by it from time to time].

**26. Findings and evidence to be put on record. Objections to findings.—**(*1*) Such evidence and findings shall form part of the record in the suit; and either party may, within a time to be fixed by the Appellate Court, present a memorandum of objections to any finding.

(*2*) **Determination of appeal.—**After the expiration of the period so fixed for presenting such memorandum the Appellate Court shall proceed to determine the appeal.

[1]**[26A. Order of remand to mention date of next hearing.—**Where the Appellate Court remands a case under rule 23 or rule 23A, or frames issues and refers them for trial under rule 25, it shall fix a date for the appearance of the parties before the Court from whose decree the appeal was preferred for the purpose of receiving the directions of that Court as to further proceedings in the suit.]

**27. Production of additional evidence in Appellate Court.—**(*1*) The parties to an appeal shall not be entitled to produce additional evidence, whether oral or documentary, in the Appellate Court. But if —

(*a*) the Court from whose decree the appeal is preferred has refused to admit evidence which ought to have been admitted, or

1. Ins. by Act 104 of 1976, s. 87 (w.e.f. 1-2-1977).

[1][(*aa*) the party seeking to produce additional evidence, establishes that notwithstanding the exercise of due diligence, such evidence was not within his knowledge or could not, after the exercise of due diligence, be produced by him at the time when the decree appealed against was passed, or]

(*b*) the Appellate Court requires any document to be produced or any witness to be examined to enable it to pronounce judgment, or for any other substantial cause,

the Appellate Court may allow such evidence or document to be produced, or witness to be examined.

(*2*) Wherever additional evidence is allowed to be produced by an Appellate Court, the Court shall record the reason for its admission.

**28. Mode of taking additional evidence.—**Wherever additional evidence is allowed to be produced, the Appellate Court may either take such evidence, or direct the Court from whose decree the appeal is preferred, or any other subordinate Court, to take such evidence and to send it when taken to the Appellate Court.

**29. Points to be defined and recorded.—**Where additional evidence is directed or allowed to be taken, the Appellate Court shall specify the points to which the evidence is to be confined, and record on its proceedings the points so specified.

*Judgment in appeal*

**30. Judgment when and where pronounced.—**[2][(*1*)] The Appellate Court, after hearing the parties or their pleaders and referring to any part of the proceedings, whether on appeal or in the Court from whose decree the appeal is preferred, to which reference may be considered necessary, shall pronounce judgment in open Court, either at once or on some future day of which notice shall be given to the parties or their pleaders.

[1][(*2*) Where a written judgment is to be pronounced, it shall be sufficient if the points for determination, the decision thereon and the final order passed in the appeal are read out and it shall not be necessary for the Court to read out the whole judgment, but a copy of the whole judgment shall be made available for the perusal of the parties or their pleaders immediately after the judgment is pronounced.]

**31. Contents, date and signature of judgment.—**The judgment of the Appellate Court shall be in writing and shall state—

(*a*) the points for determination;

(*b*) the decision thereon;

(*c*) the reasons for the decision; and

(*d*) where the decree appealed from is reversed or varied, the relief to which the appellant is entitled,

and shall at the time that it is pronounced be signed and dated by the Judge or by the Judges concurring therein.

**32. What judgment may direct.—**The judgment may be for confirming, varying or reversing the decree from which the appeal is preferred, or, if the parties to the appeal agree as to the form which the decree in appeal shall take, or as to the order to be made in appeal, the Appellate Court may pass a decree or make an order accordingly.

**33. Power of Court of Appeal.—**The Appellate Court shall have power to pass any decree and make any order which ought to have been passed or made and to pass or make such further or other decree or order as the case may require, and this power may be exercised by the Court notwithstanding that the appeal is as to part only of the decree and may be exercised in favour of all or any of the respondents or parties, although such respondents or parties may not have filed any appeal or objection [1][and may, where there have been decrees in cross-suits or where two or more decrees are passed in one suit, be exercised in respect of all or any of the decrees, although an appeal may not have been filed against such decrees]:

1. Ins. by Act 104 of 1976, s. 87 (w.e.f. 1-2-1977).
2. Rule 30 re-numbered as sub-rule (*1*) by s. 87, *ibid.* (w.e.f. 1-2-1977).

[1][Provided that the Appellate Court shall not make any order under section 35A in pursuance of any objection on which the Court from whose decree the appeal is preferred has omitted or refused to make such order.]

*Illustration*

A claims a sum of money as due to him from X or Y, and in a suit against both obtains a decree against X. X, appeals and A and Y are respondents. The Appellate Court decides in favour of X. It has power to pass a decree against Y.

**34. Dissent to be recorded.—**Where the Appeal is heard by more judges than one, any judge dissenting from the judgment of the Court shall state in writing the decision or order which he thinks should be passed on the appeal, and he may state his reasons for the same.

*Decree in appeal*

[2]**35. Date and contents of decree.—**(*1*) The decree of the Appellate Court shall bear date the day on which the judgment was pronounced.

(*2*) The decree shall contain the number of the appeal, the names and descriptions of the appellant and respondent, and a clear specification of the relief granted or other adjudication made.

(*3*) The decree shall also state the amount of costs incurred in the appeal, and by whom, or out of what property, and in what proportions such costs and the costs in the suit are to be paid.

(*4*) The decree shall be signed and dated by the Judge or Judges who passed it:

**Judge dissenting from judgment need not sign decree.—**Provided that where there are more Judges than one and there is a difference of opinion among them, it shall not be necessary for any Judge dissenting from the judgment of the Court to sign the decree.

**36. Copies of judgment and decree to be furnished to parties.—**Certified copies of the judgment and decree in appeal shall be furnished to the parties on application to the Appellate Court and at their expense.

**37. Certified copy of decree to be sent to Court whose decree appealed from.—**A copy of the judgment and of the decree, certified by the Appellate Court or such officer as it appoints in this behalf, shall be sent to the Court which passed the decree appealed from and shall be filed with the original proceedings in the suit, and an entry of the judgment of the Appellate Court shall be made in the register of civil suits.

## ORDER XLII

### APPEALS FROM APPELLATE DECREES

**1. Procedure.—**The rules of Order XLI shall apply, so far as may be, to appeals from appellate decrees.

[3]**[2. Power of Court to direct that the appeal be heard on the question formulated by it —**At the time of making an order under rule 11 of Order XLI for the hearing of a second appeal, the Court shall formulate the substantial question of law as required by section 100, and in doing so, the Court may direct that the second appeal be heard on the question so formulated and it shall not be open to the appellant to urge any other ground in the appeal without the leave of the Court, given in accordance with the provision of section 100.

**3. Application of rule 14 of Order XLI**.—Reference in sub-rule (*4*) of rule 14 of Order XLI to the Court of first instance shall, in the case of an appeal from an appellate decree or order, be construed as a reference to the Court to which the appeal was preferred from the original decree or order.]

1. Ins. by Act 9 of 1922, s. 4, which under s. 1(*2*) thereof, may be brought into force in any State by the State Government on any specified date. The Act has been brought into force in Bombay, Bengal, U.P., Punjab, Bihar, C.P. Assam, Orissa and Tamil Nadu.
2. This rule is not applicable to the Chief Court of Oudh in the exercise of its appellate Jurisdiction; *see* the Oudh Courts Act, 1925 (U.P. 4 of 1925), s. 16(*3*).
3. Ins. by Act 104 of 1976, s. 88 (w.e.f. 1-2-1977).

## ORDER XLIII

### APPEALS FROM ORDERS

**1. Appeal from orders.**—An appeal shall lie from the following orders under the provisions of section 104, namely: —

(*a*) an order under rule 10 of Order VII returning a plaint to be presented to the proper Court [1][except where the procedure specified in rule 10A of Order VII has been followed];

[2] * * * * *

(*c*) an order under rule 9 of order IX rejecting an application (in a case open to appeal) for an order to set aside the dismissal of a suit;

(*d*) an order under rule 13 of Order IX rejecting an application (in a case open to appeal) for an order to set aside a decree passed *ex parte;*

[2]* * * * *

(*f*) an order under rule 21 of Order XI;

[2]* * * * *

(*i*) an order under rule 34 of Order XXI on an objection to the draft of a document or of an endorsement;

(*j*) an order under rule 72 or rule 92 of Order XXI setting aside or refusing to set aside a sale;

[1][(*ja*) an order rejecting an application made under sub-rule (*1*) of rule 106 of Order XXI, provided that an order on the original application, that is to say, the application referred to in sub-rule (*1*) of rule 105 of that Order is appealable;]

(*k*) an order under rule 9 of Order XXII refusing to set aside the abatement or dismissal of a suit;

(*l*) an order under rule 10 of Order XXII giving or refusing to give leave;

[2]* * * * *

(*n*) an order under rule 2 of Order XXV rejecting an application (in a case open to appeal) for an order to set aside the dismissal of a suit;

[1][(*na*) an order under rule 5 or rule 7 of Order XXXIII rejecting an application for permission to sue as an indigent person;]

[2]* * * * *

(*p*) orders in interpleader-suits under rule 3, rule 4 or rule 6 of Order XXXV;

(*q*) an order under rule 2, rule 3 or rule 6 of order (XXVIII);

(*r*) an order under rule 1, rule 2 [1][rule 2A], rule 4 or rule 10 of Order XXXIX;

(*s*) an order under rule 1, or rule 4 of Order XL;

(*t*) an order of refusal under rule 19 of Order XLI to re-admit, or under rule 21 of Order XLI to re-hear, an appeal;

(*u*) an order under rule 23 [1][or rule 23A] of Order XLI remanding a case, where an appeal would lie from the decree of the Appellate Court;

[2]* * * * *

(*w*) an order under rule 4 of Order XLVII granting an application for review.

1. Ins. by Act 104 of 1976, s. 89 (w.e.f. 1-2-1977).
2. Cls. (*b*), (*e*), (*g*), (*h*), (*m*), (*o*) and (*v*) omitted by s. 89, *ibid,* (w.e.f. 1-2-1977).

[1]**[1A. Right to challenge non-appealable orders in appeal against decrees.—**(*1*) Where any order is made under this Code against a party and thereupon any judgment is pronounced against such party and a decree is drawn up, such party may, in an appeal against the decree, contend that such order should not have been made and the judgment should not have been pronounced.

(*2*) In an appeal against a decree passed in a suit after recording a compromise or refusing to record a compromise, it shall be open to the appellant to contest the decree on the ground that the compromise should, or should not, have been recorded.]

**2. Procedure.—**The rules of Order XLI shall apply, so far as may be, to appeals from orders.

ORDER XLIV

[2][APPEALS BY INDIGENT PERSONS]

**1. Who may appeal [3][as an indigent person]. —**[4][(*1*)] Any person entitled to prefer an appeal, who is unable to pay the fee required for the memorandum of appeal, may present an application accompanied by a memorandum of appeal, and may be allowed to appeal as an [5][indigent person], subject, in all matters, including the presentation of such application, to the provisions relating to suits by [5][indigent persons], in so far as those provisions are applicable.

[6]* * * * *

[7]* * * * *

[8]**[2. Grant of time for payment of court-fee.—**Where an application is rejected under rule 1, the Court may, while rejecting the application, allow the applicant to pay the requisite Court-fee, within such time as may be fixed by the Court or extended by it from time to time; and upon such payment, the memorandum of appeal in respect of which such fee is payable shall have the same force and effect as if such fee had been paid in the first instance.

**3. Inquiry as to whether applicant is an indigent person.—**(*1*) Where an applicant, referred to in rule 1, was allowed to sue or appeal as an indigent person in the Court from whose decree the appeal is preferred, no further inquiry in respect of the question whether or not he is an indigent person shall be necessary if the applicant has made an affidavit stating that he has not ceased to be an indigent person since the date of the decree appealed from; but if the Government Pleader or the respondent disputes the truth of the statement made in such affidavit, an inquiry into the question aforesaid shall be held by the Appellate Court, or, under the orders of the Appellate Court, by an officer of that Court.

(*2*) Where the applicant, referred to in rule 11, is alleged to have become an indigent person since the date of the decree appealed from, the inquiry into the question whether or not he is an indigent person shall be made by the Appellate Court or, under the orders of the Appellate Court, by an officer of that Court unless the Appellate Court considers it necessary in the circumstances of the case that the inquiry should be held by the Court from whose decision the appeal is preferred.]

---

1. Ins. by Act 104 of 1976, s. 89 (w.e.f. 1-2-1977).
2. Subs. by s. 90, *ibid.*, for "pauper appeals" (w.e.f. 1-2-1977).
3. Subs. by s. 90, *ibid.*, for "as pauper" (w.e.f 1-2-1977).
4. Rule 1 re-numbered as sub-rule *(1)* by Act 66 of 1956, s. 14.
5. Subs. by Act 104 of 1976, s. 90, for "pauper" and "paupers" respectively (w.e.f 1-2-1977),
6. Proviso omitted by Act 66 of 1956, s. 14.
7. Sub-rule *(2)* ins. by s. 14, *ibid.* and omitted by Act 104 of 1976, s. 90 (w.e.f 1-2-1977).
8. Subs. by Act 104 of 1976, s. 90, for rule 2 (w.e.f. 1-2-1977).

## ORDER XLV

### APPEALS TO THE [1][SUPREME COURT]

**1. "Decree" defined.**—In this Order, unless there is something repugnant in the subject or context, the expression "decree" shall include a final order.

**2. Application to Court whose decree complained of.**—[2][(*1*)] Whoever desires to appeal [3][the Supreme Court] shall apply by petition to the Court whose decree is complained of.

[4][(*2*) Every petition under sub-rule (*1*) shall be heard as expeditiously as possible and endeavour shall be made to conclude the disposal of the petition within sixty days from the date on which the petition is presented to the Court under sub-rule (*1*).]

**3. Certificate as to value or fitness.** —[5][(*1*) Every petition shall state the grounds of appeal and pray for a certificate—

(*i*) that the case involves a substantial question of law of general importance, and

(*ii*) that in the opinion of the Court the said question needs to be decided by the Supreme Court.]

(*2*) Upon receipt of such petition, the Court shall direct notice to be served on the opposite party to show cause why the said certificate should not be granted.

**4.** [*Consolidation of suits.*] *Rep. by the Code of Civil Procedure (Amendment) Act,* 1973 (49 *of 1973*), *s*. 4 (*w.e.f.* 1-2-1977).

**5.** [*Remission of dispute to Court of first instance.*] *Rep. by s.* 4, ibid. (*w.e.f.* 1-2-1977).

**6. Effect of refusal of certificate.—**Where such certificate is refused, the petition shall be dismissed.

7. **Security and deposit required on grant of certificate.—**(*1*) Where the certificate is granted, the applicant shall, within [6][ninety days or such further period, not exceeding sixty days, as the Court may upon cause shown allow;] from the date of the decree complained of, or within six weeks from the date of the grant of the certificate whichever is the later date,—

(*a*) furnish security [7][in cash or in Government securities] for the costs of the respondent, and

(*b*) deposit the amount required to defray the expense of translating, transcribing indexing [8][printing,] and transmitting to [3][the Supreme Court] a correct copy of the whole record of the suit, except—

(*1*) formal documents directed to be excluded by any [9][Rule of the Supreme Court] in force for the time being;

(*2*) papers which the parties agree to exclude;

1. Subs. by the A.O. 1950, for "King-in-Council".
2. Rule 2 re-numbered as sub-rule (*1*) of that rule by Act 104 of 1976, s. 91 (w.e.f. 1-2-1977).
3. Subs. by the A.O. 1950, for "His Majesty in Council".
4. Ins. by Act 104 of 1976, s. 91 (w.e.f. 1-2-1977).
5. Subs. by Act 49 of 1973, s. 4, for sub-rule (*1*).
6. Subs. by Act 26 of 1920, s. 3, for "six months".
7. Ins. by s. 3, *ibid.*
8. Ins. by the A.O. 1950.
9. Subs., *ibid.*, for "order of His Majesty in Council".

(*3*) accounts, or portions of accounts, which the officer empowered by the Court for that purpose considers unnecessary, and which the parties have not specifically asked to be included; and

(*4*) such other documents as the High Court may direct to be excluded:

[1][Provided that the Court at the time of granting the certificate may, after hearing any opposite party who appears, order on the ground of special hardship that some other form of security may be furnished:

Provided further, that no adjournment shall be granted to an opposite party to contest the nature of such security.]

[2]* * * * *

**8. Admission of appeal and procedure thereon.—**Where such security has been furnished and deposit made to the satisfaction of the Court, the court shall**—**

(*a*) declare the appeal admitted,

(*b*) give notice thereof to the respondent,

(*c*) transmit to [3][the Supreme Court] under the seal of the Court a correct copy of the said record, except as aforesaid, and

(*d*) give to either party one or more authenticated copies of any of the papers in the suit on his applying therefore and paying the reasonable expenses incurred in preparing them.

**9. Revocation of acceptance of security.—**At any time before the admission of the appeal the Court may, upon cause shown, revoke the acceptance of any such security, and make further directions thereon.

[4]**[9A. Power to dispense with notices in case of deceased parties.—**Nothing in these rules requiring any notice to be served on or given to an opposite party or respondent shall be deemed to require any notice to be served on or given to the legal representative of any deceased opposite party or deceased respondent in a case, where such opposite party or respondent did not appear either at the hearing in the Court whose decree is complained of or at any proceedings subsequent to the decree of that Court:

Provided that notices under sub-rule (*2*) of rule 3 and under rule 8 shall be given by affixing the same in some conspicuous place in the court-house of the Judge of the district in which the suit was originally brought, and by publication in such newspapers as the Court may direct.]

**10. Power to order further security or payment.**—Where at any time after the admission of an appeal but before the transmission of the copy of the record, except as aforesaid, to [3][the Supreme Court], such security appears inadequate,

or further payment is required for the purpose of translating, transcribing, printing, indexing or transmitting the copy of the record, except as aforesaid,

the Court may order the appellant to furnish, within a time to be fixed by the Court, other and sufficient security, or to make, within like time, the required payment.

**11. Effect of failure to comply with order.—**Where the appellant fails to comply with such order, the proceedings shall be stayed,

and the appeal shall not proceed without an order in this behalf of, [3][the Supreme Court],

and in the meantime execution of the decree appealed from shall not be stayed.

---

1. Added by Act 26 of 1920, s. 3.
2. Sub-rule (*2*) omitted by the A.O. 1950.
3. Subs. by the A.O. 1950, for "his Majesty in Council".
4. Ins. by Act 26 of 1920, s. 4.

**12. Refund of balance deposit.**—When the copy of the record, except as aforesaid, has been transmitted to [1][the Supreme Court], the appellant may obtain a refund of the balance (if any) of the amount which he has deposited under rule 7.

**13. Powers of Court pending appeal**.—(*1*) Notwithstanding the grant of a certificate for the admission of any appeal, the decree appealed from shall be unconditionally executed, unless the Court otherwise directs.

(*2*) The Court may, if it thinks fit, on special cause shown by any party interested in the suit, or otherwise appearing to the Court,—

(*a*) impound any movable property in dispute or any part thereof, or

(*b*) allow the decree appealed from to be executed, taking such security from the respondent as the Court thinks fit for the due performance of any order which [1][the Supreme Court] may make on the appeal, or

(*c*) stay the execution of the decree appealed from, taking such security from the appellant as the Court thinks fit for the due performance of the decree appealed from, or of [2][any decree or order] which [1][the Supreme Court] may make on the appeal, or

(*d*) place any party seeking the assistance of the Court under such conditions or give such other direction respecting the subject-matter of the appeal, as it thinks fit, by the appointment of a receiver or otherwise.

**14. Increase of security found inadequate**.—(*1*) Where at any time during the pendency of the appeal the security furnished by either party appears inadequate, the Court may, on the application of the other party, require further security.

(*2*) In default of such further security being furnished as required by the Court,—

(*a*) if the original security was furnished by the appellant, the Court may, on the application of the respondent, execute the decree, appealed from as if the appellant had furnished no such security:

(*b*) if the original security was furnished by the respondent, the Court shall, so far as may be practicable, stay the further execution of the decree, and restore the parties to the position in which they respectively were when the security which appears inadequate was furnished, or give such direction respecting the subject-matter of the appeal as it thinks fit.

**15. Procedure to enforce orders of the Supreme Court**.—(*1*) Whoever desires to obtain execution of [2][any decree or order] of [1][the Supreme Court] shall apply by petition, accompanied by a certified copy of the decree passed or order made in appeal and sought to be executed, to the Court from which the appeal to [3][the Supreme Court] was preferred.

(*2*) Such Court shall transmit the [4][decree or order] of [1][the Supreme Court] to the Court which passed the first decree appealed from, or to such other Court as [1][the Supreme Court] by such [4][decree or order] may direct and shall (upon the application of either party) give such directions as may be required for the execution of the same; and the Court to which the said [4][decree or order] is so transmitted shall execute it accordingly, in the manner and according to the provisions applicable to the execution of its original decrees.

[5]* * * * *

1. Subs., by the A.O. 1950, for "His Majesty in Council".
2. Subs., *ibid.,* for "any order".
3. Subs., *ibid*., for "His Majesty".
4. Subs., *ibid.,* for "order".
5. Sub-rule (*3*) omitted by the A.O. 1950.

[1][(*4*) [2][Unless the Supreme Court otherwise directs, no decree or order of that Court] shall be inoperative on the ground that no notice has been served on or given to the legal representative of any deceased opposite party or deceased respondent in a case, where such opposite party or respondent did not appear either at the hearing in the Court whose decree was complained of or at any proceedings subsequent to the decree of that Court, but such order shall have the same force and effect as if it had been made before the death took place.]

**16. Appeal from order relating to execution.—**The orders made by the Court which executes the [3][decree or order] of [4][the Supreme Court], relating to such execution, shall be appealable in the same manner and subject to the same rules as the orders of such Court relating to the execution of its own decrees.

**17. [*Appeals to Federal Court.*]** *Rep. by the Federal Act,* 1941 (21 *of* 1941), *s.* 2.

## ORDER XLVI

### REFERENCE

**1. Reference of question to High Court.—**Where, before or on the hearing of a suit or an appeal in which the decree is not subject to appeal, or where, in the execution of any such decree, any question of law or usage having the force of law arises, on which the Court trying the suit or appeal, or executing the decree, entertains reasonable doubt, the Court may, either of its own motion or on the application of any of the parties, draw up a statement of the facts of the case and the point on which doubt is entertained, and refer such statement with its own opinion on the point for the decision of the High Court.

**2. Court may pass decree contingent upon decision of High Court.—**The Court may either stay the proceedings or proceed in the case notwithstanding such reference, and may pass a decree or make an order contingent upon the decision of the High Court on the point referred:

But no decree or order shall be executed in any case in which such reference is made until the receipt of a copy of the judgment of the High Court upon the reference.

**3. Judgment of High Court to be transmitted and case disposed of accordingly.—**The High Court, after hearing the parties if they appear and desire to be heard, shall decide the point so referred, and shall transmit a copy of its judgment, under the signature of the Registrar, to the Court by which the reference was made; and such Court shall, on the receipt thereof, proceed to dispose of the case in conformity with the decision of the High Court.

**4. Cost of reference to High Court.—**The costs (if any) consequent on a reference for the decision of the High Court shall be costs in the case.

[5]**[4A. Reference to High Court under proviso to section 113.—**The provisions of rules 2, 3 and 4 shall apply to any reference by the Court under the proviso to section 113 as they apply to a reference under rule 1; and]

**5. Power to alter, etc., decree of Court making reference.—**Where a case is referred to the High Court under rule [5][or under the proviso to section 113], the High Court may return the case for amendment, and may alter, cancel or set aside any decree or order which the Court making the reference has passed or made in the case out of which the reference arose, and make such order as it thinks fit.

---

1. Ins. by Act 26 of 1920, s. 5.
2. Subs. by the A.O. 1950, for "Unless His Majesty in Council is pleased otherwise to direct, no order of His Majesty in Council".
3. Subs., *ibid*., for "order".
4. Subs., *ibid.,* for "His Majesty in Council".
5. Ins. by Act 24 of 1951, s. 2.

**6. Power to refer to High Court questions as to jurisdiction in small causes.—**(*1*) Where at any time before judgment a Court in which a suit has been instituted doubts whether the suit is cognizable by a Court of Small Causes or is not so cognizable, it may submit the record to the High Court with a statement of its reasons for the doubt as to the nature of the suit.

(*2*) On receiving the record and statement, the High Court may order the Court either to proceed with the suit or to return the plaint for presentation to such other Court as it may in its order declare to be competent to take cognizance of the suit.

**7. Power to District Court to submit for revision proceeding had under mistake as to jurisdiction in small causes.—**(*1*) Where it appears to a District Court that a Court subordinate thereto has, by reason of erroneously holding a suit to be cognizable by a Court of Small Causes or not to be so cognizable, failed to exercise a jurisdiction vested in it by law, or exercised a jurisdiction not so vested, the District Court may, and if required by a party shall, submit the record to the High Court with a statement of its reasons for considering the opinion of the Subordinate Court with respect to the nature of the suit to be erroneous.

(*2*) On receiving the record and statement the High Court may make such order in the case as it thinks fit.

(*3*) With respect to any proceedings subsequent to decree in any case submitted to the High Court under this rule, the High Court may make such order as in the circumstance appears to it to be just and proper.

(*4*) A Court subordinate to a District Court shall comply with any requisition which the District Court may make for any record or information for the purposes of this rule.

## ORDER XLVII
### REVIEW

**1. Application for review of judgment.—**(*1*) Any person considering himself aggrieved—

(*a*) by a decree or order from which an appeal is allowed, but from which no appeal has been preferred,

(*b*) by a decree or order from which no appeal is allowed, or

(*c*) by a decision on a reference from a Court of Small Causes,

and who, from the discovery of new and important matter or evidence which, after the exercise of due diligence was not within his knowledge or could not be produced by him at the time when the decree was passed or order made, or on account of some mistake or error apparent on the face of the record or for any other sufficient reason, desires to obtain a review of the decree passed or order made against him, may apply for a review of judgment to the Court which passed the decree or made the order.

(*2*) A party who is not appealing from a decree or order may apply for a review of judgment notwithstanding the pendency of an appeal by some other party except where the ground of such appeal is common to the applicant and the appellant, or when, being respondent, he can present to the Appellate Court the case on which he applied for the review.

[1][*Explanation*.—The fact that the decision on a question of law on which the judgment of the Court is based has been reversed or modified by the subsequent decision of a superior Court in any other case, shall not be a ground for the review of such judgment.]

**2. [To whom applications for review may be made**.]—*Rep. by the Code of Civil Procedure* (*Amendment*) *Act*, 1956 (66 *of* 1956) *s.* 14.

**3. Form of applications for review.—**The provisions as to the form of preferring appeals shall apply, *mutatis mutandis*, to applications for review.

**4**. **Application where rejected.—**(*1*) Where it appears to the Court that there is not sufficient ground for a review, it shall reject the application.

1. Ins. by Act 104 of 1976, s. 92 (w.e.f. 1-2-1977).

(*2*) **Application where granted.—**Where the Court is of opinion that the application for review should be granted, it shall grant the same:

Provided that—

(*a*) no such application shall be granted without previous notice to the opposite party, to enable him to appear and be heard in support of the decree or order, a review of which is applied for; and

(*b*) no such application shall be granted on the ground of discovery of new matter or evidence which the applicant alleges was not within his knowledge, or could not be adduced by him when the decree or order was passed or made, without strict proof of such allegation.

**5. Application for review in Court consisting of two or more Judges.—**Where the Judge or Judges, or any one of the Judges, who passed the decree or made the order a review of which is applied for, continues or continued attached to the Court at the time when the application for a review is presented, and is not or not precluded by absence or other cause for a period of six months next after the application from considering the decree or order to which the application refers, such Judge or Judges or any of them shall hear the application, and no other Judge or Judges of the Court shall hear the same.

**6. Application where rejected.—**(*1*) Where the application for a review is heard by more than one Judge and the Court is equally divided, the application shall be rejected.

(*2*) Where there is a majority, the decision shall be according to the opinion of the majority.

**7. Order of rejection not appealable. Objections to order granting application.—**[1][(*1*) An order of the Court rejecting the application shall not be appealable; but an order granting an application may be objected to at once by an appeal from the order granting the application or in an appeal from the decree or order finally passed or made in the suit.]

(*2*) Where the application has been rejected in consequence of the failure of the applicant to appear, he may apply for an order to have the rejected application restored to the file, and, where it is proved to the satisfaction of the Court that he was prevented by any sufficient cause from appearing which such application was called on for hearing, the Court shall order it to be restored to the file upon such terms as to costs or otherwise as it thinks fit, and shall appoint a day for hearing the same.

(*3*) No order shall be made under sub-rule (*2*) unless notice of the application has been served on the opposite party.

**8. Registry of application granted, and order for re-hearings.—**When an application for review is granted, a note thereof shall be made in the register and the Court may at once re-hear the case or make such order in regard to the re-hearing as it thinks fit.

**9. Bar of certain application.—**No application to review an order made on an application for a review or a decree or order passed or made on a review shall be entertained.

## ORDER XLVIII
### MISCELLANEOUS

**1. Process to be served at expense of party issuing.—**(*1*) Every process issued under this Code shall be served at the expense of the party on whose behalf it is issued, unless the Court otherwise directs.

(*2*) **Costs of service.—**The court-fee chargeable for such service shall be paid within a time to be fixed-before the process is issued.

2. **Orders and notices how served.—**All orders, notices and other documents required by this Code to be given to or served on any person shall be served in the manner provided for the service of summons.

1. Subs. by Act 104 of 1976, s. 92, for sub-rule (*1*) (w.e.f. 1-2-1977).

**3. Use of forms in appendices.—**The Forms given in the appendices, with such variation as the circumstances or each case may require, shall be used for the purposes therein mentioned.

## ORDER XLIX

### CHARTERED HIGH COURTS

**1. Who may serve processes of High Court.—**Notice to produce documents, summonses to witnesses, and every other judical process, issued in the exercise of the original civil jurisdiction of the High Court, and of its matrimonial, testamentary and intestate jurisdictions, except summonses to defendants, writs of execution and notices to respondents may be served by the attorneys in the suits, or by persons employed by them, or by such other persons as the High Court, by any rule or order, directs.

**2. Saving in respect of Chartered High Courts.—**Nothing in this Schedule shall be deemed to limit or otherwise affect any rules in force at the commencement of this Code for the taking of evidence or the recording of judgments and orders by a Chartered High Court.

**3. Application of rules.—**The following rules shall not apply to any Chartered High Court in the exercise of its ordinary or extraordinary original civil jurisdiction, namely:—

(*1*) rule 10 and rule 11, clauses *(b)* and *(c),* of Order VII;

(*2*) rule 3 of Order X;

(*3*) rule 2 of Order XVI;

(*4*) rules 5, 6, 8, 9, 10, 11**,** 13, 14, 15 and 16 (so far as relates to the manner of taking evidence) of Order XVIII;

(*5*) rule 1 to 8 of Order XX; and

(*6*) rule 7 of Order XXXIII (so far as relates to the making of a memorandum);

and rule 35 of Order XLI shall not apply to any such High Court in the exercise of its appellate jurisdiction.

## ORDER L

### PROVINCIAL SMALL CAUSE COURTS

**1. Provincial Small Cause Courts.—**The provisions hereinafter specified shall not extend to Court constituted under the Provincial Small Cause Courts Act 1887 (9 of 1887) [1][or under the Berar Small Cause Courts Law, 1905] or to Courts exercising the jurisdiction of a Court of Small Causes [2][under the said Act or Law] [3][or to Courts in [4][any part of India to which the said Act does not extend] exercising a corresponding jurisdiction that is to say—

(*a*) so much of this Schedule as relates to—

(*i*) suits excepted from the cognizance of a Court of Small Causes or the execution of decrees in such suits;

(*ii*) the execution of decrees against immovable property or the interest of a partner in partnership property;

(*iii*) the settlement of issues; and

(*b*) the following rules and orders:—

Order II, rule 1 (frame of suit);

Order X, rule 3 (record of examination of parties);

1. Ins. by Act 4 of 1941, s. 2, and the Third Sch.
2. Subs. by s. 2, and the Third Sch. *ibid.,* for “under that Act”.
3. Ins. by Act 2 of 1951, s. 18.
4. Subs. by the Adaptation of Laws (No. 2) Order, 1956, for “Part B States”.

Order XV, except so much of rule 4 as provides for the pronouncement at once of judgment;

Order XVIII, rule 5 to 12 (evidence);

Order XLI, to XLV (appeals);

Order XLVII, rules 2, 3, 5, 6, 7 (review);

Order LI.

## ORDER LI

### PRESIDENCY SMALL CAUSE COURTS

**1. Presidency Small Cause Courts.**—Save as provided in rules 22 and 23 of Order V, rules 4 and 7 of Order XXI, and rule 4 of Order XXVI, and by the Presidency Small Cause Courts Act, 1882 (15 of 1882), this Schedule shall not extend to any suit or proceeding in any Court of Small Causes established in the towns of Calcutta, Madras and Bombay.

# APPENDIX A

## PLEADINGS

### (1) *Titles of Suits*

IN THE COURT OF . ..........................................................................................

*A.B.* (*add description and residence*)........................................................................... *Plaintiff*

*against*

*C.D. (add description and residence)* ..................................................................... *Defendant*

(2) *Description of parties in particular Cases*

[1][The Union of India or the State of…………………….., as the case may be.]

The Advocate General of ____________________

The Collector of ____________________

The State of ____________________

The *A. B.* Company, Limited having its registered office at

*A. B.,* a public officer of the *C. D.* Company.

*A. B. (add description and residence)*, on behalf of himself and all other creditors of *C. D.* late of *(add description and residence)*

*A. B. (add description and residence)*, on behalf of himself and all other holders of debentures issued by the Company limited.

The Official Receiver.

*A. B.* a minor *(add description and residence),*by *C. D.* [or by the Court of Wards], his next friend.

*A. B. (add description and residence),* a person of unsound mind [or of weak mind], by. *C. D.* his next friend.

*A. B.* a firm carrying on business in partnership at

*A. (add description and residence)*, by his constituted attorney *C. D. (add description and residence*).

*A. B. (add description and residence),* Shebait of Thakur.

*A. B. (add description and residence*), executor of *C. D.* deceased.

*A. B. (add description and residence*), heir of *C. D.* deceased.

1. Subs. by the A. O. 1950, for "The Secretary of State or the Federation of India or the Province of……………., as the case may be".

*(3) Plaints*

**No. 1**

MONEY LENT

(*Title*)

*A. B.,* the above named plaintiff, states as follows:—

1. On the……………………………day of……….20……………, he lent the defendant ……..rupees repayable on the……………………day of………………………………….

2. The defendant has not paid the same, except………….rupees paid on the………day of……….20………….

[*If the plaintiff claims exemption from any law of limitation, say:*—]

3. The plaintiff was a minor [or insane] from the…………………..day of…………………… till the……………day of………………….. .

4. [*Facts showing when the cause of action arose and that the Court has jurisdiction.*]

5. The Value of the subject-matter of the suit for the purpose of jurisdiction is …….rupees and for the purpose of court-fees is…………rupees.

6. The plaintiff claims………..rupees, with interest at………………per cent. from the……day of …………20…………

**No. 2**

MONEY OVERPAID

(*Title*)

*A. B.,* the above named plaintiff, states as follows:—

1. On the………………day of…………..20……, the plaintiff agreed to buy and the defendant agreed to sell………….bars of silver at………..annas per tola of fine silver.

2. The plaintiff procured the said bars to be assayed by *E.F,* who was paid by the defendant for such assay, and *E.F* declared each of the bars to contain 1,500 tolas of fine silver, and the plaintiff accordingly the defendant………… rupees.

3. Each of the said bars contained only 1,200 tolas of fine silver, of which fact the plaintiff was ignorant when he made the payment.

4. The defendant has not repaid the sum so overpaid.

[*As in paras 4 and 5 of Form No. 1, and Relief claimed.*]

**No. 3**

GOODS SOLD AT A FIXED PRICE AND DELIVERED

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the………………day of………..20……., *E. F.* sold and delivered to the defendant [one hundred barrels of flour, *or* the goods mentioned in the schedule hereto annexed. *or* sundry goods.]

2. The defendant promised to pay………….. rupees for the said goods on delivery [*or* on the……… day of…………*some day before the plaint was filed*].

3. He has not paid the same.

4. *E. F.* died on the…………..day of.....20………By his last will he appointed his brother, the plaintiff, his executor.

[*As in paras 4 and 5 of Form No. 1,*]

7. The plaintiff as executor of *E.F. claims* [*Relief Claimed*].

**No. 4**

GOODS SOLD AT A REASONABLE PRICE AND DELIVERED

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the…………..day of…………..……20………, plaintiff sold and delivered to the defendant [sundry articles of house-furniture], but no express agreement was made as to the price.

2. The goods were reasonably worth …………..rupees.

3. The defendant has not paid the money.

[*As in paras 4 and 5 of Form No. 1, and relief claimed*]

**No. 5**

GOODS MADE AT DEPENDANT'S REQUEST, AND NOT ACCEPTED

(*Title*)

*A. B*., the above named plaintiff, states as follows:—

1. On the…………day of……………..20……….., *E.F.* agreed with the plaintiff that the plaintiff should make for him [*six tables and fifty chairs*] and that *E.F* should pay for the goods on delivery……….rupees.

2. The plaintiff made the goods, and on the……………day of……………20………., offered to deliver them to *E.F*., and has ever since been ready and willing so to do.

3. *E.F*. has not accepted the goods or paid for them.

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

**No. 6**

DEFICIENCY UPON A RE-SALE [GOODS SOLD AT AUCTION]

(*Title*)

*A. B*., the above named plaintiff, states as follows:—

1. On the…………day of……………..20……….., the plaintiff put up at auction sundry [goods], subject to the condition that all goods not paid for and removed by the purchaser within [*ten days*] after the sale should be re-sold by auction on his account, of which condition the defendant had notice.

2. The defendant purchased [*one crate of crockery*] at the auction at the price of…… rupees.

3. The plaintiff was ready and willing to deliver the goods to the defendant on the date of the sale and for [*ten days*] after.

4. The defenant did not take away the goods purchased by him, nor pay for them within [*ten days*] after the sale, nor afterwards.

5. On the……………day of…………20……, the plaintiff re-sold the [*crate of crockery*], on account of the defendant, by public auction, for………..rupees.

6. The expenses attendant upon such re-sale amounted to……..rupees.

7. The defendant has not paid the deficiency thus arising, amounting to rupees.
[*As in paras 4 and 5 of Form No. I, and Relief claimed.*]

**No. 7**

SERVICES AT A REASONABLE RATE

(*Title*)

*A. B.,* the above named plaintiff, states as follows:—

1. Between the……………. day of……………….….20………. , and the……… day of………… ……20……at……………, plaintiff [*executed sundry drawings, designs and diagrams*] for the defendant, at his request; but no express agreement was made as to the sum to be paid for such services.

2. The services were reasonably worth………rupees.

3. The defendant has not paid the money.

[*As in paras 4 and 5 of Form No. 1, and Relief claimed.*]

**No. 8**

SERVICES AND MATERIALS AT A REASONABLE COST

(*Title*)

*A. B.,* the above named plaintiff, states as follows:—

1. On the…………..day of……………..…20………, at……………. the plaintiff built a house [known as No. ………………, in…..], and furnished the materials therefor, for the defendant, at his request, but no express agreement was made as to the amount to be paid for such work and materials.

2. The work done and materials supplied were reasonably worth…… rupees.

3. The defendant has not paid the money.

[*As in paras 4 and 5 of Form No. 1, and Relief claimed.*]

**No. 9**

USE AND OCCUPATION

(*Title*)

*A. B.,* the above-named plaintiff, executor of the will of *X. Y.,* deceased, states as follows:—

1. That the defendant occupied the [house No……...,……...…..Street], by permission of the said *X.Y,* from the…….day of………………..…20…..............., until the day of…………..20….., and no agreement was made as to payment for the use of the said premises.

2. That the use of the said premises for the said period was reasonably worth rupees.

3. The defendant has not paid the money.
[*As in paras 4 and 5 of Form No. I.*]

4. The plaintiff as executor of X Y, claims [*relief claimed*].

**No. 10**

ON AN AWARD

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the…….day of…………20…, the plaintiff and defendant, having a difference between them concerning [a demand of the plaintiff for the price of ten barrels of oil which the defendant refused to pay]; agreed in writing to submit the difference to the arbitration of *E. F* and *G. H.* and the original document is annexed hereto.

2. On the…………. ….day of……………………20….., the arbitrators awarded that the defendant should [pay the plaintiff rupees].

3. The defendant has not paid the money.

[*As in paras 4 and 5 of Form No. 1 and relief claimed.*]

### No. 11

ON A FOREIGN JUDGMENT

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the…………day of…………20……., at…….in the State [or Kingdom] of….., the….. Court of that State [or Kingdom,] in a suit therein pending between the plaintiff and the defendant, duly adjudged that the defendant should pay to the plaintiff…………………………rupees, with interest from the said date.

2. The defendant has not paid the money.

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

### No. 12

AGAINST SURETY FOR PAYMENT OF RENT

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the……….day of……………20..., *E. F.* hired from the plaintiff for the term of……..years, the [house No……………., ………………street], at the annual rent of………rupees, payable [monthly].

2. The defendant agreed, in consideration of the letting of the premises to *E.F,* to gurantee the punctual payment of the rent.

3. The rent for the month of ………20……….., amounting to………………………..rupees, has not been paid.

[*If, by the terms of the agreement, notice is required to be given to the surety, add:*—]

4. On the………………….day of…………..19…….., the plaintiff gave notice to the defendant of the non-payment of the rent, and demanded payment thereof.

5. The defendant has not paid the same.

[*As in paras. 4 and 5 of Form No. I, and relief claimed.*]

### No. 13

BREACH OF AGREEMENT TO PURCHASE LAND

(*Title*)

A. *B.,* the above-named plaintiff, states as follows:—

1. On the……………day of………20….., the plaintiff and defendant entered into an agreement, and the Original document is hereto annexed.

[*Or,* on the…………day of………………20…….., the plaintiff and defendant mutually agreed that the plaintiff should sell to the defendant and that the defendant should purchase from the plaintiff forty bighas of land in the village of……….for……. rupees.]

2. On the………… day of……………..…20..….., the plaintiff, being then the absolute owner of the property [and the same being free from all incumbrances, as was made to appear to the defendant], tendered to the defendant a sufficient instrument of transfer of the same [*or,* was ready and willing, and is still ready and willing, and offered, to transfer the same to the defendant by a sufficient instrument] on the payment by the defendant of the money agreed upon.

3. The defendant has not paid the money.

[*As in paras. 4 and 5 of Form No. I, and relief claimed.*]

**No. 14**

NOT DELIVERING GOODS SOLD

(*Title*)

A. *B.,* the above-named plaintiff, states as follows:—

1. On the……………day of…………20….., the plaintiff and defendant mutually agreed that the defendant should deliver [one hundred barrels of flour] to the plaintiff on the…………..day of……........…20..……., and that the plaintiff should pay there for…….. rupees on delivery.

2. On the [said] day the plaintiff was ready and willing, and offered, to pay the defendant the said sum upon delivery of the goods.

3. The defendant has not delivered the goods, and the plaintiff has been deprived of the profits which would have accrued to him from such delivery.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 15**

WRONGFUL DISMISSAL

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the……………day of…………20...……, the plaintiff and defendant mutually agreed that the plaintiff should serve the defendant as [an accountant, *or* in the capacity of foreman, *or as the case may be*], and that the defendant should employ the plaintiff as such for the term of [one year] and pay him for his services………rupees [monthly].

2. On the…………..day of……….……20..……., the plaintiff entered upon the service of the defendant and has ever since been, and still is, ready and willing to continue in such service during the remainder of the said year whereof the defendant always has had notice.

3. On the…….day of……….……20...……., the defendant wrongfully discharged the plaintiff, and refused to permit him to serve as aforesaid, or to pay him for his services.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 16**

BREACH OF CONTRACT TO SERVE

(*Title*)

A. *B.,* the above-named plaintiff, states as follows:—

1. On the………day of…………..…20……, the plaintiff and defendant mutually agreed that the plaintiff should employ the defendant at as [annual] salary of…..rupees, and that the defendant should serve the plaintiff as [an artist] for the term of [one year].

2. The plaintiff has always been ready and willing to perform his part of the agreement [and on the day of…….……20…..…., offered so to do].

3. The defendant (entered upon) the service of the plaintiff on the above-mentioned day, but afterwards, on the………day of…………..…20..……, he refused to serve the plaintiff as aforesaid.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 17**

AGAINST A BUILDER FOR DEFECTIVE WORKMANSHIP

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the…………day of……….……20….., the plaintiff and defendant entered into an agreement, and the original document is hereto annexed. [*Or state the tenor of the contract.*]

[2. The plaintiff duly performed all the conditions of the agreement on his part.]

3. The defendant [built the house referred to in the agreement in a bad and unworkman like manner].

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

**No. 18**

ON A BOND FOR THE FIDELITY OF A CLERK

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the………day of…….……20…........ , the plaintiff took *E.F.* into his employment as a clerk.

2. In consideration thereof, on the………day of…….……20………, the defendant agreed with plaintiff that if *E.F.* should not faithfully perform his duties as a clerk to the plaintiff, or should fail to account to the plaintiff for all monies, evidences of debt or other property received by him for the use of the plaintiff, the defendant would pay to the plaintiff whatever loss he might sustain by reason thereof, not exceeding…rupees.

[*Or,* 2. In consideration thereof, the defendant by his bond of the same date bound himself to pay the plaintiff the penal sum of………rupees, subjects to the condition that if *E.F.* should faithfully perform his duties as clerk and cashier to the plaintiff and should justly account to the plaintiff for all monies, evidences of debt or other property which should be at any time held by him in trust for the plaintiff, the bond should be void.]

[*Or* 2. In consideration thereof, on the same date the defendant executed a bond in favour of the plaintiff, and the original document is hereto annexed.]

3. Between the………..day of………..…20...……, and the…………………..day of ………20......, *E.F.* received money and other property, amounting to the value of………rupees, for the use of the plaintiff, for which sum he has not accounted to him, and the same still remains due and unpaid.

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

**No. 19**

BY TENANT AGAINST LANDLORD, WITH SPECIAL DAMAGE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the……day of………20..…., the defendant, by a registered instrument, let to the plaintiff [the house No……..Street] for the term of……..years, contracting with the plaintiff, that he, the plaintiff, and his legal representatives should quietly enjoy possession thereof for the said term.

2. All conditions were fulfilled and all things happened necessary to entitle the plaintiff to maintain this suit.

3. On the………..day of…………20...…., during the said term, *E.F.* who was the lawful owner of the said house, lawfully evicted the plaintiff therefrom, and still withholds the possession thereof from him.

4. The plaintiff was thereby [prevented from continuing the business of a tailor at the said place, was compelled to expend……..rupees in moving, and lost the custom of *G.H. and I.J* by such removal].

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

## No. 20

ON AN AGREEMENT OF INDEMNITY

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the.............day of......................20….., the plaintiff and defendant, being partners in trade under the style of *A. B.* and *C.D.,* dissolved the partnership, and mutually agreed that the defendant should take and keep all the partnership property, pay all debts of the firm and indemnify the plaintiff against all claims that might be made upon him on account of any indebtedness of the firm.

2. The plaintiff duly performed all the conditions of the agreement on his part.

3. On the............. day of....................20…….., [a judgment was recovered against the plaintiff and defendant by *E.F.,* in the High Court of Judicature at......., upon a debt due from the firm to *E.F.,* and on the day of................20…..,] the plaintiff paid.........rupees [in satisfaction of the same].

4. The defendant has not paid the same to the plaintiff.

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

## No. 21

PROCURING PROPERTY BY FRAUD

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the..............day of ..................20….., the defendant, for the purpose of inducing the plaintiff to sell him certain goods, represented to the plaintiff that [he, the defendant, was solvent, and worth...........rupees over all his liabilities].

2. The plaintiff was thereby induced to sell [and deliver] to the defendant, [dry goods] of the value of.......................rupees.

3. The said representations were false [*or state the particular falsehoods*] and were then known by the defendant to be so.

4. The defendant has not paid for the goods, [*Or, if the goods were not delivered.*] The plaintiff, in preparing and shipping the goods and procuring their restoration, expended.............rupees.

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

## No. 22

FRAUDULENTLY PROCURING CREDIT TO BE GIVEN TO ANOTHER PERSON

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the..........day of................20…….., the defendant, represented to the plaintiff that *E.F.,* was solvent and in good credit, and worth................rupees over all his liabilities [or that *E.F,* then held a responsible situation and was in good circumstances, and might safely be trusted with goods on credit].

2. The plaintiff was thereby induced to sell to *E.F.,* (rice) of the value of........ rupees [on.........months credit].

3. The said representations were false and were then known by the defendant to be so, and were made by him with intent to deceive and defraud the plaintiff [*or* to deceive and injure the plaintiff].

4. *E.F,* [did not pay for the said goods at the expiration of the credit aforesaid, *or*] has not paid for the said rice, and the plaintiff has wholly lost the same.

[*As in paras. 4 and 5 of Form No. 1, and Relief claimed.*]

## No. 23

POLLUTING THE WATER UNDER THE PLAINTIFF'S LAND

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is, and at all the times hereinafter mentioned was, possessed of certain lands called..........and situate in...........and of a well therein, and of water in the well, and was entitled to the use and benefit of the well and of the water therein, and to have certain springs and streams of water which flowed and ran into the well to supply the same to flow or run without being fouled or polluted.

2. On the...........day of ...........20.........., the defendant wrongfully fouled and polluted the well and the water therein and the springs and streams of water which flowed into the well.

3. In consequence the water in the well became impure and unfit for domestic and other necessary purposes, and the plaintiff and his family are deprived of the use and benefit of the well and water.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

## No. 24

CARRYING ON A NOXIOUS MANUFACTURE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is, and at all the times hereinafter mentioned was, possessed of certain lands called..........situate in...................

2. Ever since the................. day of....................20....., the defendant has wrongfully caused to issue from certain smelting works carried on by the defendant large quantities of offensive and unwholesome smoke and other vapours and noxious matter, which spread themselves over and upon the said lands, and corrupted the air, and settled on the surface of the lands.

3. Thereby the trees, hedges, herbage and crops of the plaintiff growing on the lands were damaged and deteriorated in value, and the cattle and live-stocks of the plaintiff on the lands became unhealthy, and many of them were poisoned and died.

4. The plaintiff was unable to graze the lands with cattle and sheep as he otherwise might have done, and was obliged to remove his cattle, sheep and farming stock therefrom, and has been prevented from having so beneficial and healthy a use and occupation of the lands as he otherwise would have had.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

## No. 25

OBSTRUCTING A RIGHT OF WAY

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is, and at the time hereinafter mentioned was, possessed of [a house in the village of ................].

2. He was entitled to a right of way from the [house] over a certain field to a public highway and back again from the highway over the field to the house, for himself and his servants [with vehicles, or on foot] at all times of the year.

3. On the................day of.......................20.........., defendant wrongfully obstructed the said way, so that the plaintiff could not pass [with vehicles, or on foot, or in any manner] along the way [and has ever since wrongfully obstructed the same].

4. (*State special damage, if any*).

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 26**

OBSTRUCTING A HIGHWAY

(*Title*)

1. The defendant wrongfully dug a trench and heaped up earth and stones in the public highway leading from..................to......... so as to obstruct it.

2. Thereby the plaintiff, while lawfully passing along the said highway, fell over the said earth and stones, [*or* into the said trench] and broke his arm, and suffered great pain, and was prevented from attending to his business for a long time, and incurred expense for medical attendance.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 27**

DIVERTING A WATER-COURSE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is, and at the time hereinafter mentioned was, possessed of a mill situated on a [stream] known as the......... , in the village of.......... , district of.........

2. By reason of such possession the plaintiff was entitled to the flow of the stream for working the mill.

3. On the...................... day of...............20......, the defendant, by cutting the bank of the stream, wrongfully diverted the water thereof, so that less water ran into the plaintiff's mill.

4. By reason thereof the plaintiff has been unable to grind more than....... sacks per day, whereas, before the said diversion of water, he was able to grind......sacks per day.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 28**

OBSTRUCTING A RIGHT TO USE WATER FOR IRRIGATION

*(Title)*

A. *B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is, and was at the times hereinafter mentioned was, possessed of certain lands situate, etc., and entitled to take and use a portion of the water of a certain stream for irrigating the said lands.

2. On the................day of......................20.........., the defendant prevented the plaintiff from taking and using the said portion of the said water as aforesaid, by wrongfully obstructing and diverting the said stream.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 29**

INJURIES CAUSED BY NEGLIGENCE ON A RAILROAD

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the........... day of............20........., the defendants were common carriers of passengers by railway between............ and ..................

2. On that day the plaintiff was a passenger in one of the carriages of the defendants on the said railway.

3. While he was such passenger, at.............. [or near the station of................ or between the stations of .................. and .................], a collision occurred on the said railway caused by the negligence and unskilfulness of the defendants' servants, whereby the plaintiff was much injured [having his leg broken, his head cut, etc., *and state the special damage, if any, as*], and incurred expense for medical attendance and is permanently disabled from carrying on his former business as [a salesman].

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

[*Or thus:*—*2.* On that day the defendants by their servants so negligently and unskillfully drove and managed an engine and a train of carriages attached thereto upon and along the defendant's railway which the plaintiff was then lawfully crossing that the said engine and train were driven and struck against the plaintiff, whereby, etc., *as in para.* 3].

**No. 30**

INJURIES CAUSED IN NEGLIGENT DRIVING

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is a shoemaker, carrying on business at **...........**the defendant is a merchant of …………………….

2. On the ………… day of …………………20………, the plaintiff was walking southward along Chowringhee, in the City of Calcutta, at about 3 o'clock in the afternoon. He was obliged to cross Middleton Street, which is a street running into Chowringhee at right angles. While he was crossing this street, and just before he could reach the foot pavement on the further side thereof, a carriage of the defendant's, drawn by two horses under the charge and control of the defendant's servants, was negligently, suddenly and without any warning turned at a rapid and dangerous pace out of Middleton Street into Chowringhee. The pole of the carriage struck the plaintiff and knocked him down, and he was much trampled by the horses.

3. By the blow and fall and trampling the plaintiff's left arm was broken and he was bruised and injured on the side and back, as well as internally, and in consequence thereof the plaintiff was for four months ill and in suffering, and unable to attend to his business, and incurred heavy medical and other expenses, and sustained great loss of business and profits.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed.*]

**No. 31**

FOR MALICIOUS PROSECUTION

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the ………….. day of ………………..…20.....……, the defendant obtained a warrant of arrest from …….…… [a Magistrate of the said city, *or as the case may be*] on a charge of ……….., and the plaintiff was arrested thereon, and imprisoned for ……………. [days, *or* hours, and gave bail in the sum of …………… rupees to obtain his release].

2. In so doing the defendant acted maliciously and without reasonable or probable cause.

3. On the …………….. day of ……………….20……., the Magistrate dismissed the complaint of the defendant and acquitted the plaintiff.

4. Many persons, whose names are unknown to the plaintiff, hearing of the arrest, and supposing the plaintiff to be a criminal, have ceased to do business with him; *or* in consequence of the said arrest, the plaintiff lost his situation as clerk to one *E.F.*; *or* in consequence the plaintiff suffered pain of body and mind, and was prevented transacting his business, and was injured in his credit, and incurred expense in obtaining his release from the said imprisonment and in defending himself against the said complaint.

[*As in paras. 4 and 5 of Form No. 1, and relief claimed*].

## No. 32

MOVABLES WRONGFULLY DETAINED

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the …………….. day of ……………20…..…, plaintiff owned [*or state facts showing a right to the possession*] the goods mentioned in the schedule hereto annexed [*or describe the goods,*] the estimated value of which is ………………. rupees.

2. From that day until the commencement of this suit the defendant has detained the same from the plaintiff

3. Before the commencement of the suit, to wit, on the …………….. day of………20 ……….., the plaintiff demanded the same from the defendant, but he refused to deliver them.

[*As in Paras* 4 and 5 of *Form No. 1.*]

6. The plaintiff claims—

(*1*) delivery of the said goods, or.......... rupees, in case delivery cannot be had;

(*2*) ................rupees compensation for the detention thereof.

## No. 33

AGAINST A FRAUDULENT PURCHARER AND HIS TRANSFEREE WITH NOTICE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the …………... day of ……….……20……., the defendant *C.D.,* for the purpose of including the plaintiff to sell him certain goods, represented to the plaintiff that [he was solvent, and worth ……… rupees over all his liabilities].

2. The plaintiff was thereby induced to sell and deliver to *C.D.* [one hundred boxes of tea], the estimated value of which is ……………… rupees.

3. The said representations were false, and were then known by *C.D.* to be so [*or* at the time of making the said representations, *C.D.* was insolvent, and knew himself to be so].

*4. C.D.* afterwards transferred the said goods to the defendant *E.F.* without consideration [*or* who had notice of the falsity of the representation].

*5.* [*Facts showing when the cause of action arose and that the Court has jurisdiction.*]

6. The value of the subject-matter of the suit for the purpose of jurisdiction is ………….. rupees and for the purpose of court-fees is ………….. rupees.

7. The plaintiff claims—

(1) delivery of the said goods, or ………………. rupees, in case delivery cannot be had;

(2) ……………….. rupees compensation for the detention thereof.

## No. 34

RESCISSION OF A CONTRACT ON THE GROUND OF MISTAKE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. On the …………… day of ……………………20……….. , the defendant represented to the plaintiff that a certain piece of ground belonging to the defendant, situated at ……………., contained [ten bighas].

2. The plaintiff was thereby induced to purchase the same at the price of ………………rupees in the belief that the said representation was true, and signed an agreement, of which the original is hereto annexed. But the land has not been transferred to him.

3. On the …………….. day of ……………………20………, the plaintiff paid the defendant rupees as part of the purchase money.

4. That the said piece of ground contained in fact only [five bighas].

5. [*Facts showing when the cause of action arose and that the Court has jurisdiction.*]

6. The value of the subject-matter of the suit for the purpose of jurisdiction is............ rupees and for the purpose of court-fees is..................rupees.

7. The plaintiff claims—

(1) ............. rupees, with interest from the............ day of.............. 20.......... .

(2) that the said agreement be delivered up and cancelled.

**No. 35**

AN INJUNCTION RESTRAINING WASTE

*(Title)*

*A. B.,* the above-named plaintiff states as follows:—

1. The plaintiff is the absolute owner of [*describe the property*].

2. The defendant is in possession of the same under a lease from the plaintiff.

3. The defendant has [cut down a number of valuable trees, and threatens to cut down many more for the purpose of sale] without the consent of the plaintiff.

4. [*Facts showing when the cause of action arose and that the Court has jurisdiction.*]

5. The value of the subject-matter of the suit for the purpose of jurisdiction is.......... rupees and for the purpose of court-fees is........... rupees.

6. The plaintiff claims that the defendant be restrained by injunction from committing or permitting any further waste on the said premises.

[*Pecuniary compensation may also be claimed.*]

**No. 36**

INJUNCTION RESTRAINING NUISANCE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. Plaintiff is, and at all the times hereinafter mentioned was, the absolute owner of [the house No.....................Street, Calcutta].

2. The defendant is, and at all the said times was, the absolute owner of [a plot of ground in the same street................].

3. On the ................ day of...............20.........., the defendant erected upon his said plot a slaughter-house, and still maintains the same; and from that day until the present time has continually caused cattle to be brought and killed there [and has caused the blood and offal to be thrown into the street opposite the said house of the plaintiff].

[4. In consequence the plaintiff has been compelled to abandon the said house, and has been unable to rent the same.]

5. [*Facts showing when the cause of action arose and that the Court has jurisdiction.*]

6. The value of the subject-matter of the suit for the purpose of jurisdiction is rupees and for the purpose of court-fees is...........rupees.

7. The plaintiff claims that the defendant be restrained by injunction from committing or permitting any further nuisance.

**No. 37**

PUBLIC NUISANCE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The defendant has wrongly heaped up earth and stones on a public road known as...............Street at...........so as to obstruct the passage of the public along the same and threatens and intends, unless restrained from so doing, to continue and repeat the said wrongful act.

[1][*2. The plaintiff has obtained the leave of the Court for the institution of this suit.]

1. Subs. by Act 104 of 1976, s. 93, for paragraph 2 (w.e.f. 1-2-1977).

*Not applicable where suit is instituted by the Advocate-General.

[*As in paras*. 4 *and* 5 of *Form No*. 1]

5. The plaintiff claims—

(*1*) a declaration that the defendant is not entitled to obstruct the passage of the public along the said road;

(*2*) an injunction restraining the defendant from obstructing the passage of the public along the said public road and directing the defendant to remove the earth and stones wrongfully heaped up as aforesaid.

**No. 38**

INJUNCTION AGAINST THE DIVERSION OF A WATER-COURSE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

[*As in form No*. 27.]

The plaintiff claims that the defendant be restrained by injunction from diverting the water as aforesaid.

**No. 39**

RESTORATION OF MOVABLE PROPERTY THREATENED WITH DESTRUCTION AND FOR AN INJUNCTION

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. Plaintiff is, and at all times hereinafter mentioned was, the owner of [a portrait of his grandfather which was executed by an eminent painter], and of which no duplicate exists [*or state any facts showing that the property is of a kind that cannot be replaced by money*].
2. On the............. day of..............20......, he deposited the same for the safe-keeping with the defendant.
3. On the...............day of...............20......, he demanded the same from the defendant and offered to pay all reasonable charges for the storage of the same.
4. The defendant refuses to deliver the same to the plaintiff and threatens to conceal, dispose of, cut or injure the same if required to deliver it up.
5. No pecuniary compensation would be an adequate compensation to the plaintiff for the loss of the [painting].

[*As in paras*. 4 *and* 5 *of Form No*. 1. ]

8. The plaintiff claims—

(*1*) that the defendant be restrained by injunction from disposing of, injuring or concealing the said [painting],

(*2*) that he be compelled to deliver the same to the plaintiff.

**No. 40**

INTERPLEADER

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. Before the date of the claims hereinafter mentioned *G.H.* deposited with the plaintiff [describe the property] for [safe-keeping].

2. The defendant *C.D.* claims the same [under an alleged assignment thereof to him from *G.H.*].

3. defendant *E. F.* also claims the same [under an order of *G.H.* transferring the same to him.]

4. The plaintiff is ignorant of the respective rights of the defendants.

5. He has no claim upon the said property other than for charges and costs, and is ready and willing to deliver it to such persons as the Court shall direct.

6. The suit is not brought by collusion with either of the defendants.
[*As in paras.* 4 *and 5 of Form No. 1.*]

9. The plaintiff claims—

(*1*) that the defendants be restrained, by injunction, from taking any proceedings against the plaintiff in relation thereto;

(*2*) that they be required to interplead together concerning their claims to the said property;

[(*3*) that some person be authorised to receive the said property pending such litigation;]

(*4*) that upon delivering the same to such [person] the plaintiff be discharged from all liability to either of the defendants in relation thereto.

**No. 41**

ADMINISTRATION BY CREDITOR ON BEHALF OF HIMSELF AND ALL OTHER CREDITORS

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

*1. E.F.* late of................, was at the time of his death, and his estate still is, indebted to the plaintiff in the sum of...................... [*here insert nature of debt and security, if any*].

*2. E.F.* died on or about the.......................... day of.......................By his last will, dated the........... day of............he appointed *C.D.* his executor [*or* devised his estate in trust, etc., *or* died intestate, *as the case may be*].

3. The will was proved by *C.D.* [*or* letters of administration were granted, etc.].

4. The defendant has possessed himself of the movable [and immovable], *or* the proceeds of the immovable property of *E.F.* and has not paid the plaintiff his debt.

[*As in paras.* 4 *and* 5 *of Form No. 1.*]

7. The plaintiff claims that an account may be taken of the movable [and immovable] property of *E.F.,* deceased, and that the same may be administered under the decree of the Court.

**No. 42**

ADMINISTRATION BY SPECIFIC LEGATEE

(*Title*)

[*Alter Form No.* 41 *thus*]

[*Omit paragraph 1 and commence paragraph* 2] *E.F.* late of ..... , died on or about the.........................

day of......................By his last will, dated the..................day of........ he appointed *C.D.,* his executor, and bequeathed to the plaintiff [*here state the specific legacy*].

*For paragraph* 4 *substitute*—

The defendant is in possession of the movable property of *E.F.,* and, amongst other things, of the said [*here name the subject of the specific bequest*].

*For the commencement of paragraph* 7 substitute—

The plaintiff claims that the defendant may be ordered to deliver to him the said [*here name the subject of the specific bequest*], or that, etc.

**No. 43**

ADMINISTRATION BY PECUNIARY LEGATEE

*(Title)*

[*Alter Form No.* 41 *thus*]

[*Omit paragraph 1 and substitute for paragraph* 2] *E.F,* late of................................, died on or about the............. day of.............................................By his last will, dated the.........................................day of..................... he appointed *C.D.* his executor, and bequeathed to the plaintiff a legacy of........... rupees.

*In paragraph* 4 *substitute "legacy" for "debt"*

*Another form*

(*Title*)

*E. F,* the above-named plaintiff, states as follows:—

1. *A. B.* of *K.* in the…………………died on the…………….Day of……………………by his last will, dated the.......... day of.............., he appointed the defendant and *M.N.* [who died in the testator's lifetime] his executors, and bequeathed his property, whether movable or immovable, to his executors in trust, to pay the rents and income thereof to the plaintiff for his life; and after his decease, and in default of his having a son who should attain twenty-one, or a daughter who should attain that age or marry, upon trust as to his immovable property for the person who would be the testator's heir-at-law, and as to his movable property for the persons who would be the testator's next-of-kin if he had died intestate at the time of the death of the plaintiff and such failure of his issue as aforesaid.

2. The will was proved by the defendant on the..............................day of.......................The plaintiff has not been married.

3. The testator was at his death entitled to movable and immovable property; the defendant entered into the receipt of the rents of the immovable property and got in the movable property; he has sold some part of the immovable property.

[*As in paras.* 4 *and 5 of Form No. 1.*]

6. The plaintiff claims—

(*1*) to have a movable and immovable property of *A. B.* administered in this Court, and for that purpose to have all proper directions given and accounts taken;

(*2*) such further or other relief as the nature of the case may require.

**No. 44**

EXECUTION OF TRUSTS

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. He is one of the trustees under an instrument of settlement bearing date on or about the.................day of............................ made upon the marriage of *E.E.* and *G.H.,* the father and mother of the defendant [*or* an instrument of transfer of the estate and effects of *E.F.* for the benefit of *C.D.,* the defendant, and the other creditors of *E.F.*].

2. *A.B.* has taken upon himself the burden of the said trust, and is in possession of [*or* of the proceeds of] the movable and immovable property transferred by the said instrument.

3. *C.D.* claims to be entitled to a beneficial interest under the instrument.

[*As in paras.* 4 *and 5 of Form No. 1.*]

6. The plaintiff is desirous to account for all the rents and profits of the said immovable property [and the proceeds of the sale of the said, *or* of part of the said, immovable property, *or* movable, *or* the proceeds of the sale of, *or* of part of, the said movable property, *or* the profits occurring to the plaintiff as such trustee in the execution of the said trust]; and he prays that the Court will take the accounts of the said trust, and also that the whole of the said trust estate may be administered in the Court for the benefit of *C.D.*, the defendant, and all other persons who may be interested in such administration, in the presence of *C.D.* and such other persons so interested as the Court may direct, or that *C.D.* may show good cause to the contrary.

[*N.B.—Where the suit is by a beneficiary, the plaint may be modelled* mutatis mutandis *on the plaint by a legatee.*]

**No. 45**

FORECLOSURE OR SALE

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is mortgagee of lands belonging to the defendant.

2. The following are the particulars of the mortgage:—

(*a*) (date);

(*b*) (names of mortgagor and mortgagee);

(*c*) (sum secured);

(*d*) (rate of interest);

(*e*) (Property subject to mortgage);

(*f*) (amount now due);

(*g*) *(if the plaintiff's title is derivative, state shortly the transfers or devolution under which he claims).*

*(If the plaintiff is mortgagee in possession add).*

3. The plaintiff took possession of the mortgaged property on the .........day of....................... and is ready to account as mortgagee in possession from that time.

[*As in paras.* 4 *and* 5 *of Form No.* 11

6. The plaintiff claims—

(*1*) payment, or in default [sale *or*] foreclosure [and possession];

[*Where Order* 34, *rule* 6, *applies.*]

(*2*) in case the proceeds of the sale are found to be insufficient to pay the amount due to the plaintiff then that liberty be reserved to the plaintiff to apply for [1][an order for the balance].

**No. 46**

REDEMPTION

(*Title*)

*A. B.,* the above-named plaintiff, states as follows:—

1. The plaintiff is mortgagor of lands of which the defendant is mortgagee.

2. The following are the particulars of the mortgage:—

(*a*) (date);

(*b*) (names of mortgagor and mortgagee);

(*c*) (sum secured);

(*d*) (rate of interest);

1. Subs. by Act 104 of 1976 s. 93, for "a decree for the balance" (w.e.f. 1-2-1977).

(*e*) (property subject to mortgage);

(*f*) (*If the plaintiff's title is derivative, state shortly the transfers or devolution under which he claims*).

(*If the defendant is mortgagee in possession, add*)

3. The defendant has taken possession [or has received the rents] of the mortgaged property.

[*As in paras. 4 and 5 of Form No. 1.*]

6. The plaintiff claims to redeem the said property and to have the same reconveyed to him [and to have possession thereof]. [1][together with *mesne* profits].

**No. 47**

SPECIFIC PERFORMANCE (No. 1)

(*Title*)

*A. B.*, the above-named plaintiff, states as follows:—

1. By an agreement dated the........... day of................and signed by the defendant, he contracted to buy of [*or* sell to] the plaintiff certain immovable property therein described and deferred to, for the sum of........................ rupees.

2. The plaintiff has applied to the defendant specifically to perform the agreement on his part, but the defendant has not done so.

3. The plaintiff has been and still is ready and willing specifically to perform the agreement on his part of which the defendant has had notice.

[*As in paras*. 4 *and* 5 *of Form No*. 1.]

6. The plaintiff claims that the Court will order the defendant specifically to perform the agreement and to do all acts necessary to put the plaintiff in full possession of the said property [*or* to accept a transfer and possession of the said property] and to pay the costs of the suit.

**No. 48**

SPECIFIC PERFORMANCE (No. 2)

(*Title*)

*A. B.*, the above-named plaintiff, states as follows:—

1. On the.............day of.............20............, the plaintiff and defendant entered into an agreement, in writing, and the original document is hereto annexed.

The defendant was absolutely entitled to the immovable property described in the agreement.

2. On the...........day of...............20............, the plaintiff tendered rupees to the defendant, and demanded a transfer of the said property by a sufficient instrument.

3. On the..........day of..................20.........., the plaintiff again demanded such transfer. [*Or* the defendant refused to transfer the same to the plaintiff.]

4. The defendant has not executed any instrument of transfer.

5. The plaintiff is still ready and willing to pay the purchase-money of the said property to the defendant.

[*As in paras*. 4 *and* 5 *of Form No*. 1.]

8. The plaintiff claims—

(*1*) that the defendant transfers the said property to the plaintiff by a sufficient instrument [*following the terms of the agreement*];

(*2*)................ rupees compensation for withholding the same.

1. Ins. by Act 104 of 1976, s. 93 (w.e.f. 1-2-1977).

## No. 49

PARTNERSHIP

(*Title*)

*A.B.*, the above-named plaintiff, states as follows:—

1. He and *C.D.*, the defendant, have been for.....................years [or months] past carrying on business together under articles of partnership in writing [*or* under a deed, *or* under a verbal agreement].

2. Several disputes and differences have arisen between the plaintiff and defendant as such partners whereby it has become impossible to carry on the business in partnership with advantage to the partners, [Or the defendant has committed the following breaches of the partnership articles:—

(1)
(2)
(3) .]

[*As in paras.* 4 *and* 5 *of Form No. 1.*]

5. The plaintiff claims—

(1) dissolution of the partnership;

(2) that accounts be taken;

(3) that a receiver be appointed.

(*N.B.—In suits for the winding-up of any partnership, omit the claim for dissolution; and instead insert a paragraph stating the facts of the partnership having been dissolved*).

### (4) WRITTEN STATEMENTS

*General Defences*

**Denial**—The defendant denies that (*set out facts*).

The defendant does not admit that (*set out facts*).

The defendant admits that………………but says that…………..

The defendant denies that he is a partner in the defendant firm of……………………

**Protest**—The defendant denies that he made the contract alleged or any contract with the plaintiff.

The defendant denies that he contracted with the plaintiff as alleged or at all.

The defendant admits assets but not the plaintiff's claim.

The defendant denies that the plaintiff sold to him the goods mentioned in the plaintiff or any of them.

**Limitation**—The suit is barred by article...................................or article..............of the Second Schedule to the Indian[1] Limitation Act, 1877 (15 of 1877).

**Jurisdiction**—The Court has no jurisdiction to hear the suit on the ground that (*set forth the grounds*).

On the ......................................................................................day of......................a diamond ring was delivered by the defendant to and accepted by the plaintiff in discharge of the alleged cause of action.

**Insolvency**—The defendant has been adjudged an insolvent.

The plaintiff before the institution of the suit was adjudged an insolvent and the right to sue vested in the receiver.

**Minority**—The defendant was a minor at the time of making the alleged contract.

1. *See* now the Limitation Act, 1963 (36 of 1963).

**Payment into Court—**The defendant as to the whole claim *(or* as to Rs.........part of the money claimed, *or as the case may be)* has paid into Court Rs...............................and says that this sum is enough to satisfy the plaintiff's claim *(or* the part aforesaid).

**Performance remitted**—The performance of the promise alleged was remitted on the *date).*

**Rescission**—The contract was rescinded by agreement between the plaintiff and defendant.

**Res judicata**—The plaintiff's claim is barred by the decree in suit *(give the reference).*

**Estoppel**—The plaintiff is estopped from denying the truth of *(insert statement as to which estoppel is claimed) because (here state the facts relied on as creating the estoppel).*

**Ground of defence subsequent to institution of suit**—Since the institution of the suit, that is to say, on the..................... day of................................ *(set out facts).*

**No. 1**

DEFENCE IN SUITS FOR GOODS SOLD AND DELIVERED

1. The defendant did not order the goods.

2. The goods were not delivered to the defendant.

3. The price was not Rs.

[or]

4., 5., 6. Except as to Rs. , same as 1., 2., 3.

7. the defendant [*or A. B.*, the defendant's agent] satisfied the claim by payment before suit to the plaintiff [*or* to *C.D.*, the plaintiff's agent] on the day of 20,

8. The defendant satisfied the claim by payment after suit to the plaintiff on the day of 20

**No. 2**

DEFENCE IN SUITS ON BONDS

1. The bond is not the defendant's bond.

2. The defendant made payment to the plaintiff on the day according to the condition of the bond.

3. The defendant made payment to the plaintiff after the day named and before suit of the principal and interest mentioned in the bond.

**No. 3**

DEFENCE IN SUITS ON GUARANTEES

1. The principal satisfied the claim by payment before suit.

2. The defendant was released by the plaintiff giving time to the principal debtor in pursuance of a binding agreement.

**No. 4**

DEFENCE IN ANY SUITS FOR DEBT

1. As to Rs. 200 of the money claimed, the defendant is entitled to set off for goods sold and delivered by the defendant to the plaintiff.

| Particulars are as follows : | Rs. |
|---|---|
| 1907 January 25th. . . . . . . . . . . . . . . . . . . . | 150 |
| „ February 1st . . . . . . . . . . . . . . . . . . . . | 50 |
| Total | 200 |

2. As to the whole [*or* as to Rs...................... , part of the money claimed] the defendant made tender before suit of Rs.........and has paid the same into Court.

**No. 5**

DEFENCE IN SUITS FOR INJURIES CAUSED BY NEGLIGENT DRIVING

1. The defendant denies that the carries mentioned in the plaint was the defendant's carriage, and that it was under the charge or control of the defendant's servants. The carriage belonged to...................... of.....................Street, Calcutta, livery stable keepers employed by the defendant to supply him with carriages and horses and the person under whose charge and control the said carriage was, was the servant of the said.

2. The defendant does not admit that the said carriage was turned out of Middleton Street either negligently, suddenly or without warning, or at a rapid or dangerous pace.

3. The defendant says the plaintiff might and could, by the exercise of reasonable care and diligence, have seen the said carriage approaching him, and avoided any collision with it.

4. The defendant does not admit the statements contained in the third paragraph of the plaint.

**No. 6**

DEFENCE IN ALL SUITS FOR WRONGS

1. Denial of the several acts [*or* matters] complained of.

**No. 7**

DEFENCE IN ALL SUITS FOR DETENTION OF GOODS

1. The goods were not the property of the plaintiff.

2. The good were detained for a lien to which the defendant was entitled.

Particulars are as follows:—

1907, May 3rd To carriage of the goods claimed from Delhi to Calcutta:—

45 maunds at Rs. 2 per maund.................Rs. 90.

**No. 8**

DEFENCE IN SUITS FOR INFRINGEMENT OF COPYRIGHT

1. The plaintiff is not the author [*assignee, etc.*]

2. The book was not registered.

3. The defendant did not infringe.

**No. 9**

DEFENCE IN SUITS FOR INFRINGEMENT OF TRADE MARK

1. The trade mark is not the plaintiff's.

2. The alleged trade mark is not a trade mark.

3. The defendant did not infringe.

**No. 10**

DEFENCE IN SUITS RELATING TO NUISANCES

1. The plaintiff's lights are not ancient [*or* deny his other alleged prescriptive rights].

2. The plaintiff's lights will not be materially interfered with by the defendant's buildings.

3. The defendant denies that he *or* his servants pollute the water [*or* do what is complained of].

[*If the defendant claims the right by prescription or otherwise to do what is complained of, he must say so, and must state the grounds of the claim, i.e., whether by prescription, grant or what.*]

4. The plaintiff has been guilty of laches of which the following are particulars:—

1870. Plaintiff 's mill began to work.

1871. Plaintiff came into possession.

1883. First complaint.

5. As to the plaintiff's claim for damages the defendant will rely on the above grounds of defence, and says that the acts complain of have not produced any damage to the plaintiff [*If other grounds are relied on, they must be stated, e.g., limitation as to past damage.*]

## No. 11

DEFENCE TO SUIT FOR FORECLOSURE

1. The defendant did not execute the mortgage.

2. The mortgage was not transferred to the plaintiff (*if more than one transfer is alleged, say which is denied*).

3. The suit is barred by article..............................................of the Second Schedule to the [1]Indian Limitation Act, 1877 (15 of 1877).

4. The following payment have been made, *viz*, :—

| | |
|---|---|
| (Insert date)— | Rs. 1,000 |
| (Insert date)— | Rs. 500 |

5. The plaintiff took possession on the.....................of ... .............and has received the rents ever since.

6. The plaintiff released the debt on the .........................of..........................................

7. The defendant transferred all his interest to *A. B.* by a document dated..........

## No. 12

DEFENCE TO SUIT FOR REDEMPTION

1. The plaintiff's right to redeem is barred by article of the Second Schedule to the [1]Indian Limitation Act 1877 (15 of 1877).

2. The plaintiff transferred all interest in the property to *A. B.*

3. The defendant, by a document dated the...................day of ..............transferred all his interest in the mortgage-debt and property comprised in the mortgage to *A.B.*

4. The defendant never took possession of the mortgaged property, or received the rents thereof.

(*if the defendant admits possession for a time only, he should state the time and deny possession beyond what he admits.*)

1. *See* now the Limitation Act, 1963 (36 of 1963).

## No. 13

DEFENCE TO SUIT FOR SPECIFIC PERFORMANCE

1. The defendant did not enter into the agreement.
2. *A.B.* was not the agent of the defendant *(if alleged by plaintiff).*
3. The plaintiff has not performed the following *conditions—(Conditions).*
4. The defendant did *not—(alleged acts of part performance).*
5. The plaintiff's title to the property agreed to be sold is not such as the defendant is bound to accept by reason of the following *matter—(State why).*
6. The agreement is uncertain in the following respects—(State *them).*
7. (*or*) The plaintiff has been guilty of delay.
8. (*or*) The plaintiff has been guilty of fraud (*or* misrepresentation).
9. (*or*) The agreement is unfair.
10. (*or*) The agreement was entered into by mistake.
11. The following are particulars of (7), (8), (9), (10) *(or as the case may be).*
12. The agreement was rescinded under Conditions of Sale, No. 11 *(or* by mutual agreement).

*(In cases where damages are claimed and the defendant disputes his liability to damages, he must deny the agreement Or the alleged breaches, or show whatever other ground of defence he intends to rely on, e.g., the [1]Indian Limitation Act, accord and satisfaction, release, fraud, etc.)*

## No. 14

DEFENCE IN ADMINISTRATION SUIT BY PECUNIARY LEGATEE

1. *A.B. 's* will contained a charge of debts; he died insolvent; he was entitled at his death to some immovable property which the defendant sold and which produced the net sum of Rs.................., and the testator had some movable property which the defendant got in, and which produced the net sum of Rs...........

2. The defendant applied the whole of the said sums and the sum of Rs...................... ..........which the defendant received from rents of the immovable property in the payment of the funeral and testamentary expenses and some of the debts of the testator.

3. The defendant made up his accounts and sent a copy thereof to the plaintiff on the................. ..day of..................... 20........., and offered to plaintiff free access to the vouchers to verify such accounts, but he declined to avail himself of the defendant's offer.

4. The defendant submits that the plaintiff ought to pay the cost of this suit.

## No. 15

PROBATE OF WILL IN SOLEMN FORM

1. The said will and codicil of the deceased were not duly executed according to the provisions of the Indian Succession Act, 1865[2] (10 of 1865) [*or* of the Hindu Wills Act, 1870[2] (21 of 1870)].

2. The deceased at the time the said will and codicil respectively purport to have been executed, was not of sound mind, memory and understanding.

3. The execution of the said will and, codicil was obtained by the undue influence of the plaintiff [and others acting with him whose names are at present unknown to the defendant].

4. The execution of the said will and codicil was obtained by the fraud of the plaintiff, such fraud so far as is within the defendant's present knowledge, being [*state the nature of the fraud*].

---

1. *See* now the Limitation Act, 1963 (36 of 1963).
2. *See* now the Indian Succession Act, 1925 (39 of 1925).

5. The deceased at the time of the execution of the said will and codicil did not know and approve the contents thereof [*or* of the contents of the residuary clause in the said will, *as the case may be*].

6. The deceased made his true last will, dated the 1st January, 1873, and thereby appointed the defendant sole executor thereof.

The defendant claims—

(*1*) that the Court will pronounce against the said will and codicil propounded by the plaintiff ;

(*2*) that the Court will decree probate of the will of the deceased, dated the 1st January, 1873, in solemn form of law.

**No. 16**

PARTICULARS (O.6, r. 5.)

(*Title of suit*)

**Particulars.**—The following are the particulars of *(here state the matters in respect of which particulars have been ordered)* delivered pursuant to the order of the of

*(Here set out the particulars ordered in paragraphs if necessary).*

APPENDIX B

**PROCESS**

**No. 1.**

SUMMONS FOR DISPOSAL OF SUIT (O. 5, rr.1.5.)

*(Title)*

To

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [*Name, description and place of residence.*]

WHEREAS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . has instituted a suit against you for you are hereby summoned to appear in this Court in person, or by a pleader duly instructed (and able to answer all material questions relating to the suit, or who shall be accompanied by some person; able to answer all such questions,...............on................the......................................day................of.......................20................., at.......................................O'clock in the.............................................. noon, to answer the claim ; and as the day fixed for your appearance is appointed for the final disposal of the suit, you must be prepared to produce on that day all the witnesses upon whose evidence and all the documents upon which you intend to rely in support of your defence.

Take notice that, in default of your appearance on the day before mentioned, the suit will be heard and determined in your absence.

Given under my hand and the seal of the Court, this.............day of..........................................20

*Judge*

NOTICE—1. Should you apprehend your witnesses will not attend of their own accord, you can have a summons from this Court to compel the attendance of any witness, and the production of any document that you have a right to call upon the witness to produce, on applying to the Court and on depositing the necessary expenses.

2. If you admit the claim, you should pay the money into Court together with the costs of the suit, to avoid execution of the decree, which may be against your person or property, or both.

**No. 2**

SUMMONS FOR SETTLEMENT OF ISSUES (O. 5, rr.1. 5.)

(*Title*)

To.......................................... [*Name, description and place of residence*.]

WHEREAS.............................................. has instituted a suit against you for...............................you are hereby summoned to appear in this Court in person, or by a pleader duly instructed, and able to answer all material question relating to the suit, or who shall be accompanied by some person able to answer all such questions, on the......................................................day of.........................20...................., at.....................O'clock in the..........................noon, to answer the claim; [1][and further you are hereby directed to file on that day a written statement of your defence and to produce on the said day all documents in your possession or power upon which you base your defence or claim for set-off or counterclaim, and where you rely on any other document whether in your possession or power or not, as evidence in support of your defence or claim for set-off or counterclaim, you shall enter such documents in a list to be annexed to the written statement].

Take note that, in default of your appearance on the day before mentioned, the suit will be heard and determined in your absence.

GIVEN under my hand and the seal of the Court, this............. day of.................20...........

*Judge.*

NOTICE—1. Should you apprehend your witnesses will not attend of their own accord, you can have a summons from this Court to compel the attendance of any witness, and the production of any document that you have a right to call on the witness to produce, on applying to the Court and on depositing the necessary expenses.

2. If you admit the claim, you should pay the money into Court together with the costs of the suit, to avoid execution of the decree, which may be against your person or property, or both.

**No. 3**

SUMMONS TO APPEAR IN PERSON (O. 5, r. 3.)

(*Title*)

To.......................................... [*Name, description and place of residence.*]

WHEREAS.......................................... has instituted a suit against you for...............you are hereby summoned to appear in this Court in person on the............................... day of ..................... 20......................................at O'clock in the..................................noon, to answer the claim; and you are directed to produce on that day all the documents upon which you intend to rely in support of your defence.

Take notice that, in default of your appearance on the day before mentioned, the suit will be heard and determined in your absence.

GIVEN under my hand and the seal of the Court, this......................... day of.............................20

*Judge.*

1. Subs. by Act 104 of 1976, s. 94, for certain words (w.e.f- 1-2-1977).

[1][**No. 4**

SUMMONS IN A SUMMARY SUIT

(O. 37, r. 2)

(*Title*)

To. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [*Name description and place of residence*.]

WHEREAS.......................... has instituted a suit against you under Order XXXVII of the Code of Civil Procedure, 1908, for Rs................and interest, you are hereby summoned to cause and appearance to be entered for you, within ten days from the service hereof, in default hereof the plaintiff will be entitled, after the expiration of the said period of ten days, to obtain a decree for any sum not exceeding the sum of Rs...................and the sum of Rs........................for costs, together with such interest, if any, as the Court may order.

If you cause an appearance to be entered for you, the plaintiff will thereafter server upon you a summons for judgment at the hearing of which you will be entitle to move the Court for leave to defend the suit.

Leave to defend may be obtained if you satisfy the Court by affidavit or otherwise that there is defence to the suit on the merits or that it is reasonable that you should be allowed to defend.

Given under my hand and the seal of the Court, this..........................day of..........................20..........

*Judge*.]

[2][**No. 4A**

SUMMONS FOR JUDGMENT IN A SUMMARY SUIT

(O. 37, r. 3)

(*Title*)

In the............................Court, at............................Suit No..............................................of 20

*XYZ* *Plaintiff*

*Versus*

*ABC* *Defendant*

Upon reading the affidavit of the plaintiff the Court makes the following order, namely:—

Let all parties concerned attend the Court or Judge, as the case may be, on the ....................day of ................. 20 , at .........................O'clock in the forenoon on the hearing of the application of the plaintiff that he be at liberty to obtain judgment in this suit against the defendant (*or* if against one or some or several, insert names) for Rs...................and for interest and costs.

Date the .....................day of................. 20 .]

*Judge*.

1. Subs. by Act 104 of 1976, s. 94, for Form No. 4 (w.e.f 1-2-1977).
2. Subs. by s. 94, *ibid.* (w.e.f. 1-2-1977).

## No. 5

NOTICE TO PERSON WHO, THE COURT CONSIDERS, SHOULD BE ADDED AS CO-PLAINTIFF

(O. 1, r. 10)

(*Title*)

To. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . [*Name, description and place of residence*.]

WHEREAS........................has instituted a suit against........................for.............................and whereas it appears necessary that you should be added as plaintiff in the said suit in order to enable the Court effectually and completely to adjudicate upon and settle all the questions involved.

Take notice that you should on or before the ................. day of ........................ 20, signify to this Court whether you consent to be so added.

Given under my hand and the seal of the Court, this ................day of ...................... 20

*Judge.*

## No. 6

SUMMONS TO LEGAL REPRESENTATIVE OF A DECEASED DEFENDANT

(O. 22, r. 4)

(*Title*)

To

WHEREAS the plaintiff ................... ...........instituted a suit in this Court on the… ..........................day of.............../20....against the defendant........ who has since deceased, and whereas the said plaintiff has made an application to this Court alleging that you are the legal representative of the said, .. deceased, and desiring that you be made the defendant in his stead;

You are hereby summoned to attend in this Court on the…………day of.......... ......... ......20......., at …………….A.M. to defend the said suit and, in default of your appearance on the day specified, the said suit will be heard and determined in your absence.

Given under my hand and the seal of the Court, this ................day of ...................... 20

*Judge.*

## No. 7

ORDER FOR TRANSMISSION OF SUMMONS FOR SERVICE IN THE JURISDICTION OF ANOTHER COURT

(O. 5, r. 21)

(*Title*)

WHEREAS it is stated that .........................................................................................

defendant / witness in the above suit is at present residing in........................................................

It is ordered that a summons returnable on the ....................day of..........................20....... , be forwarded to the ..............Court of ................for service on the said defendant/witness............ with a duplicate of this proceeding.

The court-fee of.............chargeable in respect to the summons has been realised on this Court in stamps.

Dated........................20.........

*Judge.*

## No. 8

ORDER FOR TRANSMISSION OF SUMMIONS TO BE SERVED ON A PRISONER

(O. 5, r. 25.)

(*Title*)

To

. . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . .

The Superintendent of the Jail at..........................................................................................

......................................... ......................................................................................................

Under the provisions of Order V, rule 24, of the Code of Civil Procedure, 1908, a summons in duplicate is here with forwarded for service on the defendant................. who is............... a prisoner in jail, You are requested to cause a copy of the said summons to be served upon the said defendant and to return the original to this Court signed by the said defendant, with a statement of service endorsed thereon by you.

*Judge.*

## No. 9

ORDER FOR TRANSMISSION OF SUMMONS TO BE SERVED ON A PUBLIC SERVANT OR SOLDIER

(O. 5, rr. 27, 28.)

(*Title*)

To

UNDER the provisions of Order V, rule 27 (*or* 28, *as the case may be*), of the Code of Civil Procedure, 1908, a summons in duplicate is herewith forwarded for service on the defendant................who is stated to be serving under you. You are requested to cause a copy of the said summons to be served upon the said defendant and to return the original to this Court signed by the said defendant, with a statement of service endorsed thereon by you.

*Judge.*

## No. 10

TO ACCOMPANY RETURNS OF SUMMONS OF ANOTHER COURT

(O. 5, r. 23.)

(*Title*)

Read proceeding from the ..................forwarding................ for service on...................in Suit No.

..............................Of..............20........... of that Court.

Read Serving Officer's endorsement stating that the.....................and proof of the above having been duly taken by me on the oath of........................... and................................it is ordered that the...............be returned to the............with a copy of this proceeding.

*Judge.*

NOTE .—This form will be applicable to process other than summons, the service of which may have to be effected in the same manner.

## No. 11

AFFIDAVIT OF PROCESS-SERVER TO ACCOMPANY RETURN OF A SUMMONS OR NOTICE

(O. 5, r. 18.)

(*Title*)

The affidavit of..................................., son of ..........................................................................................
I.....................................................................................................................make oath / affirm

and say as follows :—

(1) I am a process-server of this Court.

(2) On the day of....................................20...........I received a summons / notice

issued by the Court of ...........in Suit No. .............of............ 20..........., in the said Court, dated the day of ..........20..........., for service on

(*3*) The said...............was at the time personally known to me, and I served the said Summons / notice

him / her On the ..........day of........20........, at about....................O'clock in the ................
................noon at......................by tendering a copy thereof to him / her and requiring His / her

Signature to the original notice

(*a*)
(*b*)
(*a*) Here state whether the person served signed or refused to sing the process, and in whose presence.
(*b*) Signature of process-server.

or,

(*3*) The said........................not being personally known to me............accompanied me............to

and pointed out to me a person whom he stated to be the said......., and I served the said..... summons / notice

on Him / her on the .....................day of..................20......., at about..............o'clock in the..........

noon at.....by tendering a copy thereof to him / her and requiring him / her Signature to the original summon / notice

(*a*)
(*b*)
(*a*) Here state whether the person served signed or refused to sing the process, and in whose presence.
(*b*) Signature of process-server.

or,

(*3*) The said.............and the house in which he ordinarily resides being personally known to me, I went to the said house, in ................and thereon the .................day, of ......................19
at about.......................o'clock in the..............noon , I did not find the said...................
(*a*)

(*b*)

(*a*) Enter fully and exactly the manner in which the process was served, with special reference to Order 5, rules 15 and 17.

(*b*) Signature of process-server.

or,

(3) One...........accompanied me to....................and there pointed out to me which he said was the house in which......................ordinarily resides. I did not find the said...............there.

(*a*)

(*b*)

(*a*) Enter fully and exactly the manner in which the process was served, with special reference to Order 5, rules 15 and 17.

(*b*) Signature of process-server.

or,

*If substituted service has been ordered, state fully and exactly the manner in which the summons was served with special reference to the terms of the order for substituted service.*

Sworn / affirmed by the said..........................................................................................................before me

this....................................................day of.................20.............

*Empowered under section 139 of the Code of Civil Procedure, 1908, to administer the oath to deponents.*

**No. 12**

NOTICE TO DEPENDANT

(O. 9, r. 6.)

*(Title)*

To.................................................... [*Name, description and place of residence.*]

WHEREAS this day was fixed for the hearing of the above suit and a summons was issued to you and the plaintiff has appeared in this Court and you did not so appear, but from the return of the Nazir it has been proved to the satisfaction of the Court that the said summons was served on you but not in sufficient time to enable you to appear and answer on the day fixed in the said summons;

Notice is hereby given to you that the hearing of the suit is adjourned this day and that the................... day of.........................20..................................is now fixed for the hearing of the same; in default of your appearance on the day last mentioned the suit will be heard and determined in your absence.

GIVEN under my hand and the seal of the Court, this .........................day of ............... 20.......

*Judge.*

**No. 13**

SUMMONS TO WITNESS

(O. 16, rr. 1, 5.)

*(Title)*

To....................................................

WHEREAS your attendance is required to...................................................................................... on behalf of the.........................................................................................................in the above suit, you are hereby required [personally] to appear before this Court on the.................................. day of ............ 20..........., at....................O'clock in the forenoon, and to bring with you [*or* to send to this Court].

A sum of Rs..............., being your travelling and other expenses and subsistence allowance for one day, is herewith sent. If you fail to comply with this order without lawful excuse, you will be subject to the consequences of non-attendance laid down in rule 12 of Order XVI of the Code of Civil Procedure, 1908.

GIVEN under my hand and the seal of the Court, this..........................day of....................20..............

*Judge.*

NOTICE.—(*1*) If you are summoned only to produce a document and not to give evidence, you shall be deemed to have complied with the summons if you cause such document to be produced in this Court on the day and hour aforesaid.

(*2*) If you are detained beyond the day aforesaid, a sum of Rs......................................will be tendered to you for each day's attendance beyond the day specified.

## No. 14

PROCLAMATION REQUIRING ATTENDANCE OF WITNESS (O. 16, r. 10.)

(*Title*)

To

WHEREAS it appears from the examination on oath of the serving officer that the summons could not be served upon the witness in the manner prescribed by law : and whereas it appears that the evidence of the witness is material, and he absconds and keeps out of the way for the purpose of evading the service of the summons : This proclamation is, therefore, under rule 10 of Order XVI of the Code of Civil Procedure, 1908, issued requiring the attendance of the witness in this Court on the....................day of...............20.........at..........O'clock in the forenoon and from day to day until he shall have leave to depart; and if the witness fails to attend on the day and hour aforesaid he will be dealt with according to law.

GIVEN under my hand and the seal of the Court, this .............. day of ......................... 20....

*Judge.*

## No. 15

PROCLAMATION REQUIRING ATTENDANCE OF WITNESS

(O. 16, r. 10.)

(*Title*)

To

WHEREAS it appears from the examination on oath of the serving officer that the summons has been duly served upon the witness, and whereas it appears that the evidence of the witness is material and he has failed to attend in compliance with such summons : This proclamation is, therefore, under rule 10 of Order XVI of the Code of Civil Procedure, 1908, issued requiring the attendance of the witness in this Court on the.......day of............. 20......... at........ O'clock in the forenoon, and from day to day until he shall have leave to depart; and if the witness fails to attend on the day and hour aforesaid he will be dealt with according to law.

GIVEN under my hand and the seal of the Court, this......................... day of....................................20

*Judge.*

**No. 16**

WARRANT OF ATTACHMENT OF PROPERTY OF WITNESS (O. 16, r. 10.)

*(Title)*

To

The Bailiff of the Court.

WHEREAS the witness..........................................................................................................................cited by ..........................................................................................................................has not, after the expiration of the period limited in the proclamation issued for his attendance, appeared in Court; You are hereby directed to hold under attachment.................. property belonging to the said witness to the value.................. of and to submit a return, accompanied with an inventory thereof, within....................................days.

Given under my hand and the seal of the Court, this................................ day of............................20 .......................................

*Judge.*

**No. 17**

WARRANT OF ARREST OF WITNESS (O. 16, r. 10)

*(Title)*

To

The Bailiff of the Court.

WHEREAS.................................................................................has been duly served with a summons but has failed to attend (absconds and keeps out of the way for the purpose of avoiding service of a summons); You are hereby ordered to arrest and bring the said..................................................................before the Court.

You are further ordered to return this warrant on or before the ............... day of.......................... 20 ........... with an endorsement certifying the day on and the manner in which it has been executed, or the reason why it has not been executed.

Given under my hand and the seal of the Court, this.................. day of............................20

*Judge.*

**No. 18**

WARANT OF COMMITTAL (O. 16, r. 16)

(*Title*)

To

The Officer in charge of the Jail at........................................

WHEREAS the plaintiff *(or* defendant) in the above-named suit has made application to this Court that security be taken for the appearance of...... give evidence *(or* to produce a document), on the day of ........................................................................................................20 and whereas the Court has called upon the said............to furnish such security, which he has failed to do; This is to require you to receive the said...........into your custody in the civil prison and to produce him before this Court at ....................................on the said day and on such other day or days as may be hereafter ordered.

GIVEN under my hand and the seal of the Court, this .................. day of............... 20 ...........

*Judge.*

**No. 19**

WARRANT OF COMMITTAL (O 16, r. 18)

(*Title*)

To

The Officer in charge of the Jail at.................................

WHEREAS.........................., whose attendance is required before this Court in the above-named case to give evidence *or* to produce a document), has been arrested and brought before the Court in custody; and whereas owing to the absence of the plaintiff *(or* defendant), the said..................cannot give such evidence *(or* produce such document); and whereas the Court has called upon the said to.................to-give security for his appearance on the............................day of................20................, at...................................which he has failed to do; This is to require you to receive the said....... into your custody in the civil prison and to produce him before this Court at......... on the...............day of............... 20

GIVEN under my hand and the seal of the Court, this day of 20

*Judge.*

## APPENDIX C

## DISCOVERY, INSPECTION AND ADMISSION

### No. 1

ORDER FOR DELIVERY OF INTERROGATORIES (O. 11, r 1.)

In the Court of..........................................................

Civil Suit No.....................of ..........................20

*A. B.* ............................................................. *Plaintiff,*

*against*

*C.D.E.F.* and *G.H* ….….…. *Defendants.*

Upon hearing ....................... and upon reading the affidavit of ................ filed the .............. day of…………20……….; It is ordered that the………..be at liberty to deliver to the……… Interrogatories in writing, and that the said………do answer the interrogatories as prescribed by Order XI, rule 8, and that the costs of this application be…………..

### No. 2

INTERROGATORIES (O. 11, r. 4.)

*(Title as in No. 1, supra)*

Interrogatories on behalf of the above-named [*Plaintiff or defendant* C. D.] for the examination of the above-named [*defendants* E.F. *and* G. H. *or Plaintiff*].

1. Did not, etc.

2. Has not, etc.

etc., etc., etc.

[*The defendant E.F. is required to answer the interrogatories numbered*........................]

[*The defendant G. H. is required to answer the interrogatories numbered* ......................]

### No. 3

ANSWER TO INTERROGATORIES (O. 11, r. 9.)

*(Title as in No. 1, supra)*

The answer of the above-named defendant E. F., to the interrogatories for his examination by the above-named plaintiff.

In answer of the said interrogatories, I, the above-named E. F., make oath and say as follows: —

1 }
2 .} Enter answers to interrogatories in paragraphs numbered consecutively.

3. I object to answer the interrogatories numbered on the ground that [*state grounds of objection*].

### No. 4

ORDER FOR AFFIDAVIT AS TO DOCUMENTS (O. 11, r. 12.)

(*Title as in No. 1, supra*)

Upon hearing………………; It is ordered that the……….do within…………..form the date of this order, answer on affidavit stating which documents are or have been in his possession or power relating to the matter in question in this suit, and that the costs of this application be…………………… .

**No. 5**

AFFIDAVIT AS TO DOCUMENTS (O. 11, r. 13.)

*(Title as in No. 1, supra)*

I, the above-named defendant *C. D.,* make oath and say as follows : —

1. have in my possession or power the documents relating to the matters in question in this suit set forth in the first and second parts of the first schedule hereto.

2. object to produce the said documents set forth in the second part of the first schedule hereto [*stale grounds of objection*]

3. I have had but have not now, in my possession or power the documents relating to the matters in question in this suit set forth in the second schedule hereto.

4. The last-mentioned documents were last in my possession or power on. [*State when and what has become of them and in whose possession they now are*].

5. According to the best of my knowledge, information and belief I have not now, and never had, in my possession, custody or power, or in the possession, custody or power of my pleader or agent, or in the possession custody or power of any other person on my behalf, any account, book of account, voucher, receipt, letter memorandum, paper or writing, or any copy of or extract from any such document, or any other documents whatsoever, relating to the matters in question in this suit or any of them, or wherein any entry has been made relative to such matters or any of them, other than and except the documents set forth in the said first and second schedules hereto.

**No. 6**

ORDER TO PRODUCE DOCUMENTS FOR INSPECTION (O. 11, r. 14.)

(*Title as in No. 1, supra*)

Upon hearing………………and upon reading the affidavit of……………….. filed the………………

day of…………..20…………..; It is ordered that the………………..do, at all reasonable times, on reasonable notice, produce at…………………., situate at …………………., the

following documents, namely,………………, and that the…………..be at liberty to inspect and produce the documents so produced, and to make notices of their contents. In the meantime, it is ordered that all further proceedings be stayed and that the costs of this application be……………………….

**No. 7**

NOTICE TO PRODUCE DOCUMENTS (O. 11, r. 16.)

(*Title as in No. 1, supra*)

Take notice that the [plaintiff or defendant] requires you to produce for his inspection the following

documents referred to in your [plaint or written statement or affidavit, dated the…………..day of

…………….20……….. ].

[*Describe documents required.*]

X. Y, pleader for the…………..

To Z., pleader for the……….

**No. 8**

NOTICE TO INSPECT DOCUMENTS (O. 11, r. 17.)

(*Title as in No. 1, supra*)

Take notice that you can inspect the documents mentioned in your notice of the ……………..day Of……………..20……….. [*except the documents numbered* ……………….in that notice insert place of inspection] on Thursday next, the instant, between the hours of 12 and 4 O'clock.

Or, that the [plaintiff or defendant] objects to giving you inspection of documents mentioned in your notice of the day of………..20…………, on the ground that [state the ground].

**No. 9**

NOTICE TO ADMIT DOCUMENTS (O. 12, r. 3.)

(*Title as in No. 1, supra*)

Take notice that the plaintiff [or defendant] in this suit proposes to adduce in evidence the several documents hereunder specified, and that the same may be inspected by the defendant [or plaintiff], his pleader or agent……….. at…………on…………between the hours of…………………..; and the defendant [or plaintiff] is hereby required, within forty-eight hours from the last-mentioned hour, to admit that such of the said documents as are specified to be originals were respectively written, signed or executed, as they purport respectively to have been; that such as are specified as copies are true copies; and such documents as are stated to have been served, sent or delivered were so served, sent or delivered, respectively, saving all just exceptions to the admissibility of all such documents as evidence in this suit.

G.H. *pleader* [*as agent*] *for plaintiff* [*or defendant*].

To E.F., *pleader* [*or agent*] *for defendant* [*or plaintiff*].

[Here describe the documents and specify as to each document whether it is original or a copy].

**No. 10**

NOTICE TO ADMIT FACTS (O. 12, r. 5.)

(*Title as in No. 1, supra*)

Take notice that the plaintiff [or defendant] in this suit requires the defendant [or plaintiff] to admit, for the purposes of this suit only, the several facts respectively hereunder specified; and the defendant [or plaintiff] is hereby required, within six days from the service of this notice, to admit the said several facts, saving all just exceptions to the admissibility of such facts as evidence in this suit.

G.H. *pleader* [*or agent*] *for plaintiff* [*or defendant*].

To E.F., *pleader* [*or agent*] *for defendant* [*or plaintiff*].

The facts, the admission of which is required, are—

1. That M. died on the 1st January, 1890.

2. That he died intestate.

3. That N. was his only lawful son.

4. That O. died on the 1st April, 1896.

5. That O. was never married.

## No. 11

ADMISSION OF FACTS PURSUANT TO NOTICE (O. 12, r. 5.)

(*Title as in No. 1, supra*)

The defendant [*or* plaintiff] in this suit, for the purposes of this suit only, hereby admits the several facts respectively hereunder specified, subject to the qualifications or limitations, if any, hereunder specified, saving all just exceptions to the admissibility of any such facts, or any of them, as evidence in this suit:

Provided that this admission is made for the purposes of this suit only, and is not an admission to be used against the defendant [*or* plaintiff] on any other occasion or by any one other than the plaintiff [*or* defendant, *or* party requiring the admission].

E. F., *pleader* [*or agent*] *for defendant* [*or plaintiff*].

To G. H., *pleader* [*or agent*] *for plaintiff* [*or defendant*].

| Facts admitted | Qualifications or limitations, if any, subject to which they are admitted |
|---|---|
| 1. That M. died on the 1st January, 1890….. | 1. |
| 2. That he died intestate…………………….... | 2. |
| 3. That N. was his lawful son ……………… | 3. But not that he was his only lawful son. |
| 4. That O. died……………………………… | 4. But not that he died on the 1st April, 1896. |
| 5. That O. was never married……………… | 5. ................................................................ |

## No. 12

NOTICE TO PRODUCE (GENERAL FORM) (O. 12, r. 8.)

*(Title as in No. 1, supra)*

Take notice that you are hereby required to produce and show to the Court at the first hearing of this suit, all books, papers, letters, copies of letters and other writings and documents in your custody, possession or power, containing any entry, memorandum or minute relating to the matters in question in this suit, and particularly.

G. H. pleader [or agent] for plaintiff [or defendant].

To E. F. *pleader or agent*] *for defendant* [*or plaintiff*].

# APPENDIX D

## DECREES

### No. 1

DECREE IN ORIGINAL SUIT (O. 20, rr. 6,7.)

*(Title)*

Claim for ..........................................................................................................................

THIS suit coming on this day for final disposal before .................................. in the presence of ...................................... for the plaintiff and of...........................for the defendant, it is ordered and decreed that ........................................ and that the sum of Rs ......................................... be paid by the...................................... to the ............................on account of the costs of this suit, with interest thereon at the rate of ..................................per cent. per annum from this date to date of realization.

Given under my hand and the seal of the Court, this.................... day of.................................. 20…

*Judge.*

*Costs of Suit*

| Plaintiff | | | | Defendant | | | |
|---|---|---|---|---|---|---|---|
| | Rs. | A. | P. | | Rs. | A. | P. |
| 1. Stamp for plaint……….. | | | | Stamp for power……………... | | | |
| 2. Do. for power…………… | | | | Do. for petition……… | | | |
| 3. Do. for exhibits………… | | | | Pleader's fee………… | | | |
| 4. Pleader's fee on Rs. ...... | | | | Subsistence for witnesses… | | | |
| 5. Subsistence for witnesses.. | | | | Service of process……… | | | |
| 6. Commissioner's fee…… | | | | Commissioner's fee……….. | | | |
| 7. Service of process…….. | | | | | | | |
| Total | | | | Total | | | |

### No. 2

SIMPLE MONEY DECREE

(Section 34)

(*Title*)

Claim for.............................................................................................................................

THIS suit coming on this........................day for final disposal before..........in the presence of .............................for the plaintiff and of.................for the defendant; It is ordered that the..................do pay to the................. the sum of Rs............... with interest thereon at the rate of......................per cent. per annum from....................................to the date of realization of the said sum and do also pay Rs.................... , the costs of this suit, with interest thereon at the rate of…….per cent. per annum from this date to the date of realization.

Given under my hand and the seal of the Court, this.......................... day of...................20

*Judge.*

*Costs of Suit*

| Plaintiff | | | | Defendant | | | |
|---|---|---|---|---|---|---|---|
| | Rs. | A. | P. | | Rs. | A. | P. |
| 1. Stamp for plaint............. | | | | Stamp for power...... | | | |
| 2. Do. for power............ | | | | Do. for petition ....... | | | |
| 3. Do. for exhibit........... | | | | Pleader's fee ......... | | | |
| 4. Pleader's fee on Rs............ | | | | Subsistence for witnesses | | | |
| 5. Subsistence for | | | | Service of process ... | | | |
| 6. Commissioner's fee.......... | | | | Commissioner's ..... | | | |
| 7. Service of process............. | | | | | | | |
| Total | | | | Total | | | |

[1][**No. 3**

PRELIMINARY DECREE FOR FORECLOSURE

(Order XXXIV, rule 2.—Where accounts are directed to be taken.)

(*Title*)

This suit coming on this................................day, etc.; It is hereby ordered and decreed that it be referred to..................... as the Commissioner to take the accounts following:—

(*i*) an account of what is due on this date to the plaintiff for principal and interest on his mortgage mentioned in the plaint (such interest to be computed at the rate payable on the principal or where no such rate is fixed, at six per cent. per annum or at such rate as the Court deems reasonable);

(*ii*) an account of the income of the mortgaged property received up to this date by the plaintiff or by any other person by the order or for the use of the plaintiff or which without the wilful default of the plaintiff or such person might have been so received;

(*iii*) an account of all sums of money properly incurred by the plaintiff up to this date for costs, charges and expenses (other than the costs of the suit) in respect of the mortgage-security, together with interest thereon (such interest to be computed at the rate agreed between the parties, or, failing such rate, at the same rate as is payable on the principal, or, failing both such rates, at nine per cent. per annum);

(*iv*) an account of any loss or damage caused to the mortgaged property before this date by any act or omission of the plaintiff which is destructive of, or permanently injurious to, the property or by his failure to perform any of the duties imposed upon him by any law for the time being in force or by the terms of the mortgage-deed.

2. And it is hereby further ordered and decreed that any amount received under clause (*ii*) or adjudged due under clause (*iv*) above, together with interest thereon, shall first be adjusted against any sums paid by the plaintiff under clause (*iii*) together with interest thereon, and the balance, if any, shall be added to the mortgage-money or, as the case may be, debited in reduction of the amount due to the plaintiff on

1. Subs. by Act 21 of 1929, s. 8 and Sch., for the original forms 3 to 11.

account of interest on the principal sum adjudged due, and thereafter in reduction or discharge of the principal.

3. And it is hereby further ordered that the said Commissioner shall present the account to this Court with all convenient despatch after making all just allowances on or before the............................................................day of........... and that upon such report of the Commissioner being received, it shall be confirmed and countersigned, subject to such modification as may be necessary after consideration of such objections as the parties to the suit may make.

4. And it is hereby further ordered and decreed—

(*i*) that the defendant do pay into Court on or before the............................... day of.............................., or any later date up to which time for payment may be extended by the Court, such sum as the Court shall fined due, and the sum of Rs....................... for the costs of the suit awarded to the plaintiff.

(*ii*) that, on such payment and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the plaintiff shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the defendant, or to such person as he appoints, and the plaintiff shall, if so required, re-convey or re-transfer the said property free from the said mortgage and clear of and from all incumbrances created by the plaintiff or any person claiming under him or any person under whom he claims and free from all liability whatsoever or arising from the mortgage or this suit and shall, if so required, deliver up to the defendant quiet and peaceable possession of the said property.

5. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the plaintiff shall be at liberty to apply to the Court for a final decree that the defendant shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the schedule annexed hereto and shall, if so required, deliver up to the plaintiff quiet and peaceable possession of the said property; and that the parties shall be at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property*]

[1]**[No. 3A**

PRELIMINARY DECREE FOR FORECLOSURE

(Order XXXIV, rule 2.—Where the Court declares the amount due.)

(*Title*)

This suit coming on this............................... day, etc.; It is hereby declared that the amount due to the plaintiff on his mortgage mentioned in the plaint calculated up to this ................................................day of..................... is the sum of Rs........................ for principal, the sum of Rs.................... for interest on the said principal, the sum of Rs. ........................ for costs, charges and expenses (other than the costs of the suit) properly incurred by the plaintiff in respect of the mortgage-security, together with interest thereon, and the sum of Rs........ for the costs of this suit awarded to the plaintiff, making in all sum of Rs...........

2. And it is hereby ordered and decreed as follows:—

(*i*) that the defendant do pay into Court on or before the..................................day of...........or any later date up to which time for payment may be extended by the Court of the said sum of Rs....................,

1. Subs. by Act 21 of 1929, s. 8 and the Sch., for Forms 3 to 11.

(*ii*) that, on such payment and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908 (5 of 1908), the plaintiff shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the defendant, or to such person as he appoints, and the plaintiff shall, if so required, re-convey or re-transfer the said property free from the said mortgage and clear of and from all incumbrances created by the plaintiff or any person claiming under him or any person under whom he claims and free from all liability whatsoever arising from the mortgage or this suit and shall, if so required, deliver up to the defendant quiet and peaceable possession of the said property.

3. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the plaintiff may apply to the Court for a final decree that the defendant shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the Schedule annexed hereto and shall, if so required, deliver up to the plaintiff quiet and peaceable possession of the said property; and that the parties shall be at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property*]

[1][**No. 4**

FINAL DECREE FOR FORECLOSURE

(Order XXXIV, rule 3.)

(*Title*)

Upon reading the preliminary decree passed in this suit on the……… day of................................. and further orders (if any) dated the…………..day of……………....and the application of the plaintiff dated the……………day of……………........for a final decree and after hearing the parties and it appearing that the payment directed by the said decree and orders has not been made by the defendant or any person on his behalf or any other person entitled to redeem the said mortgage.

It is hereby ordered and decreed that the defendant and all persons claiming through or under him be and they are hereby absolutely debarred and foreclosed of and from all right of redemption of and in the property in the aforesaid preliminary decree mentioned; *[and *(if the defendant be in possession of the said mortgaged property)* that the defendant shall deliver to the plaintiff quiet and peaceable possession of the said mortgaged property].

2. And it is hereby further declared that the whole of the liability whatsoever of the defendant up to this day arising from the said mortgage mentioned in the plaint or from this suit is hereby discharged and extinguished.

*Schedule*

(*Description of the Mortgage Property*).]

[1][**No. 5**

PRELIMINARY DECREE FOR SALE

(Order XXXIV, rule 4.—Where accounts are directed to be taken.)

(*Title*)

This suit coming on this..................................day, etc; It is hereby ordered and decreed that it be referred to...................as the Commissioner to take the accounts following:—

(*i*) an account of what is due on this date to the plaintiff for principal and interest on his mortgage mentioned in the plaint (such interest to be computed at the rate payable on the principal or where no such rate is fixed, at six per cent. per annum or at such rate as the Court deems reasonable);

(*ii*) an account of the income of the mortgaged property received up to this date by the plaintiff or by any other person by the order or for the use of the plaintiff or which without the wilful default of the plaintiff or such person might have been so received;

1. Subs. by Act 21 of 1929, s. 8 and the Sch., for Forms 3 to 11.
* Words not required to be deleted.

(*iii*) an account of all sums of money properly incurred by the plaintiff up to this date for costs, charges and expenses (other than the costs of the suit) in respect of the mortgage-security, together with interest thereon (such interest to be computed at the rate agreed between the parties, or, failing such rate, at the same rate as is payable on the principal, or, failing both such rates, at nine per cent. per annum);

(*iv*) an account of any loss or damage caused to the mortgaged property before this date by any act or omission of the plaintiff which is destructive of, or permanently injurious to, the property or by his failure to perform any of the duties imposed upon him by any law for the time being in force or by the terms of the mortgage-deed.

2. And it is hereby further ordered and decreed that any amount received under clause *(ii)* or adjudged due under clause *(iv)* above, together with interest thereon, shall first be adjusted against any sums paid by the plaintiff under clause *(iii),* together with interest thereon, and the balance, if any, shall be added to the mortgage-money or, as the case may be, be debited in reduction of the amount due to the plaintiff on account of interest on the principal sum adjudged due and thereafter in reduction or discharge of the principal.

3. And it is hereby further ordered that the said Commissioner shall present the account to this Court with all convenient despatch after making all just allowances on or before the..............day of.........., and that upon such report of the Commissioner being received, it shall be confirmed and countersigned, subject to such modification as may be necessary after consideration of such objections as the parties to the suit may make.

4. And it is hereby further ordered and decreed—

(*i*) that the defendant do pay into Court on or before the...............day of.................................................or any later date up to which time for payment may be extended by the Court, such sum as the Court shall find due and the sum of Rs.............for the costs of the suit awarded to the plaintiff;

(*ii*) that on such payment and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit, and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the plaintiff shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the defendant, or to such person as he appoints, and the plaintiff shall, if so required, re-convey or re-transfer the said property free from the mortgage and clear of and from all incumbrances created by the plaintiff or any person claiming under him or any person under whom he claims and shall, if so required, deliver up to the defendant quite and peaceable possession of the said property.

5. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the plaintiff may apply to the Court for a final decree for the sale of the mortgaged property; and on such application being made the mortgaged property or a sufficient part thereof shall be directed to be sold; and for the purposes of such sale the plaintiff shall produce before the Court, or such officer as it appoints, all documents in his possession or power relating to the mortgaged property.

6. And it is hereby further ordered and decreed that the money realised by such sale shall be paid into Court and shall be duly applied (after deduction therefrom of the expenses of the sale) in payment of the amount payable to the plaintiff under this decree and under any further orders that may be passed in this suit and in payment of any amount which the Court may adjudge due to the plaintiff in respect of such costs of the suit, and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to the defendant or other persons entitled to receive the same.

7. And it is hereby further ordered and decreed that, if the money realised by such sale shall not be sufficient or payment in full of the amount payable to the plaintiff as aforesaid, the plaintiff shall be at liberty (where such remedy is open to him under the terms of his mortgage and is not barred by any law for the time being in force) to apply for a personal decree against the defendant for the amount of the balance; and that the parties are at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property.*]

[1][**No. 5A**

PRELIMINARY DECREE FOR SALE

(Order XXXIV, rule 4.—When the Court declares the amount due.)

(*Title*)

This suit coming on this..................day, etc.; It is hereby declared that the amount due to the plaintiff on the mortgage mentioned in the plaint calculated up to this................... day of........................is the sum of Rs................ for principal, the sum of Rs.............................for interest on the said principal, the sum of Rs........ for costs, charges and expenses (other than the costs of the suit) properly incurred by the plaintiff in respect of the mortgage-security, together with interest thereon, and the sum of Rs.............................for the costs of the suit awarded to the plaintiff, making in all the sum of Rs...........

2. And it is hereby ordered and decreed as follows:—

(i) that the defendant do pay into Court on or before the.............. day of........................... or any later date up to which time for payment may be extended by the Court, the said sum of Rs.............;

(ii) that on such payment and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the plaintiff shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the defendant, or to such person as he appoints, and the plaintiff shall, if so required, re-convey or re-transfer the said property free from the said mortgage and clear of and from all incumbrances created by the plaintiff or any person claiming under him or any person under whom he claims and shall, if so required, deliver up to the defendant quite and peaceable possession of the said property.

3. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the plaintiff may apply to the Court for a final decree for the sale of the mortgaged property; and on such application being made, the mortgaged property or a sufficient part thereof shall be directed to be sold; and for the purposes of such sale the plaintiff shall produce before the Court or such officer as it appoints all documents in his possession or power relating to the mortgaged property.

4. And it is hereby further ordered and decreed that the money realised by such sale shall be paid into Court and shall be duly applied (after deduction herefrom of the expenses of the sale) in payment of the amount payable to the plaintiff under this decree and under any further orders that may be passed in this suit and in payment of any amount which the Court may adjudge due to the plaintiff in respect of such costs of the suit, and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to the defendant or other persons entitled to receive the same.

5. And it is hereby further ordered and decreed that, if the money realised by such sale shall not be sufficient or payment in full of the amount payable to the plaintiff as aforesaid, the plaintiff shall be at liberty (where such remedy is open to him under the terms of his mortgage and is not barred by any law for the time being in force) to apply for a personal decree against the defendant for the amount of the balance; and that the parties are at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property.*]

1. Subs. by Act 21 of 1929, s. 8 and the Sch., for Form 3 to 11.

[1][**No. 6**

FINAL DECREE FOR SALE

(Order XXXIV, rule 5.)

*(Title)*

Upon reading the preliminary decree passed in this suit on the.........day of.............. and further orders (if any) dated the ........ day of........ and the application of the plaintiff dated the........day........ of for a final decree and after hearing the parties and it appearing that the payment directed by the said decree and orders has not been made by the defendant or any person on his behalf or any other person entitled to redeem the mortgage.

It is hereby ordered and decreed that the mortgaged property in the aforesaid preliminary decree mentioned or a sufficient part thereof be sold and that for the purposes of such sale the plaintiff shall produce before the Court or such officer as it appoints all documents in his possession or power relating to the mortgaged property.

2. And it is hereby further ordered and decreed that the money realised by such sale shall be paid into the Court and shall be duly applied (after deduction therefrom of the expenses of the sale) in payment of the amount payable to the plaintiff under the aforesaid preliminary decree and under any further orders that may have been passed in this suit and in payment of any amount which the Court may have adjudged due to the plaintiff for such costs of the suit including the costs of this application and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to the defendant or other persons entitled to receive the same.]

[1][**No. 7**

PRELIMINARY DECREE FOR REDEMPTION WHERE ON DEFAULT OF PAYMENT BY MORTGAGOR A DECREE FOR FORECLOSURE IS PASSED

(Order XXXIV, rule 7.—Where accounts are directed to be taken.)

(*Title*)

This suit coming on this......... day, etc.; It is hereby ordered and decreed that it be referred to............ as the Commissioner to take the account following:—

(*i*) an account of what is due on this date to the defendant for principal and interest on the mortgage mentioned in the plaint (such interest to be computed at the rate payable on the principal or where no such rate is fixed, at six per cent. per annum or at such rate as the Court deems reasonable);

(*ii*) an account of the income of the mortgaged property received up to this date by the defendant or by any other person by order or for the use of the defendant or which without the wilful default of the defendant or such person might have been so received;

(*iii*) an account of all sums of money property incurred by the defendant up to this date for costs, charges and expenses (other than the costs of the suit) in respect of the mortgage-security, together with interest thereon (such interest to be computed at the rate agreed between the parties, or failing such rate, at the same rate as is payable on the principal, or, failing both such rates, at nine per cent. per annum);

(*iv*) an account of any loss or damage caused to the mortgaged property before this date by any act or omission of the defendant which is destructive of, or permanently injurious to, the property or by his failure to perform any of the duties imposed upon him by any law for the time being in force or by the terms of the mortgage-deed.

2. It is hereby further ordered and decreed that any amount received under clause *(ii)* or adjudged due under clause *(iv)* above together with interest thereon, shall be adjusted against any sums paid by the defendant under clause *(iii)* together with interest thereon, and the balance, if any, shall be added to the mortgage-money or, as the case may be, be debited in reduction of the amount due to the defendant on

1. Subs. by Act 21 of 1929, s. 9 and the Sch., for Forms 3 to 11.

account of interest on the principal sum adjudged due and thereafter in reduction or discharge of the principal.

3. And it is hereby further ordered that the said Commissioner shall present the account to this Court with all convenient despatch after making all just allowances on or before the..........................day of…………………, and that upon such report of the Commissioner being received, it shall be confirmed and countersigned, subject to such modification as may be necessary after consideration of such objections as the parties to the suit may make.

4. And it is hereby further ordered and decreed—

(*i*) that the plaintiff do pay into Court on or before the ......... day of ........., or any later date up to which time for payment may be extended by the Court, such sum as the Court shall find due and the sum of Rs. ......... for the costs of the suit awarded to the defendant;

(*ii*) that, on such payment, and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit, and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the defendant shall bring into Court all documents in his possession or power relating to the mortgaged property, in the plaint mentioned, and all such documents shall be delivered over to the plaintiff, or to such person as he appoints, and the defendant shall, if so required, re-convey or re-transfer the said property free from the said mortgage and clear of and from all in-cumbrances created by the defendant or any person claiming under him or any person under whom he claims and free from all liability whatsoever arising from the mortgage or this suit and shall, if so required, deliver up to the plaintiff quiet and peaceable possession of the said property.

5. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the defendant shall be at liberty to apply to the Court for a final decree that the plaintiff shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the Schedule annexed hereto and shall, if so required, deliver up to the defendant quiet and peaceable possession of the said property; and that the parties shall be at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property*]

[1][**No. 7A**

PRELIMINARY DECREE FOR REDEMPTION WHERE ON DEFAULT OF PAYMENT BY MORTGAGOR DECREE A DECREE FOR SALE IS PASSED

(Order XXXIV, rule 7.—Where accounts are directed to be taken.)

(*Title*)

This suit coming on this .........day, etc.; It is hereby ordered and decreed that it be referred to ……. as the Commissioner to take the accounts following :—

(*i*) an account of what is due on this date to the defendant for principal and interest on the mortgage mentioned in the plaint (such interest to be computed at the rate payable on the principal or where no such rate is fixed, at six per cent. per annum or at such rate as the Court deems reasonable);

*(ii)* an account of the income of the mortgaged property received up to this date by the defendant or by any other person by the order or for the use of the defendant or which without the wilful default of the defendant or such person might have been so received;

(*iii*) an account of all sums of money property incurred by the defendant up to this date for costs, charges and expenses (other than the costs of the suit) in respect of the mortgage-security, together with interest thereon (such interest to be computed at the rate agreed between the parties, or failing such rate, at the same rate as is payable on the principal, or, failing both such rates, at nine per cent. per annum);

1. Subs. by Act 21 of 1929, s. 8 and the Sch., for Forms 3 to 11.

(*iv*) an account of any loss or damage caused to the mortgaged property before this date by any act or omission of the defendant which is destructive of, or permanently injurious to, the property or by his failure to perform any of the duties imposed upon him by any law for the time being in force or by the terms of the mortgage-deed.

2. And it is hereby further ordered and decreed that any amount received under clause (*ii*) or adjudged due under clause (*iv*) above, together with interest thereon, shall first be adjusted against any sums paid by the defendant under clause (*iii*) together with interest thereon, and the balance, if any, shall be added to the mortgage-money, or, as the case may be, be debited in reduction of the amount due to the defendant on account of interest on the principal sum adjudged due and thereafter in reduction or discharge of the principal.

3. And it is hereby further ordered that the said Commissioner shall present the account to this Court with all convenient despatch after making all just allowances on or before the …………… day of……………, and that, upon such report of the Commissioner being received, it shall be confirmed and countersigned, subject to such modification as may be necessary after consideration of such objections as the parties to the suit may make.

4. And it is hereby further ordered and decreed—

(*i*) that the plaintiff do pay into Court on or before the ……………… day of ………….. or any later date up to which time for payment may be extended by the Court, such sum as the Court shall find due and the sum of Rs. ………………… for the costs of the suit awarded to the defendant;

(*ii*) that, or such payment and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the defendant shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the plaintiff, or to such person as he appoints, and the defendant shall, if so required, re-convey or re-transfer the said property free from the said mortgage and clear of and from all incumbrances created by the defendant or any person claiming under him or any person under whom the claims and shall, if so required, deliver up to the plaintiff quiet and peaceable possession of the said property.

5. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the defendant may apply to the Court for a final decree for the sale of the mortgaged property; and on such application being made, the mortgaged property or a sufficient part thereof shall be directed to be sold; and for the purposes of such sale the defendant shall produce before the Court or such officer as it appoints, all documents in his possession of power relating to the mortgaged property.

6. And it is hereby further ordered and decreed that the money realised by such sale shall be paid into Court and shall be duly applied (after deduction therefrom of the expenses of the sale) in payment of the amount payable to the defendant under this decree and under any further orders that may be passed in his suit and in payment of any amount which the Court may adjudge due to the defendant in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to the plaintiff or other persons entitled to receive the same.

7. And it is hereby further ordered and decreed that, if the money realised by such sale shall not be sufficient for payment in full of the amount payable to the defendant as aforesaid, the defendant shall be at liberty (where such remedy is open to him under the terms of his mortgage and is not barred by any law for the time being in force) to apply for a personal decree against the plaintiff for the amount of the balance; and the parties are at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

(*Description of the mortgaged property*).]

[1][**No. 7B**

PRELIMINARY DECREE FOR REDEMPTION WHERE ON DEFAULT OF PAYMENT BY MORTGAGOR A DECREE FOR FORECLOSURE IS PASSED

(Order XXXIV, rule 7.—Where the Court declares the amount due.)

(*Title*)

This suit coming on this …………. day, etc.; It is hereby declared that the amount due to the defendant on the mortgage mentioned in the plaint calculated up to this …….. day of ………… is the sum of Rs. ………… for principal, the sum of Rs. ………… for interest on the said principal, the sum of Rs. ………... for costs, charges and expenses (other than the costs of the suit) properly incurred by the defendant in respect of the mortgage-security together with interest thereon, and the sum of Rs. ……..…… for the costs of the suit awarded to the defendant, making in all the sum of Rs. ……………

2. And it is hereby ordered and decreed as follows:—

(*i*) that the plaintiff do pay into Court on or before the………….. day of ………… or any later date up to which time for payment may be extended by the Court the said sum of Rs. ……………

(*ii*) that, on such payment and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such cost of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the defendant shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the plaintiff, or to such person as he appoints, and the defendant shall, if so required, re-convey or re-transfer the said property free from the said mortgage and clear of and from all incumbrances created by the defendant or any person claiming under him or any person under whom he claims, and free from all liability whatsoever arising from the mortgage or this suit and shall, if so required, deliver up to the plaintiff quiet and peaceable possession of the said property.

3. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the defendant may apply to the Court for a final decree that the plaintiff shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the Schedule annexed hereto and shall, if so required, deliver up to the defendant quiet and peaceable possession of the said property; and that the parties shall be at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property*]

[1][**No. 7C**

PRELIMINARY DECREE FOR REDEMPTION WHERE ON DEFAULT OF PAYMENT BY MORTGAGOR A DECREE FOR SALE IS PASSED

(Order XXXIV, rule 7.—Where the Court declares the amount due.)

(*Title*)

This suit coming on this …………… day, etc.; It is hereby declared that the amount due to the defendant on the mortgage mentioned in the plaint calculated up to this ………… day of ……….. is the sum of Rs. ………….. for principal, the sum of Rs. ………... for interest on the said principal, the sum of Rs. ………….. for costs, charges and expenses (other than the costs of the suit) properly incurred by the defendant in respect of mortgage-security together with interest thereon, and the sum of Rs. ………… for the cost of this suit awarded to the defendant, making in all the sum of Rs. ……………

2. And it is hereby ordered and decreed as follows:—

(*i*) that the plaintiff do pay into Court on or before the ………… day of …………… or any later date up to which time for payment may he extended by the Court the said sum of Rs. …………… ;

1. Subs. by Act 21 of 1929, s. 8 and Sch., for Forms 3 to 11.

(*ii*) that, on such payment and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the defendant shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the plaintiff or such person as he appoints, and the defendant shall, if so required, re-convey or re-transfer the said property to the plaintiff free from the said mortgage and clear of and from all incumbrances created by the defendant or any person claiming under him or any person under whom he claims and shall, if so required, deliver up to the plaintiff quiet and peaceable possession of the said property.

3. And it is hereby further ordered and decreed that, in default of payment as aforesaid, the defendant may apply to the Court for a final decree for the sale of the mortgaged property; and on such application being made, the mortgaged property or a sufficient part thereof shall be directed to be sold; and for the purposes of such sale the defendant shall produce before the Court or such officer as it appoints all documents in his possession or power relating to the mortgaged property.

4. And it is hereby further ordered and decreed that the money realised by such sale shall be paid into Court and shall be duly applied (after deduction therefrom of the expenses of the sale) in payment of the amount payable to the defendant under this decree and under any further orders that may be passed in this suit and in payment of any amount which the Court may adjudge due to the defendant in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to the plaintiff or other persons entitled to the same.

5. And it is hereby further ordered and decreed that, if the money realised by such sale shall not be sufficient for the payment in full of the amount payable to the defendant as aforesaid, the defendant shall be at liberty (where such remedy is open to him under the terms of the mortgage and is not barred by any law for the time being in force) to apply for a personal decree against the plaintiff for the amount of the balance; and that the parties are at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property*]

[1][**No. 7D**

FINAL DECREE FOR FORECLOSURE IN A REDEMPTION SUIT ON DEFAULT OF PAYMENT BY MORTGAGOR

(Order XXXIV, rule 8.)

(*Title*)

Upon reading the preliminary decree in this suit on the ................ day of ............. and further order (if any) dated the ................ day of .................. , and the application of the defendant dated the ............ day of ................ for a final decree and after hearing the parties, and it appearing that the payment as directed by the said decree and orders has not been made by the plaintiff or any person on his behalf or any other person entitled to redeem the mortgage.

It is hereby ordered and decreed that the plaintiff and all persons claiming through or under him be and they are hereby absolutely debarred and foreclosed of and from all right of redemption of and in the property in the aforesaid preliminary decree mentioned *[and (*if the plaintiff be in possession of the said mortgaged property*) that the plaintiff shall deliver to the defendant quit and peaceable possession of the said mortgaged property].

2. And it is hereby further declared that the whole of the liability whatsoever of the plaintiff up to this day arising from the said mortgage mentioned in the plaint or from this suit is hereby discharge and extinguished.

1. Subs. by Act 21 of 1929, s. 8 and Sch., for Forms 3 to 11.

* Words not required to be deleted.

[1][**No. 7E**

FINAL DECREE FOR SALE IN A REDEMPTION ON SUIT ON DEFAULT OF PAYMENT BY MORTGAGOR

(Order XXXIV, rule 8)
(*Title*)

Upon reading the preliminary decree in this suit on the ……………. day of ……………….. and further order (if any) dated the …………….. day of ……………….. , and the application of the defendant dated the …………….. day of ……………… for a final decree and after hearing the parties, and it appearing that the payment directed by the said decree and orders has not been made by the plaintiff or any person on his behalf or any other person entitled to redeem the mortgage;

It is hereby ordered and decreed that the mortgaged property in the aforesaid preliminary decree mentioned or a sufficient part thereof be sold and that for the purposes of such sale the defendant shall produce before the Court, or such officer as it appoints, all documents in his possession or power relating to the mortgaged property.

2. And it is hereby further ordered and decreed that the money realised by such sale shall be paid into Court and shall be duly applied (after deduction therefrom of the expenses of the sale) in payment of the amount payable to the defendant under the aforesaid preliminary decree and under any further orders that may have been passed in this suit and in payment of any amount which the Court may have adjudged due to the defendant for such costs of this suit including the costs of this application and such costs, charges and expenses as may be payable under rule 10, together with the subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to the plaintiff or other persons entitled to receive the same.]

[1][**No. 7F**

FINAL DECREE IN A SUIT FOR FORECLOSURE, SALE OR REDEMPTION WHERE THE MORTGAGOR PAYS THE AMOUNT OF THE DECREE

(Order XXXIV, rule 3, 5 and 8)
(*Title*)

This suit coming on this ................................ day for further consideration and it appearing that on the …………….. day of ……………….. the mortgagor or …………….. , the same being a person entitled to redeem, has paid into Court all amounts due to the mortgagee under the preliminary decree dated the …………………. day of ……………….. ; It is hereby ordered and decreed that:—

(*i*) the mortgagee do execute a deed of re-conveyance of the property in the aforesaid preliminary decree mentioned in favour of the mortgagor *[or, as the case may be, ……………….. who has redeemed the property] or an acknowledgement of the payment of the amount due in his favour;

(*ii*) the mortgagee do bring into Court all documents in his possession and power relating to the mortgaged property in the suit.

2. And it is hereby further ordered and decreed that upon the mortgagee executing the deed of re-conveyance or acknowledgement in the manner aforesaid,—

(*i*) the said sum of Rs. ……………… be paid out of Court to the mortgagee;

(*ii*) the said deeds and documents brought into the Court be delivered out of Court to the mortgagor *[or the person making the payment] and the mortgagee do, when so required, concur in registering, at the cost of the mortgagor *[or other person making the payment], the said deed of re-conveyance or the acknowledgement in the office of the Sub-Registrar of ……………….; and

(*iii*) *[if the mortgagee, plaintiff or defendant, as the case may be, is in possession of the mortgaged property] that the mortgagee do forthwith deliver possession of the mortgaged property in

1. Subs. by Act 21 of 1929, s. 8 and Sch., for Forms 3 to 11.
* Words not required to be deleted.

the aforesaid preliminary decree mentioned to the mortgagor *[or such person as aforesaid who has made the payment].

[1][**No. 8**

DECREE AGAINST MORTGAGOR PERSONALLY FOR BALANCE AFTER THE SALE OF THE MORTGAGED PROPERTY

(Order XXXIV, rules 6 and 8A)

(*Title*)

Upon reading the application of the mortgagee (the plaintiff or defendant, as the case may be) and reading the final decree passed in the suit on the ................... day of ........................ and the Court being satisfied that the net proceeds of the sale held under the aforesaid final decree amounted to Rs. ............ and have been paid to the applicant out of the Court on the ..................... day of ..................... and that the balance now due to him under the aforesaid decree is Rs. ............ ;

And whereas it appears to the Court that the said sum is legally recoverable from the mortgagor (plaintiff or defendant, as the case may be) personally;

It is hereby ordered and decreed as follows:—

That the mortgagor (plaintiff or defendant, as the case may be) do pay to the mortgagee (defendant or plaintiff, as the case may be) the said sum of Rs. ............ with further interest at the rate of six per cent. per annum from the .................... day of ..................... (the date of payment out of Court referred to above) up to the date of realisation of the said sum, and the costs of this application.]

[1][**No. 9**

PRELIMINARY DECREE FOR FORECLOSURE OF SALE

[Plaintiff . . . . . . . . . . . . 1st Mortgagee,

*vs*

Defendant No. 1 . . . . . . . . . . . Mortgagor,

Defendant No. 2 . . . . . . . . . . . 2nd Mortgagee.]

(Order XXXIV, rules 2 and 4)

*(Title)*

The suit coming on this ............... day, etc; It is hereby declared that the amount due to the plaintiff on the mortgage mentioned in the plaint calculated up to this day of ................. is the sum of Rs. ...................... for principal, the sum of Rs. ..................... for interest on the said principal, the sum of Rs. ................. for costs, charges and expenses (other than the costs of the suit) incurred by the plaintiff in respect of the mortgage-security with interest thereon and sum of Rs. .............. for the costs of this suit awarded to the plaintiff, making in all the sum of Rs. ................. .

*(Similar declarations to be introduced with regard to the amount due to defendant No. 2 in respect of his mortgage if the mortgage-money due thereunder has become payable at the date of the suit.)*

2. It is further declared that the plaintiff is entitled to payment of the amount due to him in priority to defendant No. 2 *[or (if there are several subsequent mortgagees) that the several parties hereto are entitled in the following order to the payment of the sums due to them respectively:—].

3. And it is hereby ordered and decreed as follows:—

(*i*) (*a*) that defendants or one of them do pay into Court on or before the ......................... day of ................ or any later date up to which time for payment has been extended by the Court the said sum of Rs. ................ due to the plaintiff; and

1. Subs. by Act 21 of 1929, s. 8 and Sch., for Forms 3 to 11.
* Words not required to be deleted.

(*b*) that defendant No. 1 do pay into Court on or before the day of …………………… or any later date up to which time for payment has been extended by the Court the said sum of Rs. …………… due to defendant No. 2; and

(*ii*) that, on payment of the sum declared to be due to the plaintiff by defendants or either of them in the manner prescribed in clause (*i*) (*a*) and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, the plaintiff shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned, and all such documents shall be delivered over to the defendant No……… (who has made the payment), or to such person as he appoints, and the plaintiff shall, if so required, re-convey or re-transfer the said property free from the said mortgage and clear of and from all incumbrances created by the plaintiff or any person claiming under him or any person under whom he claims, and also free from all liability whatsoever arising from the mortgage or this suit and shall, if so required, deliver up to the defendant No……… (who has made the payment) quiet and peaceable possession of the said property.

(*Similar declarations to be introduced, if defendant No. 1 pays the amount found or declared to be due to defendant No. 2 with such variations as may be necessary having regard to the nature of his mortgage*).

4. And it is hereby further ordered and decreed that, in default of payment as aforesaid of the amount due to the plaintiff, the plaintiff shall be at liberty to apply to the Court for a final decree—

(*i*) *[*in the case of a mortgage by conditional sale or an anomalous mortgage where the only remedy provided for in the mortgage-deed is foreclosure and not sale*] that the defendants jointly and severally shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the Schedule annexed hereto and shall, if so required, deliver to the plaintiff quiet and peaceable possession of the said property; or

(*ii*) *[*in the case of any other mortgage*] that the mortgaged property or a sufficient part thereof shall be sold; and that for the purposes of such sale the plaintiff shall produce before Court or such officer as it appoints, all documents in his possession or power relating to the mortgaged property; and

(*iii*) *[*in the case where a sale is ordered under clause 4 (ii) above*] that the money realised by such sale shall be paid into Court and be duly applied (after deduction therefrom of the expenses of the sale) in payment of the amount payable to the plaintiff under this decree and under any further orders that may have been passed in this suit and in payment of the amount which the Court may adjudge due to the plaintiff in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be applied in payment of the amount due to defendant No. 2; and that if any balance be left, it shall be paid to the defendant No. 1 or other persons entitled to receive the same; and

(*iv*) that, if the money realised by such sale shall not be sufficient for payment in full of the amounts due to the plaintiff and defendant No. 2, the plaintiff or defendant No. 2 or both of them, as the case may be, shall be at liberty (when such remedy is open under the terms of their respective mortgages and is not barred by any law for the time being in force) to apply for a personal decree against defendant No. 1 for the amounts remaining due to them respectively.

---

* Words not required to be deleted.

5. And it is hereby further ordered and decreed—

(*a*) that if defendant No. 2 pays into Court to the credit of this suit the amount adjudged due to the plaintiff, but defendant No. 1 makes default in the payment of the said amount, defendant No. 2 shall be at liberty to apply to the Court to keep the plaintiff's mortgage alive for his benefit and to apply for a final decree (*in the same manner as the plaintiff might have done under clause* 4 *above*)—

*[(*i*) that defendant No. 1 shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the Schedule annexed hereto and shall, if so required, deliver up to defendant No. 2 quiet and peaceable possession of the said property;] or

*[(*ii*) that the mortgaged property or a sufficient part thereof be sold and that for the purposes of such sale defendant No. 2 shall produce before the Court or such officer as it appoints, all documents in his possession or power relating to the mortgaged property;] and

(*b*) (if on the application of defendant No. 2 such a final decree for foreclosure is passed), that the whole of the liability of defendant No. 1 arising from the plaintiff's mortgage or from the mortgage of defendant No. 2 or from this suit shall be deemed to have been discharged and extinguished.

6. And it is hereby further ordered and decreed * [*in the case where a sale is ordered under clause 5 above*]—

(*i*) that the money realised by such sale shall be paid into Court and be duly applied (after deduction therefrom of the expenses of the sale) first in payment of the amount paid by defendant No. 2 in respect of the plaintiff's mortgage and the costs of the suit in connection therewith and in payment of the amount which the Court may adjudge due in respect of subsequent interest on the said amount; and that the balance, if any, shall then be applied in payment of the amount adjudged due to defendant No. 2 in respect of his own mortgage under this decree and any further orders that may be passed and in payment of the amount which the Court may adjudge due in respect of such costs of this suit and such costs, charges and expenses as may be payable to defendant No. 2 under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to defendant No. 1 or other persons entitled to receive the same; and

(*ii*) that, if the money realised by such sale shall not be sufficient for payment in full of the amount due in respect of the plaintiff's mortgage or defendant No. 2's mortgage, defendant No. 2 shall be at liberty (where such remedy is open to him under the terms of his mortgage and is not barred by any law for the time being in force) to apply for a personal decree against No. 1 for the amount of the balance.

7. And it is hereby further ordered and decreed that the parties are at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property*

[1][**No. 10**

PRELIMINARY DECREE FOR REDEMPTION OF PRIOR MORTGAGE AND FORECLOSURE OR SALE ON SUBSEQUENT MORTGAGE

[Plaintiff . . . . . . . 2nd Mortgagee,

*vs.*

Defendant No. 1. . . . . . . Mortgagor,

Defendant No. 2 . . . . . . 1st Mortgagee].

1. Subs. by Act 21 of 1929, s. 8 and Schedule, for Forms 3 to 11.

* Words not required to be deleted.

(Order XXXIV, rules 2, 4, and 7)

(*Title*)

The suit coming on this ……... day, etc.; It is hereby declared that the amount due to defendant No. 2 on the mortgage mentioned in the plaint calculated up to this ……..…. day of …………..…. is the sum of Rs. ……….....….. for principal, the sum of Rs. ……………. for interest on the said principal, the sum of Rs. ………….. for costs, charges and expenses (other than the costs of the suit) properly incurred by defendant No. 2 in respect of the mortgage-security with interest thereon and the sum of Rs. ………. for the costs of this suit awarded to defendant No. 2, making in all the sum of Rs. ………………

(*Similar declarations to be introduced with regard to the amount due from defendant No. 1 to the plaintiff in respect of his mortgage if the mortgage-money due thereunder has become payable at the date of the suit.*)

2. It is further declared that defendant No. 2 is entitled to payment of the amount due to him in priority to the plaintiff *[or ( if there are several subsequent mortgages) that the several parties hereto are entitled in the following order to the payment of the sums due to them respectively :—]

3. And it is hereby ordered and decreed as follows:—

(*i*) (*a*) that the plaintiff or defendant No. 1 or one of them do pay into Court on or before the …. day of ……………… or any later date up to which time for payment has extended by the Court the said sum of Rs. ……………… due to defendant No. 2; and

(*b*) that defendant No. 1 do pay into Court on or before the …………… day of …………….. or any later date up to which time for payment has been extended by the Court the said sum of Rs. ……….. due …………….. to the plaintiff; and

(*ii*) that, on payment of the sum declared due to defendant No. 2 by the plaintiff defendant No 1 or either of them in the manner prescribed in clause *(i)(a)* and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, defendant No. 2 shall bring into Court all documents in his possession or power relating to the mortgaged property in the plaint mentioned and all such documents shall be delivered over to the plaintiff or defendant No. 1 (whoever made the payment), or to such person as he appoints, and defendant No. 2 shall, if so required, reconvey or re-transfer the said property free from the said mortgage and clear of and from all incumbrances created by defendant No. 2 or any person claiming under him or any person under whom he claims, and also free from all liability whatsoever arising from the mortgage or this suit and shall, if so required, deliver up to the plaintiff or defendant No. 1 (whoever has made the payment) quiet and peaceable possession of the said property.

*(Similar declarations) to be introduced, if defendant No. 1 pays the amount found or declared due the plaintiff with such variations as may be necessary having regard to the nature of his mortgage.)*

4. And it is hereby further ordered and decreed that, in default of payment as aforesaid, of the amount due to defendant No. 2, defendant No. 2 shall be at liberty to apply to the Court that the suit be dismissed or a final decree—

(*i*) *[*in the case of a mortgage by conditional sale or an anomalous mortgage where the or remedy provided for in the mortgage-deed is foreclosure and not sale*] that the plaintiff and defendant No. 1 jointly and severally shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the Schedule annexed hereto and shall; if required, deliver to the defendant No. 2 quiet and peaceable possession of the said property; or

---

* Words not required to be deleted.

(*ii*) *[*in the case of any other mortgage*] that the mortgaged property or a sufficient part thereof shall be sold; and that for the purposes of such sale defendant No. 2 shall produce before the Court such officer as it appoints, all documents in his possession or power relating to the mortgaged property and

(*iii*) *[*in the case where a sale is ordered under clause 4 (ii) above*] that the money realised such sale shall be paid into Court and be duly applied (after deduction therefrom of the expenses of sale) in payment of the amount payable to defendant No. 2 under the decree and any further orders that may be passed in this suit and in payment of the amount which the Court may adjudge due to defendant No. 2 in respect of such costs of the suit and such costs, charges and expenses as may be payable to plaintiff under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908; and that the balance, if any, shall applied in payment of the amount due to the plaintiff and that, if any balance be left, it shall be paid defendant No. 1 or other persons entitled to receive the same; and

(*iv*) that, if the money realised by such sale shall not be sufficient for payment in full of the amounts due to defendant No. 2 and the plaintiff, defendant No. 2 or the plaintiff or both of them, as the case may be, shall be at liberty (when such remedy is open under the terms of their respective mortgages and is not barred by any law for the time being in force) to apply for a personal decree against defendant No. 1 for the amounts remaining due to them respectively.

5. And it is hereby further ordered and decreed,—

(*a*) that, if the plaintiff pays into Court to the credit of this suit the amount adjudged due to defendant No. 2 but defendant No. 1 makes default in the payment of the said amount, the plaintiff shall be at liberty to apply to the Court to keep defendant No. 2's mortgage alive for his benefit and to apply for final decree (*in the same manner as the defendant No. 2 might have done under clause 4 above*)—

*[(*i*) that defendant No. 1 shall thenceforth stand absolutely debarred and foreclosed of and from all right to redeem the mortgaged property described in the Schedule annexed hereto and shall, if so required, deliver up to the plaintiff quiet and peaceable possession of the said property]; or

*[(*ii*) that the mortgaged property or a sufficient part thereof be sold and that for the purposes of such sale the plaintiff shall produce before the Court or such officer as it appoints, all documents in his possession or power relating to the mortgaged property;] and

(*b*) (if on the application of defendant No. 2 such a final decree for foreclosure is passed), that the whole of the liability of defendant No. 1 arising from the plaintiff's mortgage or from the mortgage of defendant No. 2 or from this suit shall be deemed to have been discharged and extinguished.

6. And it is hereby further ordered and decreed (*in the case where a sale is ordered under clause 5 above*)—

(*i*) that the money realised by such sale shall be paid into Court and be duly applied (after deduction therefrom of the expenses of the sale) first in payment of the amount paid by the plaintiff in respect of defendant No. 2's mortgage and the cost of the suit in connection therewith and in payment of the amount which the Court may adjudge due in respect of subsequent interest on the said amount; and that the balance, if any, shall then be applied in payment of the amount adjudged due to the plaintiff in respect of his own mortgage under this decree and any further orders that may be passed and in payment of the amount which the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may by payable to the plaintiff under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be paid to defendant No. 1 or other persons entitled to receive the same; and

---

* Words not required to be deleted

(*ii*) that, if the money realised by such sale shall not be sufficient for payment in full of the amount due in respect of defendant No. 2's mortgage or the plaintiff's mortgage, defendant No. 2 shall be at liberty (where such remedy is open to him under the terms of his mortgage and is not barred by any law for the time being in force) to apply for a personal decree against defendant No. 1 for the amount of the balance.

7. And it is hereby further ordered and decreed that the parties are at liberty to apply to the Court from time to time as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*

*Description of the mortgaged property*]

[1][**No. 11**

PRELIMINARY DECREE FOR SALE

| | | |
|---|---|---|
| Plaintiff | . . . . . . . | Sub or derivative mortgagee |
| | *vs.* | |
| [Defendant No. 1 | . . . . . . | Mortgagor, |
| Defendant No. 2 | . . . . . . | Original Mortgagee.] |

(Order XXXIV, rule 4)

*(Title)*

This suit coming on the ……………….. day, etc.; It is hereby declared that the amount due to defendant No. 2 on his mortgage calculated up to this ………………… day of ……………. is the sum of Rs. ……………..… for principal, the sum of Rs. ……………… for interest on the said principal, the sum of Rs. …………….. for costs, charges and expenses (other than the costs of the suit) in respect of the mortgage-security together with interest thereon and the sum of Rs. …………… for the costs of the suit awarded to defendant No. 2, making in all the sum of Rs. ……………

(*Similar declarations to be introduced with regard to the amount due from defendant No. 2 to the plaintiff in respect of his mortgage.*)

2. And it is hereby ordered and decreed as follows:—

(*i*) that defendant No. 1 do pay into Court on or before the said ……….. day of ……….. or any later date of up to which time for payment may be extended by the Court the said sum of Rs. ……… due to defendant No. 2;

(*Similar declarations to be introduced with regard to the amount due to the plaintiff, defendant No. 2 being at liberty to pay such amount.*)

(*ii*) that, on payment of the sum declared due to defendant No. 2 by defendant No. 1 in the manner prescribed in clause 2 (*i*) and on payment thereafter before such date as the Court may fix of such amount as the Court may adjudge due in respect of such costs of the suit and such costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908 the plaintiff and defendant No. 2 shall bring into Court all documents in their possession or power relating to the mortgaged property in the plaint mentioned, and all such documents (except such as relate only to the sub-mortgage) shall be delivered over to defendant No. 1, or to such person as he appoints, and defendant No. 2 shall, if so required, re-convey or re-transfer the property to defendant No. 1 free from the said mortgage clear of and from all encumbrances created by defendant No. 2 or any person claiming under him or any person under whom he claims, and free from all liability

1. Subs. by Act 21 of 1929, s. 8 and Schedule, for Forms 3 to 11.
* Words not required to be deleted.

arising from the mortgage or this suit and shall, if so required, deliver up to defendant No. 1 quiet and peaceable possession of the said property; and

(*iii*) that, upon payment into the Court by defendant No. 1 of the amount due to defendant No. 2 the plaintiff shall be at liberty to apply for payment to him of the sum declared due to him together with any subsequent costs of the suit and other costs, charges and expenses, as may be payable under rule 10, together with such subsequent interests as may be payable under rule 11, of Order XXXIV of the First Schedule to the Code of Civil Procedure, 1908; and that the balance, if any, shall then be paid to defendant No. 2; and that if the amount paid into the Court be not sufficient to pay in full the sum due to the plaintiff, the plaintiff shall be at liberty (if such remedy is open to him by the terms of the mortgage and is not barred by any law for the time being in force) to apply for a personal decree against as defendant No. 2 for the amount of the balance.

3. And it is further ordered and decreed that if defendant No. 2 pays into Court to the credit of this suit the amount adjudged due to the plaintiff, the plaintiff shall bring into the Court all documents, etc., [as in sub-clause (*ii*) of clause 2].

4. And it is hereby further ordered and decreed that, in default of payment by defendant Nos. 1 and 2 as aforesaid, the plaintiff may apply to the Court for a final decree for sale, and on such application being made the mortgaged property or a sufficient part thereof shall be directed to be sold; and that for the purposes of such sale the plaintiff and defendant No. 2 shall produce before the Court or such officer as it appoints, all documents in their possession or power relating to the mortgaged property.

5. And it is hereby further ordered and decreed that the money realised by such sale shall be paid into Court and be duly applied (after deduction therefrom of the expenses of the sale) first in payment of the amount due to the plaintiff as specified in clause 1 above with such costs of the suit and other costs, charges and expenses as may be payable under rule 10, together with such subsequent interest as may be payable under rule 11, of order) XXXIV of the First Schedule to the Code of Civil Procedure, 1908, and that the balance, if any, shall be applied in payment of the amount due to defendant No. 2; and that, if any balance be left, it shall be paid to defendant No. 1 or other persons entitled to receive the same.

6. And it is hereby further ordered and decreed that, if the money realised by such sale shall not be sufficient for payment in full of the amounts payable to the plaintiff and defendant No. 2, the plaintiff or defendant No. 2, or both of them, as the case may be, shall be at liberty (if such remedy is open under their respective mortgages and is not barred by any law for the time being in force) to apply for a personal decree against defendant No. 2 or defendant No. 1 (as the case may be) for the amount of the balance.

7. And it is hereby further ordered and decreed that, if defendant No. 2 pays into Court to the credit of this suit the amount adjudged due to the plaintiff, but defendant No. 1 makes default in payment of the amount due to defendant No. 2, defendant No. 2 shall be at liberty to apply to the Court for a final decree for foreclosure or sale (as the case may be)—(*declarations in the ordinary form to be introduced according to the nature of defendant No. 2's mortgage and the remedies open to him thereunder*).

8. And it is hereby further ordered and decreed that the parties are at liberty to apply to the Court as they may have occasion, and on such application or otherwise the Court may give such directions as it thinks fit.

*Schedule*
*Description of the mortgaged property*]

**No. 12**

DECREE FOR RECTIFICATION OF INSTRUMENT

(*Title*)

IT is hereby declared that ……………. , dated the ……………. day of …………… 20 …..., does not truly express the intention of the parties to such ……………………..

And it is decreed that the said ……………….. be rectified by …………………..

Here insert name of proper officer.

**No. 13**

DECREE TO SET ASIDE A TRANSFER IN FRAUD OF CREDITORS

(*Title*)

IT is hereby declared that the …………… , dated the …………… day of ………. 20 …….. , and made between …………… and ………. , is void as against the plaintiff and all other the creditors, if any, of the defendant

No. 14

INJUNCTION AGAINST PRIVATE NUISANCE

(*Title*)

LET the defendant ……………… , his agents, servants and workmen, be perpetually restrained from burning, or causing to be burnt, any bricks on the defendant's plot of land marked B in the annexed plan, so as to occasion a nuisance to the plaintiff as the owner or occupier of the dwelling-house and garden mentioned in the plaint as belonging to and being occupied by the plaintiff.

No. 15

INJUNTION AGAINST BUILDING HIGHER THAN OLD LEVEL

(*Title*)

LET the defendant …………….. , his contractors, agents and workmen, be perpetually restrained from continuing to erect upon his premises ………………… any house or building of a greater height than the buildings which formerly stood upon his said premises and which have been recently pulled down, so or in such manner as to darken, injure or obstruct such of the plaintiff's windows in his said premises as are ancient lights.

No.16

INJUNCTION RESTRAINING USE OF PRIVATE ROAD

(*Title*)

LET the defendant …………….. his agents, servants and workmen, be perpetually restrained from using or permitting to be used and part of the lane at ………….. , the soil of which belongs to the plaintiff, as a carriage-way for the passage of carts, carriages or other vehicles, either going to or from the land marked B in the annexed plan or for any purpose whatsoever.

No. 17

PRELIMINARY DECREE IN AN ADMINISTRATION-SUIT

(*Title*)

IT is ordered that the following accounts and inquiries be taken and made; that is to say :—

*In creditor's suit*—

1. That an account be taken of what is due to the plaintiff and all other the creditors of the deceased.

*In suits by legatees*—

2. *That an accounts be taken of the legacies given by the testators will,*

*In suits by next-of-kin*—

3. That an inquiry be made and account taken of what or of what share, if any, the plaintiff is entitled to as next-of-kin [*or* one of the next-of-kin] of the intestate.

[After the first paragraph, the decree will, where necessary, order, in a creditor's suit, inquiry and accounts for legatees, heirs-at-law and next-of-kin. In suits by claimants other than creditors, after the

first paragraph, in all cases, an order to inquire and take an account of creditors will follow the first paragraph and such of the others as may be necessary will follow, omitting the first formal words. The form is continued as in a creditor's suit.]

4. An account of the funeral and testamentary expenses.

5. An account of the movable property of the deceased come to the hands of the defendant, or to the hands of any other person by his order or for his use.

6. An inquiry what part (if any) of the movable property of the deceased is outstanding and undisposed of.

7. And it is further ordered that the defendant do, on or before the day of next, pay into, Court all sums of money which shall be found to have come to his hands, or to the hands of any person by his order or for his use.

8. And that if the ………….. * shall find it necessary for carrying out the objects of the suit to sell any part of the movable property of the deceased that the same be sold accordingly, and the proceeds paid into Court.

9. And that Mr. E. F. be receiver in the suit (*or* proceeding) and receive and get in all outstanding debts and outstanding movable property of the deceased, and pay the same into the hands of the ……….. *(and shall give security by bond for the due performance of his duties to the amount of ……….. rupees).

10. And it is further ordered that if the movable property of the deceased be found insufficient for carrying out the objects of the suit, then the following further inquiries be made, and accounts taken, that is to say—

(a) an inquiry what immovable property the deceased was seized of or entitled to at the time of his death;

(*b*) an inquiry what are the encumbrances (if any) affecting the immovable property of the deceased or any part thereof;

(*c*) an account, so far as possible, of what is due to the several incumbrancers, and to include a statement of the priorities of such of the incumbrancers as shall consent to the sale hereinafter directed.

11. And that the immovable property of the deceased, or so much thereof as shall be necessary to make up the fund in Court sufficient to carry out the object of the suit, be sold with the approbation of the Judge, free from incumbrances (if any) of such incumbrancers as shall consent to the sale and subject to the incumbrances of such of them as shall not consent.

12. And it is ordered that G. H. shall have the conduct of the sale of the immovable property, and shall prepare the conditions and contracts of sale subject to the approval of the …………… * and that in case any doubt or difficulty shall arise the papers shall be submitted to the Judge to settle.

13. And it is further ordered that, for the purpose of the inquiries hereinbefore directed, the ……… *shall advertise in the newspapers according to the practice of the Court, or shall make such inquiries in any other way which shall appear to the …....……….. *to give the most useful publicity to such inquiries.

14. And it is ordered that the above inquiries and accounts be made and taken, and that all other acts ordered to be done be completed, before the day of ……………. and that the ………………* do certify the result of the injuries, and the accounts, and that all other acts ordered are completed, and have his certificate in that behalf ready for the inspection of the parties on the ……………. day of …………..

---

* Here insert name of proper officer.

15. And, lastly, it is ordered that this suit [or proceedings] stand adjourned for making final decree to the day of …………………….

[Such part only of this decree is to be used as is applicable to the particular case.]

No. 18

FINAL DECREE IN AN ADMINISTRATION-SUIT BY A LEGATEE

(*Title*)

1. It is ordered that the defendant ………….. do, on or before the ………….. day of ……….. pay into Court the sum of Rs. ………….. , the balance by the said certificate found to be due from the said defendant on account of the estate of …………….. , the testator and also the sum of Rs. ……… for interest, at the rate of Rs. ……………. per cent. per annum, from the …………….. day of ………….. to the ………… day of ……….., amounting together to the sum of Rs. ………………..

2. Let the …………………* of the said Court tax the costs of the plaintiff and defendant in this suit, and let the amount of the said costs, when so taxed, be paid out of the said sum of Rs. ……………. ordered to be paid into Court as aforesaid, as follows:—

(*a*) The costs of the plaintiff to Mr. ………………., his attorney [or pleader] or and the costs of the defendant to Mr. ……………… , his attorney [or pleader].

(*b*) And (*if any debts are due*) with the residue of the said sum of Rs. …………….. after payment of the plaintiff's and defendant's costs as aforesaid let the sums, found to be owing to the several creditors mentioned in the schedule to the certificate, of the ………….. .*, together with subsequent interest on such of the debts as bear interest, be paid; and, after making such payments, let the amount coming to the several legatees mentioned in the ……………… schedule, together with subsequent interest (to be verified as aforesaid), be paid to them.

3. And if there should then be any residue, let the same be paid to the residuary legatee.

No. 19

PRELIMINARY DECREE IN AN ADMINISTRATION-SUIT BY A LEGATEE, WHERE AN EXECUTOR IS HELD PERSONALLY LIABLE FOR THE PAYMENT OF LEGACIES

(*Title*)

1. IT is declared that the defendant is personally liable to pay the legacy of Rs. ……….. bequeathed to the plaintiff. —

2. And it is ordered that an account be taken of what is due for principal and interest on the said legacy.

3. And it is also ordered that the defendant do, within …………….. weeks after the date of the certificate of the ………..…. *, pay to the plaintiff the amount of what the ……………… * shall certify to be due for principal and interest.

4. And it is ordered that the defendant do pay the plaintiff his costs of suit, the same to be taxed in case the parties differ.

---

* Here insert name of proper officer.

No. 20

FINAL DECREE IN AN ADMINISTRATION-SUIT BY NEXT-OF-KIN

(*Title*)

1. LET the …………….. * of the said Court tax the costs of the "plaintiff and defendant in this suit, and let the amount of the said plaintiff's costs, when so taxed, be paid by the defendant to the plaintiff out of the sum of Rs. ……………. , the balance, by the said certificate found to be due from the said defendant on account of the personal estate of E.F., the *intestate*, within one week after the taxation of the said costs by the said ……………….. *and let the defendant retain for her own use out of such sum her costs, when taxed.

2. And it is ordered that the residue of the said sum of Rs. ………………… after payment of the plaintiff's and defendant's costs as aforesaid, be paid and applied by defendant as follows:—

(*a*) Let the defendant, within one week after the taxation of the said costs by the *……………. as aforesaid, pay one-third share of the said residue to the plaintiffs A.B., and C.D., his wife, in her right as the sister and one of the next-of-kin of the said E.F., the *intestate*.

(*b*) Let the defendant retain for her own use one other third share of said residue, as the mother and one of the next-of-kin of the said E.F., the *intestate*.

(*c*) And let the defendant, within one week after the taxation of the said costs by the *………….. as aforesaid, pay the remaining one-third share of the said residue to G. H., as the brother and the other next- of-kin of the said E.F. the *intestate*.

**No. 21**

PRELIMINARY DECREE IN A SUIT FOR DISSOLUTION OF PARTNERSHIP AND THE TAKING OF PARTNERSHIP ACCOUNTS

(*Title*)

IT is declared that the proportionate shares of the parties in the partnership are as follows:—

It is declared that this partnership shall stand dissolved [or shall be deemed to have been dissolved] as from the ………….. day of ……….. and it is ordered that the dissolution thereof as from that day be advertised in the …………………. Gazette, etc.

And it is ordered that …………….. be the receiver of the partnership-estate and effects in this suit and do get in all the outstanding book-debts and claims of the partnership.

And it is ordered that the following accounts be taken:—

1. An account of the credits, property and effects now belonging to the said partnership;

2. An account of the debts and liabilities of the said partnership;

3. An account of all dealings and transactions between the plaintiff and defendant, from the foot of the settled account exhibited in this suit and marked (A), and not disturbing any subsequent settled accounts.

And it is ordered that the goodwill of the business heretofore carried on by the plaintiff and defendant as in the plaint mentioned; and the stock-in-trade, be sold on the premises, and that the ………….. *may, on the application of any of the parties, fix a reserved bidding for all or any of the lots at such sale, and that either of the parties is to be at liberty to bid at the sale.

And it is ordered that the above accounts be taken, and all the other acts required to be done be completed, before the ……….. day of ……… , and that the * ……….. do certify the result of the accounts, and that all other acts are completed, and have his certificate in that behalf ready for the inspection of the parties on the day of ……….. And, lastly, it is ordered that this suit stand adjourned for making a final decree to the ………. day of …………

---

* Here insert name of proper officer.

## No. 22

FINAL DECREE IN A SUIT FOR DISSOLUTION OF PARTNERSHIP AND THE TAKING OF PARTNERSHIP ACCOUNT

(*Title*)

IT is ordered that the fund now in Court, amounting to the sum of Rs. …………… , be applied as follows:—

1. In payment of the debts due by the partnership set forth in the certificate of the * ………..….. amounting the whole to Rs. ……………

2. In payment of the costs of all parties in this suit, amounting to Rs. ……………….. [*These costs must be ascertained before the decree is drawn up*.]

3. In payment of the sum of Rs. …………… to the plaintiff as his share of the partnership-assets, of the sum of Rs. …………….. , being the residue of the said sum of Rs. ………… now in Court, to the defendant as his share of the partnership-assets.

[Or, And that the remainder of the said sum of Rs. …………… be paid to the said plaintiff (or defendant) in part payment of the sum of Rs. ……………… certified to be due to him in respect of the partnership-accounts.]

4. And that the defendant [or plaintiff] do on or before the ……….. day of ………… pay to the plaintiff [or defendant] the sum of Rs. ……….. being the balance of the said sum of Rs ………… due to him, which will then remain due.

## No. 23

DECREE FOR RECOVERY OF LAND AND MESNE PROFIT

(*Title*)

IT is hereby decreed as follows:—

1. That the defendant do put the plaintiff in possession of the property specified in the schedule hereunto annexed.

2. That the defendant do pay to the plaintiff the sum of Rs. ……….... with interest thereon at the rate of ……….… per cent. per annum to the date of realization on account of mesne profits which have accrued due prior to the institution of the suit.

*Or*

2. That an inquiry be made as to the account of mesne profits which have accrued due prior to the institution of the suit.

3. That an inquiry be made as to the amount mesne profits from the institution of the suit until [the delivery of possession to the decree-holder] [the relinquishment of possession by the judgment-debtor with notice to the decree-holder through the Court] [the expiration of three years from the date of the decree].

*Schedule*

---

* Here insert name of proper officer.

APPENDIX E

EXECUTION

**No. 1**

NOTICE TO SHOW CAUSE WHY A PAYMENT OR ADJUSTMENT SHOULD NOT BE RECORDED AS CERTIFIED

**(O.21, to r.2.)**

(*Title*)

WHEREAS in execution of the decree in the above-named suit …….......... has applied to this Court that the Sum of Rs. …………….. recoverable under the decree has been paid/adjusted and should be recorded as certified, this is to give you notice that you are to appear before this Court on the ……….. day of ………………. 19 ………………. , to show cause why the payment/adjustment aforesaid should not be recorded as certified.

GIVEN under my hand and the seal of the Court, this ……………….. day of 20.

*Judge*.

**No. 2**

PRECEPT (Section 46)

(*Title*)

Upon hearing the decree-holder it is ordered that this precept be sent to the Court of …………… at ………………… under section 46 of the Code of Civil Procedure, 1908, with directions to attach the property specified in the annexed schedule and to hold the same pending any application which may be made by the decree-holder for execution of the decree.

*Schedule*

Dated the ………………….. day of …………… 20

*Judge*.

**No. 3**

ORDER SENDING DECREE FOR EXECUTION TO ANOTHER COURT

(O.21, r. 6.)

(*Title*)

WHEREAS the decree-holder in the above suit has applied to this Court for a certificate to be sent to the Court of ………………… at ………………… for execution of the decree in the above suit by the said Court, alleging that the judgment-debtor resides or has property within the local limits, for the jurisdiction of the said Court, and it is deemed necessary and proper to send a certificate to the said Court under Order XXI, rule 6, of the Code of Civil Procedure, 1908, it is.

*Ordered*:

That a copy of this order be sent to ...................... with a copy of the decree and of any order which may have been made for execution of the same and a certificate of non-satisfaction.

Dated the …………….. day of …………….. 20 …………

*Judge*.

**No. 4**

CERTIFICATE OF NON-SATISFACTION OF DECREE

(O.21, r. 6.)

(*Title*)

CERTIFIED that no[1] satisfaction of the decree of this Court in suit No …………… of ........20 ……. , a copy which is hereunto attached, has been obtained by execution within the jurisdiction of this Court.

Dated the ……………..day of …………….. 20 …………..

*Judge*.

---

*1. If partial, strike out "no" and State to what extent.*

**No. 5**

CERTIFICATE OF EXECUTION OF DECREE TRANSFERRED TO ANOTHER COURT

**(O. 21, r. 6.)**

(*Title*)

| Number of suit and the Court by which the decree was passed | Names of parties | Date of application for execution | Number of the execution case | Processes issued and dates of service thereof | Costs of execution | | Amount realized | | How the case is disposed of | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | | 7 | | 8 | 9 |
| | | | | | Rs. | N.P. | Rs. | N.P. | | |

*Signature of Muharrir in charge.*

*Signature of Judge.*

**No. 6**

APPLICATION FOR EXECUTION OF DECREE

(**O.21, r.11.**)

In the Court of

I, ……………… decree-holder, hereby apply for execution of the decree herein-below set forth:—

| No. of Suit | Names of parties | Date of Decree | Whether any appeal preferred from decree | Payment of adjustment made if any | Previous application, if any, with date and result | Amount with interest due upon the decree or other relief granted thereby together with particulars of any cross decree. | Amount of costs, if any, awarded | Against whom to be executed | Mode in which the assistance of the Court is required. |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 789 of 1897 | A.B. —Plaintiff<br>C.D. —Defendant | October 11, 1897 | No. | None | R.s 72-4-0 recorded on application, dated the 4th March, 1899 | Rs. 314-8-2 principal [interest at 6 per cent, per annum, from date of decree till payment]. | Rs. a. p<br>As awarded in the decree 47 10 4<br>Subsequently incurred 8 2 0<br>Total 55 12 4 | Against the defendant C.D. | [*When attachment and sale of movable property is sought.*<br><br>I, Pray that the total amount of Rs. [together with interest on the principal sum up to date of payment] and the cost of taking out this execution, be realised by attachment and sale of defendant's movable property as per annexed list and paid to me.<br><br>[*When attachment and sale of immovable property is sought.*]<br><br>I Pray that the total amount of Rs. [together with interest on the principal sum up to date of payment] and the cost of taking out this execution, be realised by the attachment and sale of defendant's immovable property specified at the foot of this application and paid to me.] |

I ………………… declare that what is stated herein is true to the best of my knowledge and belief.

*Signed , decree-holder.*

Dated the ………………….. day of …………….. 20

[*When attachment and sale of immovable property is sought.*]

*Description and specification of property*

The undivided one-third share of the judgment-debtor in a house situated in the village of ………… value Rs. 40, and bounded as follows:—

East by G's house; west by H's house; south by public road; north by private lane and J's house.

I ……………….. declare that what is stated in the above description is true to the best of my knowledge and belief, and so far as I have been able to ascertain the interest of the defendant in the property therein specified.

*Signed................., decree-holder.*

**No. 7**

NOTICE TO SHOW CAUSE WHY EXECUTION SHOULD NOT ISSUE

[1][(**O. 21, r.16.**)]

(*Title*)

To

WHEREAS ………………… has made application to this Court for execution of decree in Suit No. ……………… of 20…... , on the allegation that the said decree has been transferred to him by assignment [2][or without assignment], this is to give you notice that you are to appear before this Court ……………. on the ………….. day of ………………… 20………………. , to show cause why execution should not be granted.

GIVEN under my hand and the seal of the Court, this............day of.............20.........

*Judge.*

**No. 8**

WARRANT OF ATTACHMENT OF MOVABLE PROPERTY IN EXECUTION OF A DECREE FOR MONEY (**O.21. r. 30.**)

(*Title*)

To

The Bailiff of the Court

| Decree | | | |
|---|---|---|---|
| Principal<br>Interest<br>Costs<br>Cost of execution<br>Further interest | | | |
| Total | | | |

WHEREAS ………..… was ordered by decree of this Court passed on the day of ……………..… 20 ……………… in Suit No. ……………. of............20 ………… , to pay to the plaintiff the sum of Rs. ……………… as noted in the margin; and whereas the said sum of Rs. ………….. has not been paid; These are to command you to attach the movable property of the said ………… as set forth in the schedule hereunto annexed, or which shall be pointed out to you by the said …………... , and unless the said ………….. shall pay to you the said sum of Rs. ……………… together with Rs. ……………. , the cost of this attachment, to hold the same until further orders from this Court.

1. Subs. by Act 10 of 1914, s. 2 and the First Sch., for "(O. 21, r. 22).
2. Ins. by Act 104 of 1976, s. 95 (w.e.f. 1-2-1977).

You are further commanded to return this warrant on or before the…………..day of…………20…. with an endorsement certifying the day on which and manner in which it has been executed, or why it has not been executed.

GIVEN under my hand and the seal of the Court, this…………day of………..20.......

*Schedule*

*Judge.*

No. 9

WARRANT FOR SEIZURE OF SPECIFIC MOVABLE PROPERTY ADJUDGED BY DECREE

(O. 21, r. 31.)

(*Title*)

To

The Bailiff of the Court,

WHEREAS…………………..was ordered by decree of this Court passed on the……………… day of……......20…………, in Suit No…………of 20….., to deliver to the plaintiff the movable property *(or* a………share in the movable property) specified in the schedule hereunto annexed, and whereas the said property (*or* share) has not been delivered.

These are to command you to seize the said movable property (*or* a………share of the said movable property) and to deliver it to the plaintiff or to such person as he may appoint in his behalf.

GIVEN under my hand and the seal of the Court, this………..day of………………20............

*Schedule*

*Judge.*

**No. 10**

NOTICE TO STATE OBJECTIONS TO DRAFT OF DOCUMENT

(O. 21, r. 34.)

(*Title*)

To

TAKE notice that on the……..day of………20……., …………………………the decree-holder in the above suit presented an application to this Court that the Court may execute on your behalf a deed of…… whereof a draft is hereunto annexed, of the immovable property specified hereunder, and that the……..day of……………..20……, is appointed for the hearing of the said application, and that you are at liberty to appear on the said day and to state in writing any objections to the said draft.

*Description of property*

GIVEN under my hand and the seal of the Court, this…………day of .............20...........

*Judge.*

**No. 11**

WARRANT TO THE BAILIFF TO GIVE POSSESSION OF LAND, ETC.

(O.21, r. 35.)

(*Title*)

To

The Bailiff of the Court.

WHEREAS the undermentioned property in the occupancy of……………………...has been decreed to

…………, the plaintiff in this suit; you are hereby directed to put the said………………in possession of the same, and you are hereby authorized to remove any person bound by the decree who may refuse to vacate the same.

GIVEN under my hand and the seal of the Court, this ..................................... day of ...................... 20...........

*Schedule*

*Judge.*

**No. 12**

NOTICE TO SHOW CAUSE WHY WARRANT OF ARREST SHOULD NOT ISSUE

(O. 21, r. 37.)

(*Title*)

To

WHEREAS ............................................. has made application to this Court for execution of decree in Suit No. ...................................of 20 .......................... by arrest and imprisonment of your person, you are hereby required to appear before this Court on the .................................. day of ...................... 20 ............................, to show cause why you should not be committed to the civil prison in execution of the said decree.

GIVEN under my hand and the seal of the Court, this ...............................day of ..............................20........

*Judge.*

**No. 13**

WARRANT OF ARREST IN EXECUTION

(O. 21, r. 38.)

(*Title*)

To

The Bailiff of the Court.

WHEREAS …. ...........was adjudged by a decree of this Court in suit No ................. of..................... 20.... , dated

| Decree | | | |
|---|---|---|---|
| Principal | | | |
| Interest | | | |
| Costs | | | |
| Execution | | | |
| Total | | | |

the…………day of……………20…………,to pay to the decree-holder the sum of Rs…………as noted in the margin, and whereas the said sum of Rs…………...has not been paid to the said decree-holder in satisfaction of the said decree, these are to command you to arrest the said judgement-debtor and unless the said judgment-debtor shall pay to you the said sum of Rs…… together with Rs……………for the cost of executing this process, to bring the said defendant before the Court with all convenient speed.

You are further commanded to return this warrant on or before the………………day of………………..20……………....,with an endorsement certifying the day on which and manner in which it has been executed, or the reason why it has not been executed.

Given under my hand and the seal of the Court, this................................ day of .............................. 20……………

*Judge.*

**No. 14**

WARRANT OF COMMITTAL OF JUDGEMENT-DEBTOR TO JAIL

(O.21, r. 30.)

(*Title*)

To

The Officer in charge of the Jail at

WHEREAS…………………………………... who has been brought before this Court this……………………………day

of………………20………., under a warrant in execution of a decree which was made and pronounced by the said Court on the.................................. day of ................................20…………, and by which decree it was ordered that the said…………………….. should pay..............................; And whereas the said……………………………has not obeyed the decree nor satisfied the Court that he is entitled to be discharged from custody; You are hereby [1]*** commanded and required to take and receive the said…………………into the civil prison and keep him imprisoned therein for a period not exceeding……………..or until the said decree shall be fully satisfied, or the said………………….shall be otherwise entitled to be released according to terms and provisions of section 58 of the Code of Civil Procedure, 1908; and the Court does hereby fix [2]*** per diem as the rate of the monthly allowance for the subsistence of the said……….during his confinement under this warrant of committal.

GIVEN under my signature and the seal of the Court, this………..day of……………20…….

*Judge.*

## No. 15

ORDER FOR THE RELEASE OF A PERSON IMPRISONED IN EXECUTION OF A DECREE

(Sections 58, 59)

(*Title*)

To

The Officer in charge of the Jail at

UNDER orders passed this day, you are hereby directed to set free…………………..judgment-debtor now in your custody.

Dated

*Judge.*

## No. 16

ATTACHMENT IN EXECUTION

PROHIBITORY ORDER, WHERE THE PROPERTY TO BE ATTACHED CONSISTS OF MOVABLE PROPERTY TO WHICH THE DEFENDANT IS ENTITLED SUBJECT TO A LIEN OR RIGHT OF SOME OTHER PERSON TO THE IMMEDIATE POSSESSION THEREOF

(O. 21, r. 46.)

(*Title*)

To

WHEREAS………………………………………………………..has failed to satisfy a decree passed against……………on the………………...day of……………………20……….., in Suit No.……of...... 20…, in favour of…………for Rs…………………..;

It is ordered that the defendant be, and is hereby, prohibited and restrained until the further order of this Court, from receiving from……………the following property in the possession of the said, ..............that is to say,………………………….to which the defendant is entitled, subject to any claim of the said……………, and the said………is hereby prohibited and restrained, until the further order of this Court, from delivering the said property to any person or persons whomsoever.

GIVEN under my hand and the seal of Court, this…………………day of…………20………………

*Judge.*

1. The words "in the name of the King-Emperor of India," omitted by the A. O. 1950.
2. The word "annas" omitted by Act 104 of 1976, s. 95 (w.e.f. 1-2-1977).

**[1][No. 16A**

AFFIDAVIT OF ASSETS TO BE MADE BY A JUDGMENT-DEBTOR

ORDER XXI, RULE 41(*2*)]

In the Court of

*A.B.*………………………….. *Decree-holder*

*Vs.*

*C.*………………………….. *Judgment-debtor*

I of

state on $\frac{\text{oath}}{\text{solemn affirmation}}$ as follows:—

1. My full name is …………………………………
(Block capitals)

2. I live at

*3. I am.......................... married
single
widower (widow)
divorced

4. The following persons are dependent upon me:—

5. My employment, trade or profession is that of...................
carried on by me at ...................

I am a director of the following companies:—

6. My present annual/monthly/weekly income, after paying income-tax, is as follows:—
(*a*) From my employment, trade or profession Rs. ...................
(*b*) From other sources Rs. ...................

*7. (*a*) I own the house in which I live; its value is Rs. ...................
I pay as outgoings by way of rates, mortgage, interest, etc., the annual sum of Rs. ...................
(*b*) I pay as rent the annual sum of Rs. ...................

8. I possess the following:—
(*a*) Banking accounts;
(*b*) Stocks and shares;
(*c*) Life and endowment policies;
(*d*) House property;
(*e*) Other property;
(*f*) Other securities;
} Give particulars

9. The following debts are due to me:—
(give particulars)
(*a*) From of
Rs.
(*b*) From of
Rs. (etc.)

Sworn before me, etc.]

1. Ins. by Act 104 of 1976, s. 95 (w.e.f. 1-2-1977).
*Strike off the words which are not applicable.

## No. 17

ATTACHMENT IN EXECUTION

PROHIBITORY ORDER WHERE THE PROPERTY CONSISTS OF DEBTS NOT SECURED BY NEGOTIABLE INSTRUMENTS

(O. 21, r. 46.)

(*Title*)

To

WHEREAS……………………....has failed to satisfy a decree passed against…………………........on the…………….day of………20………., in Suit No……….of 20…………, in favour of……for Rs………..; it is ordered that the defendant be, and is hereby, prohibited and restrained, until the further order of this Court, from receiving from you a certain debt alleged now to be due from you to the said defendant, namely,………… and that you, the said……………...be, and you are hereby, prohibited and restrained, until the further order of this Court, from making payment of the said debt, or any part thereof, to any person whomsoever or otherwise than into this Court.

Given under my hand and the seal of the Court, this…………..day of……….20…………

*Judge.*

## No. 18

ATTACHMENT IN EXECUTION PROHIBITORY ORDER, WHERE THE PROPERTY CONSISTS OF SHARES IN THE CAPITAL OF A CORPORATION

(O. 21, r. 46.)
(*Title*)

To

Defendant and to……………………., Secretary of Corporation.

WHEREAS..........has failed to satisfy a decree passed against………………..on the…………….day of………20……, in Suit No…………..of 20……., in favour of……………….., for Rs……………….; it is ordered that you, the defendant, be, and you are hereby, prohibited and restrained, until the further order of this Court, from making and transfer of……………..shares in the aforesaid corporation, namely,……….or from receiving payment of any dividends thereon; and you,………,the Secretary of the said Corporation, are hereby prohibited and restrained from permitting any such transfer or making any such payment.

GIVEN under my hand and the seal of the Court, this………..day of………..20……..

*Judge.*

## No. 19

ORDER TO ATTACH SALARY OF PUBLIC OFFICER OR SERVANT OF RAILWAY COMPANY OR LOCAL AUTHORITY

(O. 21, r. 48.)

(*Title*)

To

WHEREAS……………………, judgment-debtor in the above-named case; is a (*describe office of judgment-debtor*) receiving his salary (or allowances) at your hands; and whereas……………., decree-holder in the said case, has applied in this Court for the attachment of the salary (or allowances) of the said…………..to the extent of………..due to him under the decree; You are hereby required to

withhold the said sum of……….from the salary of the said……..in monthly instalments of**……**and to remit the said sum (or monthly instalments) to this Court.

GIVEN under my hand and the seal of the Court, this……….day of…………20..............

*Judge.*

**No. 20**

ORDER OF ATTACHMENT OF NEGOTIABLE INSTRUMENT

(O. 21, r. 51.)

(*Title*)

To

The Bailiff of the Court,

WHEREAS an order has been passed by this Court on the……………..day of……….20……….., for the attachment of………..; You are hereby directed to seize the said…………………and bring the same into Court.

GIVEN under my hand and the seal of the Court, this…………day of……………20……….

*Judge.*

**No. 21**

ATTACHMENT

PROHIBITORY ORDER, WHERE THE PROPERTY CONSISTS OF MONEY OR OF ANY SECURITY IN THE CUSTODY OF A COURT OF JUSTICE OR [1][PUBLIC OFFICER]

(O. 21, r. 52.)

(*Title*)

To

Sir,

The plaintiff having applied, under rule 52 of Order XXI of the Code of Civil Procedure, 1908, for an attachment of certain money now in yours hands *(here state how the money is supposed to be in the hands of the person addressed, on what account, etc.),* I request that you will hold the said money subject to the further order of this Court.

I have the honour to be,

Sir

Your most obedient Servant.

Dated the……….day of………20……… *Judge.*

**No. 22**

NOTICE OF ATTACHMENT OF A DECREE TO THE COURT WHICH PASSED IT

(O. 21, r. 53.)

(*Title*)

To

The Judge of the Court of................

1. Subs. by the A. O. 1937, for "Officer of Government".

Sir,

I have the honour to inform you that the decree obtained in your Court on the ……………………day of…........……….20………..by…………….in Suit No………..of 20....................in which he was……….………and ………….was………..has been attached by this Court on the application of……………………., the……….in the suit specified above. You are therefore requested to stay the execution of the decree of your Court until you receive an intimation from this Court that the present notice has been cancelled or until execution of the said decree is applied for by the holder of the decree now sought to be executed or by his judgment-debtor.

I have the honour, etc.

*Judge.*

Dated the……………….day of…….20………..

**No. 23**

NOTICE OF ATTACHMENT OF A DECREE TO THE HOLDER OF THE DECREE

(O. 21, r. 53.)

(*Title*)

To

WHEREAS an application has been made in this Court by the decree-holder in the above suit for the attachment of a decree obtained by you on the………...................day of……......20.............................., in the Court of……………….in Suit No…….of 20.........., in which…………was…………and……….was ……………………; It is ordered that you, the said………..., be, and you are hereby, prohibited and restrained, until the further order of this Court, from transferring or charging the same in any way.

GIVEN under my hand and the seal of the Court, this………day of…………20…………

*Judge.*

**No. 24**

ATTACHMENT IN EXECUTION

PROHIBITORY ORDER, WHERE THE PROPERTY CONSISTS OF IMMOVABLE PROPERTY

(O. 21, r. 54.)

(*Title*)

To

……………………………………………………………………………Defendant

WHEREAS you have failed to satisfy a decree passed against you on the…………………….........day of…………..20……….., in Suit No……….of………20............. , in favour of……………………..for Rs………..; It is ordered that you, the said………….., be, and you are hereby, prohibited and restrained, until the further order of this Court, from transferring or charging the property specified in the Schedule hereunto annexed, by sale, gift or otherwise, and that all persons be, and that they are hereby, prohibited from receiving the same by purchase, or gift otherwise.

[1][It is also ordered that you should attend Court on the……………………………………………day of …………..20………, to take notice of the date fixed for settling the terms of the proclamation of sale.]

GIVEN under my hand and seal of the Court, this………..day of………20…………

*Schedule*

*Judge.*

1. Ins. by Act 104 of 1976, s. 95 (w.e.f. 1-2-1977).

**No. 25**

ORDER FOR PAYMENT TO THE PLAINTIFF, ETC., OF MONEY, ETC., IN THE HANDS OF A THIRD PARTY

(O.21, r. 56.)

(*Title*)

To

WHEREAS the following property....................................has been attached in execution of a decree in Suit No………………of 20………, passed on the……………day of 20......... , in favour of………..for Rs.......................…………………It is ordered that the property so attached, consisting of Rs…………….in money and Rs.......…………..in currency-notes, or a sufficient part thereof to satisfy the said decree, shall be paid over by you, the said…………..to…………

GIVEN under my hand and the seal of the Court, this……………………day of………20..........

*Judge.*

**No. 26**

NOTICE TO ATTACHING CREDITOR

(O. 21, r. 58.)

(*Title*)

To

WHEREAS…………………………...has made application to this Court for the removal of attachment on…………placed at your instance in execution of the decree in Suit No………………of………20......... this is to give you notice to appear before this Court on………….., the…………day of……..20………..., either in person or by a pleader of the Court duly instructed to support your claim, as attaching creditor.

GIVEN under my hand and the seal of the Court, this……….day of………20...........

*Judge.*

**No. 27**

WARRANT OF SALE OF PROPERTY IN EXECUTION OF A DECREE FOR MONEY

(O. 21, r. 66.)

(*Title*)

To

The Bailiff of the Court.

THESE are to command you to sell by auction, after giving………..day's previous notice, by affixing the same in this Court-house, and after making due proclamation, the…………..property attached under a warrant from this Court, dated the………..day of 20................ , in execution of a decree in favour of……………in Suit No…………of 20............, or so much of the said property as shall realize the sum of Rs…………………..., being the………………of the said decree and costs still remaining unsatisfied.

You are further commanded to return this warrant on or before the…………day of…………………20 with an endorsement certifying the manner in which it has been executed, or the reason why it has not been executed.

GIVEN under my hand and the seal of the Court, this……….day of………20...........

*Judge.*

## No. 28

NOTICE OF THE DAY FIXED FOR SETTLING A SALE PROCLAMATION

(O. 21, r. 66.)

(*Title*)

To

............................................................................................................. Judgment-debtor.

WHEREAS in the above-named suit…………………….., the decree-holder, has applied for the sale of……………… You are hereby informed……………………that the…………..day of…………20 , has been fixed for settling the terms of the proclamation of sale.

GIVEN under my hand and the seal of the Court, this…………… day of…………20………

*Judge.*

## No. 29

PROCLAMATION OF SALE
(O. 21, r. 66)

(*Title*)

(1) Suit No…………………of 20……….., decided by the………..of………in which was plaintiff and was defendant.—Notice is hereby given that, under rule 64 of Order XXI of the Code of Civil Procedure, 1908, an order has been passed by this Court for the sale of the attached property mentioned in the annexed schedule, in satisfaction of the claim of the decree-holder in the suit (*1*) mentioned in the margin, amounting with costs and interest up-to date of sale to the sum of………………………….

The sale will be by public auction, and the property will be put up for sale in the lots specified in the schedule. The sale will be of the property of the judgment-debtors above-named as mentioned in the schedule below; and the liabilities and claims attaching to the said property, so far as they have been ascertained, are those specified in the schedule against each lot.

In the absence of any order of postponement, the sale will be held by……………..at the monthly sale commencing at........... O'clock on the……………at…………...., In the event, however, of the debt above specified and of the costs of the sale being tendered or paid before the knocking down of any lot, the sale will be stopped.

At the sale the public generally are invited to bid, either personally or by duly authorized agent. No bid by, or on behalf of, the judgment-creditors above-mentioned, however, will be accepted, nor will any sale to them be valid without the express permission of the Court previously given. The following are the further.

*Conditions of sale*

1. The particulars specified in the schedule below have been stated to the best of the information of the Court, but the Court will not be answerable for any error, mis-statement or omission in this proclamation.

2. The amount by which the biddings are to be increased shall be determined by the officer conducting the sale. In the event of any dispute arising as to the amount bid, or as to the bidder, the lot shall at once be again put up to auction.

3. The highest bidder shall be declared to be the purchaser of any lot, provided always that he is legally qualified to bid, and provided that it shall be in the discretion of the Court or officer holding the sale to decline acceptance of the highest bid when the price offered appears so clearly inadequate as to make it advisable to do so.

4. For reasons recorded, it shall be in the discretion of the officer conducting the sale to adjourn it subject always to the provisions of rule 69 of Order XXI.

5. In the case of movable property, the price of each lot shall be paid at the time of sale or as soon after as the officer holding the sale directs, and in default of payment the property shall forthwith be again put up and re-sold.

6. In the case of immovable property, the person declared to be the purchaser shall pay immediately after such declaration a deposit of 25 per cent. on the amount of his purchase-money to the officer conducting the sale, and in default of such deposit the property shall forthwith be put up again and re-sold.

7. The full amount of the purchase-money shall be paid by the purchaser before the Court closes on the fifteenth day after the sale of the property, exclusive of such day, or if the fifteenth day be a Sunday or other holiday, then on the first office day after the fifteenth day.

8. In default of payment of the balance of purchase-money within the period allowed, the property shall be re-sold after the issue of a fresh notification of sale. The deposit, after defraying the expenses of the sale, may, if the Court thinks fit, be forfeited to Government and the defaulting purchaser shall forfeit all claim to the property or to any part of the sum for which it may be subsequently sold.

Given under my hand and the seal of the Court, this…………day of……….20……..

*Judge.*

*Schedule of Property*

| Number of lot | Description of property to be sold, with the name of each owner where there are more judgment- debtors than one | The revenue assessed upon the estate or part of the estate, if the property to be sold is an interest in an estate or a part of an estate paying revenue to Government | Detail of any encumbrances to which the property is liable | Claims, if any, which have been put forward to the property and any other known particulars bearing on its nature and value | [1][The value of the property as stated by the decree holder | The value of the property as stated by the judgment-debtor.] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

1. Ins. by Act 104 of 1976, s. 95 (w.e.f. 1-2-1977).

## No. 30

ORDER ON THE NAZIR FOR CAUSING SERVICE OF PROCLAMATION OF SALE

(O. 21, r. 66.)

(*Title*)

To

The Nazir of the Court.

WHEREAS an order has been made for the sale of the property of the judgment-debtor specified in the schedule hereunder annexed, and whereas the…………day of………20..........., has been fixed for the sale of the said property,………. copies of the proclamation of sale are by this warrant made over to you, and you are hereby ordered to have the proclamation published by beat of drum within each of the properties specified in the said schedule, to affix a copy of the said proclamation on a conspicuous part of each of the said properties and afterwards on the Court-house, and then to submit to this Court a report showing the dates on which and the manner in which the proclamations have been published.

Dated the…………day of………………20……….

*Schedule*

*Judge.*

## No. 31

CERTIFICATE BY OFFICER HOLDING A SALE OF THE DEFICIENCY OF PRICE ON A RE-SALE OF PROPERTY BY REASON OF THE PURCHASER'S DEFAULT

(O. 21, r. 71.)

(*Title*)

Certified that at the re-sale of the property in execution of the decree in the above-named suit, in consequence of default on the part of…, purchaser, there was a deficiency in the price of the said property amounting to Rs……………………., and that the expenses attending such re-sale amounted to Rs……., making a total of Rs……………, which sum is recoverable from the defaulter.

Dated the…………day of…………20……..

*Officers holding the sale.*

## No. 32

NOTICE TO PERSON IN POSSESSION OF MOVABLE PROPERTY SOLD IN EXECUTION

(O.21, r, 79.)

(*Title*)

To

WHEREAS……………………...has become the purchaser at a public sale in execution of the decree in the above suit of………..now in your possession, you are hereby prohibited from delivering possession of the said……. to any person except the said………

Given under my hand and the seal of the Court, this…………day of…………20……..

*Judge.*

## No. 33

PROHIBITORY ORDER AGAINST PAYMENT OF DEBTS SOLD IN EXECUTION TO ANY OTHER THAN THE PURCHASER

(O. 21, r. 79.)

*(Title)*

To

and to

WHEREAS……………has become the purchaser at a public sale in execution of the decree in the above suit of………….. being debts due from you……………to you…………….; It is ordered that you ....... be, and you are hereby, prohibited from receiving, and you……………………...from making payment of, the said debt to any person or persons except the said…………..

Given under my hand and the seal of the Court, this…………day of………..20……..

*Judge.*

## No. 34

PROHIBITORY ORDER AGAINST THE TRANSFER OF SHARE SOLD IN EXECUTION

(O. 21, r. 79.)

*(Title)*

To

......................................and................................, Secretary of.......................................Corporation.

WHEREAS…………has become the purchaser at a public sale in execution of the decree, in the above suit, of certain shares in the above Corporation, that is to say, of…………………..standing in the name of you……………; It is ordered that you………………be, and you are hereby, prohibited from making any transfer of the said shares to any person except the said…………………, the purchaser aforesaid, or from receiving any dividends thereon; and you……………, Secretary of the said Corporation, from permitting any such transfer or making any such payment to any person except the said……………..., the purchaser aforesaid.

Given under my hand and the seal of the Court, this……….day of …………..20………

*Judge.*

## No. 35

CERTIFICATE TO JUDGMENT-DEBTOR AUTHORISING HIM TO MORTGAGE LEASE OR SELL PROPERTY

(O. 21, r. 83.)

*(Title)*

To

WHEREAS in excecution of the decree passed in the above suit an order was made on the…………day of……………..20…….., for the sale of the under-mentioned property of the judgment-debtor…....., and whereas the Court has, on the application of the said judgment-debtor, postponed the said sale to enable him to raise the amount of the decree by mortgage, lease or private sale of the said property or of some part thereof:

This is to certify that the Court doth hereby authorize the said judgment-debtor to make the proposed mortgage, lease or sale within a period of……. from the date of this certificate; provided that all monies payable under such mortgage, lease or sale shall be paid into this Court and not to the said judgment-debtor.

*Description of property*

Given under my hand and the seal of the Court, this………..day of……….20…..

*Judge.*

**No. 36**

NOTICE TO SHOW CAUSE WHY SALE SHOULD NOT BE SET ASIDE

(O. 21, rr. 90, 92.)

(*Title*)

To

WHEREAS the under-mentioned property was sold on the………day of……………..20………..., in execution of the decree passed in the above named suit, and whereas…………………, the decree-holder [*or* judgment-debtor], has applied to this Court to set aside the sale of the said property on the ground of a material irregularity [*or fraud*] in publishing [*or* conducting] the sale, namely, that……………

Take notice that if you have any cause to show why the said application should not be granted, you should appear with your proofs in this Court on the………..day of………..20........., when the said application will be heard and determined.

Given under my hand and the seal of the Court, this………..day of…………20……

*Description of property*

*Judge.*

**No. 37**

NOTICE TO SHOW CAUSE WHY SALE SHOULD NOT BE SET ASIDE

(O. 21, rr. 91, 92.)

*(Title)*

To

WHEREAS..............the purchaser of the under-mentioned property sold on the…………….. day of ……20………, in execution of the decree passed in the above-named suit, has applied to this Court to set aside the sale of the said property on the ground that…………… , the judgment-debtor, had no saleable interest therein.

Take notice that if you have any cause, to show why the said application should not be granted, you should appear with your proofs in this Court on the…………………… day of………..20........., when the said application will be heard and determined.

Given under my hand and the seal of the Court, this………..day of………..20…….

*Description of property*

*Judge.*

**No. 38**

CERTIFICATE OF SALE OF LAND

(O. 21, r. 94.)

*(Title)*

This is to certify that…………………..has been declared the purchaser at a sale by public auction on the…………………………day of…………20………of………………..in execution of decree in this and that the said sale has been duly confirmed by this Court.

Given under my hand and the seal of the Court, this………..day of………..20……

*Judge.*

**No. 39**

ORDER FOR DELIVERY TO CERTIFIED PURCHASER OF LAND AT A SALE IN EXECUTION

(O. 21, r. 95.)

*(Title)*

To

The Bailiff of the Court.

WHEREAS.......................................has become the certified purchaser of…………………..at a sale in execution of decree in Suit No……………of……………..20………..; You are hereby ordered to put the said……………, the certified purchaser, as aforesaid, in possession of the same.

Given under my hand and the seal of the Court, this…………day of…………20……..

*Judge.*

**No. 40**

SUMMONS TO APPEAR AND ANSWER CHARGE OF OBSTRUCTING EXECUTION OF DECREE

(O. 21, r. 97.)

*(Title)*

To

. . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . .

WHEREAS……………………………,the decree-holder in the above suit, has complained to this Court that you have resisted (or obstructed) the officer charged with the execution of the warrant for possession:

You are hereby summoned to appear in this Court on the……………day of……………20……........ at………………A.M., to answer the said complaint.

Given under my hand and the seal of the Court, this………………………day of…………20………

*Judge.*

**No. 41**

WARRANT OF COMMITTAL

(O. 21, r. 98.)

*(Title)*

To

The Officer in Charge of the Jail at……………….............................................................

WHEREAS the under-mentioned property has been decreed to………………, the plaintiff in this suit, and whereas the Court is satisfied that…………………without any just cause resisted *(or* obstructed) and is still resisting *(or* obstructing) the said……….. …………….in obtaining possession of the property, and whereas the said……………..has made application to this Court that the said……………be committed to the Civil prison;

You are hereby commanded and required to take and receive the said…………………... into the civil prison and to keep him imprisoned therein for the period of…………days.

GIVEN under my hand and the seal of the Court, this…………day of……………………20……..

*Judge.*

## No. 42

AUTHORITY OF THE COLLECTOR TO STAY PUBLIC SALE OF LAND
(Section 72)

*(Title)*

To

..Collector of

SIR,

In answer to your communication No………………., dated……………………..representing that the sale in execution of the decree in this suit of……………………………land situate within your district is objectionable, I have the honour to inform you that you are authorised to make provision for the satisfaction of the said decree in the manner recommended by you.

I have the honour to be,

SIR,

Your obedient servant

*Judge.*

APPENDIX F

SUPPLEMENTAL PROCEEDINGS

**No. 1**

WARRANT OF ARREST BEFORE JUDGMENT

(O. 38, r. 1.)

*(Title)*

To

The Bailiff of the Court.

WHEREAS……………………., the plaintiff in the above suit, claims the sum of Rs. …………

| | | | |
|---|---|---|---|
| Principal<br>Interest<br><br><br><br><br>Costs | | | |
| TOTAL | | | |

as noted in the margin, and has proved to the satisfaction of the Court that there is probable cause for believing that the defendant……………………….. is about to………………………………..These are to command you to demand and receive from the said ………………………………………..the sum of Rs………………………………..as sufficient to satisfy the plaintiff's claim, and unless the said sum of Rs. ………………………………...is forthwith delivered to you by or on behalf of the said……………………………………………to take the said…………………………………………into custody, and to bring him before this Court, in order that he may show cause why he should not furnish security to the amount of Rs. ………………….for his personal appearance before the Court, until such time as the said suit shall be fully and finally disposed of, and until satisfaction of any decree that may be passed against him in the suit.

GIVEN under my hand and the seal of the Court, this……………………. Day of ……………20…

*Judge.*

**No. 2**

SECURITY FOR APPEARANCE OF A DEFENDANT ARRESTED BEFORE JUDGMENT

(O. 38, r. 2.)

*(Title)*

WHEREAS at the instance of…………….., the plaintiff in the above suit, the defendant, has been arrested and brought before the Court;

And whereas on the failure of the said defendant to show cause why he should not furnish security for his appearance, the Court has ordered him to furnish such security:

Therefore I…………………have voluntarily become surety and do hereby bind myself, my heirs and executors, to the said Court, that the said defendant shall appear at any time when called upon while the suit is pending and until satisfaction of any decree that may be passed against him in the said suit; and in default of such appearance I bind myself, my heirs and executors, to pay to the said Court, at its order, any sum of money that may be adjudged against the said defendant in the said suit.

Witness my hand at………………this……………day of…………20……..

*(Signed.)*

Witnesses.

1.

2.

## No. 3

SUMMONS TO DEFENDANT TO APPEAR ON SURETY'S APPLICATION FOR DISCHARGE

(O . 38, r. 3.)

(*Title*)

To

..................

..................

WHEREAS...................................., who became surety on the.......................day of......... 20....for your appearance in the above suit, has applied to this Court to be discharged from his obligation.

You are hereby summoned to appear in this Court in person on the.............................day of.................20......at.......A. M., when the said application, will be heard and determined.

GIVEN under my hand and the seal of the Court, this..............day of...........20.....

*Judge.*

## No. 4

ORDER FOR COMMITTAL

(O. 38, r. 4.)

(*Title*)

To

..................

..................

WHEREAS........................, plaintiff in this suit, has made application to the Court that security be taken for the appearance of......................., the defendant, to answer any judgment that may be passed against him in the suit; and whereas the Court has called upon the defendant to furnish such security, or to offer a sufficient deposit in lieu of security, which he has failed to do; it is ordered that the said defendant...... be committed to the civil prison until the decision of the suit; or, if judgment be pronounced against him, until satisfaction of the decree.

GIVEN under my hand and the seal of the Court, this............day of...............20........

*Judge.*

## No. 5

ATTACHMENT BEFORE JUDGMENT, WITH ORDER TO CALL FOR SECURITY FOR FULFILMENT OF DECREE

(O. 38, r. 5.)

(*Title*)

To

The Bailiff of the Court.

WHEREAS.....................has proved to the satisfaction of the Court that the defendant in the above suit..........;

These are to command you to call upon the said defendant...................................on or before the...............day of.....................20...................either to furnish security for the sum of rupees ..............to produce and place at the disposal of this Court when required.................................or the value thereof, or such portion of the value as may be sufficient to satisfy any decree that may be passed

against him; or to appear and show cause why he should not furnish security; and you are further ordered to attach the said……………..and keep the same under safe and secure custody until the further order of the Court; and you are further commanded to return this warrant on or before the………………....day of……. 20……., with an endorsement certifying the date on which and the manner in which it has been executed, or the reason why it has not been executed.

GIVEN under my hand and the seal of the Court, this………………..day of…………20……….

*Judge.*

## No. 6

SECURITY FOR THE PRODUCTION OF PROPERTY

(O. 38, r. 5.)

*(Title)*

WHEREAS at the instance of………………………., the plaintiff in the above suit, …………………... the defendant has been directed by the Court to furnish security in the sum of Rs………………………to produce and place at the disposal of the Court the property specified in the schedule hereunto annexed;

Therefore I……………………...have voluntarily become surety and do hereby bind myself, my heirs and executors, to the said Court, that the said defendant shall produce and place at the disposal of the Court, when required, the property specified in the said schedule, or the value of the same, or such portion thereof as may be sufficient to satisfy the decree; and in default of his so doing, I bind myself, my heirs and executors, to pay to the said Court, at its order, the said sum of Rs…………………or such sum not exceeding the said sum as the said Court may adjudge.

*Schedule*

Witness my hand at…………………..this…………..day of……………………..20………

*(Signed.)*

Witnesses.

1.

2.

## No. 7

ATTACHMENT BEFORE JUDGMENT, ON PROOF OF FAILURE TO FURNISH SECURITY

(O. 38, r. 6.)

(*Title*)

To

The Bailiff of the Court.

WHEREAS……………………, the plaintiff in this suit, has applied to the Court to call upon…….. the defendant, to furnish security to fulfil any decree that may be passed against him in the suit, and whereas the Court has called upon the said…………………………to furnish such security, which he has failed to do; these are to command you to attach………….., the property of the said………., and keep the same under safe and secure custody until the further order of the Court, and you are further commanded to return this warrant on or before the…………..day of……………20………………………………with an endorsement certifying the date on which and the manner in which it has been executed, or the reason why it has not been executed.

GIVEN under my hand and the seal of the Court, this……………….day of…………20………

*Judge.*

**No. 8**

TEMPORARY INJUNCTIONS

(O. 39, r. 1.)

*(Title)*

Upon motion made unto this Court by…………..Pleader of *[or* Counsel for] the plaintiff *A. B.,* and upon reading the petition of the said plaintiff in this matter filed [this day] [*or* the plaint filed in this suit on the ………………………day of……………………, *or* the written statement of the said plaintiff filed on the…………..day of……….] and upon hearing the evidence of………..and………………...in support thereof [*if after notice and defendant not appearing : add,* and also, the evidence of ……………………as to service of notice of this motion upon the defendant *C. D.*]*:* This Court doth order that an injunction be awarded to restrain the defendant *C. D.* his servants, agents and workmen, from pulling down, or suffering to be pulled down, the house in the plaint in the said suit of the plaintiff mentioned [*or* in the written statement, *or* petition, of the plaintiff and evidence at the hearing of this motion mentioned], being No. 9, Oilmongers Street, Hindupur, in a Taluk of………….., and from selling the materials where of the said house is composed, until the hearing of this suit or until the further order of this Court.

Dated this…………………..day of…………20…….

*Judge.*

[*Where the injunction is sought to restrain the negotiation of a note or bill, the ordering part of the order may run thus:—*]

………………to restrain the defendant…………….. and……………………..from parting without of the custody of them or any of them or endorsing, assigning or negotiating the promissory note [*or* bill of exchange] in question dated on or about the………., etc., mentioned in the plaintiff's plaint *[or* petition] and the evidence heard at this motion until the hearing of this suit, or until the further order of this Court.

[*In Copyright cases*]..............to restrain the defendant *C.D.,* his servants, agents or workmen from printing, publishing or vending a book, called……………………..or any part thereof, until the, etc.

[*Where part only of a book is to be restrained*]

………….to restrain the defendant *C.D.*, his servants, agents or workmen, from printing, publishing, selling or otherwise disposing of such parts of the book in the plaint [*or* petition and evidence, etc.] mentioned to have been published by the defendant as hereinafter specified, namely, that part of the said book which is entitled……….and also that part which is entitled……………………................[*or* which is contained in page……….to page both inclusive] until ……………….., etc.

[*In Patent cases*]……………..to restrain the defendant *C. D.*, his agents, servants and workmen, from making or vending any perforated bricks [*or as the case maybe*] upon the principle of the inventions in the plaintiff's plaint [*or* petition, etc., *or* written statement, etc.,] mentioned, belonging to the plaintiffs, or either of them, during the remainder of the respective terms of the patents in the plaintiff's plaint [*or as the case may be*] mentioned, and from counterfeiting, imitating or resembling the same inventions, or either of them, or making any addition thereto, or subtraction therefrom, until the hearing, etc.

[*In cases of Trade marks*]…………..to restrain the defendant *C.D.*, his servants, agents or workmen, from selling, or exposing for sale, or procuring to be sold, any composition or blacking [*or as the case may be*] described as or purporting to be blacking manufactured by the plaintiff *A.B.*, in bottles having affixed thereto such labels as in the plaintiff's plaint [*or petition, etc.*] mentioned, or any other labels so contrived or expressed as, by colourable imitation or otherwise, to represent the composition or blacking sold by the defendant to be the same as the composition or blacking manufactured and sold by the plaintiff *A.B.*, and from using trade-cards

so contrived or expressed as to represent that any composition or blacking sold or proposed to be sold by the defendant is the same as the composition or blacking manufactured or sold by the plaintiff *A. B.* until the etc.

[*To restrain a partner from in any way interfering in the business*]

to restrain the defendant *C.D.*, his agents, and servants, from entering into any contract, and from accepting, drawing, endorsing or negotiating any bill of exchange, note or written security in the name of the partnership-firm of *B.* and *D.,* and from contracting any debt, buying and selling any goods, and from making or entering into any verbal or written promise, agreement or undertaking, and from doing, or causing to be done, any act, in the name or on the credit of the said partnership-firm of *B.* and *D.*, or whereby the said partnership-firm can or may in any manner become or be made liable to or for the payment of any sum of money, or for the performance of any contract, promise or undertaking until the, etc.

**No. [1][9]**

APPOINTMENT OF A RECEIVER
(O.40, r. 1.)
(*Title*)

To

………………

………………

WHEREAS………………has been attached in execution of a decree passed in the above suit on the.......... day of……………20…….., in favour of……….; You are hereby (subject to your giving security to the satisfaction of the Court) appointed receiver of the said property under Order XL of the Code of Civil Procedure, 1908, with full powers under the provisions of that Order.

You are required to render a due and proper account of your receipts and disbursements in respect of the said property on...........You will be entitled to remuneration at the rate of…………………per cent. upon your receipts under the authority of this appointment.

GIVEN under my hand and the seal of the Court, this…………..day of……….20

*Judge.*

**No. [2][10]**

BOND TO BE GIVEN BY RECEIVER

(O. 40, r. 3.)
(*Title*)

KNOW all men by these presents, that we,……… and……………..and………………, are jointly and severally bound to…………..of the Court of………in Rs…………….. to be paid to the said………or his successor in office for the time being. For which payment to be made we bind ourselves, and each of us, in the whole, our and each of our heirs, executors and administrators, jointly and severally, by these presents.

Dated this…………..day of……………20………..

WHEREAS a plaint has been filed in the Court by……….against……………for the purpose of [*here insert the object of suit*]*:*

1. The number of the Form, originally misprinted as 6, was corrected by Act 10 of 1914, s. 2 and the First Sch.
2. The number of the Form, originally misprinted as 7, was corrected by Act 10 of 1914, s. 2 and the First Sch.

And whereas the said……………….has been appointed, by order of the above-mentioned Court, to receive the rents and profits of the immovable property and to get in the outstanding movable property of……………..in the said plaint named:

Now the condition of this obligation is such, that if the above-bounden………shall duly account for all and every the sum and sums of money which he shall so receive on account of the rents and profits of the immovable property, and in respect of the movable property, of the said….......at such periods as the said Court shall appoint, and shall duly pay the balances which shall from time to time be certified to be due from him as the said Court hath directed or shall hereafter direct, then this obligation shall be void, otherwise it shall remain in full force.

Signed and delivered by the above-bounden in the presence of……………………

NOTE.—If deposit of money is made, the memorandum thereof should follow the terms of the condition of the bond.

## APPENDIX G

## APPEAL, REFERENCE AND REVIEW

### No. 1

### MEMORANDUM OF APPEAL

(O. 41, r. 1.)

(*Title*)

The............................................above-named appeals to the……………………………………... Court at…………………from the decree of……………in Suit No………………of…………….. 20…… dated the………………day of………………20………,and sets forth the following grounds of objection to the decree appealed from, namely:—

### No. 2

### SECURITY BOND TO BE GIVEN ON ORDER BEING MADE TO STAY EXECUTION OF DECREE

(O. 41, r. 5.)

(*Title*)

To

. . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . .

This security bond on stay of execution of decree executed by………………………...witnesseth:— That………., the plaintiff in Suit No…………………of..........................20...……………having sued ……………….., the defendant, in this Court and a decree having been passed on the………………day of………………20……, in favour of the plaintiff, and the defendant having preferred an appeal from the said decree in the………Court, the said appeal is still pending.

Now the plaintiff decree-holder having applied to execute the decree, the defendant has made an application praying for stay of execution and has been called upon to furnish security. Accordingly I, of my own free will, stand security to the extent of Rs. ………………..,mortgaging the properties specified in the schedule hereunto annexed, and covenant that if the decree of the first Court be confirmed or varied by the Appellate Court 'the said defendant shall duly act in accordance with the decree of the Appellate Court and shall pay whatever may be payable by him thereunder, and if he should fail therein then any amount so payable shall be realized from the properties hereby mortgaged, and if the proceeds of the sale of the said properties are insufficient to pay the amount due, I and my legal representatives will be personally liable to pay the balance. To this effect I execute this security bond this……….day of………………20……….

*Schedule*

*(Signed.)*

Witnessed by

1.

2.

**No. 3**

SECURITY BOND TO BE GIVEN DURING THE PENDENCY OF APPEAL

(O. 41, r. 6.)

(*Title*)

To

..................

..................

THIS security bond on stay of execution of decree executed by witnesseth:—

That………………., the plaintiff in Suit No……………………of……………………20……. having sued……………., defendant,, in this Court and a decree having been passed on the ………………….day of……………………….20……in favour of the plaintiff, and the defendant having preferred an appeal from the said decree in the................ Court, the said appeal is still pending.

Now the plaintiff decree-holder has applied for execution of the said decree and has been called upon to furnish security. Accordingly I, of my own free will, stand security to the extent of Rs……………...………, mortgaging the properties specified in the schedule hereunto annexed, and covenant that if the decree of the first Court be reversed or varied by the Appellate Court, the plaintiff shall restore any property which may be or has been taken in execution of the said decree and shall duly act in accordance with the decree of the Appellate Court and shall pay whatever may be payable by him thereunder, and if he should fail therein then any amount so payable shall be realised from the properties hereby mortgaged, and if the proceeds of the sale of the said properties are insufficient to pay the amount due, I and my legal representatives will be personally liable to pay the balance. To this effect I execute this security bond this……………………day of ……………….20…….

*Schedule*

*(Signed.)*

Witnessed by

1.

2.

**No. 4**

SECURITY FOR COSTS OF APPEAL

(O. 41, r. 10.)

(*Title*)

To

..................

..................

This security bond for costs of appeal executed by………………witnesseth:—

This appellant has preferred an appeal from the decree in Suit No. …………………………………of …………………20……, against the respondent, and has been called upon to furnish security. Accordingly I, of my own free will, stand security for the costs of the appeal, mortgaging the properties specified in the schedule hereunto annexed. I shall not transfer the said properties or any part thereof, and in the event of any default on the part of the appellant, I shall duly carry out any order that may be made against me with regard to payment of the costs of appeal. Any amount so payable shall be realised from the properties hereby mortgaged, and if the proceeds of the sale of the said properties are insufficient to pay the amount due I and my legal representatives will be personally liable to pay the balance. To this effect, I execute this security bond this …………………day of……………20……..

*Schedule*

Witnessed by

1.

2. *(Signed.)*

**No. 5**

INTIMATION TO LOWER COURT OF ADMISSION OF APPEAL

(O. 41, r. 13.)

*(Title)*

To

. . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . .

You are hereby directed to take notice that……………………, the…………………........in the above suit, has preferred an appeal to this Court from the decree passed by you therein on the………….............. day of…………………..20…………

You are requested to send with all practicable despatch all material papers in the suit.

Dated the………………day of………………..20……………….

*Judge.*

**No. 6**

NOTICE TO RESPONDENT OF THE DAY FIXED FOR THE HEARING OF THE APPEAL

(O. 41, r. 14.)
(*Title*)

Appeal from the……………of the Court…………………………..of…………………………....... dated……………………the……………………..day of……………20………

To

*Respondent*

Take notice that an appeal from the decree of………………………………in this case has been presented by………………………………and registered in this Court, and that the…………day of……… 20……….. has been fixed by this Court for the hearing of this appeal.

If no appearance is made on your behalf by yourself, your pleader, or by some one by law authorised to act for you in this appeal, it will be heard and decided in your absence.

GIVEN under my hand and the seal of the Court, this…………day of……………………20......

*Judge.*

[NOTE—If a stay of execution has been ordered intimation should be given of the fact on this notice.]

**No. 7**

NOTICE TO A PARTY TO A SUIT NOT MADE, A PARTY TO THE APPEAL BUT JOINED BY THE COURT AS A RESPONDENT

(O. 41, r. 20.)
(*Title*)

To

. . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . .

WHEREAS you were a party in Suit No……………………….of…………………20………, in the Court of,………………………., and whereas the…………………has preferred an appeal to this Court from the decree passed against him in the said suit and it appears to this Court that you are interested in the result of the said appeal:

This is to give you notice that this Court has directed you to be made a respondent in the said appeal and has adjourned the hearing thereof till the…………………….day of……………..20……, at……..A. M. If no appearance is made on your behalf on the said day and at the said hour the appeal will be heard and decided in your absence.

GIVEN under my hand and the seal of the Court, this…………..day of…………….20………….……

*Judge.*

**No. 8**

MEMORANDUM OF CROSS OBJECTION

(O. 41, r. 22.)

(*Title*)

WHEREAS the………………has preferred an appeal to the…………………Court………….. at………..from the decree of………..in Suit No……………………….of……………20……… dated the……………… day of…………………………..20………………, and whereas notice of the day fixed for hearing the appeal was served………………………………..on the…………………………day of……………………20……….., the files this memorandum of cross objection under rule 22 of Order XLI of the Code of Civil Procedure, 1908, and sets forth the following grounds of objection to the decree appealed from, namely:—

**No. 9**

DECREE IN APPEAL

(O. 41, r. 35.)

(*Title*)

Appeal No. …………………….of ...........20…...............................from the decree of the Court of ………………..dated the……………….day of……………………20…………..

Memorandum of Appeal.

*Plaintiff.*

*versus*

*Defendant.*

The………………………..above-named appeals to the……………………Court at……..........from the decree of…………………in the above suit dated the………………………day of………… 20…………., for the following reasons, namely:—

This appeal coming on for hearing on the…...………………day of…………….20……………., before in the presence of…………or the appellant and of……………………….for the respondent, it is ordered—

The costs of this appeal, as detailed below, amounting to Rs…………………………..are to be paid by……………………The cost of the original suit are to be paid by………………………..

GIVEN under my hand this………………………..day of……………………….20…………

*Judge.*

*Costs of Appeal*

| Appellant | Amount | | | Respondent | Amount | | |
|---|---|---|---|---|---|---|---|
| 1. Stamp for memorandum of appeal… | Rs. | A. | P. | Stamp for power……… | Rs. | A. | P. |
| 2. Do. for power………… | | | | Do. for petition…….. | | | |
| 3. Service of processes………. | | | | Service of processes….. | | | |
| 4. Pleader's fee on Rs. ………….. | | | | Pleader's fee on Rs. …… | | | |
| TOTAL | | | | TOTAL | | | |

## No. 10

APPLICATION TO APPEAL IN *forma pauperis*

(O. 44, r. 1.)

*(Title)*

I…………………the…………………………………………above-named, present the accompanying memorandum of appeal from the decree in the above suit and apply to be allowed to appeal as a pauper.

Annexed is a full and true schedule of all the movable and immovable property belonging to me with the estimated value thereof.

Dated the…………………….day of…………………..20……………….

*(Signed.)*

[NOTE.—Where the application is by the plaintiff he should state whether he applied and was allowed to sue in the Court of first instance as a pauper.]

## No. 11

NOTICE OF APPEAL IN *forma pauperis*

(O. 44, r. 1.)

*(Title)*

WHEREAS the above-named…………………………...has applied to be allowed to appeal as a pauper from the decree in the above suit dated the…………………..day of………….......... 20…..……………… and whereas the……………………day of……………20……………………., has been fixed for hearing the application, notice is hereby given to you that if you desire to show cause why the applicant should not be allowed to appeal as a pauper an opportunity will be given to you of doing so on the afore-mentioned date.

GIVEN under my hand and the seal of the Court, this……………day of………………………..20....

*Judge.*

### No. 12

NOTICE TO SHOW CAUSE WHY A CERTIFICATE OF APPEAL TO THE [1][SUPREME COURT] SHOULD NOT BE GRANTED

(O. 45, r. 3.)

(*Title*)

To

..................

..................

[2][TAKE notice that……………………………………………………………………..has applied to this Court for a certificate—

(*i*) that the case involves a substantial question of law of general importance, and

*(ii)* that in the opinion of this Court the said question needs to be decided by the Supreme Court.]

The……………………………day of…………………..20………is fixed for you to show cause why the Court should not grant the certificate asked for.

GIVEN under my hand and the seal of the Court, this……………day of…………………………20....

*Registrar.*

### No. 13

NOTICE TO RESPONDENT OF ADMISSION OF APPEAL TO THE [1][SUPREME COURT]

(O. 45, r. 8.)

*(Title)*

To

..................

..................

WHEREAS...................................., the……………….in the above case, has furnished the security and made the deposit required by Order XLV, rule 7, of the Code of Civil Procedure, 1908:

Take notice that the appeal of the said………………………to [3][the Supreme Court] has been admitted on the…………………day of…………………20………

GIVEN under my hand and the seal of the Court, this…………….. day of…………………..……20…

*Registrar.*

1. Subs. by the A.O. 1950, for "KING IN COUNCIL".
2. Subs. by Act 49 of 1973, s. 4, for the former paragraph.
3. Subs. by the A.O. 1950, for "His Majesty in Council".

**No. 14**

NOTICE TO SHOW CAUSE WHY A REVIEW SHOULD NOT BE GRANTED

(O. 47, r. 4.)

(*Title*)

To

TAKE notice that…………………………has applied to this Court for a review of its decree passed on the………………………day of……………………………. 20…………………… in the above case. The ……………….day of……………………..20…………………fixed for you to show cause why the Court should not grant a review of its decree in this case.

GIVEN under my hand and the seal of the Court, this…………….. day of…………………….20....

*Judge.*

## APPENDIX H

## MISCELLANEOUS

### No. 1

AGREEMENT OF PARTIES AS TO ISSUES TO BE TRIED

(O. 14, r. 6.)

*(Title)*

WHEREAS we, the parties in the above suit, are agreed as to the question of fact [*or* of law] to be decided between us and the point at issue between us is whether a claim founded on a bond, dated the day of……………………..20…………………….and filed as Exhibit………………………..in the said suit, is or is not beyond the statute of limitation *(or state the point at issue whatever it may be)*:

We therefore severally bind ourselves that, upon the finding of the Court in the negative [*or* affirmative] of such issue,……………………will pay to the said…………..the sum of Rupees…………………. *(or* such sum as the Court shall hold to be due thereon), and I, the said……………… , will accept the said sum of Rupees………………..(*or* such sum as the Court shall hold to be due) in full satisfaction of my claim on the bond aforesaid [*or* that upon such finding I, the said………………….., will do or abstain from doing, etc., etc.]

*Plaintiff.*

*versus*

*Defendant.*

Witnesses:—

1.

2.

Dated the……………………………….day of……………………20……………..

### No. 2

NOTICE OF APPLICATION FOR THE TRANSFER OF A SUIT TO ANOTHER COURT FOR TRIAL

(*Section* 24.)

In the Court of the District Judge of………………………..No……………………….of.......20……

To

WHEREAS an application, dated the…………………day of……………………….20…………..., has been made to this Court by……………the…………………………in Suit No…………………………of 20…………..now pending in the Court of the………..at……………………………………..in which …………………is plaintiff and…………………………...is defendant, for the transfer of the suit for trial to the Court of the………………at……………………:—

You are hereby informed that the……………..day of……………………20…………………has been fixed for the hearing of the application, when you will be heard if you desire to offer any objection to it.

GIVEN under my hand and the seal of the Court, this…………day of……………………..20………

*Judge.*

### [1][No. 2A

LIST OF WITNESSES PROPOSED TO BE CALLED BY PLAINTIFF/DEFENDANT

(O. XVI, r. 1.)

| Name of the party which proposes to call the witness | Name and address of the witness | Remarks] |
|---|---|---|

1. Ins. by Act 104 of 1976, s. 96 (w.e.f. 1-2-1977).

**No. 3**

NOTICE OF PAYMENT INTO COURT

(O. 24, r.2.)

*(Title)*

TAKE notice that the defendant has paid into Court Rs. ……………………..and says that that sum is sufficient to satisfy the plaintiff's claim in full.

X *Y, Pleader for the defendant.*

To Z., *Pleader for the plaintiff.*

**No. 4**

NOTICE TO SHOW CAUSE (GENERAL FORM)

*(Title)*

To

WHEREAS the above-named………………………………………..has made application to this Court that……………………..;

You are hereby warned to appear in this Court in person or by a pleader duly instructed on the ……………………………day of…………………20......, at……..O'clock in the forenoon, to show cause against the application, failing wherein, the said application will be heard and determined *ex parte.*

GIVEN under my hand and the seal of the Court, this……………..day of……….20…………

*Judge.*

**No. 5**

PLAINTIFF

LIST OF DOCUMENTS PRODUCED BY

(O. 13, r. 1.)

DEFENDANT

*(Title)*

| No. | Description of document. | Date, if any which the document bears. | Signature of party or pleader. |
|---|---|---|---|
| 1 | 2 | 3 | 4 |
| | | | |

**No. 6**

NOTICE TO PARTIES OF THE DAY FIXED FOR EXAMINATION OF A WITNESS ABOUT TO LEAVE THE JURISDICTION

(O. 18, r. 16.)

*(Title)*

To

*Plaintiff* (or *defendant*).

................................

................................

WHEREAS in the above suit application has been made to the Court by………………………..that the examination of…………………, a witness required by the said…………………………..., in the said suit may be taken immediately; and it has been shown to the Court's satisfaction that the said witness is about to leave the Court's jurisdiction *(or any other good and sufficient cause to be stated);*

Take notice that the examination of the said witness………………………will be taken by the Court on the……………………day of……………………………20………..

Dated the………..day of………………………………….20…………..

*Judge.*

**No. 7**

COMMISSION TO EXAMINE ABSENT WITNESS

(O. 26, rr. 4, 18.)

*(Title)*

WHEREAS the evidence of……………………………………is required by the……………… in the above suit; and whereas……………………………….; you are requested to take the evidence on interrogatories [*or viva voce*] of such witness……………………………………………and you are hereby appointed Commissioner for that purpose. The evidence will be taken in the presence of the parties or their agents if in attendance, who will be at liberty to question the witness on the points specified, and you are further requested to make return of such evidence as soon as it may be taken.

Process to compel the attendance of the witness will be issued by any Court having jurisdiction on your application.

A sum of Rs……………………., being your fee in the above, is herewith forwarded.

GIVEN under my hand and the seal of the Court, this…………………day of……………….20……..

*Judge.*

**No. 8**

LETTER OF REQUEST

(O. 26, r.5.)

*(Title)*

(Heading:—To the President and Judges of, etc., etc., *or as the case may be.)*

WHEREAS a suit is now pending in the……………………………………………...in which *A. B.* is plaintiff and *C.D.* is defendant; And in the said suit the plaintiff claims.

*(Abstract of claim.)*

And whereas it has been represneted to the said Court that it is necessary for the purposes of justice and for the due determination of the matters in dispute between the parties, that the following persons should be examined as witnesses upon oath touching such matters, that is to say:

*E. F.*, of

*G. H.*, of

and

*I. J.*, of

And it appearing that such witnesses are resident within the jurisdiction of your honourable Court;

Now I………………………………., as the……………………………. of the said Court, have the honour to request, and do hereby request, that for the reasons aforesaid and for the assistance of the said Court, you, as the President and Judges of the said………………or some one or more of you, will be pleased to summon the said witness (and such other witnesses as the agents of the said plaintiff and defendant shall humbly, request you in writing so to summon) to attend at such time and place as you shall appoint before some one or more of you or such other person as according to the procedure of your Court is competent to take the examination of witnesses, and that you will cause such witnesses to be examined upon the interrogatories which accompany this letter of request *(or viva voce)* touching the said matters in question in the presence of the agents of the plaintiff and defendant, or such of them as shall, on due notice given, attend such examination.

And I further have the honour to request that you will be pleased to cause the answers of the said witnesses to be reduced into writing, and all books, letters, papers and documents produced upon such examination to be duly marked for identification, and that you will be further pleased to authenticate such examination by the seal of your tribunal, or in such other way as is in accordance with your procedure, and to return the same, together with such request in writing, if any, for the examination of other witnesses to the said Court.

*Note.*—If the request is directed to a Foreign Court, the words "through [1][the Ministry of External Affairs of the Government of India] for transmission" should be inserted after the words "other witnesses" in the last line of this form.

1. Subs. by the A. O. 1950, for "His Majesty's Secretary of State for Foreign Affairs".

**No. 9**

COMMISSION FOR A LOCAL INVESTIGATION, OR TO EXAMINE ACCOUNTS

(O. 26, rr. 9,11.)

(*Title*)

To

WHEREAS it is deemed requisite, for the purposes of this suit, that a commission for........................ should be issued; You are hereby appointed Commissioner for the purpose of..........................................

Process to compel the attendance before you of any witnesses, or for the production of any documents whom or which you may desire to examine or inspect, will be issued by any Court having jurisdiction on your application.

A sum of Rs..................................... , being your fee in the above, is herewith forwarded.

GIVEN under my hand and the seal of the Court, this............................day of...........................20

*Judge.*

**No. 10**

COMMISSION TO MAKE A PARTITION

(O. 26, r. 13.)

(*Title*)

To

WHEREAS it is deemed requisite for the purposes of this suit that a commission should be issued to make the partition or separation of the property specified in, and according to the rights as declared in, the decree of this Court, dated the............................day of.......................................20.....................;You are hereby appointed Commissioner for the said purpose and are directed to make such inquiry as may be necessary, to divide the said property according to the best of your skill and judgment in the shares set out in the said decree, and to allot such shares to be several parties. You are hereby authorized to award sums to be paid to any party by any other party for the purpose of equalizing the value of the shares.

Process to compel the attendance before you of any witness, or for the production of any documents, whom or which you may desire to examine or inspect, will be issued by any Court having jurisdiction on your application.

A sum of Rs................, being your fee in the above, is herewith forwarded.

GIVEN under my hand and the seal of the Court, this..........................day of........................... 20.

*Judge.*

[1][**No.11**

NOTICE TO CERTIFICATED, NATURAL, OR, *de facto* GUARDIAN

(O. XXXII, r. 3.)

(*Title*)

(*Certificated/Natural/de facto Guardian*)

To

WHEREAS an application has been presented on the part of the plaintiff*/on behalf of the minor defendant*/in the above suit for the appointment of a guardian for the suit for the minor defendant............., you (insert the name of the guardian appointed or declared by Court, or natural guardian, or the person in whose care the minor is) are hereby required to take notice that unless you appear before this Court on or before the day appointed for the hearing of the case and stated in the appended summons, and express your consent to act as guardian for the suit for the minor, the Court will proceed to appoint some other person to act as a guardian for the minor, for the purposes of the said suit.

GIVEN under my hand and the seal of the Court, this.......................... day of............................20.

*Judge.*

**No. 11A**

NOTICE TO MINOR DEFENDANT

(Order XXXII, r. 3.)

(*Title*)

To

Minor Defendant

WHEREAS an application has been presented on the part of the plaintiff in the above suit for the appointment of.............................* as guardian for the suit for you, the minor defendant, you are hereby required to take notice to appear in this Court in person on the...................day of..........20......................at......................O'clock in the forenoon to show cause against the application, failing which the said application will be heard and determined *ex parte*.

GIVEN under my hand and the seal of the Court, this......................day of ...................20 .....

*Judge.*]

**No. 12**

NOTICE TO OPPOSITE PARTY OF DAY FIXED FOR HEARING EVIDENCE OF PAUPERISM

(O. 33, r.6.)

(*Title*)

To

WHEREAS ..........................................................................................................................

has applied to this Court for permission to institute a suit against.........................*in forma pauper is* under Order XXXIII of the Code of Civil Procedure, 1908; and whereas the Court sees no reason to reject the application; and whereas the.........day of...........20.....................has been fixed for receiving such evidence as the applicant may adduce in proof of his pauperism and for hearing any evidence which may be adduced in disproof thereof:

Notice is hereby given to you under rule 6 of Order XXXIII that in case you may wish to offer any evidence to disprove the pauperism of the applicant, you may do so on appearing in this Court on the said ..................day of................20 .

GIVEN under my hand and the seal of the Court, this......................day of ..................... 20 .

*Judge.*

---

*Strike off the words which are not applicable.

1. Subs. by Act 104 of 1976, s. 96, for Form 11 (w.e.f. 1-2-1977).

**No. 13**

NOTICE TO SURETY OF HIS LIABILITY UNDER A DECREE

(Section 145)

(*Title*)

To

...........................

...........................

WHEREAS you.........................................did on............................................become liable as surety for the performance of any decree which might be passed against the said............................defendant in the above suit; and whereas a decree was passed on the........day of..........................20...........................against the said defendant for the payment of.........................................................and whereas application has been made for execution of the said decree against you:

Take notice that you are hereby required on or before the.................. day of........................... 20...... to show cause why the said decree should not be executed against you, and if no sufficient cause shall be, within the time specified, shown to the satisfaction of the Court, an order for its execution will be forthwith issued in the terms of the said application.

GIVEN under my hand and the seal of the Court, this.......................... day of................20.

*Judge.*

No. 14
REGISTER OF CIVIL SUITS (O. 4, R.2.)
COURT OF THE OF AT
REGISTER OF CIVIL SUITS IN THE YEAR 20

| Claim | | Plaintiff | | | Defendant | | | | | | Appearanc | | | Judgment | | | Appeal | | Execution | | | | | Return of Execution | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date of presentation of Plaintiff | Number of suit | Name | Description | Place of residence | Name | Description | Place of residence | Particulars | Amount of value | When the cause of action accrued | Day for parties to appear | Plaintiff | Defendant | Date | For whom | For what, or amount | Date of decision of appeal | Judgment in appeal | Date of application | Date of order | Against whom | For what and amount, if money | Amount of costs | Amount paid into Court | Arrested | Minute of other Return than Payment or Arrest, and date to every Return |
| | | | | | | | | | | | | | | | | | | | | | | | | | | |

**NOTE.**—Where there are numerous plaintiffs, or numerous defendants, the name of the first Plaintiff only, or the first defendant only, as the case may be, need be entered in the register.

No. 15

REGISTER OF APPEALS (O. 41, r.9.)

COURT (OR HIGH COURT) AT

REGISTER OF APPEALS FROM DECREES IN THE YEAR 20 ………

| Date of memorandum | Number of appeal | Appellant | | | Respondent | | | Decree appealed from | | | | Appearance | | | Judgment | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Name | Description | Place of residence | Name | Description | Place of residence | Of what Court | Number of Original Suit | Particulars | Amount or value | Day for parties to appear | Appellant | Respondent | Date | Confirmed, reversed or varied | For what or amount |
| | | | | | | | | | | | | | | | | | |

[1][APPENDIX-I

STATEMENT OF TRUTH

(Under First Schedule, Order VI- Rule 15A and Order XI- Rule 3)

I ----- the deponent do hereby solemnly affirm and declare as under:

1. I am the party in the above suit and competent to swear this affidavit.

2. I am sufficiently conversant with the facts of the case and have also examined all relevant documents and records in relation thereto.

3. I say that the statements made in -----paragraphs are true to my knowledge and statements made in -----paragraphs are based on information received which I believe to be correct and statements made in ---paragraphs are based on legal advice.

4. I say that there is no false statement or concealment of any material fact, document or record and I have included information that is according to me, relevant for the present suit.

5. I say that all documents in my power, possession, control or custody, pertaining to the facts and circumstances of the proceedings initiated by me have been disclosed and copies thereof annexed with the plaint, and that I do not have any other documents in my power, possession, control or custody.

6. I say that the above-mentioned pleading comprises of a total of ----- pages, each of which has been duly signed by me.

7. I state that the Annexures hereto are true copies of the documents referred to and relied upon by me.

8. I say that I am aware that for any false statement or concealment, I shall be liable for action taken against me under the law for the time being in force.

Place:

Date:

DEPONENT

VERIFICATION

I, ……………………… do hereby declare that the statements made above are true to my knowledge.

Verified at [place] on this [date]

DEPONENT.]

1. Ins. by Act 28 of 2018, s. 18 (w.e.f. 23-10-2015).

THE SECOND SCHEDULE.—[*Arbitration*.] *Rep. by the Arbitration Act,* 1940 (10 *of* 1940), *s*. 49 (*1*) *and the Third Sch*.

THE THIRD SCHEDULE.—[*Execution of Decrees by Collectors*.] *Rep by the Code of Civil Procedure (Amendment) Act*, 1956 (66 *of* 1956), *s*. 15.

THE FOURTH SCHEDULE.—[*Enactments amended.*] *Rep. by the Repealing and Amending Act,* 1952 (48 *of* 1952), *s*. 2 *and the First Sch.*

THE FIFTH SCHEDULE.—[*Enactments repealed*.] *Rep. by the Second Repealing and Amending Act,* 1914 (17 *of* 1914). *s*. 3 *and the Second Sch.*

ANNEXURE

THE CODE OF CIVIL PROCEDURE (AMENDMENT) ACT, 1976

(104 OF 1976)

* * * * *

CHAPTER V

REPEAL AND SAVINGS

**97. Repeal and savings.**—(*1*) Any amendment made, or any provision inserted in the principal Act by State Legislature or a High Court before the commencement of this Act shall except in so far as such amendment or provision is consistent with the provisions of the principal Act as amended by this Act, stand repealed.

(*2*) Notwithstanding that the provisions of this Act have come into force or the repeal under sub-section (*1*) has taken effect, and without prejudice to the generality of the provisions of section 6 of the General Clauses Act, 1897 (10 of 1897),—

(*a*) the amendment made to clause *(2)* of section 2 of the principal Act by section 3 of this Act shall not affect any appeal against the determination of any such question as is referred to in section 47 and every such appeal shall be dealt with as if the said section 3 had not come into force;

(*b*) the provisions of section 20 of the principal Act, as amended by section 7 of this Act, shall not apply to or affect any suit pending immediately before the commencement of the said section; and every such suit shall be tried as if the said section 7 had not come into force;

(*c*) the provisions of section 21 of the principal Act, as amended by section 8 of this Act, shall not apply to or affect any suit pending immediately before the commencement of the said section 8; and every such suit shall be tried as if the said section 8 had not come into force;

(*d*) the provisions of section 25 of the principal Act, as substituted by section 11 of this Act, shall not apply to or affect any suit, appeal or other proceeding wherein any report has been made under the provisions of section 25 before the commencement of the said section 11; and every such suit, appeal or other proceeding shall be dealt with as if the said section11 had not come into force;

(*e*) the provisions of section 34 of the principal Act, as amended by section 13 of this Act, shall not affect the rate at which interest may be allowed on a decree in any suit instituted before the commencement of the said section 13 and interest on a decree passed in such suit shall be ordered in accordance with the provisions of section 34 as they stood before the commencement of the said section 13 as if the said section 13 had not come into force;

(*f*) the provisions of section 35A of the principal Act, as amended by section 14 of this Act, shall not apply to or affect any proceedings for revision, pending immediately before the commencement of the said section 14 and every such proceedings shall be dealt with and disposed of as if the said section 14 had not come into force;

(*g*) the provisions of section 60 of the principal Act, as amended by section 23 of this Act, shall not apply to any attachment made before the commencement of the said section 23;

(*h*) the amendment of section 80 of the principal Act by section 27 of this Act shall not apply to or affect any suit instituted before the commencement of the said section 27; and every such suit shall be dealt with as if section 80 had not been amended by the said section 27;

(*i*) the provisions of section 82 of the principal Act, as amended by section 28 of this Act, shall not apply to or affect any decree passed against the Union of India or a State or, as the case may be, a public officer, before the commencement of the said section 28 or to the execution of any such decree; and every such decree or execution shall be dealt with as if the said section 28 had not come into force;

(*j*) the provisions of section 91 of the principal Act, as amended by section 30 of this Act, shall not apply to or affect any suit, appeal or proceeding instituted or filed before the commencement of the said section 30; and every such suit, appeal or proceeding shall be disposed of as if the said section 30 had not come into force;

(*k*) the provisions of section 92 of the principal Act, as amended by section 31 of this Act, shall not apply to or affect any suit, appeal or proceeding instituted or filed before the commencement of the said section 31; and every such suit, appeal or proceeding shall be disposed of as if the said section 31 had not come into force;

(*l*) the provisions of section 96 of the principal Act, as amended by section 33 of this Act, shall not apply to or affect any appeal against the decree passed in any suit instituted before the commencement of the said section 33; and every such appeal shall be dealt with as if the said section 33 had not come into force;

(*m*) the provisions of section 100 of the principal Act, as substituted by section 37 of this Act, shall not apply to or affect any appeal from an appellate decree or order which had been admitted; before the commencement of the said section 37, after hearing under rule 11 of Order XLI; and every such admitted appeal shall be dealt with as if the said section 37 had not come into force;

(*n*) section 100A, as inserted in the principal Act, by section 38 of this Act, shall not apply to or affect any appeal against the decision of a single Judge of a High Court under any Letters Patent which had been admitted before the commencement of the said section 38; and every such admitted appeal shall be disposed of as if the said section 38 had not come into force;

(*o*) the amendment of section 115 of the principal Act, by section 43 of this Act, shall not apply to or affect any proceeding for revision which had been admitted, after preliminary hearing, before the commencement of the said section 43; and every such proceeding for revision shall be disposed of as if the said section 43 had not come into force;

(*p*) the provisions of section 141 of the principal Act, as amended by section 47 of this Act, shall not apply to or affect any proceeding which is pending immediately before the commencement of the said section 47; and every such proceeding shall be dealt with as if the said section 47 had not come into force;

(*q*) the provisions of rules 31, 32, 48A, 57 to 59, 90 and 97 to 103 of Order XXI of the First Schedule as amended or, as the case may be, substituted or inserted by section 72 of this Act shall not apply to or affect—

(*i*) any attachment subsisting immediately before the commencement of the said section 72, or

(*ii*) any suit instituted before such commencement under rule 63 aforesaid to establish right to attached property or under rule 103 aforesaid to establish possession, or

(*iii*) any proceeding to set aside the sale of any immovable property,

and every such attachment, suit or proceeding shall be continued as if the said section 72 had not come into force;

(*r*) the provisions of rule 4 of Order XXII of the First Schedule, as substituted by section 73 of this Act shall not apply to any order of abatement made before the commencement of the said section 73;

(*s*) the amendment, as well as substitution made in Order XXIII of the First Schedule by section 74 of this Act shall not apply to any suit or proceeding pending before the commencement of the said section 74;

(*t*) the provisions of rules 5A and 5B of Order XXVII, as inserted by section 76 of this Act, shall not apply to any suit, pending immediately before the commencement of the said section 76; against the Government or any public officer; and every such suit shall be dealt with as if the said section 76 had not come into force;

(*u*) the provisions of rules 1A, 2A and 3 of Order XXVIIA, as inserted or substituted, as the case may be, by section 77 of this Act shall not apply to or affect any suit which is pending before the commencement of the said section 77;

(*v*) rules 2A, 3A and 15 of Order XXXII of the First Schedule, as amended, or as the case may be, substituted by section 79 of this Act, shall not apply to a suit pending at the commencement of the said section 79 and every such suit shall be dealt with and disposed of as if the said section 79 had not come into force;

(*w*) the provisions of Order XXXIII of the First Schedule, as amended by section 81 of this Act, shall not apply to or affect any suit or proceeding pending before the commencement of the said section 81 for permission to sue as a pauper; and every such suit or proceeding shall be dealt with and disposed of as if the said section 81 had not come into force;

(*x*) the provisions of Order XXXVII of the First Schedule, as amended by section 84 of this Act, shall not apply to any suit pending before the commencement of the said section 84, and every such suit shall be dealt with and disposed of as if the said section 84 had not come into force;

(*y*) the provisions of Order XXXIX of the First Schedule, as amended by section 86 of this Act, shall not apply to or affect any injunction subsisting immediately before the commencement of the said section 86; and every such injunction and proceeding for dis-obedience of such injunction shall be dealt with as if the said section 81 had not come into force;

(*z*) the provisions of Order XLI of the First Schedule, as amended by section 87 of this Act, shall not apply to or affect any appeal pending immediately before the commencement of the said section 87; and every such appeal shall be disposed of as if the said section 87 had not come into force:

(*za*) the provisions of Order XLII of the First Schedule, as amended by section 88 of this Act, shall not apply to or affect any appeal from an appellate decree or order which had been admitted, before the commencement of the said section 88 after hearing under rule 11 of Order XLI; and every such admitted appeal shall be dealt with as if the said section 88 had not come into force;

(*zb*) the provisions of Order XLIII of the First Schedule, as amended by section 89 of this Act, shall not apply to any appeal against any order pending immediately before the commencement of the said section 89; and every such appeal shall be disposed of as if the said section 89 had not come into force;

(*3*) Save as otherwise provided in sub-section (*2*), the provisions of the principal Act, as amended by this Act, shall apply to every suit, proceedings, appeal or application, pending at the commencement of this Act or instituted or filed after such commencement, notwithstanding the fact that the right, or cause of action, in pursuance of which such suit, proceeding, appeal or application is instituted or filed, had been acquired or had accrued before such commencement.

*     *     *     *